Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) FIXING VOTING RECORD DATE AND ADMINISTRATIVE EXPENSE CLAIM BAR DATE; (C) APPROVING SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO DEBTORS' THIRD AMENDED PLAN; (D) APPROVING FORM OF SOLICITATION PACKAGE AND NOTICES; (E) SCHEDULING CERTAIN DATES IN CONNECTION THEREWITH; AND (F) GRANTING THE DEBTORS AUTHORITY TO ENTER INTO ASSET PURCHASE AGREEMENT AND PAY CERTAIN FEES AND EXPENSES IN CONNECTION THEREWITH**

Upon the motion (the "Motion"),[1] dated December 29, 2010, of the above captioned

debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order: (a)

approving the Disclosure Statement Relating to Third Amended Joint Chapter 11 Plan of

Workflow Management, Inc. and its Affiliated Debtors filed on January 21, 2011 (the

"Disclosure Statement"); (b) fixing a record date pursuant to Bankruptcy Rule 3018(a) for

determining, among other things, the creditors entitled to receive ballots and materials necessary

for voting on the Plan, and establishing an Administrative Expense Claim Bar Date; (c)

---

[1] Defined terms used herein but not defined herein have meanings ascribed to such terms in the Motion or the Plan.

approving solicitation and voting procedures with respect to the Plan; (d) approving the form of the Solicitation Package and the notices to be distributed with respect thereto; (e) scheduling certain dates, including the following: (i) scheduling a hearing to confirm the Plan, (ii) establishing deadlines for filing objections, if any, to the Plan, and (iii) establishing the voting deadline to accept or reject the Plan; and (f) granting the Debtors authority to enter into the Asset Purchase Agreement and pay certain fees and expenses in connection therewith; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate, and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and hearings having been held on January 13, 2011 and January 19, 2011; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Disclosure Statement complies with all aspects of sections 1125 and 1127(f)(2) of the Bankruptcy Code and is hereby APPROVED as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code; and it is further

ORDERED, that the Debtors have provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and in accordance with this Court's Order Regarding Matters Heard on December 15, 2010 (Docket No. 615); and it is further

ORDERED, that the Disclosure Statement provides creditors and parties in interest with sufficient notice regarding the injunction, release and exculpation provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c); and it is further

ORDERED, that any objections to approval of the Disclosure Statement that were not withdrawn at or prior to the Disclosure Hearing be, and hereby are, overruled; and it is further

ORDERED, that January 13, 2011 shall be the Record Date for determining: (a) the creditors that are entitled to receive the Solicitation Package pursuant to the Solicitation Procedures; (b) the creditors entitled to vote to accept or reject the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim; and it is further

ORDERED, that the Voting Deadline (unless otherwise extended in writing by the Debtors) shall be February 18, 2011 at 4:00 p.m. (Prevailing Pacific Time); and it is further

ORDERED, that the Distribution Record Date shall be the date the Confirmation Hearing commences, at 4:00 p.m. (Prevailing Eastern Time); and it is further

ORDERED, that the form of the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and 3017(d) and is hereby approved; and it is further

ORDERED, that the Solicitation Procedures attached hereto as Exhibit 2, and incorporated by reference herein, are hereby approved; provided, however, the Debtors reserve the right, subject to Court approval and approval of the First Lien Administrative Agent and the Second Lien Administrative Agent, to further amend or supplement the Solicitation Procedures to better facilitate the solicitation process; and it is further

ORDERED, that the form of the Solicitation Package set forth in the Solicitation Procedures satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules and is hereby approved in all respects; and it is further

ORDERED, that the procedures for distribution of the Solicitation Package set forth in the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Debtors are directed to distribute or cause to be distributed Solicitation Packages to the 2002 Service List (as defined in the Case Management Order, entered on October 8, 2010 at Docket No. 95) and all parties in interest in the Chapter 11 Cases; and it is further

ORDERED, that the form of the Debtors' customized letters to each Class that votes on the Plan, substantially in the form attached hereto as Exhibit 3, is hereby approved; and it is further

ORDERED, that the forms of Ballots and Master Ballots, substantially in the forms attached hereto as Exhibit 4, are hereby approved; and it is further

ORDERED, that the form of the voting instructions (the "Voting Instructions"), substantially in the form attached to the Ballots and Master Ballots on Exhibit 4 attached hereto, are hereby approved; and it is further

ORDERED, that all votes to accept or reject the Plan must be cast by using the appropriate Ballot or Master Ballot; and it is further

ORDERED, that all Class 4, Class 5A and Class 5C Ballots must be properly executed, completed and delivered by (a) first class mail, in the return envelope provided with each Ballot; (b) overnight courier; or (c) personal delivery, so that the Ballots and Master Ballots are actually received, by the Balloting Agent, no later than the Voting Deadline at the following address:

Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; and it is further

ORDERED, that all Class 2 or Class 3 Ballots or Master Ballots must be properly executed, completed and, except as provided in the next sentence of this Order, delivered by using the return envelope provided or by delivery by (a) first class mail; (b) overnight courier; (c) personal delivery, or (d) via electronic mail (by attaching a copy (e.g., in .pdf or .tif) of each executed and completed Ballot to an electronic mail and sending it to the Balloting Agent at the e-mail address specified in the Voting Instructions attached to the Ballot) so that they are actually received by the Balloting Agent by the Voting Deadline.  If a Class 2 or Class 3 Ballot or Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Class 2 or Class 3 Ballot or Master Ballot must be provided to the Balloting Agent via overnight courier by the following business day (February 22, 2011), in which case the Class 2 or Class 3 Ballot or Master Ballot shall be deemed timely; and it is further

ORDERED, that the forms of the Non-Voting Status Notices, substantially in the form attached hereto as Exhibit 5 are hereby approved; and it is further

ORDERED, that the form of the Notice to Counterparties to Contracts and Leases, substantially in the form attached hereto as Exhibit 6, is hereby approved; and it is further

ORDERED, that the form of the Committee's letter to unsecured creditors, substantially in the form attached hereto as Exhibit 7, is hereby approved; and it is further

ORDERED, that the Debtors shall be excused from mailing Solicitation Packages to those entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that it was undeliverable unless the Debtors are aware of an alternative address.  If a creditor has changed

its mailing address after the Commencement Date, the burden shall be on the creditor or party in interest, not the Debtors, to advise the Balloting Agent of the new address; and it is further

ORDERED, that the Plan Supplement shall be filed on or before February 14, 2011, and any objections to: (i) assumption or rejection of executory contracts or unexpired leases; (ii) assumption and assignment of executory contracts or unexpired leases; or (iii) scheduled Cure Costs, must be filed on or before February 22, 2011 at 4:00 p.m. (Prevailing Eastern Time), all as more particularly described in Exhibit 6; provided, however, notwithstanding anything to the contrary in the Confirmation Hearing Notice or the Disclosure Statement, the Plan Documents shall be provided to counsel for the First Lien Administrative Agent on or before February 11, 2011; and it is further

ORDERED, that the Confirmation Hearing shall commence on February 24, 2011 at 1:00 p.m. (Prevailing Eastern Time), which date may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court; and it is further

ORDERED, that the Debtors shall file the Voting Report as soon as practicable prior to the Confirmation Hearing, but not less than twenty-four (24) hours prior to the commencement of the Confirmation Hearing; and it is further

ORDERED that any objections to the Plan must be filed by February 17, 2011 at 4:00 p.m. (Prevailing Eastern Time) (the "Plan Objection Deadline") and must be: (a) in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (d) state with particularity the basis and nature for such objection to the Plan and, if practicable, proposed modification to the Plan that would resolve such

objection; and (e) filed with the Court and served such that it is actually received by the following Notice Parties by the Plan Objection Deadline: (i) counsel for the Debtors and Debtors in Possession, McGuireWoods LLP, Attn: Douglas M. Foley, 9000 World Trade Center, 101 West Main Street, Norfolk, VA 23510; (ii) counsel for the First Lien Administrative Agent, Wilmer Cutler Pickering Hale & Dorr LLP, Attn: Philip D. Anker, 399 Park Avenue, New York, NY 10022 and Peter Zemanian, 233 East City Hall Avenue, Suite 201, Norfolk, VA 23510; (iii) counsel for the Second Lien Administrative Agent, Fried, Frank, Harris, Shriver & Jacobson LLP, Attn: Gary L. Kaplan, Peter B. Siroka, One New York Plaza, New York, NY 10004 and Hunton & Williams LLP, Attn: Benjamin C. Ackerly, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA 23219-4074; (iv) counsel for the Committee, Venable LLP; Attn: Richard L. Wasserman, 750 E. Pratt Street, Suite 900, Baltimore, MD 21202; and Venable LLP, Attn: Lawrence A. Katz, 8010 Towers Crescent Drive, Suite 300, Vienna, VA 22182; and (v) Office of the United States Trustee, 200 Granby Street, Room 625, Norfolk, VA 23510; provided, however, that notwithstanding anything to the contrary in the Confirmation Hearing Notice or the Disclosure Statement, the Plan Objection Deadline is extended to February 22, 2011 at 4:00 p.m. (Prevailing Eastern Time) for the First Lien Lenders, First Lien Administrative Agent, Second Lien Lenders, and the Second Lien Administrative Agent; and it is further

ORDERED, that the Debtors are hereby authorized and directed to enter into, execute, deliver and implement the Asset Purchase Agreement, subject to the covenants and conditions contained therein, and to take all actions necessary to perform its obligations thereunder; provided, however, closing of the Sale Transaction contemplated under the Asset Purchase Agreement is subject to further order of this Court. The Asset Purchase Agreement will be binding and enforceable against the Debtors and the Purchaser in accordance with its terms. The

Purchaser is hereby granted all rights and remedies provided to it under the Asset Purchase Agreement; and it is further

ORDERED, that the Debtors are hereby authorized to pay the legal fees and expenses of Fried, Frank, Harris, Shriver & Jacobson LLP and Hunton & Williams LLP, and the monthly fees and expenses of Perella Weinberg Partners, each as advisors to the Purchaser, incurred in connection with the transactions contemplated in the Asset Purchase Agreement through the Closing Date, whether or not the transactions contemplated in the Asset Purchase Agreement are consummated so long as there is no breach by Purchaser. Such fees and expenses will be paid pursuant to the Cash Collateral Orders (and shall be subject to any dollar limits therein applicable to the professional fees of the Second Lien Administrative Agent) with any unpaid amounts to be paid on the Closing Date; and it is further

ORDERED, that at least five (5) days prior to the Effective Date, each Professional who holds or asserts a Fee Claim shall provide the Debtors and Purchaser with an estimate of the total amount of its Fee Claim through the Effective Date; and it is further

ORDERED, that those wishing to assert any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases under sections 503(b) (other than section 503(b)(9)) and 507(a)(2) of the Bankruptcy Code that have accrued or are anticipated to accrue on or before March 7, 2011 (except the Excluded Administrative Expense Claims defined below), including, without limitation, any actual and necessary post-petition costs and expenses of preserving the Debtors' estates, any actual and necessary post-petition costs and expenses of operating the Debtors' businesses, any indebtedness or obligations incurred or assumed by the Debtors, as debtors in possession, during the Chapter 11 Cases including, without limitation, for the acquisition or lease of property or an interest in property or the rendition of services, and any

allowances of compensation and reimbursement of expenses to the extent allowed by Final Order

under section 330 or 503 of the Bankruptcy Code (each, an "Administrative Expense"),

including (without limitation) persons, entities, individuals, partnerships, corporations, estates,

trusts, indenture trustees, unions and governmental units, must file an Administrative Expense

Request on or before **February 18, 2011 at 5:00 p.m. (Prevailing Pacific Time)** (the

"Administrative Expense Claim Bar Date") in accordance with the procedures set forth herein;

and it is further

ORDERED, that the following holders need not file an Administrative Expense Request

by the Administrative Expense Claim Bar Date (collectively, the "Excluded Administrative

Expense Claims"):

(i)     parties that already have properly filed an Administrative Expense Claim with the Balloting Agent that clearly sets forth that such party is asserting an Administrative Expense Claim; provided, however, that to the extent any such party asserts additional amounts that have accrued since the filing of any prior Administrative Expense Claim or that are anticipated to accrue on or prior to March 7, 2011, such parties must file an Administrative Expense Request on or before the Administrative Expense Claim Bar Date;

(ii)    a Debtor or Debtors holding an Administrative Expense Claim against one or more other Debtors;

(iii)   customers, suppliers, vendors, contractors or employees holding Administrative Expense Claims against one or more of the Debtors arising in the ordinary course of the Debtors' business (which are being assumed by the Purchaser pursuant to the terms of the Asset Purchase Agreement);

(iv)    professional advisors (i.e., attorneys, financial advisors, accountants, claims agents) retained by or at the request of the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 or otherwise entitled to compensation as estate professionals in these Chapter 11 Cases and whose Administrative Expense Claim is for services rendered and reimbursement of expenses in these Chapter 11 cases;

<blockquote>

(v)      parties that already have an Administrative Expense Claim that has been Allowed on or before the Effective Date;

(vi)      the Internal Revenue Service with respect to any Administrative Expense Claim arising under sections 503(b)(1)(B) or 503(b)(1)(C) of the Bankruptcy Code; and

(vii)      the First Lien Administrative Agent with respect to any Administrative Expense Claim for interest and professional fees, and the Second Lien Administrative Agent with respect to any Administrative Expense Claim for professional fees;

</blockquote>

and it is further

ORDERED, that any holder of a section 503(b)(9) administrative claim, which claim/expense was required to be filed by December 8, 2010 pursuant to a previous order of this Court (Docket No. 90), shall not now be permitted to file an Administrative Expense Claim; and it is further

ORDERED, that the Debtors shall include the Administrative Expense Claim Bar Date in the Confirmation Hearing Notice, which shall be mailed no later than January 25, 2011 as part of the Solicitation Package, and be published in The Dayton Daily News, Virginian-Pilot and USA Today; and it is further

ORDERED, that to be considered, each Administrative Expense Claim (except the Excluded Administrative Expense Claims) must (a) be in writing, (b) be denominated in lawful United States currency, (c) specify the Debtor against which the claimant asserts the Administrative Expense Claim, (d) set forth with specificity the legal and factual basis for the Administrative Expense Claim and (e) have attached to it supporting documentation upon which the claimant will rely to support the request (each, an "Administrative Expense Request"); and it is further

ORDERED, that holders of Administrative Expense Claims are required to specifically set forth, in their Administrative Expense Request, the full name of the Debtor against whom the Administrative Expense Claim is filed and that such holders not be permitted to aggregate Administrative Expense Claims against multiple Debtors in a single request; and it is further

ORDERED, that for any Administrative Expense Request to be validly and properly filed, a signed original of the completed Administrative Expense Request, together with accompanying documentation and a binding estimate of amounts owing or to become owing from the period after the Administrative Expense Claim Bar Date to March 7, 2011, must be delivered to the Balloting Agent, at Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC ("KCC"), 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than **5:00 p.m. (Prevailing Pacific Time) on February 18, 2011** for any Administrative Expense Claims arising or anticipated to arise on the Petition Date through and including March 7, 2011; and it is further

ORDERED, that each Administrative Expense Request also must be served upon (i) counsel for the Debtors and Debtors in Possession, McGuireWoods LLP, Attn: Douglas M. Foley, 9000 World Trade Center, 101 West Main Street, Norfolk, VA 23510; (ii) counsel for the Committee, Venable LLP; Attn: Richard L. Wasserman, 750 E. Pratt Street, Suite 900, Baltimore, MD 21202, and Venable LLP, Attn: Lawrence A. Katz, 8010 Towers Crescent Drive, Suite 300, Vienna, VA 22182; (iii) Office of the United States Trustee, 200 Granby Street, Room 625, Norfolk, VA 23510; (iv) counsel for the First Lien Administrative Agent, Wilmer Cutler Pickering Hale & Dorr LLP, Attn: Philip D. Anker, 399 Park Avenue, New York, NY 10022 and Peter Zemanian, 233 East City Hall Avenue, Suite 201, Norfolk, VA 23510; (v) counsel for the Second Lien Administrative Agent, Fried, Frank, Harris, Shriver & Jacobson LLP, Attn: Gary L.

Kaplan, Peter B. Siroka, One New York Plaza, New York, NY 10004 and Hunton & Williams LLP, Attn: Benjamin C. Ackerly, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA 23219-4074; and (vi) counsel to Purchaser, Fried, Frank, Harris, Shriver & Jacobson LLP, Attn: Gary L. Kaplan, Peter B. Siroka, One New York Plaza, New York, NY 10004 and Hunton & Williams LLP, Attn: Benjamin C. Ackerly, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA 23219-4074; and it is further

ORDERED, that holders of Administrative Expense Claims must submit Administrative Expense Requests in person, by courier, hand delivery or by mail, but not by facsimile or other electronic means and Administrative Expense Requests shall be deemed filed only when **actually received** by the Balloting Agent; and it is further

ORDERED that any person or entity that is required, but fails, to file an Administrative Expense Request for its Administrative Expense Claim in accordance with the procedures set forth in this order on or before the Administrative Expense Claim Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expenses, (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan in the Debtors' chapter 11 cases on account of such Administrative Expenses; and it is further

ORDERED, that any estimated amount for the period from the Administrative Expense Claim Bar Date through and including March 7, 2011 contained in an Administrative Expense Request shall represent the greatest amount any party filing such Administrative Expense Request may receive for such estimated period; and it is further

ORDERED, that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order; and it is further

ORDERED, that the requirement set forth in Local Rule 9013-1(g) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived; and it is further

ORDERED, that, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED that this Court shall retain jurisdiction, even after the closing of the Chapter 11 Cases, with respect to all matters arising from or related to the implementation of this Order.

Dated:    Norfolk, Virginia
          __January 21__, 2011

                                        _____
                                        HONORABLE STEPHEN C. ST. JOHN
                                        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:


/s/ Douglas M. Foley
Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia, 23510
(757) 640-3700

Attorneys for the Debtors and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

\28002074

## EXHIBIT 1

## (Confirmation Hearing Notice)

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 640-3767

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617(SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**NOTICE OF (I) CONFIRMATION HEARING AND
OBJECTION DEADLINE WITH RESPECT TO THE DEBTORS' PLAN,
(II) SOLICITATION AND VOTING PROCEDURES; (III) BAR DATE
FOR FILING CERTAIN ADMINISTRATIVE EXPENSE CLAIMS;
AND (IV) PLAN SUPPLEMENT FILING DATE**

TO ALL CREDITORS, EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST:

**1.     Approval of Disclosure Statement and Solicitation Procedures.** On **January [21], 2011**, the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") approving the Debtors' Disclosure Statement, dated January 21, 2011 (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (as amended from time to time and including all exhibits and supplements, the "Plan"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Plan.[1]

**2.     Voting Deadline.** If you hold a Claim against one of the Debtors as of **January 13, 2011**, the Voting Record Date, and if you are entitled to vote to accept or reject the Plan, then you have received a Ballot and voting instructions appropriate for your Claim(s). For your vote

---

[1]  All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

1

to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute and return the completed Ballot to the address indicated on the Ballot so as to be **actually received** by the Balloting Agent by **4:00 p.m. (Prevailing Pacific Time) on February 18, 2011** (the "Voting Deadline") in accordance with the voting instructions accompanying the Ballot. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

3.        **Temporary Allowance of Claims for Voting Purposes.**  Holders of Claims that have filed proofs of Claim that are for unliquidated or contingent Claims shall be allowed, for voting purposes only, in an amount of $1.00, subject to the rights of the Holder of such Claim to seek an order from the Bankruptcy Court temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a) in an amount other than $1.00. If an objection to a Claim (a "Claim Objection") is filed by the Debtors on or before February 14, 2011, the Ballot on account of such Claim shall be counted in an amount of either $1.00 or such other amount as asserted by the Debtors' in the Claim Objection (a "Disputed Claim"). If the Holder of the Disputed Claim seeks to have its Claim allowed, for voting purposes only, in an amount other than $1.00 or such amount asserted by the Debtors in a Claim Objection, then the Holder of the Disputed Claim must either (i) seek an order from the Bankruptcy Court temporarily allowing such Disputed Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a); or (ii) enter into a stipulation or other agreement with the Debtors resolving the Claim Objection and allowing the Disputed Claim in an agreed upon amount for voting purposes only. If the Claim Objection is withdrawn by the Debtors, the Disputed Claim shall be allowed, for voting purposes only, as otherwise provided in the Solicitation Procedures.

If the Holder of a Claim casts their Ballot in an amount in excess of the amount of their Claim, such Ballot will only be counted to the extent of the amount of the Claim scheduled by the Debtors on their Schedules, or the amount asserted in a timely filed proof of Claim.

Pursuant to Bankruptcy Rule 3003(c)(2), with respect to all persons or entities who are listed on the Debtors' Schedules as having a Claim or a portion of a Claim that is disputed, unliquidated or contingent and which Person or Entity did not timely file a proof of Claim, the Debtors shall not distribute any documents or notices on behalf of such Claim and the Holder of such Claim shall not be permitted to vote on account of such Claim.

4.        **Confirmation Hearing.**  A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will commence at on at 1:00 p.m. (Prevailing Eastern Time) on **February 24, 2011** before the Honorable Stephen C. St. John, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, U.S. Bankruptcy Court, 600 Granby Street, Courtroom One, Norfolk, Virginia 23510. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

5.        **Objections to the Plan.**  The Bankruptcy Court has established **February 17, 2011** at 4:00 p.m. (Prevailing Eastern Time) as the last date and time for filing and serving

objections to the confirmation of the Plan. Any objections to the Plan must be in writing, and state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, provide a concise statement of the basis for such objection or proposed modification, conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court and must be filed, together with proof of service, with the Bankruptcy Court and served so that they are received no later than 4:00 p.m. (Prevailing Eastern Time), on **February 17, 2011** by (a) counsel for the Debtors and Debtors in Possession, McGuireWoods LLP, Attn: Douglas M. Foley, 9000 World Trade Center, 101 West Main Street, Norfolk, VA 23510; (b) counsel for the First Lien Administrative Agent, Wilmer Cutler Pickering Hale & Dorr LLP, Attn: Philip D. Anker, 399 Park Avenue, New York, NY 10022 and Peter Zemanian, 233 East City Hall Avenue, Suite 201, Norfolk, VA 23510; (c) counsel for the Second Lien Administrative Agent, Fried, Frank, Harris, Shriver & Jacobson LLP, Attn: Gary L. Kaplan, Peter B. Siroka, One New York Plaza, New York, NY 10004 and Hunton & Williams LLP, Attn: Benjamin C. Ackerly, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA 23219-4074; (d) counsel for the Committee, Venable LLP; Attn: Richard L. Wasserman, 750 E. Pratt Street, Suite 900, Baltimore, MD 21202; and Venable LLP, Attn: Lawrence A. Katz, 8010 Towers Crescent Drive, Suite 300, Vienna, VA 22182; and (e) Office of the United States Trustee, 200 Granby Street, Room 625, Norfolk, VA 23510. Objections not timely filed and properly shall be overruled and not considered.

6. **Plan Supplement.** The Plan Supplement will be filed by the Debtors on or before **February 14, 2011**. When filed, the Plan Supplement shall be made available on the Balloting Agent's website at http://www.kccllc.net/workflow. The Debtors will not serve paper or CD-ROM copies of the Plan Supplement. However, parties may request a copy of the Plan Supplement from the Debtors' Balloting Agent.

7. **Distribution Record Date.** The Bankruptcy Court has approved the date the Confirmation Hearing commences, at 4:00 p.m. (Prevailing Eastern Time), as the record date for purposes of determining which Creditors and Equity Interest Holders are entitled to receive distributions under the Plan.

8. **Release, Exculpation and Injunction Language in the Plan. PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

9. **Administrative Expense Claim Bar Date.** Any party wishing to assert any right to payment constituting a cost or expense of administration of any of the Chapter 11 Cases under sections 503(b) and 507(a)(2) of the Bankruptcy Code that have accrued or are anticipated to accrue on or before March 7, 2011 (except the Excluded Administrative Expense Claims defined below), including, without limitation, any actual and necessary post-petition costs and expenses of preserving the Debtors' estates, any actual and necessary post-petition costs and expenses of operating the Debtors' businesses, any indebtedness or obligations incurred or assumed by the Debtors, as debtors in possession, during the Chapter 11 Cases including, without limitation, for the acquisition or lease of property or an interest in property or the rendition of services, and any allowances of compensation and reimbursement of expenses to the extent allowed by Final Order

under section 330 or 503 of the Bankruptcy Code (each, an "Administrative Expense"), including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, must file an Administrative Expense Request on or before **5:00 p.m. (Prevailing Pacific Time) on February 18, 2011** (the "Administrative Expense Claim Bar Date") in accordance with the procedures set forth in the Disclosure Statement Order.

The following holders need not file an Administrative Expense Request by the Administrative Expense Claim Bar Date (collectively, the "Excluded Administrative Expense Claims"):

(i)     parties that already have properly filed an Administrative Expense Claim with the Balloting Agent that clearly sets forth that such party is asserting an Administrative Expense Claim; provided, however, that to the extent any such party asserts additional amounts that have accrued since the filing of any prior Administrative Expense Claim or that are anticipated to accrue on or prior to March 7, 2011, such parties must file an Administrative Expense Request on or before the Administrative Expense Claim Bar Date;

(ii)    a Debtor or Debtors holding an Administrative Expense Claim against one or more other Debtors;

(iii)   customers, suppliers, vendors, contractors or employees holding Administrative Expense Claims against one or more of the Debtors arising in the ordinary course of the Debtors' business (which are being assumed by the Purchaser pursuant to the terms of the Asset Purchase Agreement);

(iv)    professional advisors (i.e., attorneys, financial advisors, accountants, claims agents) retained by or at the request of the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 or otherwise entitled to compensation as estate professionals in these Chapter 11 Cases and whose Administrative Expense Claim is for services rendered and reimbursement of expenses in these Chapter 11 cases;

(v)     parties that already have an Administrative Expense Claim that has been Allowed on or before the Effective Date;

(vi)    the Internal Revenue Service with respect to any Administrative Expense Claim arising under sections 503(b)(1)(B) or 503(b)(1)(C) of the Bankruptcy Code; and

(vii)   the First Lien Administrative Agent with respect to any Administrative Expense Claim for interest and professional fees, and the Second Lien

Administrative Agent with respect to any Administrative Expense Claim for professional fees.

Any holder of a section 503(b)(9) administrative claim, which claim/expense was required to be filed by December 8, 2010 pursuant to a previous order of this Court (Docket No. 90), shall **not** now be permitted to file an Administrative Expense Claim.

To be considered, each Administrative Expense Claim (except the Excluded Administrative Expense Claims) must (a) be in writing, (b) be denominated in lawful United States currency, (c) specify the Debtor against which the claimant asserts the Administrative Expense Claim, (d) set forth with specificity the legal and factual basis for the Administrative Expense Claim and (e) have attached to it supporting documentation upon which the claimant will rely to support the request (each, an "Administrative Expense Request").

Holders of Administrative Expense Claims are required to specifically set forth, in their Administrative Expense Request, the full name of the Debtor against whom the Administrative Expense Claim is filed and that such holders not be permitted to aggregate Administrative Expense Claims against multiple Debtors in a single request.

For any Administrative Expense Request to be validly and properly filed, a signed original of the completed Administrative Expense Request, together with accompanying documentation and a binding estimate of amounts owing or to become owing from the period after the Administrative Expense Claim Bar Date through and including March 7, 2011, must be delivered to the Balloting Agent, at Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be **actually received** no later than **5:00 p.m. (Prevailing Pacific Time) on February 18, 2011** for any Administrative Expense Claims arising on the Petition Date through and including March 7, 2011.  Each Administrative Expense Request also must be served upon (i) counsel for the Debtors and Debtors in Possession, McGuireWoods LLP, Attn: Douglas M. Foley, 9000 World Trade Center, 101 West Main Street, Norfolk, VA 23510; (ii) counsel for the Committee, Venable LLP; Attn: Richard L. Wasserman, 750 E. Pratt Street, Suite 900, Baltimore, MD 21202, and Venable LLP, Attn: Lawrence A. Katz, 8010 Towers Crescent Drive, Suite 300, Vienna, VA 22182; (iii) Office of the United States Trustee, 200 Granby Street, Room 625, Norfolk, VA 23510; (iv) counsel for the First Lien Administrative Agent, Wilmer Cutler Pickering Hale & Dorr LLP, Attn: Philip D. Anker, 399 Park Avenue, New York, NY 10022 and Peter Zemanian, 233 East City Hall Avenue, Suite 201, Norfolk, VA 23510; (v) counsel for the Second Lien Administrative Agent, Fried, Frank, Harris, Shriver & Jacobson LLP, Attn: Gary L. Kaplan, Peter B. Siroka, One New York Plaza, New York, NY 10004 and Hunton & Williams LLP, Attn: Benjamin C. Ackerly, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA 23219-4074; and (vi) counsel to Purchaser, Fried, Frank, Harris, Shriver & Jacobson LLP, Attn: Gary L. Kaplan, Peter B. Siroka, One New York Plaza, New York, NY 10004 and Hunton & Williams LLP, Attn: Benjamin C. Ackerly, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, VA 23219-4074.

Holders of Administrative Expense Claims must submit Administrative Expense Requests in person, by courier, hand delivery or by mail, but not by facsimile or other electronic

means and Administrative Expense Requests shall be deemed filed only when **actually received** by the Balloting Agent.

Any person or entity that is required, but fails, to file an Administrative Expense Request for its Administrative Expense Claim in accordance with the procedures set forth in this order on or before the Administrative Expense Claim Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expenses and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan in the Debtors' chapter 11 cases on account of such Administrative Expense Claim. Additionally, any estimated amount for the period from the Administrative Expense Claim Bar Date through and including March 7, 2011 contained in an Administrative Expense Request shall represent the greatest amount any party filing such Administrative Expense Request may receive for such estimated period.

    **10.    Inquiries.** The Plan, Disclosure Statement, Plan Supplement, Disclosure Statement Order, and all other materials in the Debtors' Solicitation Package may be obtained from the Balloting Agent's website http://www.kccllc.net/workflow (except the Ballots) or by contacting the Debtors' Balloting Agent in writing at Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 or calling (877) 565-8217. The Debtors will serve either paper copies of, or a CD-ROM containing the Disclosure Statement Order, the Disclosure Statement, and all exhibits to the Disclosure Statement, including the Plan on the Core Group, all parties in interest on the 2002 List as of the Voting Record Date and all parties entitled to vote to accept or reject the Plan. Creditors who are entitled to vote to accept or reject the Plan shall receive a Solicitation Package containing paper copies of this Confirmation Hearing Notice, applicable Ballot(s), and the Solicitation Procedures.

Dated: Norfolk, Virginia           WORKFLOW MANAGEMENT, INC., <u>et al</u>.
       January [21], 2011

                           _____
                           Douglas M. Foley (VSB No. 34364)
                           Patrick L. Hayden (VSB No. 30351)
                           McGUIREWOODS LLP
                           9000 World Trade Center
                           101 West Main Street
                           Norfolk, Virginia, 23510
                           (757) 640-3767

                           Attorneys for the Debtors and
                           Debtors in Possession

## EXHIBIT 2

## (Solicitation Procedures)

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 640-3767


Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No.  10-74617 (SCS) |
| <u>et</u> <u>al</u>., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SOLICITATION PROCEDURES**

**A.      The Voting Record Date**

The Bankruptcy Court has approved **January 13, 2011** at 4:00 p.m. (Prevailing Eastern Time) as the record date for purposes of determining which creditors and Equity Interest holders are entitled to vote on the Plan (the "Voting Record Date").[1]

**B.      The Voting Deadline**

The Bankruptcy Court has approved **February 18, 2011** at 4:00 p.m. (Prevailing Pacific Time) as the voting deadline (the "Voting Deadline").  To be counted as votes to accept or reject the Plan, all Class 4, Class 5A and Class 5C Ballots must be properly executed, completed and delivered by using the return envelope provided or by delivery by (a) first class mail; (b) overnight courier; or (c) personal delivery, so that they are **<u>actually received</u>** by the Debtors' voting agent, Kurtzman Carson Consultants LLC (the "Balloting Agent") at the following addresses, no later than the Voting Deadline:

| | |
|---|---|
| By first class mail, overnight courier or personal delivery | Workflow Claims Processing Center c/o Kurtzman Carson Consultants LLC 2335 Alaska Avenue El Segundo, CA 90245 |

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

All Class 2 or Class 3 Ballots or Master Ballots must be properly executed, completed and, except as provided in the next sentence, delivered by using the return envelope provided or by delivery by (a) first class mail; (b) overnight courier; (c) personal delivery, or (d) via electronic mail (by attaching a copy (e.g., in .pdf or .tif) of each executed and completed Ballot to an electronic mail and sending it to the Balloting Agent at the e-mail address specified in the Voting Instructions attached to the Ballot) so that they are actually received by the Balloting Agent by the Voting Deadline. If a Class 2 or Class 3 Ballot or Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Class 2 or Class 3 Ballot or Master Ballot must be provided to the Balloting Agent via overnight courier by the following business day (February 22, 2011), in which case the Class 2 or Class 3 Ballot or Master Ballot shall be deemed timely.

**C.     Form, Content and Manner of Notices**

1.     <u>The Solicitation Package</u>: The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.     the Confirmation Hearing Notice;

b.     the appropriate Ballot(s) and/or Master Ballot and applicable Voting Instructions;

c.     a pre-addressed, postage pre-paid return envelope;

d.     the Disclosure Statement on CD-ROM with all exhibits, including the Plan, and any amendments to these documents that may be filed with the Bankruptcy Court;

e.     a letter from the Debtors to the holders in each of the Voting Classes urging them to vote to accept the Plan;

f.     a  letter from the Committee reflecting its support of the Plan;

g.      the Disclosure Statement Order, which, among other things (a) approves the Disclosure Statement as containing "adequate information" in accordance with section 1125 of the Bankruptcy Code, (b) fixes a voting record date, (c) approves solicitation and voting procedures with respect to the Plan, (d) approves the form of the Solicitation Package and the notices to the distributed with respect thereto, and (e) schedules certain dates in connection therewith (without exhibits); and

h.     these Solicitation Procedures.

The Plan Supplement will be filed by the Debtors on or before **February 14, 2011** (the "Plan Supplement Filing Date"), and will not be part of the Solicitation Package. When filed, the Plan Supplement shall be made available on the Balloting Agent's website at http://www.kccllc.net/workflow. The Debtors will not serve copies of the Plan Supplement. However, parties may request a copy of the Plan Supplement from the Debtors' Balloting Agent.

2.     <u>Distribution of the Solicitation Package</u>:  All parties entitled to vote to accept or reject the Plan shall receive a Solicitation Package containing paper copies of the Confirmation Hearing Notice, an appropriate Ballot and/or Master Ballot, and the Solicitation Procedures.  The other documents in the Solicitation Package will be served in either paper or CD-ROM format.  Any party who receives a CD-ROM but who desires a paper copy of these documents may request a copy from the Debtors' Balloting Agent by writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 or by calling (877) 565-8217.  The Solicitation Package (except the Ballots and/or Master Ballots) also can be obtained by any party by accessing the Balloting Agent's website at http://www.kccllc.net/workflow.

The 2002 Service List and all parties in interest who have appeared in the Chapter 11 Cases as of the Voting Record Date, but are not entitled to vote, shall receive the Solicitation Package without a Ballot or Master Ballot, a return envelope, or a letter to the holders in each of the Voting Classes urging them to vote to accept the Plan.

Specifically, the Solicitation Package documents shall be served, in the manner described above, on:

a.     the holders of Claims for which proofs of Claim have been timely filed, as reflected on the official claims register, as of the close of business on the Voting Record Date;

b.     the holders of scheduled Claims that are listed in the Debtors' Schedules of assets and liabilities filed with the Bankruptcy Court (as may have been amended, the "Schedules"), with the exception of those scheduled Claims that are listed as contingent, unliquidated or disputed Claims (excluding such scheduled Claims that have been superseded by a timely-filed proof of Claim);[2] and

c.     the holders of Claims arising pursuant to an agreement or settlement with the Debtors executed prior to the close of business on the Voting Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court, in an Order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court regardless of whether a proof of Claim has been filed.

The Debtors shall make every reasonable effort to ensure that creditors who have more than one Claim in a Class (as defined in the Plan) receive no more than one set of the Solicitation Package materials; <u>provided</u>, <u>however</u>, that creditors who have Claims against more than one Debtor will receive a separate Ballot as to each Debtor.

The Voting Nominees should, within five (5) business days of the receipt of the Solicitation Packages, forward a Solicitation Package (including the appropriate Ballot) to each Beneficial Holder as of the Record Date and include a return envelope provided by and addressed to the Voting Nominee so that the Beneficial Holder can return the completed

---

[2]  Pursuant to Bankruptcy Rule 3003(c)(2), with respect to all persons or entities who are listed on Debtors' Schedules as having a Claim or a portion of a Claim that is disputed, unliquidated or contingent which Person or Entity did not timely file a proof of Claim, the Debtors shall distribute only the Confirmation Hearing Notice.

Beneficial Ballot directly to the Voting Nominee. The Voting Nominee should advise the Beneficial Holders to return their Beneficial Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to the Balloting Agent by the Voting Deadline. After Beneficial Ballots are returned, the Voting Nominee should summarize on the appropriate Master Ballot the votes and other Beneficial Ballot information of its respective Beneficial Holders as reflected in all properly completed and signed Beneficial Ballots, and then return the Master Ballot to the Voting Agent by the Voting Deadline as set forth in section B. above.

3. <u>Non-Voting Status Notices</u>: Notwithstanding the above, certain creditors whose Claims are not classified in accordance with 11 U.S.C. § 1123(a)(1) or who are not entitled to vote because they are either deemed to accept the Plan under 11 U.S.C. § 1126(f) or deemed to reject the Plan under 11 U.S.C. § 1126(g) will receive only the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached to the Disclosure Statement Order as <u>Exhibit 5</u> (collectively, the "Non-Voting Status Notices"). The Non-Voting Status Notices will instruct these creditors that copies of the Solicitation Package (except the Ballots or Master Ballots) can be obtained by requesting a copy from the Debtors' Balloting Agent by writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, by calling (877) 565-8217 or by any party by accessing the Balloting Agent's website at http://www.kccllc.net/workflow.

4. <u>Executory Contracts and Unexpired Leases Notice</u>: As reflected in Article XII of the Plan, certain counterparties to Executory Contracts and Unexpired Leases also may be affected by the Plan. However, certain of these counterparties to Executory Contracts and Unexpired Leases may not hold Claims against the Debtors as of the Voting Record Date. In such instances, the Debtors will serve the Disclosure Statement (with exhibits), the Disclosure Statement Order (without exhibits), the Solicitation Procedures, the Confirmation Hearing Notice, and the Notice to Counterparties to Contracts and Leases substantially in the form attached to the proposed Disclosure Statement Order as <u>Exhibit 6</u> (the "Contracts and Leases Notice").

5. <u>Notice to other Parties in Interest</u>: All other parties in interest in these cases will receive only the Confirmation Hearing Notice. The Confirmation Hearing Notice will instruct the parties in interest that the Solicitation Package (except the Ballots or Master Ballots) can be obtained by requesting a copy from the Debtors' Balloting Agent by writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, by calling (877) 565-8217 or by accessing the Balloting Agent's website at http://www.kccllc.net/workflow.

6. <u>Publication of Confirmation Hearing Notice</u>: In addition to the above, the Debtors shall publish the Confirmation Hearing Notice, which will contain, among other things, the Plan Objection Deadline, the Voting Deadline, the Confirmation Hearing Date, and the Administrative Expense Claim Bar Date, in the following publications in order to provide notification to those persons who may not receive notice by mail: <u>The Dayton Daily News</u>, <u>Virginian-Pilot</u> and <u>USA Today</u>.

**D.      Approval of Voting and Tabulation Procedures**

1.      <u>Claim Holders Entitled to Vote</u>:  Only the following holders of Claims in Voting Classes shall be entitled to vote with regard to such Claims:

a.      the holders of Claims for which proofs of Claim have been timely filed, as reflected on the official claims register, as of the close of business on the Voting Record Date, with the exception of those Claims subject to a pending objection filed on or before February 14, 2011 that seeks allowance of such Claim at $0.00, unless such Claims are Allowed for voting purposes pursuant to a Resolution Event (defined below) and those Claims that have been paid; <u>provided</u>, <u>however</u>, to the extent that the Debtors have reached a settlement on a Claim for which a proof of Claim has been timely filed, the terms of such settlement shall govern for purposes of determining the holder of the Claim and the amount of the Claim;

b.      the holders of scheduled Claims that are listed in the Debtors' Schedules, with the exception of those scheduled Claims that are listed as contingent, unliquidated or disputed Claims (excluding such scheduled Claims that have been superseded by a timely-filed proof of Claim) and those Claims that have been paid; and

c.      the holders of Claims arising pursuant to an agreement or settlement with the Debtors executed prior to the close of business on the Voting Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with the Bankruptcy Court, in an Order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court regardless of whether a proof of Claim has been filed.

The assignee of a transferred and assigned Claim (whether a timely-filed or scheduled Claim) shall be permitted to vote such Claim only if the appropriate transfer/assignment form has been noted on the Bankruptcy Court's docket as of the close of business on the Voting Record Date.

2.      <u>Establishing Claim Amount</u>:  In tabulating votes, the following hierarchy shall be used to determine the Claim amount associated with each creditor's vote regardless of the amount stated on such creditor's Ballot or Master Ballot:

a.      The Claim amount settled and/or agreed upon by the Debtors prior to the Voting Record Date, as reflected in a court pleading, stipulation, term sheet, agreement or other document filed with the Bankruptcy Court, in an Order entered by the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.      The Claim amount Allowed pursuant to Section D.4 below;

c.      The Claim amount contained on a proof of Claim that has been timely filed pursuant to the Bar Date Order (or deemed timely filed by the Bankruptcy Court under applicable law), <u>provided</u>, <u>however</u>, that Ballots or Master Ballots cast by creditors whose Claims are unliquidated, in unknown amount or contingent will count as Ballots or Master Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of Section 1126(c) of the Bankruptcy Code, subject to the rights of the holder of such

Claim to file a motion pursuant to Bankruptcy Rule 3018(a) for allowance, for voting purposes only, in an amount other than $1.00; provided further, however, if the holder of a Claim casts its Ballots or Master Ballot in an amount in excess of the amount of their Claim, such Ballot or Master Ballot will only be counted to the extent of the amount of the Claim scheduled by the Debtors on its Schedules, or the amount asserted in a timely filed proof of Claim;

        d.      The Claim amount listed in the Debtors' Schedules, provided that such Claim is not scheduled as contingent, disputed or unliquidated and has not been paid; and

        e.      In the absence of any of the foregoing, $0.00.

The Claim amount established pursuant to this Section D.2 shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim.

        3.      <u>General Ballot Tabulation</u>: The following voting procedures and standard assumptions shall be used in tabulating Ballots:

        a.      Except as otherwise provided herein, unless the Ballot or Master Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot or Master Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan;

        b.      The Balloting Agent will date and time-stamp all Ballots and Master Ballots when received. The Balloting Agent shall retain the original Ballots and an electronic copy of the same for a period of one (1) year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

        c.      The Debtors will file the Voting Report with the Bankruptcy Court, as soon as practicable prior to the Confirmation Hearing, but not less than twenty-four (24) hours prior to the commencement of the Confirmation Hearing. The Voting Report shall, among other things, delineate every Ballot or Master Ballot that does not conform to the Voting Instructions or that contains any form of irregularity (each an "Irregular Ballot") including, but not limited to, those Ballots or Master Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the Debtors' intentions with regard to such Irregular Ballots;

        d.      The method of delivery of Ballots and Master Ballots to be sent to the Balloting Agent is at the election and risk of each creditor and, except as otherwise provided, a Ballot or Master Ballot will be deemed delivered only when the Balloting Agent <u>actually receives</u> the original executed Ballots and Master Ballots;

        e.      An original executed Ballot or Master Ballot, as applicable, is required. Delivery of a Ballot to the Balloting Agent by facsimile, email or any other electronic means will not be accepted;

f. No Ballot or Master Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Balloting Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g. If multiple Ballots or Master Ballots are received from the same creditor with respect to the same Claim(s) against the same Debtor prior to the Voting Deadline, the last Ballot or Master Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot or Master Ballot;

h. Creditors must vote all of their Claims against a particular Debtor within a particular Class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class and against the same Debtor, the Debtors may, in their discretion, aggregate the Claims of any particular holder within the same Class and against the same Debtor for the purpose of counting votes;

i. The Ballots and Master Ballots will be customized by the Balloting Agent such that each Ballot will be coded with such creditor's Class and the Debtor against which they hold a Claim;

j. A Person signing a Ballot or Master Ballot in its capacity as a trustee, executor, administrator, agent, guardian, attorney in fact, officer of corporations, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such claimant;

k. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot or Master Ballot at any time, either before or after the close of voting provided however, that any such waivers will be documented in the Voting Report;

l. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots or Master Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

m. Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots or Master Ballots must be cured prior to the Voting Deadline or such Ballots or Master Ballots will not be counted;

n. In the event a designation of lack of good faith is requested by a party in interest under Section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o. Subject to any contrary order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the

Bankruptcy Rules; provided however, that any such rejections will be documented in the Voting Report;

p.     If a Claim has been estimated or otherwise Allowed for voting purposes only by final order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

q.     If a Claim is unliquidated, in unknown amount or contingent, such Claim shall be temporarily Allowed in the amount of $1.00 for voting purposes only, and not for purposes of allowance or distribution, subject to the rights of the holder of such Claim to file a motion pursuant to Bankruptcy Rule 3018(a) for allowance, for voting purposes only, in an amount other than $1.00;

r.     If a Ballot or Master Ballot is cast in an amount in excess of the amount of their Claim, such Ballot or Master Ballot will only be counted to the extent of the amount of the Claim scheduled by the Debtors on its Schedules, or amount asserted in a timely filed proof of Claim;

s.     If a Claim Objection (as defined below) is filed on or before February 14, 2011, objected to Claims shall be treated in accordance with Section D.4 below;

t.     The following Ballots or Master Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (ii) any Ballot or Master Ballot submitted by any party not entitled to vote pursuant to the procedures described herein; (iii) any Ballot or Master Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (iv) any unsigned Ballot or Master Ballot; and (v) any Ballot or Master Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan;

4.     <u>Temporary Allowance Claims for Voting Purposes</u>:  Holders of Claims that have filed proofs of Claim that are for unliquidated or contingent Claims shall be allowed, for voting purposes only, in an amount of $1.00, subject to the rights of the holder of such Claim to seek an order from the Bankruptcy Court temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a) in an amount other than $1.00.  If an objection to a Claim (a "Claim Objection") is filed by the Debtors on or before February 14, 2011, the Ballot on account of such Claim shall be counted in an amount of either $1.00 or such other amount as asserted by the Debtors' in the Claim Objection (a "Disputed Claim").  Additionally, if the holder of the Disputed Claim seeks to have its Claim allowed, for voting purposes only, in an amount other than $1.00 or such amount asserted by the Debtors in a Claim Objection, then the holder of the Disputed Claim must either (i) seek an order from the Bankruptcy Court temporarily allowing such Disputed Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a); or (ii) enter into a stipulation or other agreement with the Debtors resolving the Claim Objection and allowing the Disputed Claim in an agreed upon amount for voting purposes only (each a "Resolution Event").  If the Claim Objection is withdrawn by the Debtors, the Disputed

Claim shall be allowed, for voting purposes only, as otherwise provided in these Solicitation Procedures.

Pursuant to Bankruptcy Rule 3003(c)(2), with respect to all persons or entities who are listed on Debtors' Schedules as having a Claim or a portion of a Claim that is disputed, unliquidated or contingent which Person or Entity did not timely file a proof of Claim, the Debtors shall distribute only the Confirmation Hearing Notice.

**E.      Distribution Record Date**

The Bankruptcy Court has approved the date the Confirmation Hearing commences, at 4:00 p.m. (Prevailing Eastern Time), as the record date for purposes of determining which creditors are entitled to receive distributions under the Plan.

**F.      Release, Exculpation and Injunction Language in Plan**

The release, exculpation and injunction language in Article XIII of the Plan will be included in the Disclosure Statement and further notice will be provided in the Confirmation Hearing Notice.  Voting creditors also will be reminded on their Ballots that a vote to accept the Plan is a vote to assent to the release and exculpation provisions in the Plan.

Dated: Norfolk, Virginia           WORKFLOW MANAGEMENT, INC., <u>et al</u>.
       January [21], 2011

                          _____
                          Douglas M. Foley (VSB No. 34364)
                          Patrick L. Hayden (VSB No. 30351)
                          McGUIREWOODS LLP
                          9000 World Trade Center
                          101 West Main Street
                          Norfolk, Virginia, 23510
                          (757) 640-3767

                          Attorneys for the Debtors and
                          Debtors in Possession

\28004683

## EXHIBIT 3

### (Form of Letter to Voting Classes)

Dear Class __ Claim Holder:

You have received this letter and the enclosed materials because you are entitled to vote on the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors, as it may be amended from time to time (the "Plan").[1]

The enclosed materials constitute the Debtors' Solicitation Package and consist of:

a.  the Confirmation Hearing Notice;

b.  the appropriate Ballot(s) and/or Master Ballot(s) and applicable Voting Instructions;

c.  a pre-addressed, postage pre-paid return envelope;

d.  the Disclosure Statement with all exhibits, including the Plan, and any amendments to these documents which may be filed with the Bankruptcy Court;

e.  the Solicitation Procedures;

f.  the Disclosure Statement Order, which, among other things (a) approves the Disclosure Statement as containing "adequate information" in accordance with section 1125 of the Bankruptcy Code, (b) fixes a voting record date, (c) approves solicitation and voting procedures with respect to the Plan, (d) approves the form of the Solicitation Package and the notices to the distributed with respect thereto, and (e) schedules certain dates in connection therewith (without exhibits);

g.  a letter from the Official Committee of Unsecured Creditors reflecting its support of the Plan; and

h.  this letter.

The Board of Directors of Workflow Management, Inc., and the respective boards of directors of each of the other Debtors (collectively, the "Board"), has approved the filing and solicitation of the Plan. The Board believes that the Plan is in the best interests of all Creditors and is the product of extensive arms-length and good faith negotiations between the Debtors and its Creditors. Moreover, the Plan is preferable to any of the alternatives described in the Disclosure Statement because it provides the best recoveries to holders of all classes of claims.

**THE BOARD THEREFORE RECOMMENDS THAT ALL CREDITORS ENTITLED TO VOTE SUBMIT A TIMELY BALLOT VOTING TO ACCEPT THE PLAN.**

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please contact the Debtors' Balloting Agent in writing at Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El

---

[1] Capitalized terms used but not defined in this letter shall have the meanings given them in the Plan.

Segundo, CA 90245, or calling (877) 565-8217.  You may also contact counsel for the Debtors via e-mail at workflowservice@mcguirewoods.com or by phone at (757) 640-3767.

## EXHIBIT 4

(I. Ballots and II. Master Ballots)

## I. BALLOTS

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE
THIRD AMENDED JOINT CHAPTER 11 PLAN OF
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

**<u>Class 2 — First Lien Lender Claims</u>**

The Debtors have sent this Ballot to you because our records indicate that you are a holder of a Class 2 First Lien Lender Claim, and, accordingly, you have a right to vote to accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan"). All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

Your rights are described in the Disclosure Statement. The Disclosure Statement, Plan, Disclosure Statement Order, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. The Solicitation Package materials are also available by contacting the Debtors' Balloting Agent in writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA

90245 or by calling (877) 565-8217.  You also may obtain copies of the Disclosure Statement or the Plan by accessing http://www.kccllc.net/workflow.  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  If you believe you have received this Ballot in error, please contact the Balloting Agent at the address or telephone number above.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 2 under the Plan.  If you hold Claims in more than one Class or against more than one Debtor, you will receive a Ballot for each Class in which you are entitled to vote.**

**If the Balloting Agent does not _receive_ your Ballot on or before the Voting Deadline, which is February 18, 2011 at 4:00 p.m. (Prevailing Pacific Time), and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  If your Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Ballot must be provided to the Balloting Agent via overnight courier by the following business day (February 22, 2011) in order for your Ballot to be deemed timely.**

**If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1.  Principal Amount of Class 2 Claim.**

The undersigned hereby certifies that as of January 13, 2011, the undersigned is a holder of a Class 2 Claim or Claims in the following aggregate unpaid principal amount (insert amount in box below).

$$\boxed{\ \$\underline{\hspace{3cm}}\ }$$

**Item 2.  Class 2 Vote.**

The holder of the Class 2 Claim set forth in Item 1 votes (please check one):

☐ To Accept the Plan                    ☐ To Reject the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN.  PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3.  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)    that either: (i) the person or entity is the holder of the Claims being voted; or (ii) the person or entity is an authorized signatory for some person or entity which is a holder of the Claims being voted;

(b)    that the person or entity has received a copy of the Disclosure Statement and Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that the person or entity has cast the same vote with respect to all Claims in a single Class; and

(d)    that no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such earlier Ballots are hereby revoked.

Name of holder: _____
(Print or Type)

Social Security or Federal Tax I.D. No.: _____
(Optional)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS
4:00 P.M. (PREVAILING PACIFIC TIME) ON
FEBRUARY 18, 2011.**

**VOTING INSTRUCTIONS**

1.    The Debtors are soliciting the votes of holders of Class 2 Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, a copy of which also accompanies the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

3.    To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed preaddressed envelope by the Voting Deadline; **OR** you must (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; (c) sign and return the Ballot by attaching a copy (e.g., in .pdf or .tif) of each executed and completed Ballot to an electronic mail and sending it to the Balloting Agent at _____@kccllc.com by the Voting Deadline, and (d) return the original Ballot to the Balloting Agent at the address set forth on the enclosed preaddressed envelope via overnight courier by the following business day (February 22, 2011). **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.**

4.    If a Ballot is received after the Voting Deadline, it will not be counted. The method of delivery of Ballots to the Balloting Agent is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.    If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot. Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7.  This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

8.  Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.  If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

10. You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

11. Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

13. You must return the Ballot in sufficient time for it to be **RECEIVED** by the Balloting Agent no later than the Voting Deadline.  If your Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Ballot must be provided to the Balloting Agent via overnight courier by the following business day in order for your Ballot to be deemed timely.  If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

## PLEASE RETURN YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No.  10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE
THIRD AMENDED JOINT CHAPTER 11 PLAN OF
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

**<u>Class 3 – Second Lien Lender Secured Claims</u>**

The Debtors have sent this Ballot to you because our records indicate that you are a holder of a Class 3 Second Lien Lender Secured Claim, and, accordingly, you have a right to vote to accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan"). All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

Your rights are described in the Disclosure Statement. The Disclosure Statement, Plan, Disclosure Statement Order, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. The Solicitation Package materials are also available by contacting the Debtors' Balloting Agent in writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 or by calling (877) 565-8217. You may also obtain copies of the Disclosure Statement or

1

the Plan by accessing http://www.kccllc.net/workflow.  The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  If you believe you have received this Ballot in error, please contact the Balloting Agent at the address or telephone number above.

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 3 under the Plan.  If you hold Claims in more than one Class or against more than one Debtor, you will receive a Ballot for each Class in which you are entitled to vote.**

**If the Balloting Agent does not _receive_ your Ballot on or before the Voting Deadline, which is February 18, 2011 at 4:00 p.m. (Prevailing Pacific Time), and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  If your Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Ballot must be provided to the Balloting Agent via overnight courier by the following business day (February 22, 2011) in order for your Ballot to be deemed timely.**

**If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1.  Principal Amount of Class 3 Claim.**

The undersigned hereby certifies that as of January 13, 2011, the undersigned is a holder of a Class 3 Claim or Claims in the following aggregate unpaid principal amount (insert amount in box below).

$\boxed{\$\rule{3cm}{0.4pt}}$

**Item 2.  Class 3 Vote.**

The holder of the Class 3 Claim set forth in Item 1 votes (please check one):

☐ To Accept the Plan                    ☐ To Reject the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN.  PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3.  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that either: (i) the person or entity is the holder of the Claims being voted; or (ii) the person or entity is an authorized signatory for some person or entity which is a holder of the Claims being voted;

(b) that the person or entity has received a copy of the Disclosure Statement and Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the person or entity has cast the same vote with respect to all Claims in a single Class; and

(d) that no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such earlier Ballots are hereby revoked.

Name of holder: _____
(Print or Type)

Social Security or Federal Tax I.D. No.: _____
(Optional)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS
4:00 P.M. (PREVAILING PACIFIC TIME) ON
FEBRUARY 18, 2011.**

# VOTING INSTRUCTIONS

1.  The Debtors are soliciting the votes of holders of Class 3 Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, a copy of which also accompanies the Ballot.

2.  The Bankruptcy Court may confirm the Plan and thereby bind you, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed preaddressed envelope by the Voting Deadline; **OR** you must (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; (c) sign and return the Ballot by attaching a copy (<u>e.g.</u>, in .pdf or .tif) of each executed and completed Ballot to an electronic mail and sending it to the Balloting Agent at _____@kccllc.com by the Voting Deadline, and (d) return the original Ballot to the Balloting Agent at the address set forth on the enclosed preaddressed envelope via overnight courier by the following business day (February 22, 2011). **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.**

4.  If a Ballot is received after the Voting Deadline, it will not be counted. The method of delivery of Ballots to the Balloting Agent is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.  If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot. Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7.     This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

8.     Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.     If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

10.    You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

11.    Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

13.    You must return the Ballot in sufficient time for it to be **RECEIVED** by the Balloting Agent no later than the Voting Deadline.  If your Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Ballot must be provided to the Balloting Agent via overnight courier by the following business day in order for your Ballot to be deemed timely.  If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

## **PLEASE RETURN YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE
THIRD AMENDED JOINT CHAPTER 11 PLAN OF
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

### Class 4 — Other Secured Claims

The Debtors have sent this Ballot to you because our records indicate that you are a holder of a Class 4 Other Secured Claim, and, accordingly, you have a right to vote to accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan"). All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

Your rights are described in the Disclosure Statement. The Disclosure Statement, Plan, Disclosure Statement Order, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. The Solicitation Package materials are also available by contacting the Debtors' Balloting Agent in writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 or by calling (877) 565-8217. You may also obtain copies of the Disclosure Statement or

the Plan by accessing http://www.kccllc.net/workflow. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you have received this Ballot in error, please contact the Balloting Agent at the address or telephone number above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4 under the Plan. If you hold Claims in more than one Class or against more than one Debtor, you will receive a Ballot for each Class in which you are entitled to vote.**

**If the Balloting Agent does not _receive_ your Ballot on or before the Voting Deadline, which is February 18, 2011 at 4:00 p.m. (Prevailing Pacific Time), and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Class 4 Claim.**

The undersigned hereby certifies that as of January 13, 2011, the undersigned is a holder of a Class 4 Claim or Claims in the following aggregate unpaid principal amount (insert amount in box below).

$$\boxed{\$\underline{\hspace{4cm}}}$$

**Item 2. Class 4 Vote.**

The holder of the Class 4 Claim set forth in Item 1 votes (please check one):

☐ To Accept the Plan     ☐ To Reject the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN. PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3. Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)     that either: (i) the person or entity is the holder of the Claims being voted; or (ii) the person or entity is an authorized signatory for some person or entity which is a holder of the Claims being voted;

(b)     that the person or entity has received a copy of the Disclosure Statement and Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that the person or entity has cast the same vote with respect to all Claims in a single Class; and

(d)     that no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such earlier Ballots are hereby revoked.

Name of holder: _____
(Print or Type)

Social Security or Federal Tax I.D. No.: _____
(Optional)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT IN THE ENVELOPE PROVIDED.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING PACIFIC TIME) ON FEBRUARY 18, 2011.**

## VOTING INSTRUCTIONS

1. The Debtors are soliciting the votes of holders of Class 4 Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, a copy of which also accompanies the Ballot.

2. The Bankruptcy Court may confirm the Plan and thereby bind you, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed preaddressed envelope. **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.**

4. If a Ballot is received after the Voting Deadline, it will not be counted. The method of delivery of Ballots to the Balloting Agent is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery. Delivery of a Ballot by electronic mail, e-mail or any other electronic means will not be accepted. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5. If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot. Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7. This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

8. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from

that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

10.    You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

11.    Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

13.    You must return the Ballot in sufficient time for it to be **RECEIVED** by the Balloting Agent no later than the Voting Deadline. If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No.  10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE THIRD
AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

<u>Class 5A — General Unsecured Claims against Non-Holdco Debtors</u>

The Debtors have sent this Ballot to you because our records indicate that you are a holder of a Class 5A General Unsecured Claim against Non-Holdco Debtors and, accordingly, you have a right to vote to accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan").  All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

Your rights are described in the Disclosure Statement.  The Disclosure Statement, Plan, Disclosure Statement Order, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  The Solicitation Package materials are also available by contacting the Debtors' Balloting Agent in writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA

1

90245 or by calling (877) 565-8217. You may also obtain copies of the Disclosure Statement or the Plan by accessing http://www.kccllc.net/workflow. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you have received this Ballot in error, please contact the Balloting Agent at the address or telephone number above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5A under the Plan. If you hold Claims in more than one Class or against more than one Debtor, you will receive a Ballot for each Class in which you are entitled to vote.**

**If the Balloting Agent does not _receive_ your Ballot on or before the Voting Deadline, which is February 18, 2011 at 4:00 p.m. (Prevailing Pacific Time), and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Class 5A Claim.**

The undersigned hereby certifies that as of January 13, 2011, the undersigned is a holder of a Claim or Claims in the following aggregate unpaid principal amount (insert amount in box below).

$\qquad$ $ _____

**Item 2. Class 5A Vote.**

The holder of the Claim in Class 5A set forth in Item 1 votes (please check one):

☐ To Accept the Plan          ☐ To Reject the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN. PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3. Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)   that either: (i) the person or entity is the holder of the Claims being voted; or (ii) the person or entity is an authorized signatory for some person or entity which is a holder of the Claims being voted;

(b)   that the person or entity has received a copy of the Disclosure Statement and Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)   that the person or entity has cast the same vote with respect to all Claims in a single Class;

(d)   that no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such earlier Ballots are hereby revoked.

Name of holder:   _____
(Print or Type)

Social Security or Federal Tax I.D. No.:   _____
(Optional)

Signature: _____

Name of Signatory:   _____
(If other than holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT IN THE ENVELOPE PROVIDED.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS
4:00 P.M. (PREVAILING PACIFIC TIME) ON
FEBRUARY 18, 2011.**

## VOTING INSTRUCTIONS

1.      The Debtors are soliciting the votes of holders of Class 5A Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, a copy of which also accompanies the Ballot.

2.      The Bankruptcy Court may confirm the Plan and thereby bind you, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

3.      To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed preaddressed envelope. **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.**

4.      If a Ballot is received after the Voting Deadline, it will not be counted. The method of delivery of Ballots to the Balloting Agent is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery. Delivery of a Ballot by electronic mail, e-mail or any other electronic means will not be accepted. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.      If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot. Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7.      This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

8.      Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from

that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

10.     You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

11.     Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.     The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

13.     You must return the Ballot in sufficient time for it to be **RECEIVED** by the Balloting Agent no later than the Voting Deadline. If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No.  10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE
THIRD AMENDED JOINT CHAPTER 11 PLAN OF
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

<u>Class 5C — Multi-Debtor General Unsecured Claims</u>

The Debtors have sent this Ballot to you because our records indicate that you are a holder of a Class 5C Multi-Debtor General Unsecured Claim and, accordingly, you have a right to vote to accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan").  All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

Your rights are described in the Disclosure Statement.  The Disclosure Statement, Plan, Disclosure Statement Order, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  The Solicitation Package materials are also available by contacting the Debtors' Balloting Agent in writing to Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA

90245 or by calling (877) 565-8217. You may also obtain copies of the Disclosure Statement or the Plan by accessing http://www.kccllc.net/workflow. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. If you believe you have received this Ballot in error, please contact the Balloting Agent at the address or telephone number above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5C under the Plan. If you hold Claims in more than one Class or against more than one Debtor, you will receive a Ballot for each Class in which you are entitled to vote.**

**If the Balloting Agent does not _receive_ your Ballot on or before the Voting Deadline, which is February 18, 2011 at 4:00 p.m. Prevailing Pacific Time, and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Claim.**

The undersigned hereby certifies that as of January 13, 2011, the undersigned is a holder of a Claim or Claims in the following aggregate unpaid principal amount (insert amount in box below).

$$\boxed{\$_____}$$

**Item 2. Class 5C Vote.**

The holder of the Class 5C Claim in Item 1 votes (please check one):

☐ To Accept the Plan          ☐ To Reject the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN. PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3. Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)     that either: (i) the person or entity is the holder of the Claims being voted; or (ii) the person or entity is an authorized signatory for some person or entity which is a holder of the Claims being voted;

(b)     that the person or entity has received a copy of the Disclosure Statement and Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     that the person or entity has cast the same vote with respect to all Claims in a single Class;

(d)     that no other Ballots with respect to the amount of the Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such earlier Ballots are hereby revoked.

Name of holder: _____
(Print or Type)

Social Security or Federal Tax I.D. No.: _____
(Optional)

Signature: _____

Name of Signatory: _____
(If other than holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT IN THE ENVELOPE PROVIDED.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING PACIFIC TIME) ON FEBRUARY 18, 2011.**

# VOTING INSTRUCTIONS

1.      The Debtors are soliciting the votes of holders of Class 5C Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot).  All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, a copy of which also accompanies the Ballot.

2.      The Bankruptcy Court may confirm the Plan and thereby bind you, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan.  Please review the Disclosure Statement for more information.

3.      To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed preaddressed envelope.  **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.**

4.      If a Ballot is received after the Voting Deadline, it will not be counted.  The method of delivery of Ballots to the Balloting Agent is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Balloting Agent actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.  Delivery of a Ballot by electronic mail, e-mail or any other electronic means will not be accepted.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.      If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot.  Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7.      This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

8.      Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if it is different from

that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

10.     You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

11.     Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12.     The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

13.     You must return the Ballot in sufficient time for it to be **<u>RECEIVED</u>** by the Balloting Agent no later than the Voting Deadline.  If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY!**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

## II.MASTER BALLOTS

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No.  10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

**<u>Class 2 – First Lien Lender Claims</u>**

This Master Ballot is to be used by you as Voting Nominee for beneficial owners of the First Lien Lender Claims in Class 2 to transmit the votes of beneficial owner(s) in respect of their Class 2 Claims to accept or reject the accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan").  All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

**Please read and follow the attached instructions carefully.  Complete, sign, and date this Master Ballot, and return it so that it is actually received by the Debtors' Balloting Agent on or before the Voting Deadline of 4:00 p.m. (Prevailing Pacific Time) on <u>February 18, 2011</u>.  If your Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Ballot must be provided to the Balloting Agent via overnight**

1

**courier by the following business day (February 22, 2011) in order for your Ballot to be deemed timely.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that as of the January 13, 2011 record date, the undersigned (please check the applicable box):

☐ Is a Voting Nominee for the beneficial owners of the aggregate principal amount of First Lien Lender Claims listed in Item 2 below, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted to a Voting Nominee by the Beneficial Holder of the aggregate principal amount of First Lien Lender Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a Beneficial Holder, that is the holder of the aggregate principal amount of First Lien Lender Claims listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the First Lien Lender Claims listed in Item 2 below.

**Item 2. Class 2 Vote (First Lien Lender Claims).**

The undersigned transmits the following votes of Beneficial Holder(s) in respect of their First Lien Lender Claims, and certifies that the following beneficial owner(s) of the First Lien Lender Claims, as identified below, are beneficial owner(s) of such First Lien Lender Claims as of the January 13, 2011 record date and have delivered to the undersigned, as Voting Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.) Please note that each Beneficial Holder must vote all his, her, or its Class 2 Claims (First Lien Lender Claims) either to accept or reject the Plan, and may not split such vote.

| Name of Beneficial Holder of First Lien Lender Claim | Principal Amount of First Lien Loan Obligation Voted to ACCEPT the Plan | | Principal Amount of First Lien Loan Obligation Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | **OR** | $ |
| 2. | $ | **OR** | $ |
| 3. | $ | **OR** | $ |
| 4. | $ | **OR** | $ |
| 5. | $ | **OR** | $ |
| 6. | $ | **OR** | $ |
| 7. | $ | **OR** | $ |
| 8. | $ | **OR** | $ |
| 9. | $ | **OR** | $ |

| 10. | $ | **OR** | $ |
|---|---|---|---|
| 11. | $ | | |
| **TOTALS** | $ | | $ |

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN.  PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3.  Certification.**

By signing this Master Ballot, the undersigned certifies that each Beneficial Holder of the First Lien Lender Claims listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee:

_____
    (Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (____)_____

Date Completed:_____


**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING PACIFIC TIME) ON FEBRUARY 18, 2011.**

# INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**HOW TO VOTE:**

If you are both the record holder and beneficial owner of any principal amount of First Lien Lender Claim and you wish to vote such First Lien Lender Claims, you may complete, execute, and return to the Balloting Agent either a Ballot or a Master Ballot.

**If you are transmitting the votes of any Beneficial Holders of First Lien Lender Claims other than yourself, you should:**

Deliver the Ballot to the Beneficial Holder, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (a) complete and execute such Ballot voting to accept or reject the Plan, and (b) return the completed and executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent before the Voting Deadline; and

With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

1. Check the appropriate box in Item 1 on the Master Ballot;

2. Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by Beneficial Holders of the First Lien Lender Claims. **IMPORTANT: BENEFICIAL HOLDERS MAY <u>NOT</u> SPLIT THEIR VOTES, EXCEPT IN THE SOLE DISCRETION OF THE DEBTORS. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BALLOTING AGENT IMMEDEATLY.** Any Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or that attempts impermissibly to split a vote will not be counted;

3. Review the certification in Item 3 of the Master Ballot;

4. Sign and date the Master Ballot, and provide the remaining information requested;

5. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

6. Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

7. Deliver the completed and executed Master Ballot so that it is **<u>actually received</u>** by the Balloting Agent on or before the Voting Deadline. For each completed and executed

Ballot returned to you by a Beneficial Holder, forward such Ballot (along with your Master Ballot) to the Balloting Agent.

8.      To ensure that your vote is counted, you must: (a) complete the Master Ballot; and (b) sign and return the Master Ballot to the address set forth on the enclosed preaddressed envelope by the Voting Deadline; **OR** you must (a) complete the Master Ballot; (b) sign and return the Master Ballot by attaching a copy (e.g., in .pdf or .tif) of each executed and completed Master Ballot to an electronic mail and sending it to the Balloting Agent at _____@kccllc.com by the Voting Deadline; and (c) return the original Master Ballot and Ballots to the Balloting Agent at the address set forth on the enclosed preaddressed envelope via overnight courier by the following business day (February 22, 2011). **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.** If a Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Master Ballot and Ballots must be provided to the Balloting Agent via overnight courier by the following business day in order for the Master Ballot to be deemed timely.

9.      No fees or commissions or other remuneration will be payable to any Voting Nominee or other person for soliciting votes on the Plan.

10.     If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

11.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot. Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

12.     This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

13.     Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14.     If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

15.     You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

16.    Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

17.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

18.    You must return the Master Ballot in sufficient time for it to be **<u>RECEIVED</u>** by the Balloting Agent no later than the Voting Deadline.  If your Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Master Ballot and accompanying Ballots must be provided to the Balloting Agent via overnight courier by the following business day in order for your Master Ballot to be deemed timely.  If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617 (SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE
THIRD AMENDED JOINT CHAPTER 11 PLAN OF
WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

**Class 3 – Second Lien Lender Secured Claims**

This Master Ballot is to be used by you as Voting Nominee for beneficial owners of the Second Lien Lender Claims in Class 3 to transmit the votes of beneficial owner(s) in respect of their Class 3 Claims to accept or reject the accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan"). All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot, and return it so that it is actually received by the Debtors' Balloting Agent on or before the Voting Deadline of 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011. If this master ballot is not completed, signed, and actually received by the**

**Debtors' Balloting Agent prior to the expiration of the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. If a Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Master Ballot must be provided to the Balloting Agent via overnight courier by the following business day (February 22, 2011) in order for your Master Ballot to be deemed timely.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that as of the January 13, 2011 record date, the undersigned (please check the applicable box):

☐ Is a Voting Nominee for the beneficial owners of the aggregate principal amount of Second Lien Lender Claims listed in Item 2 below, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted to a Voting Nominee by the Beneficial Holder of the aggregate principal amount of Second Lien Lender Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a Beneficial Holder, that is the holder of the aggregate principal amount of Second Lien Lender Claims listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Second Lien Lender Claims listed in Item 2 below.

**Item 2. Class 3 Vote (Second Lien Lender Secured Claims).**

The undersigned transmits the following votes of Beneficial Holder(s) in respect of their Second Lien Lender Claims, and certifies that the following beneficial owner(s) of the Second Lien Lender Claims, as identified below, are beneficial owner(s) of such Second Lien Lender Claims as of the January 13, 2011 record date and have delivered to the undersigned, as Voting Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.) Please note that each Beneficial Holder must vote all his, her, or its Class 3 Claims (Second Lien Lender Secured Claims) either to accept or reject the Plan, and may not split such vote.

| Name of Beneficial Holder of Second Lien Lender Claim | Principal Amount of Second Lien Loan Obligation Voted to ACCEPT the Plan | | Principal Amount of Second Lien Loan Obligation Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |

| | | | |
|---|---|---|---|
| 4. | $ | **OR** | $ |
| 5. | $ | **OR** | $ |
| 6. | $ | **OR** | $ |
| 7. | $ | **OR** | $ |
| 8. | $ | **OR** | $ |
| 9. | $ | **OR** | $ |
| 10. | $ | **OR** | $ |
| 11. | $ | | |
| **TOTALS** | $ | | $ |

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN.  PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3.  Certification.**

By signing this Master Ballot, the undersigned certifies that each Beneficial Holder of the Second Lien Lender Claims listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee:

_____
    (Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (____)_____

Date Completed:_____


**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS
4:00 P.M. (PREVAILING PACIFIC TIME) ON
FEBRUARY 18, 2011.**

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

**HOW TO VOTE:**

If you are both the record holder and beneficial owner of any principal amount of Second Lien Lender Claim and you wish to vote such Second Lien Lender Claims, you may complete, execute, and return to the Balloting Agent either a Ballot or a Master Ballot.

**If you are transmitting the votes of any Beneficial Holders of Second Lien Lender Claims other than yourself, you should:**

Deliver the Ballot to the Beneficial Holder, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (a) complete and execute such Ballot voting to accept or reject the Plan, and (b) return the completed and executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent before the Voting Deadline; and

With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

1.     Check the appropriate box in Item 1 on the Master Ballot;

2.     Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by Beneficial Holders of the Second Lien Lender Claims. **IMPORTANT: BENEFICIAL HOLDERS MAY <u>NOT</u> SPLIT THEIR VOTES, EXCEPT IN THE SOLE DISCRETION OF THE DEBTORS.  IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BALLOTING AGENT IMMEDEATLY.**  Any Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which attempts impermissibly to split a vote will not be counted;

3.     Review the certification in Item 3 of the Master Ballot;

4.     Sign and date the Master Ballot, and provide the remaining information requested;

5.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

6.     Multiple Master Ballots may be completed and delivered to the Balloting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If

more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

7.  Deliver the completed and executed Master Ballot so that it is actually received by the Balloting Agent on or before the Voting Deadline.  For each completed and executed Ballot returned to you by a Beneficial Holder, forward such Ballot (along with your Master Ballot) to the Balloting Agent.

8.  To ensure that your vote is counted, you must: (a) complete the Master Ballot; and (b) sign and return the Master Ballot to the address set forth on the enclosed preaddressed envelope by the Voting Deadline; **OR** you must (a) complete the Master Ballot; (b) sign and return the Master Ballot by attaching a copy (e.g., in .pdf or .tif) of each executed and completed Master Ballot to an electronic mail and sending it to the Balloting Agent at _____@kccllc.com by the Voting Deadline; and (c) return the original Master Ballot and Ballots to the Balloting Agent at the address set forth on the enclosed preaddressed envelope via overnight courier by the following business day (February 22, 2011).  **The Voting Deadline is 4:00 p.m. (Prevailing Pacific Time) on February 18, 2011.**  If a Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Master Ballot and Ballots must be provided to the Balloting Agent via overnight courier by the following business day in order for the Master Ballot to be deemed timely.

9.  No fees or commissions or other remuneration will be payable to any Voting Nominee or other person for soliciting votes on the Plan.

10.  If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

11.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot.  Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

12.  This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

13.  Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14.  If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each

different Debtor, Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

15.    You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

16.    Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

17.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

18.    You must return the Master Ballot in sufficient time for it to be **RECEIVED** by the Balloting Agent no later than the Voting Deadline.  If your Master Ballot is delivered to the Balloting Agent by the Voting Deadline via electronic mail, the original Master Ballot and accompanying Ballots must be provided to the Balloting Agent via overnight courier by the following business day in order for your Master Ballot to be deemed timely.  If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

## **PLEASE RETURN YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617(SCS) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF WORKFLOW
MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS**

**Class 5C – Multi-Debtor General Unsecured Claims**

This Master Ballot is to be used by you as Voting Nominee for beneficial owners of the Second Lien Lender Claims who have Second Lien Lender Deficiency Claims and have been classified in Class 5C to transmit the votes of beneficial owner(s) in respect of their Class 5C Claims to accept or reject the accept or reject the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan"). All capitalized terms used in the Ballot or in these instructions but not otherwise defined herein shall have the meaning ascribed to such terms in the Order (A) Approving Disclosure Statement; (B) Fixing Voting Record Date and Administrative Expense Claim Bar Date; (C) Approving Solicitation and Voting Procedures with Respect to Debtors' Third Amended Chapter 11 Plan; (D) Approving Form of Solicitation Package and Notices; (E) Scheduling Certain Dates in Connection Therewith; and (F) Granting the Debtors Authority to Enter into Asset Purchase Agreement and Pay Certain Fees and Expenses in Connection Therewith (the "Disclosure Statement Order"), the Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors and all exhibits thereto (the "Disclosure Statement"), including the Plan, as the case may be.

**Please read and follow the attached instructions carefully. Complete, sign, and date this Master Ballot, and return it so that it is actually received by the Debtors' Balloting Agent on or before the Voting Deadline of 4:00 p.m. (Prevailing Pacific Time) on <u>February 18, 2011</u>. If this master ballot is not completed, signed, and actually received by the Debtors'**

**Balloting Agent prior to the expiration of the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that as of the January 13, 2011 record date, the undersigned (please check the applicable box):

☐   Is a Voting Nominee for the beneficial owners of the aggregate principal amount of Second Lien Lender Deficiency Claims listed in Item 2 below, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted to a Voting Nominee by the Beneficial Holder of the aggregate principal amount of Second Lien Lender Deficiency Claims listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a Beneficial Holder, that is the holder of the aggregate principal amount of Second Lien Lender Deficiency Claims in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Second Lien Lender Deficiency Claims listed in Item 2 below.

**Item 2.  Class 5C Vote (Multi-Debtor General Unsecured Claims).**

The undersigned transmits the following votes of Beneficial Holder(s) in respect of their Second Lien Lender Deficiency Claims, and certifies that the following beneficial owner(s) of the Second Lien Lender Deficiency Claims, as identified below, are beneficial owner(s) of such Second Lien Lender Deficiency Claims as of the January 13, 2011 record date and have delivered to the undersigned, as Voting Nominee, Ballots casting such votes.  (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)  Please note that each Beneficial Holder must vote all his, her, or its Class 5C Claims (Multi-Debtor General Unsecured Claims) either to accept or reject the Plan, and may not split such vote.

| Name of Beneficial Holder of Second Lien Lender Deficiency Claim | Principal Amount of Second Lien Loan Obligation Voted to ACCEPT the Plan | | Principal Amount of Second Lien Loan Obligation Voted to REJECT the Plan |
| --- | --- | --- | --- |
| 1. | $ | **OR** | $ |
| 2. | $ | **OR** | $ |
| 3. | $ | **OR** | $ |
| 4. | $ | **OR** | $ |
| 5. | $ | **OR** | $ |
| 6. | $ | **OR** | $ |
| 7. | $ | **OR** | $ |
| 8. | $ | **OR** | $ |
| 9. | $ | **OR** | $ |

| 10. | $ | **OR** | $ |
|---|---|---|---|
| 11. | $ | | |
| **TOTALS** | $ | | $ |

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND ASSENT TO THE RELEASES SET FORTH IN THE PLAN.  PLEASE SEE ARTICLE XIII OF THE PLAN FOR FURTHER INFORMATION ABOUT THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.**

**Item 3.  Certification.**

By signing this Master Ballot, the undersigned certifies that each Beneficial Holder of the Second Lien Lender Deficiency Claims listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee:

_____
        (Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (___)_____

Date Completed:_____


**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO THE BALLOTING AGENT IN THE ENVELOPE PROVIDED.**

**BALLOTS MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE BALLOTING AGENT BY THE VOTING DEADLINE.**

**THE VOTING DEADLINE IS
4:00 P.M. (PREVAILING PACIFIC TIME) ON
FEBRUARY 18, 2011.**

# INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**HOW TO VOTE:**

If you are both the record holder and beneficial owner of any principal amount of Second Lien Lender Claim and you wish to vote such Second Lien Lender Deficiency Claims, you may complete, execute, and return to the Balloting Agent either a Ballot or a Master Ballot.

**If you are transmitting the votes of any Beneficial Holders of Second Lien Lender Deficiency Claims other than yourself, you should:**

Deliver the Ballot to the Beneficial Holder, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (a) complete and execute such Ballot voting to accept or reject the Plan, and (b) return the completed and executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent before the Voting Deadline; and

With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

1.   Check the appropriate box in Item 1 on the Master Ballot;

2.   Indicate the votes to accept or reject the Plan in Item 2 of this Master Ballot, as transmitted to you by Beneficial Holders of the Second Lien Lender Deficiency Claims. **IMPORTANT: BENEFICIAL HOLDERS MAY <u>NOT</u> SPLIT THEIR VOTES, EXCEPT IN THE SOLE DISCRETION OF THE DEBTORS. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BALLOTING AGENT IMMEDEATLY.** Any Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which attempts impermissibly to split a vote will not be counted;

3.   Review the certification in Item 3 of the Master Ballot;

4.   Sign and date the Master Ballot, and provide the remaining information requested;

5.   If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

6.   Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

7.   Deliver the completed and executed Master Ballot so that it is actually received by the Balloting Agent on or before the Voting Deadline. For each completed and executed

Ballot returned to you by a Beneficial Holder, forward such Ballot (along with your Master Ballot) to the Balloting Agent.

8.    No fees or commissions or other remuneration will be payable to any Voting Nominee or other person for soliciting votes on the Plan.

9.    If multiple Ballots are received prior to the Voting Deadline from an individual holder of a Claim with respect to the same Claim in the same Class against the same Debtor, the last Ballot timely received will supersede and revoke any earlier received Ballots.

10.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make the election(s) called for in the Ballot. Accordingly, at this time, Creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Balloting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.   This Ballot does not constitute, and shall not be deemed to be, (i) a proof of Claim or (ii) an assertion or admission of a Claim.

12.   Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an entity, indicate your relationship with that entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13.   If you hold Claims against more than one Debtor and/or in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Debtor, Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

14.   You must vote all of your Claims within a particular Class against a particular Debtor either to accept or reject the Plan and may not split your vote.

15.   Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

16.   The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor; (b) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of Claim was timely filed; (d) any unsigned Ballot; and (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan.

17.   You must return the Ballot in sufficient time for it to be RECEIVED by the Balloting Agent no later than the Voting Deadline. If you believe you have received the wrong Ballot, please contact the Balloting Agent immediately.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (877) 565-8217.**

\28005916

<u>**EXHIBIT 5**</u>

**(I. Notice of Non-Voting Status with respect to Unimpaired Classes Deemed to Accept the Plan and Unclassified Classes; and II. Notice of Non-Voting Status with respect to Impaired Classes Deemed to Reject the Plan)**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617 (SCS) |
| et al.,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO
UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN
<u>AND UNCLASSIFIED CLASSES</u>**

**PLEASE TAKE NOTICE** that on January [21], 2011, the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "Bankruptcy Court") approved the above-captioned Debtors' Disclosure Statement (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the Debtors in soliciting acceptances or rejections of the Plan from Holders of Impaired Claims and Interests who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1] The Debtors and the last four digits of the Debtors' taxpayer identification numbers are as follows: Workflow Management, Inc. (7104); Workflow Holdings Corporation (9217); WF Capital Holdings, Inc. (5548); WF Holdings, Inc. (9106); Workflow Direct, Inc. (7497); Workflow Management Acquisition II Corp. (2039); WFIH, Inc. (0527); WFMI, Inc. (4282); Workflow of Florida, Inc. (4281); Workflow Solutions LLC (3769); SFI of Puerto Rico, Inc. (3413); Old FGS, Inc. (1438); Old UE, LLC (4060); The Relizon Company (4702); Relizon Wisconsin Inc. (8440); Relizon (Texas) Ltd., LLP (6437); Relizon SNE Inc. (4537); Relizon KNE Inc. (3935); Relizon de Mexico Inc. (6996); Formcraft Holdings General Partner, Inc. (5683); Formcraft Holdings Limited Partner, Inc. (5684). The mailing address for WF Capital Holdings, Inc., Old FGS, Inc., and Old UE, LLC is 150 West Main Street, Suite 2100, Norfolk, Virginia 23501. For all other Debtors, the mailing address is 220 E. Monument Avenue, Dayton, Ohio 45402.

[2] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan, Disclosure Statement or the Disclosure Statement Order, as applicable.

**THE DEBTORS' DISCLOSURE STATEMENT, PLAN, PLAN SUPPLEMENT, DISCLOSURE STATEMENT ORDER, AND OTHER SOLICITATION PACKAGE MATERIALS ARE AVAILABLE BY CONTACTING THE DEBTORS' BALLOTING AGENT IN WRITING AT WORKFLOW CLAIMS PROCESSING, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CA 90245 OR CALLING (877) 565-8217.**

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF ARTICLES V OR VI OF THE PLAN, EITHER: (A) YOUR CLAIMS ARE UNCLASSIFIED PURSUANT TO SECTION 1123(a)(1) OF THE BANKRUPTCY CODE AND THEREFORE YOU ARE NOT ENTITLED TO VOTE ON THE PLAN; OR (B) YOUR CLAIM(S) AGAINST THE DEBTORS ARE UNIMPAIRED AND, THEREFORE, IN ACCORDANCE WITH SECTION 1126(f) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.  ENCLOSED WITH THIS NOTICE ARE THE CONFIRMATION HEARING NOTICE AND THE SOLICITATION PROCEDURES.  YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE PLAN'S TREATMENT OF YOUR CLAIM.

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), YOU SHOULD CONTACT THE DEBTORS' BALLOTING AGENT AT THE ADDRESS OR TELEPHONE NUMBER SET FORTH ABOVE.

| | |
|---|---|
| Dated: Norfolk, Virginia<br>January ___, 2011 | WORKFLOW MANAGEMENT, INC., <u>et al</u>.<br><br>_____<br>Douglas M. Foley (VSB No. 34364)<br>Patrick L. Hayden (VSB No. 30351)<br>McGUIREWOODS LLP<br>9000 World Trade Center<br>101 West Main Street<br>Norfolk, Virginia, 23510<br>(757) 640-3700<br><br>Attorneys for the Debtors and<br>Debtors in Possession |

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., | ) | Case No. 10-74617 (SCS) |
| et al.,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO
IMPAIRED CLASSES DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE** that on January [21], 2011, the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "Bankruptcy Court") approved the above-captioned Debtors' Disclosure Statement (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the Debtors in soliciting acceptances or rejections of the Plan from Holders of Impaired Claims and Interests who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1] The Debtors and the last four digits of the Debtors' taxpayer identification numbers are as follows: Workflow Management, Inc. (7104); Workflow Holdings Corporation (9217); WF Capital Holdings, Inc. (5548); WF Holdings, Inc. (9106); Workflow Direct, Inc. (7497); Workflow Management Acquisition II Corp. (2039); WFIH, Inc. (0527); WFMI, Inc. (4282); Workflow of Florida, Inc. (4281); Workflow Solutions LLC (3769); SFI of Puerto Rico, Inc. (3413); Old FGS, Inc. (1438); Old UE, LLC (4060); The Relizon Company (4702); Relizon Wisconsin Inc. (8440); Relizon (Texas) Ltd., LLP (6437); Relizon SNE Inc. (4537); Relizon KNE Inc. (3935); Relizon de Mexico Inc. (6996); Formcraft Holdings General Partner, Inc. (5683); Formcraft Holdings Limited Partner, Inc. (5684). The mailing address for WF Capital Holdings, Inc., Old FGS, Inc., and Old UE, LLC is 150 West Main Street, Suite 2100, Norfolk, Virginia 23501. For all other Debtors, the mailing address is 220 E. Monument Avenue, Dayton, Ohio 45402.

[2] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan, Disclosure Statement or the Disclosure Statement Order, as applicable.

**THE DEBTORS' DISCLOSURE STATEMENT, PLAN, PLAN SUPPLEMENT, DISCLOSURE STATEMENT ORDER, AND OTHER SOLICITATION PACKAGE MATERIALS ARE AVAILABLE BY CONTACTING THE DEBTORS' BALLOTING AGENT IN WRITING AT WORKFLOW CLAIMS PROCESSING, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CA 90245 OR CALLING (877) 565-8217.**

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF ARTICLES V OR VI OF THE PLAN YOUR CLAIM(S) AGAINST THE DEBTORS ARE IMPAIRED AND IN ACCORDANCE WITH SECTION 1126(g) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.  ENCLOSED WITH THIS NOTICE ARE THE CONFIRMATION HEARING NOTICE AND THE SOLICITATION PROCEDURES. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE PLAN'S TREATMENT OF YOUR CLAIM.

IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), YOU SHOULD CONTACT THE DEBTORS' BALLOTING AGENT AT THE ADDRESS OR TELEPHONE NUMBER SET FORTH ABOVE.

Dated: Norfolk, Virginia
      January ___, 2010

WORKFLOW MANAGEMENT, INC., <u>et al</u>.

_____
Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia, 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

\19630444

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, YOU MAY CONTACT THE DEBTORS' BALLOTING AGENT IN WRITING AT WORKFLOW CLAIMS PROCESSING, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CA 90245 OR BY CALLING (877) 565-8217.

Dated: Norfolk, Virginia
        January [21], 2011

WORKFLOW MANAGEMENT, INC., <u>et al</u>.


_____
Douglas M.  Foley (VSB No. 34364)
Patrick L.  Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia, 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

\19631046

## EXHIBIT 6

**(Notice to Counterparties to Contracts and Leases)**

Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WORKFLOW MANAGEMENT, INC., et al.,[1] | ) ) | Case No. 10-74617(SCS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE TO COUNTERPARTIES TO CONTRACTS AND LEASES**

**PLEASE TAKE NOTICE** that on January 21, 2011, the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "Bankruptcy Court") approved the above-captioned Debtors' Disclosure Statement (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and Its Affiliated Debtors (as further amended from time to time and including all exhibits and supplements, the "Plan") for use by the Debtors in soliciting acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

---

[1] The Debtors and the last four digits of the Debtors' taxpayer identification numbers are as follows: Workflow Management, Inc. (7104); Workflow Holdings Corporation (9217); WF Capital Holdings, Inc. (5548); WF Holdings, Inc. (9106); Workflow Direct, Inc. (7497); Workflow Management Acquisition II Corp. (2039); WFIH, Inc. (0527); WFMI, Inc. (4282); Workflow of Florida, Inc. (4281); Workflow Solutions LLC (3769); SFI of Puerto Rico, Inc. (3413); Old FGS, Inc. (1438); Old UE, LLC (4060); The Relizon Company (4702); Relizon Wisconsin Inc. (8440); Relizon (Texas) Ltd., LLP (6437); Relizon SNE Inc. (4537); Relizon KNE Inc. (3935); Relizon de Mexico Inc. (6996); Formcraft Holdings General Partner, Inc. (5683); Formcraft Holdings Limited Partner, Inc. (5684). The mailing address for WF Capital Holdings, Inc., Old FGS, Inc., and Old UE, LLC is 150 West Main Street, Suite 2100, Norfolk, Virginia 23501. For all other Debtors, the mailing address is 220 E. Monument Avenue, Dayton, Ohio 45402.

[2] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.

YOU ARE PARTY TO A CONTRACT OR LEASE WITH THE DEBTORS THAT MAY BE AN EXECUTORY CONTRACT OR UNEXPIRED LEASE. YOUR RIGHTS MAY BE AFFECTED BY THE PLAN. **ENCLOSED WITH THIS NOTICE ARE THE DISCLOSURE STATEMENT, PLAN, DISCLOSURE STATEMENT ORDER, SOLICITATION PROCEDURES AND THE CONFIRMATION HEARING NOTICE.**

THE DEBTORS WILL FILE A PLAN SUPPLEMENT ON OR BEFORE <u>**FEBRUARY 14, 2011**</u>. THE PLAN SUPPLEMENT WILL BE AVAILABLE ON THE BALLOTING AGENT'S WEBSITE AT <u>WWW.KCCLLC.NET/WORKFLOW</u>, OR YOU CAN CONTACT THE BALLOTING AGENT AT THE ADDRESS AND/OR PHONE NUMBER SET FORTH BELOW.

AMONG OTHER THINGS, THE PLAN SUPPLEMENT WILL INCLUDE:

- A "<u>SCHEDULE OF REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>." THE DEBTORS RESERVE THE RIGHT TO AMEND ANY "SCHEDULE OF REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES" AT LEAST TWO (2) DAYS BEFORE THE DATE OF THE CONFIRMATION HEARING.

- SCHEDULE 2.2(F) OF THE SELLER'S DISCLOSURE SCHEDULES TO THE ASSET PURCHASE AGREEMENT, WHICH IDENTIFIES "<u>ASSIGNED CONTRACTS</u>." THE ASSIGNED CONTRACTS SHALL BE ASSUMED AND ASSIGNED TO THE PURCHASER PURSUANT TO THE PROVISIONS OF SECTION 365 OF THE BANKRUPTCY CODE EFFECTIVE AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, UNLESS ANOTHER DATE IS SPECIFIED IN THE PLAN.

- SCHEDULE 2.3(B)(II) OF THE SELLER'S DISCLOSURE SCHEDULES TO THE ASSET PURCHASE AGREEMENT, WHICH IDENTIFIES "<u>RETAINED CONTRACTS</u>." THE DEBTORS WILL ASSUME ANY RETAINED CONTRACTS THAT ARE EXECUTORY.

- A "<u>SCHEDULE OF CURE COSTS</u>," WHICH MAY BE AMENDED FROM TIME TO TIME THEREAFTER. THE "SCHEDULE OF CURE COSTS" WILL SET FORTH THE CURE COSTS FOR EACH AGREEMENT THAT THE DEBTORS BELIEVE A CURE COST MUST BE SATISFIED AS A CONDITION TO THE ASSUMPTION AND ASSIGNMENT OF SUCH AGREEMENT. IF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED UNDER THE PLAN DOES NOT HAVE A CURE COST, IT WILL NOT BE IDENTIFIED ON THE "SCHEDULE OF CURE COSTS."

IF YOUR CONTRACT OR LEASE IS NOT IDENTIFIED ON THE "SCHEDULE OF REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES" OR THE "RETAINED CONTRACTS," THEN IT IS BEING ASSUMED AND ASSIGNED TO THE PURCHASER.

**IF YOU DISPUTE THE REJECTION, ASSUMPTION AND/OR ASSUMPTION AND ASSIGNMENT OF YOUR EXECUTORY CONTRACT OR UNEXPIRED LEASE, YOU MUST FILE WITH THE BANKRUPTCY COURT, AND SERVE UPON THE DEBTORS AT THE ADDRESS BELOW, A WRITTEN OBJECTION TO THE ASSUMPTION AND ASSIGNMENT, WHICH OBJECTION SHALL SET FORTH THE BASIS FOR THE DISPUTE, BY NO LATER THAN <u>FEBRUARY 22, 2011 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>. THE FAILURE TO TIMELY OBJECT SHALL BE DEEMED A WAIVER OF ANY AND ALL OBJECTIONS TO THE ASSUMPTION AND/OR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS SET FORTH IN THE PLAN OR AS OTHERWISE DESIGNATED AS BEING ASSUMED OR ASSUMED AND ASSIGNED IN SECTION 12.1 OF THE PLAN.**

**IF YOU DISPUTE THE SCHEDULED CURE COSTS (OR OBJECT TO THE OMISSION OF A SCHEDULED CURE COSTS), THEN YOU MUST FILE WITH THE BANKRUPTCY COURT, AND SERVE UPON THE DEBTORS AT THE ADDRESS BELOW AND UPON THE COMMITTEE AT VENABLE LLP, ATTN: RICHARD L. WASSERMAN, 750 E. PRATT STREET, SUITE 900, BALTIMORE, MD 21202, BY NO LATER THAN <u>FEBRUARY 22, 2011 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>, A WRITTEN OBJECTION TO THE PROPOSED CURE COSTS, WHICH OBJECTION SHALL SET FORTH THE BASIS FOR THE DISPUTE AND THE ALLEGED CORRECT CURE COST. IF YOU FAIL TO FILE AND SERVE AN OBJECTION THAT COMPLIES WITH THE FOREGOING, THE CURE COSTS SET FORTH ON THE "SCHEDULE OF CURE COSTS" SHALL BE BINDING ON YOU, AND YOU SHALL BE DEEMED TO HAVE WAIVED ANY AND ALL OBJECTIONS TO THE ASSUMPTION AND ASSIGNMENT OF THE RELEVANT AGREEMENT AS PROPOSED BY THE DEBTORS.** IN THE EVENT OF A DISPUTE REGARDING THE ASSUMPTION OF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE, THE PROVISION OF CURE COSTS TO THE COUNTERPARTY OF THE EXECUTORY CONTRACT OR UNEXPIRED LEASE SHALL OCCUR AS SOON AS REASONABLY PRACTICABLE FOLLOWING THE ENTRY OF A FINAL ORDER OR MUTUAL AGREEMENT RESOLVING SUCH DISPUTE.

**PLEASE REVIEW THE PLAN AND DISCLOSURE STATEMENT FOR DETAILS REGARDING THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

**YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE PLAN'S TREATMENT OF YOUR CONTRACT OR LEASE.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, YOU MAY
CONTACT THE DEBTORS' BALLOTING AGENT IN WRITING AT WORKFLOW
CLAIMS PROCESSING, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA
AVENUE, EL SEGUNDO, CA 90245 OR BY CALLING (877) 565-8217.

Dated: Norfolk, Virginia
      January [21], 2011

WORKFLOW MANAGEMENT, INC., et al.


_____
Douglas M.  Foley (VSB No. 34364)
Patrick L.  Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia, 23510
(757) 640-3700

Attorneys for the Debtors and
Debtors in Possession

\19631046

## EXHIBIT 7

**(Committee Letter in Support of the Plan)**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF WORKFLOW MANAGEMENT, INC., <u>et al.</u>, DEBTORS**
CHAPTER 11 CASE NO. 10-74617 (SCS) JOINTLY ADMINISTERED
UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)

c/o Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182

January 21, 2011

To:    Unsecured Creditors of Workflow Management, Inc., <u>et al</u>.

**Re:    Support of Third Amended Joint Chapter 11 Plan of Reorganization of Workflow Management, Inc., et al.**

Dear Unsecured Creditor:

The Official Committee of Unsecured Creditors of Workflow Management, Inc. and its affiliated debtors (the "Committee") writes this letter to unsecured creditors to recommend that each unsecured creditor in Class 5A and 5C vote in favor of the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").[1]  As the official committee of unsecured creditors in these cases, the Committee believes that the Plan is fair and provides the Class 5A and 5C unsecured creditors with the best possible recovery under the circumstances of this case, and strongly recommends that all Class 5A and 5C unsecured creditors vote to accept the Plan in accordance with the instructions set forth on the ballots.

On September 29, 2010, the Debtors filed for bankruptcy protection under chapter 11.  On October 5, 2010, the United States Trustee for the Eastern District of Virginia appointed the Committee to represent the interests of unsecured creditors in the Debtors' chapter 11 cases.  The Committee retained the firms of Venable LLP as its counsel and Protiviti Inc. as its financial advisor.

Over the past 3-1/2 months, the Committee has played an active role in this case in an effort to obtain the best possible recovery under the difficult circumstances of this case for the claims of unsecured creditors.  The enclosed Plan is the result of intense negotiations that, at various times, included the participation of the Committee, the Debtors, the Second Lien Administrative Agent[2], the Purchaser, Perseus, and other key parties.  As part of the negotiated treatment of Class 5A unsecured creditors, the Committee has agreed to support the Plan and has committed to do so without regard to the outcome of voting.  The Committee recommends that unsecured creditors vote to accept the Plan.

---

[1]  You are receiving the Plan and the Disclosure Statement from Debtors in the same package as this letter.

[2]  Capitalized terms not defined in this letter have the meanings set forth in the Plan or Disclosure Statement.

For the purpose of voting on the Plan, the Debtors have provided you with a ballot, which should be completed by you for either accepting or rejecting the Plan and mailed in accordance with the procedures set forth on the ballot and in the Disclosure Statement. Before voting, all creditors are strongly urged to read carefully and review in their entirety the Plan and the Disclosure Statement, including the discussion of the risk factors related to the Plan and all other documents submitted to you. The treatment provisions for Classes 5A, 5B and 5C are set forth in Sections 5.5, 5.6 and 5.7 of the Plan, respectively.

THE COMMITTEE SUPPORTS THE PLAN AND ENCOURAGES ALL HOLDERS OF CLASS 5A AND 5C UNSECURED CLAIMS TO RETURN THEIR COMPLETED BALLOTS ACCEPTING THE PLAN. OF COURSE, EACH CREDITOR MUST MAKE ITS OWN INDEPENDENT DETERMINATION AS TO WHETHER THE PLAN IS ACCEPTABLE TO THAT CREDITOR AND SHOULD CONSULT WITH ITS OWN LEGAL AND/OR FINANCIAL ADVISORS.

The Committee's decision to support the Plan was made after considering numerous factors. The Plan proposed by the Debtors is a Chapter 11 plan, pursuant to which the majority of assets of the Debtors will be sold to a new company (Newco) that will continue the operations of the Debtors achieving the objectives of Chapter 11 for the benefit of creditors, customers, suppliers and employees. As a result of aggressive negotiations by the Committee, the treatment of unsecured creditors under the Plan is substantially better than the treatment provided for under the Second Amended Plan filed by the Debtors on December 29, 2009. Among the improvements in the treatment of unsecured creditors are (a) an increase in the Unsecured Claims Fund from $1 million to $2 million; (b) an increase in the Plan Administrator Reserve from $125,000 to $400,000; and (c) the retention of certain Actionable Avoidance Actions for the benefit of Class 5A creditors (subject to specified veto rights of Newco).

Please be advised that, as set forth in the Plan, additional information regarding the Plan should be filed with the Court in the form of a Plan Supplement no later than February 14, 2011. You are encouraged to review the Plan Supplement carefully when it is made available, as it may have an impact on your treatment under the Plan.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
WORKFLOW MANAGEMENT, INC., et al.