Douglas M. Foley (VSB No. 34364)
Patrick L. Hayden (VSB No. 30351)
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia, 23510
(757) 640-3700

– and –

Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

Counsel for Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **WORKFLOW MANAGEMENT INC.,** | ) | |
| <u>et al.</u>, | ) | **Case No. 10-74617 (SCS)** |
| | ) | |
| **Debtors**. | ) | **(Jointly Administered)** |
| | ) | |

## NOTICE OF FILING OF PLAN SUPPLEMENT
## RELATING TO THIRD AMENDED JOINT CHAPTER 11 PLAN
## <u>OF WORKFLOW MANAGEMENT, INC. AND ITS AFFILIATED DEBTORS</u>

PLEASE TAKE NOTICE that, pursuant to Section 2.4 of the Third Amended

Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (as may be

amended and/or modified, the "Plan"), proposed by the debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"), annexed hereto are certain documents and

designations relating to the Plan and/or to be executed, delivered, assumed and/or performed in

connection with the consummation of the Plan, subject to the occurrence of the Effective Date,[1] which comprise the Plan Supplement.

        PLEASE TAKE FURTHER NOTICE that the Debtors are filing the following documents and designations attached as exhibits to this Notice (or substantially final forms thereof):

1. List of Rejected Executory Contracts and Unexpired Leases (<u>Exhibit A</u>);

2. List of Retained Contracts (<u>Exhibit B</u>);

3. List of Assigned Contracts (<u>Exhibit C</u>);

4. Schedule of Proposed Cure Costs (<u>Exhibit D</u>);

5. Designation of Newco First Lien Administrative Agent (<u>Exhibit E</u>);

6. Newco First Lien Credit Agreement (<u>Exhibit F</u>);

7. Newco First Lien Notes (<u>Exhibit G</u>);

8. Newco Second Lien Credit Agreement (<u>Exhibit H</u>);

9. Newco Second Lien Notes (<u>Exhibit I</u>);

10. Designation of Maximum Amount of Administrative Expense Claims Assumed by Purchaser (<u>Exhibit J</u>); and

11. Designation of Maximum Amount of Administrative Expense Claim Reserve (<u>Exhibit K</u>).

        PLEASE TAKE FURTHER NOTICE that the Debtors hereby reserve all rights to amend, revise or supplement any of the documents and designations contained in this Plan Supplement at any time before the Effective Date of the Plan, or any such other date as may be permitted by the Plan or by Order of this Court.

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

PLEASE TAKE FURTHER NOTICE that the Plan Supplement is available on the Claims Agents' website at http://www.kccllc.net/Workflow or on the Court's website at http://www.vaeb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that a copy of the Plan Supplement also may be obtained by written request (at your cost) to the Claims Agent at the following address and telephone number: Workflow Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Ave., El Segundo, CA 90245, or calling the Claims Agent at (877) 565-8217.

Dated: Norfolk, Virginia        WORKFLOW MANAGEMENT, INC., et al.
       February 14, 2011

                                /s/Douglas M. Foley
                                Douglas M. Foley (VSB No. 34364)
                                Patrick L. Hayden (VSB No. 30351)
                                McGUIREWOODS LLP
                                9000 World Trade Center
                                101 West Main Street
                                Norfolk, Virginia, 23510
                                (757) 640-3700

                                - and -

                                Lynn L. Tavenner, Esq. (VSB No. 30083)
                                Paula S. Beran, Esq. (VSB No. 34679)
                                TAVENNER & BERAN, PLC
                                20 North Eighth Street
                                Second Floor
                                Richmond, Virginia 23219

                                Attorneys for the Debtors
                                and Debtors in Possession

**General Notes to Plan Supplement Exhibits A, B, C and D**
**Relating to Third Amended Joint Chapter 11 Plan of**
**Workflow Management, Inc. and its Affiliated Debtors**

Dated February 14, 2011

1.      These General Notes apply to Plan Supplement Exhibits A, B, C and D.

2.      Neither the exclusion nor inclusion of a contract or lease by the Debtors on these Plan Supplement Exhibits, nor anything contained herein, shall constitute an admission by the Debtors that any such lease or contract is or is not an unexpired lease or executory contract or that any Debtor, or its respective Affiliates, has any liability thereunder.  In addition, out of an abundance of caution, the Debtors may have listed certain leases or contracts on these Plan Supplement Exhibits that have or may have either terminated or expired (or will terminate or expire) prior to the Effective Date pursuant to the terms of such leases or contracts.

3.      All contract and lease assumptions and assignments listed on Exhibit C that are subject to modifications are only being proposed for assumption and assignment subject to such modification, and are contingent upon receipt of a signed letter of agreement including the agreed upon modified terms.

4.      All contracts or leases listed on Exhibit A shall be deemed to be rejected on the Effective Date unless otherwise specified on Exhibit A for rejection on a date after the Effective Date, or as otherwise agreed by the parties in writing, or unless such contract or lease has already been assumed or rejected prior to the Effective Date.  With respect to those contracts or leases proposed to be rejected on a date after the Effective Date, after the Effective Date, the Purchaser will honor all obligations that arise from the Effective Date until the proposed rejection date.

5.      The contracts or leases listed on Exhibit A shall also be deemed to include any and all related or ancillary agreements and documents.

**6.      If your contract or lease is listed on Exhibit C (Assigned Contracts) but is not listed on Exhibit D (Schedule of Cure Costs), the proposed cure amount for your contract or lease is $0.**  The Debtors have made reasonable efforts to list all contracts and leases on these Plan Supplement Exhibits.  However, to the extent the Debtors have failed to list any contract or lease on the attached Plan Supplement Exhibits, each such contract or lease shall be deemed to be included on Exhibit C (Assigned Contracts) with a proposed cure amount of $0.

7.      Any proposed cure amount relating to any contract or lease set forth herein (or set at $0 as provided herein), are amounts being proposed by the Debtors as a condition to assumption and/or assignment and may not reflect any actual prepetition obligations owed to the counterparty on the Debtors' books and records.  To the extent any counterparty objects to the proposed cure amount set forth herein the Debtors reserve the

right to amend these Plan Supplement Exhibits prior to the Confirmation Hearing, with or without the consent of the counterparty, to include a different proposed cure amount, or to move any such contract or lease to <u>Exhibit A</u> for rejection.

**THE PROPOSED CURE AMOUNTS SET FORTH IN <u>EXHIBITS B</u>, <u>C</u>, AND <u>D</u> (OR SET AT $0 AS PROVIDED HEREIN) ARE IN FULL AND FINAL SATISFACTION OF ANY AND ALL PREPETITION OBLIGATIONS OWED UNDER ANY SUCH CONTRACT OR LEASE LISTED, INCLUDING BUT NOT LIMITED TO, ANY PREPETITION CLAIM THAT MIGHT BE ENTITLED TO ADMINISTRATIVE EXPENSE PRIORITY UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE.**

Unless otherwise set forth herein, the Purchaser's obligations with respect to the assumption of postpetition administrative expense obligations arising in the ordinary course of business under the contracts and leases listed on <u>Exhibit C</u> is not affected.

8.      The Debtors maintain the rights to a number of intellectual property assets (the "IP Rights") stemming from certain contracts (the "IP Contracts"). The Debtors have made reasonable efforts to list all of the IP Contracts that grant the Debtors such IP Rights on these Plan Supplement Exhibits. In the event that an IP Contract has inadvertently not been included on these Plan Supplement Exhibits (the "Omitted IP Contracts"), notwithstanding anything in the Plan to the contrary, the Omitted IP Contracts are assumed and assigned to the Purchaser under the Plan and shall be deemed to be included on Exhibit C (Assigned Contracts) with a proposed cure amount of $0.

9.      Any alleged obligations of the Debtors under any employment policies or employee handbooks, including, but not limited to, for severance, vacation pay, bonus, other benefits, rights or the like shall be deemed, to the extent contractual in nature, Rejected Contracts.  Purchaser shall not be deemed to have assumed any liability or obligation to any employee with respect to any employment policies or employee handbooks to the extent not otherwise expressly assumed in the Asset Purchase Agreement.

\29414359.4

**<u>Exhibit A</u>**
(List of Rejected Executory Contracts and Unexpired Leases)

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| 280 PARK AVENUE S ASSOCIATES<br>PO BOX 457<br>WOODBRIDGE, NJ 07095-0457 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 11/1/1994 | AS OF 5/31/2011 |
| A AND B PROPERTIES, INC.<br>C/O PACIFIC COAST COMMERCIAL R, 41 CORPORATE PARK STE 230<br>IRVINE, CA 92606 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 4/1/2007 | AS OF 6/30/2011 |
| AIRGAS INC.<br>259 NORTH RADNOR-CHESTER ROAD, SUITE 100<br>RADNOR, PA 19087-5283 | CUSTOMER TRADE AGREEMENT | REJECT | 3/26/2010 | AS OF THE EFFECTIVE DATE |
| ALLEN AND COMPANY, LLC<br>711 FIFTH AVE<br>NEW YORK, NY 10022 | ENGAGEMENT AGREEMENT WITH ALLEN AND COMPANY, LLC TO BE NON-EXCLUSIVE FINANCIAL ADVISOR | REJECT | 9/27/2006 | AS OF THE EFFECTIVE DATE |
| ALPERT HOLDINGS, LLC<br>353 FOREST GROVE STE 105<br>PEWAUKEE, WI 53072 | SERVICES AGREEMENT | REJECT | 4/28/2009 | AS OF THE EFFECTIVE DATE |
| ALVAREZ AND MARSAL SECURITIES, LLC AND WILMER CUTLER PICKERING HALE AND DORR, LLP<br>600 LEXINGTON AVE, 7TH FLOOR<br>NEW YORK, NY 10022 | ENGAGEMENT AGREEMENT BY WILMERHALE WITH A AND M IN CONNECTION TO WORKFLOW - 1ST LIEN CREDIT AGREEMENT | REJECT | 1/15/2009 | AS OF THE EFFECTIVE DATE |
| AMB U.S. LOGISTICS FUND, L.P<br>C/O CB RICHARD ELLIS, 4400 W 78TH ST STE 200<br>MINNEAPOLIS, MN 55435 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 10/11/1999 | AS OF 5/31/2011 |
| AMBEAU, CHINITA<br>1616 BLANCHARD DR<br>ROSEVILLE, CA 95747 | SEVERANCE AGREEMENT | REJECT | 7/26/2010 | AS OF THE EFFECTIVE DATE |
| ANDREW AZZARA<br>19 LINCOLN AVE.<br>RYE BROOK, NY 10573-1313 | RESTRICTED STOCK GRANT AGREEMENT - 200 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| ARAMARK UNIFORM SERVICES<br>1200 WEBSTER ST<br>DAYTON, OH 45404 | VENDOR SERVICES | REJECT | 7/24/2008 | AS OF THE EFFECTIVE DATE |
| ARCTIC INVESTMENTS<br>17780 SW SHAWNEE TRAIL<br>TUALATIN, OR 97062 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 4/1/1990 | AS OF 4/30/2011 |
| ARNOLD, STEVE<br>3953 E COSTILLA AVE<br>CENTENNIAL, CO 80122-2019 | SEVERANCE AGREEMENT | REJECT | 5/14/2010 | AS OF THE EFFECTIVE DATE |
| BAKAN, PAUL<br>812 W GRISWOLD RD<br>COVINA, CA 91722 | SEVERANCE AGREEMENT | REJECT | 6/7/2010 | AS OF THE EFFECTIVE DATE |
| BANK OF AMERICA<br>ATTN: PAUL A. FROEHLER<br>1 FINANCIAL PLAZA<br>PROVIDENCE, RI 2903 | GUARANTY BY WORKFLOW MANAGEMENT, INC. OF OBLIGATIONS OF UNITED ENVELOPE, LLC PURSUANT TO A MASTER EQUIPMENT LEASE AGREEMENT NUMBER 32883 | REJECT | 4/2/1999 | AS OF THE EFFECTIVE DATE |
| BANK OF AMERICA, N.A.<br>PO BOX 798<br>WICHITA, KS 67201 | ENGAGEMENT LETTER FROM BOA IN CONNECTION TO PROPOSED SENIOR CREDIT FACILITY - CREDIT FACILITIES 2010 REFINANCING | REJECT | 3/11/2010 | AS OF THE EFFECTIVE DATE |
| BARNES, JAMES<br>14 RAVENWOOD DR<br>EGG HARBOR TOWNSHIP, NJ 08234-6522 | SEVERANCE AGREEMENT | REJECT | 9/27/2010 | AS OF THE EFFECTIVE DATE |
| BARR, PAUL<br>PO BOX 721<br>FOREST FALLS, CA 92339-0721 | SEVERANCE AGREEMENT | REJECT | 3/29/2010 | AS OF THE EFFECTIVE DATE |
| BENEFIT PLAN ADMINISTRATIVE COMMITTEE ON BEHALF OF THE PARTICIPANTS<br>220 EAST MONUMENT AVENUE<br>DAYTON, OH 45402 | THE RELIZON COMPANY SUPPLEMENTAL RETIREMENT PLAN | REJECT | 7/1/2001 | AS OF THE EFFECTIVE DATE |
| BETIT, KAREN<br>3311 RADCLIFFE LN N<br>CHESAPEAKE, VA 23321 | SEVERANCE AGREEMENT | REJECT | 9/1/2010 | AS OF THE EFFECTIVE DATE |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit A**

**Schedule of Rejected Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| BLUMENTHAL MILLS<br>HWY 76 WEST<br>MARION, SC 29571 | DOCUMENT STORAGE AGREEMENT, CUST IN CHAPTER 7 LIQUIDATION PROCEEDING | REJECT | 3/22/2001 | AS OF THE EFFECTIVE DATE |
| BRANCH BANK AND TRUST COMPANY, PERSEUS MARKETING OPPORTUNITY FUND, L.P.<br>1909 K ST N W 2ND FL, ATTN JEFFREY M RUBERY<br>WASHINGTON, DC 20006 | LOAN AGREEMENT; INCLUDES ALL RELATED SECURITY AND OTHER AGREEMENTS AND INSTRUMENTS CONTEMPLATED THEREIN | REJECT | 12/31/2008, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| BREA METRO LLC<br>C/O METRO COMMERCIAL REAL ESTA, 227 20TH ST NO 100<br>NEWPORT BEACH, CA 92663 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 1/1/2008 | AS OF 4/30/2011 |
| BRIAN P. LEITCH<br>29466 TARGHEE LN<br>EVERGREEN, CO 80439-9443 | EMPLOYMENT AGREEMENT | REJECT | 9/29/2010 | AS OF THE EFFECTIVE DATE |
| BUSINESS PARK INV. GROUP OWNER<br>C/O JACKSON OATS SHAW, 101 MARIETTA ST STE 3175<br>ATLANTA, GA 30303 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 8/1/2006 | AS OF 4/30/2011 |
| C/O TRANSWESTERN INVESTMENT CO<br>150 N WACKER DR, STE 800<br>CHICAGO, IL 60606 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 3/1/2003 | AS OF 1/31/2011 |
| CANAM IMAGING PRODUCTS, INC.<br>VOGELL ROAD UNIT #5<br>RICHMOND HILL, ONTARIO L4B 3K6, CANADA | DIG SOL, 30 VOGELL ROAD UNIT #5, RICHMOND HILL, ONTARIO, CANADA L4B 3K6, MO TO MO LEASE OF EQUIPMENT (XEROX DOCUTECH 6155 PRINTER WITH BOOKLET MAKER) | REJECT | 1/26/2010 | AS OF THE EFFECTIVE DATE |
| CANON FINANCIAL SERVICES, INC.<br>121 JOHNSON RD<br>TURNERSVILLE, NJ 08012 | LEASE AGREEMENT, (THIS IS THE DATE CANON ACCEPTED, HOWEVER, THE EFFECTIVE DATE IS THE DATE THE EQUIPMENT WAS DELIVERED TO THE CUSTOMER) | REJECT | 10/7/2008 | AS OF THE EFFECTIVE DATE |
| CAROLE WEINSTEIN III, LLC<br>C/O WEINSTEIN MANAGEMENT COMPA, 3951 ASTILLMAN PKWAY<br>GLEN ALLEN, VA 23060 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 12/1/2000 | AS OF 1/31/2011 |
| CASON, ARTHUR<br>2262 S PATTERSON, BLVD APT NO 13<br>KETTERING, OH 45409-1949 | SEVERANCE AGREEMENT | REJECT | 9/20/2010 | AS OF THE EFFECTIVE DATE |
| CHRIS DUNN<br>17 CROYDEN DR<br>MERRICK, NY 11566 | AGREEMENT AND UNDERTAKING FOR ADVANCEMENT OF ATTORNEYS FEES AND EXPENSES | REJECT | 8/11/2010 | AS OF THE EFFECTIVE DATE |
| CITICAPITAL COMMERCIAL CORPORATION<br>PO BOX 7247-6325<br>PHILADELPHIA, PA 19170-6326 | EQUIPMENT LEASE ASSIGNED FROM CITICORP LEASING, INC WITHOUT AUTHORIZATION, CITI005-0075425-005, NOW GE5526739-002, PAYOFF DATED 01/21/09 TO CITI | REJECT | 1/21/2009 | AS OF THE EFFECTIVE DATE |
| CLARK, EMILY BUSBEE<br>4000 NW 10TH AVE<br>MIAMI, FL 33127 | SEVERANCE AGREEMENT | REJECT | 3/31/2010 | AS OF THE EFFECTIVE DATE |
| CRAWFORD, LISA<br>5 PILGRIM CIR<br>METHUEN, MA 01844-5742 | SEVERANCE AGREEMENT | REJECT | 8/24/2010 | AS OF THE EFFECTIVE DATE |
| DAN WELBOURNE<br>22522 WENBURY DRIVE<br>TOMBALL, TX 77375 | RESTRICTED STOCK GRANT AGREEMENT - 100 SHARES | REJECT | 4/30/2008 | AS OF THE EFFECTIVE DATE |
| DATA BUSINESS FORMS LIMITED<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L6B 6H2 | CONFIDENTIALITY AGREEMENT | REJECT | 1/17/2006 | AS OF THE EFFECTIVE DATE |
| DATA BUSINESS FORMS LIMITED<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L6B 6H2 | CONFIDENTIALITY AGREEMENT | REJECT | 8/1/2006 | AS OF THE EFFECTIVE DATE |
| DATA BUSINESS FORMS LIMITED/RELIZON CANADA INC.<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L6B 6H2 | TRADEMARK LICENSE AGREEMENT | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |
| DAVID M. DAVIS<br>18815 BEARPATH TRAIL<br>EDEN PRAIRIE, MN 55347-3460 | EMPLOYMENT AGREEMENT | REJECT | 9/29/2010 | AS OF THE EFFECTIVE DATE |
| DAVID M. HOLLAND<br>25 CAMDEN PARK CT<br>SPRINGBORO, OH 45066 | NON-QUALIFIED DEFERRED COMPENSATION AGREEMENT | REJECT | 3/1/2001 | AS OF THE EFFECTIVE DATE |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit A**

**Schedule of Rejected Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| DAVID PRESTON<br>1781 VALLEY RD<br>NEW CASTLE, PA 16105 | NON-QUALIFIED DEFERRED COMPENSATION AGREEMENT, AS AMENDED | REJECT | NOT LEGIBLE | AS OF THE EFFECTIVE DATE |
| DEAN B. TRUITT<br>4450 BUCKEYE LN, APT 345<br>BEAVERCREEK, OH 45440-1390 | EMPLOYMENT AGREEMENT | REJECT | 9/29/2010 | AS OF THE EFFECTIVE DATE |
| DILLEY, JANICE<br>10330 IRON MILL RD<br>RICHMOND, VA 23235 | SEVERANCE AGREEMENT | REJECT | 9/6/2010 | AS OF THE EFFECTIVE DATE |
| DIRECTPRO, LLC<br>1185 AVENUE OF THE AMERICAS, 14TH FLOOR<br>NEW YORK, NY 10036 | SUPPLY AGREEMENT | REJECT | 1/31/2005 | AS OF THE EFFECTIVE DATE |
| DLJ INVESTMENT PARTNERS<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| DLJ INVESTMENT PARTNERS II<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| DLJ INVESTMENT PARTNERS II, L.P.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| DLJ INVESTMENT PARTNERS, L.P.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| DLJIP II HOLDINGS<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| DLJIP II HOLDINGS, L.P.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| DRUCKENBROD, PAMELA<br>3829 OAKRIDGE DR NE<br>LOUISVILLE, OH 44641 | SEVERANCE AGREEMENT | REJECT | 8/23/2010 | AS OF THE EFFECTIVE DATE |
| DRUCKER RESEARCH NA, LLC<br>1250 MAPLE LAWN<br>TROY, MI 48084 | CONSULTING SERVICES AGREEMENT | REJECT | 7/31/2010 | AS OF THE EFFECTIVE DATE |
| DUNE CAPITAL<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| DUNE CAPITAL LLC<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit A**

**Schedule of Rejected Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| EASTSIDE CORP.<br>C/O UNITED CAPITAL CORPORATION<br>ATTN: MR. ATTILIO PETROCELLI<br>9 PARK PLACE<br>GREAT NECK, NY 11021 | LEASE AGREEMENT AND GUARANTY OF WORKFLOW MANAGEMENT, INC. INCLUDED THEREIN (45-11 33RD STREET, LONG ISLAND CITY, NY) | REJECT | 4/5/1999 | AS OF THE EFFECTIVE DATE |
| ED LARKIN<br>3049 RALEIGH STREET<br>DENVER, CO 80212 | RESTRICTED STOCK GRANT AGREEMENT - 1,081.06 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY<br>H.O. FINANCIAL-CREDIT, 175 BERKELEY STREET<br>BOSTON, MA 02117 | WC-WORKERS COMPENSATION DEDUCTIBLE CONTRACTS WAC-Z9D-528384-019, WAC-Z9D-528384-010, WAC-Z9D-528384-011 | REJECT | 7/1/1999 | AS OF THE EFFECTIVE DATE |
| ERIC BAUMGARTNER<br>8381 CANTERBURY COURT<br>CHAGRIN FALLS, OH 44023-4862 | RESTRICTED STOCK GRANT AGREEMENT - 600 SHARES; 100 REDEEMED 09/05/2008 | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| FIELD POINT III LTD (SP)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| FIELD POINT III, LTD.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| FIELD POINT IV LTD (SP)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| FIELD POINT IV, LTD<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| FLEX PAC, LLC<br>BLACKARD GROUP, INC.<br>5385 ELDORADO PARKWAY<br>FRISCO, TX 75034 | AMENDED AND RESTATED EXCLUSIVE SUPPLY AGREEMENT, AS AMENDED | REJECT | 5/1/2005 | AS OF THE EFFECTIVE DATE |
| FOXE BASIN CLO (GSO)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| FOXE BASIN CLO 2003, LTD.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| FREEDOM GRAPHIC SYSTEMS, INC.<br>1101 S. JANESVILLE STREET<br>MILTON, WI 53563 | ASSET PURCHASE AGREEMENT | REJECT | 5/20/2005 | AS OF THE EFFECTIVE DATE |
| FREEDOM GRAPHIC SYSTEMS, INC.<br>1101 S. JANESVILLE STREET<br>MILTON, WI 53563 | SOFTWARE LICENSE AGREEMENT | REJECT | 6/30/2005 | AS OF THE EFFECTIVE DATE |
| FREEDOM GRAPHIC SYSTEMS, INC.<br>1101 S. JANESVILLE STREET<br>MILTON, WI 53563 | LETTER AGREEMENT | REJECT | 6/30/2005 | AS OF THE EFFECTIVE DATE |
| FREEDOM GRAPHIC SYSTEMS, INC.<br>1101 S. JANESVILLE STREET<br>MILTON, WI 53563 | SUBLEASE, TERMINATED EFFECTIVE 08/31/09 | REJECT | 6/30/2005 | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| FREEDOM GRAPHICS HOLDINGS, LLC<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FL 33401 | LEASE ASSIGNMENT AND ASSUMPTION AGREEMENT | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| FREIDBERGMILSTEIN PRIVATE CAPITAL FUND (GSO)<br>ATTN: FRIEDBERGMILSTEIN PRIVATE<br>CAPITAL FUND I - WORKFLOW MANAGEMENT GSO/BLACKSTONE DEBTS FUNDS<br>MANAGEMENT, 280 PARK AVE. - 11TH FLOOR<br>NEW YORK, NY 10017 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| FRIEDBERGMILSTEIN PRIVATE CAPITAL FUND I<br>ATTN: FRIEDBERGMILSTEIN PRIVATE<br>CAPITAL FUND I - WORKFLOW MANAGEMENT GSO/BLACKSTONE DEBTS FUNDS<br>MANAGEMENT, 280 PARK AVE. - 11TH FLOOR<br>NEW YORK, NY 10017 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| GALE FORCE 1 CLO (GSO)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| GALE FORCE 1 CLO, LTD.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| GCC POCONO, LLC<br>C/O GLADSTONE COMMERCIAL CORPORATION<br>ATTN: MICHAEL MEYER<br>1521 WEST BRANCH DRIVE, SUITE 200<br>MCLEAN, VA 22102 | LEASE AGREEMENT AND GUARANTY OF WORKFLOW MANAGEMENT, INC. INCLUDED THEREIN (HUXLEY ENVELOPE BUILDING, INDUSTRIAL PARK BOULEVARD, MOUNT POCONO, PA) | REJECT | 7/2/2001 | AS OF THE EFFECTIVE DATE |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>10 RIVERVIEW DR.<br>DANBURY, CT 06810 | EQUIPMENT LEASE ASSIGNED FROM CITICORP LEASING, INC, CITI005-0075425-004, NOW GE5526739-001 | REJECT | 6/24/2002 | AS OF THE EFFECTIVE DATE |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>10 RIVERVIEW DR.<br>DANBURY, CT 06810 | EQUIPMENT LEASE ASSIGNED FROM CITICORP LEASING, INC, CITI005-0075425-006, NOW GE5526739-003 | REJECT | SIGNED 09/06/2002, EQUIPMENT DELIVERED 08/30/2002 | AS OF THE EFFECTIVE DATE |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>10 RIVERVIEW DR.<br>DANBURY, CT 06810 | EQUIPMENT LEASE ASSIGNED FROM CITICORP LEASING, INC, CITI005-0075425-007, NOW GE5526739-004 | REJECT | SIGNED 03/17/2003, EQUIPMENT DELIVERED 03/07/2003 | AS OF THE EFFECTIVE DATE |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>10 RIVERVIEW DR.<br>DANBURY, CT 06810 | EQUIPMENT LEASE ASSIGNED FROM CITICORP LEASING, INC, CITI005-0075425-008, NOW GE5526739-005 | REJECT | 6/1/2004 | AS OF THE EFFECTIVE DATE |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>10 RIVERVIEW DR.<br>DANBURY, CT 06810 | EQUIPMENT LEASE ASSIGNED FROM CITICORP LEASING, INC, CITI005-0075425-009, NOW GE5526739-006 | REJECT | 4/30/2005 | AS OF THE EFFECTIVE DATE |
| GOLDMAN SACHS LENDING PARTNERS LLC AND MORGAN STANLEY SENIOR FUNDING, INC.<br>ATTN: JOHN DARMANIN, VICE PRESIDENT, 200 WEST ST, 7TH FLOOR<br>NEW YORK, NY 10282-2198 | ENGAGEMENT LETTER IN CONNECTION TO STRATEGIC ALTERNATIVES | REJECT | 8/X/2010 | AS OF THE EFFECTIVE DATE |
| GREG C. MOSHER<br>3100 MERIDIAN PARK DRIVE, SUITE N100<br>GREENWOOD, IN 46142 | SEPARATION AGREEMENT | REJECT | 5/22/2009 | AS OF THE EFFECTIVE DATE |
| GREG MOSHER<br>15 OAKWOOD LANE<br>GREENWICH, CT 06830 | RESTRICTED STOCK GRANT AGREEMENT - 4,608.77 SHARES; REDEEMED 04/2009 | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| HART, VICKI<br>3018 WOODMONT DR<br>SOUTH BEND, IN 46614 | SEVERANCE AGREEMENT | REJECT | 8/30/2010 | AS OF THE EFFECTIVE DATE |
| HARTFORD FIRE INSURANCE COMPANY<br>CREDIT RISK ANALYSIS T 21 88<br>HARTFORD PLZ<br>HARTFORD, CT 06115 | WC - SOLD AGREEMENT FOR WC LINES OF INSURANCE, POLICY NUMBER 20 WN D74500 AND 20 WBR D74501 | REJECT | 8/1/2005 | AS OF THE EFFECTIVE DATE |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit A**

**Schedule of Rejected Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| HECKMAN, CHERYL<br>3205 FORESTDALE SW<br>CANTON, OH 44706-5045 | SEVERANCE AGREEMENT | REJECT | 8/23/2010 | AS OF THE EFFECTIVE DATE |
| HINDERSCHEIT, DOROTHY<br>15695 300TH ST<br>NEW PRAGUE, MN 56071-4085 | SEVERANCE AGREEMENT | REJECT | 8/9/2010 | AS OF THE EFFECTIVE DATE |
| HOFFMAN, JAMES<br>6770 CONSERVANCY RD<br>GERMANTOWN, OH 45327-9443 | SEVERANCE AGREEMENT | REJECT | 8/31/2010 | AS OF THE EFFECTIVE DATE |
| HOFMANN, MONICA GUIRO<br>149 SANTA CRUZ RD<br>TUCKERTON, NJ 08087-4251 | SEVERANCE AGREEMENT | REJECT | 6/21/2010 | AS OF THE EFFECTIVE DATE |
| HUB PROPERTIES TRUST<br>C/O REIT MGMT & RESEARCH LLC, 400 CENTRE ST<br>NEWTON, MA 02458 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 2/1/2006 | AS OF 5/31/2011 |
| HUDSON STRAIGHTS CLO (GSO)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| HUDSON STRAIGHTS 2004, LTD.<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED<br>FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| IAN O'BRIEN<br>8242 CORAL BELL COURT<br>LIBERTY TOWNSHIP, OH 45044-8469 | RESTRICTED STOCK GRANT AGREEMENT - 400 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| JEFFERIES & COMPANY<br>ATTN: PETER J. SCOTT, MANAGEMENT DIRECTOR - INVESTMENT BANKING<br>520 MADISON AVE.<br>NEW YORK, NY 10022 | ENGAGEMENT LETTER FOR FINANCIAL ADVISOR IN CONNECTION<br>WITH POTENTIAL SALE OF CERTAIN ASSETS | REJECT | UNDATED | AS OF THE EFFECTIVE DATE |
| JEFFREY A. ROTENBERG<br>40 COBBLESTONE CROSSING<br>NORWOOD, NJ 07648 | EMPLOYMENT AGREEMENT INCLUDING AMENDMENTS AND<br>EXTENSIONS | REJECT | 6/28/2004 | AS OF THE EFFECTIVE DATE |
| JERRY DOUBLER<br>45417 NORTH STONEWOOD DRIVE<br>CANTON, MI 58187 | RESTRICTED STOCK GRANT AGREEMENT - 200 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| JOHN HARTWELL<br>7419 FOXDALE DR<br>WAYNESVILLE, OH 45068-8218 | RESTRICTED STOCK GRANT AGREEMENT - 200 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| JOHN NICELY<br>8482 CYPRESS TRAIL<br>WAYNESVILLE, OH 4068-8397 | RESTRICTED STOCK GRANT AGREEMENT - 400 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| JONES DAY<br>222 EAST 41ST STREET<br>NEW YORK, NY 10017-6702 | ENGAGEMENT AGREEMENT IN CONNECTION WITH ON-GOING<br>CORPORATE MATTERS AND ACQUISITIONS | REJECT | 5/15/2008 | AS OF THE EFFECTIVE DATE |
| JONES, SHERYL<br>4505 SUMMERSUN CT<br>TAMPA, FL 33610-8468 | SEVERANCE AGREEMENT | REJECT | 8/9/2010 | AS OF THE EFFECTIVE DATE |
| KARL LEIBINGER GMBH & CO., KG<br>ATTN: MICHAEL TEAGUE, KLS MARTIN LP<br>11239-1 ST. JOHNS INUDSTRIAL PARKWAY SOUTH<br>JACKSONVILLE, FL 32246 | PURCHASE AND SALE AGREEMENT (11202 ST. JOHNS INDUSTRIAL<br>PARKWAY, JACKSONVILLE, FL) | REJECT | 1/1/2009 | AS OF THE EFFECTIVE DATE |
| KARL LEIBINGER GMBH & CO., KG<br>ATTN: MICHAEL TEAGUE, KLS MARTIN LP<br>11239-1 ST. JOHNS INUDSTRIAL PARKWAY SOUTH<br>JACKSONVILLE, FL 32246 | ASSIGNMENT OF PERSONAL PROPERTY AND OTHER PROPERTY<br>RIGHTS | REJECT | 3/X/2009 | AS OF THE EFFECTIVE DATE |
| KEARNS, KEVIN<br>1508 PORTWINE CT<br>LIBERTYVILLE, IL 60048-5314 | SEVERANCE AGREEMENT | REJECT | 9/6/2010 | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| KEN BERNSTEIN<br>34 EVERGREEN ROW<br>ARMONK, NY 10504 | RESTRICTED STOCK GRANT AGREEMENT - 600 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| L. SCOTT SEYMOUR<br>100 COLUMBIA AVE<br>HAMPTON, VA 23669 | EMPLOYMENT AGREEMENT | REJECT | 9/29/2010 | AS OF THE EFFECTIVE DATE |
| LAZARD MIDDLE MARKET, LLC<br>11 WEST 42ND STREET, 29TH FLOOR<br>NEW YORK, NY 10036 | ENGAGEMENT AGREEMENT IN CONNECTION WITH RESTRUCTURING | REJECT | 12/1/2008 | AS OF THE EFFECTIVE DATE |
| LEVI LUBARSKY & FEIGENBAUM LLP<br>1185 AVE OF THE AMERICAS, 17TH FLOOR<br>NEW YORK, NY 10036 | ENGAGEMENT IN CONNECTION WITH REPRESENTATION OF FOUR FORMER EMPLOYEES OF FREEDOM GRAPHIC SERVICES RE WITNESSES IN DOJ INVESTIGATION | REJECT | 7/1/2010 | AS OF THE EFFECTIVE DATE |
| LEXISNEXIS<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | FIXED PRICE AMENDMENT FOR SERVICES | REJECT | 11/1/2007 | AS OF THE EFFECTIVE DATE |
| LIBERTY MUTUAL<br>H.O. FINANCIAL-CREDIT, 175 BERKELEY STREET<br>BOSTON, MA 02117 | WC-WORKERS COMPENSATION DEDUCTIBLE CONTRACTS WAC-Z9D-528384-019, WAC-Z9D-528384-010, WAC-Z9D-528384-011 | REJECT | 7/1/1999 | AS OF THE EFFECTIVE DATE |
| LISA IANUZZI<br>166 LAKEVIEW AVENUE<br>LEONIA, NJ 07605 | AGREEMENT AND UNDERTAKING FOR ADVANCEMENT OF ATTORNEYS FEES AND EXPENSES | REJECT | 7/29/2010 | AS OF THE EFFECTIVE DATE |
| LOPEZ, LARRY<br>7154 BRISAS CT<br>RANCHO CUCAMONGA, CA 91739 | SEVERANCE AGREEMENT | REJECT | 6/24/2010 | AS OF THE EFFECTIVE DATE |
| LUMBERMENS MUTUAL CASUALTY COMPANY, KEMPER CASUALTY INSURANCE COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, AMERICAN PROTECTION INSURANCE COMPANY (ALL COLLECTIVELY AND INDIVIDUALLY REFERRED TO AS KEMPER)<br>1 CORPORATE DRIVE, STE. 200<br>LAKE ZURICH , IL  60047 | WC - INSURANCE PROGRAM AGREEMENTS | REJECT | 8/4/2002 | AS OF THE EFFECTIVE DATE |
| MARJORIE H. PUTMAN<br>940 AMLIN DRIVE<br>XENIA, OH 45385-1302 | NON-QUALIFIED DEFERRED COMPENSATION AGREEMENT | REJECT | 1/2/2002 | AS OF THE EFFECTIVE DATE |
| MARK BOBOWICZ<br>31 HOME PLACE, APARTMENT 3<br>BERGENFIELD, NJ 07621 | AGREEMENT AND UNDERTAKING FOR ADVANCEMENT OF ATTORNEYS FEES AND EXPENSES | REJECT | 8/4/2010 | AS OF THE EFFECTIVE DATE |
| MICHAEL A. MUNOZ<br>5130 HUCKLEBERRY RD<br>MISSOULA, MT 59803 | EMPLOYMENT AGREEMENT WITH MUNOZ - EXECUTED 7/18/2008 | REJECT | 7/18/2008 | AS OF THE EFFECTIVE DATE |
| MUNOZ,MICHAEL A<br>5130 HUCKLEBERRY RD<br>MISSOULA, MT 59803 | SR. VP OPERATIONS, 01/02/09 | REJECT | 7/18/2008 | AS OF THE EFFECTIVE DATE |
| MICHAEL A. MUNOZ<br>5130 HUCKLEBERRY RD<br>MISSOULA, MT 59803 | SETTLEMENT AGREEMENT AND GENERAL RELEASE | REJECT | 3/26/2010 | AS OF THE EFFECTIVE DATE |
| MIKE MENTO<br>1724 LEXINGTON AVE.<br>MERRICK, NY 11566 | RESTRICTED STOCK GRANT AGREEMENT - 200 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| MILLER BUCKFIRE AND CO., LLC<br>250 PARK AVE<br>NEW YORK, NY 10177 | ENGAGEMENT AGREEMENT | REJECT | 4/24/2008 | AS OF THE EFFECTIVE DATE |
| MOHAMED YACOUB, THE DATA GROUP INCOME FUND, THE DATA GROUP LIMITED PARTNERSHIP, DATA BUSINESS FORMS LIMITED<br>7935 ROSTAND STREET<br>BROSSARD, QUEBEC J4X 2R6 | SETTLEMENT AGREEMENT | REJECT | 9/12/2008 | AS OF THE EFFECTIVE DATE |
| MORGAN LEWIS & BOCKIUS, LLP<br>101 PARK AVE<br>NEW YORK, NY 10178-0060 | ENGAGEMENT AGREEMENT IN CONNECTION WITH FINANCIAL RESTRUCTURING AND BANKRUPTCY CASES | REJECT | 12/5/2008 | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| MORGAN STANLEY AND CO., INC.<br>1585 BROADWAY<br>NEW YORK, NY 10036 | ENGAGEMENT LETTER FROM MORGAN STANLEY | REJECT | 2/8/2010 | AS OF THE EFFECTIVE DATE |
| NATLSCO, INC.<br>1 KEMPER DRIVE<br>LONG GROVE, IL  60049 | WC - CLAIMS AND LOSS INFORMATION SERVICE AGREEMENT | REJECT | 8/4/2002 | AS OF THE EFFECTIVE DATE |
| NUSOFT SOLUTIONS<br>700 TOWER DRIVE, SUITE 610<br>TROY, MI 48084 | CORPORATE CONSULTANT AGREEMENT | REJECT | 3/6/2008 | AS OF THE EFFECTIVE DATE |
| OCHOCKI, JUDITH<br>1355 W 15TH ST<br>HASTINGS, MN 55033 | SEVERANCE AGREEMENT | REJECT | 9/6/2010 | AS OF THE EFFECTIVE DATE |
| O'NEAL, KIM<br>324 FERNWOOD AVE<br>DAYTON, OH 45405-2623 | SEVERANCE AGREEMENT | REJECT | 9/16/2010 | AS OF THE EFFECTIVE DATE |
| ORIX EDINA LLC<br>C/ TRANSWESTERN, 7301 OHMS LANE STE 100<br>EDINA, MN 55439 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 10/1/2009 | AS OF 4/30/2011 |
| ORNELAS, FELIPE<br>635 N BRISTOL ST, NO 46<br>SANTA ANA, CA 92703 | SEVERANCE AGREEMENT | REJECT | 6/7/2010 | AS OF THE EFFECTIVE DATE |
| PALM BEACH CAPITAL FUND II, L.P.<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FL 33401 | LIMITED GUARANTEE | REJECT | 6/17/2009 | AS OF THE EFFECTIVE DATE |
| PASS, FRANCINE<br>13337 GLADIOLA ST NW<br>ANDOVER, MN 55304 | SEVERANCE AGREEMENT | REJECT | 8/2/2010 | AS OF THE EFFECTIVE DATE |
| PAUL BOGUTSKY<br>1760 SECOND AVE., APT. 30C<br>NEW YORK, NY 10128 | RESTRICTED STOCK GRANT AGREEMENT - 2,261.26 SHARES; 1,400 REDEEMED 1/2010 | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| PAUL BOGUTSKY<br>1760 SECOND AVE., APT. 30C<br>NEW YORK, NY 10128 | RESTRICTED STOCK GRANT AGREEMENT - 500 SHARES | REJECT | 5/20/2008 | AS OF THE EFFECTIVE DATE |
| PAUL BOGUTSKY<br>1760 SECOND AVE., APT. 30C<br>NEW YORK, NY 10128 | EMPLOYMENT AGREEMENT | REJECT | 9/29/2010 | AS OF THE EFFECTIVE DATE |
| PBC-FLEXIBLE PACKAGING, LLC<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FL 33401 | EXCLUSIVE SUPPLY AGREEMENT | REJECT | 7/31/2003 | AS OF THE EFFECTIVE DATE |
| PBC-UNIVERSAL FOLDING BOX, LLC, PBC-PREMIER GRAPHICS, LLC AND PBC-FLEXIBLE PACKAGING DIVISION, LLC,<br>C/O PALM BEACH CAPITAL FUND I, LP<br>505 SOUTH FLAGLER STREET<br>SUITE 1400<br>WEST PALM BEACH, FL 33401<br>USA | SALE OF ASSETS OF UFB, PREMIER AND OEI TO PALM BEACH ENTITIES PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | REJECT | 7/31/2003 | AS OF THE EFFECTIVE DATE |
| PERSEUS 2000 EXPANSION, L.L.C.<br>ATTN: CHRISTOPHER J. DAVIS, CFO<br>C/O PERSEUS L.L.C.<br>2099 PENNSYLVANIA AVE. NW<br>SUITE 900<br>WASHINGTON, DC 20006 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| PERSEUS ACQUISITION RECAPITALIZATION FUND, L.L.C.<br>ATTN: CHRISTOPHER J. DAVIS, CFO<br>C/O PERSEUS L.L.C.<br>2099 PENNSYLVANIA AVE. NW<br>SUITE 900<br>WASHINGTON, DC 20006 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit A**

**Schedule of Rejected Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| PERSEUS MARKET OPPORTUNITY FUND, L.P.<br>ATTN TERESA Y BERNSTEIN<br>2099 PENNSYLVANIA AVE NW STE 900<br>WASHINGTON, DC 20006 | DEMAND NOTE | REJECT | 10/29/2009 | AS OF THE EFFECTIVE DATE |
| PERSEUS MARKET OPPORTUNITY FUND, L.P.<br>ATTN: CHRISTOPHER J. DAVIS, CFO<br>C/O PERSEUS L.L.C.<br>2099 PENNSYLVANIA AVE. NW<br>SUITE 900<br>WASHINGTON, DC 20006 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED<br>FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| PERSEUS PARTNERS VII<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | SECOND LIEN WARRANT | REJECT | 3/4/2008 | AS OF THE EFFECTIVE DATE |
| PERSEUS PARTNERS VII<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | SECOND LIEN WARRANT | REJECT | 9/4/2008 | AS OF THE EFFECTIVE DATE |
| PERSEUS PARTNERS VII<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | SECOND LIEN WARRANT | REJECT | 3/4/2009 | AS OF THE EFFECTIVE DATE |
| PERSEUS PARTNERS VII, L.P.<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | AMENDED AND RESTATED CONVERTIBLE NOTE; SOLD PURSUANT TO<br>THAT CERTAIN CONVERTIBLE NOTE PURCHASE AGREEMENT, DATED<br>MARCH 4, 2008, AS AMENDED | REJECT | 3/4/2008 | AS OF THE EFFECTIVE DATE |
| PERSEUS, L.L.C.<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | MANAGEMENT AGREEMENT | REJECT | 11/30/2005, AS AMENDED<br>FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| PERSEUS, L.L.C.<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | PROMISSORY NOTE; $937,599.80; ASSIGNED TO PERSEUS MARKET<br>OPPORTUNITY FUND, L.P. PURSUANT TO ASSIGNMENT AGREEMENT,<br>DATED JUNE 23, 2009 | REJECT | 2/6/2009 | AS OF THE EFFECTIVE DATE |
| PERSEUS, L.L.C.<br>ATTN TERESA Y BERNSTEIN<br>2100 PENNSYLVANIA AVE NW STE 900,<br>WASHINGTON, DC 20006 | CRO AGREEMENT AS AMENDED | REJECT | 1/26/2009 | AS OF THE EFFECTIVE DATE |
| PETSKY PRUNIER LLC<br>40 WALL STREET, 10TH FLOOR<br>NEW YORK, NY 10005 | ENGAGEMENT LETTER FOR POTENTIAL SALE OF CERTAIN BUSINESS<br>UNITS | REJECT | 2/16/2009 | AS OF THE EFFECTIVE DATE |
| POPULAR AUTO, INC.<br>MOTORAMBAR, G P O BOX 6239<br>SAN JUAN, PR 00936 | AUTO LEASE - GOLD, 2004 INFINITI FX47 | REJECT | 5/18/2004 | AS OF THE EFFECTIVE DATE |
| RAMSEY, DENISE<br>321 IRONWOOD DR<br>WEST CARROLLTON, OH 45449-1565 | SEVERANCE AGREEMENT | REJECT | 8/9/2010 | AS OF THE EFFECTIVE DATE |
| RAPHAEL & MARKS<br>276 PARK AVE SOUTH, 3RD FL<br>NEW YORK, NY 10010 | SUBLESSOR - COMMERCIAL REAL ESTATE LEASE | REJECT | 11/1/2008 | AS OF 5/31/2011 |
| RBH GRAPHICS, LLC<br>40 COBBLESTONE CROSSING<br>NORWOOD, NJ 07648 | INDEPENDENT CONTRACTOR AGREEMENT, INCLUDING ALL<br>AMENDMENTS AND EXTENSIONS | REJECT | 6/28/2004 | AS OF THE EFFECTIVE DATE |
| REDDING, ROBERTA<br>17800 CLEVELAND AVE<br>GALIEN, MI 49113-9722 | SEVERANCE AGREEMENT | REJECT | 9/20/2010 | AS OF THE EFFECTIVE DATE |
| RELIZON CANADA INC.<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2<br>CANADA | ASSIGNMENT AND ASSUMPTION AGREEMENT (YACOUB CHANGE OF<br>CONTROL AND NON-QUALIFIED DEFERRED COMP) | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| RELIZON CANADA INC.<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2<br>CANADA | TERMINATION AGREEMENT (LICENSE AGREEMENT) | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |
| RELIZON CANADA INC.<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2<br>CANADA | TERMINATION AGREEMENT (LICENSE AGREEMENT) | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |
| RELIZON CANADA INC.<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2<br>CANADA | TERMINATION AGREEMENT (STRAGETIC ALLIANCE AGREEMENT) | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |
| RELIZON CANADA INC., 9195 TORBRAM ROAD, BRAMPTON ONTARIO L68 6H2<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2 | DOMAIN NAME ASSIGNMENT AGREEMENT | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |
| RELIZON HOLDINGS, LLC FOR THE NAMED BENEFICIARIES<br>ATTN:  BRUCE E. ROSENBLUM AND DANIEL BELLISSIMO<br>C/O THE CARLYLE GROUP<br>1001 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, DC 20004 | SELLER SUBORDINATED PROMISSORY NOTE; $8,508,266.67 | REJECT | 12/21/2006 | AS OF THE EFFECTIVE DATE |
| RICE, ROBERT<br>300 ROTHWELL PL<br>FRANKLIN, TN 37069 | SEVERANCE AGREEMENT | REJECT | 8/18/2010 | AS OF THE EFFECTIVE DATE |
| RICHARD SCHLANGER<br>C/O PALM BEACH CAPITAL FUND I, LP<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FL 33401 | PURCHASE AGREEMENT AND RELATED AGREEMENTS AND<br>INSTRUMENTS CONTEMPLATED THEREIN | REJECT | 1/31/2005 | AS OF THE EFFECTIVE DATE |
| RICHARD SCHLANGER, ROBERT SANDS, PALM BEACH CAPITAL FUND I, L.P., PBC-DIRECT PRO<br>BLOCKING COMPANY, LLC<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FL 33401 | SETTLEMENT AGREEMENT | REJECT | 5/17/2007 | AS OF THE EFFECTIVE DATE |
| RICK WESLEY<br>2920 COUNTRY CLUB ROAD<br>WINSTON-SALEM, NC 27104 | RESTRICTED STOCK GRANT AGREEMENT - 250 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| ROBERT YOUNG<br>565 HICKOK COURT<br>DELAWARE, OH 43015-7209 | RESTRICTED STOCK GRANT AGREEMENT - 200 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| ROBERTSON, DONNA<br>117 FOX RIDGE LN<br>MT HOLLY, NC 28120 | SEVERANCE AGREEMENT | REJECT | 8/10/2010 | AS OF THE EFFECTIVE DATE |
| RODRIGUEZ, MICHAEL<br>10988 MAPLE AVE<br>BLOOMINGTON, CA 92316 | SEVERANCE AGREEMENT | REJECT | 6/7/2010 | AS OF THE EFFECTIVE DATE |
| RODRIGUEZ, ROSARIO<br>27893 MANDARIN AVE<br>HAYWARD, CA 94544-5017 | SEVERANCE AGREEMENT | REJECT | 7/19/2010 | AS OF THE EFFECTIVE DATE |
| RON KREUTZER<br>115 STEWART STREET<br>MAYWOOD, NJ 07607 | AGREEMENT AND UNDERTAKING FOR ADVANCEMENT OF<br>ATTORNEYS FEES AND EXPENSES | REJECT | 7/30/2010 | AS OF THE EFFECTIVE DATE |
| RREEF AMERICA REIT II CORP YYY<br>875 N MICHIGAN AVE, STE 4100<br>CHICAGO, IL 60611 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 8/1/1998 | AS OF 5/31/2011 |
| SAP AMERICA, INC.<br>399 WEST CHESTER PIKE<br>NEWTOWN SQUARE, PA 19073 | SOFTWARE LICENSE AGREEMENT, TERMINATED | REJECT | 12/31/2007 | AS OF THE EFFECTIVE DATE |
| SARCOM, INC.<br>8405 PULSAR PL<br>COLUMBUS, OH 43240 | CORPORATE CONSULTANT AGREEMENT | REJECT | 10/12/2000 | AS OF THE EFFECTIVE DATE |
| SCOTT BERRY<br>3804 HIBBS STREET<br>PLANO, TX 75025-4380 | RESTRICTED STOCK GRANT AGREEMENT - 600 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| SCOTT SEYMOUR<br>150 WEST MAIN STREET, SUITE 2100<br>NORFOLK, VA 23510 | RESTRICTED STOCK GRANT AGREEMENT - 500 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| SCOTT SEYMOUR<br>150 WEST MAIN STREET, SUITE 2100<br>NORFOLK, VA 23510 | RESTRICTED STOCK GRANT AGREEMENT - 500 SHARES | REJECT | 5/20/2008 | AS OF THE EFFECTIVE DATE |
| SPCP GROUP (SP)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| SPCP GROUP III (SP)<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| SPCP GROUP III LLC<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | NOTE; $117,199.97 | REJECT | 2/6/2009 | AS OF THE EFFECTIVE DATE |
| SPCP GROUP III, LLC<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| SPCP GROUP LLC<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | NOTE; $1,132,993.08 | REJECT | 2/6/2009 | AS OF THE EFFECTIVE DATE |
| SPCP GROUP, LLC<br>SILVER POINT FINANCE LLC AS AGENT<br>ATTN NANCY WEIR<br>2 GREENWICH PLZ<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| SPECIALTY ENVELOPE<br>4890 SPRING GROVE AVE<br>CINCINNATI, OH 45232 | VENDOR - CERTIFIED TRADE PARTNER | REJECT | 1/1/2004 | AS OF THE EFFECTIVE DATE |
| SPECIALTY ENVELOPE, INC.<br>C/O SAMUEL L. PETERS<br>MIAMI SYSTEMS CORPORATION<br>10001 ALLIANCE ROAD<br>CINCINNATI, OH 45242 | LEASE AGREEMENT AND GUARANTY OF WORKFLOW MANAGEMENT, INC. INCLUDED THEREIN (4862 AND 4980 SPRING GROVE AVENUE, CINCINNATI, OH) | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| SPF CDO I, LTD (SP)<br>SILVER POINT FINANCE LLC AS AGENT, 2 GREENWICH PLZ, ATTN NANCY WEIR<br>GREENWICH, CT 06830 | SECOND LIEN WARRANT | REJECT | 4/30/2009 | AS OF THE EFFECTIVE DATE |
| SPF CDO I, LTD (SP)<br>SILVER POINT FINANCE LLC AS AGENT, 2 GREENWICH PLZ, ATTN NANCY WEIR<br>GREENWICH, CT 06830 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| STAYTON, MARY<br>5107 KENSINGTON CIR<br>CORAL SPRINGS, FL 33076 | SEVERANCE AGREEMENT | REJECT | 8/2/2010 | AS OF THE EFFECTIVE DATE |
| STEARNS, JEFFREY<br>12822 SPICKLER RD<br>CLEAR SPRING, MD 21722 | SEVERANCE AGREEMENT | REJECT | 5/4/2010 | AS OF THE EFFECTIVE DATE |
| STOUFFER, JENNIFER<br>2 CEDAR RD<br>MECHANICSBURG, PA 17055 | SEVERANCE AGREEMENT | REJECT | 3/15/2010 | AS OF THE EFFECTIVE DATE |
| STRAUSS, MARK<br>5911 E COBBLESTONES LANES<br>SYLVANIA, OH 43560 | SEVERANCE AGREEMENT | REJECT | 6/7/2010 | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| STRAWMYER, LESTER<br>15581 MARIETTA CIR<br>WESTFIELD, IN 46074-8875 | SEVERANCE AGREEMENT | REJECT | 3/29/2010 | AS OF THE EFFECTIVE DATE |
| TANA SEYBERT LLC<br>525 WEST 52ND STREET<br>NEW YORK, NY 10019 | EQUIPMENT PURCHASE AND SOURCING AGREEMENT | REJECT | 3/7/2005 | AS OF THE EFFECTIVE DATE |
| TD CAPITAL MEZZANINE PARTNERS (NON-QLP), LP<br>ATTN: IAN KIDSON<br>66 WELLINGTON STREET WEST<br>TD BANK TOWER, 9TH FLOOR<br>TORONTO, ONTARIO M5K 1A2 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED<br>FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| TD CAPITAL MEZZANINE PARTNERS (PARALLEL), LP<br>ATTN: IAN KIDSON<br>66 WELLINGTON STREET WEST<br>TD BANK TOWER, 9TH FLOOR<br>TORONTO, ONTARIO M5K 1A2 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED<br>FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| THE DATA GROUP INCOME FUND<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2 | STOCK PURCHASE AGREEMENT | REJECT | 8/10/2006 | AS OF THE EFFECTIVE DATE |
| THE DATA GROUP INCOME FUND<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2 | SETTLEMENT AGREEMENT | REJECT | 10/9/2008 | AS OF THE EFFECTIVE DATE |
| THE DATA GROUP INCOME FUND<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2 | SETTLEMENT AGREEMENT | REJECT | 6/26/2009 | AS OF THE EFFECTIVE DATE |
| THE DATA GROUP INCOME FUND, AND DATA BUSINESS FORMS LIMITED, 9195 TORBRAM ROAD, BRAMPTON ONTARIO L68 6H2<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2 | NON-COMPETITION AND NON-SOLICITATION AGREEMENT | REJECT | 8/31/2006 | AS OF THE EFFECTIVE DATE |
| THE DATA GROUP INCOME FUND, THE DATA GROUP LIMITED PARTNERSHIP, DATA BUSINESS FORMS LIMITED AND MOHAMED YACOUB<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2 | SETTLEMENT AGREEMENT | REJECT | 9/12/2008 | AS OF THE EFFECTIVE DATE |
| THE GREGORY COMPANY, LLC<br>4645 ESTHER LN<br>GREEN BAY, WI 54311 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 9/1/1994 | AS OF 4/30/2011 |
| THE RELIZON E-CRM COMPANY<br>601 EDGEWATER DRIVE<br>WAKEFIELD, MA 1880 | SOURCING AGREEMENT (NO. 1) | REJECT | 10/29/2004 | AS OF THE EFFECTIVE DATE |
| THE RELIZON E-CRM COMPANY<br>601 EDGEWATER DRIVE<br>WAKEFIELD, MA 1880 | SOURCING AGREEMENT (NO. 2) | REJECT | 10/29/2004 | AS OF THE EFFECTIVE DATE |
| THE WHITTIER GROUP<br>C/O MICHAEL A MUNOZ<br>4011, MEADOWS LANE, SUITE 102<br>LAS VEGAS, NV 89107 | CONSULTING SERVICES AGREEMENT, AND ANY SUBSEQUENT AMENDMENT OR ORAL AGREEMENTS | REJECT | 9/24/2007 | AS OF THE EFFECTIVE DATE |
| THOMAS DAILEY<br>1725 AMBERWOOD DRIVE<br>GOSHEN, IN 46526 | RESTRICTED STOCK GRANT AGREEMENT - 100 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| TIMOTHY A. TATMAN<br>4243 HIGHBORNE DR<br>MARIETTA, GA 30066 | NON-QUALIFIED DEFERRED COMPENSATION AGREEMENT, AS AMENDED | REJECT | 8/4/2003 | AS OF THE EFFECTIVE DATE |
| TIMOTHY J. SCHRINER<br>24903 REEDS POINTE DR.<br>NOVI, MI 48374-2539 | NON-QUALIFIED DEFERRED COMPENSATION AGREEMENT | REJECT | 3/1/2001 | AS OF THE EFFECTIVE DATE |
| TORONTO DOMINION INVESTMENTS, INC.<br>ATTN: MARTHA L. GARIEPY<br>909 FANNIN STREET, SUITE 1950<br>HOUSTON, TX 77010 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED<br>FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| TRCAS ACQUISITION CORP., THE RELIZON COMPANY, RELIZON HOLDINGS, LLC C/O THE CARLYLE GROUP ATTN: BRUCE E. ROSENBLUM AND DANIEL BELLISSIMO 1001 PENNSYLVANIA AVENUE N.W. SUITE 220 SOUTH WASHINGTON, DC 20004 | AMENDED AND RESTATED AGREEMENT AND PLAN OF MERGER | REJECT | 11/30/2005 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | SIDE LETTER AGREEMENT | REJECT | 6/23/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | LEASE ASSIGNMENT AND ASSUMPTION AGREEMENT (CINCINNATI, OH LEASE AGREEMENT) | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | LEASE ASSIGNMENT AND ASSUMPTION AGREEMENT (LONG ISLAND CITY, NY LEASE AGREEMENT) | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | LEASE ASSIGNMENT AND ASSUMPTION AGREEMENT (MOUNT POCONO, PA LEASE AGREEMENT) | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | STRATEGIC SOURCING AGREEMENT | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC AND FREEDOM GRAPHICS HOLDINGS, LLC 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | SIDE LETTER AGREEMENT | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC WEST PALM BEACH, FL 33401 C/O PALM BEACH CAPITAL FUND II, L.P. 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | ASSET PURCHASE AGREEMENT | REJECT | 6/17/2009 | AS OF THE EFFECTIVE DATE |
| UNITED ENVELOPE HOLDINGS, LLC, FREEDOM GRAPHICS HOLDINGS, LLC, ENVELOPE FREEDOM HOLDINGS, LLC AND TOGETHER WITH UE NEWCO AND FG NEWCO 505 SOUTH FLAGLER STREET, SUITE 1400 WEST PALM BEACH, FL 33401 | GUARANTEE AND REIMBURSEMENT AGREEMENT | REJECT | 6/29/2009 | AS OF THE EFFECTIVE DATE |
| WF CAPITAL HOLDINGS, INC. 150 WEST MAIN STREET, SUITE 2100 NORFOLK, VA 23510 | AMENDED AND RESTATED STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| WF CAPITAL HOLDINGS, INC. 150 WEST MAIN STREET, SUITE 2100 NORFOLK, VA 23510 | WARRANT | REJECT | 3/4/2008 | AS OF THE EFFECTIVE DATE |
| WF CAPITAL HOLDINGS, INC. 150 WEST MAIN STREET, SUITE 2100 NORFOLK, VA 23510 | WARRANT | REJECT | 9/4/2008 | AS OF THE EFFECTIVE DATE |
| WF CAPITAL HOLDINGS, INC. 150 WEST MAIN STREET, SUITE 2100 NORFOLK, VA 23510 | WARRANT | REJECT | 3/4/2009 | AS OF THE EFFECTIVE DATE |
| WF HOLDINGS CO-INVESTMENT, L.P. ATTN: CHRISTOPHER J. DAVIS, CFO C/O PERSEUS L.L.C. 2099 PENNSYLVANIA AVE. NW SUITE 900 WASHINGTON, DC 20006 | STOCKHOLDERS AGREEMENT | REJECT | 11/30/2005, AS AMENDED FROM TIME TO TIME | AS OF THE EFFECTIVE DATE |
| WMI05 HAZELWOOD MO LLC C/O GLADSTONE COMMERCIAL CORP. 1521 WEST BRANCH DRIVE, STE 200 MCCLEAN, VA 22102 | LESSEE - COMMERCIAL REAL ESTATE LEASE | REJECT | 1/30/2001 | AS OF 4/30/2011 |
| ZANT CHAPELO 1407 NEW ENGLAND WAY LEBANON, OH 45036-9189 | RESTRICTED STOCK GRANT AGREEMENT - 100 SHARES | REJECT | 2/29/2008 | AS OF THE EFFECTIVE DATE |
| ZANT CHAPELO 1407 NEW ENGLAND WAY LEBANON, OH 45036-9189 | RESTRICTED STOCK GRANT AGREEMENT - 100 SHARES | REJECT | 6/1/2008 | AS OF THE EFFECTIVE DATE |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit A**

**Schedule of Rejected Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| ZSCHOCHE, VIOLA<br>1305 SW 23RD AVE<br>FT LAUDERDALE, FL 33312 | SEVERANCE AGREEMENT | REJECT | 8/2/2010 | AS OF THE EFFECTIVE DATE |

**<u>Exhibit B</u>**
(List of Retained Contracts)

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit B**

**Schedule of Retained Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AON CONSULTING, INC.<br>PO BOX 905188<br>CHARLOTTE, NC 28290-5188 | ADMINISTRATIVE SERVICES AGREEMENT, PENSION ADMINISTRATOR | RETAIN | 1/18/2001 | $0.00 |
| BLUE ASH HOLDINGS INC. AND RELIZON CANADA INC.<br>9195 TORBRAM ROAD<br>BRAMPTON, ONTARIO L68 6H2<br>CANADA | ACCESS TO RECORDS AGREEMENT | RETAIN | 8/31/2006 | $0.00 |
| CHARTIS<br>32 OLD SLIP<br>FINANCIAL SQUARE<br>NEW YORK, NY 10005 | D&O/EPL, 03-189-40-94 | RETAIN | 7/31/2010 | $0.00 |
| CHARTIS - NATIONAL UNION<br>175 WATER ST<br>NEW YORK, NY 10038 | CRIME POLICY, 03-211-35-21 | RETAIN | 7/31/2010 | $0.00 |
| CHARTIS - NATIONAL UNION<br>600 NORTH PEARL ST<br>STE 700<br>DALLAS, TX 75201 | SPECIAL RISK POLICY, 22-117-575 | RETAIN | 7/31/2010 | $0.00 |
| CITIGROUP INSTITUTIONAL TRUST COMPANY<br>2 RIGHTER PKWY STE 250<br>WILMINGTON, DE 19803 | TRUST AGREEMENT FOR BENEFITS PLANS | RETAIN | 1/1/2007 | $0.00 |
| FTI CONSULTING, INC.<br>3 TIMES SQUARE, 11TH FLOOR<br>NEW YORK, NY 10036 | ENGAGEMENT LETTER IN CONNECTION TO 2010 BANKRUPTCY | RETAIN | 9/10/2010 | $0.00 |
| KURTZMAN CARSON CONSULTANTS, LLC<br>2335 ALASKA AVE.<br>EL SEGUNDO, CA 90245 | SERVICES AGREEMENT | RETAIN | 9/17/2010 | $0.00 |
| MCGUIREWOODS LLP<br>101 WEST MAIN STREET, SUITE 9000<br>NORFOLK, VA 23510-1655 | ENGAGEMENT AGREEMENT WITH MCGUIREWOODS LLP REGARDING REPRESENTATION OF WORKFLOW CAPITAL HOLDINGS, INC. AND CERTAIN SUBSIDIARIES IN 2010 BANKRUPTCY | RETAIN | 9/2/2010 | $0.00 |
| SAGE ADVISORY SERVICES, LTD. CO.<br>5900 SOUTHWEST PKWY<br>BUILDING ONE, SUITE 100<br>AUSTIN, TX 78735 | INVESTMENT MANAGER AGREEMENT | RETAIN | 6/27/2007 | $0.00 |
| SMITH BARNEY<br>31 WEST 52ND ST<br>23RD FL<br>NEW YORK, NY 10019 | CONSULTING AND EVALUATION SERVICES PROGRAM | RETAIN | 7/5/2007 | $0.00 |
| SMITH BARNEY<br>31 WEST 52ND ST<br>23RD FL<br>NEW YORK, NY 10019 | FIDUCIARY SERVICES UNAFFILIATED MANAGER PROGRAM | RETAIN | 7/5/2007 | $0.00 |
| TAVENNER AND BERAN, PLC<br>20 NORTH 8TH STREET<br>RICHMOND, VA 23219<br>USA | RETENTION AGREEMENT FOR SERVICES IN CONNECTION TO 2010 BANKRUPTCY | RETAIN | 9/22/2010 | $0.00 |

**<u>Exhibit C</u>**
(List of Assigned Contracts)

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| 100-200 CCC, INC<br>1060 N KING HWY<br>STE 250<br>CHERRY HILL, NJ 08034 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 4/1/2010 | $825.00 |
| 1300 MOCKINGBIRD OFFICE PARTNERS LP<br>1800 VALLEY VIEW LN STE 300<br>DALLAS, TX 75234 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/3/2006 | $0.00 |
| 1ST BANK<br>12345 WEST COLFAX AVE<br>LAKEWOOD, CO 80215 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/24/2005 | $0.00 |
| 1ST BANK<br>12345 WEST COLFAX AVE<br>LAKEWOOD, CO 80215 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/24/2005 | $0.00 |
| 20 20 TECHNOLOGIES<br>99 MONROE AVE NW STE 400<br>GRAND RAPIDS, MI 49503-2651 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/14/2005 | $0.00 |
| 24 HOUR FITNESS USA INC<br>1265 LAUREL TREE LN<br>CARLSBAD, CA 92011 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/5/2008 | $0.00 |
| 24 HOUR FITNESS USA, INC.<br>1265 LAUREL TREE LN<br>CARLSBAD, CA 92011 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/5/2008 | $0.00 |
| 24 HOUR FITNESS, INC.<br>2231 RUTHERFORD RD STE 202<br>CARLSBAD, CA 92008 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/15/1998 | $0.00 |
| 24 HOUR FITNESS, INC.<br>1265 LAUREL TREE LN<br>CARLSBAD, CA 92011 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/14/2000 | $0.00 |
| 24/7 EXPRESS COURIER INC<br>PO BOX 24<br>OLATHE, MO 66051-0024 | CARRIER AGREEMENT | ASSIGN | 3/24/2005 | $0.00 |
| 2920 INVESTORS, LLC<br>10933 TRADE CTR DR<br>STE 106<br>RANCHO CORDOVA, CA 95670 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/22/2002 | $0.00 |
| 409 GROUP INC.<br>5155 FINANCIAL WAY<br>MASON, OH 45040 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/24/2001 | $0.00 |
| 8000 CENTRE LTD.<br>201 BARTON SPRINGS RD<br>AUSTIN, TX 78704 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/14/2001 | $0.00 |
| 800-FLOWERS, INC.<br>1 OLD COUNTRY RD STE 500<br>CARLE PLACE, NY 11514 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/9/2003 | $0.00 |
| A & H LITHO<br>2540 S 27TH AVE<br>BROADVIEW, FL 60155 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| A&A PRINTING INC<br>6103 JOHNS RD STE 5<br>TAMPA, FL 33634 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2005 | $0.00 |
| A&M PRINTING<br>3589 NEVADA ST NO A<br>PLEASANTON, CA 94566 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2004 | $0.00 |
| A. TEICHERT & SON, INC.<br>3500 AMERICAN RIVER DR<br>SACRAMENTO, CA 95864 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/7/2006 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| A.L.F. GRAPHICS, INC.<br>ALAN FINKELSTEIN<br>250 HUDSON STREET<br>NEW YORK, NY 10013 | ACQUISITION OF A.L.F. PURSUANT TO A PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 1/21/2000 | $0.00 |
| A.O. SMITH HARVESTORE PRODUCTS INC.<br>345 HARVESTORE DR<br>DEKALB, IL 60115 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/17/1991 | $0.00 |
| AAA ALLIED GROUP, INC.<br>15 W CENTRAL PKWY<br>CINCINNATI, OH 45402 | TRAVEL MANAGEMENT AGT | ASSIGN | 12/15/2009 | $0.00 |
| AAA FLAG & BANNER<br>8955 NATIONAL BLVD<br>LOS ANGELES, CA 90034 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/10/2003 | $0.00 |
| AARP<br>601 E STREET NW<br>WASHINGTON, DC 20049 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/9/2008 | $0.00 |
| AARP<br>3200 E CARSON ST<br>LAKEWOOD, CA 90712 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/22/2008 | $0.00 |
| ABBONIZO,ROBERT<br>4465 COUNTRY VIEW DR<br>DOYLESTOWN, PA 18902-9558 | EXECUTIVE CONTRACT | ASSIGN | 8/10/2009 | $0.00 |
| ABBOTT LABORATORIES<br>CONTRACTS ADMINISTRATION MS 8 10<br>1921 HURD DR<br>IRVING, TX 75038 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/29/2008 | $0.00 |
| ABELOOS,LINDA S<br>7781 OBRYAN PL<br>CENTERVILLE, OH 45459-5458 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 4/30/2010 | $0.00 |
| ABERNATHY,WILLIAM A<br>2342 FENESTRA DR<br>DALLAS, TX 75228-5336 | ACCOUNT EXECUTIVE, 11/19/10 | ASSIGN | 5/10/2009 | $0.00 |
| ACCESS E-DOCS, INC.<br>1101 HAMILTON ST<br>ALLENTOWN, PA 18101 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ACCOR NA<br>4001 INTERNATIONAL PKWY<br>CARROLLTON, TX 75007 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/3/2005 | $0.00 |
| ACCOR NORTH AMERICA INC.<br>4001 INTERNATIONAL PKWY<br>CARROLLTON, TX 75007 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/14/2004 | $0.00 |
| ACE AMERICAN INSURANCE COMPANY<br>ATTN: MIGUEL FERREIRA<br>C/O ACE USA<br>33 ARCH ST., SUITE 2900<br>BOSTON, MA 02110 | CONFIDENTIALITY AGREEMENT - PROFESSIONAL RISK SURETY DIVISION | ASSIGN | 12/6/2007 | $0.00 |
| ACME BRICK<br>2821 W 7TH ST<br>FORT WORTH, TX 76017 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/4/2005 | $0.00 |
| ACME BRICK<br>2821 WEST 7TH ST<br>FORT WORTH, TX 76017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/20/2005 | $0.00 |
| ACME ELECTRIC CORPORATION<br>4815 W 5TH ST<br>LUMBERTON, NC 28358 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ACOM - PANASONIC ELECTRONIC COMPONENTS 5105 S NATIONAL DR KNOXVILLE, TN 37914 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/14/2002 | $0.00 |
| ACOM SOLUTIONS, INC. 2859 E 29TH ST LONG BEACH, CA 90806 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| ACS - AFFILIATED COMPUTER SERVICES, INC. 600 17TH ST NO 600 NORTH DENVER, CO 80202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/19/2006 | $0.00 |
| ACS SECURITIES SERVICES, INC. 3988 NORTH CENTRAL EXPRESSWAY BUILDING 5 6TH FL DALLAS, TX 75204 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/23/2005 | $0.00 |
| ACS TECHNOLOGIES, INC. 180 DUNBARTON DR FLORENCE, SC 29501 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/21/2003 | $0.00 |
| ACTION EXPRESS INC PO BOX 250790 MILWAUKEE, WI 53225-9998 | CARRIER AGREEMENT | ASSIGN | 11/14/2005 | $0.00 |
| ACTION VENDING 660 HURLINGAME AVE REDWOOD CITY, CA 940463 | VEND AGREEMENT | ASSIGN | 8/19/2004 | $0.00 |
| ACUITY LIGHTING GROUP INC. ONE LITHONIA WAY CONYERS, GA 20012 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/7/2004 | $0.00 |
| ACXIOM CORPORATION 80 RULAND ROAD MELVILLE , NY 11747 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/19/2005 | $0.00 |
| ADAIR PRINTING 7850 SECOND ST DEXTER, MI 48130 | STRATEGIC SOURCING AGREEMENT | ASSIGN | 7/1/2007 | $0.00 |
| ADAMS,JOHN R 1501 GULF BLVD NO 501 CLEARWATER, FL 33767-2990 | REG SALES MGR, 10/09/09 | ASSIGN | 8/20/2008 | $0.00 |
| ADAMS,PATRICIA M 7700 RODEBAUGH RD REYNOLDSBURG, OH 43068-9718 | ACCOUNT MANAGER, 10/08/10 | ASSIGN | 6/1/2009 | $0.00 |
| ADAMS,STACY 142 CAVANAUGH LAKE CHELSEA, MI 48118-9756 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/2/2007 | $0.00 |
| ADECCO DEPT CH 14091 PALATINE, IL 60055 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/16/2009 | $0.00 |
| ADECCO USA, INC. 175 BROAD HOLLOW RD MELVILLE, NY 11743 | MASTER SERVICES AGREEMENT | ASSIGN | 5/28/2009 | $0.00 |
| ADECCO USA, INC. 175 BROAD HOLLOW RD MELVILLE, NY 11743 | SUPPLIER SERVICES AGREEMENT | ASSIGN | 5/28/2009 | $0.00 |
| ADENA HEALTH SYSTEM 272 HOSPITAL RD CHILLICOTHE, OH 45601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/20/2010 | $0.00 |
| ADF COMPANIES 165 PASSAIC AVE FAIRFIELD, NJ 07004 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/12/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ADKINS,BETHANY C<br>3712 TIMAHOE CIR<br>NOTTINGHAM, MD 21236-2955 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 8/25/2010 | $0.00 |
| ADKINS,KELLI S<br>6199 HEMPLE RD<br>MIAMISBURG, OH 45342-1013 | NON-SOLICITATION AGREEMENT | ASSIGN | 4/21/2010 | $0.00 |
| ADLER TECH INTERNATIONAL<br>1235 BAY ST<br>STE 1000<br>TORONTO, ON M5R 3K4<br>CANADA | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/29/2003 | $0.00 |
| ADLERTECH INTERNATIONAL, INC.<br>1235 BAY ST<br>STE 1000<br>TORONTO, ON<br>CANADA | TECHNOLOGY LICENSE AGREEMENT | ASSIGN | 8/22/2006 | $0.00 |
| ADMINISTAFF SERVICES, L.P.<br>19001 CRESCENT SPRING DR<br>KINGWOOD, TX 77339-3802 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/24/2005 | $0.00 |
| ADMORE (SEE ENNIS)<br>24707 WOOD CT<br>MACOMB, MI 48042 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ADP<br>PO BOX 0500<br>CAROL STREAM, IL 60132-0500 | BENEFIT PROVIDER - COBRA | ASSIGN | 9/8/2010 | $0.00 |
| ADP<br>PO BOX 0500<br>CAROL STREAM, IL 60132-0500 | BENEFIT PROVIDER - FSA | ASSIGN | 9/8/2010 | $0.00 |
| ADP, INC.<br>ADP BLVD<br>ROSELAND, NJ O7068 | MASTER SERVICES AGREEMENT | ASSIGN | 9/8/2000 | $0.00 |
| ADS ALLIANCE DATA SYSTEMS, INC.<br>17655 WATERVIEW PARKWAY<br>DALLAS, TX 75252 | AGREEMENT AND PLAN OF MERGER, AS AMENDED, AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN EXCEPT AS SPECIFICALLY REJECTED | ASSIGN | 10/8/2004 | $0.00 |
| ADS ALLIANCE DATA SYSTEMS, INC., EVEREST NIVOLE, INC., RELIZON HOLDINGS, L.L.C., ALLIANCE DATA SYSTEMS CORPORATION<br>ADS ALLIANCE DATA SYSTEMS, INC.<br>17655 WATERVIEW PKWY<br>ATTN: GENERAL COUNSEL<br>DALLAS, TX 75252 | SALE OF RELIZON E-CRM PURSUANT TO AN AGREEMENT AND PLAN OF MERGER, AS AMENDED, AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN EXCEPT AS SPECIFICALLY REJECTED | ASSIGN | 10/8/2004 | $0.00 |
| ADT SECURITY SERVICES, INC.<br>PO BOX 371967<br>PITTSBURGH, PA 15250-7967 | COMMERCIAL SALES PROPOSAL AGREEMENT | ASSIGN | 11/11/2004 | $0.00 |
| ADVANCE BUSINESS GRAPHICS TENANT HEALTHCARE GROUP, BROADLANE<br>3810 WABASH DR<br>MIRA LOMA, CA 91752 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/25/2005 | $0.00 |
| ADVANCE DIGITAL SYSTMES, INC. D/B/A MI-CO<br>PO BOX 2233<br>CHAPEL HILL, NC 27515-9835 | SERVICES AGREEMENT | ASSIGN | 5/23/2003 | $0.00 |
| ADVANCED PUBLICATION, INC.<br>1313 N. MARKET STREET, 10TH FLOOR<br>WILMINGTON, DE 19801 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ADVANCEPCS HEALTH, L.P.<br>750 W JOHN CARPENTER FWY<br>IRVING, TX 75039 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2003 | $0.00 |
| ADVANTA CORPORATION<br>11850 S ELECTION RD<br>DRAPER, UT 84020 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/9/2005 | $0.00 |
| ADVANTAGE MAILING<br>MGM ONLY 1633 N LESLIE WAY<br>ORANGE, CA 92867 | VENDOR | ASSIGN | 4/15/2010 | $0.00 |
| ADVANTIS<br>4300 W CYPRESS ST<br>NO 1000<br>TAMPA, FL 33607 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/16/2001 | $0.00 |
| ADVANTIS CREDIT UNION<br>10501 SE MAIN ST<br>MILWAUKIE, OR 97222-7594 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 4/16/2009 | $0.00 |
| ADVIZEX TECHNOLOGIES, LLC<br>7757 AUBURN ROAD, SUITE 20<br>CONCORD, OH 44077 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/20/2003 | $0.00 |
| AEARO COMPANY<br>1728 W FRISCO AVE<br>CHICKASHA, OK 73018 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/3/2003 | $0.00 |
| AEGON<br>3222 PHOENIXVILLE PIKE STE B 54<br>FRAZER, PA 19355 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/2/2010 | $0.00 |
| AEROTEK COMMERCIAL STAFFING<br>7301 PKWY DR<br>HANOVER, MD 21076 | DIRECT PLACEMENT AGREEMENT | ASSIGN | 8/25/2008 | $0.00 |
| AEROTEK COMMERCIAL STAFFING<br>7301 PKWY DR<br>HANOVER, MD 21076 | SERVICES AGREEMENT | ASSIGN | 9/15/2008 | $0.00 |
| AEROXCHANGE<br>5221 NORTH O'CONNOR BLVD, SUITE 800 E<br>IRVING, TX 75039 | VENDOR AGREEMENT | ASSIGN | 7/21/2004 | $0.00 |
| AETNA BUILDING MAINTENANCE<br>PO BOX 636290<br>CINCINNATI, OH 45263-6290 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/30/2005 | $0.00 |
| AETNA BUILDING MAINTNENACE<br>646 PARSONS AVE<br>COLUMBUS, OH 43206 | SERVICES AGREEMENT | ASSIGN | 7/28/2008 | $9,251.00 |
| AETNA LIFE INS CO<br>151 FARMINGTON AVE<br>HARTFORD, CT 06105 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/7/2010 | $0.00 |
| AETNA LIFE INSURANCE COMPANY<br>151 FARMINGTON AVE<br>HARTFORD, CT 06105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/2/2002 | $0.00 |
| AETNA LIFE INSURANCE COMPANY<br>151 FARMINGTON AVE<br>HARTFORD, CT 06105 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/7/2010 | $0.00 |
| AETNA US HEALTHCARE<br>ONE MONUMENT SQUARE<br>PORTLAND, ME 04101 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/17/1999 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AFCO CREDIT<br>1000 N. MILWAUKEE AVE.<br>GLENVIEW, IL 60025 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 12/10/2009 | $0.00 |
| AFFILIATED COMPUTER SERVICES, INC.<br>2828 NORTH HASKELL AVE<br>DALLAS, TX 75204 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/20/2007 | $0.00 |
| AFFILIATED COMPUTER SERVICES, INC.<br>2828 NORTH HASKELL AVE<br>DALLAS, TX 75204 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/3/2009 | $0.00 |
| AFFINA CORPORATION<br>2001 RUPPMAN PLZ<br>PEORIA, IL 61614-7917 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/2/2001 | $0.00 |
| AFFINITY EXPRESS INC.<br>2200 POINT BLVD STE 130<br>ELGIN, IL 60123 | SERVICES AGREEMENT | ASSIGN | 10/20/2006 | $0.00 |
| AGATI,MARTIN N<br>4236 ARBOR CLUB DR<br>MARIETTA, GA 30066 | ACC EXEC, 01/02/09 | ASSIGN | 8/4/1993 | $0.00 |
| AGFIRST FARM CREDIT BANK<br>1401 HAMPTON ST<br>COLUMBIA, SC 29201 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/9/1999 | $0.00 |
| AGGREGATED BILLING SOLUTIONS, INC<br>176 W. LOGAN<br>NOBLESVILLE, IN 46080 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/4/2003 | $0.00 |
| AGILENT TECHNOLOGIES<br>5301 STEVENS CREEK BLVD<br>SANTA CLARA, CA 95051 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/22/2009 | $0.00 |
| AGILYSYS<br>6065 PARKLAND BLVD<br>CLEVELAND, OH 44124 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/29/2004 | $0.00 |
| AGRIBANK<br>375 JACKSON ST<br>ST PAUL, MN 55101 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2006 | $0.00 |
| AGRIBANK, FCB<br>ASSOCIATE GENERAL COUNSEL<br>375 JACKSON ST<br>ST PAUL, MN 55101 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 2/24/2006 | $0.00 |
| AGRIUM ADVANCED TECHNOLOGIES<br>2915 ROCKY MOUNTAIN AVE<br>LOVELAND, CO 80538 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/16/2010 | $0.00 |
| AHOLD, USA, INC.<br>45 DAN RD<br>CANTON, MA 02021 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/19/2002 | $0.00 |
| AIG (AMERICAN INTL GROUP INC)<br>70 PINE ST<br>NEW YORK, NY 10005 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/3/2008 | $0.00 |
| AIMCO - APARTMENT INVESTMENT & MANAGEMENT CO.<br>4582 S ULSTER ST PARKWAY STE 1100<br>DENVER, CO 80237 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2003 | $0.00 |
| AIR LIQUIDE AMERICA LP<br>3210 INNOVATIVE WAY<br>MESQUITE, TX 75149 | DEMONSTRATION TEST AGREEMENT | ASSIGN | 1/15/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AIR ROUTING INTERNATIONAL<br>2925 BRIARPARK DRIVE 7TH FL<br>HOUSTON, TX 77042 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/9/2001 | $0.00 |
| AIRGAS MERCHANT GASES, LLC<br>6060 ROCKSIDE WOODS BOULEVARD STE 241<br>CLEVELAND, OH 44131-2375 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/27/2007 | $0.00 |
| AIRGAS SAFETY<br>2700 BRECKINRIDGE BLVD<br>DULUTH, GA 30096 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/6/2006 | $0.00 |
| AIRGAS, INC.<br>133 3016 10TH AVE NE<br>CALGARY, CA T2A 6A3<br>CANADA | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/9/2005 | $0.00 |
| AIS MANAGEMENT LLC<br>999 N SEPULVEDA STE 800<br>EL SEGUNDO, CA 90245 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/29/2009 | $0.00 |
| AIS MANAGEMENT LLC<br>999 N SEPULVEDA STE 800<br>EL SEGUNDO, CA 90245 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/9/2009 | $0.00 |
| AKER,DEBORAH L<br>4005 NE GLISAN ST<br>PORTLAND, OR 97232 | MGR CUST SERV, 02/13/09 | ASSIGN | 11/30/2000 | $0.00 |
| ALAMEDA COUNTY MEDICAL CENTER<br>1411 E 31ST ST<br>OAKLAND, CA 94602 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/2/2004 | $0.00 |
| ALAN D PALMER<br>5576 DORSET ST<br>SHELBURNE, VT 05482 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 11/1/2001 | $0.00 |
| ALASKA AIRLINES<br>2651 S 192ND ST<br>SEATTLE, WA 98188 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/10/2003 | $0.00 |
| ALASKA AIRLINES, INC.<br>2651 S 192ND ST<br>SEATTLE, WA 98188 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/2/2004 | $0.00 |
| ALBANO,VINCENT C<br>4241 W 131ST TER<br>LEAWOOD, KS 66209-4141 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/16/2004 | $0.00 |
| ALBANY MEDICAL CENTER<br>43 NEW SCOTLAND AVE ATTN A 92<br>ALBANY, NY 12208 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| ALBANY MEDICAL CENTER<br>43 NEW SCOTLAND AVENUE MC29<br>ALBANY, NY 12208 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2004 | $0.00 |
| ALBERS,JILL N<br>57 S MAIN ST<br>FT LORAMIE, OH 45845-9770 | ACCOUNT EXECUTIVE, 10/22/10 | ASSIGN | 9/21/2009 | $0.00 |
| ALBERT EINSTEIN MEDICAL CENTER<br>5501 OLD YORK RD<br>PHILADELPHIA, PA 19141 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 7/1/2010 | $0.00 |
| ALBERT,CHARLES R<br>1007 FERNSHIRE DR<br>CENTERVILLE, OH 45459-2313 | VP OF FINANCE, 09/01/10 | ASSIGN | 5/21/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ALCOA CSI<br>PO BOX 535131<br>PITTSBURGH, PA 15253-0131 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/18/2001 | $0.00 |
| ALCOA INC.<br>6200 MALAGA/ALCOA HWY<br>MALAGA, WA 98828 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/10/2001 | $0.00 |
| ALCOA INC.<br>3131 EAST MAIN ST<br>LAFAYETTE, IN 47905 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/27/2004 | $0.00 |
| ALCOHOLICS ANONYMOUS WORLD SERVICES<br>475 RIVERSIDE DR<br>NEW YORK, NY 10115 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2007 | $0.00 |
| ALCOM PRINTING GROUP INC.<br>140 CHRISTOPHER LN<br>HARLEYSVILLE, PA 19438-2034 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/30/2006 | $0.00 |
| ALEMAGNO,JAMES<br>11915 NATHANSHILL LN<br>CINCINNNATI, OH 45249-1770 | SALES SUPPORT AGREEMENT | ASSIGN | 8/2/2010 | $0.00 |
| ALEXANDER & BALDWIN , INC.<br>822 BISHOP ST<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/18/2001 | $0.00 |
| ALEXANDER,JASMINE K<br>413 RENDALE PL<br>TROTWOOD, OH 45426-2827 | SALES SUPPORT AGREEMENT | ASSIGN | 8/19/2010 | $0.00 |
| ALL ASSOCIATES GROUP<br>3737 GLENWOOD AVENUE, SUITE 100<br>RALEIGH, NC 27612 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/26/2002 | $0.00 |
| ALL SOURCE, INC.<br>14942 SOUTHEAST 82ND<br>CLACKAMAS, OR 97015 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/9/2003 | $0.00 |
| ALLEGHENY GERERAL HOSPITAL AND FORBES REGIONS HOSPITALS<br>320 E NORTH AVE<br>PITTSBURGH, PA 15212 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/25/1999 | $0.00 |
| ALLEGIANCE HEALTHCARE CORPORATION<br>1430 WAUKEGAN RD<br>MCGAW PARK, IL 60085 | CONTINUING GUARANTY | ASSIGN | 4/9/2002 | $0.00 |
| ALLEGIANCE HEALTHCARE CORPORATION<br>1430 WAUKEGAN RD<br>MCGAW PARK, IL 60085 | EBUSINESS AGREEMENT | ASSIGN | 11/1/2001 | $0.00 |
| ALLEN TATE CO.<br>6700 FAIRVIEW RD<br>CHARLOTTE, NC 28210-3324 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/5/2003 | $0.00 |
| ALLEN,JEREMY D<br>805 ROYAL LN<br>YUKON, OK 73099-4223 | ACCOUNT RELATIONSHIP MANAGER, 03/31/09 | ASSIGN | 7/17/2007 | $0.00 |
| ALLETE, INC.<br>30 W SUPERIOR ST<br>DULUTH, MN 55802 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/4/2005 | $0.00 |
| ALLIANCE COST CONTAINMENT, LLC<br>220 S FIRST STREET STE 301<br>LOUISVILLE, KY 40202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/30/2006 | $0.00 |
| ALLIANCE CREDIT UNION<br>3315 ALMADEN EXPRESSWAY STE 55<br>SAN JOSE, CA 95118 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/14/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ALLIANCE CREDIT UNION 3315 ALMADEN EXPRESSWAY STE 55 SAN JOSE, CA 95118 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 5/22/2006 | $0.00 |
| ALLIANCE HOSPITAL 515 NORTH ADAMS ODESSA, TX 79761 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/2/2003 | $0.00 |
| ALLIANCE MAILING 1023 WILSO DR BALTIMORE, MD 21223 | VENDOR AGREEMENT | ASSIGN | 3/1/2004 | $0.00 |
| ALLIANCE MAILING INC 1023 WILSO DR BALTIMORE, MD 21223 | BILLING SOLUTIONS SOURCING AGREEMENT | ASSIGN | 3/1/2004 | $0.00 |
| ALLIANCE MAILING INC 1023 WILSO DR BALTIMORE, MD 21223 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2004 | $0.00 |
| ALLIANZ GLOBAL RISK US INSURANCE COMPANY 225 W WASHINGTON ST STE 2000 CHICAGO, IL 60606-3484 | PROPERTY , CLP3011730 | ASSIGN | 8/3/2010 | $0.00 |
| ALLIED DOCUMENT SOLUTIONS, INC. 3820 109TH ST DES MOINES, IA 50391 | BILLING SOLUTIONS SOURCING AGREEMENT | ASSIGN | 4/1/2004 | $0.00 |
| ALLIED FITTING L.P. 7200 MYKAWA RD HOUSTON, TX 77033 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/26/2009 | $0.00 |
| ALLIED WASTE PO BOX 9001487 LOUISVILLE, KY 40290-1487 | SERVICE AGREEMENT | ASSIGN | 2/1/2008 | $7,681.00 |
| ALLIED WHOLESALE ELECTRIC 120 N LYNHURST DR INDIANAPOLIS, IN 46224 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/17/2001 | $0.00 |
| ALLSTATE FINANCIAL ADVISORS, LLC 3100 SANDERS RD STE M4 NORTHBROOK, IL 60062 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/29/2008 | $0.00 |
| ALLSTATE INSURANCE CO. 2775 SANDERS RD NORTHBROOK, IL 60062 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/10/2008 | $0.00 |
| ALLSTATE INSURANCE COMPANY 2775 SANDERS RD NORTHBROOK, IL 60062 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/21/2008 | $0.00 |
| ALLSTATE INSURANCE COMPANY 2775 SANDERS RD NORTHBROOK, IL 60062 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/10/2008 | $0.00 |
| ALLTEL CORPORATION 2000 HIGHLAND RD TWINSBURG, OH 44087 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/6/2002 | $0.00 |
| ALORICA INC. 421 SANFORD RD LAVERGNE, TN 37086 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/21/2009 | $0.00 |
| ALOVATS NORTH, LLC C/O PRINCIPAL REAL ESTATE INVESTOR 801 GRAND AVE DE MOINES, IA 50392-1370 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 7/26/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ALPHA & OMEGA BUILDING SERVICES<br>2843 CULVER AVENUE<br>KETTERING, OH 45429 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2005 | $0.00 |
| ALPHA TAU OMEGA<br>ONE NORTH PENNSYLVANIA ST 12TH FL<br>INDIANAPOLIS, IN 46204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/2/2005 | $0.00 |
| ALTRIA CLIENT SERVICES, INC<br>11011 W BROAD STREET<br>GLEN ALLEN, VA 23060-5937 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/24/2008 | $0.00 |
| ALVARADO HOSPITAL<br>6655 ALVARADO RD<br>SAN DIEGO, CA 92120-5208 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, BROADLANE | ASSIGN | 2/1/2010 | $0.00 |
| ALVAREZ,DEBRA J<br>PO BOX 292023<br>KETTERING, OH 45429-0023 | ACC REP, 02/09/09 | ASSIGN | 12/1/2000 | $0.00 |
| ALZHEIMER'S ASSOCIATION<br>225 N. MICHIGAN AVENUE PLACE, FLOOR 17<br>CHICAGO, IL 60601 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/29/2007 | $0.00 |
| ALZHEIMER'S ASSOCIATION<br>225 N. MICHIGAN AGE<br>FL 17<br>CHICAGO, IL 60601<br>USA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/29/2007 | $0.00 |
| AMATEUR TRAPSHOOTING ASSOCIATION<br>601 WEST NATIONAL RD<br>VANDALIA, OH 45377 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/15/2005 | $0.00 |
| AMAZON.COM<br>1200 12TH AVE<br>STE 1200<br>SEATTLE, WA 98144 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/10/2007 | $0.00 |
| AMCOR-AMERICAN COMPUTER RESOURCES<br>373 ROUTE 46 WEST<br>FAIRFIELD, NJ 17044 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/2/2004 | $0.00 |
| AMEGY BANK NATIONAL ASSOC.<br>1801 MAIN ST<br>TH A00605715<br>HOUSTON, TX 77002 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/27/2009 | $0.00 |
| AMEGY BANK NATIONAL ASSOCIATION FKA SOUTHWEST BANK OF TEXAS NATIONAL ASSOCIATION<br>4400 POST OAK PKWY<br>HOUSTON, TX 77027 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| AMEGY BANK NATL ASSOC<br>PO BOX 27459<br>HOUSTON, TX 27459 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/18/2007 | $0.00 |
| AMEREN<br>1901 CHOUTERO<br>PO BOX 66884<br>ST LOUIS, MO 63103 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/6/2004 | $0.00 |
| AMEREN<br>1901 CHOUTREAU<br>ST LOUIS, MO 63105 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/12/2004 | $0.00 |
| AMERICAN AIRLINES FEDERAL C.U.<br>4200 AMON CARTER BLVD<br>FT WORTH, TX 76155 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/1/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AMERICAN APPRAISAL ASSOCIATES 420 LEXINGTON AVENUE STE 2140 GRAYBAR BUILDING NEW YORK, NY 10170 | LETTER AGREEMENT | ASSIGN | 10/26/2004 | $0.00 |
| AMERICAN BANK NOTE CO 711 ARMSTRONG LN COLUMBIA, TN 38401 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/5/2003 | $0.00 |
| AMERICAN BANK NOTE COMPANY 711 ARMSTRONG LN COLUMBIA, TN 38401 | STAMP CONSIGNMENT AGREEMENT | ASSIGN | 5/5/2003 | $0.00 |
| AMERICAN BANKERS ASSOCIATION 1120 CONNECTICUT AVENUE N W WASHINGTON, DC 20036 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/10/2003 | $0.00 |
| AMERICAN COLOR GRAPHICS, INC. 250 WEST PRATT STREET FL 18 BALTIMORE, MD 21201 | MASTER SERVICES AGREEMENT | ASSIGN | 6/12/2008 | $0.00 |
| AMERICAN DIGITAL COMPANY 1835 THOMAS RD MEMPHIS, TN 38134 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| AMERICAN EAGLE OUTFITTERS, INC 77 HOT METAL STREE T PITTSBURGH, PA 15203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/7/2009 | $0.00 |
| AMERICAN ELECTRIC POWER SERVICE CORPORATION 1 RIVERSIDE PLAZA 15TH FL COLUMBUS, OH 43215 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/15/2006 | $0.00 |
| AMERICAN EXPEDITING 2215 ARCH ST PHILADELPHIA, PA 19103 | CARRIER AGREEMENT | ASSIGN | 9/14/2004 | $0.00 |
| AMERICAN EXPRESS CO 3655 VINEYARD RIDGE CINCI, OH 45241 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/8/2002 | $0.00 |
| AMERICAN EXPRESS CO 14901 NW 79TH CT MIAMI LAKES, FL 33016 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/16/2004 | $0.00 |
| AMERICAN EXPRESS TRAVEL WORLD FINANCIAL CTR 200 VERSEY ST NEW YORK, NY 10285 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/19/2009 | $0.00 |
| AMERICAN EXPRESS TRAVEL WORLD FINANCIAL CTR 200 VERSEY ST NEW YORK, NY 10285 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/18/2010 | $0.00 |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES 200 VESEY ST NEW YORK, NY 10285 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/16/2004 | $0.00 |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES CO 200 VESEY ST NEW YORK, NY 10285 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/23/2009 | $0.00 |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. 20022 NORTH 31ST AVE MAIL CODE 203 PHOENIX, AZ 85027 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2005 | $0.00 |
| AMERICAN GUARANTEE & LIABILITY 5005 ROCKSIDE RD STE 1100 INDEPENDENCE, OH 44131 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AMERICAN GUARANTEE & LIABILITY INSURANCE CO<br>5005 ROCKSIDE RD<br>STE 1100<br>INDEPENDENCE, OH 44131 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/25/2001 | $0.00 |
| AMERICAN HEALTHWAYS<br>4841 GREEN HILLS VILLAGE DR<br>NASHVILLE, TN 37215 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/23/2005 | $0.00 |
| AMERICAN HEALTHWAYS SERVICES, INC.<br>701 COOL SPRINGS BLVD<br>FRANKLIN, TN 37067 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/23/2008 | $0.00 |
| AMERICAN HEALTHWAYS SERVICES, INC.<br>701 COOL SPRINGS BLVD<br>FRANKLIN, TN 37067 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| AMERICAN HEALTHWAYS SVCS INC.<br>3841 GREEN HILLS VILLAGE<br>NASHVILLE, TN 37215 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/24/2008 | $0.00 |
| AMERICAN HEART ASSOCIATION<br>7272 GREENVILLE AVE<br>DALLAS, TX 75231 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/18/2009 | $0.00 |
| AMERICAN HEART ASSOCIATION<br>7272 GREENVILLE AVE<br>DALLAS, TX 23514-3037 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2001 | $0.00 |
| AMERICAN HEART ASSOCIATION, INC. (AHA)<br>7272 GREENVILLE AVE<br>DALLAS, TX 23514-3037 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2005 | $0.00 |
| AMERICAN HOME ASSURANCE COMPANY<br>70 PINE STREET FLOOR 1<br>NEW YORK , NY  10270-0002 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/13/2002 | $0.00 |
| AMERICAN HONDA<br>9974 INTERNATIONAL BLVD<br>CINCINNATI, OH 45046 | SERVICE AND SUPPORT AGREEMENT | ASSIGN | 3/4/2005 | $0.00 |
| AMERICAN INTERNATIONAL CO.<br>1375 E 8TH ST<br>CLEVELAND, OH 44114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/1/2001 | $0.00 |
| AMERICAN INTERNATIONAL GROUP<br>70 PINE ST<br>NEW YORK, NY 10005 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/1/2008 | $0.00 |
| AMERICAN LABEL COMPANY INC<br>PO BOX 71522<br>CHATTANOOGA, TN 37407 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| AMERICAN LIGHTING SUPPLY<br>7754 A ARJONS DR<br>SAN DIEGO, CA 92126 | LIGHTING UPGRADE AGREEMENT | ASSIGN | 5/5/2006 | $0.00 |
| AMERICAN LITHO INC<br>DEPT 4106<br>CAROL STREAM, IL 60122-4106 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2009 | $0.00 |
| AMERICAN LOOSE LEAF<br>4015 PAPIN ST<br>ST LOUIS, MO 63110 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| AMERICAN NURSES ASSOCIATION<br>8515 GEORGIA AVE STE 400<br>SILVER SPRING, MD 20910 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2007 | $0.00 |
| AMERICAN PACIFIC STATE BANK<br>15260 VENTURA BLVD STE 1600<br>SHERMAN OAKS, CA 91403 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/26/1997 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AMERICAN PAD AND PAPER LLC<br>3000 EAST PLANO PARKWAY<br>PLANO, TX 75074<br>USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/16/2002 | $0.00 |
| AMERICAN PAYMENT SYSTEMS<br>15 STERLING DR<br>PO BOX 6044<br>WALLINGFORD, CT 06492-7544 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/31/2005 | $0.00 |
| AMERICAN PRESIDENT COMPANIES, LTD.<br>1111 BROADWAY<br>OAKLAND, CA 94607 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/1992 | $0.00 |
| AMERICAN PRODUCT DISTRIBUTORS<br>8350 ARROWRIDGE BLVD<br>CHARLOTTE, NC 28273 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| AMERICAN PSYCHOLOGICAL ASSOCIATION<br>750 FIRST STREET NE<br>WASHINGON, DC 20002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/19/2008 | $0.00 |
| AMERICAN RED CROSS<br>2025 E ST NW<br>WASHINGTON, DC 20006 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/4/2008 | $0.00 |
| AMERICAN REGISTRY FOR INTERNET NUMBERS, LTD<br>3635 CONCORDE PARKWAY STE 200<br>CHANTILLY, VA 20151 | SERVICE AGREEMENT | ASSIGN | 11/5/2004 | $0.00 |
| AMERICAN RE-INSURANCE CO.<br>471 E BROAD ST<br>18TH FL<br>COLUMBUS, OH 43215 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/17/2002 | $0.00 |
| AMERICAN SKIING CO INC.<br>8 DAVIS RD.<br>BETHEL, MD 4217<br>USA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/X/2002 | $0.00 |
| AMERICAN SKIING COMPANY<br>515 MADISON AVE FL 22<br>NEW YORK, NY 10022 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/21/2004 | $0.00 |
| AMERICAN TILE SUPPLY, INC.<br>2839 MERRELL RD<br>DALLAS, TX 75229-4702 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/14/2005 | $0.00 |
| AMERICAN WATER WORKS<br>800 W HERSHEY PARK DR<br>HERSHEY, PA 17033 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/30/2001 | $0.00 |
| AMERICAN WATER WORKS<br>1025 LAUREL OAK RD<br>VOORHEES, NJ 08043 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/17/2009 | $0.00 |
| AMERICAN WEST BANK<br>41 W RIVERSIDE<br>SPOKANE, WA 99201 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/6/2006 | $0.00 |
| AMERICAN WEST BANK<br>110 S FERRALL ST<br>SPOKANE, WA 99202-4800 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/29/2010 | $0.00 |
| AMERICANWEST BANCORPORATION<br>41 W RIVERSIDE AVE STE 400<br>SPOKANE, WA 99201 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/19/2007 | $0.00 |
| AMERICANWEST BANK<br>41 W RIVERSIDE<br>SPOKANE, WA 99201 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/6/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AMERICOLD CORPORATION<br>7007 S W CARDINAL LN STE 135<br>PORTLAND, OR 97224 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/11/1994 | $0.00 |
| AMERICOLD LOGISTICS LLC<br>10 GLENLAKE PARKWAY SOUTH TOWER STE 800<br>ATLANTA, GA 30328 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2007 | $0.00 |
| AMERIFINANCIAL SOLUTIONS<br>PO BOX 7900<br>SPARKS, MD 21152 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/21/2008 | $0.00 |
| AMERIGAS PROPANE, L.P.<br>460 NORTH GULPH RD<br>KING OF PRUSSIA, PA 19406 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/27/2008 | $0.00 |
| AMERIPRINT GRAPHICS INCORPORAT<br>2065 AMERICAN DR<br>NEENAH, WI 54956 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2009 | $0.00 |
| AMERIPRISE<br>707 SECOND AVE SOUTH<br>MINNEAPOLIS, MN 55402 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/28/2008 | $0.00 |
| AMERIPRISE FINANCIAL, INC.<br>707 SECOND AVE SOUTH<br>MINNEAPOLIS, MN 55474 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/6/2008 | $0.00 |
| AMERISOURCEBERGEN SVCS CORP<br>1300 MORRIS DR<br>STE 100<br>CHESTERBROOK, PA 19087-5594 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/16/2002 | $0.00 |
| AMESTOY,THOMAS J<br>814 HUGO REID DR<br>ARCADIA, CA 91007-6114 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/28/2009 | $0.00 |
| AMS EXPRESS, INC.<br>635 YANKEE DOODLE ROAD<br>MENDOTA HEIGHTS, MN  55121-2326 | CARRIER AGREEMENT | ASSIGN | 5/8/2007 | $0.00 |
| AMSAN LLC<br>1330 NORTH AVE<br>DEERFIELD, IL 60015 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/20/2003 | $0.00 |
| AMSANWEST, INC.<br>4201 SIERRA POINT DRIVE STE 101<br>SACRAMENTO, CA 95834 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/30/2003 | $0.00 |
| AMTROL<br>1400 DIVISION RD<br>WEST WARWICK, RI 02893 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/7/2006 | $0.00 |
| AMTROL INC.<br>1400 DIVISION RD<br>WEST WARWICK, RI 02893 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| AMTROL, INC.<br>1400 DIVISION RD<br>WEST WARWICK, RI 02893 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2004 | $0.00 |
| AMTROL, INC.<br>1400 DIVISION RD<br>WEST WARWICK, RI 02893 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2004 | $0.00 |
| ANACOMP INC<br>PO BOX 30838<br>LOS ANGELES, CA 90030-0838 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/9/2003 | $0.00 |
| ANADARKO PETROLEUM CORP<br>1201 LAKE ROBBINS<br>THE WOODLANDS, TX 77380 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ANADARKO PETROLEUM CORPORATION<br>1201 LAKE ROBBINS DR<br>THE WOODLANDS, TX 77380 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/13/2009 | $0.00 |
| ANCHOR GLASS CORPORATION<br>4343 ANCHOR PLZ PKWY<br>TAMPA, FL 33643 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/16/2004 | $0.00 |
| ANCOR LIMITED<br>1911 WOODSLEE<br>TROY, MI 48083 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/5/2002 | $0.00 |
| ANDA, INC.<br>2915 WESTON RD<br>WESTON, FL 33331-3627 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/23/2002 | $0.00 |
| ANDERSON,DEE ANN J<br>3775 S HOOKER ST<br>SHERIDAN, CO 80110-3226 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 12/29/2009 | $0.00 |
| ANDERSON,PAUL M<br>16 SULLIVAN CHASE DR<br>AVONDALE, PA 19311 | SR. ACCOUNT RELATIONSHIP MGR, 04/09/10 | ASSIGN | 11/24/2003 | $0.00 |
| ANDREW HAWES<br>25 BEECHWOOD RD<br>FORT MITCHELL, KY 41017 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 9/30/2009 | $0.00 |
| ANDREWS FEDERAL CREDIT UNION<br>5711 ALLENTOWN RD<br>SUITLAND, MD 20746 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/20/2003 | $0.00 |
| ANN TAYLOR<br>142 W 57TH ST<br>NEW YORK, NY 10019 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/20/2004 | $0.00 |
| ANTHEM BLUE CROSS AND BLUE SHIELD<br>MAIL STOP CO0105-0527<br>700 BROADWAY<br>DENVER, CO 80273<br>USA | BENEFIT PROVIDER - EAP | ASSIGN | NOT DATED | $0.00 |
| ANTHEM COMMUNITY INSURANCE COMPANY DBA BLUE CROSS AND BLUE SHIELD<br>4241 IRWIN SIMPSON ROAD<br>MASON, OH 45040<br>USA | MEDICAL BENEFIT PROVIDER - ADMINISTRATIVE SERVICES | ASSIGN | 1/1/2010 | $0.00 |
| ANTHEM INSURANCE COMPANIES, INC.<br>4241 IRWIN SIMPSON RD<br>MASON, OH 45040 | HEALTH SAVINGS ACCOUNT BANK | ASSIGN | 9/8/2009 | $0.00 |
| ANTHEM INSURANCE COMPANIES, INC., DBA ANTHEM BLUE CROSS AND BLUE SHIELD<br>4241 IRWIN SIMPSON ROAD<br>MASON, OH 45040<br>USA | BENEFITS AGREEMENT | ASSIGN | 1/1/2010 | $0.00 |
| ANTOSKIEWICZ,WILLIAM R<br>57 MAGNOLIA LN<br>APT 3323<br>BEAVERCREEK, OH 45440-1485 | EXECUTIVE CONTRACT | ASSIGN | 5/11/2009 | $0.00 |
| AON CONSULTING, INC.<br>PO BOX 905188<br>CHARLOTTE, NC 28290-5188 | STATEMENT OF WORK, NON-DEFERRED BENEFIT PLAN SERVICES | ASSIGN | 1/18/2001 | $0.00 |
| AON SERVICE CORP<br>200 E RANDOLPH<br>19TH FL<br>CHICAGO, IL 60601 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/19/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AON SERVICE CORPORATION<br>200 E RANDOLPH<br>STE 8S14A<br>CHICAGO, IL 60601 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/19/2009 | $0.00 |
| AP&S CLINIC<br>221 S SIXTH ST<br>TERRE HAUTE, IN 47807 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/15/2003 | $0.00 |
| APAC HOLDINGS, INC.<br>900 ASHWOOD PARKWAY STE 700<br>ATLANTA, GA 30338 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/4/2006 | $0.00 |
| APCO<br>351 N WILLIAMSON BLVD<br>DAYTONA BEACH, FL 32114-1112 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2003 | $0.00 |
| APCO INTERNATIONAL<br>351 NORTH WILLIAMSON BLVD<br>DAYTONA BEACH, FL 32114 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/4/2009 | $0.00 |
| APEX BUSINESS SYSTEMS<br>1325 SOUTH CREEK DR STE 500<br>HOUSTON, TX 77084 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2001 | $0.00 |
| APEX COLOR<br>200 NORTH LEE ST<br>JACKSONVILLE, FL 32204-1134 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2007 | $0.00 |
| APEXGRAPHIX<br>1415 GERVAIS ST<br>COLUMBIA, SC 29201 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| APOLLO PRESS INCORPORATED<br>270 ENTERPRISE DR<br>NEWPORT NEWS, VA 23603 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| APPERSON PRINT MGMT SERVICE<br>13910 CERRITOS CORP DR<br>CERRITOS, CA 90703-2457 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| APPLE COMPUTER, INC.<br>1 INFINITE LOOP<br>CUPERTINO, CA 95014 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2002 | $0.00 |
| APPLETON PAPERS<br>825 EAST WISCONSIN AVE<br>APPLETON, WI 54911 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/22/2010 | $0.00 |
| APPLETON PAPERS INC.<br>825 EAST WISCONSIN AVE<br>APPLETON, WI 54912 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/22/2006 | $0.00 |
| APPLETON PAPERS INC.<br>825 EAST WISCONSIN AVE<br>APPLETON, WI 54912 | SALES & PURCHASE AGREEMENT | ASSIGN | 1/1/2006 | $0.00 |
| APPLETON PAPERS INC.<br>825 EAST WISCONSIN AVE<br>APPLETON, WI 54912 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 12/28/1994 | $0.00 |
| ARAMARK UNIFORM SERVICE<br>1200 WEBSTER ST<br>DAYTON, OH 45404 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/25/2008 | $0.00 |
| ARCELORMITTAL USA INC.<br>1 SOUTH DEARBORN ST<br>CHICAGO, IL 60603-2302 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2007 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ARGONAUT INSURANCE CO<br>10101 REUNION PL BLVD<br>STE 500<br>SAN ANTONIO, TX 78216 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/4/2003 | $0.00 |
| ARIAS LOGISGTICS INC.<br>543 S AMERICAS AVE STE B<br>EL PASO, TX 79907 | SERVICE/REPAYMENT AGREEMENT | ASSIGN | 11/5/2003 | $0.00 |
| ARIBA<br>807 11TH AVE<br>SUNNYVALE, CA 94089 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | NOT DEFINED | $0.00 |
| ARINSO INTERNATIONAL<br>3575 PIEDMONT RD<br>STE 820<br>ATLANTA, GA 30305 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/15/2002 | $0.00 |
| ARIZONA WATER COMPANY<br>PO BOX 29006<br>PHOENIX, AZ 85038 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2003 | $0.00 |
| ARKANSAS GRAQPHICS INC.<br>800 S GAINE<br>LITTLE ROCK, AR 72201 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2008 | $0.00 |
| ARNOLD GRAPHIC INDUSTRIES<br>WAYNE C. JIRA<br>1600 E. TURKEYFOOT LAKE ROAD<br>P. O. BOX 577<br>AKRON, OH 44309 | ACQUISITION OF ARNOLD PURSUANT TO A PURCHASE OF ASSETS<br>AND STOCK PURCHASE AGREEMENT AND ALL RELATED<br>AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED<br>THEREIN | ASSIGN | 1/20/1981 | $0.00 |
| ARNOLD,STEVE P<br>3953 E COSTILLA AVE<br>CENTENNIAL, CO 80122-2019 | DIVISIONAL VICE PRESIDENT, 12/10/10 | ASSIGN | 8/24/2009 | $0.00 |
| ARNSMEYER,KRISTIN<br>7903 HEATHER HEIGHTS<br>WAY<br>HOUSTON, TX 77095 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 12/9/2002 | $0.00 |
| ARRINGTON JR., EARL<br>11675 FLAG ROCK DR<br>REMINGTON, VA 22734-2166 | SALES SUPPORT AGREEMENT | ASSIGN | 7/16/2010 | $0.00 |
| ARROWHEAD LEASING CO INC. (THE)<br>PO BOX 874<br>LAKE ARROWHEAD, CA 92352 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/2/2010 | $0.00 |
| ARROW-MAGNOLIA INTERNATIONAL LP<br>2646 RODNEY LN<br>DALLAS, TX 75229 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/6/2006 | $0.00 |
| ARTHUR BLANK & COMPANY<br>225 RIVERMOOR ST<br>BOSTON, MA 01232 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ARVIN MERITOR, INC.<br>2135 W MAPLE RD<br>TROY, MO 48084 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/11/2007 | $0.00 |
| ARVINMERITOR, INC.<br>2135 W MAPLE RD<br>TROY, MO 48084 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/11/2007 | $0.00 |
| ASANTE HEALTH SYSTEM<br>100 E MAIN ST STE A<br>MEDFORD, OR 97501-6041 | CUSTOM CONTRACT | ASSIGN | 9/1/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ASANTE HEALTH SYSTEM, INC.<br>2825 E BARNETT RD<br>MEDFORD, OR 97504 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/29/2008 | $0.00 |
| ASAP TRUCKING CO.<br>PO BOX 515<br>TYRONE, GA 30290 | CARRIER AGREEMENT | ASSIGN | 11/14/2005 | $0.00 |
| ASCO MARKETING<br>225 EPISCO PARK ROAD<br>BERLIN, CT  O6037 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/12/2008 | $0.00 |
| ASHCRAFT,RYAN<br>8005 W 144TH ST<br>OVERLAND PARK, KS 66223-1371 | SALES SUPPORT AGREEMENT | ASSIGN | 5/24/2010 | $0.00 |
| ASHFORD PRESBYTERIAN HOSPITAL (ASHFORD HEALTH SYSTEMS)<br>PO BOX 9020032<br>SAN JUAN, PR 00902-0032 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | NOT DEFINED | $0.00 |
| ASHLAND INC.<br>50 E RIVERCENTER BLVD PO BOX 391<br>COVINGTON, KY 41012 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/12/2004 | $0.00 |
| ASHLEY CAPITAL LLC<br>41965 ECORSE RD<br>STE 320<br>BELLEVILLE, MI 48111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/27/2008 | $0.00 |
| ASHLEY CAPITAL LLC (TRANSWESTERN)<br>41965 ECORSE RD<br>STE 320<br>BELLEVILLE, MI 48111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/27/2008 | $0.00 |
| ASHLEY CAPITAL, LLC<br>41965 ECORSE RD<br>STE 320<br>BELLEVILLE, MI 48111 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/11/2008 | $0.00 |
| ASHLEY OAK HOLLOW, LLC C/O TRANSWESTERN COMMERCIAL SERVIC<br>C/O TRANSWESTERN COMMERICAL SERVICES<br>32255 NORTHWESTERN HWY<br>SUITE 206<br>FARMINGTON HILLS, MI 48334<br>USA | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 6/26/2002 | $0.00 |
| ASPLUNDH TREE EXPERT CO.<br>708 BLAIR MILL RD<br>WILLOW GROVE, PA 19090 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2006 | $0.00 |
| ASSOCIATED MATERIAL HANDLING INDUSTRIES, INC.<br>133 NORTH SWIFT ROAD<br>ADDISON , IL  60101-1838 | EQUIPMENT LEASES | ASSIGN | 5/5/2009 | $0.00 |
| ASSOCIATED MATERIALS<br>3773 STATE RD<br>CUYAHOGA FALLS, OH 44223 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/3/2005 | $0.00 |
| ASSOCIATION FOR CORPORATE GROWTH, INC.<br>616 N NORTH COURT STE 210<br>PALATINE, IL 60067 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/28/2008 | $0.00 |
| ASTON WAIKIKI BEACH<br>2570 KALA KONA AVE<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/16/2001 | $0.00 |
| ASTRA ZENECA<br>1800 CONCORD PIKE<br>WILMINGTON, DE 19850 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/14/2004 | $0.00 |

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ASTRAZENECA PHARMACEUTICALS<br>1800 CONCORD PIKE<br>WILMINGTON, DE 19850 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/14/2004 | $0.00 |
| AT &T SERVICES<br>310 ORANGE ST RM 3K3<br>NEW HAVEN, CT 06510 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/30/2010 | $0.00 |
| AT&T CORP<br>55 CORPORATE DR<br>BRIDGEWATER, NJ 08807 | MASTER AGREEMENT | ASSIGN | 5/31/2006 | $32,901.00 |
| AT&T GLOBAL SERVICES<br>55 CORPORATE DRIVE<br>BRIDGEWATER, NJ  O8807 | AT&T TEXAS ISDN PRIMARY RATE: SMARTTRUNK SERVICE AGREEMENT | ASSIGN | 12/12/2006 | $0.00 |
| AT&T MOBLITY<br>PO BOX 6463<br>CAROL STREAM, IL 60197 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |
| AT&T SERVICES INC<br>310 ORANGE ST RM 3K3<br>NEW HAVEN, CT 06510 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/29/2008 | $0.00 |
| ATC GROUP SERVICES<br>11121 CANAL RD<br>CINCINNATI, OH 45241 | CLIENT SERVICE AGREEMENT | ASSIGN | 9/27/2006 | $0.00 |
| ATCHISON HOSPITAL<br>800 RAVEN HILL DR<br>ATCHISON, KS 66002-1202 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| ATHENS DIAGNOSTIC & SURGICAL CENTER<br>1660 LAFAYETTE ROAD STE 100<br>CRAWFORDSVILLE, IN 47933 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| ATKINSON,LYNETTE A<br>507 SOUTH MARKET ST<br>TROY, OH 45373-3332 | SALES SUPPORT AGREEMENT | ASSIGN | 8/23/2010 | $0.00 |
| ATLANTIC BANK OF NEW YORK (ABNY)<br>960 AVE OF THE AMERICAS<br>NEW YORK, NY 10001 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/4/2003 | $0.00 |
| ATLANTIC CORP. OF WILMINGTON<br>806 NORTH 23RD ST<br>WILMINGTON, NC 28405 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/4/2007 | $0.00 |
| ATLANTIC MUTUAL<br>3 SUMMIT PARK DR<br>NO 525<br>INDEPENDENCE, OH 44131 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2001 | $0.00 |
| ATLANTIC MUTUAL COMPANIES<br>3 SUMMIT PARK DR<br>STE 525<br>INDEPENDENCE, OH 44131 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2001 | $0.00 |
| ATLAS COURIER SERVICE<br>4174 OLDENBURG STR STE 2<br>RIVERSIDE, CA 92509 | CARRIER AGREEMENT | ASSIGN | 8/30/2004 | $0.00 |
| ATLAS TAG & LABEL CO<br>PO BOX 638<br>NEENAH, WI 54957-0638 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ATRADIUS TRADE CREDIT INSURANCE, INC.<br>230 SCHILLING CIR STE 240<br>HUNT VALLEY, MD 21031 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/19/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ATSI HOLDINGS INC.<br>25 TRI STATE INTERNATIONAL<br>STE 200<br>LINCOLNSHIRE, IL 60069 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/6/2009 | $0.00 |
| ATT&T SERVICES<br>175 E. HOUSTON STREET<br>SAN ANTONIA , TX 78205 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/29/2008 | $0.00 |
| ATTUNITY INCORPORATED<br>ONE WALL ST<br>BURLINGTON, MA O1803 | AGREEMENT TO PURCHASE SOFTWARE PRODUCTS | ASSIGN | 8/13/2001 | $0.00 |
| ATTUNITY INCORPORATED<br>ONE WALL ST<br>BURLINGTON, MA O1803 | LICENSE MAINTENANCE & SUPPORT AGREEMENT | ASSIGN | 4/19/2001 | $0.00 |
| AUSTIN DIGITAL PRINTING<br>108 WILD BASIN RD STE 200<br>AUSTIN, TX 78746 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2004 | $0.00 |
| AUSTIN SHOE HOSPITAL<br>8500 RESEARCH BOUELVARD STE B<br>AUSTIN, TX 78758 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/18/2002 | $0.00 |
| AUTO CLUB GROUP<br>1 AUTO CLUB DR<br>DEARBORN, MI 48126 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/30/2008 | $0.00 |
| AUTO CLUB GROUP<br>1 AUTO CLUB DR<br>DEARBORN, MI 48126 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/30/2008 | $0.00 |
| AUTO CLUB INSURANCE ASSOCIATION<br>1 AUTO CLUB DR<br>DEARBORN, MI 48126 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/15/2008 | $0.00 |
| AUTO DATA, INC.<br>5825 GLENRIDGE DR<br>ATLANTA, GA 30328 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/19/2006 | $0.00 |
| AUTOMOBILE PROTECTION CORPORATION<br>15 DUNWOODY PARK DRIVE STE 100<br>ATLANTA, GA 30338 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/1998 | $0.00 |
| AUXILIO MUTUO HOSPITAL<br>PO BOX 191227<br>SAN JUAN, PR 00919-1227 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 5/1/2009 | $0.00 |
| AVALARA, INC. (TAXCIENT PROPERTY TAX SOFTWARE)<br>PO BOX 10126<br>BAINBRIDGE ISLAND, WA 98110<br>USA | TAX DEPT, PO BOX 10126, BAINBRIDGE ISLAND, WA 98110, ROBERT SCHULTE, PRESIDENT CONTACT# (877) 780-4848, YEAR TO YEAR LICENSE TO USE SALES TAX EXEMPTION ADMINISTRATION SOFTWARE ONLINE | ASSIGN | 9/17/2007 | $0.00 |
| AVAYA INC.<br>PO BOX 5332<br>NEW YORK, NY 10087 | EQUIPMENT LEASES | ASSIGN | VARIOUS | $0.00 |
| AVAYA, INC.<br>211 MOUNT AIRY ROAD<br>BASKING RIDGE, NJ 07920 | CUSTOMER AGREEMENT | ASSIGN | 12/12/2003 | $0.00 |
| AVAYA, INC.<br>PO BOX 5332<br>NEW YORK, NY 10087 | PURCHASE/SERVICE LEASE (PBX) | ASSIGN | 11/19/2001 | $0.00 |
| AVEDA CORP<br>4000 PHEASANT HILL DR<br>BLAINE, MN 55449 | PRODUCTS AGREEMENT | ASSIGN | 7/3/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| AVERY DENNISON<br>150 NORTH ORANGE GROVE BLVD<br>PASADENA, CA 91103 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2007 | $0.00 |
| AVERY DENNISON BMD<br>12297 COLLECTION CTR D<br>CHICAGO, IL 60693 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| AVERY DENNISON CORP<br>8080 NORTON PKWY<br>MENTOR, OH 44060 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/9/2003 | $0.00 |
| AVERY DENNISON, CORP.<br>8080 NORTON PKWY<br>MENTOR, OH 44060 | VENDOR AGREEMENT | ASSIGN | 10/1/2007 | $3,033.00 |
| AVILA,MICHELLE<br>10638 N OAK HILL CIR<br>FRESNO, CA 93730-3561 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/17/2009 | $0.00 |
| AVIS RENT-A-CAR SYSTEM, INC.<br>6 SYLVAN WAY<br>PARSIPPHANY, NJ O7054 | RATE AGREEMENT | ASSIGN | 11/1/2007 | $0.00 |
| AVIVA SERVICE CORP<br>108 MYRTLE ST STE 1<br>QUINCY , MA  02171-1753 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/19/2003 | $0.00 |
| AVONDALE MILLS, INC.<br>900 AVONDALE AVE<br>SYLACAUGA, AL 35150 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/13/2002 | $0.00 |
| AXA EQUITABLE<br>1290 AVE OF THE AMERICAS<br>NEW YORK, NY 10104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/14/2010 | $0.00 |
| AXA EQUITABLE LIFE INS CO<br>1290 AVE OF THE AMERICAS<br>NEW YORK, NY 10104 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/15/2010 | $0.00 |
| AXCELERANT, INC.<br>130 THEORY STE 100<br>IRVINE, CA 92612 | SERVICES AGREEMENT | ASSIGN | 12/4/2002 | $0.00 |
| AXCESS FINANCIAL SERVICES<br>7755 MONTGOMERY RD<br>CINCINNATI, OH 45236-4201 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2007 | $0.00 |
| AXON GLOBAL<br>15 EXCHANGE PL<br>STE 730<br>JERSEY CITY, NJ 07302 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/12/2008 | $0.00 |
| B & D LITHO CALIFORNIA INC<br>3800 NORTH 38TH AVE<br>PHOENIX, AZ 85019 | FOR RESALE VENDOR | ASSIGN | 4/1/2009 | $0.00 |
| B & D LITHO INC<br>3820 N 38TH AVE<br>PHOENIX, AZ 85019-3706 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| B AND K TRUCKING INC<br>PO BOX 14797<br>CINCINNATI, OH 45250 | CARRIER AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| BABBE,HELEN E<br>4876 OAKHURST LN<br>FRISCO, TX 75034-2164 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 4/16/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BACOVA GUILD<br>1000 COMMERCE CTR DR<br>LOW MOOR, VA 24457 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/14/2002 | $0.00 |
| BADGER PRESS PHOTOGRAPHICS INC<br>PO BOX 278<br>KENOSHA, WI 53141 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BADGER PRESS/PHOTOGRAPHICS INC<br>7325 30TH AVE<br>PO BOX 278<br>KENOSHA, WI 53141 | FOR RESALE VENDOR | ASSIGN | 1/1/2004 | $0.00 |
| BAILEY & ASSOCIATES<br>PO BOX 32481<br>KNOXVILLE, TN 37930 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/18/2004 | $0.00 |
| BAKER & DANIELS<br>300 N MERIDIAN ST<br>INDIANAPOLIS, IN 46204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/15/2001 | $0.00 |
| BAKER HUGHES INC.<br>654 N SAM HOUSTON PKWY E<br>STE 400<br>HOUSTON, TX 77060 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/15/2001 | $0.00 |
| BALBOA THRIFT & LOAN ASSOCIATION<br>865 AMENA CT<br>CHULA VISTA, CA 91910 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/18/2001 | $0.00 |
| BALLINGER,AMANDA G<br>4332 HUNTERS WOOD DR<br>MURRELLS INLET, SC 29576-6800 | ACCOUNT MANAGER, 02/03/10 | ASSIGN | 7/8/2009 | $0.00 |
| BALTIMORE GAS & ELECTRIC<br>2900 LORD BALTIMORE DR<br>BALTIMORE, MD 21244 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/24/2003 | $0.00 |
| BALTIMORE GAS AND ELECTRIC COMPANY<br>111 MARKET PL<br>BALTIMORE, MD 21202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2004 | $0.00 |
| BAMA COMPANIES, THE<br>2727 E 11TH ST<br>TULSA, OK 74104 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/29/2004 | $0.00 |
| BANC OF AMERICA LEASING<br>PO BOX 371992<br>PITTSBURGH, PA 15250-7992 | NOTE & SECURITY AGREEMENT | ASSIGN | 4/15/2007 | $0.00 |
| BANCONSUMER SERVICE INC.<br>275 FILLMORE ST<br>TONAWANDA, NY 14150 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2001 | $0.00 |
| BANG PRINTING CORPORATED<br>PO BOX 587<br>BRAINERD, MN 56401 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BANK OF AKRON<br>46 MAIN ST<br>AKRON, NY 14001 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/8/2007 | $0.00 |
| BANK OF HAWAII<br>PO BOX 3414<br>HONOLULU, HI 96801 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/24/2003 | $0.00 |
| BANK OF HAWAII<br>PO BOX 2900<br>HONOLULU, HI 96846 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/26/2004 | $0.00 |
| BANK OF HAWAII<br>PO BOX 2900<br>HONOLULU, HI 96846 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/26/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BANK OF LANCASTER 100 S MAIN ST KILMARNOCK, VA 22482 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/23/2004 | $0.00 |
| BANK OF MONTREAL 115 S LASALLE FL 12A CHICAGO, IL 60603 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/10/2002 | $0.00 |
| BANK OF OKLAHOMA, N. A. PO BOX 2300 TULSA, OK 74192 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/21/2003 | $0.00 |
| BANK OF THE CAROLINAS PO BOX 347 ADVANCE, NC 27006 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/8/2010 | $0.00 |
| BANK OF THE SIERRA 86 N MAIN ST PORTERVILLE, CA 93257 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/22/2009 | $0.00 |
| BANK OF UTAH 2605 WASHINGTON BLVD OGDEN, UT 84401 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/14/2005 | $0.00 |
| BANK OF UTAH 2605 WASHINGTON BLVD OGDEN, UT 84401 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 12/17/2009 | $0.00 |
| BANK ONE 301 W 3RD ST DOVER, OH 44622 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/12/2004 | $0.00 |
| BANK ONE 301 W 3RD ST DOVER, OH 44622 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/16/2004 | $0.00 |
| BANK ONE NA 1 BANK ONE PLZ CHICAGO, IL 60670 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/2/2003 | $0.00 |
| BANK ONE NA (CHICAGO) 1 BANK ONE PLZ CHICAGO, IL 60670 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/13/2001 | $0.00 |
| BANK ONE, N.A. 1111 POLARIS PKWY COLUMBUS, OH 43240 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/1/2002 | $0.00 |
| BANK ONE, N.A. 1 N DEARBORN CHICAGO, IL 60670 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/14/2003 | $0.00 |
| BANKNORTH INSURANCE GROUP 75 JOHN ROBERTS RD SOUTH PORTLAND, ME 04106 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/25/2005 | $0.00 |
| BAPTIST MEMORIAL 350 N HUMPHREYS BLVD MEMPHIS, TN 38120 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/13/2007 | $0.00 |
| BAPTIST MEMORIAL HEALTHARE CORPORATION 350 N HUMPHREYS BLVD MEMPHIS, TN 38120 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/13/2007 | $0.00 |
| BAPTIST MEMORIAL HEALTHCARE CORPORATION 350 N HUMPHREYS BLVD MEMPHIS, TN 38120 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| BARCLAYS BANK DELAWARE 100 SOUTH WEST ST WILMINGTON, DE 19801 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/15/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BARGIEL,KATHRYN A<br>3842 JOHN GLENN DR<br>GRANITE CITY, IL 62040-4321 | SALES SUPPORT AGREEMENT | ASSIGN | 6/28/2010 | $0.00 |
| BARKER STEEL<br>55 SUMNER ST<br>MILFORD, MA 01757 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/20/2006 | $0.00 |
| BARKER STEEL COMPANY, INC.<br>55 SUMNER ST<br>MILFORD, MA 01757-4601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/10/2006 | $0.00 |
| BARNES, SCOTT<br>9320 PERINI CT<br>WAKE FOREST, NC 27587-1609 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/18/2004 | $0.00 |
| BARNES,JAMES A<br>14 RAVENWOOD DR<br>EGG HARBOR TOWNSHIP, NJ 08234-6522 | ACCOUNT EXECUTIVE, 11/12/09 | ASSIGN | 8/15/2003 | $0.00 |
| BARTLEY, MONICA<br>6640 RIVER DOWNS DR<br>NO 2D<br>CENTERVILLE, OH 45458 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/3/2004 | $0.00 |
| BARTON COUNTY HOSPITAL<br>29 NW 1ST LN<br>LAMAR, MO 64759 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| BARTON COUNTY MEMORIAL HOSPITAL<br>29 NW 1ST LN<br>LAMAR, MO 64759 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/13/2005 | $0.00 |
| BARTON NELSON, INC.<br>13700 WYANDOTLE<br>KANSAS CITY, MO 06445 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2004 | $0.00 |
| BASS EXPRESS DELIVERY<br>2486 RIDGETOP CT<br>ORANGE PARK, FL 32065 | CARRIER AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| BASSETT HEALTHCARE<br>ONE ATWELL RD<br>COOPERSTOWN, NY 13326 | NOVATION | ASSIGN | 9/10/2008 | $0.00 |
| BASSO, LOUIS<br>2331 WESTCLUB<br>TERRACE CT<br>WILDWOOD, MO 63011-1945 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/10/2010 | $0.00 |
| BAUMGARDNER,VICTORIA R<br>1062 PRITZ AVE<br>DAYTON, OH 45410-2510 | SALES SUPPORT AGREEMENT | ASSIGN | 8/23/2010 | $0.00 |
| BAUMGARTNER,ERIC A<br>8381 CANTERBURY CT<br>CHAGRIN FALLS, OH 44023-4862 | SR VP SALES, 12/18/09 | ASSIGN | 12/7/2007 | $0.00 |
| BAY ALARM<br>60 BERRY DR<br>PACHECO, CA 94553-5601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/20/2010 | $0.00 |
| BAY BANKS OF VIRGNIA<br>100 SOUTH MAIN STREET<br>KILMARNOCK , VA  22482 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/14/2009 | $0.00 |
| BAY FEDERAL CREDIT UNION<br>3333 CLARES ST<br>CAPITOLA, CA 95010 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/27/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BAYCARE/IKON<br>3001 W DR MARTIN LUTHER KING<br>TAMPA, FL 33607 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/2/2004 | $0.00 |
| BAYER PHARMACEUTICALS CORP<br>400 MORGAN LN<br>WEST HAVEN, CT 06516 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/8/2004 | $0.00 |
| BAYLOR MEDICAL CENTER AT CARROLLTON (FKA TRINITY MEDICAL)<br>4343 N JOSEY LN<br>CARROLLTON, TX 75010 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 1/15/2010 | $0.00 |
| BAYONET POINT HOSPITAL<br>14000 FIVAY RD<br>HUDSON, FL 34667 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/29/2001 | $0.00 |
| BAYSTATE HEALTH<br>30 BOBALA<br>HOLYOKE, MA 01040 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/20/2005 | $0.00 |
| BBH FINANCIAL SERVICES COMPANY F/K/A BELL & HOWELL FINANCIAL SERVICES COMPANY<br>PO BOX 931034<br>CLEVELAND, OH 44193-0004 | EQUIPMENT LEASES | ASSIGN | 10/25/2004 | $0.00 |
| BBK SERVICES (RATINGS)<br>400 GALLERIA OFFICENTRE<br>STE 400<br>SOUTHFIELD, MI 48034 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/2/2008 | $0.00 |
| BBVA COMPASS<br>15 SOUTH 20TH ST<br>BIRMINGHAM, AL 25233 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/10/2009 | $0.00 |
| BCBSM INC. DBA BLUE CROSS AND BLUE SHIELD OF MINNESOTA<br>3535 BLUE CROSS RD<br>EAGON, MN 55122 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/8/2006 | $0.00 |
| BCSI, BUSINESS CARD SERVICE, INC.<br>3200 143RD CIR<br>BRUNSVILLE, MN 55306-6945 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BCT AKRON<br>3406 FORTUNA DR<br>AKRON, OH 44312 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BCT BETHEL PARK<br>PO BOX 667<br>BETHEL PARK, PA 15102 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BCT DENVER<br>2001 S NAVAJO ST<br>DENVER, CO 80223 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/26/2010 | $0.00 |
| BCT HOUSTON<br>5522 MITCHELLDALE<br>HOUSTON, TX 77092 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BCT LOUISVILLE<br>PO BOX 1025<br>LOUISVILLE, KY 40201 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BCT- MIAMI<br>2644 W 84 ST<br>HIALEAH, FL 33016 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BCT NORFOLK<br>PO BOX 10390<br>NORFOLK, VA 23513 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BCT PLACENTIA<br>600 S JEFFERSON UNIT G<br>PLACENTIA, CA 92870 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BCT POMPANO BEACH<br>2921 CTR PORT CIR<br>POMPANO BEACH, FL 33064 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BCT ROCKFORD<br>11025 RALEIGH COURT<br>MACHESNEY PARK , IL  6115-1416 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BCT TEMPE<br>PO BOX 17360<br>TEMPE, AZ 85282 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BEA SYSTEMS INC<br>140 ALLEN RD<br>BASKING RIDGE, NJ 07920 | STANDARD TERMS AND CONDITIONS | ASSIGN | 6/18/2001 | $0.00 |
| BEA SYSTEMS INC.<br>140 ALLEN RD<br>BASKING RIDGE, NJ 07920 | LICENSE AGREEMENT | ASSIGN | 6/18/2001 | $0.00 |
| BEA SYSTEMS, INC.<br>140 ALLEN RD<br>BASKING RIDGE, NJ 07920 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2009 | $0.00 |
| BEALLS<br>1806 38TH AVE ESAT<br>BRADENTON, FL 34206 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/19/2001 | $0.00 |
| BEAM,SCOTT<br>11235 ROLLING PINE<br>RUN<br>FORT WAYNE, IN 46814-8120 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| BEASON,SHANNON<br>6013 DRAKE CT<br>KATY, TX 77493-4890 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/16/2010 | $0.00 |
| BECHTEL CORPORATION<br>3000 POST OAK BLVD<br>HOUSTON, TX 77056 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/3/2005 | $0.00 |
| BECHTEL,CHRISTINE E<br>51 BITTERSWEET CT<br>NORRISTOWN, PA 19403-2904 | SALES SUPPORT AGREEMENT | ASSIGN | 7/27/2009 | $0.00 |
| BEE WINDOW<br>1002 E 52ND ST<br>INDIANAPOLIS, IN 46205 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/31/2005 | $0.00 |
| BEHRINGER HARVARD QUORUM<br>15610 DALLAS PKWY<br>STE 600<br>DALLAS, TX 75001- | LESSEE - COMMERCIAL REAL ESTATE LEASE, PENDING LEASE MODIFICATION | ASSIGN / MODIFIED | 1/15/2007 | $0.00 |
| BELL & HOWELL FINANCIAL SVCS CO<br>3400 W PRATT AVE<br>LINCOLNWOOD, IL 60712 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/6/2002 | $0.00 |
| BELL MICRO PRODUCTS<br>19 BRIGHAM ST<br>MARLBORO, MA 01752 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/15/2002 | $0.00 |
| BELLCO CREDIT UNION<br>7600 EAST ORCHARD RD NO 400N<br>GREENWOOD VILLAGE, CO 80111 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/21/2007 | $0.00 |
| BELLCO CREDIT UNION<br>7600 EAST ORCHARD RD NO 400N<br>GREENWOOD VILLAGE, CO 80111 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/2/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC. AT&T SERVICES INC ONE AT&T WAY RM 3A218 BEDMINSTER, NJ 07921 | CONTRACT SERVICE ARRANGEMENT AGREEMENT | ASSIGN | 5/15/2001 | $0.00 |
| BELLSOUTH TELECOMMUNICATIONS, INC. AT&T SERVICES INC ONE AT&T WAY RM 3A218 BEDMINSTER, NJ 07921 | VARIOUS AGREEMENTS | ASSIGN | 4/7/2005 | $0.00 |
| BELTZ,BARBARA A 1217 TIMBER RIDGE LN CHESTER SPRINGS, PA 19425-1427 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/23/1996 | $0.00 |
| BEN & JERRY'S 30 COMMUNITY DR BURLINGTON, VT USA | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 9/18/2008 | $0.00 |
| BENCO DELIVERY SERVICE INC 545 ATWATER CIR ST PAUL, MN 55103 | CARRIER AGREEMENT | ASSIGN | 8/17/2007 | $0.00 |
| BENEFICIAL BANK 530 WALNUT ST PHILADELPHIA, PA 19106 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 5/4/2010 | $0.00 |
| BENEFICIAL SAVINGS BANK 530 WALNUT ST 1ST FL PHILADELPHIA, PA 19106 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/29/2005 | $0.00 |
| BENEFICIAL SAVINGS BANK - MASTER AGREEMENT 530 WALNUT ST PHILADELPHIA, PA 19106 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/21/2006 | $0.00 |
| BENEFIT MALL 501 FAIRMOUNT AVE STE 400 TOWSON, MD 21286 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/10/2008 | $0.00 |
| BENOIT,KATIE A 389 OLGELBAY DR WESTERVILLE, OH 43082 | SR. ACCOUNT RELATIONSHIP MGR, 10/09/09 | ASSIGN | 6/2/2004 | $0.00 |
| BENTON,DEBRA J 2652 CHURCHILL DOWNS CIR CHATTANOOGA, TN 37421-1489 | DIRECTOR SALES HEALTHCARE, 07/01/10 | ASSIGN | 5/21/2001 | $0.00 |
| BERGSMAN,ANGELA M 7642 CLOVERBROOK PARK DR CENTERVILLE, OH 45459-5005 | SALES SUPPORT AGREEMENT | ASSIGN | 8/20/2010 | $0.00 |
| BERKELY CAPITAL ADVISORS CRESA CHARLOTTE 831 E MOREHEAD STE 650 CHARLOTTE, NC 28202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/7/2004 | $0.00 |
| BERKSHIRE HATHAWAY, INC. 1440 KIEWIT PLZ OMAHA, NE 68131 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/26/2009 | $0.00 |
| BERRY,MICHAEL S 3804 HIBBS ST PLANO, TX 75025-4380 | CHIEF SALES & MKTG OFFICER, 03/11/09 | ASSIGN | 12/10/2007 | $0.00 |
| BERTEK SYSTEMS INC PO BOX 701039 CINCINNATI, OH 45270-1039 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BESCORP-FORMAX<br>44 VENTURE DR<br>DOVER, NH 03820 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BEST,MYRA J<br>2135 MONROE ST NO 3<br>SANTA CLARA, CA 95050-3562 | SR. ACCOUNT SUPPORT REP, 02/20/09 | ASSIGN | 3/4/2001 | $0.00 |
| BESTFORMS<br>1135 AVENIDA ACASO<br>CAMARILLO, CA 93012-8740 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BESTWAY RENT-TO-OWN<br>12400 COIT RD<br>DALLAS, TX 75251 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2009 | $0.00 |
| BETH TFILOH<br>3300 OLD CT RD<br>BALTIMORE, MD 21208 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/1/2002 | $0.00 |
| BETHPAGE FEDERAL CREDIT UNION<br>899 S OYSTER BAY RD<br>BETHPAGE, NY 11714-1030 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 2/5/2010 | $0.00 |
| BEVELHYMER,STEPHEN J<br>4102 AMY BROOKE CIR<br>BELLBROOK, OH 45305-1143 | NON-SOLICITATION AGREEMENT | ASSIGN | 8/16/2010 | $0.00 |
| BFS SERVICES, INC.<br>PO BOX 565684<br>DALLAS , TX  75356 | CARRIER AGREEMENT | ASSIGN | 9/9/2004 | $0.00 |
| BI SERVICES/ROXANE LABORATORIES<br>PO BOX 368<br>RIDGEFIELDS, CT 06877 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2002 | $0.00 |
| BIBLE,BOBBIE D<br>701 STANFIELD RD<br>TROY, OH 45373-2360 | SALES SUPPORT AGREEMENT | ASSIGN | 8/17/2010 | $0.00 |
| BIDDLE CONSULTING GROUP<br>193 BLUE RAVINE RD STE 270<br>FOLSOM, CA 95630 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/13/2008 | $0.00 |
| BIEKER,MARY JO<br>6120 PIONEER WAY E<br>PUYALLUP, WA 98371-4957 | PROMO PROD SPEC, 10/19/09 | ASSIGN | 8/11/2008 | $0.00 |
| BIG BROTHERS, BIG SISTERS<br>1519 GARDINER LANE NO B<br>LOUISVILLE, KY 40218 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/20/2007 | $0.00 |
| BIG OFFICE PROPERTIES LLC<br>C/O CENTENNIAL INC<br>3310 WEST END AVE STE 420<br>NASHVILLE, TN 37203 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 10/11/1999 | $0.00 |
| BIG RED LIMITED<br>3500 DEPAUW BLVD NO 2038<br>INDIANAPOLIS, IN 46268 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/24/2008 | $0.00 |
| BILLIAN PUBLISHING, INC.<br>2100 POWERS FERRY RD<br>ATLANTA, GA 30339 | VENDOR AGREEMENT | ASSIGN | 11/19/2004 | $0.00 |
| BIMBERG,TODD<br>7275 FAWN HILL RD<br>CHANHASSEN, MN 55317 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/14/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BINGHAM BRAND GROUP LLC<br>601 EDGEWATER DR<br>WAKEFIELD, MA 01880 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/30/2003 | $0.00 |
| BIOMASTER USA LLC<br>1845 PROGRESS AVENUE<br>COLUMBUS, OH 43207 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/4/2008 | $0.00 |
| BISHOP,STEPHEN L<br>4476 DRY VALLEY RD<br>RADFORD, VA 24141 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| BLACKROCK INC<br>40 E 62ND ST<br>NEW YORK, NY 10022 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/29/2007 | $0.00 |
| BLACKROCK, INC.<br>40 E 62ND ST<br>NEW YORK, NY 10022 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/29/2007 | $0.00 |
| BLAIR,RACHEL W<br>139 SAW GRASS BLVD<br>VIRGINIA BEACH, VA 23451-6535 | ACCOUNT EXECUTIVE, 06/04/09 | ASSIGN | 10/12/2008 | $0.00 |
| BLANKENSHIP,SCOTT R<br>4324 NAPA VALLEY DR<br>BELLBROOK, OH 45305 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 2/12/2010 | $0.00 |
| BLESSING HOSPITAL<br>PO BOX 7005<br>QUINCY, IL 62305-7005 | CUSTOMER CONTRACT LOP | ASSIGN | 11/20/2006 | $0.00 |
| BLESSING-BENNETT, REGGIE<br>12354 BROADWAY<br>ALDEN, NY 14004 | SALES SUPPORT AGREEMENT | ASSIGN | 7/23/2008 | $0.00 |
| BLUE CROSS AND BLUE SHIELD OF CA<br>50 BEALE ST<br>SAN FRANCISCO, CA 94105 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/13/2009 | $0.00 |
| BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.<br>1133 SW TOPEKA BLVD<br>TOPEKA, KS 66629 | BUSINESS ASSOCIATE ADDENDUM TO AN AGREEMENT WITH BCBS OF KS | ASSIGN | 7/1/2005 | $0.00 |
| BLUE CROSS AND BLUE SHIELD OF MN<br>3535 BLUE CROSS RD<br>EAGON, MN 55122 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/8/2006 | $0.00 |
| BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA<br>I-20 EAST AT ALPINE RD<br>COLUMBIA, SC 29219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/7/2010 | $0.00 |
| BLUE CROSS BLUE SHIELD (WITH WORKFLOW)<br>BCBS OF MN 3535 BLUE CROSS RD<br>EAGAN, MN 55122 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/9/2006 | $0.00 |
| BLUE CROSS BLUE SHIELD ASSN<br>I 20 EAST AT ALPINE RD<br>COLUMBIA, SC 29219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/9/2006 | $0.00 |
| BLUE CROSS BLUE SHIELD ASSOCIATION<br>I 20 EAST AT ALPINE RD<br>COLUMBIA, SC 29219 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/27/2006 | $0.00 |
| BLUE CROSS OF WESTERN PENNSYLVANIA<br>FIFTH AVE PL<br>PITTSBURGH, PA 15222 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/15/1995 | $0.00 |
| BLUE HILL MEMORIAL HOSPITAL<br>PO BOX 1029<br>BLUE HILL, ME 04614 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/22/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BLUE STAR<br>7419 RELIABLE PKWY<br>CHICAGO, IL 60686 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| BLUECROSS BLUESHIELD OF KANSAS<br>1133 SW TOPEKA AVE<br>TOPEKA, KS 66629 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/19/2004 | $0.00 |
| BMC SOFTWARE DISTRIBUTION INC<br>2101 CITYWEST BLVD<br>HOUSTON, TX 77042 | PARTIAL ASSIGNMENT OF LICENSED PRODUCTS | ASSIGN | 7/30/2001 | $0.00 |
| BMC SOFTWARE DISTRIBUTION INC<br>2101 CITYWEST BLVD<br>HOUSTON, TX 77042 | SOFTWARE LICENSE AND SUPPORT AGREEMENT | ASSIGN | 1/15/2001 | $0.00 |
| BOB EVANS FARMS INC.<br>3700 S HIGH ST<br>COLUMBUS, OH 43207 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/21/2006 | $0.00 |
| BOB EVANS FARMS, INC.<br>3700 S HIGH ST<br>COLUMBUS, OH 43207 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/15/2006 | $0.00 |
| BOBS LOCAL EXPRESS INC<br>5700 CLARK AVE<br>BETHEL PARK, PA 15102 | CARRIER AGREEMENT | ASSIGN | 9/8/2004 | $0.00 |
| BODYCOTE MATERIALS TESTING CANADA INC<br>2395 SPEAKMAN DR<br>MISSISAUGA, ON L5K 1B3<br>CANADA | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/18/2006 | $0.00 |
| BOEHRINGER INGELHEIM CHEMICALS, INC<br>2820 NORTH NORMANDY DRIVE<br>PETERSBURGH, VA 23805 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/30/2010 | $0.00 |
| BOEING COMPANY (THE)<br>105 UNIVERSITY DR<br>SEATTLE, WA 98101 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/17/2008 | $0.00 |
| BOLANOS,CARLOS<br>26 ELM ST<br>GREAT NECK, NY 11021 | ACC EXEC, 07/31/09 | ASSIGN | 7/1/2009 | $0.00 |
| BOLGER (FORMERLY DIVERSIFIED GRAPHICS)<br>2465 MOMENTUM PL<br>CHICAGO, IL 60689-5324 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BON SECOURS HOSPITAL<br>2000 E BALTIMORE ST<br>BALTIMORE, MD 21223 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/8/2002 | $0.00 |
| BONINI,DON<br>2976 FOSTER DR NE<br>WARREN, OH 44483 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/23/2004 | $0.00 |
| BONNIE SPEED DELIVERY, INC.<br>2501 ST. CLAIR AVENUE<br>CLEVELAND, OH 44114 | CARRIER AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| BORELLO,TAMARA A<br>255 CHURCH ST<br>BROOKLYN, CT 06234-1557 | MANAGER MERCHANDISING, 12/18/09 | ASSIGN | 5/14/2008 | $0.00 |
| BORGERDING,KENNETH E<br>4720 OUTLOOK WAY NE<br>MARIETTA, GA 30066-1790 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/25/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BOSTON SCIENTIFIC<br>ONE BOSTON SCIENTIFIC PL<br>NATICK, MA 01760 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/17/2008 | $0.00 |
| BOTTCHER ROLLER COMPANY<br>4600 MERCEDES DR<br>BELCAMP, MD 21017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/8/2000 | $0.00 |
| BOWE BELL HOWELL<br>3791 SOUTH ALSTON AVE<br>DURHAM, NC 27713 | MASTER EQUIP. SERV. & SOFTWARE SUPPORT AGREEMENT | ASSIGN | 5/1/2008 | $3,830.00 |
| BOWE BELL HOWELL<br>3791 SOUTH ALSTON AVE<br>DURHAM, NC 27713 | PRODUCT AGREEMENT | ASSIGN | 2/18/2010 | $0.00 |
| BOWEN ENTERPRISES<br>380 COOGAN WAY<br>EL CAJON, CA 92020 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BOWINS,APRIL<br>1668 VILLA SOUTH<br>WEST CARROLLTON, OH 45449-3190 | SALES SUPPORT AGREEMENT, 02/08/11 | ASSIGN | 7/19/2010 | $0.00 |
| BOYER,LYNANN<br>10 W MAIN ST<br>PO BOX 781<br>ADAMSTOWN, PA 19501-9998 | ACCOUNT SUPPORT REP I, 10/02/09 | ASSIGN | 12/10/2008 | $0.00 |
| BRADLEY ASSOCIATES<br>225 N MICHIGAN AVE<br>CHICAGO, IL 60601 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/7/2004 | $0.00 |
| BRADLEY GRAPHIC SOLUTIONS<br>941 MILL RD<br>BENSALEM, PA 19020 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2007 | $0.00 |
| BRADY,CHARLES<br>2140 YELLOW CREEK RD<br>AKRON, OH 44333 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/25/2002 | $0.00 |
| BRAGG,SUE E<br>755 SAINT ANDREWS DR<br>APT 12 104<br>MURFREESBORO, TN 37128-6571 | ACCOUNT RELATIONSHIP MANAGER, 10/02/09 | ASSIGN | 1/25/1988 | $0.00 |
| BRAILLEWORKS<br>2207 JAUDON RD<br>DOVER, FL 33584 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2006 | $0.00 |
| BRAINTREE SOURCING LLC<br>185 CAMPANELLI DR<br>BRAINTREE, MA 02184 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/30/2004 | $0.00 |
| BRAMKAMP PRINTING CO INC<br>9933 ALLIANCE RD<br>CINCINNATI, OH 45242 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| BRANCHEAU,RONALD E<br>2031 PAPER BIRCH<br>COVE<br>GRAYSON, GA 30017-1739 | REG MGR CUST SERVICE, 06/11/10 | ASSIGN | 8/24/2009 | $0.00 |
| BRANDON REGIONAL HOSPITAL<br>119 OAKFIELD DR<br>BRANDON, FL 33511 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/30/2002 | $0.00 |
| BRE PROPERTIES, INC.<br>44 MONTGOMERY ST 36TH FL<br>SAN FRANCISCO, CA 94104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/12/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BRENT,CHERYL A<br>1004 BEECH TREE LN<br>BRENTWOOD, TN 37027-7642 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| BRETT FLENNIKEN<br>2278 KATE CIR<br>HUDSON, OH 44236 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/19/2009 | $0.00 |
| BREWINGTON,ROBYN E<br>1340 KILDARE CT<br>SNELLVILLE, GA 30078-5652 | EXECUTIVE CONTRACT | ASSIGN | 9/20/2010 | $0.00 |
| BRIDGEPORT HOSPITAL, GREENWICH HOSPITAL, AND/OR YALE-NEW HAVEN HOSPITAL<br>1 CHURCH ST<br>3RD FL<br>NEW HAVEN, CT 06510 | HIPAA REQUIRED BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2004 | $0.00 |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC<br>2550 WEST GOLF<br>ROLLING MEADOWS, IL 60008 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2005 | $0.00 |
| BRI-LIN<br>16 AMAROSA DR<br>ROCHESTER, NH 03868 | OEM BLANKET PURCHASE AGREEMENT | ASSIGN | 1/1/2004 | $0.00 |
| BRIMMER,RICHARD P<br>4480 NW MALHUER AVE<br>PORTLAND, OR 97229 | EMPLOYMENT NON-COMPETITION AGREEMENT,<br>ENTITY=PREDECESSOR TO WORKFLOW SOLUTIONS LLC | ASSIGN | 1/29/1990 | $0.00 |
| BRISTOL MYERS SQUIB COMPANY<br>100 NASSSAU PARK BLVD<br>PRINCETON, NJ O8540 | CONFIDENIAL DISCLOSURE AGREEMENT | ASSIGN | 9/10/2002 | $0.00 |
| BRISTOL WEST INSURANCE DATA SYSTEMS<br>1717 EAST 9TH ST<br>CLEVELAND, OH 44114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/17/2003 | $0.00 |
| BRISTOL-MYERS SQUIBB COMPANY<br>100 NASSAU PARK BLVD<br>PRINCETON, NJ 08540 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/18/2009 | $0.00 |
| BRITESTAR BUSINESS SOLUTIONS<br>1305 B GOVERNOR CT<br>ABINGDON, MD 21009 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BROADLANE, INC.<br>13727 NOEL RD STE 1400<br>DALLAS, TX 75240-1370 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2003 | $0.00 |
| BROADWING<br>9785 CROSS POINT BLVD<br>INDIANAPOLIS, IN  46256 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2002 | $0.00 |
| BROCKMAN,KURT A<br>10282 MOUNTAIN MAPLE<br>DR<br>HIGHLANDS RANCH, CO 80129 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 9/25/2000 | $0.00 |
| BROCKWAY SMITH<br>146 DASCOMB RD<br>MANCHESTER, NH 03103 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/29/2003 | $0.00 |
| BROOKS,PAMELA<br>145 E BEECHWOOD AVE<br>DAYTON, OH 45405-3131 | SALES SUPPORT AGREEMENT | ASSIGN | 8/13/2010 | $0.00 |
| BROOKSTONE STORES, INC.<br>ONE INNOVATION WAY<br>MERRIMACK, NH 03054 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BROPHY,REGINA L<br>306 WHITPAIN HILLS<br>BLUE BELL, PA 19422 | ACCOUNT RELATIONSHIP MANAGER, 12/18/09 | ASSIGN | 5/5/2000 | $0.00 |
| BROTHERS PRODUCE INC.<br>3116 PRODUCE ROW<br>HOUSTON, TX 77203 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/1/2005 | $0.00 |
| BROWER INSURANCE AGENCY<br>PO BOX 37<br>DAYTON, OH 45401 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/10/2001 | $0.00 |
| BROWER INSURANCE AGENCY<br>PO BOX 37<br>DAYTON, OH 45401 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2001 | $0.00 |
| BROWN & TOLAND PHYSICIAN<br>153 TOWNSEND AVE<br>STE 700<br>SAN FRANCISCO, CA 94107 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/19/2010 | $0.00 |
| BROWN & TOLAND PHYSICIAN SERVICES ORGANIZATION<br>153 TOWNSEND STREET STE 700<br>SAN FRANCISCO, CA 94107 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/12/2010 | $0.00 |
| BROWN PUBLISHING COMPANY<br>224 S MARKET ST<br>TROY, OH 45373 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/17/2008 | $0.00 |
| BROWN,LAWANDA C<br>1551 MISTY VALLEY DR<br>LAWRENCEVILLE, GA 30045-7035 | CUSTOMER ADVOCATE, 05/21/09 | ASSIGN | 7/7/2007 | $0.00 |
| BROWN-HENRY,SHARON M<br>45 081E LILIPUNA RD<br>KANEOHE, HI 96744 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| BROWNSTEIN,DEENA<br>9801 MAHOGANY DR<br>APT 308<br>GAITHERSBURG, MD 20878-4631 | SR. ACCOUNT MANAGER, 02/27/09 | ASSIGN | 4/14/2008 | $0.00 |
| BRUNO,RONALD C<br>49 CRICKET LN<br>TURNERSVILLE, NJ 08012-2139 | ACCOUNT EXECUTIVE, 01/11/10 | ASSIGN | 8/6/2008 | $0.00 |
| BRYAN PARSONS<br>3644 MT ZION RD<br>UPPERCO, MD 21155 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/3/2009 | $0.00 |
| BT COMMERCIAL<br>201 CALIFORNIA ST<br>STE 100<br>SAN FRANCISCO, CA 94111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/22/2004 | $0.00 |
| BTN, INC. - BOOMTOWN CASINO<br>676 BAYVIEW AVE<br>BILOXI, MS 39533 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/3/2004 | $0.00 |
| BUCKLEY,DAVID M<br>7854 DEER CROSSING DR<br>MASON, OH 45040-8251 | EXECUTIVE CONTRACT | ASSIGN | 6/25/2010 | $0.00 |
| BUDGET RENT A CAR, INC.<br>550 PALEA ST STE 236<br>HONOLULU, HI 96819 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/29/2002 | $0.00 |
| BUELTMANN,RICHARD<br>5109 COUNTRY CLUB DR<br>HIGH RIDGE, MO 63049 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BUFFALO BILLS<br>ONE BILLS DR<br>ORCHARD PARK, NY 14127 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/11/2004 | $0.00 |
| BULL LOGISTICS<br>PO BOX 613168<br>DALLAS, TX 75261 | CARRIER AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| BUMPER TRUCKING, INC.<br>411 ADAMS DRIVE W.<br>YOUNG AMERICA, MN 55397 | CARRIER AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| BUNCHER MANAGEMENT AGENCY<br>5600 FORWARD AVE<br>PITTSBURGH, PA 15217 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/27/2001 | $0.00 |
| BURGER KING CORPORATION<br>5505 BLUE LAGOON DR<br>MIAMI, FL 33126 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/9/2008 | $0.00 |
| BURGESS HEALTH CENTER<br>1600 DIAMOND ST<br>ONAWA, IA 51040-1548 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| BURGESS INDUSTRIES INC.<br>2700 CAMPUS DR<br>PLYMOUTH, MN 55441 | FINAL PURCHASE AGREEMENT | ASSIGN | 4/29/2008 | $0.00 |
| BURGESS,DONNA M<br>2921 WILLOW ST<br>HAYS, KS 67601-1768 | ACCOUNT SUPPORT REP II, 02/06/09 | ASSIGN | 11/20/2001 | $0.00 |
| BURGOS BURGOS,ROSA M<br>RR 9 BOX 1083<br>SAN JUAN, PR 00926-9578 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/18/2010 | $0.00 |
| BURNETT,ROGER W<br>4330 HIGHCREST DR<br>BRIGHTON, MI 48116-7710 | STRATEGIC ACCT EXEC - PROMO, 01/16/09 | ASSIGN | 12/3/2005 | $0.00 |
| BURNS,WILLIAM R<br>447 ARMOUR RD<br>AVON LAKE, OH 44012-2130 | ACC EXEC, 02/20/09 | ASSIGN | 10/28/1988 | $0.00 |
| BURT JORDAN REALTORS<br>PO BOX 742<br>DARLINGTON, SC 29540- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 10/1/2007 | $116.00 |
| BUSINESS CARD EXPRESS- NH<br>4 TINKHAM AVEPO BOX 287<br>DERRY, NH 03038-0287 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| BUSINESS DELIVERY SERVICES, LLC<br>PO BOX 3159<br>YORK, PA 17402 | CARRIER AGREEMENT | ASSIGN | 7/22/2009 | $0.00 |
| BUSINESS OBJECTS FINANCIAL SOLUTIONS<br>410 TOWNSEND ST<br>4TH FL<br>SAN FRANCISCO, CA 94107 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/15/2002 | $0.00 |
| BUTTERFLY FITNESS, INC.<br>2404 SAN RAMON VALLEY BLVD STE 200<br>SAN RAMON, CA 94583 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/26/2004 | $0.00 |
| BYRNE,MICHAEL<br>438 EVERSON PLACE<br>WESTFIELD, NJ 07090-3230 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| BYRNES HEALTH EDUCATION CENTER<br>515 S GEORGE ST<br>YORK, PA 17401-2731 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/4/2009 | $0.00 |
| C.H. ROBINSON WORLDWIDE, INC<br>PO BOX 9121<br>MINNEAPOLIS, MN 55480-9121 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/24/2007 | $0.00 |
| C.H. ROBINSON WORLDWIDE, INC.<br>PO BOX 9121<br>MINNEAPOLIS, MN 55480-9121 | TRANSPORTATION CHARGE REBATE AGREEMENT | ASSIGN | 5/8/2009 | $0.00 |
| C.N.A. - COLUMBIA CASUALTY INSURANCE COMPANY<br>40 WALL ST<br>NEW YORK, NY 10005 | PROFESSIONAL LIABILITY, 287417183 | ASSIGN | 8/4/2010 | $0.00 |
| C/BASE INC  D/B/A ECOUNT<br>132 31ST AVE NE<br>MINNEAPOLIS, MN 55418 | WEBCERTIFICATE PURCHASE AGREEMENT | ASSIGN | 2/9/2004 | $0.00 |
| CABLE ONE, INC.<br>1314 N 3RD STREET 3RD FL<br>PHOENIX, AZ 85004 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/23/2006 | $0.00 |
| CABRA,DONALD P<br>15205 CR 4018<br>KEMP, TX 75143 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/31/2008 | $0.00 |
| CADBURY SCHWEPPES<br>6900 DALLAS PKWY<br>PLANO, TX 75024 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/11/2004 | $0.00 |
| CALIFORNIA CASUALTY<br>1900 ALAMEDA DE LAS PULGAS<br>SSAN MATEO, CA 94403-0080 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/26/2006 | $0.00 |
| CALIFORNIA CASUALTY MANAGEMENT COMPANY<br>1900 ALAMEDA DE LAS PULGAS<br>SSAN MATEO, CA 94403-0080 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2006 | $0.00 |
| CALIFORNIA INDUSTRIAL PRODUCTS<br>850 STEAM PLANT RD<br>GALLATIN, TN 37066 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/23/1995 | $0.00 |
| CALIFORNIA PACIFIC MEDICAL CENTER<br>PO BOX 7999<br>SAN FRANCISCO, CA 94120 | CUSTOMER CONTRACT LOU | ASSIGN | 11/1/2009 | $0.00 |
| CALIFORNIA PHYSICIANS SERVICES DBA BLUE SHIELD OF CALIFORNIA<br>50 BEALE ST<br>SAN FRANCISCO, CA 94105 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/28/2009 | $0.00 |
| CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-INSURANCE BUREAU<br>3055 OAK RD<br>WALNUT CREEK, CA 94597 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/22/2005 | $0.00 |
| CALIFORNIA WATER SERVICE COMPANY<br>1720 NORTH FIRST ST<br>SAN JOSE, CA 95112 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/18/2003 | $0.00 |
| CALTAR, INC.<br>JACK TARR<br>30542 STEEPLECHASE DRIVE<br>SAN JUAN CAPISTRANO, CA 92675<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 11/30/1998 | $0.00 |
| CAMBRIDGE COLLEGE<br>1000 MASSACHUSETTS AVE<br>CAMBRIDGE, MA 02138 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/19/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CAMDEN PROPERTY TRUST<br>THREE GREENWAY PLAZA STE 1300<br>HOUSTON, TX 77046 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/25/2002 | $0.00 |
| CAMERON<br>P.O. BOX 1212<br>HOUSTON, TX 77251<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/15/2009 | $0.00 |
| CAMERON<br>3101 BROADWAY<br>BUFFALO, NY 14227-1034 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/8/2008 | $0.00 |
| CAMERON INTL CORPORATION<br>PO BOX 3101<br>HOUSTON, TX 77253-3101 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/8/2008 | $0.00 |
| CAMERON,AMY S<br>8 KINGSTONE RD<br>AVONDALE ESTATES, GA 30002-1458 | SALES REP, 06/05/09 | ASSIGN | 8/1/2008 | $0.00 |
| CAMPBELL CONCRETE & MATERIALS<br>105 E BOOTHE ST<br>CLEVELAND, TX 77327 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| CAMPBELL SOUP COMPANY<br>ONE CAMPBELL PL<br>CAMDEN, NJ 08103 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/17/2008 | $0.00 |
| CAMPORA PROPANE SERVICE<br>2525 E MARIPOSA RD<br>STOCKTON, CA 95205 | SERVICES AGREEMENT | ASSIGN | 1/14/2009 | $0.00 |
| CAN (CONTINENTAL CASUALTY CO)<br>CONTINENTAL CASUALTY CO CNA 333 S WABASH<br>CHICAGO, IL 60685 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/2/2005 | $0.00 |
| CANADIAN PACIFIC RAILWAY<br>STE 600 GOLF CANADA SQUARE 401 NINTH AVE SW<br>CALGARY, AB T28 424<br>CANADA | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2008 | $0.00 |
| CANANWILL, INC. (DBA CANANANWILL PREMIUM FUNDING)<br>1000 N MILWAUKEE AVE<br>GLENVIEW, IL 60025 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/20/2008 | $0.00 |
| CAPGEMINI US LLC<br>1331 LAMAR ST STE 1675<br>HOUSTON, TX 77010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/12/2008 | $0.00 |
| CAPITAL GROUP PARTNERS D/B/A RAPID SOLUTIONS GROUP<br>151 DETROIT ST<br>DENVER, CO 80206 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/24/2007 | $0.00 |
| CAPITAL ONE SERVICES<br>1680 CAPITAL ONE DR<br>MCLEAN, VA 22102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2008 | $0.00 |
| CAPITAL ONE SERVICES INC.<br>1680 CAPITAL ONE DR<br>MCLEAN, VA 22102 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/26/2003 | $0.00 |
| CARAUSTAR<br>2031 CAROLINA PL<br>FORT MILL, SC 29708 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/19/2001 | $0.00 |
| CARDIFF SOFTWARE INC.<br>3220 EXECUTIVE RIDGE DR<br>VISTA, CA 92083 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/29/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CARDIFF SOFTWARE, INC<br>3220 EXECUTIVE RIDGE DR<br>VISTA, CA 92083 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/18/2001 | $0.00 |
| CARDINAL HEALTH<br>700 CARDINAL PL<br>DUBLIN, OH 43017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/8/2004 | $0.00 |
| CARDINAL HEALTH INC.<br>7000 CARDINAL PL<br>DUBLIN, OH 43017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/25/2010 | $0.00 |
| CARDINAL HEALTH INC.<br>7000 CARDINAL PL<br>DUBLIN, OH 43017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/25/2010 | $0.00 |
| CARDINAL HEALTH, INC.<br>7000 CARDINAL PL<br>DUBLIN, OH 43017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/10/2010 | $0.00 |
| CARDONE INDUSTRIES<br>5501 WHITAKER AVE<br>PHILADELPHIA, PA 19124 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/23/2004 | $0.00 |
| CARE PARTNERS, INC.<br>68 SWEETEN CREEK RD<br>ASHEVILLE, NC 28803 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2003 | $0.00 |
| CAREER BUILDER, LLC<br>8420 W BRYN MAWR AVE<br>CHICAGO, IL 60631 | SERVICE ACTIVATION T'S & C'S | ASSIGN | 4/12/2007 | $0.00 |
| CAREER CONSULTANTS, INC.<br>5882 HUBBARD DR<br>ROCKVILLE, MD 20852 | SERVICES AGREEMENT | ASSIGN | 11/1/2005 | $0.00 |
| CAREMARK INC.<br>13111 MCCORMICK<br>HUNT VALLEY, MD 21031 | HIPAA BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 1/9/2006 | $0.00 |
| CAREMARK INC.<br>2211 SANDERS RD<br>NORTHBROOK, IL 60062 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/22/2005 | $0.00 |
| CAREMARK INC.<br>13111 MCCORMICK<br>HUNT VALLEY, MD 21031 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/22/2005 | $0.00 |
| CAREMARK, INC.<br>2211 SANDERS RD<br>NORTHBROOK, IL 60062 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2006 | $0.00 |
| CARGILL INC.<br>15407 MCGINTY RD W<br>WAYZATA, MN 55391-2399 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/8/2007 | $0.00 |
| CARGILL, INCORPORATED<br>15407 MCGINTY RD WEST<br>WAYZATA, MN 55391 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/15/2007 | $0.00 |
| CARGILL, INCORPORATED<br>15407 MCGINTY RD WEST<br>WAYZATA, MN 55391 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/3/2007 | $0.00 |
| CARLISLE CONTAINER COMPANY<br>PO BOX 85<br>CARLISLE, PA 12013 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/20/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CARLSON<br>CARLSON CTR<br>CARLSON PKWY<br>MINNEAPOLIS, MN 55459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/5/2001 | $0.00 |
| CARLSON COMPANIES, INC.<br>701 CARLSON PKY<br>MINNETONKA, MN 55305 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/24/2002 | $0.00 |
| CARLSON CRAFT/OCCASION GROUP<br>1625 ROE CREST DR<br>NORTH MANKATO, MN 56003 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| CARLSON MARKETING GROUP, INC.<br>1405 XENIUM LN NORTH<br>PLYMOUTH, MN 55441 | MASTER AGREEMENT | ASSIGN | 7/23/2006 | $0.00 |
| CARMAX AUTO SUPERSTORES<br>4900 COX RD<br>GLEN ALLEN, VA 23060 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/22/2003 | $0.00 |
| CARMAX AUTO SUPERSTORES INC<br>4900 COX RD<br>GLEN ALLEN, VA 23060 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/31/2003 | $0.00 |
| CARMAX BUSINESS SERVICES, LLC<br>5020 SADLER PL<br>GLEN ALLEN, VA 23060 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2005 | $0.00 |
| CARRAMERICA REALTY CORP<br>1810 GATEWAY DR<br>STE 150<br>SAN MATEO, CA 94404 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/14/2002 | $0.00 |
| CARROLL COUNTY GENERAL HOSPITAL<br>200 MEMORIAL AVE<br>WESTMINSTER, MD 21157 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/4/2002 | $0.00 |
| CARROLLTON FEDERAL BANK<br>110 DIXIE ST<br>CARROLLTON, GA 30117 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/18/1995 | $0.00 |
| CARSON,THOMAS L<br>888 DANWOOD DR<br>COLUMBUS, OH 43228-6247 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 2/2/2009 | $0.00 |
| CARTER PRINTING CO<br>BOX 6901<br>RICHMOND, VA 23230-0901 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CARTER,DEBORAH P<br>4959 THORNWOOD TRACE<br>ACWORTH, GA 30102-6953 | SALES SUPPORT AGREEMENT, 02/14/11 | ASSIGN | 7/6/2010 | $0.00 |
| CASABLANCA PRINTING INC<br>PO BOX 2236<br>NEWPORT BEACH, CA 92659 | FOR RESALE VENDOR | ASSIGN | 1/1/2007 | $0.00 |
| CASCADES SONOCO<br>4320 95TH ST STE C<br>TACOMA, WA 98499 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/19/2006 | $0.00 |
| CASCO DEVELOPMENT INC<br>PO BOX 1057<br>PORTLAND , ME  O4104 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| CASEY,JOHN P<br>2812 AMHURST WAY<br>KENNESAW, GA 30144-5763 | SR. ACCOUNT MANAGER, 11/20/09 | ASSIGN | 11/4/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CASKEY PRINTING<br>850 VOGELSONG RD.<br>YORK, PA 17404 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| CASS INFORMATION SYSTEMS INC.<br>13001 HOLLENBERG DR<br>BRIDGETON, MO 63044 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2009 | $0.00 |
| CASS INFORMATION SYSTEMS, INC.<br>13001 HOLLENBERG DR<br>BRIDGETON, MO 63044 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/3/2009 | $0.00 |
| CASS INFORMATION SYSTEMS, INC.<br>13001 HOLLENBERG DR<br>BRIDGETON, MO 63044 | SERVICE AGREEMENT | ASSIGN | 9/15/2004 | $0.00 |
| CASSANOS<br>1043 BROWN ST<br>DAYTON, OH 45409-2812 | SERVICES AGREEMENT | ASSIGN | 6/11/2008 | $0.00 |
| CASSEL INCORPORATED<br>5400 CARILLON PT NO 425<br>KIRKLAND, WA 98033 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/2/2008 | $0.00 |
| CASSELL INC<br>5400 CARILLON PT NO 425<br>KIRKLAND, WA 98033 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/2/2008 | $0.00 |
| CASTELLANO, JOSEPH<br>300 COLLEGE PARK<br>DAYTON, OH  45469-2242 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2004 | $0.00 |
| CASTELLANO,BARBARA J<br>34 GREENBRIAR DR<br>APT NO<br>ROCHESTER, NY 14624-2836 | ACCOUNT SUPPORT REP II, 05/06/09 | ASSIGN | 11/13/2007 | $0.00 |
| CASTRO CRUZ,VICTOR<br>COND TORRE DE SAN<br>MIGUEL APT 1201<br>GUAYNABO, PR 00969<br>PUERTO RICO | SALES SUPPORT AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| CATALYST REPOSITORY SYSTEMS, INC.<br>1860 BLAKE STREET, STE 700<br>DENVER, CO 80202 | DATAROOM AGREEMENTS | ASSIGN | 10/31/2008 | $0.00 |
| CATELLUS OPERATING LTD PARTNERSHIP<br>165 S UNION BLVD<br>STE 852<br>LAKEWOOD, CO 80228 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/4/2004 | $0.00 |
| CATHOLIC CEMETERIES, ARCHDIOCESE OF LOS ANGELES<br>500 CITADEL DR NO 320<br>LOS ANGELES, CA 90040 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/3/1996 | $0.00 |
| CATON,KAY M<br>4763 TAYPORT AVE<br>GROVE CITY, OH 43123-8044 | ACCOUNT EXECUTIVE, 06/05/09 | ASSIGN | 11/4/2008 | $0.00 |
| CB COMMERCIAL REAL ESTATE GROUP INC.<br>533 S FREMONT AVE<br>LOS ANGELES, CA 90071 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/12/1994 | $0.00 |
| CB RICHARD ELLIS<br>600 W BROADWAY<br>STE 2100<br>SAN DIEGO, CA 92101 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CB RICHARD ELLIS (AGENT FOR GID) 3696 COLLECTION CTR DR CHICAGO, IL 60693 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| CBIZ MEDICAL MANAGEMENT PROFESSIONALS 5959 SHALLOWFORD RD STE 575 CHATTANOOGA, TN 37421 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2004 | $0.00 |
| CCH INCORPORATED 2700 LAKE COOK RD RIVERWOODS, IL 60015 | MAJOR ACCOUNT AGREEMENT | ASSIGN | 11/1/2003 | $0.00 |
| CC-HUBWOO 3 FITZWILLIAM PL DUBLIN 2, IRELAND | ORDER/SUPPLIER AGREEMENT | ASSIGN | 6/6/2005 | $0.00 |
| CCI - CRESTWOOD, L.P. C/O PM REALTY GROUP 6600 LBJ FREEWAY STE 160 DALLAS, TX 75250- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 3/1/2006 | $0.00 |
| CDI MEDIA 2323 SOUTH 3600 WEST SALT LAKE CITY, UT 84119 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CDI PRINTING PO BOX 689 1622 MIDDLE ROAD EXTENTION GIBSON , PA 15044 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/20/2007 | $0.00 |
| CDW COMPUTER 200 N MILWAUKEE AVE VERNON HILLS, IL 60061 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/4/2001 | $0.00 |
| CDW DIRECT LLC 2 ENTERPRISE DRIVE, SUITE 404 SHELTON, CT O6484 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/26/2009 | $0.00 |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS 180 WASHINGTON VALLEY RD BEDMINSTER, NJ 07921 | MAJOR ACCOUNT AGREEMENT | ASSIGN | 5/19/2010 | $31,411.00 |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS - NORTHEAST 255 PARKSBURG DR FOLSOM, CA 95630 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| CELTIC LEASING CORP. 2061 BUSINESS CTR DR STE 200 IRVINE, CA 92612 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/10/2002 | $0.00 |
| CEMEX, INC. 840 GESSNER STE 1400 HOUSTON, TX 77024 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2005 | $0.00 |
| CENDRIS LIMITED 47 BASTWICK ST LONDON, 3PS | AGREEMENT FOR REFERRAL OF BUSINESS | ASSIGN | 11/1/2003 | $0.00 |
| CENGAGE 200 FIRST STAMFORD PL STAMFORD, CT 06902 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/12/2008 | $0.00 |
| CENTENNIAL WAREHOUSE CORP. 10400 HICKMAN ROAD DES MOINES , IA 50325 | PUBLIC WHSE AGT FOR CITIGROUP | ASSIGN | 3/19/2010 | $0.00 |
| CENTERSHIFT INC. 2755 E COTTONWOOD PARKWAY STE 560 SALT LAKE CITY, UT 84121 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CENTERSHIFT, INC.<br>2755 E COTTONWOOD PARKWAY STE 560<br>SALT LAKE CITY, UT 84121 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/9/2009 | $0.00 |
| CENTERSHIFT, INC.<br>2755 E COTTONWOOD PKWY<br>SALT LAKE CITY, UT 84121 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/19/2009 | $0.00 |
| CENTERVILLE CONSTRUCTION CO LLC<br>3018 DIXWELL AVE<br>HAMDEN, CT 06518 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/1/2005 | $0.00 |
| CENTRAL FREIGHT LINES INC<br>PO BOX 4673<br>HOUSTON, TX 77210-4673 | CARRIER AGREEMENT | ASSIGN | 8/1/1998 | $0.00 |
| CENTRAL OHIO GRAPHICS INC<br>1020 W FIFTH AVE<br>COLUMBUS, OH 43212-2630 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CENTRAL ONE FEDERAL CREDIT UNION<br>714 MAIN ST<br>SHREWSBURY, MA 01545 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/25/2004 | $0.00 |
| CENTRAL STATES/MULTIPLES BUSINESS FORMS<br>PO BOX: PO BOX 157<br>SUWANEE, GA 30024 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CENTRAL TECHNOLOGY SERVICES<br>2100 STEWART DR<br>JEFFERSON CITY, MO 65109 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/21/2005 | $0.00 |
| CENTRAL WEST (PRODUCE)<br>511 E MAIN STE B<br>SANTA MARIA, CA 93454 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/10/2007 | $0.00 |
| CENTURA HEALTH<br>2425 S COLORADO BOULEVARD STE 200<br>DENVER, CO 80222 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2009 | $0.00 |
| CENVEO CORP<br>12990 SE HWY 212<br>CLACKAMAS, OR 97015 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2008 | $0.00 |
| CENVEO CORPORATION<br>12990 SE HWY 212<br>CLACKAMAS, OR 97015 | CERTIFIED TRADE PARTNER - STRATEGIC SOURCING | ASSIGN | 5/1/2008 | $0.00 |
| CEQUENT TRANSPORTATION ACCESSORIES GROUP<br>2602 COLLEGE AVE<br>GOSHEN, IN 46527 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/2/2005 | $0.00 |
| CEREXAGRI, INC.<br>630 FREEDOM BUSINESS CTR<br>KING OF PRUSSIA, PA 19406 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2003 | $0.00 |
| CERIDIAN<br>300 EMBASSY ROW<br>ATLANTA, GA 30328-1607 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/16/2002 | $0.00 |
| CERIDIAN CORP<br>300 EMBASSY ROW<br>ATLANTA, GA 30328-1607 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/18/2005 | $0.00 |
| CERRETANI,JOSEPH S<br>69 WARREN AVE<br>MANSFIELD, MA 02048-1328 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 12/7/1998 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CERTEGY INC.<br>100 2ND AVE S<br>STE 1100 S<br>ST PETERSBURG, FL 33701 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/28/2005 | $0.00 |
| CFA INSTITUTE<br>560 RAY C HUNT DR<br>CHARLOTTESVILLE, VA 22903 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/7/2010 | $0.00 |
| CHAMBERLAIN MARKETING<br>ATTN: GERALD CHAMBERLAIN<br>12103 DELTA STREET<br>TAYLOR, MI 48180 | WORKFLOW MANAGEMENT, INC. BILATERAL NON-DISCLOSURE AGREEMENT | ASSIGN | 8/4/2008 | $0.00 |
| CHAMPLAIN NATIONAL BANK<br>3900 NYS RTE 22<br>WILLSBORO, NY 12996 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 2/9/2006 | $0.00 |
| CHANDLER,MATTHEW<br>16317 AVALANCHE RUN<br>BROOMFIELD, CO 80023-8006 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| CHANDLER,SARAH<br>122 SARAH ST<br>KAUKAUNA, WI 54130-2118 | SALES SUPPORT AGREEMENT | ASSIGN | 6/14/2010 | $0.00 |
| CHAPELO,ZANT L<br>1407 NEW ENGLAND<br>WAY<br>LEBANON, OH 45036-9189 | VP HUMAN RESOURCES, 12/30/10 | ASSIGN | 3/15/2008 | $0.00 |
| CHAPPELL CROSSING I, LLC<br>7112 PARLIAMENT PL<br>LIBERTY TOWNSHIP, OH 45011- | LESSEE - COMMERCIAL REAL ESTATE LEASE, PENDING LEASE MODIFICATION | ASSIGN | 1/1/2008 | $0.00 |
| CHAPPELL HILL SAUSAGE<br>4255 SAUSAGE LN<br>CHAPPELL HILL, TX 77428 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/16/2003 | $0.00 |
| CHARLES SCHWAB<br>101 MONTGOMERY ST<br>SAN FRANCISCO, CA 94104 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/20/2008 | $0.00 |
| CHARLES SCHWAB & CO., INC.<br>101 MONTGOMERY ST<br>SAN FRANCISCO, CA 94104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/19/2006 | $0.00 |
| CHARLESTON GRAPHICS, INC.<br>807 A 18TH ST<br>CHARLESTON, IL 61920 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| CHARTER BUSINESS<br>8413 EXCELSIOR DRIVE STE 120<br>MADISON, WI 53717 | SERVICE AGREEMENT | ASSIGN | 4/29/2005 | $0.00 |
| CHARTER SOFTWARE, INC.<br>8906 W BOWLES AVE STE 210<br>LITTLETON, CO 80123 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2001 | $0.00 |
| CHARTER SOFTWARE, INC.<br>8906 W BOWLES AVE STE 210<br>LITTLETON, CO 80123 | VENDOR AGREEMENT | ASSIGN | 7/1/2001 | $0.00 |
| CHARTIS - NATIONAL UNION<br>175 WATER ST<br>NEW YORK, NY 10038 | EXCESS PROFESSIONAL LIABILITY, 03-000-85-47 | ASSIGN | 8/4/2010 | $0.00 |
| CHATEAU COMMUNITIES INC.<br>6160 S SYRACUSE WAY<br>GREENWOOD VILLAGE, CO 80111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/22/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CHAULOT-TALMON,MARY R<br>5660 GLENVIEW AVE<br>CINCINNATI, OH 45224-2810 | ACCOUNT MANAGER II, 05/15/09 | ASSIGN | 6/30/1980 | $0.00 |
| CHEBOYGAN MEMORIAL HOSPITAL<br>748 SOUTH MAIN ST<br>CHEBOYGAN, MI 49721-2220 | CUSTOMER CONTRACT LOP | ASSIGN | 3/14/2009 | $0.00 |
| CHECKFREE SERVICES CORPORATION<br>4411 EAST JONES BRIDGE RD<br>NORCROSS, GA 30092 | BILLER SERVICE PROVIDER AGREEMENT | ASSIGN | 5/1/2000 | $0.00 |
| CHECKRITE<br>7050 SOUTH UNION PARK CENTER STE 200<br>MIDVALE, UT 84070 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/20/1998 | $0.00 |
| CHEL GRAPHICS INC<br>W228 N2770 DUPLAINVILLE RD<br>WAUKESHA, WI 53186-1004 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| CHEMICAL SOLVENTS, INC.<br>3751 JENNINGS RD<br>CLEVELAND, OH 44109 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/10/2004 | $0.00 |
| CHERRY CREEK MORTGAGE COMPANY<br>3300 E FIRST AVE STE 460<br>DENVER, CO 80206 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2002 | $0.00 |
| CHESAPEAKE BANK<br>35 SCHOOL ST<br>KILMARNOCK, VA 22482 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/25/2003 | $0.00 |
| CHESAPEAKE BANK<br>PO BOX 1419<br>KILMAMOCK, VA 22482 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2008 | $0.00 |
| CHESAPEAKE PUBLIC SCHOOLS<br>1021 GREAT BRIDGE BLVD<br>CHESAPEAKE, VA 23320 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/11/2002 | $0.00 |
| CHESTERFIELD COMPANIES<br>3520 FOREST LAKE DR<br>UNIONTOWN, OH 44686 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2003 | $0.00 |
| CHESTERFIELD FEDERAL CREDIT UNION<br>4808 MARKET SQ LN<br>MIDLOTHIAN, VA 23112 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/22/2009 | $0.00 |
| CHEVRON PRODUCTS COMPANY<br>9401 WILLIAMSBURG PLZ<br>STE 201<br>LOUISVILLE, KY 40222 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/22/2009 | $0.00 |
| CHICAGO TAG & LABEL INC<br>2501 COMMERCE DR<br>LIBERTYVILLE, IL 60048 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CHICAGO TITLE OF COLORADO<br>1875 LAWRENCE ST STE 1200<br>DENVER, CO 80202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2003 | $0.00 |
| CHICK-FIL-A INC.<br>5200 BUFFINTON RD<br>ATLANTA, GA 30349 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2008 | $0.00 |
| CHILDREN'S CHOICE LEARNING CENTERS<br>3610 SHIRE BLVD STE 208<br>RICHARDSON, TX 75082-2239<br>USA | CUSTOMER CONTRACT LOU | ASSIGN | 11/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CHILDREN'S HEALTH CARE (DBA CHILDREN'S HOSP. & CLINICS OF MINNESOTA) 2910 CENTRE POINT DR ROSEVILLE, MN 55113 USA | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 3/17/2009 | $0.00 |
| CHILDREN'S HOSPITAL OF KINGS DAUGHTERS ONE KING'S DAUGHTERS' DRIVE MADISON, IN 47250-3357 USA | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| CHILDREN'S MEDICAL CENTER 1 CHILDRENS PLAZA DAYTON, OH 45404 USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/1995 | $0.00 |
| CHILDS,KRISTIN A 7965 SW 184TH AVE BEAVERTON, OR 97007-7763 | ACCOUNT SUPPORT REP II, 08/14/09 | ASSIGN | 9/20/1999 | $0.00 |
| CHIMERA, JOSEPH T 5436 MICHAEL COURT PIPERSVILLE, PA 18947-1195 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/14/2009 | $0.00 |
| CHIPOTLE 1543 WAZEE ST DENVER, CO 80202 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/8/2007 | $0.00 |
| CHIPOTLE MEXICAN GRILL 1543 WAZEE ST STE 200 DENVER, CO 80202 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/X/2007 | $0.00 |
| CHIPOTLE MEXICAN GRILL, INC. 1401 WYNKOOP ST STE 500 DENVER, CO 80202-1127 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/18/2009 | $0.00 |
| CHIYODA 2200 SR 240 E GREENCASTLE, IN 46135 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/29/2005 | $0.00 |
| CHOCOLATE INN 10 BUFFALO AVE FREEPORT, NY 11520 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 11/1/2005 | $0.00 |
| CHOICE PRINTING & PRODUCTS, LLC 150 NEWPORT AVE EAST PROVIDENCE, RI 02916 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2004 | $0.00 |
| CHOICEPOINT INC. 1000 ALDERMAN DR ALPHARETTA, GA 30005 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/17/2005 | $0.00 |
| CHRISTIAN EDUCATION PUBLISHERS 9260 TRADE PL SAN DIEGO, CA 92126 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/1/2001 | $0.00 |
| CHROMATIC TECHNOLOGIES 1096 ELKTON DR COLORADO SPRINGS, CO 80907 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/14/2000 | $0.00 |
| CHUBB & SON 55 WATER ST NEW YORK, NY 10041 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/9/2007 | $0.00 |
| CHUBB GROUP OF INSURANCE COMPANIES 202 HALLS MILL RD WHITEHOUSE STATION, NJ 08889 | UMBRELLA , 79793105 | ASSIGN | 8/1/2010 - 8/1/2011 | $0.00 |
| CHURCHILL TECHNOLOGY FINANCE LLC 8337A GREEN MEADOWS DR LEWIS CENTER, OH 43035 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/3/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CHURCHILL TECHNOLOGY FINANCE, LLC<br>8337A GREEN MEADOWS DR<br>LEWIS CENTER, OH 43035 | MASTER LEASE AGREEMENT | ASSIGN | 6/27/2002 | $0.00 |
| CHURCHILL TECHNOLOGY FINANCE, LLC<br>8337A GREEN MEADOWS DR<br>LEWIS CENTER, OH 43035 | MASTER LEASE AGREEMENT | ASSIGN | 6/27/2002 | $0.00 |
| CIBER INC<br>100 E BUSINESS WAY<br>CINCINNATI, OH 45241 | SERVICES AGREEMENT | ASSIGN | 7/6/2005 | $0.00 |
| CIGNA (CONNECTICUT GEN LIFE INS CO<br>8505 E ORCHARD RD<br>GREENWOOD VILLAGE, CO 80111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/28/2007 | $0.00 |
| CIGNA (CONNECTICUT GENERAL LIFE INSURANCE COMPANY<br>1601 CHESTNUT ST<br>PHILADELPHIA, PA 19192 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 6/30/2008 | $0.00 |
| CINCINNATI BELL ANY DISTANCE INC.<br>221 E FOURTH ST<br>CINCINNATI, OH 45202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/12/2010 | $0.00 |
| CINCINNATI BELL EXTENDED TERRITORIES, LLC<br>221 E FOURTH ST<br>CINCINNATI, OH 45202 | MASTER SERVICES AGREEMENT | ASSIGN | 8/31/2006 | $1,170.00 |
| CINCINNATI BELL TELECOMMUNICATION SERVICES,LLC<br>221 EAST FOURTH ST<br>CINCINNATI, OH 45202 | PURCHASING AGREEMENT | ASSIGN | 7/27/2007 | $0.00 |
| CINCINNATI BELL WIRELESS, LLC<br>221 EAST FOURTH ST<br>CINCINNATI, OH 45202 | WIRELESS SERVICE AGREEMENT | ASSIGN | 1/24/2006 | $14,724.00 |
| CINFED FEDERAL EMPLOYEES CREDIT UNION<br>550 MAIN ST RM 5510<br>CINCINNATI, OH 45202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/20/1997 | $0.00 |
| CINTAS<br>3220 S LEONARD RD<br>ST JOSEPH, MO 64503 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/27/2004 | $0.00 |
| CIPS MARKETING GROUP INC<br>13310 S. AVALON BLVD<br>LOS ANGELES, CA 90061 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/26/2006 | $0.00 |
| CIRILLO MARKETING COMMUNICATIONS, INC. AND LUCIANNE CIRILLO<br>LUCIANNE CIRILLO<br>43 WALSH DRIVE<br>MAHWAH, NJ 07430<br>USA | ACQUISITION OF CIRILLO PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 2/14/2000 | $0.00 |
| CIRQIT<br>100 SOUTH JEFFERSON RD<br>3RD FL<br>WHIPPANY, NJ 09871 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/11/2004 | $0.00 |
| CISCO CAPITAL<br>170 WEST TASMAN<br>SAN JOSE, CA 95134 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2009 | $0.00 |
| CISCO SYSTEMS<br>170 W TASMAN DR<br>SAN JOSE, CA 95134 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/28/1999 | $0.00 |
| CISCO SYSTEMS<br>170 WEST TASMAN DR<br>SAN JOSE, CA 95134 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CISCO SYSTEMS, INC.<br>170 WEST TASMAN DR<br>SAN JOSE, CA 95134-1706 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/30/2009 | $0.00 |
| CISCO WEBEX<br>3979 FREEDOM CR<br>SANTA CLARA, CA 95054 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/21/2009 | $0.00 |
| CISCO WEBEX<br>3979 FREEDOM CR<br>SANTA CLARA, CA 95054 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/21/2009 | $0.00 |
| CISCO WEBEX<br>3979 FREEDOM CR<br>SANTA CLARA, CA 95054 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 9/18/2009 | $0.00 |
| CISNEROS,CLAUDIA<br>1106 KLEMEYER CIR<br>STOCKTON, CA 95206 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 3/25/2010 | $0.00 |
| CIT<br>1 CIT DR<br>LIVINGSTON, NJ 07039 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2001 | $0.00 |
| CIT COMMUNICATIONS FINANCE CORP<br>8888 KEYSTONE CROSSING<br>NO 1300<br>INDIANAPOLIS, IN 46240 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2001 | $0.00 |
| CIT COMMUNICATIONS FINANCE CORPORATION<br>650 CIT DR<br>LIVINGSTON, NJ 07039 | MASTER LEASE AGREEMENT | ASSIGN | 11/26/2001 | $0.00 |
| CIT COMMUNICATIONS/AVAYA COMM<br>650 CIT DR<br>LIVINGSTON, NJ 07039 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/29/2001 | $0.00 |
| CIT COMMUNICATIONS/AVAYA COMM BOUGHT BY ICX<br>650 CIT DR<br>LIVINGSTON, NJ 07039 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/29/2001 | $0.00 |
| CIT GROUP/COMMERCIAL SERVICES INC.<br>TWO WACHOIVA CTR<br>301 SOUTH TRYON ST<br>CHARLOTTE, NC 28282 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/10/2008 | $0.00 |
| CIT TECHNOLOGIES CORPORATION DBA CIT SYSTEMS LEASING<br>2285 FRANKLIN RD SECOND FL<br>BLOOMFIELD, MI 48302 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/15/2007 | $0.00 |
| CIT TECHNOLOGIES CORPORATION DBA CIT SYSTEMS LEASING<br>2285 FRANKLIN RD SECOND FL<br>BLOOMFIELD, MI 48302 | EQUIPMENT LEASES | ASSIGN | VARIOUS | $0.00 |
| CIT TECHNOLOGIES CORPORATION, D/B/A CIT SYSTEMS LEASING<br>2285 FRANKLIN RD SECOND FL<br>BLOOMFIELD, MI 48302 | VENDOR AGREEMENT | ASSIGN | 11/13/2000 | $0.00 |
| CIT TECHNOLOGY FINANCING SVCS INC<br>10201 CENTURION PKWY N<br>JACKSONVILLE, FL 32256 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/26/2008 | $0.00 |
| CITATION GRAPHICS<br>7025 CENTRAL HWY<br>PENNSAUKEN, NJ 08109 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| CITICORP NORTH AMERICA<br>399 PARK AVE<br>NEW YORK, NY 10043 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CITICORP NORTH AMERICA<br>399 PARK AVE<br>NEW YORK, NY 10043 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/30/2002 | $0.00 |
| CITICORP NORTH AMERICA<br>333 W 34TH ST<br>8TH FL<br>NEW YORK, NY 10001 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2004 | $0.00 |
| CITICORP NORTH AMERICA, INC.<br>111 WALL ST<br>NEW YORK, NY 10005 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2010 | $0.00 |
| CITIMORTGAGE, INC.<br>15851 CLAYTON RD<br>BALLWIN, MO 63011 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/11/2003 | $0.00 |
| CITIZENS BANK OF RHODE ISLAND<br>10 TRIPPS LN<br>RIVERSIDE, RI 02915 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/13/2002 | $0.00 |
| CITIZENS BANK OF RI<br>ONE CITIZENS PLZ<br>PROVIDENCE, RI 02903 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/30/2004 | $0.00 |
| CITIZENS FINANCIAL GROUP INC<br>53 STATE ST<br>9TH FL<br>BOSTON, MA 02109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/7/2001 | $0.00 |
| CITIZENS MEMORIAL HEALTHCARE<br>1500 N OAKLAND<br>BOLIVAR, MO 65613-3099 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| CITRUS VALLEY HEALTH<br>PO BOX 6108<br>COVINA, CA 91722-5108 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| CITY CENTER PLUME ASSOCIATES<br>C/O THE MORGAN REAL ESTATE GRO<br>207 GRANBY ST NO 300<br>NORFLOK, VA 23510 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 2/15/2010 | $0.00 |
| CITY NATIONAL BANK<br>1601 WEST OLYMPIC BLVD<br>LOS ANGELES, CA 90006 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/19/2006 | $0.00 |
| CITY OF DAYTON, OHIO<br>101 W THIRD ST PO BOX 22<br>DAYTON, OH 45401 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/18/2004 | $0.00 |
| CITY OF EAST PEORIA<br>100 SOUTH MAIN ST<br>EAST PEORIA, IL 61611 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/27/2001 | $0.00 |
| CITY OF GLENDALE, ARIZONA<br>5850 W GLENDALE AVE<br>GLENDALE, AZ 85301 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/1988 | $0.00 |
| CITY OF HOUSTON<br>1400 LUBBOCK<br>HOUSTON, TX 77251 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/8/2001 | $0.00 |
| CITY OF NEW YORK<br>1 CENTRE STREET 18TH FL<br>NEW YORK, NY 10007 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CITY OF WAPAKONETA<br>PO BOX 269<br>WAPAKONETA, OH 45895-0269 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/7/2010 | $0.00 |
| CK COURIER<br>PO BOX 57<br>CHARLOTTESVILLE, VA 22902 | CARRIER AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| CLARIAN HEALTH-REVENUE CYCLE SERVICES<br>250 N. SHADELAND<br>INDIANAPOLIS, IN 46219 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 12/10/2008 | $0.00 |
| CLARITY SOFTWARE SOLUTIONS, INC.<br>2351 BOSTON POST RD NO 210<br>GUILFORD, CT 06437 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/28/2010 | $0.00 |
| CLARK AMERICAN CHECKS, INC.<br>240 AMERICA PL<br>JEFFERSONVILLE, IN 47130 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 10/28/2004 | $0.00 |
| CLARK,BRIAN M<br>5731 WOODBRIDGE LN<br>WEST CHESTER, OH 45069-4517 | DIR STRATEGIC ACCTS, 02/06/09 | ASSIGN | 1/5/2008 | $0.00 |
| CLASSY WINDOW CLEANING LLC<br>2115 PERSHING BLVD<br>DAYTON, OH 45420 | SERVICES AGREEMENT - WINDOW CLEANING | ASSIGN | 3/1/2005 | $0.00 |
| CLAY COUNTY MEDICAL CENTER<br>617 LIBERTY<br>CLAY CENTER, KS 67432-1599 | CUSTOMER CONTRACT LOU | ASSIGN | 7/1/2010 | $0.00 |
| CLEARING HOUSE SERVICE COMPANY<br>100 BROAD ST<br>NEW YORK, NY 10004 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/1/2006 | $0.00 |
| CLEMENS MARKET<br>1555 BUSTARD RD<br>KULPSVILLE, PA 19443 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/27/2002 | $0.00 |
| CLEVELAND CLINIC FOUNDATION, THE<br>1950 RICHMOND ROAD<br>LYNDHURST, OH 44124 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/3/2010 | $0.00 |
| CLEVELAND ZOOLOGICAL SOCIETY, INC.<br>3900 WILDLIFE WAY<br>CLEVELAND, OH 44109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| CLOROX SERVICES CO<br>1221 BROADWAY<br>OAKLAND, CA 94612 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/9/2008 | $0.00 |
| CLOROX SERVICES COMPANY<br>1221 BROADWAY<br>OAKLAND, CA 94612 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/24/2008 | $0.00 |
| CLOROX SERVICES COMPANY<br>1221 BROADWAY<br>OAKLAND, CA 94612 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/9/2008 | $0.00 |
| CLOUD COUNTY HEALTH CENTER<br>1100 HIGHLAND DR<br>CONCORDIA, KS 66901 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| CLOUSER,JAMES C<br>202 LADSON CT<br>DECATUR, GA 30033-5375 | ACCOUNT MANAGER, 10/02/09 | ASSIGN | 5/16/1995 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CMC CONSTRUCTION SERVICES<br>777 NORTH ELDRIDGE PKWY<br>HOUSTON, TX 77079 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2008 | $0.00 |
| CMG MORTGAGE INC<br>3160 CROW CANYON RD STE 400<br>SAN RAMON, CA 94583 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/18/2010 | $0.00 |
| CNG FINANCIAL CORPORATION<br>4824 SOCIALVILLE FOSTERS RD<br>MASON, OH 45040 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/1998 | $0.00 |
| COAST LABEL COMPANY<br>17406 MT CLIFFWOOD CIR<br>FOUNTAIN VALLEY, CA 92708 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| COBALT INDUSTRIAL REIT II<br>C/O ASSET MANAGER<br>5605 N MACARTHUR BLVD STE 350<br>IRVING, TX 75038- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 10/1/1997 | $0.00 |
| COBBLESTONE SHOE REPAIR<br>120 MABRY LN<br>WHITNEY, TX 76692 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/18/2002 | $0.00 |
| COCA-COLA ENTERPRISES INC.<br>2500 WINDY RIDGE PKWY<br>STE 700<br>ATLANTA, GA 30339 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/3/2002 | $0.00 |
| CODING STRATEGIES<br>5041 DALLAS HIGHWAY STE 606<br>POWDER SPRINGS, GA 30127 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/28/2003 | $0.00 |
| COGNOS CORPORATION<br>6112 BRIGIDS CIRCLE<br>DUBLIN, OH  43017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/12/2003 | $0.00 |
| COHN,CHRISTOPHER C<br>2851 S NOLINA PL<br>CHANDLER, AZ 85286-8018 | ACC EXEC, 02/12/10 | ASSIGN | 7/1/2009 | $0.00 |
| COLD STONE'S<br>754 N MAIN ST<br>SPRINGBORO , OH  45066-8944 | SERVICES AGREEMENT | ASSIGN | 7/11/2008 | $0.00 |
| COLEMAN III,CLAUDE C<br>5812 S CRESTWOOD AVE<br>RICHMOND, VA 23226 | SALES REP, 04/05/10 | ASSIGN | 8/1/2008 | $0.00 |
| COLEMAN,BRETT<br>306 CHARLESTON AVE<br>COLUMBUS, OH 43214-1206 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/28/2005 | $0.00 |
| COLGATE-PALMOLIVE COMPANY<br>300 PARK AVE<br>NEW YORK, NY 10022 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/27/1997 | $0.00 |
| COLLABRIA CORPORATION<br>2121 S EL CAMINO RD<br>SAN MATEO, CA 94407 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/2/2001 | $0.00 |
| COLLEGIATE LICENSING COMPANY<br>290 INTERSTATE NORTH STE 200<br>ATLANTA, GA 30339 | COLLEGIATE INSTITUTION PREMIUM LICENSE | ASSIGN | 8/28/2008 | $0.00 |
| COLLIERS INTERNATIONAL<br>4660 LAJOLLA VILLAGE DR<br>STE 200<br>SAN DIEGO, CA 92122 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/5/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| COLOR PROCESS INC<br>13900 PROSPECT RD<br>STRONGSVILLE, OH 44149 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| COLORADO STATE EMPLOYERS CU<br>1390 LOGAN ST.<br>DENVER, CO 80203 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/22/2006 | $0.00 |
| COLOUR CONCEPTS, INC.<br>700 COLUMBIA AVE<br>RIVERSIDE, CA 92507 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/16/2009 | $0.00 |
| COLUMBIA SPORTSWEAR COMPANY<br>14375 NW SCIENCE PARK DRIVE<br>PORTLAND , OR  97229-5418 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/12/2008 | $0.00 |
| COLUMBIA SUSSEX<br>207 GRANDVIEW DRIVE NO 400<br>FT MITCHELL, KY 41017 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/2/2006 | $0.00 |
| COLUMBIA TECH CENTER, LLC<br>UNIT 37<br>PO BOX 4800<br>PORTLAND, OR 97208-4800 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2003 | $0.00 |
| COLUMBUS COMMUNITY HOSPITAL<br>4600 38TH ST<br>COLUMBUS, NE 68601-1664 | CUSTOMER CONTRACT LOU | ASSIGN | 2/1/2010 | $0.00 |
| COLUMBUS COURIER AND FREIGHT, LLC<br>5905 H. GREEN POINE DR. S.<br>GROVEPORT, OH  43125 | CARRIER AGREEMENT | ASSIGN | 9/8/2004 | $0.00 |
| COLUMBUS INDUSTRIES INC.<br>2938 ST RT 752<br>ASHVILLE, OH 43103 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/5/2003 | $0.00 |
| COLUMBUS REGIONAL HEALTHCARE SYSTEM, INC.<br>2400 EAST 17TH ST<br>COLUMBUS, IN 47201-5360 | CUSTOMER CONTRACT LOP | ASSIGN | 9/1/2007 | $0.00 |
| COLUMBUS REGIONAL HOSPITAL - INDIANA<br>2400 EAST 17TH ST<br>COLUMBUS, IN 47201-5360 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| COLUSA REGIONAL MEDICAL CENTER<br>199 EAST WEBSTER<br>COLUSA, CA 95932-2954 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 3/26/2008 | $0.00 |
| COMAIR, INC.<br>10001 ALLIANCE RD<br>CINCINNATI, OH 45242 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2008 | $0.00 |
| COMANCHE COUNTY MEMORIAL HOSPITAL<br>PO BOX 129<br>LAWTON, OK 73502-0129 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| COMBINED INUSRANCE CO.<br>1000 N MILWAUKEE AVE<br>GLENVIEW, IL 60025 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/20/2008 | $0.00 |
| COME NOW ADVANCED BALLOT SOLUTIONS, LLC<br>1909 E. RAY RAOD, #9-154<br>CHANDLER, AZ 85225 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/7/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| COMERFORD,HEATHER<br>16530 NW OAK CREEK<br>DR<br>BEAVERTON, OR 97006 | STRATEGIC ACCT EXEC - PROMO, 08/17/09 | ASSIGN | 10/19/2005 | $0.00 |
| COMERICA<br>500 WOODWARD AVE<br>DETROIT, MI 48226-3416 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/25/2004 | $0.00 |
| COMERICA BANK<br>9100 CENTRE POINT DR NO 240<br>WEST CHESTER, OH 45069 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2010 | $0.00 |
| COMERICA BANK<br>9100 CENTRE POINT DR NO 240<br>WEST CHESTER, OH 45069 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/3/2008 | $0.00 |
| COMI JR,PAUL D<br>509 COOLIDGE DR<br>SAN GABRIEL, CA 91775 | ACC EXEC, 05/03/10 | ASSIGN | 12/20/2004 | $0.00 |
| COMISKEY,JOHN<br>3810 E VINEYARD AVE<br>PLEASANTON, CA 94566 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/7/2004 | $0.00 |
| COMMAND TRANSPORTATION, LLC<br>7500 FRONTAGE RD<br>SKOKIE, IL 60077 | CARRIER AGREEMENT | ASSIGN | 2/28/2007 | $0.00 |
| COMMAND WEB OFFSET COMPANY<br>PO BOX 35606<br>NEWARK, NJ 07193-5607 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2009 | $0.00 |
| COMMERCE BANCSHARES, INC.<br>8000 FORSYTH BLVD<br>ST LOUIS, MO 63105 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/28/2002 | $0.00 |
| COMMERCE ONE OPERATIONS INC<br>4440 ROSEWOOD DR<br>PLEASANTON, CA 94588 | MASTER AGREEMENT | ASSIGN | 11/13/2001 | $0.00 |
| COMMERCIAL CAPITAL LENDING, LLC<br>11135 INDUSTRIAL PL BLVD<br>STE 1500<br>BATON ROUTE, LA 70809 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/6/2004 | $0.00 |
| COMMERCIAL METALS COMPANY<br>6565 N MACARTHUR BLVD<br>IRVING, TX 75039 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2009 | $0.00 |
| COMMERCIAL METALS COMPANY<br>6565 N MACARTHUR BLVD<br>IRVING, TX 75039 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/18/2010 | $0.00 |
| COMMERCIAL METALS COMPANY<br>6565 N MACARTHUR BLVD<br>IRVING, TX 75039 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/9/2009 | $0.00 |
| COMMERCIAL ROOFING SPECIALTIES<br>2703 PEACHTREE SQUARE<br>DORAVILLE, GA 30360 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/2/2001 | $0.00 |
| COMMONWEALTH OF VIRGINIA - DIVISION OF PURCHASES AND SUPPLY, DEPARTMENT OF GENERAL SERVICES<br>PO BOX 1199<br>RICHMOND, VA 23218-1199 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/7/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| COMMUNITY HOSPITAL OF NEW PORT RICHEY<br>5637 MARINE PKWY<br>NEW PORT RICHEY, FL 34652 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/17/2005 | $0.00 |
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA (CHOMP)<br>23625 HOLMAN HWY<br>MONTEREY, CA 93940-5902 | CUSTOMER CONTRACT LOU | ASSIGN | 8/1/2010 | $0.00 |
| COMMUNITY HOSPITALIST<br>30880 BAINBRIDGE RD<br>SOLON, OH 44138 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/15/2007 | $0.00 |
| COMPASS BANK<br>15 S 20TH ST<br>BIRMINGHAM, AL 25233 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/19/2004 | $0.00 |
| COMPASS BANK<br>15 S 20TH ST<br>BIRMINGHAM, AL 25233 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/19/2004 | $0.00 |
| COMPBENEFITS CORPORATION<br>100 MANSELL CT<br>ROSWELL, GA 30076 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/12/2001 | $0.00 |
| COMPREHENSIVE CARE MANAGEMENT CORPORATION<br>2275 OLINVILLE AVE<br>BRONX, NY 10467 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/12/2009 | $0.00 |
| COMPREHENSIVE SOLUTIONS<br>250 N. SUNNY SLOPE ROAD #300<br>BROOKFIELD, WI 53005 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/8/2005 | $0.00 |
| COMPSEE<br>582 YANKEE TRACE DRIVE<br>CENTERVILLE, OH 45458 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| COMPTON,PHILIP<br>2210 BAGGINS LANE<br>CHARLOTTE, NC 28269 | SALES REPRESENTATIVE AGREEMENT, 01/28/11 | ASSIGN | 11/10/2009 | $0.00 |
| COMPUNET CLINICAL LABORATORY<br>22309 SANDRIDGE DR<br>DAYTON, OH 45439 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/28/2005 | $0.00 |
| COMPUTER SCIENCES CORP (CSC)<br>26711 NORTHWESTERN HWY<br>STE 600<br>SOUTHFIELD, MI 48034-2156 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2001 | $0.00 |
| CONCENTRA HEALTH SERVICES, INC.<br>5080 SPECTRUM DR<br>1200 WEST TOWER<br>ADDISON, TX 75001 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 2/15/2010 | $0.00 |
| CONCENTRA INC.<br>5080 SPECTRUM DR<br>1200 WEST TOWER<br>ADDISON, TX 75001 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/18/2002 | $0.00 |
| CONCENTRIX INCORPORATED<br>400 SW SIXTH AVE<br>PORTLAND, OR 97204 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/4/2000 | $0.00 |
| CONCLUSIVE MARKETING<br>830 CRESCENT CTR DR BLDG 6 5TH FLOOR STE 510<br>FRANKLIN, TN 37067 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/8/2007 | $0.00 |
| CONE MILLS CORPORATION<br>3101 N ELM ST<br>GREENSBORO, NC 27415 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/15/1998 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CONECTIV<br>800 KING ST<br>WILMINGTON, DE 19899 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/14/2001 | $0.00 |
| CONGRESSIONAL FCU<br>10461 WHITE GRANITE DR<br>OAKTON, VA 22124 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/29/2009 | $0.00 |
| CONLEY,KELLY M<br>5540 W PENSACOLA AVE<br>CHICAGO, IL 60641-1334 | ACCOUNT EXECUTIVE, 02/05/10 | ASSIGN | 12/12/2008 | $0.00 |
| CONNECTICUT GENERAL LIFE INSURANCE CO<br>8505 E ORCHARD RD<br>GREENWOOD VILLAGE , CO 80111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/12/2007 | $0.00 |
| CONNECTION STRATEGY LLC<br>7300 HUDSON BLVD STE 270<br>SAINT PAUL, MN 55128 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| CONNETICUT GENERAL LIFE INSURANCE<br>900 COTTAGE GROVE RD<br>BLOOMFIELD, CT 06152 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/9/2009 | $0.00 |
| CONRNERSTONE ENTERPRISES, INC. D/B/A NAVIGANT PERFORMANCE GROUP<br>86 PLEASANT STREET<br>MARLBORO, MA  O1752 | SERVICES AGREEMENT | ASSIGN | 7/13/2004 | $0.00 |
| CONSOLIDATED GRAPHICS INC<br>5858 WESTHEIMER<br>STE 200<br>HOUSTON, TX 77057 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/28/2009 | $0.00 |
| CONSOLIDATED GRAPHICS, INC<br>5858 WESTHEIMER<br>STE 200<br>HOUSTON, TX 77057 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/28/2009 | $0.00 |
| CONSORTIUM COMPANIES (MGF BUS. PRODUCTS)<br>PO BOX 6444 400 RARITAN CTR PKWY<br>EDISON, NJ 08837 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CONTAINER CARE INTERNATIONAL<br>500 MAYO SHELL RD<br>GALENA PARK, TX 77547 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/7/2002 | $0.00 |
| CONTEMPORARY IMAGE LABELING, INC<br>2034 MCKINNEY BLVD<br>LEBANON, OH  45036 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/22/2008 | $0.00 |
| CONTINENTAL AIRLINES<br>1600 SMITH ST<br>HOUSTON, TX 77001 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/31/2009 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/15/2001 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2002 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/31/2002 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/30/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2006 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2006 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/15/2006 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/15/2006 | $0.00 |
| CONTINENTAL AIRLINES, INC.<br>1600 SMITH ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/15/2006 | $0.00 |
| CONTINENTAL CASUALTY CO<br>200 S WAKER<br>13TH FL<br>CHICAGO, IL 60606 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/2/2005 | $0.00 |
| CONTINENTAL DATALABEL, INC.<br>1855 FOX LANE<br>ELGIN , IL 60123 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2009 | $0.00 |
| CONTINENTAL WEB PRESS<br>PO BOX 26363<br>KANSAS CITY, MO 64196 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CONVALESCENT CARE, INC.<br>7204 GLEN FOREST DR STE 101<br>RICHMOND, VA 23228 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/1998 | $0.00 |
| CONVIBER CO., INC.<br>2133 W MCNAB RD<br>POMPANO BEACH, FL 33069 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/11/2001 | $0.00 |
| CONWAY REGIONAL MEDICAL CENTER<br>2302 COLLEGE AVE<br>CONWAY, AR 72032-6297 | CUSTOMER CONTRACT LOP | ASSIGN | 4/1/2008 | $0.00 |
| CON-WAY TRANSPORTATION SERVICES, INC.<br>PO BOX 5160<br>PORTLAND, OR 97208-5160 | CARRIER AGREEMENT | ASSIGN | 8/31/1998 | $0.00 |
| COOK, RICK<br>11236 QUEEN ANNE<br>AVE<br>OKLAHOMA CITY, OK 73114-7009 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| COOK,CASEY<br>3984 NEW YORK DR<br>ENON, OH 45323-1455 | SALES SUPPORT AGREEMENT | ASSIGN | 7/11/2010 | $0.00 |
| COOLEY DICKINSON HOSPITAL<br>30 LOCUST ST<br>NORTHAMPTON, MA 01060-2093 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| COONEY, RIKARD & CURTIN<br>1 METROPOLITAN DR<br>STE 400<br>BIRMINGHAM, AL 35209 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2001 | $0.00 |
| COOPER CAMERON VALVES<br>16250 PORT NORTHWEST STE 100<br>HOUSTON, TX 77041 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| COOPER TIRE & RUBBER COMPANY<br>701 LIMA AVE<br>FINDLAY, OH 45840 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2010 | $0.00 |
| COOPER,KATHLEEN M<br>1248 SHAWNEE TRL<br>STREETSBORO, OH 44241-5351 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/8/2010 | $0.00 |
| COPART AUTO AUCTIONS<br>4665 BUSINESS CTR DR<br>FAIRFIELD, CA 94534 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/6/2009 | $0.00 |
| COPART, INC.<br>4665 BUSINESS CTR DR<br>FAIRFIELD, CA 94534 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/13/2008 | $0.00 |
| COPART, INC.<br>4665 BUSINESS CTR DR<br>FAIRFIELD, CA 94534 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/30/2009 | $0.00 |
| CORE PRODUCT SOLUTIONS<br>PO BOX 218<br>LEWIS CENTER, OH 43035 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| COREHARBOR INC<br>102 PICKERING WAY<br>EXTON, PA 19341 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/5/2001 | $0.00 |
| CORESOURCE<br>2828 ENTERPRISE DR<br>ANDERSON, IN 46013 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/3/2001 | $0.00 |
| CORNERSTONE REAL EST ADVISORS<br>311 S WACKER DR<br>NO 980<br>CHICAGO, IL 60806 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/1/2003 | $0.00 |
| CORNERSTONE REAL EST ADVISORS<br>1 FINANCIAL PLZ<br>STE 1700<br>HARTFORD, CT 06103 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/1/2003 | $0.00 |
| CORNING CABLE SYSTEMS<br>800 17TH ST NW<br>HICKORY, NC 28601 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/5/2009 | $0.00 |
| CORPORATE ELECTRONICS STATIONARY<br>2708 AMERICAN DR<br>TROY, MI 48083-4647 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CORPORATE ELEMENTS, LLC<br>39520 WOODWARD AVENUE, SUITE 10<br>BLOOMFIELD HILLS , MI 48304 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/20/2008 | $0.00 |
| CORPORATE EXECUTIVE BOARD COMPANY<br>3393 COLLECTIONS CENTER DRIVE<br>CHICAGO, IL 60693 | CORPORATE EXECUTIVE BOARD COMPANY MEMBERSHIP | ASSIGN | 6/30/2010 | $0.00 |
| CORPORATE GRAPHICS, INC.-PA<br>940 G ANN ST<br>STROUDSBURG, PA 18360 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CORPORATE NETWORK ECOM, LLC<br>7300 COLLEGE BLVD<br>STE 430<br>OVERLAND PARK, KS 66210 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/14/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CORPORATE TRANSIT OF AMERICA<br>23170 WEST 8MILE<br>SOUTHFIELD, MI 48033 | SERVICES AGREEMENT | ASSIGN | 7/31/2009 | $0.00 |
| CORPTAX, LLC<br>1751 LAKE COOK RD STE 200<br>DEERFIELD, IL 60015 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/22/2006 | $0.00 |
| COSTELLO,DENNIS J<br>1698 ITHACA DR<br>NAPERVILLE, IL 60565 | REGIONAL SALES MANAGER | ASSIGN | 6/5/2006 | $0.00 |
| COSTICK,MICHAEL<br>2315 CEDAR LAKE DR<br>ST LOUIS, MO 63043 | SALES REP, 03/26/09 | ASSIGN | 8/1/2008 | $0.00 |
| COTTON & ALLEN<br>200 SOUTH FIFTH ST STE 201<br>LOUISVILLE, KY 402020 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/17/2010 | $0.00 |
| COTTRELL PRINTING CO<br>7255 S HAVANA ST STE 150<br>CENTENNIAL, CO 80112 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| COUNTRYWIDE HOME LOANS<br>4500 PARK GRANADA<br>CALABASAS, CA 91302 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/20/2007 | $0.00 |
| COUNTRYWIDE HOME LOANS, INC.<br>450 AMERICAN ST SV3 62<br>SIMI VALLEY, CA 93205 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/23/2002 | $0.00 |
| COUNTY OF BUTLER<br>124 WEST DIAMOND ST<br>BUTLER, PA 16001 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/15/2002 | $0.00 |
| COUNTY OF OBISPO PROBATION DEPARTMENT<br>2176 JOHNSON AVE<br>SAN LUIS OBISPO, CA 93401 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/25/2005 | $0.00 |
| COUNTY OF SANTA CLARA<br>2310 N FIRST ST STE 201<br>SAN JOSE, CA 95131 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2007 | $0.00 |
| COVENANT M.C. LAKESIDE<br>4000 24TH ST<br>LUBBOCK, TX 79410 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/10/2001 | $0.00 |
| COVENTRY HEALTH CARE<br>4300 COX RD<br>GLEN ALLEN, VA 23060 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/20/2007 | $0.00 |
| COVENTRY HEALTH CARE, INC.<br>6705 ROCKLEDGE DR<br>STE 900<br>BETHESDA, MD 20817 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/7/1999 | $0.00 |
| COX HEALTH SYSTEMS<br>1423 NORTH JEFFERSON AVE<br>SPRINGFIELD, MO 65802 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| COX NORTH CAROLINA<br>PO BOX 1967<br>GREENVILLE, NC 27835 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/17/2008 | $0.00 |
| COX,MARK T<br>2279 SHELLY RD<br>HARLEYSVILLE, PA 19438 | ACC EXEC, 02/02/09 | ASSIGN | 3/13/1989 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| COX,MONICA D<br>7153 HARBOUR TOWN DR<br>WEST CHESTER, OH 45069-6346 | ACCOUNT RELATIONSHIP MANAGER, 12/18/09 | ASSIGN | 5/5/2009 | $0.00 |
| COYNE TEXTILE SERVICES<br>140 CORTLAND AVENUE<br>SYRACUSE, NY 13221 | UNIFORM RENTAL AGREEMENT | ASSIGN | 11/10/2005 | $3,897.00 |
| COYOTE LOGISITCS<br>191 EAST DEERPATH RD STE 100<br>LAKE FOREST, IL 60045 | CARRIER AGREEMENT | ASSIGN | 10/4/2007 | $0.00 |
| CRANE CARRIER<br>1925 N SHERIDAN RD<br>TULSA, OK 74115 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/21/2004 | $0.00 |
| CRANE COMPANY<br>1453 ALLEN RD<br>SALEM, OH 44460 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/26/2001 | $0.00 |
| CRAWFORD TECHNOLOGIES INC<br>130 KING ST W<br>STE 1800<br>TORONTO, ON M5X1E3<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/30/2008 | $0.00 |
| CRAWFORD TECHNOLOGIES, INC<br>130 KING ST W<br>STE 1800<br>TORONTO, ON M5X1E3<br>CANADA | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/30/2008 | $0.00 |
| CREATEFORM, INC<br>101A FIRST AVENUE<br>WALTHAM, MA  O2451 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/8/2001 | $0.00 |
| CREATIVE LABELS INC<br>6670 SILACCI WAY<br>GILROY, CA 95020 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CREATIVE MARKETING CONCEPTS<br>572 MARKET ST<br>SAN FRANCISCO, CA 94104 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/6/2008 | $0.00 |
| CREATIVE PRINT PRODUCTS<br>803R LANCASTER ST<br>LEOMINSTER, MA 01453 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/19/2007 | $0.00 |
| CREATIVE PRINTING SERVICES, INC<br>1701 BIRCHWOOD AVENUE<br>DES PLAINES, IL 60018 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2008 | $0.00 |
| CREATIVE PRINTING SERVICES, LLC<br>1701 BIRCHWOOD AVENUE<br>DES PLAINES, IL  60018-3005 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/24/2008 | $0.00 |
| CREDIT SUISSE FIRST BOSTON<br>11 MADISON AVE<br>NEW YORK, NY 10010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/8/2005 | $0.00 |
| CREDIT SUISSE FIRST BOSTON LLC<br>11 MADISON AVE<br>NEW YORK, NY 10010 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2004 | $0.00 |
| CREO AMERICAS, INC.<br>3 FEDERAL ST<br>BILLERICA, MA 01821 | EQUIPMENT LEASE | ASSIGN | 9/13/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CRESA PARTNERS<br>700 S W TAYLOR<br>NO 222<br>PORTLAND, OR 97205 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/7/2004 | $0.00 |
| CRESA PARTNERS - PORTLAND<br>1 SW COLUMBIA ST NO 1610<br>PORTLAND, OR 97258-2014 | SERVICES AGREEMENT | ASSIGN | 12/1/2008 | $0.00 |
| CRESA PARTNERS LLC<br>200 STATE STREET 13TH FL<br>BOSTON, MA 02109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/15/2009 | $0.00 |
| CRESS,ROMA J<br>1291 YORK LN<br>TROY, OH 45373-2411 | SALES SUPPORT AGREEMENT | ASSIGN | 7/15/2010 | $0.00 |
| CROP PRODUCTION SERVICES, INC.<br>3005 ROCKY MOUNTAIN AVE<br>LOVELAND, CO 80538-9001 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/20/2005 | $0.00 |
| CROSS,WENDY<br>18 SANDCASTLE LANE<br>BELLINGHAM, MA 02019-3014 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 10/13/2008 | $0.00 |
| CROWN CREDIT COMPANY<br>PO BOX 640352<br>CINCINNATI, OH 45264-0352 | EQUIPMENT LEASES | ASSIGN | 4/1/2008 | $0.00 |
| CROWN EQUIPMENT CORPORATION<br>40 44 SOUTH WASHINGTON ST<br>NEW BREMEN, OH 45869 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/23/2009 | $0.00 |
| CROWN PRODUCTS, LLC<br>3107 HILLS MILL RD<br>MOBILE, AL 36606 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2005 | $0.00 |
| CROWN RELOCATIONS<br>600 KAHELU AVE<br>MILILANI, HI 96789 | SERVICES AGREEMENT | ASSIGN | 7/15/2005 | $0.00 |
| CROWN-GREENSBORO I, LLC<br>3808 N SULLIVAN RD<br>BUILDING N 15 STE 202<br>SPOKANE VALLEY, WA 99216- | LESSEE - COMMERCIAL REAL ESTATE LEASE, PENDING LEASE MODIFICATION | ASSIGN | 3/28/2008 | $0.00 |
| CRUCEFIX,DAVID<br>1431 BELLSMITH DR<br>ROSWELL, GA 30076-0919 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| CRYSTAL ROCK BOTTLED WATER<br>1050 BUCKINGHAM ST<br>WATERTOWN, CT 06795 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/5/2008 | $0.00 |
| CSA FINANCIAL CORP<br>343 COMMERCIAL ST UNION WHA<br>BOSTON, MA 02109 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/1/2004 | $0.00 |
| CSA GRAPHICS INC<br>1002 E CORAL GABLES<br>PHOENIX, AZ 85022 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CSC CREDIT SERVICES<br>3170 FAIRVIEW PARK DRIVE<br>FALLS CHURCH, VA  22042 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/26/2009 | $0.00 |
| CSC HEALTHCARE INC.<br>26711 NORTHWESTERN HWY STE 600<br>SOUTHFIELD, MI 48034 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CSE INSURANCE GROUP<br>2121 N CALIFORNIA BLVD<br>STE 969<br>WALNUT CREEK, CA 94596 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/28/2001 | $0.00 |
| CSTECH INC<br>1931 N MEACHAM RD<br>SCHAUMBURG, IL 60173 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/28/2001 | $0.00 |
| CSX TRANSPORTATION<br>500 WATER ST<br>JACKSONVILLE, FL 32202 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2007 | $0.00 |
| CSX TRANSPORTATION INC<br>500 WATER ST<br>JACKSONVILLE, FL 32202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/9/2007 | $0.00 |
| CTB/MCGRAW-HILL LLC<br>20 RYAN RANCH RD<br>MONTEREY, CA 93940 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2007 | $0.00 |
| CTX MORTGAGE COMPANY<br>5600 S QUEBEC ST STE 100 C<br>GREENWOOD VILLAGE, CO 80111 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/15/2003 | $0.00 |
| CUMMINGS,KIMBERLY<br>102 WILLOW DR<br>GREENVILLE, OH 45331-2800 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/23/2010 | $0.00 |
| CUNNINGHAM,BRITTANY L<br>106 SAVOY AVE<br>WEST CARROLLTON, OH 45449-1725 | SALES SUPPORT AGREEMENT | ASSIGN | 8/16/2010 | $0.00 |
| CUSA--FISERV SOLUTIONS, DBA-CUSA<br>4897 LAKE PARK BLVD<br>SALT LAKE CITY, UT 84120 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 4/10/2008 | $0.00 |
| CUSTOM GRAPHIC SERVICES<br>5110 RONDO DRIVE<br>FT. WORTH, TX 76106 | STRATEGIC SOURCING AGREEMENT | ASSIGN | 4/1/2009 | $0.00 |
| CUSTOM INDEX INC<br>8 VREELAND AVE<br>TOTOWA, NJ 07512 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| CUSTOM, INC.<br>6004 CAPITOL BLVD. S.<br>TUMWATER, WA 98501 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 5/25/2006 | $0.00 |
| CUTLER BAY CONSULTING, INC.<br>19911 CUTLER CT<br>CUTLER BAY, FL 33189 | PUERTO RICO SALES | ASSIGN | 2/23/2010 | $0.00 |
| CUTLER,DAVID M<br>1038 NIGHTFALL CT<br>SAN JOSE, CA 95120 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/9/2009 | $0.00 |
| CUTTER & BUCK<br>701 N 34TH ST<br>STE 400<br>SEATTLE, WA 98103 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/3/2007 | $0.00 |
| CUYAHOGA COUNTY CORRECTIONS PLANNING BOARD<br>1200 ONTARIO STREET 7TH FL<br>CLEVELAND, OH 44113 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/28/2001 | $0.00 |
| CVS CAREMARK<br>ONE CVS DR<br>WOONSOCKET, RI 02895 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/14/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| CVS PHARMACY<br>ONE CVS DR<br>WOONSOCKET, RI 02895 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/12/2008 | $0.00 |
| CVS PHARMACY INC<br>9501 E SHEA BLVD<br>SCOTTSDALE, AZ 85260 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/12/2008 | $0.00 |
| CVS PHARMACY, INC.<br>ONE CVS DR<br>WOONSOCKET, RI 02895 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/15/2010 | $0.00 |
| CYBERSOURCE CORPORATION<br>1295 CHARLESTON RD<br>MOUNTAIN VIEW, CA 94043 | SERVICES AGREEMENT - INTERNET COMMERCE | ASSIGN | 8/14/2000 | $0.00 |
| CYCLONE COURIER SERVICE<br>2102 W PIONEER PKWY<br>ARLINGTON, TX 76013 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/30/2003 | $0.00 |
| CYPRUS CREDIT UNION<br>PO BOX 9002<br>WEST JORDAN, UT 84084-9002 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2010 | $0.00 |
| D & K METCALF I PARTNERSHIP, LP<br>C/O SIERRA ASSET MANAGEMENT, INC<br>2920 PROSPECT PARK DRIVE<br>SUITE 215<br>RANCHO CORDVOA, CA 95670<br>USA | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 10/23/1997 | $0.00 |
| DAHAHER MOTION<br>501 WEST MAIN ST<br>RADFORD, VA 24141 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/24/2008 | $0.00 |
| DAILEY,THOMAS H<br>1725 AMBERWOOD DR<br>GOSHEN, IN 46526 | EXECUTIVE CONTRACT | ASSIGN | 5/31/2010 | $0.00 |
| DALLAS CENTER FOR COLLABORATIVE AND MEDIATION PROFESSIONALS LLC<br>5050 QUORUM DR<br>DALLAS, TX 75254- | SUBLESSOR - COMMERCIAL REAL ESTATE LEASE, PENDING LEASE MODIFICATION | ASSIGN / MODIFIED | 11/15/2009 | $0.00 |
| DALY,KEVIN P<br>8 JOSEPH LN<br>HICKSVILLE, NY 11801 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 1/21/2003 | $0.00 |
| DAN RIVER INC<br>PO BOX 1039<br>DANVILLE, VA 24543 | SOFTWARE SALE AGREEMENT | ASSIGN | 8/26/2004 | $0.00 |
| DANAHER CONTROLS<br>2100 W BROAD ST<br>ELIZABETHTOWN, NC 28337 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/1/2006 | $0.00 |
| DANAHER POWER SOLUTIONS<br>5900 EASTPORT BLVD<br>RICHMOND, VA 23231 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/14/2006 | $0.00 |
| DANIEL J. SIMONDS D/B/A MIXEDWOOD<br>PO BOX 443<br>RANGELEY, MAINE 04970 | SERVICES AGREEMENT | ASSIGN | 10/6/2008 | $0.00 |
| DANIEL MEASUREMENT & CONTROL<br>9753 PINELAKE DR<br>HOUSTON, TX 77055 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/5/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DANIEL VALVE COMPANY<br>19203 HEMPSTEAD HWY<br>HOUSTON, TX 77065 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/10/2001 | $0.00 |
| DANIELS,PAUL<br>4314 COVENTRY CT<br>BEAVERCREEK, OH 40399 | SALES SUPPORT AGREEMENT | ASSIGN | 8/9/2010 | $0.00 |
| DANKA OFFICE IMAGING<br>32500 TELEGRM RD<br>BINGHAM FARMS, MI 48025 | EQUIPMENT LEASE | ASSIGN | 3/2/2006 | $0.00 |
| DANKA OFFICE IMAGING<br>32500 TELEGRM RD<br>BINGHAM FARMS, MI 48025 | VENDOR AGREEMENT | ASSIGN | 3/7/2006 | $0.00 |
| DANKA OFFICE IMAGING COMPANY<br>11101 ROOSEVELT BLVD NORTH<br>SAINT PETERSBURG, FL 33716 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/31/1999 | $0.00 |
| DANKA OFFICE IMAGING SUPPLIER FOR GENERAL ELECTRIC CAPITAL CORPORATION<br>485 LEXINGTON AVE FL 19<br>NEW YORK, NY 10017 | EQUIPMENT LEASES | ASSIGN | 1/4/2008 | $0.00 |
| DANZIGER GRAPHICS, INC. AND H. ROY DANZIGER, INC.<br>H. ROY DANZIGER<br>2533 BRADLEY COURT<br>MERRICK, NY 11566<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 10/21/1998 | $0.00 |
| DAO (CHING), ANNA<br>61-24 156 ST.<br>FLUSHING, NY 11357<br>USA | CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT, 01/28/11 | ASSIGN | 7/28/2003 | $0.00 |
| DATA INTENSITY INC<br>1601 TRAPELO RD<br>STE 387<br>WALTHAM, MA 02451 | REMOTE SERVICES | ASSIGN | 9/26/2005 | $0.00 |
| DATA LABEL INC<br>1000 SPRUCE ST<br>TERRE HAUTE, IN 47807 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| DATA MANAGEMENT INC.<br>537 NEW BRITAIN AVE<br>FARMINGTON, CT 06034 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/8/2001 | $0.00 |
| DATALOGICS, INC<br>101 N. WACKER DRIVE, SUITE 1800<br>CHICAGO, IL 60606 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2003 | $0.00 |
| DATAMART DIRECT INC.<br>279 MADSEN SUITE 101<br>BLOOMINGDALE, IL 60108 | CERTIFIED TRADE PARTNER | ASSIGN | 8/4/2008 | $0.00 |
| DATATEL INC<br>4375 FAIR LAKES CT<br>FAIRFAX, VA 22033 | CO-MARKETING AGREEMENT | ASSIGN | 8/30/2003 | $0.00 |
| DATO,LAWRENCE W<br>9101 ROYAL BIRKDALE<br>CHESTERFIELD, VA 23832 | SALES REP, 03/11/10 | ASSIGN | 8/1/2008 | $0.00 |
| DAVID WERBERIG<br>7309 SILVER HILL PATH<br>VICTOR, NY 14564 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/6/2007 | $0.00 |
| DAVIS JR,RICHARD F<br>649 GOLDPOINT TRACE<br>WOODSTOCK, GA 30189-7027 | REG SALES MGR, 08/30/10 | ASSIGN | 4/19/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DAVIS,ERIC<br>266 IRONWOOD DR<br>W CARROLLTON, OH 40374 | SALES SUPPORT AGREEMENT | ASSIGN | 7/15/2010 | $0.00 |
| DAYTON CORRUGATED<br>1300 WAYNE AVENUE<br>DAYTON, OH 4510-1410 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DAYTON HEART HOSPITAL<br>2222 PHILADELPHIA DR<br>DAYTON, OH 45406 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/21/1999 | $0.00 |
| DAYTON HEART HOSPITAL<br>2222 PHILADELPHIA DR<br>DAYTON, OH 45406 | HIPAA - ADDENDUM TO AGREEMENT | ASSIGN | 12/31/2002 | $0.00 |
| DAYTON LEGAL BLANK<br>PO BOX 750788<br>DAYTON, OH 45475-0788 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/15/2008 | $0.00 |
| DAYTON POWER & LIGHT, DPL ENERGY RESOURCES<br>1065 WOODMAN DR<br>DAYTON, OH 45437 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/10/2010 | $0.00 |
| DAYTON POWER AND LIGHT, INC.<br>1900 DRYDEN RD<br>DAYTON, OH 45439 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| DAYTON-MONTGOMERY COUNTY PORT<br>451 W 3RD ST<br>DAYTON, OH 45402- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 5/18/2001 | $0.00 |
| DC LOGISTICS<br>820 S VINTAGE UNIT B<br>ONTARIO, CA 91761 | CARRIER AGREEMENT | ASSIGN | 4/12/2007 | $0.00 |
| DDI LEASING INC<br>221 SOMERVILLE RD<br>BEDMINSTER, NJ 07921 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/6/2008 | $0.00 |
| DEAN DAIRY HOLDINGS LLC AND SUIZA DAIRY GROUP, LLC<br>2515 MCKINNEY AVE<br>STE 1200<br>DALLAS, TX 75201 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2007 | $0.00 |
| DEFINITIVE SOLUTIONS COMPANY<br>8180 CORPORATE PARK DR<br>CINCINNATI, OH 45242 | SERVICES AGREEMENT | ASSIGN | 1/30/2004 | $0.00 |
| DEL MONTE CORPORATION<br>1 MARKET PLZ<br>SAN FRANCISCO, CA 94105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/11/1992 | $0.00 |
| DELANO SERVICE<br>1300 LINCOLN RD<br>ALLEGAN, MI 49010 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DELGADO,DONAVAN E<br>9467 BITTERROOT<br>CREST CT<br>LAS VEGAS, NV 89178-8246 | SR. ACCOUNT RELATIONSHIP MGR, 12/07/09 | ASSIGN | 5/19/2008 | $0.00 |
| DELL FINANCIAL SERVICES LLC<br>ONE DELL WAY<br>ROUND ROCK, TX 78682-2244 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/7/2009 | $0.00 |
| DELMONTE<br>PO BOX 149222<br>CORAL GABLES, FL 33114 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/18/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DELOITTE LLP<br>600 RENAISSANCE CENTER STE 900<br>DETROIT, MI 48243-1704 | SUBLESSOR - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 1/4/2010 | $0.00 |
| DELOITTE SERVICES LP<br>TEN WESTPORT RD<br>WILTON, CT 06897-0820 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2007 | $0.00 |
| DELOITTE TAX LLP<br>13943 COLLECTIONS CTR<br>CHICAGO, IL 60693 | MULTISTATE TAX CREDITS AND INCENTIVES | ASSIGN | 10/31/2004 | $0.00 |
| DELP,ERICK S<br>155 N BLACKSMITH AVE<br>WINDSOR, PA 17366-8500 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 1/11/2010 | $0.00 |
| DELPHI FINANCIAL GROUP<br>1105 NORTH MARKET STREET STE 1230<br>WILMINGTON, DE 19899 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/26/2002 | $0.00 |
| DELTA DENTAL PLAN OF MICHIGAN, INC.<br>PO BOX 633198<br>CINCINNATI, OH 38534 | BENEFIT PROVIDER | ASSIGN | 7/1/2005 | $0.00 |
| DELTA GRAPHICS INC<br>80 OLD HOLLOW RD<br>SHORT HILLS, NJ 07078 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 9/30/2002 | $0.00 |
| DEMAND MANAGEMENT INC<br>165 N MERAMEC AVE<br>STE 300<br>ST LOUIS, MO 63105 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 11/13/2001 | $0.00 |
| DEMAND PRINTING SOLUTIONS<br>1716 W 4TH ST<br>TEMPE, AZ 85281 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DENNIS B LERNER<br>18515 230TH AVENUE<br>BIG RAPIDS, MI 49307 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/31/2007 | $0.00 |
| DENTRIX DENTAL SYSTEMS DBA NATIONAL INFORMATION SERVICES<br>727EAST UTAH VALLEY DR<br>STE 500<br>AMERICAN FORK, UT 84003 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| DENTRIX DENTAL SYSTEMS DBA NATIONAL INFORMATION SYSTEMS<br>727EAST UTAH VALLEY DR<br>STE 500<br>AMERICAN FORK, UT 84003 | HIPAA BUSINSS ASSOCIATE AGREEMENT | ASSIGN | 12/14/2005 | $0.00 |
| DENVER HEALTH & HOSPITAL AUTHORITY<br>500 QUIVAS ST<br>DENVER, CO 80204 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/14/2004 | $0.00 |
| DENVER HEALTH & HOSPITALS<br>777 DELAWARE ST<br>DENVER, CO 80204-4531 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| DEPOORTER,DAVID L<br>3570 AUTUMN BROOKE<br>CT<br>CUMMING, GA 30041-2080 | SALES SUPPORT AGREEMENT | ASSIGN | 6/28/2010 | $0.00 |
| DESIGN TYPE<br>1670 SPECTRUM DR<br>LAWRENCEVILLE, GA 30043 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DESKTOP EXPRESS, INC. 1000 WATERMARK PLACE, #109 COLUMBIA , SC  29210 | CARRIER AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| DETROIT AUTO AUCTION 600 WILL CARLETON RD CARLETON, MI 48117 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/31/2004 | $0.00 |
| DEVINE 39 COMMERCE ST NORWALK, CT 06850 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/3/2003 | $0.00 |
| DEX MEDIA, INC. 1001 WINSTEAD DR CARY, NC 27513-2117 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/10/2008 | $0.00 |
| DFI PRINT SERVICE 22397 NETWORK PL SUMMIT FINANCIAL RESOURCES LP CHICAGO, IL 60673-1223 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DFS GROUP, A DIVISION OF NEW ENGLAND BUSINESS SERVICE INC 12 SOUTH ST TOWSEND, MA 01469 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/21/2001 | $0.00 |
| DFS SERVICES DISCOVER 2500 LAKE COOK RD RIVERWOODS, IL 60015 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/26/2010 | $0.00 |
| DFS SERVICES LLC 2500 LAKE COOK RD RIVERWOODS, IL 60015 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/25/2008 | $0.00 |
| DFS/NEWSHIRE FORMS PO BOX 88042 CHICAGO, IL 60680-1042 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| DG KRAUSE LLC PO BOX 569 NINEVEH, IN 46164 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 4/28/2009 | $0.00 |
| DG3 HOLDINGS LLC 100 BURMAN RD JERSEY CITY, NJ 07310 | PROJECT PORPOISE NON-DISCLOSURE AGREEMENT | ASSIGN | 9/10/2008 | $0.00 |
| DG3 NORTH AMERICA INC 100 BURMAN RD JERSEY CITY, NJ 07310 | STRATEGIC SOURCING AGREEMENT | ASSIGN | 6/11/2008 | $0.00 |
| DIAGEO NORTH AMERICA 801 MAIN AVE 4TH FL NORWALK, CT 06851 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/27/2007 | $0.00 |
| DIAGEO NORTH AMERICA, INC. PO BOX 5360 BRIDGEPORT, CT 06610 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/23/2007 | $0.00 |
| DIALOGUE DIRECT, INC. 455 BROADWAY 2ND FL NEW YORK, NY 10013 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/23/2005 | $0.00 |
| DIAMOND INNOVATIONS 6325 HUNTLEY RD WORTHINGTON, OH 45085 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/9/2005 | $0.00 |
| DIAMOND OFFSHORE COMPANY 15415 KATY FWY HOUSTON, TX 77094 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2002 | $0.00 |
| DICAVOLO,TERESA 7762 FM 1390 SCURRY, TX 40357 | SALES SUPPORT AGREEMENT, 02/10/11 | ASSIGN | 6/28/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DIEBOLD, INC. 3792 BOETTLER OAKS STE A UNIONTOWN, OH 44685 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/14/2001 | $0.00 |
| DIGICOMP, INC 9331 N PEONY LN STE 1 MAPLE GROVE, MN 55311 | SERVICE AGREEMENT | ASSIGN | 4/27/2004 | $0.00 |
| DIGITAL CONCEPTS GROUP LLC 328 LANDONS WAY GUILFORD, CT 06437 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DIGITAL DIRECT LTD 4430 MUHLHAUSER RD HAMILTON, OH 45011 | CONSIGMENT AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| DIGITAL INSIGHT CORPORATION 26025 MUREAU RD CALABASAS, CA 91302 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/26/2001 | $0.00 |
| DIGITAL LINK PRINTING & FULFILLMENT INC 200 CIR DR NORTH PISCATAWAY, NJ 08854 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DIGITIAL LINK 120 CORPORATE BLVD SOUTH PLAINFIELD, NJ 07080 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 3/25/2004 | $0.00 |
| DIMENSIONS HEALTHCARE SYSTEM 9200 BASIL COURTE STE 500 LARGO, MD 20774 | CUSTOMER CONTRACT LOP | ASSIGN | 2/1/2009 | $0.00 |
| DIMS ORGANIZING PRINT 3333 WARRENVILLE ROAD LISLE, IL 60532 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| DIRECT DIGITAL PRINTING & MAILING 1970 E UNIVERSITY PHOENIX, AZ 85034 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2009 | $0.00 |
| DIRECT DISPATCH DEPT 22PO BOX 4346 HOUSTON, TX 77210-4346 | CARRIER AGREEMENT | ASSIGN | 7/3/2007 | $0.00 |
| DIRECT GROUP LLC PO BOX 9407 TRENTON, NJ 08650 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2009 | $0.00 |
| DIRECT MAIL JOBS LLC 244 HARTFORD AVE NEWINGTON, CT 06111 | CORPORATE CONSULTING AGREEMENT | ASSIGN | 3/16/2006 | $0.00 |
| DIRECT MAIL OF MAINE 44 MANSON LIBBY RD STATEMENTS PLUS SCARBOROUGH, ME 04074 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/17/2004 | $0.00 |
| DIRECT SUPPLY, INC. 6767 NORTH INDUSTRIAL RD MILWAUKEE, WI 53223 | DSSI ELECTRONIC COMMERCE SUPPLIER AGREEMENT | ASSIGN | 11/14/2002 | $0.00 |
| DIRECTOR OF DEVELOPMENT OF THE STATE OF OHIO ECONOMIC DEVELOPMENT FINANCE DIVISION 28TH FL PO B ATTN MARLOR TANNCUS COLUMBUS, OH 43216-1001 | LOAN AGREEMENT; $615,000; INCLUDES ALL RELATED SECURITY AND OTHER AGREEMENTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 1/31/2003 | $0.00 |
| DIRECTPRO, LLC C/O MARVIN S. ROBINSON TANNENBAUM, DUBIN & ROBINSON LLP 1140 AVENUE OF THE AMERICAS NEW YORK, NY 10036 USA | PURCHASE AGREEMENT/ASSIGNMENT OF MEMBERSHIP INTEREST AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN EXCEPT AS SPECIFICALLY REJECTED | ASSIGN | 11/30/1998 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DIRECTTV INC<br>2230 EAST IMPERIAL HWY<br>EL SEGUNDO, CA 90245 | CLIENT SERVICE AGREEMENT | ASSIGN | 1/1/2005 | $0.00 |
| DISCOUNT LABELS (SEE CENVEO/CUSTOM RESELL)<br>13341 CAMBRIDGE ST<br>SANTA FE SPRINGS, CA 90670 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2008 | $0.00 |
| DISMAN, INC. D/B/A DISBOW MANUFACTURING AND BARRY L. BEYER<br>BARRY L BEYER<br>526 STEPHANIE DRIVE<br>NORTH CALDWELL, NJ 07006<br>USA | ACQUISITION OF DISMAN PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 10/6/2000 | $0.00 |
| DISTRIBUTION & AUTO SERVICE, INC.<br>300 E WATER ST PO BOX 1057<br>WILMINGTON, CA 90748 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/29/2005 | $0.00 |
| DIVERSIFIED GLOBAL GRAPHICS GROUP DG3<br>14640 COLLECTIONS CTR DR<br>CHICAGO, IL 60693 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/20/2008 | $0.00 |
| DIVERSIFIED LABELING SOLUTIONS INC<br>8007 SOLUTIONS CTR<br>CHICAGO, IL 60677-8000 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| DIVINE INC<br>1301 N ELSTON AVE<br>CHICAGO, IL 60622 | MASTER PRODUCT LICENSE AGREEMENT | ASSIGN | 5/29/2002 | $0.00 |
| DIXIE PRINTING<br>MGM ONLY 101 SOUTH MAIN ST<br>HURRICANE, UT 84737 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2004 | $0.00 |
| DOBRATZ,TIMOTHY A<br>18480 87TH AVE N<br>MAPLE GROVE, MN 55311-1694 | EXECUTIVE CONTRACT | ASSIGN | 8/24/2009 | $0.00 |
| DOCTORS HOSPITAL OF MANTECA<br>1205 E NORTH ST<br>MANTECA, CA 95336 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/22/2006 | $0.00 |
| DOCTORS HOSPITAL OF SARASOTA<br>5731 BEE RIDGE RD<br>SARASOTA, FL 34233 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/21/2005 | $0.00 |
| DOCUMENT OPTIONS COMPANY<br>JOHN FELDHACKER<br>5007 FOUNTAINHEAD DRIVE<br>BRENTWOOD, TN 37027 | ACQUISITION OF DOCUMENT OPTIONS PURSUANT TO A PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 7/2/2001 | $0.00 |
| DOCUMENT SECURITY SYSTEMS<br>FIRST FEDERAL PLAZA STE 1525<br>26 E MAIN ST<br>ROCHESTER, NY 14614 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/7/2005 | $0.00 |
| DOCUMENTUM A DIVISION OF EMC CORPORATION<br>6801 KOLL CENTER PARKWAY<br>PLEASANTON, CA  94566 | SOFTWARE END USER LICENSE AGREEMENT | ASSIGN | 10/1/2004 | $0.00 |
| DOCUMOTION RESEARCH<br>2020 S. EASTWOOD AVENU E<br>SANTA ANA , CA  92705 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/22/2010 | $0.00 |
| DODD PRINTERS (DBA)<br>950 SE 8TH ST<br>HIALEAH, FL 33010 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DOLAN MEDIA COMPANY<br>222 S NINTH ST STE 2300<br>MINNEAPOLIS, MN 55402 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/9/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DOLAN'S LUMBER<br>2231 MONUMENT BOULEVARD<br>CONCORD, CA 94520-3810 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/10/2006 | $0.00 |
| DOLE FLOWERS<br>10055 NW 12TH ST<br>MIAMI, FL 33172 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/16/2005 | $0.00 |
| DOLE FRESH FLOWERS<br>10055 NW 12TH ST<br>MIAMI, FL 33174 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/2/2004 | $0.00 |
| DOLLAR BANK<br>2700 LIBERTY AVE<br>PITTSBURGH, PA 15222 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/22/2007 | $0.00 |
| DOMINION RESOURCE SERVICES, INC.<br>701 EAST CARY ST<br>RICHMOND, VA 23219 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/17/2009 | $0.00 |
| DOMINION VIRGINIA POWER<br>701 EAST CARY ST<br>RICHMOND, VA 23219 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/1/2002 | $0.00 |
| DOMTAR<br>395 BOUL DE MAISONNUEU WEST<br>7TH FL<br>MONTREAL, QC H3A 1L6<br>CANADA | TERMS AND CONDITIONS | ASSIGN | 5/1/2010 | $0.00 |
| DOMTAR INDUSTRIES INC<br>10 PEACHTREE PL STE 700<br>ATLANTA, GA 30309 | ELECTRONIC DATA INTERCHANGE | ASSIGN | 9/5/2002 | $0.00 |
| DOMTAR INDUSTRIES INC.<br>10 PEACHTREE PL STE 700<br>ATLANTA, GA 30309 | ELECTRONIC DATA EXCHANGE AGREEMENT | ASSIGN | 9/5/2002 | $0.00 |
| DON QUIJOTE, USA<br>801 KAHEKA ST<br>HONOLULU, HI 96814 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/16/2006 | $0.00 |
| DONET, INC<br>1425 ARBOR AVENUE<br>DAYTON , OH 45420 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2002 | $0.00 |
| DONOHUE,THOMAS D<br>150 WAKEMAN RD<br>FAIRFIELD, CT 06824-5120 | REGIONAL SALES MANAGER | ASSIGN | 6/7/1996 | $0.00 |
| DORAL BANK<br>PO BOX 70308 ATTN: NANCY SOTO<br>SAN JUAN , PR  OO936-8308 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/27/2009 | $0.00 |
| DOSPIL,ROGER<br>3102 THOMAS LN<br>LOUISVILLE, KY 39995 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| DOUBLE ENVELOPE COMPANY (SEE OLES)<br>PO BOX 532914<br>ATLANTA, GA 30353-2914 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2004 | $0.00 |
| DOUBLER,JEROME L<br>45417 N STONEWOOD RD<br>CANTON, MI 48187 | CFO, 03/12/10 | ASSIGN | 12/8/2006 | $0.00 |
| DOVEL,LINDA<br>719 HELMET PL<br>MIAMISBURG, OH 40413 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/23/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DOYLESTOWN HOSPITAL<br>595 W STATE ST<br>DOYLESTOWN, PA 18901 | CUSTOMER CONTRACT LOU | ASSIGN | 4/15/2010 | $0.00 |
| DPN INCORPORATED<br>4631 SPRING MOUNTAIN RD<br>LAS VEGAS, NV 89102 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/30/2003 | $0.00 |
| DR. PEPPER/7 UP BOTTLING GROUP<br>2304 CENTURY CTR BLVD<br>IRVING, TX 75062 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/8/2006 | $0.00 |
| DR. ROBERT F. KULINISKI<br>3787 SUMMER AVE<br>MEMPHIS, TN 38122 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/8/2004 | $0.00 |
| DRB SYSTEMS INC.<br>3245 PICKLE RD<br>AKRON, OH 44312 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/14/2009 | $0.00 |
| DROLL YANKEES, INC.<br>109 CONNECTICUT MILLS AVE<br>BALLOUVILLE, CT 06233 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/2/2004 | $0.00 |
| DRUMMOND JR,JAMES S<br>682 TOMLINSON LN<br>YARDLEY, PA 19067-6329 | ACCOUNT EXECUTIVE, 07/07/09 | ASSIGN | 5/17/1993 | $0.00 |
| DRYVIT SYSTEMS, INC.<br>ONE ENERGY WAY<br>WEST WARWICK, RI 02893-2322 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/8/2008 | $0.00 |
| DS WATERS OF AMERICA LP<br>5660 NEW NORTHSIDE DR<br>ATLANTA, GA 30328 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/12/2006 | $0.00 |
| DSS-DATA SERVICE SOLUTIONS<br>401 E. SOUTH FRONTAGE ROAD<br>BOLINGBROOK, IL 60440 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| DST OUTPUT<br>125 ELLINGTON RD<br>SOUTH WINDSOR, CT 06074 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/15/2008 | $0.00 |
| DST OUTPUT LLC<br>5220 ROBERT J MATTHEWS PKWY<br>EL DORADO HILLS, CA 95762-5710 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/18/2009 | $0.00 |
| DST OUTPUT OF CALIFORNIA INC<br>5516 COLLECTION CTR DR<br>CHICAGO, IL 60693 | MEMO OF UNDERSTANDING | ASSIGN | 7/12/2008 | $0.00 |
| DST OUTPUT, LLC<br>5220 ROBERT J MATTHEWS PKWY<br>EL DORADO HILLS, CA 95762-5710 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2007 | $0.00 |
| DUCKWORTH,JENNIFER W<br>4435 TITMAN RD<br>GASTONIA, NC 28056 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 1/X/2010 | $0.00 |
| DUKE REALTY CORP<br>4555 LAKE FOREST DR<br>STE 400<br>CINCINNATI, OH 45242 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/15/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| DUN & BRADSTREET<br>2000 PISGAH CHURCH RD<br>STE 200<br>GREENSBORO, NC 27455 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/10/2009 | $0.00 |
| DUN & BRADSTREET, INC.<br>5005 ROCKSIDE RD<br>CLEVELAND, OH 44131 | MASTER AGREEMENT | ASSIGN | 3/27/2009 | $0.00 |
| DUNCAN REGIONAL HOSPITAL<br>PO BOX 99 ATTN LYNN/AP<br>DUNCAN, OK 73534-0099 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| DUPLI ENVELOPES AND GRAPHICS<br>1 DUPLI PARK DRIVE<br>SYRACUSE, NY 13218 | SOURCING AGREEMENT | ASSIGN | NOT DEFINED | $0.00 |
| DUPLIN GENERAL HOSPITAL<br>401 N MAIN ST<br>KENANSVILLE, NC 28349 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/20/2006 | $0.00 |
| DUPLI-SYSTEMS, INC.<br>8260 DOW CIR<br>STRONGSVILLE, OH 44136 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| DYK JR,WILLIAM J<br>1065 MOYLAN LN<br>LEXINGTON, KY 40514-1011 | ACC EXEC, 10/23/09 | ASSIGN | 7/1/2009 | $0.00 |
| DYNAGRAF<br>PO BOX 845717<br>BOSTON, MA 02284-5717 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| DYNAMEX INC<br>5429 LBJ FEEWAY<br>STE 1000<br>DALLAS, TX 75240 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/5/2009 | $0.00 |
| DYNAMEX INC.<br>5429 LBJ FEEWAY<br>STE 1000<br>DALLAS, TX 75240 | CARRIER AGREEMENT | ASSIGN | 8/1/2007 | $0.00 |
| E H TEASLEY & COMPANY INC<br>PO BOX 515<br>DALLAS, TX 75221 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| E&D WEB INC<br>4633 WEST 16TH ST<br>CICERO, IL 60804 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| EAGLE ENVELOPE CO., INC.<br>THOMAS SUSKIN<br>18 STONY HOLLOW ROAD<br>CHAPPAQUA, NY 10514<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS,<br>CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 4/22/1999 | $0.00 |
| EAGLE GLOBAL LOGISTICS, LP<br>15350 VICKERY DR<br>HOUSTON, TX 77032 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/23/2004 | $0.00 |
| EAGLE GRAPHICS INC<br>150 NORTH MOYER ST<br>ANVILLE, PA 17003 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| EAGLE REGISTRATIONS INC<br>402 KETTERING TOWER<br>DAYTON, OH 45423 | REGISTRATION CONTRACT | ASSIGN | 7/12/2006 | $9,251.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| EARTHLINK, INC.<br>1375 PEACHTREE ST NW LEVEL A<br>ATLANTA, GA 30309 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/15/2004 | $0.00 |
| EAST RIVER MAILING, INC.<br>140 58TH STREET BLDG, B4A<br>BROOKLYN, NY 11220 | NON-DISCLOSURE AND NON-CIRCUMVENTION AGREEMENT | ASSIGN | 8/4/2010 | $0.00 |
| EASTERN VIRGINIA BANKSHARES<br>330 HOSPITAL RD<br>TAPPAHANNOCK, VA 22560 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/8/2006 | $0.00 |
| EASTMAN KODAK COMPANY<br>343 STATE ST<br>ROCHESTER, NY 14650 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/22/2007 | $0.00 |
| EASTMAN KODAK COMPANY<br>343 STATE ST<br>ROCHESTER, NY 14650 | INSIDE SALES AGREEMENT FOR HARDWARE KEYS | ASSIGN | 10/25/2006 | $0.00 |
| EASTMAN KODAK COMPANY<br>343 STATE ST<br>ROCHESTER, NY 14650 | SALES AGREEMENT | ASSIGN | 11/5/2009 | $0.00 |
| EASTPOINT COMMUNICATIONS<br>2091 EXCHANGE CT<br>FAIRBORN, OH 45324 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/19/2001 | $0.00 |
| EASYLINK SERVICES CORPORATION<br>PO BOX 200013<br>PITTSBURGH, PA 15251-0013 | VENDOR AGREEMENT | ASSIGN | 4/16/2004 | $10,476.00 |
| EASYLINK SERVICES CORPORATION<br>PO BOX 200013<br>PITTSBURGH, PA 15251-0013 | MASTER SERVICES AND SOFTWARE AGREEMENT | ASSIGN | 4/16/2003 | $0.00 |
| EATON CORPORATION<br>13100 E MICHIGAN AVE<br>GALESBURG, MI 49053 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/8/1995 | $0.00 |
| EATON CORPORATION<br>1111 SUPERIOR AVE<br>CLEVELAND, OH 44114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/11/2008 | $0.00 |
| EATON HYDRAULICS INC.<br>14615 LONE OAK RD<br>EDEN PRAIRIE, MN 55344-2200 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2002 | $0.00 |
| EBIZ ASSOCIATES<br>5024 ACKERMAN BLVD<br>KETTERING, OH 45429 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/14/2002 | $0.00 |
| ECORPORATEPRINTERS INC.<br>1067 MARKET ST<br>STE 1027<br>SAN FRANCISCO, CA 94103 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/14/2005 | $0.00 |
| EDDINGTON,THOMAS F<br>1311 W SELLS DR<br>PHOENIX, AZ 85013-2623 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| EDINA COURIERS INC<br>9650 NEWTON AVE SOUTH<br>BLOOMINGTON, MN 55431 | CARRIER AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| EDUCATION SERVICE CENTER, REGION IV<br>7145 W TIDWELL<br>HOUSTON, TX 77092 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/15/2003 | $0.00 |
| EDWARD HOWARD AND COMPANY<br>1100 SUPERIOR AVENUE, SUITE 1600<br>CLEVELAND, OH 44114-2518 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/26/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| EDWARDS, CHUCK<br>13 WEXFORD RD<br>GIBBSBORO, NJ 36615 | NON-SOLICITATION AGREEMENT | ASSIGN | 3/30/2000 | $0.00 |
| EGENERA INC.<br>165 FOREST ST<br>MARLBORO, MA 01752 | MASTER PURCHASE AGREEMENT & LICENSE | ASSIGN | 5/6/2005 | $0.00 |
| EGENUITY, LLC<br>PO BOX 157 134 EAST JACKSON ST<br>MONROE, IN 46722 | POINT OF SALE PARTNER AGT | ASSIGN | 9/14/2007 | $0.00 |
| EGS ELECTRICAL GROUP<br>9377 W HIGGINS<br>ROSEMONT, IL 60018 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/28/2008 | $0.00 |
| ELCOM INC<br>10 OCEANA WAY<br>NORWOOD, MA 02062 | SUPPLIER AGREEMENT | ASSIGN | 10/28/2002 | $0.00 |
| ELECTROLUX HOME CARE PRODUCTS<br>807 NORTH MAIN ST<br>BLOOMINGTON, IL 61702 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/26/2008 | $0.00 |
| ELECTROLUX HOME PRODUCTS<br>1100 INDUSTRIAL DR<br>SPRINGFIELD, TN 37172-3325 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/4/2002 | $0.00 |
| ELECTROLUX HOME PRODUCTS, INC.<br>250 BOBBY JONES EXPRESSWAY<br>AUGUSTA, GA 30907 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/11/2005 | $0.00 |
| ELECTRO-MATIC PRODUCTS, INC.<br>23409 INDUSTRIAL PARK CT<br>FARMINGTON HILLS, MI 48335 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/18/2005 | $0.00 |
| ELECTRONICS FOR IMAGING INC<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE | ASSIGN | 7/8/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | AMENDMENT TO SOFTWARE LICENSE DATED 7/8/05 | ASSIGN | 11/29/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | AMENDMENT TO SOFTWARE LICENSE DATED 7/8/05 | ASSIGN | 11/18/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | EFI SOFTWARE AND EVALUATION LICENSE AGREEMENT | ASSIGN | 1/14/2010 | $14,850.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | PURCHASE ORDER | ASSIGN | 8/18/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 7/8/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 4/8/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 6/20/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 7/8/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE PURCHASE ORDER | ASSIGN | 8/22/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE PURCHASE ORDER | ASSIGN | 8/15/2005 | $0.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | SOFTWARE LICENSE PURCHASE ORDER | ASSIGN | 8/19/2005 | $0.00 |
| ELHARDT,RENATE<br>2146 SEACLIFF DR<br>MILPITAS, CA 95035-6637 | SALES SUPPORT AGREEMENT | ASSIGN | 6/29/2010 | $0.00 |
| ELI LILLY & COMPANY<br>LILLY CORPORATE CTR<br>INDIANAPOLIS, IN 46285 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/30/2003 | $0.00 |
| ELKAY MANUFACTURING COMPANY<br>2700 S 17TH ST<br>BROADVIEW, IL 60155 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/23/2010 | $0.00 |
| ELKAY MFG CO<br>2700 S 17TH ST<br>BROADVIEW, IL 60155 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/12/2010 | $0.00 |
| ELKHART GENERAL HEALTHCARE SYSTEM<br>600 EAST BLVD<br>ELKHART, IN 46514 | CUSTOMER CONTRACT LOP | ASSIGN | 11/15/2007 | $0.00 |
| ELLIOTT JR,ROBERT W<br>305 WINDSONG WAY<br>WOODSTOCK, GA 30188-3768 | REG MGR CUST SERVICE, 10/22/10 | ASSIGN | 7/9/2010 | $0.00 |
| ELLMAN,DEBRA L<br>483 PAYNE AVE<br>N TONAWANDA, NY 14120 | SALES SUPPORT AGREEMENT | ASSIGN | 7/24/2008 | $0.00 |
| ELLSWORTH COUNTY MEDICAL CENTER<br>PO BOX 87<br>ELLSWORTH, KS 67439- | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| ELMER'S PRODUCTS, INC.<br>2660 FISHER ROAD<br>COLUMBUS, OH 43228<br>USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/8/2002 | $0.00 |
| ELMET TECHNOLOGIES<br>1560 LISBON ST<br>LEWISTON, ME 04240 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/14/2004 | $0.00 |
| ELROD,HOLLI M (FORMERLY MONTGOMERY)<br>1328 CEDAR HILL<br>AVE<br>DALLAS, TX 39657 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/28/2008 | $0.00 |
| ELYNX LTD<br>2 CROWNE POINT CT STE 370<br>CINCINNATI, OH 45241 | WEB POSTING SERVICE AGREEMENT | ASSIGN | 10/9/2001 | $0.00 |
| E-LYNXX CORPORATION DBA GOVERNMENT PRINT MANAGEMENT<br>1051 SHEFFLER DRIVEPO BOX W<br>CHAMBERSBURG, PA 17201 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/28/2010 | $0.00 |
| EMBLEMHEALTH SERVICES LLC<br>55 WATER ST<br>NEW YORK, NY 10041 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| EMC<br>4246 COLLECTIONS CTR DR<br>CHICAGO, IL 60693 | VENDOR AGREEMENT | ASSIGN | 12/26/2001 | $0.00 |
| EMC CORPORATION<br>176 SOUTH ST<br>HOPKINTON, MA 01748 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | NOT DEFINED | $0.00 |
| EMC CORPORATION<br>176 S ST<br>HOPKINTON, MA 01748 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/30/2009 | $0.00 |
| EMC CORPORATION<br>176 SOUTH ST<br>HOPKINTON, MA 01748 | CONTINUOUS COVERAGE PRODUCT MAINTENANCE TERMS | ASSIGN | 12/26/2001 | $0.00 |
| EMD SERONO INC<br>1 TECHNOLOGY PL<br>ROCKLAND, MA 02370 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/22/2010 | $0.00 |
| EMERSON DEVELOPMENT(T/E GATEWAY 2410, LTD<br>10005 TECHNOLOGY BLVD W<br>STE 151<br>DALLAS, TX 75220 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/24/2002 | $0.00 |
| EMMONS,DEWEY B<br>15735 QUORUM DR<br>NO 4320<br>ADDISON, TX 75001-6675 | ACCOUNT EXECUTIVE, 08/07/09 | ASSIGN | 4/7/2003 | $0.00 |
| EMORY FEDERAL CREDIT UNION<br>MAIN OFFICE 1237 CLAIRMONT RD<br>DECATUR, GA 30030 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/15/2006 | $0.00 |
| EMTEX SOFTWARE INC<br>901 YAMATO RD<br>STE 120<br>BOCA RATON, FL 33431 | MASTER LICENSE AND SUPPORT AGREEMENT | ASSIGN | 10/11/2004 | $0.00 |
| ENCOMPASS TELESERVICES INC<br>15350 NW GREENBRIER PKWY BUILDING 300B<br>BEAVERTON, OR 97006 | TELESERVICES AGREEMENT | ASSIGN | 4/17/2001 | $0.00 |
| ENERFAB<br>4955 SPRING GROVE AVE<br>CINCINNATI, OH 45232 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/28/2010 | $0.00 |
| ENGAGE INC<br>100 BRICKSTONE SQUARE<br>ANDOVER , MA  O1810 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2002 | $0.00 |
| ENGINEERED SOFTWARE PRODUCTS, INC<br>532 PELICAN KEY<br>ATLANTIC BEACH , FL  32233 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| ENGLISH,SELINA<br>3 ALLYSON CT<br>LONG VALLEY, NJ 07853-3462 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 12/1/2008 | $0.00 |
| ENNIS BUSINESS FORMS FORMS SOLUTIONS GROUP<br>2441 PRESIDENTIAL PKWY<br>MIDLOTHIAN, TX 76065 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ENNIS BUSINESS FORMS SOLUTIONS GROUP<br>2441 PRESIDENTIAL PKWY<br>MIDLOTHIAN, TX 76065 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/20/2004 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ENNIS INC.<br>K&L GATES LLP<br>1717 MAIN ST STE 2800<br>DALLAS, TX 75201 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/6/2007 | $0.00 |
| ENOVATION GRAPHIC SYSTEMS, INC.<br>200 SUMMIT LAKE DR<br>VALHALLA, NY 10595 | CONSIGNMENT INVENTORY SYSTEM | ASSIGN | 12/4/2006 | $0.00 |
| ENPORION INC<br>302 KNIGHTS RUN AVE STE 1050<br>TAMPA, FL 33602-5954 | DYNAMIC BUYER AGREEMENT | ASSIGN | 9/3/2004 | $0.00 |
| ENT FEDERAL CREDIT UNION<br>7250 CAMPUS DR<br>COLORADO SPRINGS, CO 80918 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2005 | $0.00 |
| ENT FEDERAL CREDIT UNION<br>7250 CAMPUS DR<br>COLORADO SPRINGS, CO 80918 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/5/2006 | $0.00 |
| ENT FEDERAL CREDIT UNION<br>7250 CAMPUS DR<br>COLORADO SPRINGS, CO 80918 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2009 | $0.00 |
| ENTERPRISE INFORMATION SYSTEM<br>45 CALVERT STREET<br>ANNAPOLIS, MD 21401 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| ENTERPRISE PRINTING & PRODUCTS CORP<br>150 NEWPORT AVE<br>RUMFORD, RI 02916 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| ENTERPRISE PRODUCTS COMPANY<br>2727 N LOOP WEST PO BOX 4324<br>HOUSTON, TX 77210 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/15/2002 | $0.00 |
| ENTERPRISE RENT-A-CAR<br>465 MIAMISBURG CENTERVILLE RD<br>DAYTON, OH 45459 | SERVICES AGREEMENT | ASSIGN | 10/1/2004 | $0.00 |
| ENTERPRISE SEARCH ASSOCIATES LLC<br>7031 CORPORATION WAY STE 102<br>DAYTON, OH 45459 | SERVICES AGREEMENT | ASSIGN | 8/27/2007 | $0.00 |
| ENVELOPE EXPRESS INC<br>301 ARTHUR CT<br>BENSENVILLE, IL 60106 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ENVELOPE FREEDOM HOLDINGS, LLC<br>AKA UNITED ENVELOPE<br>C/O PALM BEACH CAPITAL FUND II, L.P.<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FLORIDA 33401 | BILATERAL NONDISCLOSURE AGREEMENT | ASSIGN | 5/6/2010 | $0.00 |
| ENVELOPE MART INC<br>PO BOX 307<br>TOLEDO, OH 43691 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ENVELOPE PRINTERY<br>8979 SAMUEL BARTON DR<br>VAN BUREN TWP, MI 48111 | FOR RESALE VENDOR | ASSIGN | 1/1/2004 | $0.00 |
| ENVELOPES PLUS INC<br>100 RIVERSIDE INDUSTRIAL PKWY<br>PORTLAND, ME 04103-1414 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ENVESTMENT ASSET MANAGEMENT<br>1999 BROADWAY STE 4200<br>DENVER, CO 80202-3307 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ENVESTNET ASSET MANAGEMENT, INC. 35 E WACKER DR 16TH FL CHICAGO, IL 60601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/16/2007 | $0.00 |
| ENVISION GRAPHICS 225 MADSEN DR BLOOMINGDALE, IL 60108 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2008 | $0.00 |
| EPLUS GROUP INC 400 HERNDON PKWY HERNDON, VA 20170 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/19/2001 | $0.00 |
| EPSTEIN,BURTON P 19 SALISBURY DR N EAST NORTHPORT, NY 11731 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| EQUIFAX CITY DIRECTORY, INC. 1550 PEACHTREE ST ATLANTA, GA 30309 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2001 | $0.00 |
| EQUIFAX INC. 1550 PEACHTREE ST N W ATLANTA, GA 30309 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/14/2002 | $0.00 |
| EQUIFAX, INC. 1550 PEACHTREE ST N W ATLANTA, GA 30309 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/8/2008 | $0.00 |
| EQUITABLE LIFE ASSURANCE SOCIETY 200 PLZ DR SECAUCUS, NJ 07094 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/10/1999 | $0.00 |
| ERIC BUCHROEDER 7944 JASMINE TRAIL CINCINNATI , OH  45244 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/1/2009 | $0.00 |
| ERIE COUNTY MEDICAL CENTER 462 GRIDER ST BUFFALO, NY 14215-3021 | CUSTOMER CONTRACT LOP | ASSIGN | 9/1/2006 | $0.00 |
| ERNST & YOUNG LLP PO BOX 828370 PHILADELPHIA, PA 19182-8370 | SERVICES AGREEMENT | ASSIGN | 8/30/2000 | $0.00 |
| ESS LABORATORY 185 FRANCES AVE CRANSTON, RI 02919 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/26/2004 | $0.00 |
| ESSEX GROUP, INC. PO BOX 1601 FORT WAYNE, IN 46801 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2004 | $0.00 |
| ESSILOR OF AMERICA, INC. 2400 118TH AVE ST PETERSBURG, FL 33716 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/26/1996 | $0.00 |
| ESTATE OF JAMES CAMPBELL 1001 KAMOKILA BLVD KAPOLEI, HI 96707 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/18/2001 | $0.00 |
| ESTES EXPRESS LINES 3901 W BROAD ST RICHMOND, VA 23230 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/8/2001 | $0.00 |
| ETHAN ALLEN INC. PO BOX 1966 DANBURY, CT 06813 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/22/2004 | $0.00 |
| ETHICS POINT, INC. 6000 MEADOWS RD STE 200 LAKE OSWEGO, OR 97035 | ETHICS HOTLINE ADMINSTRATOR | ASSIGN | 5/30/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ETHICSPOINT INC<br>6000 MEADOWS RD<br>STE 200<br>LAKE OSWEGO, OR 97035 | SUBSCRIPTION AGREEMENT | ASSIGN | 5/30/2004 | $0.00 |
| EUBANKS,JOHNATHAN<br>3128 BRADDOCK ST<br>KETTERING, OH 40350 | SALES SUPPORT AGREEMENT | ASSIGN | 6/21/2010 | $0.00 |
| EULER HERMES AMERICAN CREDIT INDEMNITY CO<br>800 RED BROOK BLVD<br>OWINGS MILLS, MD 21117 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/3/2007 | $0.00 |
| EVANS NATIONAL BANK<br>1 GRIMSBY DR<br>HAMBURG, NY 14075 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/13/1995 | $0.00 |
| EVANS NATIONAL BANK<br>1 GRIMSBY DR<br>HAMBURG, NY 14075 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2007 | $0.00 |
| EVANS NATIONAL BANK<br>1 GRIMSBY DR<br>HAMBURG, NY 14075 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/14/2007 | $0.00 |
| EVERYBODY'S INC<br>5525 SPRINGBORO PIKE<br>DAYTON , OH 45439-2970 | GENERAL TERMS AND CONDITIONS OF SALE | ASSIGN | 11/13/2001 | $0.00 |
| EVISIONS CORPORATION<br>18818 TELLER AVE STE 250<br>IRVINE, CA 92612 | VENDOR AGREEMENT | ASSIGN | 8/15/2003 | $0.00 |
| EXACTTAGRET,INC<br>20 N. MERIDIAN STREET<br>INDIANAPOLIS, IN 46204 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/30/2007 | $0.00 |
| EXCEL GRAPHICS INC<br>725 KENILWORTH AVE BUILDING B<br>CHERRY HILL, NJ 08002 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| EXCELLENCE PRINTING INC<br>3616 W THOMAS RD NO 7<br>PHOENIX, AZ 85019 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| EXECUTIVE CHOICE COURIER CO.<br>245 D NORTHLAND BLVD<br>CINCINNATI , OH 45246 | CARRIER AGREEMENT | ASSIGN | 8/27/2004 | $0.00 |
| EXECUTIVE DELIVERY<br>504 ISLAND LN<br>EGG HARBOR, NJ 08234 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| EXECUTIVE DELIVERY MOVING & STORAGE, LLC<br>504 ISLAND LN<br>EGG HARBOR, NJ 08234 | CARRIER AGREEMENT | ASSIGN | 3/15/2005 | $0.00 |
| EXECUTIVE SEARCH PROFESSIONALS<br>11 PLOTTS RD<br>HAMPTON, NJ 07860 | SERVICES AGREEMENT | ASSIGN | 8/4/2004 | $0.00 |
| EXELON CORPORATION<br>2301 MARKET ST S19 3<br>PHILADELPHIA, PA 19101 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/6/2004 | $0.00 |
| EXODUS<br>21631 RIDGETOP CIR<br>STERLING, VA 20166 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/25/2001 | $0.00 |
| EXPANETS OF N.A. LLC<br>PO BOX 173868<br>DENVER, CO 80217-3868 | MASTER PRODUCT & SERVICE AGREEMENT | ASSIGN | 11/21/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| EXPEDIA CORPORATE TRAVEL LLC<br>3150 SE 139 AVE STE 200<br>BELLEUVE, WA 98005 | CORPORATE TRAVEL AGREEMENT | ASSIGN | 6/1/2007 | $0.00 |
| EXPERIAN MARKETING SOLUTIONS INC AND EXPERIAN INFORMATION SOLUTIONS, INC.<br>955 AMERICAN LN<br>SCHAUMBURG, IL 60173 | BROKER AGREEMENT | ASSIGN | 2/25/2005 | $0.00 |
| EXPERIENT, INC.<br>2500 ENTERPRISE PKWY EAST<br>TWINSBURG, OH 44087 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/17/2008 | $0.00 |
| EXPRESS PERSONNEL<br>107 AUDUBON RD STE<br>WAKEFIELD, MA 01880 | STAFFING AGREEMENT | ASSIGN | 5/12/2008 | $0.00 |
| EXPRESS SCRIPTS<br>ONE EXPRESS WAY<br>SAINT LOUIS, MO 63121-1824 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/16/2008 | $0.00 |
| EXPRESS SCRIPTS INC<br>1 FIRST NATIONAL PLZ<br>CHICAGO, IL 60670 | CLIENT AGREEMENT | ASSIGN | 12/1/2001 | $0.00 |
| EXTENDICARE<br>111 WEST MICHIGAN ST<br>MILWAUKEE, WI 53203-2903 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, FORUM | ASSIGN | 9/8/2008 | $0.00 |
| EXTRA EXPRESS CERRITOS, INC.<br>PO BOX 5100<br>CERRITOS, CA 90703 | CARRIER AGREEMENT | ASSIGN | 12/2/2004 | $0.00 |
| EXTRA SPACE STORAGE<br>2795 E. COTTONWOOD PKWY.<br>SALT LAKE CITY, UT 40053 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 8/28/2009 | $0.00 |
| EXXONMOBIL GLOBAL SERVICES COMPANY<br>3225 GALLOWS RD<br>FAIRFAX, VA 22037 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2004 | $0.00 |
| EYE BENEFITS<br>8436 E SHEA BOULEVARD NO 102<br>SCOTTSDALE, AZ 85260 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/23/2004 | $0.00 |
| EYEMED VISION CARE<br>PO BOX 632530<br>CINCINNATI, OH 45263-2530 | BENEFIT PROVIDER | ASSIGN | 9/9/2010 | $0.00 |
| FAA CREDIT UNION<br>10201 S WESTERN<br>OKLAHOMA CITY, OK 73109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/30/2004 | $0.00 |
| FAA CREDIT UNION<br>PO BOX 26406<br>OKLAHOMA CITY, OK 73126-0406 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 8/4/2008 | $0.00 |
| FAA EMPLOYEES CREDIT UNION<br>PO BOX 26406<br>OKLAHOMA CITY, OK 73126 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/20/2003 | $0.00 |
| FABCO INCORPORATED<br>20 FEELEY ST<br>STRATFORD, CT 06615 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| FAIRCHILD II,RICHARD L<br>13963 CHAMBERS RD<br>SUNBURY, OH 43074 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| FALCON BUSINESS FORMS INCORPOR<br>PO BOX 849868<br>DALLAS, TX 75284-9868 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FALCON TRADING COMPANY<br>423 SALINAS RD<br>PAJARO, CA 95076 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/7/2005 | $0.00 |
| FALLON COMMUNITY HEALTH PLAN<br>10 CHESTNUT ST<br>WORCESTER, MA 01608 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/16/2006 | $0.00 |
| FALLON COMMUNITY HEALTH PLAN INC<br>10 CHESTNUT ST<br>WORCESTER, MA 01608 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/22/2005 | $0.00 |
| FAMILY DOLLAR STORES OF MICHIGAN, INC.<br>10401 OLD MONROE<br>MATTHEWS, NC 28105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/26/2008 | $0.00 |
| FAR POINT CONSULTING INC.<br>2990 E. NORTHERN AVE.<br>PHOENIX, AZ 38413 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/2/2005 | $0.00 |
| FARM AID<br>11 WARD ST<br>STE 200<br>SOMERVILLE, MA 02143 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/14/2003 | $0.00 |
| FARM STORES<br>8500 NW 74TH AVE<br>MIAMI, FL 33166 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/1999 | $0.00 |
| FARMERS COPPER & INDUSTRIAL<br>PO BOX 2649<br>GALVESTON, TX 77553-2649 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/24/2002 | $0.00 |
| FASTNER SUPPLY COMPANY<br>1340 AMBLE DR<br>CHARLOTTE, NC 28214 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/26/2005 | $0.00 |
| FAULKNER HOSPITAL<br>1153 CENTRE ST<br>BOSTON, MA 02130 | CUSTOMER CONTRACT LOU | ASSIGN | 1/6/2010 | $0.00 |
| FAULKNER HOSPITAL<br>1153 CENTRE ST<br>BOSTON, MA 02130 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 1/17/2008 | $0.00 |
| FAULKNER TRUCKING, INC.<br>13943 AVENUE 232<br>TULARE, CA 93274-9500 | CARRIER AGREEMENT | ASSIGN | 1/15/2007 | $0.00 |
| FAWCETT MEMORIAL HOSPITAL<br>21298 OLEAN BLVD<br>PORT CHARLOTTE, FL 33952 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |
| FAYETTE COUNTY MEMORIAL HOSPITAL<br>1430 COLUMBUS AVE<br>WASHINGTON CH, OH 43160 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/9/1996 | $0.00 |
| FBR CAPITAL MARKETS & CO.<br>1001 NINETEENTH STREET NORTH<br>ARLINGTON, VA 22209 | CONFIDENTIALITY AGREEMENT | ASSIGN | 7/15/2009 | $0.00 |
| FCL GRAPHICS<br>4600 NORTH OLCOTT AVE<br>HARWOOD HEIGHTS, IL 60706 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| FEAHENY,JAMES M<br>4323 CONNIE DR<br>STERLING HEIGHTS, MI 48310 | SR. ACCOUNT RELATIONSHIP MGR, 11/30/09 | ASSIGN | 4/12/2004 | $0.00 |
| FEATHER RIVER HOSPITAL<br>5974 PENTZ RD<br>PARADISE, CA 95969 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/24/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FEATHER RIVER HOSPITAL<br>5974 PENTZ RD<br>PARADISE, CA 95969 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 9/23/2009 | $0.00 |
| FEDERAL EXPRESS<br>2850 INTERNATIONAL ST<br>COLUMBUS, OH 43228 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2000 | $0.00 |
| FEDERAL INSURANCE CO.<br>312 WALNUT ST<br>CINCINNATI, OH 45202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/1/2001 | $0.00 |
| FEDERAL MOGUL CORPORATION (DIP)<br>26555 NORTHWESTERN HWY<br>SOUTHFIELD, MI 48034 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2006 | $0.00 |
| FEDEX<br>13155 NOEL RD<br>STE 1600<br>DALLAS, TX 75240 | VENDOR/SUPPLY/SERVICES AGREEMENT | ASSIGN | 4/19/2006 | $0.00 |
| FEDEX KINKOS OFFICE & PRINT SERVICES INC<br>13155 NOEL RD STE 1600<br>DALLAS, TX 75240 | MASTER PURCHASE AGREEMENT | ASSIGN | 7/11/2005 | $0.00 |
| FEDEX SMARTPOST<br>2969 LEWIS CENTRE WAY<br>GROVE CITY, OH 43123 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/25/2006 | $0.00 |
| FELD,ROBERT J<br>3457 MACKENZIE XING<br>CINCINNATI, OH 45245 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| FERGUSON,KARRIN<br>13105 BROOKE AVE<br>EDMOND, OK 73013 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| FERRELLGAS PARTNERS, LP<br>1110 NEW RD<br>ORRTANNA, PA 17353 | PRODUCTS AND SERVICES AGREEMENT | ASSIGN | 3/30/2007 | $0.00 |
| FGI PRINT MANAGEMENT, INC.<br>HIGH RIDGE PARTNERS, INC.<br>140 S. DEARBORN STREET, SUITE 820<br>ATTN: PATRICK D. CAVANAUGH<br>DALLAS, TX 75201 | ACQUISITION OF FGI PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 11/7/2001 | $0.00 |
| FIBRE FEDERAL CREDIT UNION<br>822 COMMERCE AVE<br>LONGVIEW, WA 98632 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2007 | $0.00 |
| FIDELIDY HUMAN RESOURCE SERVICES CO<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/15/2008 | $0.00 |
| FIDELITY<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/4/2008 | $0.00 |
| FIDELITY BANK<br>675 MAIN ST<br>FITCHBURG, MA 01420 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/16/2003 | $0.00 |
| FIDELITY CORPORATE REAL ESTATE<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/4/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FIDELITY CORPORATE REAL ESTATE INC.<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2009 | $0.00 |
| FIDELITY EMPLOYER SERVICES<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/2/2005 | $0.00 |
| FIDELITY HUMAN RESOURCES<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/15/2008 | $0.00 |
| FIDELITY INVESTMENTS<br>100 MAGELLAN WAY<br>KE1H<br>COVINGTON, KY 41015 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/14/2005 | $0.00 |
| FIDELITY LIFE ASSOCIATION<br>1211 W 22ND ST STE 209<br>OAK BROOK, IL 60523 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/20/2008 | $0.00 |
| FIDELITY MANAGEMENT TRUST COMPANY<br>82 DEVONSHIRE ST<br>BOSTON, MA 02109 | 401K SAVINGS PLAN | ASSIGN | 7/1/2002 | $0.00 |
| FIDELITY NATIONAL INFORMATION SERVICES<br>400 SW 6TH AVE.<br>PORTLAND, OR 38877 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 6/9/2006 | $0.00 |
| FIDELITY PRESCRIPTIONS AND COMPLETE HOME CARE, INC.<br>42 WYOMING ST<br>DAYTON, OH 45409 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/1992 | $0.00 |
| FIELDER ELECTRIC<br>2900 MANUEL RD<br>PEARLAND, TX 77584 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/28/2006 | $0.00 |
| FIFTH THIRD BANK<br>110 N MAIN ST<br>DAYTON, OH 45402 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/10/2002 | $0.00 |
| FIFTH THIRD BANK<br>110 N MAIN ST<br>DAYTON, OH 45402 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/25/2001 | $0.00 |
| FIFTH THIRD BANK<br>38 FOUNTAIN SQUARE PLZ<br>CINCINNATI, OH 45263 | A FIFTH THIRD BANCORP BANK PLEDGE AGREEMENT | ASSIGN | 2/X/2009 | $0.00 |
| FIFTH THIRD BANK<br>PO BOX 740523<br>CINCINNATI, OH 45274-0523 | COMMERCIAL CREDIT CARD SERVICE AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| FIFTH THIRD BANK<br>PO BOX 740523<br>CINCINNATI, OH 45274-0523 | MASTER TREASURY MANAGEMENT AGREEMENT | ASSIGN | 3/31/2003 | $0.00 |
| FILENET CORPORATION<br>3565 HARBOR BLVD<br>COSTA MESA, CA 92626 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |
| FINANCIAL ACCOUNTING FOUNDATION<br>401 MERRITT 7<br>NORWALK, CT 06851 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/26/2003 | $0.00 |
| FINANCIAL INSTITUTIONS INC<br>220 LIBERTY ST<br>WARSAW, NY 14569 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/22/2005 | $0.00 |
| FINANCIAL INSTITUTIONS, INC.<br>220 LIBERTY ST<br>WARSAW, NY 14569 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/14/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FINANCIAL RECOVERIES<br>PO BOX 8609<br>CHERRY HILL, NJ 08002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/27/1991 | $0.00 |
| FINANCIAL SERVICES LLC<br>329 JEFFERSON ST<br>ALGONQUIN, IL 60102 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/3/2007 | $0.00 |
| FINANCIAL STATEMENT SERVICES<br>3300 SOUTH FAIRVIEW RD<br>SANTA ANA, CA 92704 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/8/2004 | $0.00 |
| FINCH, PRUYN, AND COMPANY INC<br>1 GLEN ST<br>GLENSFALLS, NY 12801 | ELECTRONIC DATA INTERCHANGE AGREEMENT | ASSIGN | 8/8/2002 | $0.00 |
| FINDEX.COM<br>11204 DAVENPORT<br>OMAHA, NE 68154 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/5/2004 | $0.00 |
| FINELINE GRAPHICS<br>1481 GOODALE BLVD<br>COLUMBUS, OH 43212 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2006 | $0.00 |
| FINGER COMPANIES, THE<br>99 DETERING STE 200<br>HOUSTON, TX 77007 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/19/2001 | $0.00 |
| FINGER LAKES HEALTH<br>196 NORTH STREET<br>GENEVA, NY 14456-1694<br>USA | CUSTOMER CONTRACT LOP | ASSIGN | NOT DEFINED | $0.00 |
| FINNERTY,PAUL F<br>17 BAYBERRY DR<br>CLIFTON PARK, NY 12065 | ACC EXEC, 06/11/10 | ASSIGN | 11/23/2004 | $0.00 |
| FIRST AMERICAN FIELD SERVICES<br>45240 BUSINESS CT<br>STERLING, VA 20166 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2003 | $0.00 |
| FIRST AMERICAN FIELD SVCS<br>45240 BUSINESS CT<br>STERLING, VA 20166 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/1/2003 | $0.00 |
| FIRST BANK<br>12345 WEST COLFAX AVE<br>LAKEWOOD, CO 80215 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/24/2005 | $0.00 |
| FIRST CITIZENS BANK & TRUST CO & RED PEPPER GRAPHICS INC<br>200 E 36TH ST<br>CHARLOTTE, NC 28206 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/17/2008 | $0.00 |
| FIRST COMMAND FINANCIAL PLANNING, INC.<br>1 FIRSTCOMM PLZ<br>FT WORTH, TX 76109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/16/2007 | $0.00 |
| FIRST COMMUNITY BANK<br>PO BOX 989<br>BLUEFIELD, VA 24605 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/17/2007 | $0.00 |
| FIRST COMMUNITY CREDIT UNION<br>15715 MANCHESTER RD<br>ELLISVILLE, MO 63011 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2003 | $0.00 |
| FIRST DATA CORPORATION<br>6200 S QUEBEC ST<br>GREENWOOD VILLAGE, CO 80111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/30/2005 | $0.00 |
| FIRST DATA CORPORATION/WESTERN UNION<br>5875 TRINITY PARKWAY STE 200<br>CENTREVILLE, VA 20120 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/15/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FIRST ELECTRONIC BANK 280 W 10200 S STE 200 SANDY, UT 84070 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/7/2008 | $0.00 |
| FIRST ELECTRONIC BANK 280 W 10200 S STE 200 SANDY, UT 84070 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/11/2008 | $0.00 |
| FIRST ELECTRONIC BANK 280 W 102005 STE 200 SANDY, UT 84070 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/11/2008 | $0.00 |
| FIRST ELECTRONIC BANK 280 W 10200 S STE 200 SANDY, UT 84070 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/11/2008 | $0.00 |
| FIRST HAWAII TITLE CORPORATION 201 MERCHANT STREET STE 2000 HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/5/2003 | $0.00 |
| FIRST HAWAIIAN BANK PO BOX 1959 HONOLULU, HI 96805 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/23/2004 | $0.00 |
| FIRST HEALTH SERVICES CORPORATION 4300 COX RD GLEN ALLEN, VA 23060 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/9/2002 | $0.00 |
| FIRST INDIANA BANK 135 N PENNSYLVANIA ST INDIANAPOLIS, IN 46204 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/20/2004 | $0.00 |
| FIRST MARKET BANK 2001 MAYWILL ST RICHMOND, VA 23230 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/1/2005 | $0.00 |
| FIRST MERCHANTS CORPORATION PO BOX 792 200 E JACKSON ST MUNCIE, IN 47308 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/4/2009 | $0.00 |
| FIRST MERIT BANK NA 106 S MAIN ST AKRON, OH 44308 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/21/2001 | $0.00 |
| FIRST MIDWEST BANK ONE PIERCE PL STE 1500 HOSEA, IL 60143 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/6/2007 | $0.00 |
| FIRST NATIONAL BANK 105 ARBOR DR CHRISTIANSBURG, VA 24073 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/15/2001 | $0.00 |
| FIRST NIAGARA BANK 6950 S TRANSIT RD LOCKPORT, NY 14095-0514 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2008 | $0.00 |
| FIRST NIAGARA FINANCIAL GROUP PO BOX 514 LOCKPORT, NY 14095-0514 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/22/2009 | $0.00 |
| FIRST NIAGARA FINANCIAL GROUP INC. PO BOX 514 LOCKPORT, NY 14095-0514 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/22/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FIRST PLACE FINANCIAL CORPORATION 185 E MARKET ST WARREN, OH 44481 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/4/2004 | $0.00 |
| FIRST TECH CREDIT UNION 3555 SW 153RD DR PORTLAND, OR 97006 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/26/2009 | $0.00 |
| FIRST TECH CREDIT UNION 3555 SW 153RD DR PORTLAND, OR 97006 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/21/2005 | $0.00 |
| FIRST TRUST BANK 1001 W FOURTH ST ONTARIO, CA 91762 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/3/1987 | $0.00 |
| FIRST TRUST BANK 1001 W FOURTH ST ONTARIO, CA 91762 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/6/1994 | $0.00 |
| FIRST UNION LEASING 201 S COLLEGE ST 7TH FL CHARLOTTE, NC 28210 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/27/2001 | $0.00 |
| FIRSTRUST BANK 1931 COTTMAN AVE PHILADELPHIA, PA 19111 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2005 | $0.00 |
| FIRSTRUST BANK 1931 COTTMAN AVE PHILADELPHIA, PA 19111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/18/2009 | $0.00 |
| FISCHER,MORGAN A 1338 MICHAEL WAY LANSDALE, PA 19446 | ACCOUNT EXECUTIVE, 12/04/09 | ASSIGN | 9/13/2008 | $0.00 |
| FISERV SOLUTIONS, INC 255 FISERV DR BROOKFIELD, WI 53045 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/22/2007 | $0.00 |
| FISERV SOLUTIONS, INC. 2465 CENTERLINE INDUSTRIAL DRIVE MARYLAND HEIGHTS, MO 63043 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/3/2009 | $0.00 |
| FISHER,DAVID 23 STONEGATE PARK CT SPRING, TX 38328 | REGIONAL SALES MANAGER | ASSIGN | 12/7/2004 | $0.00 |
| FISHNET SECURITY INC 1710 WALNUT ST KANSAS CITY, MO 64108 | CONSULTANT AGREEMENT | ASSIGN | 2/6/2008 | $0.00 |
| FITCH GROUP 229W 28TH ST 9TH FL NEW YORK, NY 10001 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/6/2008 | $0.00 |
| FJK TEEJAY LIMITED C/O WORKFLOW MANAGEMENT, INC., ROYAL PALM WAY PALM BEACH, FL 33480 | LEASE AND OPTION AGREEMENT, 241 ROYAL PALM WAY | ASSIGN | 1/8/1999 | $0.00 |
| FJK-TEE JAY, LTD. C/O WORKFLOW MANAGEMENT, INC., ROYAL PALM WAY PALM BEACH, FL 33480 | LEASE TERMINATION AND SURRENDER AGREEMENT, 241 ROYAL PALM WAY | ASSIGN | 8/20/2001 | $0.00 |
| FJS CONTINUOUS SHORT RUN 201 COMMERCE BLVD LAWRENCE, PA 15055 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| FKI LOGISTEX AUTOMATION, INC 10045 INTERNATIONAL BLVD CINCINNATI, OH 45248 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FLAGSHIP PRESS<br>150 FLAGSHIP DR ATTN BOB KAPLAN<br>NORTH ANDOVER, MA 01845 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| FLANAGAN,COLLEEN M<br>24061 SHERMAN<br>OAK PARK, MI 48237 | ACCOUNT MANAGER, 07/03/09 | ASSIGN | 11/2/2004 | $0.00 |
| FLESH COMPANY<br>PO BOX 502175<br>SAINT LOUIS, MO 63150-2175 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| FLETCHER ALLEN HEALTH CARE<br>PO BOX 1870<br>BURLINGTON, VT 05402 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| FLORIDA POWER & LIGHT<br>700 UNIVERSE BLVD<br>JUNO BEACH, FL 33408 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/15/2008 | $0.00 |
| FLOYD MEMORIAL HOSPITAL<br>1850 STATE ST<br>NEW ALBANY, IN 47150 | CUSTOMER CONTRACT LOU | ASSIGN | 3/1/2010 | $0.00 |
| FLUKE CORPORATION<br>2104 HUTTON DRIVE STE 112 DOCK 1<br>CARROLLTON, TX 75006 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/17/2001 | $0.00 |
| FMR CORP., FIDELITY BROKERAGE SERVICES LLC, NATIONAL FINANCIAL SERVICES LLC, FIDELITY INVESTMENTS INSTITUTIONAL BROKERAGE GROUP, GETPRESS.COM, INC.<br>82 DEVONSHIRE STREET<br>BOSTON, MA 02109 | SETTLEMENT AGREEMENT | ASSIGN | 5/4/2007 | $0.00 |
| FOGLEMAN,JOSEPH E<br>2541 ROYAL BLVD<br>CARMEL, IN 46032 | ACC EXEC, 02/11/10 | ASSIGN | 7/1/2009 | $0.00 |
| FOLEY,BRENDAN P<br>4785 DONEGAL CLIFFS<br>DUBLIN, OH 43017-9188 | CFO, 09/03/10 | ASSIGN | 5/18/2009 | $0.00 |
| FOR MAGIC RESULTS, INC. D/B/A A-LAD-IN ADVERTISING CO.<br>PAUL JOSEPH<br>30 JAYSON AVENUE<br>GREAK NECK, NY 11021 | ACQUISITION OF FOR MAGIC RESULTS PURSUANT TO A PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 9/15/2000 | $0.00 |
| FORMATO JR,ANTHONY J<br>17 FOXFIRE DR<br>GETZVILLE, NY 14068-1379 | SALES REP, 08/06/10 | ASSIGN | 8/1/2008 | $0.00 |
| FORMAX (SEE BESCORP)<br>DIV OF BESCORP INC 44 VENTURE DR<br>DOVER, NH 03820 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| FORMICA CORPORATION<br>10155 READING RD<br>CINCINNATI, OH 45241 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/7/2010 | $0.00 |
| FORMSBANK CORPORATION, INC D/B/A THE NORTHEAST COMPANY<br>RICHARD O'CONNOR<br>270 BLUE HILLS DRIVE<br>SOUTHINGTON, CT 06489 | ACQUISITION OF FORMSBANK PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 12/27/2000 | $0.00 |
| FORMSCAPE INC<br>3900 PARAMOUNT PKWY STE 200 S<br>MORRISVILLE, NC 27560 | SOLUTIONS PARTNER AGREEMENT | ASSIGN | 4/2/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FORMSTORE INC<br>1614 HEADLAND DR<br>FENTON, MO 63026 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| FORSYTH,DAVID A<br>4301 HARLOW CT<br>MCKINNEY, TX 75070-8575 | SALES CONSULT, 06/23/09 | ASSIGN | 12/13/2004 | $0.00 |
| FORSYTHE / MCARTHUR ASSOCIATES, INC<br>8845 GOVERNORS HILL DR<br>STE 201<br>CINCINNATI, OH 45249 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/10/2003 | $0.00 |
| FORSYTHE SOLUTIONS GROUP INC.<br>8845 GOVERNORS HILL DR<br>STE 201<br>CINCINNATI, OH 45249 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/9/2001 | $0.00 |
| FORT FINANCIAL CREDIT UNION<br>3102 SPRING ST<br>FORT WAYNE, IN 46808-2998 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/4/2009 | $0.00 |
| FORUM PURCHASING LLC<br>2 RAVINA DRIVE STE 1290<br>ATLANTA, GA 30346 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2004 | $0.00 |
| FOSTER,DAVID G<br>15 LOCKE ST<br>SACO, ME 04072-2830 | ACC EXEC, 11/10/10 | ASSIGN | 2/10/2004 | $0.00 |
| FOSTER,SALLY K<br>10728 LAKESPRING WAY<br>COCKEYSVILLE, MD 21030 | ACCOUNT EXECUTIVE, 02/20/09 | ASSIGN | 4/21/2006 | $0.00 |
| FOUR51 INC<br>7905 GOLDEN TRIANGLE DR STE 130<br>EDEN PRAIRIE, MN 55344 | E-COMMERCE SERVICES AGREEMENT | ASSIGN | 4/30/2005 | $85,175.00 |
| FOURMAN,JAMES R<br>2271 YORKSHIRE PL<br>KETTERING, OH 45419-2833 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 1/26/2010 | $0.00 |
| FOXWOOD RESORT CASINO<br>ROUTE 2 PO BOX 377<br>MASHANTUCKET, CT 06339 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/22/2008 | $0.00 |
| FOY,PATRICK KELLY<br>6706 BRADFORD<br>ESTATES DR<br>SACHSE, TX 39661 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM<br>4200 ESSEN LN<br>BATON ROUGE, LA 70809 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| FRANK RUSSELL COMPANY D/B/A RUSSELL INVESTMENT GROUP<br>909 A ST<br>TACOMA, WA 98402 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/20/2007 | $0.00 |
| FRANKLIN COMMUNICATIONS LLC<br>5301 NW 37TH AVE<br>MIAMI, FL 33142-3207 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| FRANKLIN TEMPLETON BANK & TRUST<br>ONE FRANKLIN PKWY<br>SAN MATEO, CA 94403 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/9/2002 | $0.00 |
| FRAZIER,CONNIE L<br>5 ARCADIAN DR<br>SPRINGBORO, OH 45066 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FRAZIER,KATHRYN<br>14362 HAYSICKLE CT<br>CENTREVILLE, VA 40301 | SALES SUPPORT AGREEMENT | ASSIGN | 5/3/2010 | $0.00 |
| FREEDMAN FOOD SERVICE OF DENVER<br>5151 N BANNOCK<br>DENVER, CO 80216 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/17/2004 | $0.00 |
| FREEDOM FEDERAL CREDIT UNION<br>2019 EMMORTON RD<br>BEL AIR, MD 21015 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/1/2008 | $0.00 |
| FREEDOM FEDERAL CREDIT UNION<br>HOADLEY & BLACKHAWK RD<br>EDGEWOOD AREA<br>ABERDEEN PROVING GROUNDS, MD 21010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/27/2003 | $0.00 |
| FREEDOM GRAPHIC SYSTEMS INC<br>780 MCCLURE RD<br>AURORA, IL 60502 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2007 | $0.00 |
| FREEMAN HEALTH SYSTEMS<br>1102 W 32ND ST<br>JOPLIN, MO 64804-3599 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| FREIGHTLINER<br>PO BOX 3490<br>PORTLAND, OR 97208 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/7/2002 | $0.00 |
| FREIGHTLINER CUSTOM CHASSIS<br>552 HYATT ST<br>GAFFNEY, SC 29341 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/28/2005 | $0.00 |
| FREIGHTLINER LLC<br>PO BOX 3490<br>PORTLAND, OR 97208 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2007 | $0.00 |
| FRESNO BEE<br>1626 E STREEET<br>FRESNO, CA 93786 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/11/2005 | $0.00 |
| FREY,GEORGE J<br>35 VIOLET LN<br>WEST GROVE, PA 19390-9531 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/12/2008 | $0.00 |
| FRISBEE,GARRETT<br>N34W33379 HICKORY LN<br>NASHOTAH, WI 53058-9564 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| FRONTERA PRODUCE<br>1321 FRONTERA RD<br>EDINBURG, TX 78541 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/8/2004 | $0.00 |
| FUJI FINANCING (AM LEASING ALLIANCE)<br>329 JEFFERSON ST<br>ALGONQUIN, IL 60102 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/6/2007 | $0.00 |
| FULFILLMENT CORPORATION OF AMERICA<br>11065 SW 11TH ST<br>STE 300<br>BEAVERTON, OR 97005 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/1/2009 | $0.00 |
| FUNDEX GAMES<br>2920 FORTUNE CIR WEST NO A<br>INDIANAPOLIS, IN 46241 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/26/2002 | $0.00 |
| FURGAL,MARK K<br>1053 RIDGE RD<br>LEWISTON, NY 14092-9729 | SR. ACCOUNT SUPPORT REP, 06/11/10 | ASSIGN | 7/25/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| FURMANITE AMERICA, INC.<br>101 OLD UNDERWOOD ROAD BUILDING E<br>LAPORTE, TX 77571 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/15/2008 | $0.00 |
| FUSION GRAPHICS, INC<br>100 HOLIDAY DR<br>PO BOX 69<br>ENGLEWOOD, OH 45322 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/11/2006 | $0.00 |
| FUTAI USA INC<br>50 MAYFIELD AVE<br>EDISON, NJ 08837 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/20/2009 | $0.00 |
| G&K SERVICES<br>5995 OPUS PKWY<br>MINNETONKA, MN 55343 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/5/2005 | $0.00 |
| GADDE, VIJAYA<br>150 BECKWORTH WAY<br>SPRINGBORO , OH  45066 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/4/2007 | $0.00 |
| GAINES,NAOMI A<br>26 REGENCY CT<br>MARLTON, NJ 08053 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| GALLEGOS,ANTONIO M<br>544 THATCHER AVE<br>RIVER FOREST, IL 60305-1625 | ACCOUNT EXECUTIVE, 02/12/10 | ASSIGN | 11/11/2008 | $0.00 |
| GAMBLE PRINTING & MAILING<br>1971 ABBOT RD<br>STE 4<br>BUFFALO, NY 14218 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/24/2009 | $0.00 |
| GAMING & DOVER DOWNS, INC.<br>1131 N DU PONT HWY<br>DOVER, DE 19901 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/5/2005 | $0.00 |
| GARCIA,JUAN<br>6118 W AVE K6<br>LANCASTER, CA 93536-1724 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 9/29/2009 | $0.00 |
| GARDIN,LAZARO<br>1227 SEVILLA AVE<br>CORAL GABLES, FL 33134 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| GARDNER,WARREN J<br>280 VINTAGE PL<br>DAYTON, OH 45415-1247 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/24/2010 | $0.00 |
| GARRITY PRINTING INC<br>109 RESEARCH DR<br>HARAHAN, LA 70123 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 8/9/2007 | $0.00 |
| GARY SMITH<br>2392 SEABORN PL<br>DULUTH, GA 30097 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/28/1995 | $0.00 |
| GATEWAY SYSTEMS, INC<br>546 WOODVIEW ROAD<br>BARRINGTON, IL  60010 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/12/2003 | $0.00 |
| GATEWAY UNDERWRITERS AGENCY<br>2458 OLD DORSETT ROAD STE 110<br>MARYLAND HEIGHTS, MO 63043 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/18/2010 | $0.00 |
| GATX TECHNOLOGY SVCS CORPORATION<br>2502 N ROCKY POINT DR<br>STE 960<br>TAMPA, FL 33629 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GAYLORD ENTERTAINMENT<br>2806 OPRYLAND DR<br>NASHVILLE, TN 37214 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/8/2008 | $0.00 |
| GAYLORD ENTERTAINMENT<br>2806 OPRYLAND DR<br>NASHVILLE, TN 37214 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/8/2008 | $0.00 |
| GE ACCESS/MRA SYSTEMS, INC.<br>1426 PEARL ST<br>BOULDER, CO 80302 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/17/2003 | $0.00 |
| GE CAPITAL<br>PO BOX 642444<br>PITTSBURGH, PA 15264-2444 | VENDOR AGREEMENT | ASSIGN | 12/10/2002 | $0.00 |
| GE CAPITAL CORP (GECC)<br>DANKA SALES TEAM<br>1961 HIRST DR<br>MOBERLY, MO 66270 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/22/2002 | $0.00 |
| GE CAPITAL-VENDOR FINANCIAL SVCS<br>201 W BIG BEAVER RD<br>TROY, MI 48084 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/3/2003 | $0.00 |
| GE CORP FINANCIAL SVCS INC<br>335 MADISON AVE<br>NEW YORK, NY 10017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/25/2003 | $0.00 |
| GE CORPORATE FINANCIAL SERVICES, INC.<br>335 MADISON AVE<br>NEW YORK, NY 10017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/18/2003 | $0.00 |
| GE FLEET SERVICES<br>PO BOX 100363<br>ATLANTA, GA 30384 | AUTO LEASE | ASSIGN | 2/22/2010 | $0.00 |
| GEAC ENTERPRISE SOLUTIONS INC<br>66 PERIMETER CTR EAST<br>ATLANTA, GA 30346 | LICENSE AGREEMENT | ASSIGN | 4/30/2001 | $0.00 |
| GEISINGER SYSTEM SVCS<br>100 N ACADEMY AVE<br>DANVILLE, PA 19822-1540 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| GELINAS,DEBORAH A<br>91 CLARK ST<br>LUDLOW, MA 01056-1211 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/19/2001 | $0.00 |
| GELINAS,DENNIS<br>91 CLARK ST<br>LUDLOW, MA 39962 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/29/2009 | $0.00 |
| GENE B. GLICK COMPANY<br>8425 WOODFIELD CROSSING BLVD STE 300W<br>INDIANAPOLIS, IN 46240 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/17/2006 | $0.00 |
| GENERAL DYNAMICS OTS (AEROSPACE)<br>11350 137TH PL N E<br>REDMOND, WA 98052 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/6/2008 | $0.00 |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>PO BOX 402378<br>ATLANTA, GA 30384-2378 | EQUIPMENT LEASE | ASSIGN | 2/29/2008 | $0.00 |
| GENERAL ELECTRIC CAPITAL CORPORATION<br>PO BOX 402378<br>ATLANTA, GA 30384-2378 | EQUIPMENT LEASES | ASSIGN | 1/28/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GENERAL ENVELOPE & BUS PRINTING<br>9103 151ST AVE NE<br>REDMOND, WA 98052-3512 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| GENERAL FINANCIAL AND TAX CONSULTING, LLC<br>6507 HARRISON AVE, SUITE A<br>CINCINNATI, OH 45427 | TAX DEPT, 6507 HARRISON AVE., SUITE A<br>CINCINNATI, OH 45427, RICHARD CUNNINGHAM, PRESIDENT<br>CONTACT # (513) 752-7978, YEAR TO YEAR LICENSE TO USE<br>PROPERTY TAX SOFTWARE AND TRANSFER ASSISTANCE | ASSIGN | 12/16/2009 | $0.00 |
| GENERAL FINANCIAL SUPPLY<br>1235 N AVENUE<br>NEVADA, IA 50201 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 4/1/2001 | $0.00 |
| GENERAL GRAPHICS, INC.<br>PO BOX 4001<br>LAWRENCEBURG, IN 47025 | ACQUISITION OF GENERAL GRAPHICS PURSUANT TO AN ASSET<br>PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS,<br>CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 5/24/2001 | $0.00 |
| GENERAL INJECTABLES & VACCINES, INC.<br>ROUTE 21 52 TERRACE HILL<br>BASTIAN, VA 24314 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/14/2003 | $0.00 |
| GENNUSA,JOSEPH A<br>307 E CTR ST<br>WIND GAP, PA 18091-1283 | ACCOUNT EXECUTIVE, 08/27/10 | ASSIGN | 12/16/2009 | $0.00 |
| GENWORTH FINANCIAL<br>6620 W BROAD ST<br>BLDG 3<br>RICHMOND, VA 23230 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/19/2007 | $0.00 |
| GEORGE K. BAUM ADVISORS LLC<br>4801 MAIN ST., SUITE 510<br>KANSAS CITY, MO 64112 | CONFIDENTIALITY AGREEMENT RE POTENTIAL TRANSACTION | ASSIGN | 4/30/2008 | $0.00 |
| GEORGIA CENTER FOR NON-PROFIT<br>50 HURT PLAZA SE STE 845<br>ATLANTA, GA 30309 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/5/2009 | $0.00 |
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP<br>133 PEACHTREE ST NE<br>ATLANTA, GA 30303 | SALES AND PURCHASE AGREEMENT | ASSIGN | 4/1/2006 | $0.00 |
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP<br>133 PEACHTREE ST NE<br>ATLANTA, GA 30303 | SET-OFF AGREEMENT | ASSIGN | 1/15/2009 | $0.00 |
| GEORGIA-PACIFIC LLC<br>133 PEACHTREE ST<br>ATLANTA, GA 30303 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/9/2007 | $0.00 |
| GERBER LIFE INSURANCE COMPANY<br>445 STATE STREET<br>FREMONT , MI 49412 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/26/2004 | $0.00 |
| GERIMED<br>9505 WILLIAMSBURG PLAZA STE 200<br>LOUISVILLE, KY 40222 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/9/2009 | $0.00 |
| GES EXPOSITION SERVICES<br>950 GRIER DR<br>LAS VEGAS, NV 89119 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/17/2003 | $0.00 |
| GES EXPOSITIONS SERVICES, INC<br>950 GRIER DR<br>LAS VEGAS, NV 89119 | TRADESHOW AGREEMENT | ASSIGN | 1/1/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GHMSI CAREFIRST BLUE CROSS/BLUE SHIELD<br>10455 MILL RUN CIR<br>OWINGS MILLS, MD 21117 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/12/2008 | $0.00 |
| GIACHETTI,MICHAEL R<br>4 MAURICE CT<br>KENDALL PARK, NJ 08824-1840 | EXECUTIVE CONTRACT | ASSIGN | 8/24/2009 | $0.00 |
| GIANT PACKAGING INC<br>11 WEST PASSAIC ST<br>ROCHELLE PARK, NJ 07662 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| GLAXOSMITHKLINE<br>1000 GSK DR<br>MOON TOWNSHIP, PA 15108 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/9/2004 | $0.00 |
| GLOBAL DOCUGRAPHIX, INC<br>12123 KANIS ROAD<br>LITTLE ROCK, AR 72211 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/29/2005 | $0.00 |
| GLOBAL EMPLOYMENT<br>10375 PARK MEADOWS DRIVE STE 375<br>LITTLETON, CO 80124 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/12/2008 | $0.00 |
| GLOBAL HEALTHCARE EXCHANGE, LLC<br>11000 WESTMOOR CIR STE 400<br>WESTMINISTER, CO 80021 | SUPPLIER USER AGREEMENT | ASSIGN | 7/1/2006 | $17,452.00 |
| GLOBAL PAYMENTS GAMING SERVICES, INC.<br>10 GLENLAKE PKWY.<br>ATLANTA, GA 38413 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/2/2005 | $0.00 |
| GLOBAL PRODUCTION SOLUTIONS<br>10001 W INNOVATION DR<br>STE 101<br>WAUWATOSA, WI 53226 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/23/2009 | $0.00 |
| GLOBE DIRECT, LLC<br>27 OTIS STREET, SUITE C<br>WESTBOROUGH, MA 01581 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/29/2010 | $0.00 |
| GMAC MORTGAGE CORPORATION<br>100 WITMER RD<br>HORSHAM, PA 19044 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/23/2003 | $0.00 |
| GNA CORPORATION<br>400 GALLERIA OFFICE CENTRE<br>SOUTHFIELD, MI 48034 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/18/2007 | $0.00 |
| GNYHA SERVICES, INC.<br>555 W 57TH STREET STE 1500<br>NEW YORK, NY 10019 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2008 | $0.00 |
| GOLDEN 1<br>8945 CAL CTR DR<br>SACRANENTO, CA 98526 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/6/2009 | $0.00 |
| GOLDEN CREDIT UNION<br>8945 CAL CTR DR<br>SACRAMENTO, CA 95826 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/6/2009 | $0.00 |
| GOLDMAN SACHS AND CO.<br>JOHN DARMANIN<br>GOLDMAN SACHS AND CO.<br>200 WEST STREET, 7TH FLOOR<br>NEW YORK, NY 10282<br>USA | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT IN CONNECTION TO STRATEGIC ALTERNATIVES | ASSIGN | 5/5/2010 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GOODING COMPANY, INC.<br>5568 DAVISON RD<br>LOCKPORT, NY 14094 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/13/2001 | $0.00 |
| GOODRICH,ROBERT N<br>14906 ADMIRAL WAY<br>CARMEL, IN 46032 | ACCOUNT MANAGER, 07/09/09 | ASSIGN | 1/29/2001 | $0.00 |
| GOODWILL INDUSTRIES - SUN COAST TAMPA<br>10596 GANDY BLVD<br>ST PETERSBURG, FL 33702 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 7/1/2010 | $0.00 |
| GOODWIN GRAPHICS<br>PO BOX 110917<br>CARROLLTON, TX 75011-0917 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| GOODWIN/PROCTOR<br>EXCHANGE PL<br>BOSTON, MA 02109 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/26/2001 | $0.00 |
| GORGOLINSKI,DENNIS D<br>562 SKIFF CIR<br>REDWOOD CITY, CA 94065 | DIR STRATEGIC ACCTS, 06/04/09 | ASSIGN | NOT DATED | $0.00 |
| GORHAM, STEVEN<br>19811 WILD POPPY DR<br>SPRING, TX 77370 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2007 | $0.00 |
| GORNIAK,MICHAEL L<br>2312 WESTLINE RD<br>GREEN BAY, WI 54313 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| GOSHEN AMBULATORY CARE CENTER<br>1605 WINSTED DR<br>GOSHEN, IN 46526-4655 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 2/3/2009 | $0.00 |
| GOSS COMMUNICATIONS INC<br>PO BOX 1793<br>BRENHAM, TX 77834-1793 | SERVICES AGREEMENT | ASSIGN | 10/28/2003 | $0.00 |
| GOT CORPORATION<br>560 WINCHESTER BLVD STE 500<br>SAN JOSE, CA 95128 | SERVICES AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| GOUDIE,JASON D<br>333 PENWOOD CT<br>PATASKALA, OH 43062-7352 | REG SALES MGR, 11/04/09 | ASSIGN | 8/27/2008 | $0.00 |
| GOULD PAPER, CORP<br>2284 PAYSPHERE CIRCLE<br>CHICAGO, IL 60674- | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/5/2007 | $0.00 |
| GOYA FOODS OF TEXAS<br>10460 WESTPARK<br>HOUSTON, TX 77042 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/20/2006 | $0.00 |
| GRACE HILL NEIGHBORHOOD SERVICES<br>2600 HADLEY ST<br>ST LOUIS, MO 63106 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/1994 | $0.00 |
| GRACE PACIFIC CORPORATION<br>949 KAMOKLIA BLVD STE 100<br>KAPOLEI, HI 96707 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/10/2003 | $0.00 |
| GRADY HEALTH SYSTEM GRADY MEMORIAL HOSPITAL<br>80 JESSE HILL JR DR SE<br>ATLANTA, GA 30303 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 1/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GRADY MEMORIAL HOSPITAL CORPORATION DBA GRADY HEALTH SYSTEM<br>80 JESSE HILL JR DR SE<br>ATLANTA, GA 30303 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/21/2009 | $0.00 |
| GRAEF,JASON C<br>1643 RAVINE DR<br>GREEN BAY, WI 54313 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| GRAND VIEW HOSPITAL<br>PO BOX 902<br>SELLERSVILLE, PA 18960-0902 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| GRANDSTAY HOSPITALITY LLC<br>24707 COUNTY RD 75<br>ST AUGUSTA, MN 56301 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/12/2009 | $0.00 |
| GRANDVIEW ASSOCIATES L.L.C.<br>7800 FORSYTH BLVD<br>8TH FL<br>CLAYTON, MO 63105 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/28/2005 | $0.00 |
| GRANE TRANSPORTATION LINES LTD<br>1001 S LARAMIE AVE<br>CHICAGO, IL 60644 | CARRIER AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| GRANETZ,DAVID E<br>41 TREWORTHY RD<br>GAITHERSBURG, MD 20878-2620 | ACCOUNT EXECUTIVE, 10/19/10 | ASSIGN | 10/1/2009 | $0.00 |
| GRANGE INSURANCE CO<br>650 S FRONT ST<br>COLUMBUS, OH 43206 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/29/2002 | $0.00 |
| GRANGE MUTUAL INSURANCE CO<br>671 S HIGH ST<br>COLUMBUS, OH 43206 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/22/2009 | $0.00 |
| GRANITE PRESS INC.<br>42 MAIN ST<br>HUDSON, MA 01749 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| GRAPHCO<br>6563 COCHRAN RD<br>SOLON, OH 44139-3901 | FULL MAINTENANCE AGREEMENT | ASSIGN | 2/21/2003 | $15,792.00 |
| GRAPHIC MAILERS<br>1031 E MOUNTAIN ST BLDG 310<br>KERNERSVILLE, NC 27284 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 11/1/2009 | $0.00 |
| GRAPHICA INC<br>4501 LYONS RD<br>MIAMISBURG, OH 45342 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 5/1/2003 | $0.00 |
| GRAPHLINE<br>5701 NW 94TH AVE<br>TAMARAC, FL 33321 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/26/2002 | $0.00 |
| GRAWE,THOMAS J<br>9740 OLDE GEORGETOWN<br>WAY<br>CENTERVILLE, OH 45458-6103 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/1/X | $0.00 |
| GRAYWOOD DEVELOPMENTS<br>5000 QUORUM<br>STE 375<br>DALLAS, TX 75254 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/3/2002 | $0.00 |
| GREASE MONKEY INTERNATIONAL, INC.<br>633 17TH ST<br>DENVER, CO 80202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GREAT AMERICAN 5870 GREENWOOD PLZ BLVD STE 350 GREENWOOD VILLAGE, CO 80111 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2004 | $0.00 |
| GREAT AMERICAN EXCESS LIABILITY DIVISION 5870 GREENWOOD PLZ BLVD STE 350 GREENWOOD VILLAGE, CO 80111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/26/2002 | $0.00 |
| GREAT AMERICAN GROUP 130 W 42ND ST STE 1001 NEWYON, NY 10036 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/9/2010 | $0.00 |
| GREAT AMERICAN TRANSPORT INC PO BOX 11904 FRESNO, CA 93775-1904 | CARRIER AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| GREAT LAKES COMPUTER 29313 CLEMENS ROAD #2-J WESTLAKE, OH 44145 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/25/2003 | $0.00 |
| GREAT LAKES REIT 823 COMMERCE DR STE 300 OAK BROOK, IL 60523 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/2/2002 | $0.00 |
| GREAT WEST LIFE ASSURANCE COMPANY AND GREAT WEST LIFE AND ANNUITY INSURANCE COMPANY 8505 E. ORCHARD RD. ENGLEWOOD, CO 80111 USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/1995 | $0.00 |
| GREAT WOLF RESORTS, INC. 122 WEST WASHINGTON AVE MADISON, WI 53703 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/10/2006 | $0.00 |
| GREATER NORWALK CREDIT UNION 12 FITCH ST NORWALK, CT 06856 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/14/2004 | $0.00 |
| GREATER WOONSOCKET MUNICIPAL FEDERAL CREDIT UNION 10 MONUMENT SQUARE WOONSOCKET, RI 02895 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/20/2004 | $0.00 |
| GREATLAND CORPORATION 2480 WALKER AVE N W GRAND RAPIDS, MI 49544 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/20/2004 | $0.00 |
| GREEN TREE SERVICING 345 ST PETER ST ST PAUL, MN 55102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/12/2004 | $0.00 |
| GREENVILLE PRINTING (SEE GREYSTONE) 1120 S EDGEWOOD ST GREENVILLE, MI 48838 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2007 | $0.00 |
| GREG C. MOSHER PERSEUS LLC 2009 PENNSYLVANIA AVE, NW SUITE 900 WASHINGTON, DC 20006 | AMENDED AND RESTATED PROMISSORY NOTE; $1,352,872; AS AMENDED; AS ASSUMED BY PERSEUS, L.L.C. AND AS FURTHER ASSUMED BY EACH PERSEUS FUND ACCORDING TO ITS PRO RATA SHARE | ASSIGN | 11/30/2005 | $0.00 |
| GREG C. MOSHER PERSEUS LLC 2009 PENNSYLVANIA AVE, NW SUITE 900 WASHINGTON, DC 20006 | PROMISSORY NOTE; $1,000,000; AS AMENDED; AS ASSIGNED TO WF HOLDINGS, INC.; AS ASSUMED BY PERSEUS, L.L.C. AND AS FURTHER ASSUMED BY EACH PERSEUS FUND ACCORDING TO ITS PRO RATA SHARE | ASSIGN | 11/30/2005 | $0.00 |
| GRETZINGER,KEVIN K 1433 SHIRLEY ST GREEN BAY, WI 54304 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 1/6/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GREYSTONE PROPERTY MANAGEMENT<br>8383 CRAIG STREET STE 240<br>INDIANAPOLIS, IN 46250 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/2/2005 | $0.00 |
| GRIFFIN CREEK GRAPHICS<br>PO BOX 1801<br>WINSTON, OR 97496 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 8/1/2005 | $0.00 |
| GRIFFIN,MICHAEL J<br>99 MIDWOOD AVE<br>WATERBURY, CT 06708-2430 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| GRIPPANDO,JEFFREY S.<br>310 WENTWORTH DOWNS<br>CT<br>DULUTH, GA 39615 | REGIONAL SALES MANAGER | ASSIGN | 6/16/2008 | $0.00 |
| GROBARD & ASSOCIATES<br>230 RIDGE BLUFF LN<br>SUWANEE, GA 30024 | EMPLOYER FEE AGREEMENT | ASSIGN | 3/18/2003 | $0.00 |
| GROUP HEALTH ASSOCIATES<br>4600 WESLEY AVE STE N<br>CINCINNATI, OH 45212 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/27/2001 | $0.00 |
| GROZA,KEN<br>23410 REDDING CIR<br>SALINAS, CA 39974 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/10/2009 | $0.00 |
| GRUMMAN OLSON<br>1801 S NOTTAWA<br>STURGIS, MI 49091 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/1993 | $0.00 |
| GRUNING,GEORGE D<br>10755 N OXFORD CT<br>MEQUON, WI 53092-8549 | ACCOUNT EXECUTIVE, 04/10/09 | ASSIGN | 7/9/2007 | $0.00 |
| GRUSZKA,JOYCE A<br>38 DEERPATH DR<br>LANCASTER, NY 14086 | ACCT RELATIONSHIP MANAGER-M/CS, 10/29/10 | ASSIGN | 7/16/2008 | $0.00 |
| GSK CDA DIRECT MAIL SMITH KLINE BEECHAM CORP. D/B/A GLAXOSMITHLINE<br>1000 GSK DR<br>MOON TOWNSHIP, PA 15108 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/17/2007 | $0.00 |
| GSK CDA PRINT<br>FIVE MOORE DR<br>RESEARCH TRIANGLE PARK<br>DURHAM, NC 27709 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/17/2007 | $0.00 |
| GSO CAPITAL PARTNERS LP<br>MELISSA MARANO | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT IN CONNECTION WITH CREDIT FACILITIES 2010 REFINANCE | ASSIGN | 12/23/2009 | $0.00 |
| GUARDIAN INDUSTRIES<br>11535 E MOUNTAIN VIEW AVE<br>KINGSBURG, CA 93831 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/24/2010 | $0.00 |
| GUARDIAN LIFE INSURANCE COMPANY<br>7 HANOVER SQUARE<br>NEW YORK, NY 10004 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/16/2007 | $0.00 |
| GUENTHER,GARY R<br>8715 COUNTRY CRK<br>ORANGEVALE, CA 95662 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/3/2009 | $0.00 |
| GUERNEY,DENNIS P<br>172 LYONS RD<br>SCARSDALE, NY 10583 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| GUILFORD OF MAINE<br>OAK ST<br>GUILFORD, ME 04443 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/19/2004 | $0.00 |
| GULF & BASCO<br>2425 BROAD ST<br>HOUSTON, TX 77087 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/29/2004 | $0.00 |
| GULF STATES HEALTH SERVICES<br>2325 WEYMOUTH DR STE A<br>BATON ROUGE, LA 70808 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/20/2002 | $0.00 |
| GULFCOAST HOSPITAL<br>13681 DOCTORS WAY<br>FORT MYERS, FL 33952 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/10/2005 | $0.00 |
| GUYNES PRINTING CO OF TX INC<br>927C TONY LAMA<br>EL PASO, TX 79915 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| H LEE MOFFITT CANCER CENTER<br>12902 MAGNOLIA DR<br>TAMPA, FL 33612-9416 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 6/7/2007 | $0.00 |
| H M GRAPHICS INC<br>7840 WEST HICKS ST<br>MILWAUKEE, WI 53219 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| H&H DISTRIBUTING<br>3309 SOUTH JONES<br>FORT WORTH, TX 76110 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | NOT DEFINED | $0.00 |
| H&R BLOCK FINANCIAL ADVISORS<br>719 GRISWOLD ST<br>STE 1700<br>DETROIT, MI 48226 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/18/2007 | $0.00 |
| H. LEE MOFFITT CANCER CENTER & RESEARCH INSTITUTE<br>12902 MAGNOLIA DR<br>TAMPA, FL 33612 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/22/2004 | $0.00 |
| H.C. BRILL<br>3765 WALDEN AVE<br>LANCASTER, NY 14086 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/1/2005 | $0.00 |
| HACH ULTRA ANALYSIS, INC.<br>5600 LINDBERGH DR<br>LOVELAND, CO 80538 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/30/2007 | $0.00 |
| HAGN GRAPHIC ASSETS LLC<br>2338 IMMOKALEE ROAD BOX 236<br>NAPLES, FL 34110 | SERVICES AGREEMENT | ASSIGN | 11/24/2008 | $0.00 |
| HAIG QUALITY PRINTING NV INC<br>MGM ONLYPO BOX 29680<br>PHOENIX, AZ 85038-9680 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| HAIRSTON, DAVID C.<br>1024 GENGEO PATTON RD<br>NASHVILLE, TN 37221 | CONSULTING AGREEMENT | ASSIGN | 8/11/2010 | $0.00 |
| HAJOCA CORPORATION<br>127 COULTER AVE<br>ARDMORE, PA 19003 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2003 | $0.00 |
| HALDEX SERVICES CORPORATION<br>5334 HWY 221 SOUTH<br>MARION, NC 28752 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/25/2003 | $0.00 |
| HALIFAX COMMUNITY HEALTH SYSTEM<br>PO BOX 2830<br>DAYTONA BEACH, FL 32120-2830 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HALLMARK CARDS<br>2501 MCGEE MD 549<br>KANSAS CITY, MO 64141 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/3/2005 | $0.00 |
| HALLMARK HEALTH SYSTEM, INC.<br>100 HOSPITAL RD<br>MALDEN, MA 02418 | CUSTOMER CONTRACT LOU | ASSIGN | 2/1/2010 | $0.00 |
| HALLMARK HEALTH SYSTEMS, INC.<br>170 GOVERNORS AVE<br>MEDFORD, MA 02155-1643 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/12/2002 | $0.00 |
| HALOGEN SOFTWARE INC<br>495 MARCH RD STE 500<br>KANATA, ON K2K 3G1<br>CANADA | SOFTWARE LICENSE AND SERVICES AGREEMENT | ASSIGN | 9/4/2009 | $48,278.00 |
| HALSTEAD,MARK P<br>5204 BROCKTON CT<br>GLEN ALLEN, VA 23059-5583 | ACCOUNT MANAGER, 03/11/09 | ASSIGN | 10/29/2007 | $0.00 |
| HAMILL INDUSTRIAL SALES COMPANY, INC.<br>5800 MONROE STREET, BLDG B<br>SYLVANIA , OH  43560 | TERMS OF PURCHASE ORDER | ASSIGN | 12/18/2001 | $0.00 |
| HAMILTON MEDICAL CENTER<br>PO BOX 30008<br>RENO, NV 89520-3008 | CUSTOMER CONTRACT LOP | ASSIGN | 4/1/2008 | $0.00 |
| HAMILTON,JAMES<br>565 KARNS DR<br>VANDALIA, OH 40357 | SALES SUPPORT AGREEMENT | ASSIGN | 6/28/2010 | $0.00 |
| HANCOCK BANK<br>PO BOX 4019<br>GULFPORT, MS 39502 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/10/2009 | $0.00 |
| HANCOCK BANK<br>2510 FOURTEENTH ST<br>GULFPORT, MS 39510 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/18/2008 | $0.00 |
| HANCOCK BANK FINANCIAL<br>2601 19TH ST<br>GULFPORT, MS 39501 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/18/2008 | $0.00 |
| HANCOCK,RICHARD<br>241 FER DON RD<br>DAYTON, OH 40395 | SALES SUPPORT AGREEMENT | ASSIGN | 8/5/2010 | $0.00 |
| HANEY,TRACEY W<br>1218 CRANDELL DR<br>CROUSE, NC 28033-7783 | STRATEGIC ACCT EXEC - PROMO, 04/30/09 | ASSIGN | 6/12/2008 | $0.00 |
| HANGER ORTHOPEDIC GROUP<br>2 BETHESDA METRO CENTER STE 1200<br>BETHESDA, MD 20814 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/30/2009 | $0.00 |
| HANGER ORTHOPEDIC GROUP<br>2 BETHESDA METRO CENTER STE 1200<br>BETHESDA, MD 20814 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/5/2004 | $0.00 |
| HANSEN,ROBERT S<br>29164 WOODLAND HILLS<br>DR<br>DALLAS CENTER, IA 50063-8406 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/17/2010 | $0.00 |
| HANSON,GARY M<br>8232 16TH AVE S<br>BLOOMINGTON, MN 55425-1740 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 12/18/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HANWOOD OF OKLAHOMA, DBA WOODS LABOR & STAFFING<br>1014 SW 59TH ST<br>OKLAHOMA CITY, OK 73109 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/25/2010 | $0.00 |
| HAPGOOD,PETER K<br>55 HUBBARD DR<br>GLASTONBURY, CT 06033-2949 | ACCT RELATIONSHIP MANAGER-M/CS, 11/30/10 | ASSIGN | 7/6/2010 | $0.00 |
| HARBOR GROUP INTERNATIONAL<br>1500 SKOKIE BLVD<br>STE 105E<br>NORTHBROOK, IL 60062 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2003 | $0.00 |
| HARBOUR PRINTING<br>2784 SLONGH ST<br>MISSISSANGA, ON L4T1G3<br>CANADA | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| HARDING,WAYNE<br>4543 HARPER CT<br>PLEASANTON, CA 37769 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/28/2003 | $0.00 |
| HARDWICK,JENNIFER L<br>301 PORTER DR<br>ENGLEWOOD, OH 45322-2310 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 8/4/2010 | $0.00 |
| HARFORD MEMORIAL HOSPITAL<br>501 S UNION AVE<br>HAVRE DE GRACE, MD 21078 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/27/2002 | $0.00 |
| HARKER SCHOOL, THE<br>1471 SARATOGA AVENUE STE 100<br>SAN JOSE, CA 95157 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/6/2003 | $0.00 |
| HARLAND CLARKE CORP.<br>10931 LAUREATE DR<br>SAN ANTONIO, TX 78249 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/27/2008 | $0.00 |
| HAROLD M. PITMAN COMPANY<br>721 UNION BLVD<br>TOTOWA, NJ 07512 | CONSIGNMENT AGREEMENT | ASSIGN | 6/29/2004 | $0.00 |
| HARRAH,MISCHELL A<br>4036 NW 61ST ST<br>OKLAHOMA CITY, OK 73112-1418 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/26/2003 | $0.00 |
| HARRAH'S OPERATING COMPANY, INC.<br>ONE HARRAH'S COURT<br>LAS VEGAS, NV 89119-4377<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2006 | $0.00 |
| HARRIS CORPORATION<br>1025 W NASA BLVD M/S 43<br>MELBOURNE, FL 32919 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/9/2005 | $0.00 |
| HARRIS CORPORATION<br>1025 W NASA BLVD<br>MELBOURNE, FL 32919 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/1/2005 | $0.00 |
| HARRIS,MICHELLE<br>5927 TROY VILLA BLVD<br>HUBER HEIGHTS, OH 40403 | SALES SUPPORT AGREEMENT | ASSIGN | 8/13/2010 | $0.00 |
| HARRISON COUNTY SCHOOL DISTRICT<br>11072 HWY 49<br>GULFPORT, MS 39503 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/10/2004 | $0.00 |
| HARRISON LEGAN'S HIERONYMUS PRINTIN<br>PO BOX 768<br>TEMPLE, TX 76503-0768 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2005 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HARRY LONDON CANDIES<br>5353 LAUBY RD<br>NORTH CANTON, OH 44720 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/8/2003 | $0.00 |
| HART,JAMES E<br>8309 PHILADELPHIA DR<br>FAIRBORN, OH 45324-1937 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/25/2010 | $0.00 |
| HARTFORD COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY<br>200 HOPMEADOW STREET<br>SIMSBURY, CT 06089 | FAMILY AND MEDICAL LEAVE SERVICES AGREEMENT, ADMINISTRATIVE SUPPORT/DETERMINING WHETHER AN EMPLOYEE IS ELIGIBLE FOR FMLA LEAVE | ASSIGN | 1/1/2010 | $0.00 |
| HARTFORD COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY<br>200 HOPMEADOW STREET<br>SIMSBURY, CT 06089 | SALARY CONTINUATION BENEFIT ADMINISTRATION AGREEMENT, SHORT TERM DISABILITY CLAIMS REVIEW | ASSIGN | 1/1/2010 | $0.00 |
| HARTFORD FINANCIAL SERVICES<br>4245 MERIDIAN PKWY<br>AURORA, IL 60504 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/20/2003 | $0.00 |
| HARTFORD FIRE INSURANCE COMPANY<br>CREDIT RISK ANALYSIS T 21 88<br>HARTFORD PLZ<br>HARTFORD, CT 06115 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/22/2002 | $0.00 |
| HARTIGAN,RICHARD J<br>7819 CHEVIOT CT<br>FAYETTEVILLE, NY 13066 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| HARTWELL,JOHN L<br>7419 FOXDALE DR<br>WAYNESVILLE, OH 45068-8218 | VP MANUFACTURING & DIST, 06/04/10 | ASSIGN | 12/8/2006 | $0.00 |
| HARVARD PILGRIM HEALTH CARE, INC.<br>93 WORCESTER ST<br>WELLESLEY, MA 02481 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/26/2005 | $0.00 |
| HASLER, INC.<br>478 WHEELERS FARMS RD<br>MILFORD, CT 06461 | EQUIPMENT LEASES | ASSIGN | 11/7/2006 | $279.00 |
| HATCHER PRESS<br>345 SHOREWAY RD<br>SAN CARLOS, CA 94070 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| HAUER GROUP INC<br>1016 MANDALAY AVE<br>CLEARWATER, FL 33767 | CORPORATE CONSULTANT AGREEMENT | ASSIGN | 1/29/2004 | $0.00 |
| HAVEL, A DIVISIONS OF SHAMBAUGH & SONS, L.P.<br>7525 DISALLE BLVD, PO BOX 11269<br>FORT WAYNE, IN 46825 | HVAC MAINTENANCE | ASSIGN | 8/16/2006 | $0.00 |
| HAVERSTICK CONSULTING, INC.<br>PO BOX 8500 5233<br>PHILADELPHIA, PA 19178 | SERVICES AGREEMENT - CONSULTANT | ASSIGN | 10/7/2005 | $0.00 |
| HAVRANEK,WILLIAM J<br>287 HAMILTON AVE<br>NO 5A<br>STAMFORD, CT 06902-3539 | ACCOUNT MANAGER I, 11/08/10 | ASSIGN | 3/12/2007 | $0.00 |
| HAWAII FIRST, INC.<br>800 BETHEL STREET STE 501<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/6/2004 | $0.00 |
| HAWAIIAN HOLDINGS INC. DBA HAWAIIAN AIRLINES<br>391 AOKEA STREET HONOLULU INTERNATIONAL AIRPORT<br>HONOLULU, HI 96820 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/4/2005 | $0.00 |
| HAWAIIANA GROUP, INC.<br>711 KAPIOLANI BLVD STE 700<br>HONOLULU, HI 96813-5249 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HAWK,RONALD D 2276 ST MORITZ LOOP WEST LINN, OR 97068-8629 | STRATEGIC ACCT EXEC - PROMO, 08/25/09 | ASSIGN | 3/25/2008 | $0.00 |
| HAWKINS,GARY R 13818 BISON CT SILVER SPRING, MD 20906 | SALES REP, 06/19/09 | ASSIGN | 8/1/2008 | $0.00 |
| HAYS COMPANIES 80 S 8TH ST STE 700 MINNEAPOLIS, MN 55402 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| HAYS MEDICAL CENTER 2220 CANTERBURY HAYS, KS 67601 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/1/2005 | $0.00 |
| HAYS MEDICAL CENTER 201 E SEVENTH ST HAYS, KS 67601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/1995 | $0.00 |
| HAYS MEDICAL CENTER PO BOX 8100 HAYS, KS 67601-8100 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| HAZEL HAWKINS HOSPITAL 911 SUNSET DR HOLLISTER, CA 95023-5695 | BROADLANE, LOI | ASSIGN | 2/18/2009 | $0.00 |
| HBM LLC 225 WYMAN SQ WALTHAM, MA 02454-9249 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/8/2002 | $0.00 |
| HCA CONTINENTAL DIVISION 4520 FLORENCE ST DENVER, CO 80238 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| HDI 102 SOUTH TEJON STE 1200 COLORADO SPRINGS, CO 80903 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/5/2006 | $0.00 |
| HEAD,ROGER F 20 WILLIAM ST BETHPAGE, NY 11714-4407 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| HEALTH & WELLNESS INSTITUTE, LLC 291 PROMENADE ST PROVIDENCE, RI 02908 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/22/2010 | $0.00 |
| HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY 3838 NORTH RURAL ST INDIANAPOLIS, IN 46205 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 12/29/2008 | $0.00 |
| HEALTH CARE SERVICE CORP. 300 EAST RANDOLPH ST CHICAGO, IL 60601 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/20/2006 | $0.00 |
| HEALTH FIRST PHSP (HEALTHFIRST) 25 BROADWAY NEW YORK, NY 10004 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/22/1997 | $0.00 |
| HEALTH FIRST US (HFUSLLC) 25 BROADWAY NEW YORK, NY 10004-1010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2009 | $0.00 |
| HEALTH NET 21650 OXNARD ST WOODLAND HILLS, CA 91367 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/23/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HEALTH PARTNERS OF PHILADELPHIA, INC.<br>833 CHESTNUT STREET STE 900<br>PHILADELPHIA, PA 19017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/22/2004 | $0.00 |
| HEALTH PARTNERS OF PHILADELPHIA, INC.<br>833 CHESTNUT STREET STE 900<br>PHILADELPHIA, PA 19017 | HIPAA BUSINSS ASSOCIATE AGREEMENT | ASSIGN | 7/15/2010 | $0.00 |
| HEALTH PLUS<br>2219 LINE AVE<br>SHREVEPORT, LA 71104 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/31/2005 | $0.00 |
| HEALTH PLUS PHSP<br>241 37TH STREET STE 412<br>BROOKLYN, NY 11232 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/11/2006 | $0.00 |
| HEALTHCARE AUTHORITY OF CITY OF HUNTSVILLE / HUNTSVILLE HOSPITAL<br>101 SIVLEY RD<br>HUNTSVILLE, AL 35801-4421 | CUSTOMER CONTRACT LOP | ASSIGN | 4/1/2006 | $0.00 |
| HEALTHEAST CARE SYSTEM<br>1690 UNIVERSITY AVE<br>ST PAUL, MN 55104 | CUSTOMER CONTRACT LOU | ASSIGN | 7/1/2010 | $0.00 |
| HEALTHEAST CARE SYSTEM<br>UNIVERSITY PARK MEDICAL BUILDING 1690 UNIVERSITY A<br>ST PAUL, MN 55104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2010 | $0.00 |
| HEALTHPARTNERS<br>8170 33RD AVE SOUTH<br>BLOOMINGTON, MN 55425 | CUSTOMER CONTRACT LOU | ASSIGN | 7/1/2010 | $0.00 |
| HEALTHWAYS, INC.<br>701 COOLS SPRINGS BLVD<br>FRANKLIN, TN 37067 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/3/2008 | $0.00 |
| HEARTLAND HEALTHCARE SERVICES<br>4755 SOUTH AVE<br>TOLEDO, OH 43615 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/9/2005 | $0.00 |
| HECKMAN BINDERY<br>1010 N SYCAMORE ST<br>NORTH MANCHESTER, IN 46962 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/20/2004 | $0.00 |
| HEETER DIRECT<br>441 TECHNOLOGY DR<br>CANONSBURG, PA 15317 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| HEIDELBERG USA<br>1000 GUTENBERG DR<br>KENNESAW, GA 30144 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/7/2000 | $0.00 |
| HEIDRICK AND STRUGGLES<br>233 S WACKER DR<br>STE 4200<br>CHICAGO, IL 60606 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/17/2005 | $0.00 |
| HEIMERDINGER,JEFFREY P<br>43W830 WILLOW CREEK<br>DR<br>ELBURN, IL 60119-9137 | DIR STRATEGIC ACCTS, 11/03/10 | ASSIGN | 1/4/2010 | $0.00 |
| HEINZ NA<br>357 6TH AVE<br>PITTSBURGH, PA 15222 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/11/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HENDERSON BELDWAY LLC<br>500 NEWPORT DR<br>STE 630<br>NEWPORT BEACH, CA 92660 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/31/2006 | $0.00 |
| HENDERSON,MIA<br>239 QUITMAN<br>DAYTON, OH 40434 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 9/13/2010 | $0.00 |
| HENDERSONS PRINTING (SEE KUNZ BUSINESS PROD.)<br>PO BOX 431<br>ALTOONA, PA 16603 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| HENNEPIN COUNTY MEDICAL CENTER<br>701 PARK AVE SOUTH<br>MINNEAPOLIS, MN 55415 | CUSTOMER CONTRACT LOP | ASSIGN | 4/28/2008 | $0.00 |
| HENRY N. SAWYER<br>586 RUTHERFORD AVE<br>CHARLESTOWN, MA 02129 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| HENRY-WURST INC<br>PO BOX 790379<br>SAINT LOUIS, MO 63179 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| HEREID,MARK A<br>508 ROBIN CREST CT<br>GROVER, MO 63040-1740 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/19/2009 | $0.00 |
| HERMAN,MARK B<br>20 KINGS ROW<br>NORTH READING, MA 01864 | REGIONAL SALES MANAGER | ASSIGN | 6/17/1996 | $0.00 |
| HERMES OF PARIS<br>745 5TH AVE<br>NEW YORK, NY 10151 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/29/2003 | $0.00 |
| HERNANDEZ,TIFFANY<br>1563 CAMPUS DR<br>DAYTON, OH 40410 | SALES SUPPORT AGREEMENT | ASSIGN | 8/20/2010 | $0.00 |
| HESTON,EARL A<br>830 PINE NEEDLES DR<br>DAYTON, OH 45458 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 5/28/2010 | $0.00 |
| HEUER, DEBBIE<br>7421 WALNUT CREEK DR<br>WESTCHESTER, OH 45069 | CONSULTANT | ASSIGN | 4/30/2004 | $0.00 |
| HEWLETT PACKARD<br>HWY 110 N KM 5 1<br>BLDG 3<br>AGUADILLA, PR 605 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/14/2009 | $0.00 |
| HEWLETT PACKARD CORP.<br>39500 ORCHARD HILL PL<br>NOVI, MI 48375 | HP TERMS AND CONDITIONS OF SALES AND SERVICE | ASSIGN | 1/10/2003 | $0.00 |
| HEWLETT-PACKARD COMPANY<br>19483 PRUNERIDGE AVENUE, MS 4248<br>CUPERTINO, CA 95014-0604<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/19/2006 | $0.00 |
| HEWLETT-PACKARD COMPANY<br>3600 HANOVER ST<br>PALO ALTO, CA 94304 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/5/2009 | $0.00 |
| HEWLETT-PACKARD COMPANY<br>3600 HANOVER ST<br>PALO ALTO, CA 94304 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/14/2009 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY<br>PO BOX 2092<br>COLORADO SPRINGS, CO 80901 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/19/2009 | $0.00 |
| HF MANAGEMENT SERVICES<br>25 BROADWAY<br>NEW YORK, NY 10004 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| HF MANAGEMENT SERVICES<br>25 BROADWAY<br>NEW YORK, NY 10004 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2009 | $0.00 |
| HF MANAGEMENT SERVICES, LLC<br>25 BROADWAY<br>NEW YORK, NY 10004-1010 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2003 | $0.00 |
| HIAWATHA COMMUNITY HOSPITAL<br>300 UTAH ST AP NO 2169<br>HIAWATHA, KS 66434-2399 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| HICKAM FEDERAL CREDIT UNION<br>40 HICKAM CT<br>HONOLULU, HI 96818 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/18/2005 | $0.00 |
| HIGHLAND COMPUTER FORMS INC<br>1025 W MAIN ST<br>HILLSBORO, OH 45133 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2008 | $0.00 |
| HIGHLAND COMPUTER FORMS, INC.<br>P.O. BOX 831<br>HILLSBORO, OH 45133-8299 | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 5/5/2000 | $0.00 |
| HIGHLINE COMMUNITY HOSPITAL<br>16251 SYLVESTER RD SW<br>SEATTLE, WA 98166 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2004 | $0.00 |
| HIGHMARK INC<br>1800 CTR ST 1AL4<br>CAMP HILL, PA 17011 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/28/2010 | $0.00 |
| HIGHMARK INC.<br>1800 CTR ST<br>CAMP HILL, PA 17011 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/29/2009 | $0.00 |
| HIGHWAY TECHNOLOGIES, INC.<br>915 HARGER RD STE 350<br>OAK BROOK, IL 60523 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/3/2008 | $0.00 |
| HILB ROGAL & HOBBS (HRH)<br>4951 LAKE BROOK DR<br>STE 400<br>GLEN ALLEN, VA 23060 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/31/2007 | $0.00 |
| HILDEN ENTERPRISES, INC. D/B/A AMERICAN WHOLESALE THERMOGRAPHERS<br>HILDEN ENTERPRISES, INC. D/B/A AWT<br>P.O. BOX 12750, 1377 MCLAUGHLIN RUN ROAD<br>PITTSBURGH, PA 15241<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 5/1/2001 | $0.00 |
| HILL INVESTMENT CO<br>PO BOX 700<br>MERCER ISLAND, WA 98040 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/2/2004 | $0.00 |
| HILL MANAGEMENT SERVICES<br>9640 DEERECO RD<br>TIMONIUM, MD 21094- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 11/1/1991 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HILL MGMT SERVICES INC<br>9640 DEERECO RD<br>TIMONIUM, MD 21093 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/28/2005 | $0.00 |
| HILL PHOENIX<br>1925 RUFFIN MILL RD<br>COLONIAL HEIGHTS, VA 23834 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/27/2001 | $0.00 |
| HILTI, INC.<br>5400 S 122ND E AVE<br>TULSA, OK 74146 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/8/2004 | $0.00 |
| HILTON SUPPLY MGMT<br>9336 CIVIC CTR DR<br>BEVERLY HILLS, CA 90210 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/6/2004 | $0.00 |
| HINMAN TRESTLEBRIDGE, LP<br>PO BOX 50751<br>KALAMAZOO, MI 49005-0751 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/2/2002 | $0.00 |
| HIRE PROFILE INC<br>2225 LAUREL MILL WAY<br>ROSWELL, GA 30076 | RECRUITING SERVICES | ASSIGN | 5/6/2008 | $0.00 |
| HIRERIGHT<br>5151 CALIFORNIA<br>IRVINE, CA 92617 | PRE-HIRE BACKGROUND SCREENING | ASSIGN | 1/28/2009 | $0.00 |
| HIRERIGHT INC<br>24521 NETWORK PL<br>CHICAGO, IL 60673-1245 | OCCUPATIONAL TESTING SERVICES | ASSIGN | 1/28/2009 | $0.00 |
| HISS,ALAN B<br>9120 DELMAR<br>PRAIRIE VILLAGE, KS 39763 | ACCOUNT EXECUTIVE, 05/12/09 | ASSIGN | 11/11/2008 | $0.00 |
| HM GRAPHICS<br>7840 WEST HICKS ST<br>MILWAUKEE, WI 53219 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| HOBSON ASSOCIATES<br>1781 HIGHLAND AVE<br>CHESHIRE, CT 06410 | CONTINGENCY SEARCH AGREEMENT | ASSIGN | 10/2/2006 | $0.00 |
| HODGKINS,KELLIE<br>4609 BRANCH AVE<br>PORTAGE, MI 49002-7419 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| HOELZEL,ROBERT<br>6008 LESLIE DR<br>HUDSON, OH 39995 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| HOESEL,TIMOTHY F<br>3104 RED MAPLE DR<br>FRIENDSWOOD, TX 77546-7912 | ACCOUNT MANAGER, 04/06/10 | ASSIGN | 7/11/1995 | $0.00 |
| HOFT, THOMAS<br>9876 MAINEVILLE RD<br>LOVELAND, OH 39353 | EMPLOYMENT AGREEMENT | ASSIGN | 9/28/2007 | $0.00 |
| HOGAN GROUP (THE)<br>701 WATERFORD WAY<br>MIAMI, FL 33126 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/17/2003 | $0.00 |
| HOLDERMAN,BONITA<br>111 BLOSSER ST<br>NEW LEBANON, OH 40408 | SALES SUPPORT AGREEMENT | ASSIGN | 8/18/2010 | $0.00 |
| HOLLAND COMMUNITY HOSPITAL<br>602 MICHIGAN AVE<br>HOLLAND, MI 49423-4999 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HOLLAND NAMEPLATE (SEE HOLLAND 1916) C/O MISSOURI BANKPO BOX 26443 KANSAS CITY, MO 64196-6443 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2004 | $0.00 |
| HOLLINGSWORTH & VASE COMPANY 289 PARK VIEW RD FLOYD, VA 24091 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/29/1999 | $0.00 |
| HOLTON,DYLAN 3309 CLOVERLEAF DR WACO, TX 40399 | SALES SUPPORT AGREEMENT | ASSIGN | 8/9/2010 | $0.00 |
| HOLY CROSS HOSPITAL 2701 W 68TH ST CHICAGO, IL 60629 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2003 | $0.00 |
| HOME PRODUCTS INTERNATIONAL 4501 W 47TH ST CHICAGO, IL 60632 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/30/2009 | $0.00 |
| HOMECREST CORPORATION 1002 EISENHOWER DR NORTH GOSHEN, IN 46526 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/2/2004 | $0.00 |
| HOMEWATCH INTERNATIONAL, INC. 7100 E BELLEVIEW AVENUE STE 303 GREENWOOD, CO 80111 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2008 | $0.00 |
| HONDA OF AMERICA 24000 HONDA PKWY MARYSVILLE, OH 43040 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/1/2005 | $0.00 |
| HONEY BAKED HAM, INC. 623 S BROOKHURST ANAHEIM, CA 92804-3545 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/26/2008 | $0.00 |
| HONOLULU CLUB 932 WARD AVE STE 490 HONOLULU, HI 96814 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/23/2008 | $0.00 |
| HONSA-BINDER PRINTING INC 320 SPRUCE ST SAINT PAUL, MN 55101-2445 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| HOOD'S PHARMACY 866 MAIN STREET FOLLANSBEE, WV 26037 USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/13/2003 | $0.00 |
| HOPKINS PRINTING PO BOX 951404 CLEVELAND, OH 44193 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| HOPKINS,GREG 351 MINDANAO DR REDWOOD CITY, CA 39979 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/15/2009 | $0.00 |
| HORACE MANN FINANCIAL 1 HORACE MANN PLZ SPRINGFIELD, IL 62715 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/17/2008 | $0.00 |
| HORACE MANN FINANCIAL NDA 1 HORACE MANN PLZ SPRINGFIELD, IL 62715 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/17/2008 | $0.00 |
| HORACE MANN SERVICE CORPORATION 1 HORACE MANN PLZ SPRINGFIELD, IL 62715-0001 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/23/2008 | $0.00 |
| HORIZON PAYROLL SERVICES, INC. 2700 MIAMISBURG CENTERVILL RD DAYTON, OH 45459 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/28/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HORIZON RESOURCE GROUP<br>1620 WESTGATE CIR<br>NO 120<br>BRENTWOOD, TN 37027 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/6/2005 | $0.00 |
| HORIZON RESOURCE GROUP<br>1620 WESTGATE CIR<br>NO 120<br>BRENTWOOD, TN 37027 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/6/2005 | $0.00 |
| HORN,THOMAS E<br>10372 LOCHCREST DR<br>CINCINNATI, OH 45231-2741 | REGIONAL SALES MANAGER | ASSIGN | 6/16/2008 | $0.00 |
| HORSWILL,JEROLD L<br>329 MARYKNOLL AVE<br>PO BOX 616<br>MARSHFIELD, WI 54449-2559 | SALES REP, 08/13/10 | ASSIGN | 8/1/2008 | $0.00 |
| HOSPITAL BILLING AND COLLECTION<br>118 LUKENS DR<br>NEW CASTLE, DE 10720 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/13/2003 | $0.00 |
| HOSPITAL FORMS AND SYSTEMS<br>PO BOX 674089<br>DALLAS, TX 75267 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| HOTLINE DELIVERY SYSTEMS<br>9119 JOHN W CARPENTER FWY<br>PO BOX 560648<br>DALLAS, TX 75356 | CARRIER AGREEMENT | ASSIGN | 5/30/2006 | $0.00 |
| HOUSTON REAL ESTATE, INC.<br>DENNIS G. MAHORNEY<br>82 NORTH COUNTRY CLUB ROAD<br>DECATUR, IL 62521<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 3/23/2000 | $0.00 |
| HOUSTON SHOE HOSPITAL<br>5215 KIRBY<br>HOUSTON, TX 77098 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/18/2002 | $0.00 |
| HOWARD UNIVERSITY HOSPITAL<br>2041 GEORGIA AVE<br>WASHINGTON, DC 20060-0002 | CUSTOMER CONTRACT LOP | ASSIGN | 4/21/2009 | $0.00 |
| HOWARD, JODI<br>3500 S KING ST<br>LOT 50<br>DENVER, CO 80236-6166 | CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT, 01/05/11 | ASSIGN | 6/24/2005 | $0.00 |
| HR AMERICA<br>1833 MAGNAVOX WAY<br>FT WAYNE, IN 46084 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/12/2005 | $0.00 |
| HRD, INC.<br>19 CHERRYWOOD LN<br>MANHASSET, NY 11030 | OUTSIDE CONTRACT EMPLOYMENT, ROY DANZIGER | ASSIGN | 1/1/2004 | $0.00 |
| HRH (HILB ROGAL & HOBBS)<br>4951 LAKE BROOK DR<br>GLEN ALLEN, VA 23060 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/24/2007 | $0.00 |
| HSBC BANK CANADA LEASING DIVISION<br>2001 MCGILL COLLEGE AVE<br>STE 300<br>MONTREAL, QC H3A1G1<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/12/2004 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HSBC TECHNOLOGY & SERVICES<br>26525 N RIVERSWOOD BLVD<br>METTAWA, IL 60045 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/27/2008 | $0.00 |
| HSBC TECHNOLOGY & SERVICES (USA), INC.<br>26525 N RIVERSWOOD BLVD<br>METTAWA, IL 60045 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/29/2005 | $0.00 |
| HSM ELECTRONIC PROTECTION SERVICES, INC<br>8309 INNOVATION WAY<br>CHICAGO, IL 60682 | INSTALLATION AND SERVICE AGREEMENT | ASSIGN | 1/29/2007 | $0.00 |
| HSS RENT X<br>6000 E EVANS AVENUE NO 2 400<br>DENVER, CO 80222 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/22/2003 | $0.00 |
| HT&T TRUCK CENTER<br>311 A PACIFIC ST<br>HONOLULU, HI 96817 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/15/2002 | $0.00 |
| HTT HEADWEAR LTD<br>41185 RAINTREET CT<br>MURRIETA, CA 92565 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2005 | $0.00 |
| HUEY JR,WILLIAM H<br>3718 PEBBLE CREEK DR<br>INDIANAPOLIS, IN 46268 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| HUNNIUS,DAVID P<br>2476 SMIZER MILL<br>ESTATES DR<br>FENTON, MO 63026 | DIVISIONAL VICE PRESIDENT, 06/19/09 | ASSIGN | 6/25/1996 | $0.00 |
| HUNT,DAVID<br>10 HOLBROOK WAY<br>MILLIS, MA 02054-1046 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 10/1/2008 | $0.00 |
| HUNTER-MCCOY,WANDA<br>2205 NEW GARDEN RD<br>APT 3009<br>GREENSBORO, NC 27410-1750 | SALES SUPPORT AGREEMENT | ASSIGN | 6/28/2010 | $0.00 |
| HUNTINGTON LEARNING CENTER, INC.<br>496 KINDERKAMACK RD<br>ORADELL, NJ 07649 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2008 | $0.00 |
| HUNTINGTON MORTGAGE COMPANY<br>7575 HUNTINGTON PARK DR HM 1125<br>COLUMBUS, OH 43225 | LOAN COST BILLING AGREEMENT | ASSIGN | 1/14/2003 | $0.00 |
| HUNTINGTON NATIONAL BANK<br>37 W BROAD ST<br>COLUMBUS, OH 43215 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2008 | $0.00 |
| HUNTINGTON NATIONAL BANK<br>7 EASTON AVE<br>COLUMBUS, OH 43219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/13/2003 | $0.00 |
| HUNTINGTON NATIONAL BANK<br>7 EASTON AVE<br>COLUMBUS, OH 43219 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 6/2/2009 | $0.00 |
| HURON CONSULTING GROUP<br>550 WEST VAN BUREN<br>CHICAGO, IL 60607 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/4/2004 | $0.00 |
| HYATT GAMING MANAGEMENT, INC.<br>600 GRAND VICTORIA DR<br>RISING SUN, IN 47040 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HY-TEK MATERIAL HANDLING INC<br>2222 PORT RD<br>COLUMBUS, OH 43217 | EQUIPMENT SALE & MECHANICAL INSTALLATION | ASSIGN | 3/21/2005 | $0.00 |
| HYUNDAI MOTOR AMERICA<br>10550 TALBERT AVE<br>FOUNTAIN VALLEY, CA 92708 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/18/2008 | $0.00 |
| HYUNDAI MOTOR AMERICA<br>10550 TALBERT AVE<br>FOUNTAIN VALLEY, CA 92708 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/22/2008 | $0.00 |
| IASTA .COM INC<br>11550 NORTH MERIDIAN ST STE 250<br>CARMEL, IN 46032 | CLIENT AGREEMENT - ONLINE BIDDING SERVICES | ASSIGN | 12/1/2003 | $0.00 |
| IBM CREDIT LLC<br>1 NORTH CASTLE DR<br>ARMONK, NY 10504 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/24/2003 | $0.00 |
| ICELANDIC USA, INC.<br>501 MERRITT 7<br>NORWALK, CT 06851 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/9/2003 | $0.00 |
| ICI GROUP SERVICES INC.<br>10 FINDERNE AVE<br>BRIDGEWATER, NJ 08807 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/8/2006 | $0.00 |
| ICX CORPORATION<br>3 SUMMIT PARK DR<br>STE 200<br>CLEVELAND, OH 44131 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/25/2001 | $0.00 |
| ID IMAGES INCORPORATED<br>2991 INTERSTATE PKWY<br>BRUNSWICK, OH 44212 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| IDEAL PRINTERS, INC.<br>PO BOX 1759 DEPT 500<br>HOUSTON, TX 77251-1759 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| IHC HEALTH PLANS<br>SCOTT PARKER ADMIN OFFICES<br>4646 W LAKE PARK BLVD STE N3 767<br>SALT LAKE CITY, UT 84120-8212 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/27/2003 | $0.00 |
| IIMAK<br>PO BOX 77081<br>CLEVELAND, OH 44194-7081 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| IKON FINANCIAL SERVICES<br>PO BOX 536732<br>ATLANTA, GA 3035--6732 | EQUIPMENT LEASES | ASSIGN | 12/1/2005 | $0.00 |
| IKON OFFICE SOLUTIONS<br>6551 CVLLE BUSINESS PKWY<br>CENTERVILLE, OH 45459 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/27/2002 | $0.00 |
| IKON OFFICE SOLUTIONS, INC<br>6206 BENJAMIN RD STE 300<br>TAMPA, FL 33634 | MANAGEMENT SERVICES AGREEMENT | ASSIGN | 9/21/2000 | $0.00 |
| IKON OFFICE SOLUTIONS, INC<br>6206 BENJAMIN RD STE 300<br>TAMPA, FL 33634 | MASTER SERVICE AGREEMENT | ASSIGN | 2/11/2002 | $114,006.84 |
| ILD TELECOMMUNICATIONS, INC.<br>16200 ADDISON RD<br>STE 100<br>ADDISON, TX 75001 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/14/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| IMAGE MAKER GRAPHICS, INC.<br>8260 DOW CIR<br>STRONGSVILLE, OH 44136 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| IMAGE PRINT GROUP<br>6125 W HOWARD<br>NILES, IL 60714 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 8/1/2008 | $0.00 |
| IMAGE SOLUTIONS<br>6624 BURROUGHS<br>STERLING HEIGHTS, MI 48314 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/29/2003 | $0.00 |
| IMAGITAS<br>48 WOERD AVE<br>WALTHAM, MA 02453-3826 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/17/2003 | $0.00 |
| IMAGITAS, INC.<br>48 WOERD AVE<br>WALTHAM, MA 02453 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/3/2005 | $0.00 |
| IMPERIAL HEADWARE<br>5200 EAST EVANS AVE<br>DENVER, CO 80222 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/19/2003 | $0.00 |
| IMPERIAL SUGAR COMPANY<br>8016 HWY 90 A<br>SUGAR LAND, TX 77478 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/1/2002 | $0.00 |
| IMTEC, INC.<br>7 CORPORATE DR<br>KEENSE, NH 03431 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/12/2001 | $0.00 |
| IMTEC, NH<br>7 CORPORATE DR<br>KEENE, NH 03431 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/12/2001 | $0.00 |
| INDEPENDENT HEALTH CARE SERVICES, INC.<br>1050 W GENESEE ST<br>SYRACUSE, NY 13204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/10/2001 | $0.00 |
| INDEPENDENT PRINTING COMPANY<br>DEPT NO 5287PO BOX 2015<br>MILWAUKEE, WI 53201-2015 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| INDEPENDENT PRINTING COMPANY, INC.<br>1801 LAWRENCE DR<br>DE PERE, WI 54115 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/27/2009 | $0.00 |
| INDIAN HARBOR INSURANCE COMPANY<br>SEAVIEW HOUSE<br>70 SEAVIEW AVENUE<br>STAMFORD, CT 06902 | ENVIRONMENTAL INSURANCE, PEC0021977 | ASSIGN | 12/28/2006-<br>12/28/2016 | $0.00 |
| INDIANA BANK & TRUST CO. FKA HOMEFEDERAL BANK<br>222 WEST SECOND STREET PO BOX 648<br>SEYMOUR, IN 47274 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/18/2006 | $0.00 |
| INDIANAPOLIS MEDICAL MANAGEMENT, INC.<br>8180 CLEARVISTA PKWY<br>INDIANAPOLIS, IN 46256 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/1993 | $0.00 |
| INDUSTRIAL PRINTING<br>1635 COINING DR<br>TOLEDO, OH 43612 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/1999 | $0.00 |
| INDUSTRIAL SECURITY<br>4525 W 160 ST<br>CLEVELAND, OH 44135 | SERVICES AGREEMENT | ASSIGN | 9/16/2002 | $0.00 |
| INFINITY CONSULTING SERVICES<br>2503 SOUTH NEWKIRK STREET<br>PHILADELPHIA , PA 19145 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/17/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| INFOCISION MANAGEMENT<br>325 SPRINGSIDE DRIVE<br>AKRON , OH  44333-4504 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2003 | $0.00 |
| INFORM GRAPHICS, INC.<br>RUSSELL B. SPROUSE AS STOCKHOLDERS' REPRESENTATIVE<br>19391 SAW SUNSET LANE<br>BEAVERTON, OR 97007 | ACQUISITION OF INFORM GRAPHICS PURSUANT TO A PURCHASE<br>AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND<br>INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 11/30/2000 | $0.00 |
| INFORMATION LEASING CORP<br>1023 W 8TH ST<br>CINCINNATI, OH 45203 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/21/2001 | $0.00 |
| INFOSEAL LLC<br>WEST SHEFFIELD AVE<br>ENGLEWOOD, NJ 07631 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/1/2009 | $0.00 |
| INFOTENDS / CAP VENTURES, INC.<br>97 LIBBEY INDUSTRIAL PKWY<br>STE 300<br>WEYMOUTH, MA 02189 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/15/2004 | $0.00 |
| INGRAM MICRO<br>1600 EAST ST ANDREW PL<br>SANTA ANA, CA 92705 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/22/2007 | $0.00 |
| INGRAM MICRO INC<br>1800 E ST ANDREW PL<br>SANTA ANA, CA 92705 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/23/2007 | $0.00 |
| INGRAM MICRO, INC.<br>1600 E ST ANDREW PL<br>SANTA ANA, CA 92705 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/21/2007 | $0.00 |
| INGRES CORPORATION<br>500 ACGUELLO ST<br>STE 200<br>REDWOOD CITY, CA 94062 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |
| INGRESS CORPORATION<br>500 ARGUELLO ST STE 200<br>REDWOOD CITY, CA 94063 | LICENSE AGREEMENT | ASSIGN | 7/19/2006 | $0.00 |
| INK WELL<br>1538 HOME AVE<br>AKRON, OH 44310 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| INLAND LABEL & MARKETING SERVICES, LLC<br>2009 WEST AVENUE SOUTH<br>LA CROSSE, WI  54601-6297 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/18/2006 | $0.00 |
| INLAND PRINTING CO INC<br>2009 WEST AVE<br>LACROSSE, WI 54601 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/24/2003 | $0.00 |
| INLINE DIGITAQL IMAGE, LP<br>612 NORTH GREAT SOUTHWEST PKWY<br>ARLINGTON, TX 76011-5425 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2004 | $0.00 |
| INMAN FAMILY HEALTH & WELLNESS CENTER, LLC<br>125 CANTON ROAD STE A<br>CARROLLTON, OH 44615 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/11/2009 | $0.00 |
| INNER-CITY EXPRESS ICE DELIVERY SYSTEMS, INC.<br>2574 SEABOARD AVENUE<br>SAN JOSE, CA  95131 | CARRIER AGREEMENT | ASSIGN | 5/30/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| INNERSYNC STUDIO LTD<br>26 E 9TH ST<br>NEWPORT, KY 91071 | SERVICE AGREEMENT | ASSIGN | 5/17/2005 | $0.00 |
| INNERWORKINGS, INC.<br>600 WEST CHICAGO STE 850 ATT GENERAL COUNSEL<br>CHICAGO, IL 60654 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2009 | $0.00 |
| INNOVATIVE PROCESS ADMINISTRATION<br>1375 E. NINTH STREET, SUITE 951<br>CLEVELAND , OH  44114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/5/2002 | $0.00 |
| INRANGE GLOBAL CONSULTING<br>5412 COURSEVIEW DRIVE, SUITE 122<br>MASON , OH  45040-2355 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/5/2003 | $0.00 |
| INSIGHT<br>375 N FRONT ST<br>COLUMBUS, OH 43215 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/28/2007 | $0.00 |
| INSIGNIA/ESG<br>15 S MAIN ST<br>GREENVILLE, SC 29602 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/1998 | $0.00 |
| INSTA PRINT<br>1208 W 6TH AVE<br>EUGENE, OR 97402 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| INSURANCE SERVICES OFFICE, INC.<br>7 WORLD TRADE CTR<br>NEW YORK, NY 10048 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/6/2000 | $0.00 |
| INSURANCE SERVICES OFFICE, INC.<br>545 WASHINGTON BLVD<br>JERSEY CITY, NJ 07310 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2003 | $0.00 |
| INSURANCE SERVICES OFFICE, INC.<br>545 WASHINGTON BLVD<br>JERSEY CITY, NJ 07310 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/6/2005 | $0.00 |
| INTECOM INC.<br>5057 KELLER SPRINGS RD<br>ADDISON, TX 75001 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2001 | $0.00 |
| INTEGRA COLOR LTD<br>PO BOX 671172<br>DALLAS, TX 75267-1172 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| INTEGRATED PRINTING SOLUTIONS LLC<br>7025 FULTON ST STE 100<br>CENTENNIAL, CO 80112 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2004 | $0.00 |
| INTEGRATED SERVICES, INC.<br>12242 SW GARDEN PL<br>PORTLAND, OR 97223 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/18/2000 | $0.00 |
| INTEGRIS HEALTH<br>3300 NW EXPRESSWAY<br>OKLAHOMA CITY, OK 73112-4418 | CUSTOMER CONTRACT LOP | ASSIGN | 12/1/2009 | $0.00 |
| INTEGRITY DATA SOLUTIONS<br>1811 S ALMA SCHOOL RD STE 245<br>MESA, AZ 85210 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/28/2003 | $0.00 |
| INTEGRITY TREAUSRY SOLUTIONS, INC<br>311 SOUTH WACKER DRIVE, SUITE 5550<br>CHICAGO , IL  60606 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/16/2003 | $0.00 |
| INTEL CORPORATION<br>2200 MISSION COLLEGE BLVD<br>SANTA CLARA, CA 95052 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | NOT DEFINED | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| INTELLICHOICE EXECUTIVE SEARCH, LLC<br>5841 CELAR LAKE RD NO 116<br>MINNEAPOLIS, MN 55416 | SERVICE AGREEMENT | ASSIGN | 9/21/2006 | $0.00 |
| INTERMEC TECHNOLOGIES<br>6001 36TH AVE W<br>EVERETT, WA 98203 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/9/2004 | $0.00 |
| INTERMEC TECHNOLOGIES CORPORATION<br>6001 36TH AVE WEST<br>EVERETT, WA 98203 | RESELLER AGREEMENT | ASSIGN | 6/13/2005 | $0.00 |
| INTERNATIONAL BUSINESS MACHINES CORPORATION<br>3039 CORNWALLIS RD BUILDING 203/D113A<br>RESEARCH TRIANGLE PARK, NC 27709 | VENDOR AGREEMENT | ASSIGN | 12/27/2005 | $0.00 |
| INTERNATIONAL IMAGING MATERIALS<br>310 COMMERCE DR<br>AMHERST, NY 14228 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/8/2010 | $0.00 |
| INTERNATIONAL MASTERS PUBLISHERS<br>225 PARK AVE SOUTH<br>16TH FL<br>NEW YORK, NY 10003 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/23/2008 | $0.00 |
| INTERNATIONAL PAPER COMPANY<br>115 WEST RIVERVIEW AVENUE<br>DAYTON , OH  45405-4840 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/22/2008 | $0.00 |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION<br>4201 WINFIELD ROAD<br>WARRENVILLE, IL  60555 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2006 | $0.00 |
| INTERNET BARTER INCORPORATED<br>303 2ND ST<br>STE 200<br>SAN FRANCISCO, CA 94107 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/27/2000 | $0.00 |
| INTERSTATE COURIER EXPRESS<br>1000 MACARTHUR RD<br>WHITEHALL, PA 18052 | CARRIER AGREEMENT | ASSIGN | 9/28/2005 | $0.00 |
| INTERTEK TESTING SERVICES<br>70 DIAMOND RD<br>SPRINGFIELD, NJ 07081 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/7/2001 | $0.00 |
| INTERWOVEN, INC<br>803 11TH AVENUE<br>SUNNYVALE, CA  94089 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |
| INTL TRUCK & ENGINE<br>4201 WARRENSVILLE<br>WARRENSVILLE, IL 60555 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/18/2006 | $0.00 |
| INTUIT REAL ESTATE SOLUTIONS<br>20800 HARVARD RD<br>CLEVELAND, OH 44122 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/9/2006 | $0.00 |
| INVENSYS SENSOR SYSTEMS<br>500 NARRAGANSETT PARK DR<br>PAWTUCKET, RI 02861 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/17/2001 | $0.00 |
| IOFFICE, INC.<br>1210 W CLAY STE 2<br>HOUSTON, TX 77019 | CHANNEL PARTNER | ASSIGN | 10/1/2004 | $0.00 |
| IPAY TECHNOLOGIES<br>400 RIND RD<br>STE 500<br>ELIZABETHTOWN, KY 42701 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/30/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| IPIPELINE (INTERNET PIPELINE, INC.)<br>415 EAGLEVIEW BLVD STE 106<br>EXTON, PA 19341 | MASTER AGREEMENT | ASSIGN | 1/3/2007 | $0.00 |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.<br>3790 SYMMES RD<br>HAMILTON, OH 45015 | RECORDS MANAGEMENT | ASSIGN | 4/24/2007 | $10,215.00 |
| IRVINE COMMERCIAL PRINTERS, INC.<br>DAVID L. BEHRMANN<br>8 SAN MIGUEL<br>COTO DE CAZA, CA 92679<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 10/6/1999 | $0.00 |
| IRWIN HOME EQUITY<br>PO BOX 1737<br>SAN RAMON, CA 94583 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/28/2006 | $0.00 |
| ISCAR METALS<br>300 WESTWAY PL<br>ARLINGTON, TX 76018 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/21/2003 | $0.00 |
| ISG INDIANA HARBAR INC<br>3001 DICKEY RD<br>E CHICAGO, IN 46312 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/14/2005 | $0.00 |
| ISG INDIANA HARBOR INC.<br>3001 DICKEY RD<br>EAST CHICAGO, IN 46312 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/14/2005 | $0.00 |
| ISHMAEL,ROGER B<br>120 SYCAMORE CREEK<br>DR<br>SPRINGBORO, OH 40249 | SALES SUPPORT AGREEMENT | ASSIGN | 3/12/2010 | $0.00 |
| ISLAND TITLE CORP.<br>614 KAPAHULU AVE<br>HONOLULU, HI 96815 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/21/2001 | $0.00 |
| ISLAND TITLE EXCHANGE<br>711 KAYIOLANI BLVD STE 1125<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/3/2006 | $0.00 |
| ISLAND WIDE EXPRESS<br>INTERNATIONAL CTR<br>WAREHOUSE 15<br>GUAYNABO, PR 970 | CARRIER AGREEMENT | ASSIGN | 9/1/2008 | $0.00 |
| ISTA NORTH AMERICA<br>3655 NORTHPOINT PKWY<br>STE 150<br>ALPHARETTA, GA 30005 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/1/2008 | $0.00 |
| ISTA NORTH AMERICA INC<br>3655 NORTHPOINT PKWY<br>STE 150<br>ALPHARETTA, GA 30005 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/8/2008 | $0.00 |
| I-SUPPLY TRADE BEAM, INC.<br>TWO WATERS PARK DR STE 200<br>SAN MATEO, CA 94403 | SERVICE AGREEMENT | ASSIGN | 7/1/2007 | $0.00 |
| J M GRAPHICS (2004)<br>228 FAIRWOOD AVE<br>CHARLOTTE, NC 28203 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| J.L. AUTOMOTIVE<br>13000 OAKLAND COMMERCE PKWY<br>HIGHLAND PARK, MI 48203 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2003 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| J.P. LITHO, INC. D/B/A SPECTROGRAPHICS AND JOHN SKOGMAN, JR.<br>JOHN SCKOGMAN, JR.<br>182 BOBWHITE<br>ORANGE, CA 92869<br>USA | ACQUISITION OF J.P. LITHO PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 9/21/2000 | $0.00 |
| JABIL<br>11201 ELECTRON DR<br>LOUISVILLE, KY 40299 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/31/2006 | $0.00 |
| JACKSON COUNTY MEMORIAL HOSPITAL<br>PO BOX 8190/ATTN A/P<br>ALTUS, OK 73522-8190 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| JACKSON, .R JR.<br>154 TIMBERLAKE DR<br>FLORENCE, SC 39961 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/28/2009 | $0.00 |
| JACKSON,JEAN D<br>7522 CHEVY CHASE<br>HOUSTON, TX 77063 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/25/2009 | $0.00 |
| JACKSON-MADISON COUNTY GENERAL HOSPITAL (DBA WEST TENNESSEE HEALTHCARE)<br>620 SKYLINE DR<br>JACKSON, TN 38301-3923 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 1/1/2009 | $0.00 |
| JADE STERLING<br>2300 EAST AURORA RD<br>TWINSBURG, OH 44087 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/14/2004 | $0.00 |
| JAI PRABHU<br>230 COMMERCE STE 180<br>IRVINE, CA 92602 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 7/6/2010 | $0.00 |
| JAMES RIVER LOGISTICS LLC<br>PO BOX 6722<br>RICHMOND, VA 23230 | CARRIER AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| JANELL INCORPORATED<br>6130 CORNELL RD<br>CINCINNATI, OH 45242 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/1997 | $0.00 |
| JANI-KING DAYTON<br>77 W. ELMWOOD DRIVE, SUITE 310<br>DAYTON , OH  45459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2005 | $0.00 |
| JANNEL PACKAGING, INC.<br>5 MEAR RD<br>HOLBROOK, MA 02343-1338 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| JAYCO INSURANCE<br>23289 VENTURA BLVD<br>WOODLAND HILLS, CA 91364 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/3/2003 | $0.00 |
| JB ASSOCIATES LLC<br>54 65 48TH ST<br>PO BOX 780007<br>MASPETH, NY 11378- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 3/1/2006 | $0.00 |
| JBE INCORPORATED<br>512 HARTLAND DR<br>HARTSVILLE, SC 29550 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/31/2007 | $0.00 |
| JBE, INCORPORATED<br>512 HARTLAND DR<br>HARTSVILLE, SC 29550 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| JEFFERIES & CO.<br>ATTN: PETER J. SCOTT, MANAGEMENT DIRECTOR - INVESTMENT BANKING<br>520 MADISON AVE.<br>NEW YORK, NY 10022 | MUTUAL NONDISCLOSURE AGREEMENT | ASSIGN | 4/23/2007 | $0.00 |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY<br>8801 INDIAN HILLS DR<br>OMAHA, NE 68114 | HIPAA - ADDENDUM TO CONTRACT | ASSIGN | 1/1/2003 | $0.00 |
| JEFFERSON REGIONAL MEDICAL CENTER<br>565 COAL VALLEY RD<br>JEFFERSON HILLS, PA 15025 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/17/2010 | $0.00 |
| JEFFERSON WELLS INTERNATIONAL<br>312 WALNUT ST<br>CINCINNATI, OH 45202 | SERVICES AGREEMENT | ASSIGN | 6/11/2002 | $0.00 |
| JEFFERSON YARNS, INC.<br>PO BOX 698<br>PULASKI, VA 24301-0698 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/10/2010 | $0.00 |
| JEFFERSON-PILOT LIFE INSURANCE COMPANY<br>100 N GREENE ST<br>GREENSBORO, NC 27401 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2001 | $0.00 |
| JENA,DEBORAH G<br>4453 N STATE<br>RT 741<br>LEBANON, OH 45036-9109 | ACCOUNT MANAGER II, 08/20/10 | ASSIGN | 6/26/2008 | $0.00 |
| JENKIN,NATHAN N<br>606 HOWELL AVE<br>CINCINNATI, OH 45220-1908 | EXECUTIVE CONTRACT | ASSIGN | 5/11/2009 | $0.00 |
| JENNINGS AMERICAN LEGION HOSPITAL<br>1634 ELTON RD<br>JENNINGS, LA 70546 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| JENNINGS, CAROLYN<br>153 201 BROMLEY<br>VILLAGE DR<br>FORT MILL, SC 29708-7036 | AGREEMENT WITH SALES-SERVICE EMPLOYEE | ASSIGN | 6/1/2010 | $0.00 |
| JEPSON,GREGORY A<br>2320 BRINMORE CT<br>NAPERVILLE, IL 60540-1917 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 4/9/2007 | $0.00 |
| JET MAIL INCORPORATED<br>577 MAIN ST<br>HUDSON, MA 01749 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| JH - BAYVIEW<br>5200 EASTERN AVE MASON F LORD BLDG CTR TOWER<br>BALTIMORE, MD 21224 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/19/2003 | $0.00 |
| JIM CRUMPACKER<br>02107 SW GREENWOOD RD<br>PORTLAND, OR 97219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/8/2002 | $0.00 |
| JJ KELLER AND ASSOCIATES, INC.<br>3003 W. BREEZEWOOD LANE<br>NEENAH, WI 54957-0368 | FOR RESALE VENDOR - PARTNER AGT | ASSIGN | 10/1/2001 | $0.00 |
| JK GROUP, THE<br>666 PLAINSBORO RD STE 508<br>PLAINSBORO, NJ 08536 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/3/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| JM PRINTING<br>1427 JEFFREY DR<br>ADDISON, IL 60101 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2004 | $0.00 |
| JMD BEVERAGES<br>99 1269 IWAENA ST<br>AIEA, HI 96701 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/8/2003 | $0.00 |
| JOCKEY INTERNATIONAL<br>2300 60TH ST<br>KENOSHA, WI 53140 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/12/2007 | $0.00 |
| JOE DAICHES JEWELRY<br>101 HOUSTON ST<br>FORT WORTH, TX 76102 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/15/2003 | $0.00 |
| JOHN DEERE LANDSCAPES<br>31691 DEQUINDRE RD<br>MADISON HEIGHTS, MI 48071 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/1/2002 | $0.00 |
| JOHN H. HARLAND<br>2939 MILLER RD<br>DECATUR, GA 30035 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/13/2004 | $0.00 |
| JOHN HANCOCK<br>500 BOYLSTON ST<br>BOSTON, MA 02101 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/24/2006 | $0.00 |
| JOHN HOPKINS HEALTH SYSTEM CORP. & JOHN HOPKINS UNIVERSITY<br>5801 SMITH AVE MCAULEY HALL<br>STE 310<br>BALTIMORE, MD 21209 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/9/2007 | $0.00 |
| JOHNNIE'S DOG HOUSE FRANCHISING, LLC<br>446 GREEN HILL LANE, SUITE 201<br>BERWYN, PA 19312<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/20/2008 | $0.00 |
| JOHNS HOPKINS MEDICINE - JHOC<br>601 N CAROLINE ST<br>BALTIMORE, MD 21287 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/3/2002 | $0.00 |
| JOHNS HOPKINS PEDIATRICS<br>8013 CORPORATE DRIVE STE D<br>BALTIMORE, MD 21231 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/3/2002 | $0.00 |
| JOHNS MANVILLE<br>717 7TH ST<br>DENVER, CO 80202-5108 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/29/2009 | $0.00 |
| JOHNS,GWENDOLYN<br>3204 NW 35TH ST<br>OKLAHOMA CITY, OK 40443 | SALES SUPPORT AGREEMENT | ASSIGN | 9/22/2010 | $0.00 |
| JOHNSON & JOHNSON<br>410 GEORGE ST<br>NEW BRUNSWICK, NJ 08901 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/12/2008 | $0.00 |
| JOHNSON CONTROLS INC.<br>49200 HALYARD<br>PLYMOUTH, MI 48170 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/6/2002 | $0.00 |
| JOHNSON CONTROLS, INC.<br>49200 HALYARD DR<br>PLYMOUTH, MI 48170 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/9/2002 | $0.00 |
| JOHNSON RAUHOFF COMMUNICATIONS GROUP<br>2525 LAKE PINE DR<br>ST JOSEPH, MI 49085 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/4/2002 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| JOHNSON,ERIC J<br>190 W JOHNSON ST<br>UNIT 307<br>PALANTINE, IL 60067-6193 | REG MGR CUST SERVICE, 11/13/09 | ASSIGN | 8/20/2009 | $0.00 |
| JOHNSON,JEFFREY S<br>2804 WINTERWAY DR<br>SHELBYVILLE, IN 46176 | ACC EXEC, 06/04/09 | ASSIGN | 4/26/2004 | $0.00 |
| JOHNSON,LON M<br>701 STERLING RD<br>INVERNESS, IL 60067 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| JOMAT INDUSTRIES<br>181 SHAFER DR<br>ROMEO, MI 48065 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/19/2001 | $0.00 |
| JONES RETAIL CORPORATION<br>1129 WESTCHESTER AVE<br>WHITE PLAINS, NY 10604 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2008 | $0.00 |
| JOPARI SOLUTIONS, INC.<br>1855 GATEWAY BLVD.<br>CONCORD, CA 40284 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 4/16/2010 | $0.00 |
| JORDAN,MARY<br>4840 FOREST DR<br>PMB 357 STE 6B<br>COLUMBIA, SC 39988 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/24/2009 | $0.00 |
| JOSEPH, PAUL<br>30 JAYSON AVE<br>GREAT NECK, NY 11021-4238 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 9/1/2008 | $0.00 |
| JP GRAPHICS INC<br>3001 EAST VENTURE DR<br>APPLETON, WI 54911 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| JP MORGAN CHASE<br>3949 S 700 E<br>STE 500<br>SALT LAKE CITY, UT 84107 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/11/2003 | $0.00 |
| JPMORGAN CHASE BANK<br>270 PARK AVE<br>NEW YORK, NY 10017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/1/2007 | $0.00 |
| JPMORGAN CHASE BANK<br>270 PARK AVE<br>NEW YORK, NY 10017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/16/2007 | $0.00 |
| JPMORGANCHASE<br>3995 S 700 STE 400<br>SALT LAKE CITY, UT 84113 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/6/2002 | $0.00 |
| JPS CONVERTER AND INDUSTRIAL CORPORATION<br>33 STEVENS ST<br>GREENVILLE, SC 29602 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/15/1996 | $0.00 |
| K & M ASSOCIATES, L.P.<br>425 DEXTER ST<br>PROVIDENCE, RI 02940 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/20/2003 | $0.00 |
| K. R. ANDERSON<br>18330 SUTTER BLVD<br>MORGAN HILLS, CA 95037 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/8/2002 | $0.00 |
| KAHLER,MICHAEL S<br>5858 W HARRISON ST<br>CHANDLER, AZ 85226 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KAHN,STEPHANIE R<br>1920 TRISTAN DR SE<br>SMYRNA, GA 30080-6471 | ACCOUNT EXECUTIVE, 08/12/10 | ASSIGN | 9/25/2006 | $0.00 |
| KAHNY PRINTING<br>4766 RIVER RD<br>CINCINNATI, OH 45233 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| KAISER FOUNDATION HEALTH PLAN<br>ONE KAISER PLZ 22ND FL<br>OAKLAND, CA 94612-3610 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/25/2007 | $0.00 |
| KAISER HEALTH PLAN OF OHIO, ON BEHALF OF ITSELF, KAISER FOUNDATION HEALTH PLAN, INC.,<br>AND THE PERMANENTE MEDICAL GROUP, INC.<br>5410 LANCASTER DR<br>BROOKLYN HEIGHTS, OH 44131 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 8/1/2003 | $0.00 |
| KAISER PERMANENTE<br>500 NE MULTNOMAH STE 100<br>PORTLAND, OR 97232 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/26/2004 | $0.00 |
| KAISER PERMANENTE<br>KP CONSOLIDATED SERVICE CTR<br>300 BURNETT ST STE 350<br>FORT WORTH, TX 76102 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 1/24/2006 | $0.00 |
| KAISER PERMANENTE INSURANCE COMPANY<br>ONE KAISER PLAZA 13L<br>OAKLAND, CA 94612 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2003 | $0.00 |
| KAMBURIS,CHRISTOPHER<br>23 VILLAGE KNOLL PL<br>THE WOODLANDS, TX 77381 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/29/2009 | $0.00 |
| KAMINSKY,ANDREW<br>28 FELMLEY RD<br>WHITEHOUSE STATION, NJ 08889 | REG SALES MGR, 01/04/10 | ASSIGN | 6/25/2008 | $0.00 |
| KAMYLON CAPITAL, LLC<br>ATTN: BROCK HAYES<br>62 WALNUT STREET<br>WELLESLEY HILLS, MA 02481 | CONFIDENTIALITY AGREEMENT IN CONNECTION TO STRATEGIC ALTERNATIVES | ASSIGN | 6/21/2010 | $0.00 |
| KANE,DANIEL L<br>26984 GLENSIDE LN<br>OLMSTED TWP, OH 44138-3174 | REGIONAL SALES MANAGER | ASSIGN | 12/10/2003 | $0.00 |
| KANNAN BALASUBRAMANIAN<br>230 COMMERCE STE 180<br>IRVINE, CA 92602 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 9/7/2006 | $0.00 |
| KANSAS CITY CANCER CENTER<br>7949 BOND RD<br>LENEXA, KS 66214 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/18/2003 | $0.00 |
| KANSAS CITY MISSOURI SCHOOL DISTRICT<br>1211 MCGEE ST<br>KANSAS CITY, MO 64106 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/12/2005 | $0.00 |
| KAPREE TRINITY, LLC<br>CBRE MEMPHIS<br>2620 THOUSAND OAKS<br>MEMPHIS, TN 38118 | LESSEE - COMMERCIAL REAL ESTATE LEASE, PENDING LEASE MODIFICATION | ASSIGN / MODIFIED | 5/1/1999 | $0.00 |
| KAPUZA,CHRISTIE M<br>200 EVERGREEN AVE<br>APT 2B<br>HAMDEN, CT 06518-2719 | ACCOUNT MANAGER, 10/29/10 | ASSIGN | 1/12/2005 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KARKAZIS,DEAN L<br>2504 DURANGO LN<br>NO 202<br>NAPERVILLE, IL 60564-4847 | VICE PRESIDENT STRATEGIC SALES, 04/21/09 | ASSIGN | 7/7/2008 | $0.00 |
| KASPARIAN,KIRK<br>534 EAST 1350 NORTH<br>BOUNTIFUL, UT 84010-3428 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| KAUFMAN & CANOLES, P.C., AS PLAN PROTOTYPE MANAGER<br>PO BOX 3037<br>NORFOLK, VA 23514-3037 | ADOPTION AGREEMENT FOR 401(K) PROFIT SHARING PLAN AND TRUST | ASSIGN | 1/1/2010 | $0.00 |
| KAUFMAN & CANOLES, P.C., AS PLAN PROTOTYPE MANAGER<br>PO BOX 3037<br>NORFOLK, VA 23514-3037 | ADOPTION AGREEMENT FOR 401(K) PROFIT SHARING PLAN AND TRUST | ASSIGN | 1/1/2010 | $0.00 |
| KAUFMAN & CANOLES, P.C., AS PLAN PROTOTYPE MANAGER<br>PO BOX 3037<br>NORFOLK, VA 23514-3037 | ADOPTION AGREEMENT FOR 401(K) PROFIT SHARING PLAN AND TRUST | ASSIGN | 1/1/2010 | $0.00 |
| KAUFMAN & CANOLES, P.C., AS PLAN PROTOTYPE MANAGER<br>PO BOX 3037<br>NORFOLK, VA 23514-3037 | ADOPTION AGREEMENT FOR 401(K) PROFIT SHARING PLAN AND TRUST | ASSIGN | 1/1/2010 | $0.00 |
| KAWNEER CO., INC.<br>555 GUTHRIDGE CT<br>NORCROSS, GA 30092 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/2/2004 | $0.00 |
| KAY PRINTING AND ENVELOPE CO INC<br>220 ENTIN RD<br>CLIFTON, NJ 07014 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| KAY TOLEDO TAG INC<br>PO BOX 5038<br>TOLEDO, OH 43611 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| KB ENVIRONMENTAL, LLC<br>2677 RIVERVIEW RD<br>AKRON, OH 44313 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/30/2006 | $0.00 |
| K-BAY AUTO PARTS, LLC<br>46 126 KAHUHIPA ST<br>KANEOHE, HI 96744 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/15/2003 | $0.00 |
| KDM ENTERPRISES LLC<br>820 COMMERCE PKWY<br>CARPENTERSVILLE, IL 60110 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/16/2009 | $0.00 |
| KDM POP SOLUTIONS GROUP<br>PO BOX 635067<br>CINCINNATI, OH 45263-5067 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| KEESLER FEDERAL CREDIT UNION<br>2602 PASS RD<br>BILOXI, MS 39531 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/29/2003 | $0.00 |
| KEKST AND COMPANY, INC.<br>KEKST AND COMPANY INCORPORATED<br>437 MADISON AVE.<br>NEW YORK, NY 10022<br>USA | ENGAGEMENT AGREEMENT IN CONNECTION TO COMMUNICATIONS/PR FOR 2010 BANKRUPCTY | ASSIGN | 2/5/2009 | $0.00 |
| KELLER INDUSTRIES, INC.<br>18000 STATE RD NO 9<br>MIAMI, FL 33162 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/9/1993 | $0.00 |
| KELLOGG CO.<br>ONE KELLOGG SQ<br>PO BOX 3599<br>BATTLE CREEK, MI 49016-3599 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/17/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KELLOGG COMPANY<br>ONE KELLOGG SQUARE<br>BATTLE CREEK, MI 49016 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |
| KELLOGG COMPANY<br>ONE KELLOGG SQUARE<br>BATTLE CREEK, MI 49017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/23/2009 | $0.00 |
| KELLOGG COMPANY<br>ONE KELLOGG SQUARE<br>BATTLE CREEK, MI 49016 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/17/2008 | $0.00 |
| KELLY SERVICES<br>999 WEST BIG BEAVER RD<br>TROY, MI 48084 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/6/2004 | $0.00 |
| KELLY SERVICES<br>999 WEST BIG BEAVER RD<br>TROY, MI 48084 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/6/2004 | $0.00 |
| KELLY,MARK<br>115 HITCHING POST LN<br>BEDFORD, NH 03110-4928 | ACC EXEC, 02/10/10 | ASSIGN | 2/10/2004 | $0.00 |
| KELSEY & CORYN DATA SERVICES<br>7 CAMPUS BLVD<br>NEWTON SQUARE, PA 19073 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2010 | $0.00 |
| KELSEY SEYBOLD CLINIC<br>8900 LAKES AT 610 DR<br>HOUSTON, TX 77054 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | ONGOING | $0.00 |
| KEMPER CASUALTY CO<br>155 VILLAGE BLVD<br>STE 300<br>PRINCETON, NJ 08540-5743 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/6/2001 | $0.00 |
| KEMPER CASUALTY COMPANY<br>155 VILLAGE BLVD<br>STE 300<br>PRINCETON, NJ 08540 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/6/2001 | $0.00 |
| KENDZIORA, DOUG<br>3429 42ND AVE SW<br>SEATTLE, WA 40445 | SALES SUPPORT AGREEMENT | ASSIGN | 9/24/2010 | $0.00 |
| KENNAMETAL INC<br>1600 TECHNOLOGY WAY<br>LATROBE, PA 15650 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/28/2003 | $0.00 |
| KENNAMETAL INC.<br>1600 TECHNOLOGY WAY<br>LATROBE, PA 15650 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2009 | $0.00 |
| KENNAMETAL, INC.<br>1600 TECHNOLOGY WAY<br>LATROBE, PA 15650 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/15/2009 | $0.00 |
| KENNEBUNK SAVINGS BANK<br>104 MAIN ST<br>KENNEBUNK, ME 04043 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/18/2005 | $0.00 |
| KENNEDY ASSOC R E COUNSEL<br>1215 4TH AVE<br>STE 2400<br>SEATTLE, WA 98161 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/2/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KENNEDY HEALTH SYSTEM<br>PO BOX 5085<br>CHERRY HILL, NJ 08034-5085 | CUSTOMER CONTRACT LOP | ASSIGN | 2/1/2009 | $0.00 |
| KENNEDY MEMORIAL HOSPITALS-UNIVERSITY MEDICAL CENTER<br>100 EGG HARBOR RD PO BOX 1015<br>TURNERSVILLE, NJ 08012 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/26/1990 | $0.00 |
| KENNEDY-HURD,LISA M<br>224 ST CHARLES AVE<br>SAN FRANCISCO, CA 94132-3236 | DIR STRATEGIC ACCTS, 05/15/09 | ASSIGN | 1/1/2008 | $0.00 |
| KENTUCKIANA COMFORT CENTER<br>2716 GRASSLAND DR<br>LOUISVILLE, KY 40223 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/10/2010 | $0.00 |
| KESLER,JOHN V<br>3231 JAGUAR LN<br>GREEN BAY, WI 54313 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/19/2009 | $0.00 |
| KESWICK ENTERPRISES<br>1801 OBRIAN RD<br>COLUMBUS, OH 43228 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/6/2009 | $0.00 |
| KESWICK ENTERPRISES, INC DBA BONUS BUILDING CARE IN COLUMBUS<br>1801 OBRIEN RD<br>COLUMBUS, OH 43228 | JANITORIAL SERVICES | ASSIGN | 3/16/2009 | $0.00 |
| KEY EQUIPMENT FINANCE<br>66 SOUTH PEARL ST<br>ALBANY, NY 12201-1865 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/28/2001 | $0.00 |
| KEY POINT CREDIT UNION<br>2805 BOWERS AVE<br>SANTA CLARA, CA 95051 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| KEYBANK NATIONAL<br>54 STATE ST<br>ALBANY, NY 12207 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/29/2009 | $0.00 |
| KEYBANK NAT'L ASSOCIATION<br>54 STATE ST<br>ALBANY, NY 12207<br>USA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/19/2002 | $0.00 |
| KEYSER,DOUGLAS J<br>904 WILLAMS WAY<br>CEDAR PARK, TX 78613-4842 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| KEYSPAN CORPORATE SERVICES, LLC DBA NATIONAL GRID CORPORATE SERVICES, LLC<br>300 ERIE BLVD W<br>SYRACUSE, NY 13202-4201 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/10/2009 | $0.00 |
| KEYSPAN CORPORATION SERVICES, INC.<br>300 ERIE BLVD W<br>SYRACUSE, NY 13202-4201 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/5/2004 | $0.00 |
| KEYSTONE AUTOMOTIVE<br>44 TUNKHANNOCK AVE<br>EXETER, PA 18643 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/6/2007 | $0.00 |
| KEYSTONE LIME<br>PO BOX 278<br>SPRINGS, PA 15562 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/11/2004 | $0.00 |
| KIA MOTORS AMERICA, INC.<br>2155 BRECKINRIDGE BLVD NW<br>LAWRENCEVILLE, GA 30043 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KIERAN LABEL<br>2321 SIEMPRE VIVA CT NO 101<br>SAN DIEGO, CA 92154 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| KIMBERLY-CLARK CORPORATION<br>2100 WINCHESTER RD<br>NEENAH, WI 54956 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/1993 | $0.00 |
| KING BUSINESS FORMS CORP<br>5700 CASEY DRIVE<br>KNOXVILLE, TN 37909 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/25/2001 | $0.00 |
| KING FUELS, INC.<br>14825 WILLIS RD<br>HOUSTON, TX 77039 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/18/2002 | $0.00 |
| KINGS BUSINESS FORMS<br>531 STRAIGHT CREEK RD<br>NEW TAZEWELL, TN 37825 | PRESSURE SENSITIVE COHESIVE | ASSIGN | 7/8/2009 | $0.00 |
| KINGS DAUGHTERS HOSPITAL AND HEALTH SERVICES<br>ONE KING'S DAUGHTERS' DRIVE<br>MADISON, IN 47250-3357 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| KINNEY,RONELLE E<br>6546 GLEN IVY<br>HUBER HEIGHTS, OH 45424-3056 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 5/7/2010 | $0.00 |
| KIRBY,GRANT A<br>2992 CRANBROOK DR<br>CINCINNATI, OH 45251-4674 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 1/19/2010 | $0.00 |
| KIRKWOOD PRINTING<br>904 MAIN ST<br>WILMINGTON, MA 01887-3383 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2007 | $0.00 |
| KIRSCH JR,ARTHUR G<br>4409 DAVID DR<br>METAIRIE, LA 70003-3247 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| KIRSCHT,WILLIAM D<br>900 ASBURY LN<br>SCHAUMBURG, IL 60193 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| KNEPPER PRESS CORPORATION<br>2251 SWEENY DR<br>CLINTON, PA 15026 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2010 | $0.00 |
| KNIGHT FINANCIAL<br>220 BUSH ST<br>SAN FRANCISCO, CA 94104 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/4/2001 | $0.00 |
| KNIZNER,AARON<br>8316 EDGEDALE RD<br>PARKVILLE, MD 40301 | SALES SUPPORT AGREEMENT | ASSIGN | 5/3/2010 | $0.00 |
| KODAK<br>7527 ANCHOR LN<br>NORTHFIELD, OH 44067 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/12/2009 | $0.00 |
| KODAK'S CORPORATE SOLUTIONS GROUP, A DIVISION OF KODAK GRAPHIC COMMUNICATIONS<br>CANADA COMPANY<br>3700 GILMORE WAY<br>BURNABY, V5G4M1<br>BRITISH COLUMBIA | SOFTWARE LICENSE AND DISTRIBUTION AGREEMENT | ASSIGN | 10/9/2008 | $0.00 |
| KOENIG,GILBERT<br>4881 PINEVIEW CIR<br>DELRAY BEACH, FL 33445 | SALES REP, 09/22/09 | ASSIGN | 8/1/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KOHLER<br>444 HIGHLAND DR<br>KOHLER, WI 53044 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/10/2008 | $0.00 |
| KONAMI GAMING INC.<br>585 TRADE CTR DR<br>LAS VEGAS, NV 89119 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/X/2006 | $0.00 |
| KOOL SMILES, PC AND NCDR LLC<br>400 GALLERIA PKWY<br>STE 800<br>ATLANTA, GA 30339 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 7/17/2007 | $0.00 |
| KORONDI JR,JOSEPH<br>2810 W SUSAN CURVE<br>PEORIA, IL 61615 | ACC EXEC, 10/22/09 | ASSIGN | 7/1/2009 | $0.00 |
| KOSSMAN,DANIEL E<br>1331 WEALDEN FOREST<br>DR<br>SPRING, TX 77379 | ENTERPRISE ACC REP, 11/02/09 | ASSIGN | 10/5/2004 | $0.00 |
| KRAFT FOODS GLOBAL<br>THREE LAKES DR<br>NORTHFIELD, IL 60093 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2009 | $0.00 |
| KRAFT FOODS GLOBAL INC.<br>3 LAKES DR NF 429<br>NORTHFIELD, IL 60093 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/15/2004 | $0.00 |
| KRAFT FOODS GLOBAL INC.<br>3 LAKES DR NF 429<br>NORTHFIELD, IL 60093 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/16/2009 | $0.00 |
| KRAUS,PATRICK J<br>1641 S ESTES ST<br>DENVER, CO 80232-6523 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/17/2004 | $0.00 |
| KRAUSER,MICHAEL E<br>1438 NICHOLSON ST<br>HOUSTON, TX 77008-4134 | DIR. OF PROMOTIONAL PRODUCTS, 03/30/09 | ASSIGN | 12/26/2006 | $0.00 |
| KRIVOY,ERIC J<br>13790 COVEY RUN PL<br>SPRING HILL, FL 34609-0658 | ACCOUNT MANAGER, 05/22/09 | ASSIGN | 12/28/2006 | $0.00 |
| KROLL LABORATORY SPECIALISTS<br>1809 ENTERPRISE DR<br>HARVE, LA 70058 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/24/2004 | $0.00 |
| KRUEGER,RONALD W<br>249 BLUFF VIEW CIR<br>ST LOUIS, MO 63129-5059 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| KTI NETWORKS<br>10415 A WESTPARK DR<br>HOUSTON, TX 77042 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/29/2009 | $0.00 |
| KVI CAPITAL, INC.<br>2002 SAN MARCO BLVD<br>STE 204<br>JACKSONVILLE, FL 32207 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/13/2001 | $0.00 |
| KVI CAPITAL, INC.<br>2002 SAN MARCO BLVD<br>STE 204<br>JACKSONVILLE, FL 32207 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/13/2001 | $0.00 |
| KWAL-HOWLLS PAINT, INC.<br>3900 JOLIET ST<br>DENVER, CO 80239 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2003 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| KWIKSET CORPORATION<br>19701 DAVINCI<br>LAKE FOREST, CA 92610 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2002 | $0.00 |
| LA COUNTY DEPARTEMENT OF HEALTH SERVICES<br>5555 FERGUSON DR STE 110<br>EAST LOS ANGELES, CA 90022-5133 | CUSTOMER CONTRACT LOU | ASSIGN | 11/1/2009 | $0.00 |
| LABEL ART<br>DRAWER 706<br>MILWAUKEE, WI 53278-0706 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| LABEL DIRECT, INC.<br>664 TRAQDE CTR BLVD<br>CHESTERFIELD, MO 63005 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2004 | $0.00 |
| LABEL PRODUCTS<br>PO BOX 10390<br>HOUSTON, TX 77206 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| LABELS WEST<br>17629 130TH AVE NE<br>WOODINVILLE, WA 98072 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| LABELTEQ UNLIMITED INCORPORATE<br>1338 NORTH STEWART AVE<br>SPRINGFIELD, MO 65802 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| LABETTE COUNTY MEDICAL CENTER<br>1902 SOUTH US HWY 59<br>PARSONS, KS 67357 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| LAFARGE NORTH AMERICA<br>5560 EXPLORER DR<br>STE 300<br>MISSISSAUGA, ONTARIO CA L4-W5M3<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/14/2002 | $0.00 |
| LAFAYETTE GENERAL SURGICAL HOSPITAL<br>1000 W PINHOOK RD STE 100<br>LAFAYETTE, LA 70503-2460 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 4/30/2009 | $0.00 |
| LAGASSE INC<br>230 E LEES RD<br>CAROL STREAM, IL 60188 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/1/2007 | $0.00 |
| LAHEY CLINIC HOSPITAL<br>PO BOX 541<br>BURLINGTON, MA 01805 | CUSTOMER CONTRACT LOP | ASSIGN | 6/1/2007 | $0.00 |
| LAKE CABLE PRINTING<br>3293 MASSILLION RD REAR B<br>AKRON, OH 44312 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| LAKE HEALTH<br>7590 AUBURN RD<br>ADMIN BLDG 16<br>PAINESVILLE, OH 44077-9176 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| LAKE HOSPITAL SYSTEM, INC.<br>10 EAST WASHINGTON ST<br>PAINESVILLE, OH 44077 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/27/2009 | $0.00 |
| LAKELAND MEDICAL CENTER - MICHICAN<br>PO BOX 66<br>SAINT JOSEPH, MI 49085-0066 | CUSTOMER CONTRACT LOP | ASSIGN | 8/1/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LAKELAND REGIONAL MEDICAL CENTER<br>PO BOX 95448<br>LAKELAND, FL 33804 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| LAKESIDE WOMEN'S HOSPITAL<br>11200 N. PORTLAND AVENUE<br>OKLAHOMA CITY, OK 73120<br>USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| LANDIS,SHAWN R<br>8 EAST HIGH ST<br>PO BOX 121<br>PLEASANT HILL, OH 45359-8010 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/23/2010 | $0.00 |
| LANDRUM COMPANY, THE<br>801 EAST BROADWAY<br>COLUMBIA, MO 65205 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/21/2007 | $0.00 |
| LANIER PROFESSIONAL<br>2300 PARKLAKE DRIVE<br>ATLANTA, GA 37519 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/20/2002 | $0.00 |
| LARCHMONT IMAGING<br>1295 RT 38 WEST<br>HAINESPORT, NJ 08036 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/30/2004 | $0.00 |
| LARGO MEDICAL CENTER<br>201 14TH ST SW<br>LARGO, FL 33770 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/6/2007 | $0.00 |
| LARICK,MICHAEL P<br>32842 ANNEWOOD ST<br>FARMINGTON, MI 48336-5000 | REGIONAL SALES MANAGER | ASSIGN | 5/19/2009 | $0.00 |
| LAS VEGAS METRO POLICE DEPARTMENT (LVMPD)<br>400 STEWART AVE<br>LAS VEGAS, NV 89101 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/27/2005 | $0.00 |
| LASER BAND<br>PO BOX 957642<br>SAINT LOUIS, MO 63195-7642 | FOR RESALE VENDOR | ASSIGN | 3/24/2003 | $0.00 |
| LASER IMAGING<br>120 NORTH ST<br>YORK, PA 17403 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/5/2007 | $0.00 |
| LASH,ROBERTA<br>41677 SLEEPY HOLLOW<br>DR<br>NOVI, MI 48377-4504 | STRATEGIC ACCT EXEC - PROMO, 03/27/09 | ASSIGN | 4/16/2008 | $0.00 |
| LASHAR JR,JOHN M<br>171 WEBB RD<br>FAIRFIELD, CT 06825-1954 | SALES REP, 09/01/09 | ASSIGN | 8/1/2008 | $0.00 |
| LAVELLE,TIMOTHY<br>11 WEASEL CREEK CT<br>HOWELL, NJ 07731-1903 | REGIONAL SALES MANAGER | ASSIGN | 5/3/2010 | $0.00 |
| LAWRENCE MEMORIAL GIFT SHOP<br>170 GOVERNORS AVE<br>MEDFORD, MA 02155 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/1/2006 | $0.00 |
| LAWRENCE MEMORIAL HOSPITAL<br>365 MONTAUK AVE<br>NEW LONDON, CT 06320-4700 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 1/1/2010 | $0.00 |
| LA-Z-BOY<br>1284 N TELEGRAPH RD<br>MONROE, MI 48162-3390 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/11/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LA-Z-BOY INCORPORATED<br>1284 N TELEGRAPH<br>MONROE, MI 48162 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/3/2003 | $0.00 |
| LEADER DRUG STORES<br>7000 CARDINAL PL<br>DUBLIN, OH 43017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2003 | $0.00 |
| LEADERSHIP WORKS<br>1088 BISHOP STREET STE 1101<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/8/2002 | $0.00 |
| LEAF FINANCIAL CORPORATION<br>2005 MARKET ST<br>15TH FL<br>PHILADELPHIA, PA 19103 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | NOT DATED | $0.00 |
| LEEDSWORLD INC<br>400 HUNT VALLEY RD<br>NEW KENSINGTON, PA 15068 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/2/2009 | $0.00 |
| LEFAVOR ENVELOPE CO<br>PO BOX 27238<br>SALT LAKE CITY, UT 84127-0035 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| LEGACY HEALTH SYSTEM<br>1919 NW LOVEJOY ST<br>PORTLAND, OR 97209 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/8/2005 | $0.00 |
| LEGACY HEALTH SYSTEM<br>1919 NW LOVEJOY ST<br>PORTLAND, OR 97209 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/8/2005 | $0.00 |
| LEGACY PARTNERS II REDMOND QUA<br>LEGACY PARTNERS COMMERCIAL IN<br>10655 NE 4TH ST NO 812<br>BELLEVUE, WA 98004- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 6/7/1999 | $0.00 |
| LEGG MASON WOOD WALKER INC.<br>1919 NW LOVEJOY ST<br>PORTLAND, OR 97209 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/10/2002 | $0.00 |
| LEGGAT MCCALL PROPERTIES<br>EXECUTIVE PLACE<br>BOSTON, MA 02109 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/26/2001 | $0.00 |
| LEGO SYSTEMS, INC.<br>555 TAYLOR RD<br>ENFIELD, CT 06083 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/10/2000 | $0.00 |
| LEHMAN<br>CAMPUS DOOR<br>CARLISLE, PA 17013 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/27/2007 | $0.00 |
| LENNOX INTERNATIONAL<br>2140 LAKE PARK BLVD<br>RICHARDSON, TX 75080 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/7/2003 | $0.00 |
| LENSCRAFTERS<br>4000 LUXOTTICA PL<br>MASON, OH 45040 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/12/2004 | $0.00 |
| LENSCRAFTERS, CODE VISION CORP., PEARLE VISION, SUNGLASS HUT TRADING, ICON<br>4000 LUXOTTICA PL<br>MASON, OH 45040 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/21/2009 | $0.00 |
| LESCO, INC.<br>15885 SPRAGUE RD<br>STRONGSVILLE, OH 44136 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LETOURNEAU TECHNOLOGIES<br>6500 BRITTMOORE<br>HOUSTON, TX 77041 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/10/2008 | $0.00 |
| LETZELTER,JOHN F<br>7382 S ALBION ST<br>CENTENNIAL, CO 80122-2227 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| LEUELLING,RONALD G<br>4419 RUSTLING WOODS<br>DR<br>DENVER, NC 28037 | REGIONAL SALES MANAGER | ASSIGN | NOT DATED | $0.00 |
| LEUPOLD & STEVENS, INC.<br>14400 NW GREENBRIAR PKWY<br>BEAVERTON, OR 97006 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/30/2008 | $0.00 |
| LEVI STRAUSS & CO<br>1155 BATTERY ST<br>SAN FRANCISCO, CA 94441 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/28/2007 | $0.00 |
| LEVINE,JUDITH C<br>1 DOWNING LN<br>VOORHEES, NJ 08043 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| LEWIS,TOMMY L<br>6 HEATHER GLEN CIR<br>TROPHY CLUB, TX 76262-5610 | DIR. OF  PROMOTIONAL PRODUCTS, 04/16/10 | ASSIGN | 7/16/2008 | $0.00 |
| LEXIS NEXIS<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/1/2010 | $0.00 |
| LEXMARK INTERNATIONAL<br>740 WEST NEW CIR RD<br>LEXINGTON, KY 40550 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/13/2006 | $0.00 |
| LEXMARK INTERNATIONAL<br>740 W NEW CIR RD<br>LEXINGTON, KY 40550 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/29/2001 | $0.00 |
| LEXMARK INTERNATIONAL<br>740 WEST NEW CIR RD<br>LEXINGTON, KY 40550 | MEMORANDUM OF UNDERSTANDING | ASSIGN | 2/9/2007 | $0.00 |
| LIBERTY FINANCIAL SUPPLIES<br>5267 PROGRAM AVE<br>MOUNDS VIEW, MN 55113 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/5/2001 | $0.00 |
| LIBERTY HOSPITAL<br>2525 GLEN HENDREN DR<br>LIBERTY, MO 64068 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| LIBERTY MUTUAL GROUP<br>8044 MONTGOMERY RD<br>STE 650<br>CINCINNATI, OH 45236 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/14/2001 | $0.00 |
| LIBERTY MUTUAL GROUP<br>8044 MONTGOMERY RD<br>STE 650<br>CINCINNATI, OH 45236 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/20/2003 | $0.00 |
| LIBERTY PROPERTY TRUST<br>8827 N SAM HOUSTON PKWY WES<br>HOUSTON, TX 77064- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 2/1/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LICKING MEMORIAL HEALTH SYSTEMS<br>1320 W MAIN ST<br>NEWARK, OH 43055 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 8/27/2003 | $0.00 |
| LIFE FITNESS<br>5100 NORTH RIVER RD<br>SCHILLER PARK, IL 60176 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/24/2008 | $0.00 |
| LIFE FITNESS<br>5100 N RIVER RD<br>SCHILLER PARK, IL 60176 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/25/2008 | $0.00 |
| LIFE LINE SCREENING<br>6150 OAK TREE BLVD<br>INDEPENDENCE, OH 44131 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/20/2010 | $0.00 |
| LIFELINE SYSTEMS INC.<br>111 LAWRENCE ST<br>FRAMINGHAM, MA 01702 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/5/2005 | $0.00 |
| LIFESPAN CORPORATION<br>167 POINT ST<br>PROVIDENCE, RI 02940 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/27/2009 | $0.00 |
| LIFETOUCH<br>11000 VIKING DR<br>EDEN PRAIRIE, MN 55344 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/27/2007 | $0.00 |
| LIFETOUCH NATIONAL SCHOOL STUDIOS<br>11000 VIKING DR<br>EDEN PRAIRIE, MN 55344 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/8/2005 | $0.00 |
| LIFETOUCH NATIONAL SCHOOL STUDIOS, INC.<br>11000 VIKING DRIVE STE 300<br>EDEN PRAIRIE, MN 55344 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2008 | $0.00 |
| LIGHTLE, SUSAN<br>WRIGHT STATE UNIVERSITY, 240 RIKE HALL<br>DAYTON, OH 38224 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2004 | $0.00 |
| LIGHTNING EXPRESS DELIVERY & DISTRIBUTION, INC.<br>331 S. KRESSON STREET<br>BALTIMORE, MD  38706 | CARRIER AGREEMENT | ASSIGN | 12/20/2005 | $0.00 |
| LILLIAN VERNON<br>2600 INTERNATIONAL PKWY<br>VIRGINIA BEACH, VA 23452-7878 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/7/2006 | $0.00 |
| LILLIBRIDGE HEALTHCARE REAL ESTATE TRUST L.P.<br>222 N LASALLE ST STE 410<br>CHICAGO, IL 60601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/14/2005 | $0.00 |
| LIMITED LOGISTICS SERVICES<br>4 LIMITED PKWY<br>REYNOLDSBURG, OH 43068 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/19/2003 | $0.00 |
| LINCOLN COUNTY HEALTHCARE<br>PO BOX 417<br>BOOTHBAY HARBOR, ME 04538-0417 | CUSTOMER CONTRACT LOP | ASSIGN | 5/15/2009 | $0.00 |
| LINCOLN NATIONAL CORPORATION<br>1300 S CLINTON ST<br>FORT WAYNE, IN 46802 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/15/2007 | $0.00 |
| LINCOLN NATIONAL LIFE INS CO (THE)<br>100 N GREENE ST<br>GREENSBORO, NC 27401 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/3/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LINDA EVANS FITNESS CENTERS<br>2404 SAN RAMON VALLEY BLVD STE 200<br>SAN RAMON, CA 94583 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/30/2003 | $0.00 |
| LINDENMEYER MUNROE<br>3300 HORIZON DR<br>KING OF PRUSSIA, PA 19406 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/3/2007 | $0.00 |
| LINEAR MOTION LLC<br>628 N HAMILTON<br>SAGINAW, MI 48602 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/18/2009 | $0.00 |
| LINKEDIN CORPORATION<br>DEPT CH 19165<br>PALATINE, IL 60055-9165 | CORPORATE SUBSCRIPTION AGREEMENT | ASSIGN | 12/15/2009 | $0.00 |
| LINSCO/PRIVATE LEDGER CORP.<br>9785 TOWNE CTR DR<br>SAN DIEGO, CA 92121 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/20/2004 | $0.00 |
| LINTON,PATRICK H<br>646 BOW CT<br>LILBURN, GA 30047-4137 | ACCOUNT EXECUTIVE, 03/02/09 | ASSIGN | 4/9/2008 | $0.00 |
| LION INDUSTRIAL TRUST (TRAMMEL CROWE)<br>3141 HOUD ST<br>STE 700<br>DALLAS, TX 75219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/5/2005 | $0.00 |
| LIPPS IMPRESSIVE PRINTING<br>MGM ONLY<br>2708 DECATUR ST<br>KENNER, LA 70062 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| LITHONIA LIGHTING<br>1400 LESTER RD<br>CONYERS, GA 30207 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/15/1993 | $0.00 |
| LITTLE COMPANY OF MAY  HEALTH SERVICES<br>4101 TORRANCE BLVD<br>TORRANCE, CA 90503 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/31/2005 | $0.00 |
| LITTLE,BONNIE J<br>6714 TANNERS CREEK<br>DR<br>HUNTSVILLE, NC 28078-2339 | SALES CONSULTANT I, 06/16/09 | ASSIGN | 2/25/2008 | $0.00 |
| LIVINGSTON,RUSSELL E<br>9137 WINDY CREST DR<br>DALLAS, TX 75243 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 5/10/2010 | $0.00 |
| LOCAL INSIGHT MEDIA HOLDINGS INC.<br>188 INVERNESS DR WEST STE 800<br>ENGLEWOOD, CO 80112 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/12/2008 | $0.00 |
| LOHMEIER,DOUGLAS A<br>9619 OTTERBEIN RD<br>CINCINNATI, OH 45241 | ACC EXEC, 11/11/09 | ASSIGN | 7/1/2009 | $0.00 |
| LOJACONO,KATHLEEN<br>11 DAY ST<br>ARLINGTON, MA 02476 | SALES REP, 08/17/09 | ASSIGN | 8/1/2008 | $0.00 |
| LONE WOLF TRUCKING, INC.<br>PO BOX 971443<br>EL PASO, TX 79997 | WAREHOUSE SERVICE CONTRACT | ASSIGN | 8/13/2003 | $0.00 |
| LONG PRINTING SERVICES, INC. (D/B/A ALLEGRA PRINT & IMAGING)<br>1429 SADLIER CIR WEST DR<br>INDIANAPOLIS, IN 46239 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/5/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LONGMONT UNITED HOSPITAL<br>1950 MOUNTVIEW AVE<br>LONGMONT, CO 80501 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/13/2004 | $0.00 |
| LOTT,SHANE M<br>2518 HANOVER AVE<br>RICHMOND, VA 23220-4004 | REGIONAL SALES MANAGER | ASSIGN | 6/20/2008 | $0.00 |
| LOTZ INDUSTRIAL PRINTER CO.<br>313 BIG RD<br>STE D<br>ZIEGLERVILLE, PA 19492 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/22/2002 | $0.00 |
| LOUISVILLE ZOO<br>1100 TREVILIAN WAY<br>LOUISVILLE, KY 40213 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/29/2003 | $0.00 |
| LOVE ENVELOPES INC<br>10733 E UTE<br>TULSA, OK 74116-1501 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2004 | $0.00 |
| LOWE,KATHERINE R<br>123 WELCOME WAY<br>WPAFB, OH 45433-1335 | SALES SUPPORT AGREEMENT | ASSIGN | 8/15/2010 | $0.00 |
| LOWRY COMPUTER PRODUCTS, INC.<br>9420 MALTBY RD<br>BRIGHTON ROAD, MI 04816 | MAINTENANCE | ASSIGN | 4/18/2005 | $0.00 |
| LOYACK,MICHAEL J<br>715 MAIN ST<br>APT 2N<br>HANOVER, MA 02339-1448 | ACCOUNT EXECUTIVE, 10/25/10 | ASSIGN | 6/6/2005 | $0.00 |
| LPS MORTGAGE PROCESSING SOLUTIONS, INC.<br>601 RIVERSIDE AVE<br>JACKSONVILLE, FL 32204 | INTERCHANGE SERVICES AGT | ASSIGN | 2/24/2009 | $0.00 |
| LRGHEALTHCARE<br>80 HIGHLAND ST<br>LACONIA, NH 03246 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/31/2005 | $0.00 |
| LUBBOCK HEART HOSPITAL<br>4810 N LOOP 289<br>LUBBOCK, TX 79416 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/19/2003 | $0.00 |
| LUBBOCK IMAGING MANAGEMENT SERVICES<br>4011 19TH ST<br>LUBBOCK, TX 79410 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/23/2003 | $0.00 |
| LUBBOCK VARICOSE VEIN CENTER<br>4005 24TH ST<br>LUBBOCK, TX 79410 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/23/2004 | $0.00 |
| LUCCA STORAGE<br>2321 INDUSTRIAL WAY<br>VINELAND, NJ 08360 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/26/2002 | $0.00 |
| LUCITE INTERNATIONAL, INC.<br>7275 GOODLETT FARMS PKWY<br>CORDOVA, TN 38016 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2004 | $0.00 |
| LUIS SOTO<br>CARR 866 KM 0 9<br>BO SABANA SECA<br>TOA BAJA, PR 00949<br>PUERTO RICO | SUBLESSOR - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 8/1/2007 | $0.00 |
| LUKE LINDEMAN<br>PO BOX 633470<br>CINCINATTI, OH 45263<br>USA | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 3/23/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| LUNNE MARKETING GROUP, INC.<br>123 WEBSTER ST<br>DAYTON, OH 45402 | SERVICES AGREEMENT | ASSIGN | 9/8/2005 | $0.00 |
| LUTZ,THOMAS G<br>10 MANSION HOUSE CT<br>WEST CARROLLTON, OH 45449-2231 | SALES SUPPORT AGREEMENT | ASSIGN | 8/13/2010 | $0.00 |
| LUXOTTICA RETAIL NORTH AMERICA INC. (INCLUDES SUNGLASS HUT TRADING LLC, LUXOTTICA NORTH AMERICA DISTRIBUTION LLC, LUXOTTICA RETAIL CANADA INC.)<br>4000 LUXOTTICA PL<br>MASON, OH 45040 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/9/2009 | $0.00 |
| LYNDEN AIR FREIGHT, INC.<br>18000 INTERNATIONAL BLVD STE 700<br>SEATTLE, WA 98188 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/1998 | $0.00 |
| LYNDEN INCORPORATED AND AFFILIATES<br>18000 INTERNATIONAL BLVD STE 800<br>SEATTLE, WA 98188 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/1999 | $0.00 |
| LYONS NATIONAL BANK<br>35 WILLIAM ST.<br>LYONS, NY 14489 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 4/3/2006 | $0.00 |
| LYSIK,JON<br>196 CRESTFIELD LN<br>NORTH KINGSTON, RI 02852 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/25/1996 | $0.00 |
| M & T BANK<br>ONE M&T PLZ<br>BUFFALO, NY 14203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/15/2001 | $0.00 |
| M & T BANK<br>ONE M&T PLZ<br>BUFFALO, NY 14203 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/29/2009 | $0.00 |
| M&T BANK<br>ONE M&T PLZ<br>BUFFALO, NY 14203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/15/2001 | $0.00 |
| M&T BANK<br>ONE M&T PLZ<br>BUFFALO, NY 14203 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 6/15/2001 | $0.00 |
| M.A.R.S. INTERNATIONAL, INC.<br>1360 POST N PADDOCK STE 500<br>GRAND PRAIRIE, TX 75050 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/18/2008 | $0.00 |
| M.P. POST & PADDOCK LP<br>2800 112TH ST.<br>GRAND PRAIRIE , TX 75050 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/29/2002 | $0.00 |
| M.P. SCHNEIDER, III<br>PO BOX 489<br>SLIDELL, LA 70459 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 4/1/2004 | $0.00 |
| MACHINE DRIVE<br>2850 FISHER ROAD, SUITE 210<br>COLUMBUS, OH 37923 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| MACON BANK<br>ONE CTR CT<br>FRANKLIN, NC 28744-1559 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/3/2008 | $0.00 |
| MACQUARIE CAPITAL, INC.<br>C/O JAMES STONE, MANAGING DIRECTOR<br>125 WEST 55TH STREET<br>NEW YORK, NY 10019 | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT IN CONNECTION IN STRATEGIC ALTERNATIVES | ASSIGN | 8/2/2010 | $0.00 |
| MADD - MOTHERS AGAINST DRUNK DRIVING<br>511 E JOHN CARPENTER FREEWAY STE 700<br>IRVING, TX 75062 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/20/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MAERCKLEIN,ROXANN K<br>6527 BARNESDALE PATH<br>CENTREVILLE, VA 20120 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| MAGELLON REAL ESTATE LLC<br>2771 E CAMELBACK RD<br>STE 150<br>PHOENIX, AZ 85016 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/11/2002 | $0.00 |
| MAGGIO PRINTING LLC<br>MAGGIO PRINTING LLC<br>171 HELLER PLACE<br>BELLMAWR, NJ 08031<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 6/12/2000 | $0.00 |
| MAGNUSON,JUSTIN<br>1035 E 300 S<br>APT 7<br>SALT LAKE CITY, UT 84102-2463 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 2/19/2010 | $0.00 |
| MAGNUSON,JUSTIN W<br>3354 LIBRARY LN<br>ST LOUIS PARK, MN 55426-4224 | ACCOUNT MANAGER, 09/09/10 | ASSIGN | 4/25/2006 | $0.00 |
| MAGUIRE INSURANCE AGENCY, INC.<br>ONE BALA PLAZA STE 100<br>BALA CYNWYD, PA 19004 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2003 | $0.00 |
| MAIL SERVICES, L.C<br>4100 121ST STREET<br>DES MOINES, IA  38687 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/1/2005 | $0.00 |
| MAILING DYNAMICS<br>95 W 100 SOUTH STE 305<br>LOGAN, UT 84321 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/28/2005 | $0.00 |
| MAILNET SERVICES, INC. D/B/A CONCLUSIVE MARKETING<br>830 CRESCENT CTR DR BLDG 6 5TH FLOOR STE 510<br>FRANKLIN, TN 37067 | FOR RESALE VENDOR | ASSIGN | 3/26/2008 | $0.00 |
| MAIN EVENT PIX.COM INC<br>704 STERLING PL<br>SO PASADENA, CA 91030 | SERVICES CONTRACT | ASSIGN | 2/2/2006 | $0.00 |
| MAIN STREET CHECKS, INC<br>920 19TH ST NORTH<br>BIRMINGHAM, AL 35203-1002 | ALLIANCE AGREEMENT | ASSIGN | 9/2/2010 | $0.00 |
| MAINE MEDICAL CENTER<br>22 BRAMHALL ST<br>PORTLAND, ME 04102 | CUSTOMER CONTRACT LOP | ASSIGN | 2/1/2006 | $0.00 |
| MALLARD CREEK INVESTORS, LLC<br>101 S TRYON ST<br>CHARLOTTE, NC 28280 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/11/2005 | $0.00 |
| MALLERY AND ZIMMERMAN, LLSC<br>MALLERY AND ZIMMERMAN, LLSC<br>731 NORTH JACKSON ST. SUITE 900<br>MILWAUKEE, WI 53202<br>USA | SERVICES AGREEMENT WITH ALPERT HOLDINGS, LLC - REVIEW OF WI LAW ON TRADE SECRETS AND CONFIDENTIAL INFORMATION | ASSIGN | 2/15/2010 | $0.00 |
| MANAGE X<br>7636 N INGRESS<br>NO 101<br>FRESNO, CA 93711 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/9/2003 | $0.00 |
| MANAGEMENT RECRUITERS OF CENTERVILLE, INC.<br>866 E FRANKLIN ST STE C<br>CENTERVILLE, OH 45459 | SERVICES AGREEMENT - MANAGEMENT RECRUITING | ASSIGN | 7/20/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MANAGEMENT RECRUITERS OF DAYTON<br>2300 S EDWIN C MOSES BLVD STE 220<br>DAYTON, OH 45417 | SERVICES AGREEMENT - MANAGEMENT RECRUITING | ASSIGN | 11/6/2003 | $0.00 |
| MANAGEMENT RECRUITERS OF FORT KNOX<br>2300 S EDWIN C MOSES BLVD STE 220<br>DAYTON, OH 45417 | SERVICES AGREEMENT - MANAGEMENT RECRUITING | ASSIGN | 5/16/2003 | $0.00 |
| MANGIERI SOLUTIONS<br>1 RIVERSIDE RD<br>SANDY HOOK, CT 04482 | CONTINGENCY CONTRACT | ASSIGN | 1/3/2003 | $0.00 |
| MANGOSTRATEGY, LLC<br>PO BOX 605<br>BELMONT, MA 02478 | ENGAGEMENT MEMORANDUM | ASSIGN | 4/13/2010 | $0.00 |
| MANGUM,DALE M<br>3730 STEPHENSON RD<br>ANGIER, NC 27501-8774 | SR. ACCOUNT SUPPORT REP, 11/16/09 | ASSIGN | 2/26/2004 | $0.00 |
| MANPOWER<br>100 MANPOWER PL<br>MILWAUKEE, WI 53212 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/3/2009 | $0.00 |
| MANUFACTURERS AND TRADERS TRUST<br>ONE M&T PLZ<br>BUFFALO, NY 14203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/17/2005 | $0.00 |
| MANUFACTURERS AND TRADERS TRUST COMPANY<br>ONE M&T PLZ<br>BUFFALO, NY 14203 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/30/2004 | $0.00 |
| MANUFACTURERS BANK<br>515 S FIGUEROA ST<br>LOS ANGELES, CA 90071 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/1996 | $0.00 |
| MANUFACTURERS LIFE INSURANCE COMPANY<br>200 BLOOR ST. E<br>TORONTO, ON M4W1E5<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/28/2005 | $0.00 |
| MAPLE RIDGE GOLF CLUB<br>4700 MAPLE RIDGE TRAIL<br>COLUMBUS, GA 31909 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/17/2000 | $0.00 |
| MARCHETTI,MICHAEL J<br>248 NEWTON<br>GLEN ELLYN, IL 60137 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| MARCOLIN USA, INC.<br>7543 E TIERRA BUENA LN<br>SCOTTSDALE, AZ 85260 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/31/2003 | $0.00 |
| MARION COUNTY<br>200 E WASHINGTON ST<br>INDIANAPOLIS, IN 46204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/20/2001 | $0.00 |
| MARKETSMART RESEARCH SERVICES LLC<br>5818 WILMINGTON PIKE STE 164<br>CENTERVILLE, OH 45459 | CORPORATE CONSULTANT AGREEMENT | ASSIGN | 7/6/2004 | $0.00 |
| MARKS, ELAINE<br>5813 LONE OAK DR<br>BETHANY, MD 20814 | CONSULTING AGREEMENT | ASSIGN | 7/24/2009 | $0.00 |
| MARLEY ENGINEERED PRODUCTS<br>470 BEAUTY SPOT RD EAST<br>BENNETTSVILLE, SC 29512 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/28/2002 | $0.00 |
| MARRIOTT INTERNATIONAL<br>PO BOX 403003<br>ATLANTA, GA 30384-3003 | HOTEL FOR SALES TRAINING PARTICIPANTS IN DAYTON | ASSIGN | 12/15/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MARROW,DAVIS<br>16298 CATENARY DR<br>WOODBRIDGE, VA 22191-6036 | SALES SUPPORT AGREEMENT | ASSIGN | 5/24/2010 | $0.00 |
| MARSH USA INC<br>1166 AVE OF THE AMERICAS<br>NEW YORK, NY 10036 | SERVICES AGREEMENT | ASSIGN | 08/01/2009-<br>08/01/2011 | $0.00 |
| MARSH USA INC.<br>1166 AVE OF THE AMERICAS<br>NEW YORK, NY 10036 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/26/2001 | $0.00 |
| MARTHA STEWART LIVING<br>11 WEST 42ND ST<br>NEW YORK, NY 10036 | DOCUMENT STORAGE AGREEMENT | ASSIGN | NOT DEFINED | $0.00 |
| MARTIN,GEORGE T<br>2160 CHESTNUT HILL<br>NW<br>NORTH CANTON, OH 44720 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| MARVIN ENVELOPE<br>288 W PALATINE ROAD<br>WHEELING, IL 60090 | CERTIFIED TRADE PARTNER | ASSIGN | 2/10/1997 | $0.00 |
| MARY HITCHCOCK MEMORIAL HOSP<br>ONE MEDICAL CTR DR<br>LEBANON, NH 03756 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/10/2009 | $0.00 |
| MARYLAND GENERAL<br>827 LINDEN AVE<br>BALTIMORE, MD 21201 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/11/2002 | $0.00 |
| MASON,ALVIN<br>405 W 8TH ST<br>ANTIOCH, CA 94509-1621 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/5/2004 | $0.00 |
| MASON,BRIAN J<br>2828 E 21ST PL<br>TULSA, OK 74114-1816 | ACCOUNT MANAGER, 10/22/10 | ASSIGN | 3/30/2008 | $0.00 |
| MASSACHUSETTS EYE & EAR INFIRMARY<br>243 CHARLES ST<br>BOSTON, MA 02114 | CUSTOMER CONTRACT LOP | ASSIGN | 6/19/2006 | $0.00 |
| MASSACHUSETTS FINANCIAL SERVICES<br>500 BOYLSTON ST<br>BOSTON, MA 02116 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2007 | $0.00 |
| MASSACHUSETTS INSTITUTE OF TECH (MIT)<br>336 MAIN ST<br>BLDG E28<br>CAMBRIDGE, MA 02143 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/28/2004 | $0.00 |
| MASTERFOODS USA<br>800 HIGH ST<br>HACKETTSTOWN, NJ 07840 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/16/2007 | $0.00 |
| MATRIX CLAIMS MANAGEMENT, INC.<br>7162 READING RD<br>STE 250<br>CINCINNATI, OH 45237 | TPA (THIRD PARTY ADMINISTRATION) SERVICES SPECIFIC TO OHIO WORKERS' COMPENSATION PROGRAM(S) WHICH INCLUDE BUT ARE NOT LIMITED TO CLAIMS MANAGEMENT, MEDICAL COST CONTAINMENT AND REPORTING. | ASSIGN | 4/7/2010 | $0.00 |
| MATSON NAVIGATION<br>1411 SAND ISLAND PARKWAY PIER 52<br>HONOLULU, HI 96819 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/27/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MATSON NAVIGATION COMPANY<br>333 MARKET ST<br>SAN FRANCISCO, CA 94105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/8/1994 | $0.00 |
| MATYAC,SCOTT<br>7587 AFFIRMED CT<br>LEWIS CENTER, OH 43035-9143 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| MAXIM HEALTH SYSTEMS LLC<br>3077 KETTERING BLVD STE 111<br>MORAINE, OH 45439 | CORPORATE IMMUNIZATION | ASSIGN | 8/15/2003 | $0.00 |
| MAY DEPT STORES COMPANY<br>611 OLIVE ST<br>ST LOUIS, MO 63011 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/28/2003 | $0.00 |
| MBNA AMERICA BANK<br>400 CHRISTIANA RD<br>NEWARK, DE 19713 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/1/1996 | $0.00 |
| MCA ADMINISTRATORS, INC.<br>820 PARISH ST<br>PITTSBURGH, PA 15220 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/9/2005 | $0.00 |
| MCALESTER REGIONAL HEALTH CENTER<br>ONE CLARK BASS BLVD<br>MCALESTER, OK 74501 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| MCARTHUR PROFESSIONAL INC.<br>441 HWY 28 BYPASS<br>ABBEVILLE, SC 29620 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/8/2006 | $0.00 |
| MCBRIDE,KATHY P<br>1501 CABOT PL CT<br>KERNERSVILLE, NC 27284 | SALES REP, 11/16/09 | ASSIGN | 8/1/2008 | $0.00 |
| MCBRIDE,RANDAL H<br>1826 CARIBE CT<br>WILMINGTON, NC 28409 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| MCCAFFERTY,JENNIFER T<br>1227 SHERIDAN BAY DR<br>RUSKIN, FL 33570-7903 | ACCOUNT EXECUTIVE, 10/11/10 | ASSIGN | 11/4/2002 | $0.00 |
| MCCARDELL,MARTIN P<br>416 N LIVINGSTON<br>MADISON, WI 53703-3954 | SALES REP, 01/08/10 | ASSIGN | 8/1/2008 | $0.00 |
| MCCLENDON,PAMELA G<br>6333 BLUE ASTER TRACE<br>SUMMERFIELD, NC 27358-9344 | ACC EXEC, 03/25/09 | ASSIGN | 11/17/2004 | $0.00 |
| MCCLUNG PRINTING<br>550 COMMERCE AVENUE<br>WAYNESBORO , VA  39114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/1/2007 | $0.00 |
| MCCOURT LABEL<br>PO BOX: PO BOX 425<br>LEWIS RUN, PA 16738 | CERTIFIED TRADE PARTNER | ASSIGN | 10/1/1994 | $0.00 |
| MCCOWN,WILLIAM J<br>1159 WILDSHALL RD<br>DARLINGTON, SC 29540-7930 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/28/2009 | $0.00 |
| MCCUNE - BROOKS REGIONAL HOSPITAL<br>3125 DR RUSSELL SMITH WAY<br>CARTHAGE, MO 64836 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MCDANIEL,JIM<br>11203 CARRIAGE<br>LAKE DR<br>HOUSTON, TX 77065-5009 | SALES SUPPORT AGREEMENT | ASSIGN | 8/27/2010 | $0.00 |
| MCDERMOTT,ANDREA M<br>3056 DORF DR<br>DAYTON, OH 45418-2903 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 6/3/2010 | $0.00 |
| MCDONALD,PETER<br>15235 NE 71ST CT<br>REDMOND, WA 98052 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/25/2009 | $0.00 |
| MCGLOTHLIN JR,JOHN C<br>8505 FOREST HGTS LN<br>AUSTIN, TX 78749-3511 | ACCOUNT EXECUTIVE, 07/27/10 | ASSIGN | 4/24/2008 | $0.00 |
| MCGOHAN BRABENDER<br>3931 S DIXIE DR<br>DAYTON, OH 45439 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/2/2004 | $0.00 |
| MCGOHAN BRABENDER<br>3931 S DIXIE DR<br>DAYTON, OH 45439 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/22/2007 | $0.00 |
| MCGOHAN BRABENDER INC<br>3931 SOUTH DIXIE DR<br>DAYTON, OH 45439 | BROKERAGE AND CONSULTING AGREEMENT | ASSIGN | 7/1/2004 | $0.00 |
| MCI CIF LLC<br>C/O MALLARD CREEK INVESTORS LL<br>200 S TRYON ST STE 520<br>CHARLOTTE, NC 28202- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 1/23/1996 | $0.00 |
| MCI-CIF, LLC<br>C/O MALLARD CREEK INVESTORS LL<br>200 S TRYON ST STE 520<br>CHARLOTTE, NC 28202- | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 10/2/2006 | $0.00 |
| MCINNIS,DUNCAN D<br>2313 BRISBAYNE CIR<br>RALEIGH, NC 27615-4421 | SALES REP, 01/29/10 | ASSIGN | 8/1/2008 | $0.00 |
| MCKELLA280 INC (CITATION GRAPHICS)<br>7025 CENTRAL HWY<br>PENNSAUKEN, NJ 08109 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MCKESSON CORP<br>ONE POST ST<br>SAN FRANCISCO, CA 94104 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/22/2007 | $0.00 |
| MCKESSON CORPORATION<br>400 DELRAN PKWY<br>FL 2<br>DELRAN, NJ 08075 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/22/2007 | $0.00 |
| MCKESSON CORPORATION<br>400 DELRAN PKWY<br>FL 2<br>DELRAN, NJ 08075 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/6/2007 | $0.00 |
| MCLARIN,JOHN<br>8655 RIO GRANDE RD<br>RICHMOND, VA 23229-7822 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/29/2010 | $0.00 |
| MCLEODUSA PURCHASING, LLC<br>PO BOX 3177<br>CEDAR RAPIDS, IA 52406 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/8/2001 | $0.00 |
| MCLEODUSA TELECOMMUNICATIONS SERVICES INC<br>PO BOX 3243<br>MILWAUKEE, WI 53201-3243 | MASTER SERVICES AGREEMENT | ASSIGN | 5/24/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MCSI<br>4750 HEMPSTEAD STATION DR<br>DAYTON, OH 45427 | SERVICES AGREEMENT | ASSIGN | 1/25/2002 | $0.00 |
| MCT FEDERAL CREDIT UNION<br>200 PROFESSIONAL DR 4TH FL<br>GAITHERSBURG, MD 20879 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2004 | $0.00 |
| MDC<br>555 MAIN ST<br>HARTFORD, CT 06103-2987 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/11/2002 | $0.00 |
| MEADOR,GREG<br>PO BOX 571281<br>MURRAY, UT 84157-1281 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 1/7/2010 | $0.00 |
| MEADWESTVACO CORP.<br>9080 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/20/2004 | $0.00 |
| MEADWESTVACO CORPORATION<br>9080 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/18/2005 | $0.00 |
| MEADWESTVACO CORPORATION<br>9080 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/13/2003 | $0.00 |
| MEADWESTVACO CORPORATION<br>9080 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/4/2005 | $0.00 |
| MECCO PARTNERS, LLC<br>PO BOX 307<br>INGOMAR, PA 38457 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/15/2005 | $0.00 |
| MEDALIST CAPITAL INC. (CRESA)<br>900 HARVARD PL<br>CHARLOTTE, NC 28207 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/7/2004 | $0.00 |
| MEDASSETS SUPPLY CHAIN SYSTEMS LLC<br>3221 MCKELVEY ROAD STE 301<br>BRIDGETON, MO 63044 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2009 | $0.00 |
| MEDASSETS SUPPLY CHAIN SYSTEMS LLC<br>3221 MCKELVEY ROAD STE 301<br>BRIDGETON, MO 63044 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2009 | $0.00 |
| MEDCO HEALTH SOLUTIONS<br>ONE MILLENNIUM DR<br>WILLINGBORO, NJ 08046-1000 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/21/2008 | $0.00 |
| MEDCO HEALTH SOLUTIONS<br>ONE MILLENNIUM DR<br>WILLINGBORO, NJ 08046-1000 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/24/2009 | $0.00 |
| MEDCO HEALTH SOLUTIONS, INC.<br>100 PARSONS POND DR<br>FRANKLIN LAKES, NJ 07417 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2003 | $0.00 |
| MEDCO HEALTH SOLUTIONS, INC.<br>100 PARSONS POND DR<br>FRANKLIN LAKES, NJ 07417 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 3/15/2005 | $0.00 |
| MEDCO HEALTH SOLUTIONS, INC.<br>100 PARSONS POND DR<br>FRANKLIN LAKES, NJ 07417 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/18/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MEDDATA<br>6880 WEST SNOWVILLE RD STE 210<br>BRECKSVILLE, OH 44141 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/16/2009 | $0.00 |
| MEDIA CONSORTIUM GROUP, LLC<br>101 W MAIN STREET STE 2000 WORLD TRADE CTR<br>NORFOLK, VA 23510 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/23/2010 | $0.00 |
| MEDIA HAWAII FEDERAL CREDIT UNION<br>605 KAPIOLANI BLVD<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/24/2001 | $0.00 |
| MEDIA HEALTHCARE PLLANS INC.<br>2801 PONCE DE LEON BLVD<br>STE 1060<br>CORAL GABLES, FL 33134 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/16/2004 | $0.00 |
| MEDICAL REIMBURSEMENT, INC.<br>2830 VICTORY PARKWAY STE 200<br>CINCINNATI, OH 45206 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2002 | $0.00 |
| MEDICORP HEALTH SYSTEMS, INC.<br>2300 FALL HILL AVE SUITE 305<br>FREDERICKSBURG, VA 22401-3343 | CUSTOMER CONTRACT LOU | ASSIGN | 9/1/2009 | $0.00 |
| MEEMIC INSURANCE COMPANY<br>691 N SQUIRREL RD<br>AUBURN HILLS, MI 48326 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/20/2003 | $0.00 |
| MEGA FORM COMPUTER PRODUCTS<br>850 INDUSTRIAL PARK DR PO BOX 667<br>VANDALIA, OH 45377 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2004 | $0.00 |
| MEGA LIFE & HEALTH INSURANCE COMPANY<br>9151 BLVD 26 N<br>RICHLAND HILLS, TX 76180 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/15/2008 | $0.00 |
| MELLON BANK<br>TWO MELLON CTR<br>STE 775<br>PITTSBURGH, PA 15259 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/1/2004 | $0.00 |
| MELLON BANK NA<br>TWO MELLON CTR RM 775<br>PITTSBURGH, PA 15259 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/16/2002 | $0.00 |
| MELTON,BRIAN D<br>1538 AVELLINO CIR<br>MURFREESBORO, TN 37130-7609 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| MEMORIAL HERMANN HEALTHCARE SYSTEM<br>7737 SOUTHWEST FWY STE 200<br>HOUSTON, TX 77074 | CUSTOMER CONTRACT LOP | ASSIGN | 8/10/2000 | $0.00 |
| MEMORIAL HERMANN HOSPITAL<br>9401 SOUTHWEST FWY<br>HOUSTON, TX 77074 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/10/2000 | $0.00 |
| MEMORIAL HOSPITAL ABILENE<br>PO BOX 69<br>ABILENE, KS 67410-0069 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| MEMORIAL HOSPITAL AT GULFPORT<br>4500 13TH ST<br>GULFPORT, MS 39501 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 8/1/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MEMORIAL HOSPITAL AT GULFPORT<br>4500 13TH ST<br>GULFPORT, MS 39501 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/1/2003 | $0.00 |
| MEMORIAL HOSPITAL GULFPORT<br>PO BOX 1810<br>GULFPORT, MS 39502-1810 | CUSTOMER CONTRACT LOU | ASSIGN | 9/10/2009 | $0.00 |
| MEMORIAL HOSPITAL OF GULFPORT<br>4500 13TH ST<br>GULFPORT, MS 35902-1810 | EASYID SOFTWARE LICENSE AGREEMENT | ASSIGN | 6/6/2007 | $0.00 |
| MEMPHIS LIGHT, GAS & WATER (MLGW)<br>220 S MAIN ST<br>MEMPHIS, TN 38103-3917 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/20/2006 | $0.00 |
| MENLO EQUITIES SC LLC<br>4400 MACARTHUR BLVD<br>STE 380<br>NEWPORT BEACH, CA 92660- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 7/26/2003 | $0.00 |
| MEPT HAMILTON LAKES-1 LLC<br>C/O HAMILTON PARTNERS INC<br>300 PARK BLVD STE 500<br>ITASCA, IL 60143- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 3/1/2005 | $0.00 |
| MERCEDES-BENZ USA, LLC<br>ONE MERCEDES DR<br>MONTVALE, NJ 07645 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/22/2002 | $0.00 |
| MERCER HR SERVICES<br>INVESTERS WAY MAIL STOP N 5 C<br>NORWOOD, MA 02062 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/1/2007 | $0.00 |
| MERCER HR SVCS LLC & MERCER TRUST COMPANY<br>114 MACARTHUR<br>NEW BEDFORD, MA 02740 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/1/2007 | $0.00 |
| MERCHANTS NATIONAL BANK<br>102 E 3RD ST<br>WINONA, MN 55987 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/9/2006 | $0.00 |
| MERCHANTS SERCURITY SERVICE<br>2015 WAYNE AVENUE<br>DAYTON , OH  45410 | VENDOR AGREEMENT | ASSIGN | 5/1/2006 | $0.00 |
| MERCK & CO. INC.<br>ONE MERCK DR<br>WHITEHOUSE STATION, NJ 08889 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/28/2009 | $0.00 |
| MERCURY INTERACTIVE CORPORATION<br>1325 BORREGAS AVE<br>SUNNYVALE, CA 94089 | U.S. MASTER PURCHASE AGREEMENT | ASSIGN | 3/2/2005 | $0.00 |
| MERCY HOSPITAL, INC.<br>2001 VAIL AVE<br>CHARLOTTE, NC 28207 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/30/1993 | $0.00 |
| MERIAL LIMITED<br>3239 SATELLITE BOULEVARD BLDG 500<br>DULUTH, GA 30096 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/21/2009 | $0.00 |
| MERIAL LIMITED<br>3239 SATELLITE BOULEVARD BLDG 500<br>DULUTH, GA 30096 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2005 | $0.00 |
| MERITAIN HEALTH, INC.<br>PO BOX 1652<br>AMHERST, NY 14226 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/2/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MERRIL LYNCH<br>4 WORLD FINANCIAL CTR<br>NEW YORK, NY 10080 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/31/2006 | $0.00 |
| MERRILL COMMUNICATIONS LLC<br>1 MERRILL CIR<br>ST PAUL, MN 55108 | NON-COMPETITION | ASSIGN | 6/17/2005 | $0.00 |
| MERRILL COMMUNICATIONS LLC<br>1 MERRILL CIR<br>ST PAUL, MN 55108 | SERVICE AGREEMENT | ASSIGN | 3/15/2005 | $0.00 |
| MERRILL,LYNCH,PIERCE,FENNER,SMITH<br>800 SCUDDERS MILL RD<br>AREA 2 G<br>PLAINSBORO, NJ 08536 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/21/2005 | $0.00 |
| MERRY,THOMAS<br>16 MALIN STATION RD<br>MALVERN, PA 19355-1677 | REGIONAL SALES MANAGER | ASSIGN | 9/21/2010 | $0.00 |
| MESSENGER PRESS INCORPORATED (2004)<br>6184 STATE ROUTE 274<br>CARTHAGENA, OH 45822 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MESSINA MANAGEMENT SYSTEMS<br>11811 MASON MONTGOMERY RD<br>CINCINNATI, OH 45249 | SERVICES AGREEMENT | ASSIGN | 8/6/2003 | $0.00 |
| MESSNER,MARK W<br>2431 WATERFRONT DR<br>BRIGHTON, MI 48114-7312 | REG SALES MGR, 02/12/09 | ASSIGN | 8/25/2005 | $0.00 |
| MESTEK, INC.<br>260 NORTH ELM ST<br>WESTFIELD, MA 01085 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/1/2005 | $0.00 |
| MET LIFE<br>1 MET LIFE PLZ<br>27 01 QUEENS PLZ NORTH<br>LONG ISLAND CITY, NY 11101 | EXECUTIVE DISABILITY PROVIDER | ASSIGN | 4/1/2008 | $0.00 |
| METAVANITE CORPORATION<br>4900 WEST BROWN DEET RD<br>MILWAUKEE, WI 53223 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/20/2003 | $0.00 |
| METHODIST HEALTH SYSTEM DALLAS<br>1441 N BECKLEY AVE<br>DALLAS, TX 75203-1201 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 3/11/2009 | $0.00 |
| METHODIST HOSPITAL<br>1441 N BECKLEY AVE<br>DALLAS, TX 75203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/22/2009 | $0.00 |
| METRO PACKAGE SYSTEMS  INC<br>1374 KING AVE<br>COLUMBUS, OH 43212 | CARRIER AGREEMENT | ASSIGN | 9/10/2003 | $0.00 |
| METRO UNITED WAY, LOUISVILLE<br>334 EAST BROADWAY<br>LOUISVILLE, KY 40204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/19/2008 | $0.00 |
| METROPOLITAN LIFE INSURANCE CO.<br>ONE METLIFE PLZ<br>LONG ISLAND CITY, NY 11101 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/4/2006 | $0.00 |
| METROPOLITAN LIFE INSURANCE CO.<br>ONE METLIFE PLZ<br>LONG ISLAND CITY, NY 11101 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/21/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| METTLER-TOLEDO<br>1900 N POLARIS PKWY<br>COLUMBUS, OH 43240 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/2/2009 | $0.00 |
| METZELER AUTOMOBILE PROFILE SYSTEMS<br>900 E WHITCOMB AVE<br>MADISON HEIGHTS, MI 48071 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/11/2000 | $0.00 |
| METZGERS<br>207 ARCO DR<br>TOLEDO, OH 43607 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MEYER,LEEANNE M<br>PO BOX 750578<br>DAYTON, OH 45475-0578 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| MFP FINANCIAL SERVICES LTD<br>2261 N SHERIDAN WAY<br>MISSISSAUGA, ON L5K253<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/28/2001 | $0.00 |
| MGF BUSINESS PRODUCTS<br>400 RARITAN CTR PKWY<br>EDISON, NJ 08818 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MIAMI INDUSTRIAL TRUCKS, INC.<br>2830 EAST RIVER RD<br>DAYTON, OH 45449 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/15/1998 | $0.00 |
| MIAMI SYSTEMS CORPORATION, SPECIALTY ENVELOPE, SAMUEL PETERS<br>SAMUEL L. PETERS, PRESIDENT<br>1001 ALLIANCE ROAD<br>CINCINNATI, OH 45242 | ACQUISITION OF MIAMI SYSTEMS PURSUANT TO AN ASSET<br>PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS,<br>CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 2/29/2008 | $0.00 |
| MICHIGAN LABEL<br>28353 ABRUZZI DR<br>WESTLAND, MI 48185 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MICHIGAN STATE UNIVERSITY (MSU)<br>FIRST FLOOR UNION BUILDING<br>EAST LANSING, MI 48824 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/14/2002 | $0.00 |
| MICR EXPRESS INC<br>PO BOX 60819<br>CHARLOTTE, NC 28260 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MICROSOFT CORPORATION<br>ONE MICROSOFT WAY<br>REDMOND, WA 98052 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/24/2009 | $0.00 |
| MICROSOFT LICENSING<br>6100 NEIL RD STE 210<br>RENO, NV 89511 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/14/2002 | $0.00 |
| MICROSOFT LICENSING GP<br>PO BOX 842467<br>DALLAS, TX 75284-2467 | MICROSOFT AGREEMENTS | ASSIGN | 7/1/2008 | $0.00 |
| MID ATLANTIC CORP FEDERAL CREDIT UNION<br>1201 FULING MILL RD<br>MIDDLETOWN, PA 17057 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/4/2003 | $0.00 |
| MIDAS<br>1300 ARLINGTON HEIGHTS RD<br>ITASCA, IL 60143 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/21/2005 | $0.00 |
| MIDAS INC<br>1300 ARLINGTON HEIGHTS RD<br>ITASCA, IL 60143 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/15/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MID-ATLANTIC CORPORATE FCU<br>1201 FULING MILL RD<br>MIDDLETOWN, PA 17057 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/31/2008 | $0.00 |
| MIDDLESEX HOSPITAL<br>270 BLUE HILLS DR<br>SOUTHINGTON, CT 06489 | CUSTOMER CONTRACT LOP | ASSIGN | 8/1/2009 | $0.00 |
| MIDLAND INFORMATION RESOURCES COMPANY<br>5440 CORPORATE PARK DR<br>DAVENPORT, IA 52807 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/7/2004 | $0.00 |
| MID-SOUTH REGIONAL BLOOD CENTER<br>1040 MADISON AVE<br>MEMPHIS, TN 38104-2106 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/16/2008 | $0.00 |
| MIDWAY USA<br>5875 WEST VAN HORN TAVERN RD.<br>COLUMBIA , MO  38972 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/12/2006 | $0.00 |
| MILA DISPLAYS<br>1344 BROADWAY SUITE 108<br>HEWLETT, NY  37925 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/31/2003 | $0.00 |
| MILES HEALTHCARE<br>10 ALEWIFE LN<br>DAMARISCOTTA, ME 04543 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/1/2005 | $0.00 |
| MILES,MICHAEL S<br>5301 ALPHA RD<br>APT 419<br>DALLAS, TX 75240-4368 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 12/5/2005 | $0.00 |
| MILES,WANDA H<br>701 MAC MILLAN DR<br>TROTWOOD, OH 45426-2745 | SALES SUPPORT AGREEMENT | ASSIGN | 8/20/2010 | $0.00 |
| MILILANI PARTS CO.<br>95 221 KIPAPA DR<br>MILILANI, HI 96789 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/10/2002 | $0.00 |
| MILLER PIPELINE CORPORATION<br>8850 CRAWFORDSVILLE RD PO BOX 34141<br>INDIANAPOLIS, IN 46234 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2005 | $0.00 |
| MILLER,DONALD C<br>2313 LEXINGTON AVE<br>STONE MOUNTAIN, GA 30087-3657 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/24/2004 | $0.00 |
| MILLER,ERNEST A<br>12465 BENTBROOK DR<br>CHESTERLAND, OH 44026-2404 | EXECUTIVE CONTRACT | ASSIGN | 5/11/2009 | $0.00 |
| MILLS - PENINSULA HEALTH<br>1501 TROUSDALE DR<br>BURLINGAME, CA 94010-4506 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| MIMEO<br>460 PARK AVE SOUTH<br>8TH FL<br>NEW YORK, NY 10016 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/26/2010 | $0.00 |
| MIMS MEAT COMPANY, INC.<br>12634 EAST FWY<br>HOUSTON, TX 77015 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/12/2002 | $0.00 |
| MINDFIRE INC.<br>30 CORPORATE PARK<br>STE 301<br>IRVINE, CA 92606 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/26/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MINI DATA FORMS<br>PO BOX 13490<br>LEXINGTON, KY 40583-3490 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MINICHIELLO,JAMES R<br>5363 CRIMSON SKY CT<br>CENTERVILLE, VA 20120-3002 | ACCOUNT EXECUTIVE, 06/05/09 | ASSIGN | 9/13/2007 | $0.00 |
| MINNESOTA LIFE<br>400 N ROBERT ST<br>ST PAUL, MN 55101 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/15/1999 | $0.00 |
| MINUTE PRINT IT<br>312 W SOUTH ST<br>LEBANON, IN 46052 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MIRACLE,MARK A<br>17172 SILVER MOUND<br>LN<br>PARKER, CO 80134-8995 | REG SALES MGR, 11/12/10 | ASSIGN | 8/21/2009 | $0.00 |
| MISKIEL,CHESTER D<br>1470 BILLY MAX DR SW<br>MABLETON, GA 30126-2060 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 10/12/2009 | $0.00 |
| MISSEL,JANE<br>340 NORTH CHURCH DR<br>HARDY, VA 24101-2616 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/12/2010 | $0.00 |
| MITCHELL COUNTY HOSPITAL<br>400 W 8TH PO BOX 399<br>BELOIT, KS 67420-0399 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2000 | $0.00 |
| MITSUBISHI MOTOR CORP<br>100 N. MITSUBISHI MOTORWAY<br>NORMAL , IL  38595 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/31/2005 | $0.00 |
| MITTAL STEEL<br>3300 DICKEY RD<br>EAST CHICAGO, IN 46312 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/11/2007 | $0.00 |
| MITTAL STEEL USA INC<br>3300 DICKEY RD<br>E CHICAGO, IN 46312 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/11/2007 | $0.00 |
| MODER,JEFFERY L<br>10005 ROSE BROOK LN<br>APT 107<br>HUNTERSVILLE, NC 28078-3380 | EXECUTIVE CONTRACT | ASSIGN | 7/1/2009 | $0.00 |
| MODERN PRESS<br>808 1ST ST SW<br>NEW BRIGHTON, MN 55112 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MODIS PROFESSIONAL SERVICES<br>6440 ATLANTIC BLVD<br>JACKSONVILLE, FL 32211 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/28/1997 | $0.00 |
| MONARCH LITHO<br>1501 DATE ST<br>MONTEBELLO, CA 90640 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MONEY SERVICES, INC.<br>1150 SOUTH OLIVE ST<br>LOS ANGELES, CA 90015 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2008 | $0.00 |
| MONROE COUNTY<br>39 W MAIN ST<br>ROCHESTER, NY 14614 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/4/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MONSTER WORLDWIDE, INC<br>7800 W BROWN DEER RD STE 200<br>MILWAUKEE, WI 53223 | MASTER SERVICES AGREEMENT | ASSIGN | 1/12/2010 | $0.00 |
| MONTGOMERY COUNTY MEMORIAL HOSPITAL<br>2301 EATERN AVE<br>RED OAK, IA 51566 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/4/2004 | $0.00 |
| MONTGOMERY HOSPITAL NORRISTOWN, PA<br>1301 POWELL ST<br>NORRISTOWN, PA 19401-3377 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 3/4/2010 | $0.00 |
| MONTGOMERY TEACHERS FEDERAL CREDIT UNION<br>200 PROFESSIONAL DR<br>4TH FL<br>GATHERSBURG, MD 20879 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2004 | $0.00 |
| MONTGOMERY,BRIAN<br>25 FRY CT<br>SPRINGBORO, OH 45066-8690 | SALES SUPPORT AGREEMENT | ASSIGN | 10/31/2009 | $0.00 |
| MOODY PRINTING AND MAIL MARKETING<br>990 HWY 287 N STE 106 178<br>MANSFIELD, TX 76063 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2004 | $0.00 |
| MOODY RAMBIN INTERESTS<br>3003 W ALABAMA<br>HOUSTON, TX 77098 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/4/2002 | $0.00 |
| MOORE NORTH AMERICA, INC.<br>ATTENTION:  INTELLECTUAL PROPERTY DEPARTMENT<br>300 LANG BOULEVARD<br>GRAND ISLAND, NY 14072 | PATENT LICENSE AGREEMENT | ASSIGN | 5/5/2000 | $0.00 |
| MOORE,SUSAN K<br>2949 WAYLAND AVE<br>DAYTON, OH 45420-3056 | SALES SUPPORT AGREEMENT | ASSIGN | 8/13/2010 | $0.00 |
| MORGAN STANLEY<br>1585 BROADWAY<br>NEW YORK , NY  39906 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/3/2009 | $0.00 |
| MORRISON LAMOTHE INC.<br>399 EVANS AVE<br>TORONTO, ON M8Z-1K9 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/1/2004 | $0.00 |
| MOSCHIDES,GEORGE<br>9811 W CHARLESTON BLVD<br>#2-393<br>LAS VEGAS, NV 89117-7519 | SALES REPRESENTATIVE AGREEMENT, 02/02/11 | ASSIGN | 7/1/2009 | $0.00 |
| MOTHERAL PRINTING COMPANY<br>PO BOX 201233<br>DALLAS, TX 75320 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/29/2010 | $0.00 |
| MOUNT SNOW LTD<br>ROUTE 100<br>MOUNT SNOW, VT 05356 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/28/2009 | $0.00 |
| MOUNTAIN AMERICA<br>7181 S CAMPUS VIEW DR<br>WEST JORDAN, UT 84084 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/18/2008 | $0.00 |
| MOUNTAIN AMERICA CREDIT UNION<br>7181 S CAMPUS VIEW DR<br>WEST JORDAN, UT 84084 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/3/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MOUNTAIN AMERICA FEDERAL CREDIT UNION<br>7181 S CAMPUS VIEW DR<br>WEST JORDAN, UT 84084 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |
| MR LABEL COMPANY INC<br>5018 GRAY RD<br>CINCINNATI, OH 45232 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MRM, LLC<br>3115 E. MULBERRY<br>FT. COLLINS, CO 39002 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/12/2006 | $0.00 |
| MSAS<br>9000 N. ROYAL LANE<br>IRVING, TX 36802 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/3/2000 | $0.00 |
| MSX INTERNATIONAL<br>1426 PACIFIC DR<br>AUBURN HILLS, MI 48326 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/13/2003 | $0.00 |
| MUELLER,COURTNEY N<br>325 TELFORD AVE<br>DAYTON, OH 45419-3224 | SALES SUPPORT AGREEMENT | ASSIGN | 8/16/2010 | $0.00 |
| MULLEN<br>101 N CHERRY ST<br>WINSTON SALEM, NC 27101 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/26/2009 | $0.00 |
| MULLEN,RONALD M<br>114 COOPER AVE<br>UPPER MONTCLAIR, NJ 07043-2219 | ACCOUNT EXECUTIVE, 07/27/09 | ASSIGN | 9/6/2005 | $0.00 |
| MULTI TASK SOLUTIONS<br>40 HILLSBORO PARK<br>STE 402<br>NASHVILLE, TN 37215 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/12/2009 | $0.00 |
| MULTIPRINT, INC.<br>13611 PARK BLVD STE H<br>SEMINOLE, FL 33776 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| MULTI-TASK SOLUTIONS, LLC<br>4521 TROWSDALE DRIVE<br>NASHVILLE, TN 37204 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/12/2009 | $0.00 |
| MUNICH RE AMERICA SERVICES, INC.<br>555 COLLEGE RD EAST<br>PRINCETON, NJ 08543 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2010 | $0.00 |
| MURAWSKI,STEVEN J<br>414 243RD PL SE<br>SAMMAMISH, WA 98074-3453 | MGR STRATEGIC ACCOUNTS, 10/08/09 | ASSIGN | 11/18/2004 | $0.00 |
| MURPHY JR,JAMES M<br>10701 SCHINDEL CT<br>GREAT FALLS, VA 22066 | ACC EXEC, 05/14/09 | ASSIGN | 6/26/1996 | $0.00 |
| MURRAY,WILLIAM F<br>3431 WHITEHALL DR<br>DALLAS, TX 75229 | NON-SOLICITATION AGREEMENT | ASSIGN | 2/8/2001 | $0.00 |
| MUSIC AND ARTS CENTERS<br>4626 WEDGEWOOD BLVD<br>FREDERICK, MD 21703 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/23/2006 | $0.00 |
| MUTUAL BANK<br>570 WASHINGTON ST<br>WHITMAN, MA 02382 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| MYITGROUP LLC<br>10370 RICHMOND AVE STE 450<br>HOUSTON, TX 77042 | SERVICES AGREEMENT | ASSIGN | 6/20/2008 | $0.00 |
| N & M TRANSFER CO.<br>630 MUTTART RD<br>NEENAH, WI 54956 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/15/2007 | $0.00 |
| N&M TRANSFER CO., INC.<br>630 MUTTART RD<br>NEENAH, WI 54956 | VENDOR AGREEMENT | ASSIGN | 11/15/2007 | $0.00 |
| NAGLE,TERRY<br>4980 ACADEMY ST<br>SAN DIEGO, CA 92109 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/26/2009 | $0.00 |
| NAGRA ID<br>CRET DU LOCLE 19<br>PO BOX 1419<br>LACHAUX DE FUNDS, NE2301<br>SWITZERLAND | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2005 | $0.00 |
| NAI UTAH COMMERCIAL PROPERTY M<br>343 EAST 500 SOUTH<br>SALT LAKE CITY, UT 84111- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 5/7/1998 | $0.00 |
| NAIFCO REALTY<br>DBA MERIDIAN BUSINESS PARK<br>PO BOX 269015<br>OKLAHOMA CITY, OK 73126-9015 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 5/1/1993 | $0.00 |
| NANAKULI AUTO PARTS<br>87 2044 FARRINGTON HWY<br>WAIANAE, HI 96792-3750 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/3/2003 | $0.00 |
| NASA FEDERAL CREDIT UNION<br>500 PRINCE GEORGES BLVD<br>UPPER MARLBORO, MD 20774 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/30/2006 | $0.00 |
| NASA FEDERAL CREDIT UNION<br>500 PRINCE GEORGES BLVD<br>UPPER MARLBORO, MD 20774 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 9/12/2006 | $0.00 |
| NASDAQ OMX GROUP, INC.<br>1 LIBERTY PLAZA #4900<br>NEW YORK, NY 10006-1400 | NONDISCLOSURE LETTER AGREEMENT RE POTENTIAL TRANSACTION | ASSIGN | 6/30/2005 | $0.00 |
| NASHUA CORP<br>9212 PAYSHERE CIR<br>CHICAGO, IL 60674 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| NATION PIZZA<br>601 E ALGONQUIN RD<br>SCHAUMBURG, IL 60173 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/24/2003 | $0.00 |
| NATIONAL AUTO CARE<br>101 GREEN MEADOWS DR<br>WESTERVILLE, OH 43081 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/18/2002 | $0.00 |
| NATIONAL AUTO CARE CORPORATION<br>101 GREEN MEADOWS DR<br>WESTERVILLE, OH 43081 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2002 | $0.00 |
| NATIONAL BANK OF INDIANAPOLIS<br>107 NORTH PENNSYLVANIA STE 700<br>INDIANAPOLIS, IN 46204 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/20/1999 | $0.00 |
| NATIONAL BRAIN TUMOR SOCIETY<br>124 WATERTOWN ST NO 2D<br>WATERTOWN, MA 02472 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NATIONAL BUSINESS FORMS<br>5809 W MENLO AVE<br>FRESNO, CA 93722-3077 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/15/2002 | $0.00 |
| NATIONAL BUSINESS FORMS, INC<br>100 PENNSYLVANIA AVE<br>GREENEVILLE, TN 37743 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/1/2003 | $0.00 |
| NATIONAL CARTON & COATING CO<br>1439 LAVELLE DR<br>XENIA, OH 45385 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/8/2001 | $0.00 |
| NATIONAL CHECK BUREAU UNIFUND<br>10625 TECHWOODS CIR<br>CINCINNATI, OH 45242 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/4/2008 | $0.00 |
| NATIONAL CITY BANK<br>249 FIFTH AVE<br>PITTSBURGH, PA 15222 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/16/2009 | $0.00 |
| NATIONAL CITY BANK<br>1900 EAST NINTH ST<br>CLEVELAND, OH 44114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/14/2008 | $0.00 |
| NATIONAL CITY BANK<br>6 N MAIN ST<br>DAYTON, OH 45412 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/25/2001 | $0.00 |
| NATIONAL COLLOID CO., THE<br>906 ADAMS ST<br>STEUBENVILLE, OH 43952 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/2/2002 | $0.00 |
| NATIONAL COLOR GRAPHICS<br>1755 WILLIAMSTOWN RD<br>ERIAL, NJ 08081 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| NATIONAL CROP INSURANCE SERVICES<br>8900 INDIAN CREEK PARKWAY NO 600<br>OVERLAND PARK, KS 66210 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/7/2008 | $0.00 |
| NATIONAL FUEL GAS DISTRIBUTION COMPANY<br>6363 MAIN ST<br>WILLIAMSVILLE, NY 14221-5887 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/7/2004 | $0.00 |
| NATIONAL GRID<br>477 DEXTER ST<br>PROVIDENCE, RI 02907 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/21/2009 | $0.00 |
| NATIONAL IMPRINT CO<br>WILLIAM WARD INDUSTRIAL PARK<br>CLAYSBURG, PA 16625 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| NATIONAL LEAGUE FOR NURSING<br>61 BROADWAY 33RD FL<br>NEW YORK, NY 10006 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/4/2002 | $0.00 |
| NATIONAL LEASING GROUP<br>1558 WILLSON PL<br>WINNIPEG, MB R3T | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/17/2003 | $0.00 |
| NATIONAL LINEN SERVICE<br>1420 PEACHTREE ST<br>ATLANTA, GA 30309 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/16/2004 | $0.00 |
| NATIONAL LINEN SERVICE<br>4111 PLEASANTDALE RD<br>DORAVILLE, GA 30340 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/31/2006 | $0.00 |
| NATIONAL PRINT GROUP<br>PO BOX 116424<br>ATLANTA, GA 30368-6424 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/27/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NATIONAL PRINT GROUP<br>PO BOX 116424<br>ATLANTA, GA 30368-6424 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2008 | $0.00 |
| NATIONAL PRINTING CO<br>510 N FIFTH ST<br>SAN JOSE, CA 95112 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2004 | $0.00 |
| NATIONAL PROCESSING COMPANY<br>5100 INTERCHANGE WAY<br>LOUISVILLE, KY 40229 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 2/6/2009 | $0.00 |
| NATIONAL REPRODUCTIONS<br>229 WEST 28TH ST<br>NEW YORK, NY 10001 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| NATIONAL REVENUE CORPORATION<br>2323 LAKE CLUB DR<br>COLUMBUS, OH 43232 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/5/2000 | $0.00 |
| NATIONAL SAFETY ALLIANCE INC<br>1000 ALDERMAN DR<br>ALPHARETTA, GA 30005 | THIRD PARTY ADMINISTRATION AGREEMENT - CONTROLLED SUBSTANCES | ASSIGN | 2/14/2005 | $0.00 |
| NATIONAL SEMICONDUCTOR CORPORATION<br>2900 SEMICONDUCTOR DR<br>SANTA CLARA, CA 94051 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/16/2007 | $0.00 |
| NATIONAL SERVICE CENTER<br>15-C PELHAM RIDGE DRIVE<br>GREENVILLE, SC 29615 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| NATIONAL SPINNING COMPANY, INC.<br>1481 W SECOND ST<br>WASHINGTON, NC 27889 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2002 | $0.00 |
| NATIONAL WINE & SPIRITS<br>PO BOX 1602<br>INDIANAPOLIS, IN 46206 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/6/2007 | $0.00 |
| NATIONWIDE ADVERTISING SERVICE, LLC<br>441 VINE ST STE F4510<br>CINCINNATI, OH 45202 | SERVICES AGREEMENT | ASSIGN | 9/30/2002 | $0.00 |
| NATIONWIDE DISTRIBUTION & WAREHOUSING CORPORATION<br>4601 RIVERVIEW BLVD<br>ST LOUIS, MO 63128 | SERVICES AGREEMENT | ASSIGN | 2/23/2005 | $0.00 |
| NATIONWIDE HEALTH PLANS<br>1651 EXPOSITION BOULEVARD NO 100<br>SACRAMENTO, CA 95843 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/3/2006 | $0.00 |
| NATIONWIDE LIFE INSURANCE COMPANY<br>ONE NATIONWIDE PLAZA<br>COLUMBUS, OH 43216 | BUSINES TRAVEL INSURANCE PROVIDER | ASSIGN | 4/1/2010 | $0.00 |
| NATIONWIDE LIFE INSURANCE COMPANY<br>ONE NATIONWIDE PLAZA<br>COLUMBUS, OH 43216 | SALES PRE-HIRE ASSESSMENTS | ASSIGN | 5/10/2010 | $0.00 |
| NATIONWIDE MUTUAL INSURANCE COMPANY<br>ONE NATIONWIDE PLZ<br>COLUMBUS, OH 43215-2220 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2005 | $0.00 |
| NATIONWIDE PAPERS<br>15005 NORTHERN<br>LAMIRADA, CA 90638 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/25/2002 | $0.00 |
| NATIONWIDE SERVICES CO<br>15005 NORTHERN<br>LAMIRADA, CA 90638 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/25/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NATURALAWN OF AMERICA<br>3150 REAR BALTIMORE<br>FINKSBURG, MD 21048 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/10/2003 | $0.00 |
| NAVEED,FAISAL<br>6102 E LINCOLN DR<br>PARADISE VALLEY, AZ 85253-4256 | REGIONAL SALES MANAGER | ASSIGN | 8/31/2009 | $0.00 |
| NAVIGANT INTERNATIONAL<br>84 INVERNESS CIR WEST<br>ENGLEWOOD, CO 80112 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2000 | $0.00 |
| NAVITOR INC<br>7220 WEST WILSON AVE<br>HARWOOD HEIGHT, IL 60706 | STRATEGIC SOUCING AGREEMENT | ASSIGN | 10/28/2008 | $0.00 |
| NAVY EXCHANGE SVC COMMAND (NEXCOM)<br>3280 VIRGINIA BEACH BLVD<br>VIRGINIA BEACH, VA 23452 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2007 | $0.00 |
| NBS SYSTEMS INC.<br>1000 SOUTH OLD RT 66<br>MT OLIVE, IL 62069 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/16/2009 | $0.00 |
| NCB FSB<br>139 S HIGH ST<br>HILLSBORO, OH 45133 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/23/2006 | $0.00 |
| NCDR LLC (KOOL SMILES)<br>400 GALLERIA PKWY SE<br>ATLANTA, GA 30339 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/10/2007 | $0.00 |
| NCI<br>11327 COUNTRYWAY BLVD<br>TAMPA, FL 33626 | SERVICES AGREEMENT | ASSIGN | 3/16/2005 | $0.00 |
| NCI SUPPLIER SERVICES, LLC<br>WILLIAM SQUARE CTR 5215 NORTH OCONNOR STE 200<br>IRVING, TX 75039 | CONSULTING AGREEMENT | ASSIGN | 6/1/2010 | $0.00 |
| NEBCO<br>16 INTERNATIONAL WAY<br>WARWICK, RI 02886 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/12/2003 | $0.00 |
| NEERAV INFORMATION TECHNOLOGY PRIVATE LTD<br>105 PRIM ROSE, SERENE COUNTY - L&T INFOCITY<br>GACCHIBOWLI, HYDERABAD 40322<br>INDIA | CORPORATE CONSULTANT AGREEMENT | ASSIGN | 5/24/2010 | $0.00 |
| NEI GLOBAL RELOCATION COMPANY<br>8701 WEST DODGE RD<br>OMAHA, NE 68114 | RELOCATION SERVICES AGREEMENT | ASSIGN | 7/15/2008 | $0.00 |
| NEIGHBORCARE<br>9 CREEK PKWY<br>BOOTHWYN, PA 19061 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/11/2003 | $0.00 |
| NEIGHBORS CREDIT UNION<br>6300 S LINDBERGH<br>ST LOUIS, MO 63123 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/23/2008 | $0.00 |
| NEIGHBORS CREDIT UNION<br>6300 S LINDBERGH<br>ST LOUIS, MO 63123 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/22/2008 | $0.00 |
| NEIGHBORS CREDIT UNION<br>6300 S LINDBERGH<br>ST LOUIS, MO 63123 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/21/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NELMAR SECURITY PACKAGING SYS INC<br>3100 DES BATISSEURS ST<br>TERREBONNE, J6Y 0A2<br>CANADA | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| NELSON TREE SERVICE, INC.<br>3300 OFFICE PARK DR<br>DAYTON, OH 45439 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/2/2003 | $0.00 |
| NEMOURS FOUNDATION (I.E. DUPONT)<br>1600 ROCKLAND RD<br>WILMINGTON, DE 19899 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/3/2004 | $0.00 |
| NEPS<br>7 STILES RD<br>STE 201<br>SALEM, NH 03079 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/12/2007 | $0.00 |
| NESTLE<br>2132 OLD GEORGIA HWY<br>GAFFNEY, SC 29340 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/18/2004 | $0.00 |
| NETJETS SERVICES INC.<br>4111 BRIDGEWAY AVE<br>COLUMBUS, OH 43219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/3/2005 | $0.00 |
| NETWORK DYNAMICS CABLING, INC<br>1760 DIVIDEND DR<br>COLUMBUS, OH 43228 | VENDOR AGREEMENT | ASSIGN | 9/14/2001 | $0.00 |
| NETWORK PRINTING INC<br>1500 ARLINGTON AVE<br>LOUISVILLE, KY 40206 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| NEUFELD,RACHEL E<br>437 CONGER AVE<br>COLLINGSWOOD, NJ 08108 | SALES REP, 10/04/09 | ASSIGN | 8/1/2008 | $0.00 |
| NEVADA HEALTHCARE COOPERATIVE FKA WASHOE HEALTH SYSTEM, INC.<br>77 PRINGLE WAY<br>RENO, NV 89502 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2000 | $0.00 |
| NEVS INK INC<br>2500 W SUNSET DR<br>WAUKESHA, WI 53189 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/22/2003 | $0.00 |
| NEW BEGINNING ENTERPRISE<br>540 JUDSON AVE<br>YOUNGSTOWN, OH 44511 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/16/2009 | $0.00 |
| NEW ENGLAND MOTOR FREIGHT<br>1 71 NORTH AVE EAST<br>ELIZABETH, NJ | CONTRACT FOR TRANSPORTATION BY MOTOR CARRIER | ASSIGN | 10/10/2001 | $0.00 |
| NEW HERMES, INC.<br>2200 NORTHMONT PKWY<br>DULUTH, GA 30096 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/20/2000 | $0.00 |
| NEW JERSEY BUSINESS FORMS<br>WEST SHEFFIELD AVE<br>ENGLEWOOD, NJ 07631 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/1/2009 | $0.00 |
| NEW JERSEY BUSINESS FORMS MANUFACTURING CORP.<br>WEST SHEFFIELD AVE<br>ENGLEWOOD, NJ 07631 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2001 | $0.00 |
| NEW YORK CITY EMPLOYEES<br>335 ADAMS ST<br>BROOKLYN, NY 11201 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/7/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NEW YORK EYE & EAR INFIRMARY<br>2ND AVE AT 14TH ST<br>NEW YORK, NY 10003 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/4/1991 | $0.00 |
| NEW YORK LIFE<br>51 MADISON AVE<br>NEW YORK, NY 10010 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/12/2009 | $0.00 |
| NEW YORK LIFE INSURANCE COMPANY<br>51 MADISON AVE<br>NEW YORK, NY 10010 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2009 | $0.00 |
| NEW YORK LIFE INSURANCE COMPANY<br>51 MADISON AVE<br>NEW YORK, NY 10010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | NOT DATED | $0.00 |
| NEW YORK TIMES<br>620 EIGHTH AVE<br>NEW YORK, NY 10018 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2008 | $0.00 |
| NEW YORK TIMES COMPANY<br>620 EIGHTH AVE<br>NEW YORK, NY 10018 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2008 | $0.00 |
| NEWELL RUBBERMAID<br>8736 NORTH POINT EXEC DR<br>STE 250<br>HUNTERSVILLE, NC 28078 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/20/2006 | $0.00 |
| NEWELL RUBBERMAID<br>7840 ROSWELL RD<br>NO 200<br>SANDY SPRINGS, GA 30350 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/20/2006 | $0.00 |
| NEWLINE NOOSH, INC. D/B/A NLN GLOBAL<br>1300 ISLAND DR<br>STE 201<br>REDWOOD CITY, CA 94065 | MASTER SERVICES AGREEMENT | ASSIGN | 4/9/2008 | $119,487.00 |
| NEWLINEOOSH, INC.<br>1300 ISLAND DR<br>STE 201<br>REDWOOD CITY, CA 94065 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/21/2010 | $0.00 |
| NEWSPAPER SUPPORT SERVICES, INC<br>1313 N. MARKET STREET, FLOOR 10<br>WILMINGTON, DE 37675 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/23/2003 | $0.00 |
| NEXPAK<br>52 GREEN POND RD<br>ROCKAWAY, NJ 07866 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/7/2001 | $0.00 |
| NEXPAK<br>2444 MEADOWBROOK PARKWAY<br>DULUTH, GA 30096 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/25/2002 | $0.00 |
| NEXTEL COMMUNICATIONS, INC.<br>2001 EDMUND HALLEY DR<br>RESTON, VA 20191 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/30/2003 | $0.00 |
| NFS LEASING, INC.<br>900 CUMMINGS CTR<br>STE 309V<br>BEVERLY, MA 01915 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/22/2009 | $0.00 |
| NICELY,JOHN<br>8482 CYPRESS TR<br>WAYNESVILLE, OH 45068-8397 | VP MARKETING, 03/31/09 | ASSIGN | 9/1/2006 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NICIPHOR JR,PETE A<br>6142 FRIESIAN TERR<br>MOSELEY, VA 23120-1624 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| NIDEC FKA EMERSON MOTOR COMPANY<br>8100 W FLORISSANT<br>ST LOUIS, MO 63136 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/10/1996 | $0.00 |
| NIH FEDERAL CREDIT UNION<br>111 ROCKVILLE PIKE STE 500<br>ROCKVILLE, MD 20852 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2010 | $0.00 |
| NIKE RETAIL SERVICES INC<br>1 BOWERMAN DR<br>BEAVERTON, OR 97005 | GIFT CARD AGREEMENT | ASSIGN | 12/9/2008 | $0.00 |
| NINE WEST<br>1129 WESTCHESTER AVE<br>WHITE PLAINS, NY 10604 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/27/2007 | $0.00 |
| NISCAYAH, INC.<br>PO BOX 644346<br>PITTSBURGH, PA 15264 | MASTER INSTALLATION / SERVICE AGREEMENT | ASSIGN | 2/4/2010 | $0.00 |
| NISSAN MEXICANA, S.A. DE C.V.<br>INSURGENTES SUR 1958 8TH PISO<br>COL FLORIDA, 01030<br>MEXICO | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/29/2004 | $0.00 |
| NISSAN NORTH AMERICA, INC.<br>990 WEST 190TH STREET<br>TORRANCE, CA 90502<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/18/1996 | $0.00 |
| NISSAN NORTH AMERICA, INC.<br>983 NISSAN DR<br>SMYRNA, TN 37167-4405 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/20/2003 | $0.00 |
| NIVA REALTY, S.E.<br>PO BOX 11978<br>SAN JUAN, PR 00922-1978 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 12/4/2000 | $40,966.00 |
| NM TRANSFER CO INC<br>630 MUTTART RD<br>NEENAH, WI 54956 | CARRIER AGREEMENT | ASSIGN | 11/15/2007 | $0.00 |
| NORFOLK SOUTHERN CORPORATION<br>110 FRANKLIN RD S E<br>ROANOKE, VA 24042 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/16/1997 | $0.00 |
| NORGREN, INC.<br>5400 S DELAWARE<br>LITTLETON, CO 80120 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/23/2008 | $0.00 |
| NORRING,DARYL<br>4516 SADDLEWOOD DR<br>MINNETONKA, MN 55345 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/15/2005 | $0.00 |
| NORTH CAROLINA RATE BUREAU<br>5401 SIX FORKS RD<br>RALEIGH, NC 27609 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/19/2005 | $0.00 |
| NORTH SHORE AUTO PARTS<br>66 252 KAMEHAMEHA HWY<br>HALEIWA, HI 96712 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/26/2002 | $0.00 |
| NORTH SHORE MANAGEMENT<br>5 REVERE DR<br>STE 200<br>NORTHBROOK, IL 60062 | CA EARTHQUAKE INSURANCE, NSM30192 | ASSIGN | 8/14/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NORTHBAY HEALTHCARE SYSTEM<br>1031 ALDRIDGE RD STE E<br>VACAVILLE, CA 95688 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/3/2005 | $0.00 |
| NORTHEAST BANK<br>158 CT ST<br>AUBURN, ME 04210 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/3/2005 | $0.00 |
| NORTHEAST MEDICAL CENTER<br>920 CHURCH ST<br>NORTH CONCORD, NC 28025 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/15/2007 | $0.00 |
| NORTHEAST REPROGRAPHICS<br>80 CENTRAL ST<br>BANGOR, ME 04401 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| NORTHEO MANAGEMENT SERVICES LP DBA COLONNADE PROPERTIES LLC<br>30600 TELEGRAPH RD<br>STE 1386<br>BINGHAM FARMS, MI 48025 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/29/2001 | $0.00 |
| NORTHERN AUTOMOTIVE<br>3440 W LEWIS STE E<br>PHOENIX, AZ 85009 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/1990 | $0.00 |
| NORTHERN MICHIGAN HOSPITAL<br>416 CONNABLE AVE<br>PETOSKEY, MI 49770-2212 | CUSTOMER CONTRACT LOP | ASSIGN | 3/8/2006 | $0.00 |
| NORTHFIELD SAVINGS BANK<br>14 MAIN ST<br>NORTHFIELD, VT 05663 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/24/1997 | $0.00 |
| NORTHFIELD SAVINGS BANK<br>33 SOUTH MAIN ST<br>NORTHFIELD, VT 05663 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/16/2000 | $0.00 |
| NORTHSTAR MARKETING COMMUNICATION<br>2001 GEHMAN RD<br>KEVLPSBILLE, PA 19443 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| NORTHSTAR RECYCLING GROUP<br>PO BOX 1450<br>SPRINGFIELD, MA 01101-1450 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/6/2008 | $0.00 |
| NORTHWEST AIRLINES<br>2700 LONE OAK PKWY<br>EAGAN, MN 55121-1534 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/13/2003 | $0.00 |
| NORTHWEST AIRLINES (AEROXCHANGE)<br>2700 LONE OAK PKWY<br>EAGAN, MN 55121-1534 | SERVICES AGREEMENT | ASSIGN | 5/29/2002 | $0.00 |
| NORTHWEST AIRLINES, INC.<br>2700 LONE OAK PKWY<br>EAGAN, MN 55121 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/27/2007 | $0.00 |
| NORTHWEST BUSINESS PARK III LL<br>1827 WALDEN OFFICE SQUARE<br>STE 590<br>SCHAUMBURG, IL 60173- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 3/15/2004 | $0.00 |
| NORTHWEST COMMUNITY HOSPITAL<br>3060 SALT CREEK LN NO 110<br>ARLINGTON HEIGHTS, IL 60005-5027 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 3/1/2009 | $0.00 |
| NORTHWEST COMMUNITY HOSPITAL<br>3060 SALT CREEK LN<br>ARLINGTON HTS, IL 60005 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NORTHWEST HORTICULTURE, LLC<br>14113 RIVERBEND RD<br>MOUNT VERNON, WA 98273 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/20/2005 | $0.00 |
| NORTHWESTERN MEDICAL FACULTY FOUNDATION<br>251 EAST HURON STREET<br>CHICAGO, IL 60611-2908<br>USA | CUSTOMER CONTRACT LOP | ASSIGN | 10/1/2006 | $0.00 |
| NORTHWESTERN MEMORIAL HOSPITAL<br>211 E ONTARIO ST STE 609<br>CHICAGO, IL 60611 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2010 | $0.00 |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY<br>611 E WISCONSIN AVE<br>STE 300<br>MILWAUKEE, WI 53202 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/19/2003 | $0.00 |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY<br>611 E WISCONSIN AVE<br>STE 300<br>MILWAUKEE, WI 53202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/19/2003 | $0.00 |
| NORWALK COMMUNITY HOSPITAL<br>13222 BLOOMFIELD AVE<br>NORWALK, CA 90650 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/1995 | $0.00 |
| NORWOOD OPERATING COMPANY<br>10 WEST MARKET STREET<br>STE 1400<br>INDIANAPOLIS, IN 46204 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2005 | $0.00 |
| NOVA INFORMATION SYSTEMS, INC.<br>ONE CONCOURSE PKWY<br>STE 300<br>ATLANTA, GA 30328 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/11/2003 | $0.00 |
| NOVA INFORMATION SYSTEMS, INC.<br>ONE CONCOURSE PKWY<br>STE 300<br>ATLANTA, GA 30328 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/22/2007 | $0.00 |
| NOVARTIS PHARMACEUTICALS CORP.<br>59 ROUTE 10<br>EAST HANOVER, NJ 07936 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/29/2005 | $0.00 |
| NOVARTIS PHARMACEUTICALS CORPORATION<br>59 ROUTE 10 E<br>HANOVER, NJ 07936-1080 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/29/2005 | $0.00 |
| NOVATION, LLC<br>75 REMITTANCE DRIVE STE 1420<br>CHICAGO, IL 60675 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2009 | $0.00 |
| NOVATION, LLC<br>75 REMITTANCE DRIVE STE 1420<br>CHICAGO, IL 60675 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2009 | $0.00 |
| NOVATION, LLC<br>125 E JOHN CARPENTER FWY<br>IRVING, TX 75014-0909 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/25/2002 | $0.00 |
| NOVEX SYSTEMS LLC (FORMERLY WHEELER PUB.)<br>6400 HILLCREST DR<br>VALLEYVIEW, OH 44125 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| NOW COURIER & NETWORK DELIVERY<br>PO BOX 6945<br>PROVIDENCE, RI 02940 | CARRIER AGREEMENT | ASSIGN | 2/20/2006 | $0.00 |
| NOW COURIER LLC<br>PO BOX 3366<br>PAWTUCKET, RI 02860 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/20/2006 | $0.00 |
| NOW COURIER, LLC<br>PO BOX 3366<br>PAWTUCKET, RI 02860 | CARRIER AGREEMENT | ASSIGN | 2/20/2006 | $0.00 |
| NRECA<br>4301 WILSON BLVD<br>ARLINGTON, VA 22203 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/25/2001 | $0.00 |
| NSF INTERNATIONAL<br>789 N DIXBORO<br>ANN ARBOR, MI 48113 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/31/2003 | $0.00 |
| NSK CORPORATION<br>4200 GROSS RD<br>ANN ARBOR, MI 48105 | SERVICE AND SUPPORT AGREEMENT | ASSIGN | 3/1/2005 | $0.00 |
| NSO PRESS INC (2006-2007)<br>BOX 88532<br>MILWAUKEE, WI 53288-0532 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2006 | $0.00 |
| NSTAR ELECTRIC & GAS CORPORATION<br>1 NSTAR WAY<br>STE 250<br>WESTWOOD, MA 02090 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2003 | $0.00 |
| NUSIGN SUPPLY, INC.<br>1365 DARIUS CT<br>CITY OF INDUSTRY, CA 91745 | RENTAL AGREEMENT | ASSIGN | 5/1/2009 | $22,733.00 |
| NUWAVE TECHNOLOGY INC<br>3259 ST RT 219<br>COLDWATER, OH 45828 | SERVICES AGREEMENT | ASSIGN | 7/30/2007 | $0.00 |
| NYKUN,LORRAINE<br>8689 JE-NE-BE<br>DR  NE<br>ROCKFORD, MI 49341 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| NYLONCRAFT, INC.<br>1640 E CHICAGO RD<br>JONESVILLE, MI 49250 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/22/2005 | $0.00 |
| NYU HOSPITALS CENTER<br>550 560 FIRST AVE<br>NEW YORK, NY 10016 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2007 | $0.00 |
| O J & C COMPANY<br>6345 SKYLINE<br>HOUSTON, TX 77057 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/11/2002 | $0.00 |
| O'BRIEN,IAN M<br>8242 CORAL BELL COURT<br>LIBERTY TWP, OH 45044<br>USA | CIO, 09/17/09 | ASSIGN | 9/21/2006 | $0.00 |
| O'BRIEN,JAMES D<br>2533 E. WHIPP ROAD<br>KETTERING, OH 45440<br>USA | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/23/2010 | $0.00 |
| O'BRIEN,RICHARD J<br>90 PARKVIEW<br>LOWELL, MA 01852<br>USA | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/8/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| O'BRIEN,TIMOTHY P<br>3232 PRYDUN DR.<br>WHITEHALL, PA 18052<br>USA | ACC EXEC, 04/21/09 | ASSIGN | 3/1/1990 | $0.00 |
| OCE' FINANCIAL SERVICES INC<br>5450 N CUMBERLAND AVE<br>CHICAGO, IL 60656 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| OCE FINANCIAL SERVICES, INC.<br>5450 N CUMBERLAND AVE<br>CHICAGO, IL 60656 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/21/2006 | $0.00 |
| OCE' FINANCIAL SERVICES, INC.<br>5600 BROKEN SOUND BLVD<br>BOCA RATON, FL 33487 | LEASING SCHEDULE TO MASTER LEASE | ASSIGN | 10/9/2009 | $0.00 |
| OCE FINANCIALS SERVICES, INC<br>5450 CUMBERLAND AVE<br>CHICAGO, IL 60656 | EQUIPMENT LEASES | ASSIGN | 11/30/2007 | $0.00 |
| OCE FINANCIALS SERVICES, INC.<br>5450 CUMBERLAND AVENUE<br>CHICAGO, IL 60656 | EQUIPMENT SCHEDULE 1003142-010, L1003142, TIMONIUM | ASSIGN | 01/01/2008-<br>12/31/2012 | $0.00 |
| OCE FINANCIALS SERVICES, INC.<br>5451 CUMBERLAND AVENUE<br>CHICAGO, IL 60657 | EQUIPMENT SCHEDULE 1003142-011, L1003142, TIMONIUM | ASSIGN | 04/01/2008-<br>03/31/2013 | $0.00 |
| OCE NORTH AMERICA INC<br>5450 CUMBERLAND AVE<br>CHICAGO, IL 60656 | PURCHASE, MAINTENANCE & SOFTWARE LICENSE | ASSIGN | 8/31/2006 | $0.00 |
| OCE' NORTH AMERICA, INC.<br>5600 BROKEN SOUND BLVD<br>BOCA RATON, FL 33487 | EQUIPMENT PURCHASE, MAINTENANCE & SOFTWARE LICENSE SCHEDULE | ASSIGN | 10/9/2009 | $0.00 |
| OCE' PRINTING SYSTEMS USA, INC.<br>5600 BROKEN SOUND BLVD<br>BOCA RATON, FL 33487 | MASTER MAINTENANCE AGREEMENT | ASSIGN | 11/8/2002 | $0.00 |
| OCE' PRINTING SYSTEMS USA, INC.<br>5600 BROKEN SOUND BLVD<br>BOCA RATON, FL 33487 | MASTER PURCHASE AGREEMENT - LEASE | ASSIGN | 11/8/2002 | $50,633.00 |
| OCE' PRINTING SYSTEMS USA, INC.<br>5600 BROKEN SOUND BLVD<br>BOCA RATON, FL 33487 | MASTER SOFTWARE LICENSE AGREEMENT | ASSIGN | 7/31/2003 | $0.00 |
| OCEAN KING<br>1013 E ASHLAND AVE<br>FOLCROFT, PA 19032 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/3/2003 | $0.00 |
| OCE-USA INC<br>5600 BROKEN SOUND<br>BOCA RATON, FL 33787 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/21/2002 | $0.00 |
| O'CONNOR,MONIKA E<br>79 JENKINS ST.<br>MERRICK, NY 11566<br>USA | SALES REP, 10/22/10 | ASSIGN | 8/1/2008 | $0.00 |
| O'CONNOR,RICHARD C<br>270 BLUE HILLS DR.<br>SOUTHINGTON, CT 06489<br>USA | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| O'DONNELL,JOHN D<br>501 DOGWOOD CT.<br>MOON TOWNSHIP, PA 15108<br>USA | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/21/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| O'DONNELL,PATRICK<br>154 BLAINE ST<br>FAIRFIELD, CT 06824<br>USA | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 4/5/2010 | $0.00 |
| ODYSSEY HEALTHCARE INC.<br>717 NORTH HARWOOD DRIVE STE 1500<br>DALLAS, TX 75201 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/20/2002 | $0.00 |
| OEC GRAPHICS INC<br>PO BOX 2443 ATTN ACCOUNTS RECEIVABLE<br>OSHKOSH, WI 54903 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| OFFICE DEPOT, INC.<br>2200 OLD GERMANTOWN ROAD<br>DELRAY BEACH , FL 39759 | SUPPLY AGREEMENT | ASSIGN | 4/1/2005 | $0.00 |
| OFFICE DEPOT, INC.<br>2200 OLD GERMANTOWN ROAD<br>DELRAY BEACH , FL 39759 | GROUP PURCHASING AGREEMENT - VENDOR | ASSIGN | 11/7/2008 | $0.00 |
| OFFICE ELECTRONICS, INC.<br>DENNIS G. MAHORNEY<br>82 NORTH COUNTRY CLUB ROAD<br>PALM BEACH, FL 33480 | ACQUISITION OF OEI PURSUANT TO A PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN (PURCHASE OF CERTAIN ASSETS) | ASSIGN | 3/23/2000 | $0.00 |
| OFFICE ELECTRONICS, INC.<br>DENNIS G. MAHORNEY<br>82 NORTH COUNTRY CLUB ROAD<br>PALM BEACH, FL 33480 | ACQUISITION OF OEI PURSUANT TO A PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN (PURCHASE OF HOUSTON REAL ESTATE) | ASSIGN | 3/23/2000 | $0.00 |
| OFFICE MAX, INC<br>1331 BOLTONFIELD ST<br>COLUMBUS, OH 43228 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/6/2009 | $0.00 |
| OFFICEMAX INCORPORATED<br>263 SHUMAN BLVD<br>NAPERVILLE, IL 60563 | SERVICES AGREEMENT - OFFICE SUPPLIES | ASSIGN | 4/1/2009 | $0.00 |
| OFFICEMAX NORTH AMERICA, INC.<br>263 SHUMAN BLVD<br>NAPERVILLE, IL 60563 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2006 | $0.00 |
| OFFICIAL OFFSET CORPORATION<br>8600 NEW HORIZONS BLVD BENJAMIN PAULINO<br>AMITYVILLE, NY 11701 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| OGE ENERGY CORPORATION<br>321 N HARVEY<br>OKLAHOMA CITY, OK 73102 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/30/2007 | $0.00 |
| OHIO HEALTH CORPORATION<br>3420 OLENGANGY RIVER RD<br>COLUMBUS, OH 43202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/20/2008 | $0.00 |
| O'KELLY III,SAMUEL G<br>1320 HAMPTON LANE<br>MUNDELEIN, IL 60060<br>USA | STRATEGIC ACCT EXEC - PROMO, 07/27/09 | ASSIGN | 3/24/2008 | $0.00 |
| OKLAHOMA FARM BUREAU MUTUAL INSURANCE<br>2501 N STILES PO BOX 53332<br>OKLAHOMA CITY, OK 73105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2002 | $0.00 |
| OLD REPUBLIC EXCHANGE FACILITATOR COMPANY<br>900 FORT STREET MALL STE 1900<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/2/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| OLYMPUS IMAGING CORPORATION<br>43 2 HATAGAYA 2 CHOME<br>SHIBUYA KU<br>TOYKO,<br>JAPAN | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/8/2009 | $0.00 |
| OLYMPUS PRESS, INC.<br>3400 SOUTH 150TH STREET<br>TUKWILA, WA  39326 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2007 | $0.00 |
| OMAHA PRINT<br>4700 F ST<br>OMAHA, NE 68117-1482 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2008 | $0.00 |
| OMEGA DIAGNOSTICS<br>ONE ST MARY PL<br>SHREVEPORT, LA 71101 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/31/2005 | $0.00 |
| OMERS PRIVATE EQUITY, INC.<br>ATTN: ANDREW PEEL, DIRECTOR LEGAL<br>RBP SOUTH TOWER<br>200 BAY STREET, SUITE 2010<br>TORONTO, M5J 2J2<br>CANADA | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT IN CONNECTION WITH CREDIT FACILITIES 2010 REFINANCE | ASSIGN | 1/12/2010 | $0.00 |
| OMLIN,ERIC A<br>2727 NW QUIMBY ST<br>PORTLAND, OR 97210-2450 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 1/15/2009 | $0.00 |
| OMLIN,LARRY<br>3354 212TH CT SE<br>SAMMAMISH, WA 98075 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 5/28/2009 | $0.00 |
| ONE AMERICA<br>1 AMERICAN SQUARE<br>INDIANAPOLIS, IN 46206 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/21/2005 | $0.00 |
| ONE AMERICA FINANCIAL PARTNERS<br>ONE AMERICAN SQUARE<br>INDIANAPOLIS, IN 46206 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/26/2005 | $0.00 |
| ONE BEACON INSURANCE<br>ONE BEACON LN<br>CANTON, MA 02021 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/5/2008 | $0.00 |
| ONE SOURCE INFORMATION SERVICES<br>300 BAKER AVE<br>CONCORD, MA 01742 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/3/2010 | $0.00 |
| ONPOINT COMMUNITY CREDIT UNION<br>2701 NW VAUGHN<br>STE 800<br>PORTLAND, OR 97210 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 10/5/2006 | $0.00 |
| ONTARIO CREDIT CORP<br>7037 FLY RD<br>E SYRACUSE, NY 13057 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/12/2009 | $0.00 |
| OOBE, INC<br>105 E. NORTH STREET, SUITE 200<br>GREENVILLE , SC  39108 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/26/2007 | $0.00 |
| OPEN TECHNOLOGY SOLUTIONS<br>8085 SOUTH CHESTER ST STE 100<br>CENTENNIAL, CO 80112 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/3/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| OPEN TECHNOLOGY SOLUTIONS LLC (OTS)<br>8085 SOUTH CHESTER STREET STE 100<br>CENTENNIAL, CO 80112 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/12/2008 | $0.00 |
| OPENORDERS INC<br>400 CENTRE ST<br>NEWTON, MA 02458 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 9/12/2000 | $0.00 |
| OPERA SOLUTIONS LLC<br>100 PARK AVE<br>9TH FL<br>NEW YORK, NY 10017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/22/2007 | $0.00 |
| OPERA SOLUTIONS, LLC<br>100 PARK AVE<br>9TH FL<br>NEW YORK, NY 10017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/22/2007 | $0.00 |
| OPINION RESEARCH CORPORATION<br>571 LONG BOW DR<br>MAUMEE, OH 43537 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/15/2004 | $0.00 |
| OPTIMA HEALTH<br>4417 CORPORATION LN<br>VA BEACH, VA 23462 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/9/2009 | $0.00 |
| OPTIMA HEALTH PLAN<br>4417 CORPORATION LN<br>VIRGINIA BEACH, VA 23462-7401 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/8/2010 | $0.00 |
| OPTIO SOFTWARE INC<br>3015 WINDWARD PLZ<br>ALPHARETTA, GA 30005 | MASTER LICENSE AGREEMENT | ASSIGN | 6/27/2005 | $0.00 |
| OPTOVUE<br>45531 NORTHPORT LOOP<br>FREMONT, CA 94538 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/8/2008 | $0.00 |
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD CITY, CA 94065 | ORACLE LICENSE AGREEMENT | ASSIGN | NOT DATED | $0.00 |
| ORACLE CORPORATION<br>PO BOX 71028<br>CHICAGO, IL 60694-1028 | LICENSE AND SERVICE AGREEMENT | ASSIGN | 8/30/2004 | $0.00 |
| ORACLE CREDIT CORPORATION<br>500 ORACLE PKWY<br>REDWOOD, CA 94065 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/17/2004 | $0.00 |
| OREGON HEALTH & SCIENCE UNIVERSITY<br>2525 SW FIRST AVENUE STE 140<br>PORTLAND, OR 97201-4753 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2010 | $0.00 |
| OREGON HEALTH & SCIENCE UNIVERSITY<br>3930 SW MACADAM AVE<br>MC104<br>PORTLAND, OR 97201 | BUSINESS ASSOCIATE ADDENDUM | ASSIGN | 4/14/2003 | $0.00 |
| ORGANIZATIONAL CONSULTING GROUP<br>36550 CHESTER RD<br>STE 5408<br>AVON, OH 44011 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/15/2006 | $0.00 |
| ORIZON INGENUITY<br>1555 S. COMMERCIAL STREET<br>NEENAH, WI 39310 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/16/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| OSCAR T SMITH COMPANY<br>901 E FAYETTE ST<br>BALTIMORE, MD 21202 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| OSU FEDERAL CREDIT UNION<br>PO BOX 306<br>CORVALLIS, OR 97339 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/2/2002 | $0.00 |
| OSU FEDERAL CREDIT UNION<br>PO BOX 306<br>CORVALLIS, OR 97339 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/29/2002 | $0.00 |
| OTEN,MELODIE C<br>15201 CLEARWATER TR<br>NO 204<br>CHESTERFIELD, VA 23832-1917 | ACCOUNT MANAGER, 12/30/09 | ASSIGN | 8/1/2008 | $0.00 |
| OTIS WAREHOUSE III, INC.<br>C/O LINCOLN PROPERTY COMPANY<br>67 SOUTH BEDFORD ST<br>BURLINGTON, MA 01803- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2004 | $0.00 |
| OUTLOOK GROUP CORP<br>DEPT NO 5294PO BOX 3090<br>MILWAUKEE, WI 53201 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| OUTRIGGER ENTERPRISES, INC.<br>2375 KUHIO AVE<br>HONOLULU, HI 96815 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2009 | $0.00 |
| OVERLAKE HOSPITAL MEDICAL CENTER<br>1035 116TH AVE NE<br>BELLEVUE, WA 98004 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/14/2004 | $0.00 |
| OXFORD CONTAINER, CORP<br>PO BOX 98<br>NEW OXFORD, PA 37917 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/23/2003 | $0.00 |
| OXFORD LITHO GRAPHIC<br>44 WEST 28TH ST<br>NEW YORK, NY 10001 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2007 | $0.00 |
| OXFORD MERGERS & ACQUISITIONS<br>4685 MACARTHUR CT<br>NEWPORT BEACH, CA 92660 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/1/2009 | $0.00 |
| P & A GROUP<br>17 CT ST STE 500<br>BUFFALO, NY 14202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/28/2003 | $0.00 |
| P + O NED LLOYD<br>ONE MEADOWLANDS PLAZA<br>EAST RUTHERFORD, NJ 07073<br>USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/15/2000 | $0.00 |
| PACCAR INC<br>777 106TH AVE<br>BELLEVUE, WA 98004 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/18/2003 | $0.00 |
| PACE,JERRY<br>5390 BRITTAINYWOOD<br>RD<br>KERNERSVILLE, NC 27284-9693 | SALES REPRESENTATIVE AGREEMENT, 01/28/11 | ASSIGN | 6/15/2009 | $0.00 |
| PACER STACKTRAIN<br>1111 BROADWAY<br>OAKLAND, CA 94607 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2000 | $0.00 |
| PACIFIC COAST BUILDING PRODUCTS, INC.<br>3001 I ST<br>SACRAMENTO, CA 95816 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/30/2003 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PACIFIC COPY & PRINT<br>1700 N MARKET<br>SACRAMENTO, CA 95834 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2004 | $0.00 |
| PACIFIC GAS & ELECTRIC<br>PO BOX 7760<br>SAN FRANCISCO, CA 94120-7760 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/28/2003 | $0.00 |
| PACIFIC LIFE INSURANCE<br>PO BOX 9000<br>300 BAR HARBOR DR<br>NEWPORT BEACH, CA 92658-9030 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/8/2004 | $0.00 |
| PACIFIC PRINTING & FULFILLMENT<br>2645 MERCANTILE DR<br>RANCHO CORDOVA, CA 95742 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PACIFIC RIM CAPITAL INC<br>15 ENTERPRISE<br>STE 400<br>ALISO VIEJO, CA 92656 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/22/2008 | $0.00 |
| PACIFIC RIM CAPITAL, INC.<br>15 ENTERPRISE<br>STE 400<br>ALISO VIEJO, CA 92656 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/22/2008 | $0.00 |
| PACIFICORP<br>825 NE MULTNOMAH<br>PORTLAND, OR 97232 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2002 | $0.00 |
| PACKAGING CORPORATION OF AMERICA<br>1900 WEST FIELD CT<br>LAKE FOREST, IL 60045 | CONTAINER SALES AGREEMENT | ASSIGN | 1/1/2010 | $112,941.10 |
| PACTRUST<br>1498 SE TECH CTR PL<br>NO 150<br>VANCOUVER, WA 98683 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/10/2004 | $0.00 |
| PADGETT PRINTING<br>PO BOX 910460<br>DALLAS, TX 75391-0460 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| PAETEC SOFTWARE CORPORATION<br>600 WILLOWBROOK OFFICE PARK<br>FAIRPORT, NY 14450 | LICENSE AND MAINTENANCE AGREEMENT | ASSIGN | 3/6/2006 | $0.00 |
| PAGEFLEX INC<br>215 FIRST ST<br>CAMBRIDGE, MA 02142 | LICENSE AGREEMENT | ASSIGN | 12/22/2000 | $0.00 |
| PAISLEY,ROBERT L<br>4532 BROOKWOOD RD<br>CHARLOTTE, NC 28215-8730 | ACCOUNT MANAGER, 04/20/09 | ASSIGN | 3/3/2006 | $0.00 |
| PALEN,JOANN<br>407 AMY DR<br>ABINGDON, MD 21009-1549 | SALES SUPPORT AGREEMENT | ASSIGN | 4/14/2008 | $0.00 |
| PALM BEACH CAPITAL PARTNERS<br>ATTN: RICHARD SCHLANGER<br>505 SOUTH FLAGLER STREET, SUITE 1400<br>WEST PALM BEACH, FL 33401 | NONDISCLOSURE AGREEMENT IN CONNECTION WITH THE SALE UNITED ENVELOPE, LLC | ASSIGN | 1/19/2009 | $0.00 |
| PAL-MED<br>16400 NW 2ND AVE<br>STE 203<br>NORTH MIAMI BEACH, FL 33169- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 8/1/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PALOMAR POMERADO HEALTH<br>15255 INNOVATION DR STE 204<br>SAN DIEGO, CA 92128 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/8/2006 | $0.00 |
| PANATTONI DEVELOPMENT<br>2001 KIRBY S<br>501<br>HOUSTON, TX 77019 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/17/2002 | $0.00 |
| PANINI NORTH AMERICA<br>577 CONGRESS PARK DR<br>DAYTON, OH 45459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/6/2004 | $0.00 |
| PANORAMA VALLEY/GREECE OBSTETRICS AND GYNECOLOGY<br>1401 STONE RD<br>ROCHESTER, NY 14615 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/13/1994 | $0.00 |
| PAPER SOLUTIONS<br>5335 S NATIONAL DR<br>KNOXVILLE, TN 37914 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| PAPER SOLUTIONS, LLC<br>5335 S NATIONAL DR<br>KNOXVILLE, TN 37914 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/29/2009 | $0.00 |
| PAPER SYSTEMS INC<br>185 S. PIONEER BLVD<br>SPRINGBORO, OH 45066 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PARACHUTE MARKETING GROUP LLC<br>60 REVERE DRIVE STE 820<br>NORTHBROOK, IL 60062 | CONSULTING AGREEMENT | ASSIGN | 6/5/2008 | $0.00 |
| PAR-A-DICE HOTEL CASINO<br>21 BLACKJACK BLVD<br>EAST PEORIA, IL 61611 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/27/2009 | $0.00 |
| PARADISE BEVERAGES<br>94 1450 MOANIANI ST<br>WAIPAHU, HI 96797 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/26/2002 | $0.00 |
| PARAGON GROUP<br>PO BOX 7518<br>OLYMPIA, WA 98507 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 4/2/2009 | $0.00 |
| PARAGON GROUP (THE)<br>PO BOX 7518<br>OLYMPIA, WA 98507 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/3/2009 | $0.00 |
| PARAGON GROUP (UK) LIMITED<br>ROYEX HOUSE ALDERMANBURY SQUARE<br>LONDON, EC2V 7HR<br>ENGLAND | NON-DISCLOSURE | ASSIGN | 6/2/2006 | $0.00 |
| PARAGON GROUP (UK) LIMITED<br>ROYEX HOUSE ALDERMANBURY SQUARE<br>LONDON, EC2V 7HR<br>ENGLAND | AGREEMENT FOR PROVISION OF PRODUCTS AND/OR SERVICES | ASSIGN | 7/3/2001 | $0.00 |
| PARAGON GROUP (UK) LIMITED<br>ROYEX HOUSE ALDERMANBURY SQUARE<br>LONDON, EC2V 7HR<br>ENGLAND | AGREEMENT FOR REFERRAL OF BUSINESS | ASSIGN | 7/3/2001 | $0.00 |
| PARK MANAGEMENT GROUP<br>4770 S ATLANTA RD<br>SMYRNA, GA 30080 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| PARK PLACE TECHNOLOGIES, INC.<br>8401 CHAGRIN RD<br>CLEVELAND, OH 44023 | MAINTENANCE SERVICE AGREEMENT | ASSIGN | 4/30/2010 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PARKDALE MILLS<br>501 W 10TH ST<br>CHARLOTTE, NC 28202 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/3/1997 | $0.00 |
| PARTHENON REALTY INSURANCE COMPANY, LLC<br>11700 GREAT OAKS<br>STE 200<br>NORCROSS, GA 30092 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| PARTNERS PRESS<br>PO BOX 628<br>OAKS, PA 19456-0628 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PASADENA FEDERAL CREDIT UNION<br>1038 S FAIR OAKS AVE<br>PASADENA, CA 91109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/10/1995 | $0.00 |
| PASSPORT AMERICA<br>602 S MAIN STREEET<br>CRESTVIEW, FL 32536 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| PASTA MILL, LTD., THE<br>12803 149TH ST NW<br>EDMONTON, AB T5L 2J7 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/12/2004 | $0.00 |
| PATENTED PRINTING<br>1630 E SECOND ST<br>DAYTON, OH 45403 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PATRIOT GROUP<br>PO BOX 10761<br>LANCASTER, PA 38729 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/12/2006 | $0.00 |
| PAYDAY USA<br>5901 PEACHTREE DUNWOODY RD STE A 550<br>ATLANTA, GA 30328 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/14/2002 | $0.00 |
| PAYMETRIC INC<br>13340 NORTHWEST FWY<br>STE 900<br>HOUSTON, TX 77040 | MASTER SOFTWARE LICENSE AND SERVICES AGREEMENT | ASSIGN | 3/31/2005 | $0.00 |
| PB SYSTEMS INC<br>230 COMMERCE NO 180<br>IRVINE, CA 92602 | SERVICES AGREEMENT | ASSIGN | 9/7/2006 | $0.00 |
| PB SYSTEMS, INC.<br>230 COMMERCE NO 180<br>IRVINE, CA 92602 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/14/2005 | $0.00 |
| PBC SAN MATEO, LLC<br>1900 SOUTH NORFOLK<br>STE 350<br>SAN MATEO, CA 94403- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 6/25/2010 | $0.00 |
| PCI GROUP, INC.<br>185 OSER AVE<br>HAUPPAUGE, NY 11788 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/3/2003 | $0.00 |
| PECOS I-215 EXECUTIVE SUITES LLC.<br>9017 S PECOS RD<br>NO 4500<br>HENDERSON, NV 89074 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 11/1/2009 | $0.00 |
| PELCO<br>3500 PELCO WAY<br>FRESNO, CA 93612 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/11/2005 | $0.00 |
| PELGER,MICHAEL M<br>2404 FAIRBANKS DR<br>CLEARWATER, FL 33764-2812 | DEALER CONSULT, 10/13/09 | ASSIGN | 2/14/1999 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PENN LIBERTY BANK<br>353 W LANCASTER AVE<br>WAYNE, PA 19087 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/9/2004 | $0.00 |
| PENN MUTUAL LIFE INS CO (PML)<br>600 DRESHER RD<br>HORSHAM, PA 19044 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2010 | $0.00 |
| PENN MUTUAL LIFE INS. CO.<br>600 DRESHER RD<br>HORSHAM, PA 19044 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 9/5/2006 | $0.00 |
| PENN MUTUAL LIFE INSURANCE COMPANY<br>600 DRESHER RD<br>HORSHAM, PA 19044 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/16/2007 | $0.00 |
| PENN-GROVER ENVELOPE, CORP.<br>STUART GROVER<br>2 TRAILS END<br>CHAPPAQUA, NY 10514<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS,<br>CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 10/5/1998 | $0.00 |
| PENNOCK HOSPITAL<br>1009 W GREEN ST<br>HASTINGS, MI 49058 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/15/1992 | $0.00 |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY<br>1200 N 7TH ST<br>HARRISBURG, PA 17102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/30/2009 | $0.00 |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY AND ITS AFFILIATED<br>COMPANIES<br>1900 DERRY ST<br>HARRISBURG, PA 17105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/11/1996 | $0.00 |
| PENSKE TRUCK LEASING CO., L.P.<br>RT 10 GREEN HILLS<br>PO BOX 563<br>READING , PA  19603-0563 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/29/2001 | $0.00 |
| PENSKE TRUCK LEASING CO, LP<br>RT 10 GREEN HILLS<br>READING, PA 19607 | VEHICLE LEASE SERVICE AGREEMENT | ASSIGN | 1/9/2006 | $0.00 |
| PENSKE TRUCK LEASING CO., L.P.<br>RT 10 GREEN HILLS<br>READING, PA 19607 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| PENSKE TRUCK LEASING CO., L.P.<br>2470 WESTBELT DR<br>COLUMBUS, OH 43228-3825 | AUTO LEASE | ASSIGN | 1/9/2006 | $0.00 |
| PENSKE TRUCKING LEASING CO., LP<br>RT 10 GREEN HILLS<br>READING, PA 19607 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/3/2009 | $0.00 |
| PEOPLES BANK & TRUST COMPANY<br>5840 W 74TH ST<br>INDIANAPOLIS, IN 46278 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/23/1998 | $0.00 |
| PEOPLE'S UNITED BANK<br>PO BOX 1580<br>BRIDGEPORT, CT 06601-1580<br>USA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/9/2008 | $0.00 |
| PEOPLESOFT, INC.<br>PO BOX 71028<br>CHICAGO, IL 60694 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/18/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PEOPLESOFT, INC.<br>PO BOX 71028<br>CHICAGO, IL 60694 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/18/2003 | $0.00 |
| PEOPLIS,GREGORY J<br>2009 3RD ST<br>MOLINE, IL 61265 | ACCOUNT MANAGER, 12/01/09 | ASSIGN | 11/10/1998 | $0.00 |
| PEPPERDINE UNIVERSITY<br>24255 PACIFIC COAST HWY<br>MALIBU, CA 90263 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/25/2001 | $0.00 |
| PEPSICO<br>555 W MONROE<br>CHICAGO, IL 60661 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/24/2007 | $0.00 |
| PER SE TRANSACTION SERVICES, INC.<br>2840 MOUNT WILKINSON PKWY<br>ATLANTA, GA 30339 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2002 | $0.00 |
| PERFECT CHINA SUPPLIES LIMITED<br>RM P 4/F BLK 3 CAMEL PAINT BLDG<br>60 HOI YUEN RD<br>KWUN TONG KOWIOON,<br>HONG KONG | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT - VENDOR | ASSIGN | 7/24/2002 | $0.00 |
| PERFECT COMMERCE INC<br>PO BOX 12079<br>NEWPORT NEWS, VA 23612 | PROFESSIONAL SERVICES AGREEMENT | ASSIGN | 5/25/2004 | $2,575.00 |
| PERFECT OUTPUT OF KANSAS CITY, LLC<br>4860 COLLEGE BLVD<br>LEAWOOD, KS 66211 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/21/2009 | $0.00 |
| PERFECT OUTPUT OF KANSAS CITY, LLC<br>4860 COLLEGE BLVD<br>LEAWOOD, KS 66211 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/21/2009 | $0.00 |
| PERFECTION GROUP, INC.<br>2649 COMMERCE BLVD<br>CINCINNATI, OH 45241 | HVAC (CINCINNATI) | ASSIGN | 7/18/2002 | $0.00 |
| PERFORMANCE MARKETING<br>1501 42ND ST<br>W DEMOINES, IA 50314 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/7/2006 | $0.00 |
| PERFORMANCE OFFICE PAPERS, INC.<br>PERFORMANCE OFFICE PAPERS, INC.<br>PO BOX 1486<br>MINNEAPOLIS, MN 55480<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 4/6/2000 | $0.00 |
| PERFUMANIA INC<br>35 SAWGRASS DR STE 2<br>BELLPORT, NY 11713 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/12/2010 | $0.00 |
| PERMACEL<br>8485 PROSPECT AVE<br>KANSAS CITY, MO 64132 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/12/2003 | $0.00 |
| PERRONE ENTERPRISES<br>55C PLANT AVE<br>HAUPPAUGE, NY 11788 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PERRY,TODD H<br>1635 46TH AVE SW<br>SEATTLE, WA 98116-1627 | DIR STRATEGIC ACCTS, 12/03/10 | ASSIGN | 9/1/2009 | $0.00 |
| PERSHING HEALTH SYSTEM<br>130 E LOCKLING ST<br>BROOKFIELD, MO 64628-2337 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PERSHING LLC<br>ONE PERSHING PLZ<br>4TH FL<br>JERSEY CITY, NJ 07399 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/15/2004 | $0.00 |
| PERSHING LLC<br>ONE PERSHING PLZ<br>4TH FL<br>JERSEY CITY, NJ 07399 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/17/2004 | $0.00 |
| PETERS,CRAIG<br>3202 S BOSTON CT<br>DENVER, CO 80231-6420 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/18/2009 | $0.00 |
| PETLAND, INC.<br>250 RIVERSIDE ST<br>CHILLICOTHE, OH 45601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/4/2001 | $0.00 |
| PETRO, JOCELYN<br>801 BIDDLE ST<br>1ST FL<br>ARDMORE, PA 19003 | CONSULTANT AGREEMENT | ASSIGN | 2/25/2008 | $0.00 |
| PETRO-VALUE/ASAP<br>11248 EAST HARDY ST<br>HOUSTON, TX 77093 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/18/2002 | $0.00 |
| PETSKY PRUNIER LLC<br>40 WALL STREET, 10TH FLOOR<br>NEW YORK, NY 10005 | NONDISCLOSURE LETTER AGREEMENT | ASSIGN | 2/5/2009 | $0.00 |
| PETSMART<br>7650 W LATHAM ST<br>PHOENIX, AZ 85043 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/21/2002 | $0.00 |
| PFB MEMBER SERVICE<br>510 S 31ST<br>CAMP HILL, PA 17011 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/14/2003 | $0.00 |
| PFG VENURES, L.P. DBA PROFORMA<br>ATTN: DARLENE MALICKI<br>C/O PROFORMA<br>6800 EAST PLEASANT VALLEY ROAD<br>CLEVELAND, OH 44131 | MUTUAL NONDISCLOSURE AGREEMENT | ASSIGN | 3/15/2007 | $0.00 |
| PFIZER INC.<br>235 EAST 42ND ST<br>NEW YORK, NY 10017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2009 | $0.00 |
| PFIZER INC.<br>150 E 42ND ST<br>NEW YORK, NY 10017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/27/2004 | $0.00 |
| PFPC INC.<br>400 BELLEVUE PKWY<br>WILMINGTON, DE 19809 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/25/2007 | $0.00 |
| PHARMACEUTICAL CARE NETWORK<br>2441 WARRENVILLE RD STE 610<br>LISLE, IL 60532 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/26/2004 | $0.00 |
| PHE, INC.<br>202 MEADOWLAND DR<br>HILLSBOROUGH, NC 27278 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/1999 | $0.00 |
| PHEAA (PA HIGHER ED ASST AGENCY)<br>1200 N SEVENTH ST HQ6,<br>HARRISBURG, PA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/30/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PHG TECHNOLOGIES LLC<br>7101 EXECUTIVE CTR DR<br>STE 201<br>BRENTWOOD, TN 37027 | NONEXCLUSIVE DISTRIBUTOR AGREEMENT | ASSIGN | 9/7/2004 | $0.00 |
| PHILIP INDUSTRIAL SERIVCES, USA<br>9700 HIGGINS RD STE 750<br>ROSEMONT, IL 60018 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/30/2000 | $0.00 |
| PHILIPS ELECTRONICS NORTH AMERICA<br>1251 AVE OF THE AMERICAS<br>NEW YORK, NY 10020 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2005 | $0.00 |
| PHILIPS INTERNATIONAL B.V.<br>PO BOX 567<br>8910<br>NEW YORK, NY 10017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/9/2003 | $0.00 |
| PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.<br>417 THIRD AVE<br>ALBANY, GA 31702 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/26/2002 | $0.00 |
| PHOENIX INSURANCE COMPANY<br>300 WINDSOR ST<br>HARTFORD, CT 06120 | ALL INSURANCE POLICIES ISSUED BY THE TRAVELERS INDEMNITY COMPANY AND ITS AFFILIATES ("TRAVELERS") AND DEBTORS, AS INSUREDS, INCLUDING WORKERS' COMPENSATION AND GENERAL AND AUTOMOBILE LIABILITY POLICIES; ANY AGREEMENTS PRESCRIBING PREMIUM, REIMBURSEMENT, AND OTHER FINANCIAL OBLIGATIONS OWED TO TRAVELERS, INCLUDING THE PROVISION AND MAINTENANCE OF COLLATERAL BACKING THE OBLIGATIONS OF THE DEBTORS OWED TO TRAVELERS; AND ANY RELATED AGREEMENTS, FOR THE PERIOD BEGINNING APRIL 1, 2003 TO THE PRESENT, INCLUDING THE CURRENT POLICY YEAR THAT CONTINUES THROUGH AUGUST 1, 2011. | ASSIGN | 8/1/2010 -8/1/2011 | $0.00 |
| PHONE DIRECTORIES COMPANY, INC.<br>135 S MOUNTAINWAY DR<br>OREM, UT 84058 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/11/2003 | $0.00 |
| PHROPHIX SOFTWARE<br>2 ROBERT SPEAK PKWAY, SUITE 600<br>MISSISSAUGA, ONTARIO 37784<br>CANADA | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/12/2003 | $0.00 |
| PHYSICIAN COMPUTER NETWORK, INC.<br>225 CHRISTIANAI ST<br>CRANFORD, NJ 07016 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/14/1990 | $0.00 |
| PHYSICIANS BILLING MANAGEMENT<br>20600 CHAGRIN BLVD STE 450<br>SHAKER HEIGHTS, OH 44122 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/1998 | $0.00 |
| PICARIELLO,DONALD<br>612 FULLER ST<br>LUDLOW, MA 01056-1311 | SALES SUPPORT AGREEMENT | ASSIGN | 6/7/2010 | $0.00 |
| PINEBRIDGE INVESTMENTS LLC<br>ATTN: BRIAN BRENNAN, VICE PRESIDENT & ASSISTANT GENERAL COUNSEL<br>277 PARK AVE., 42ND FLOOR<br>NEW YORK, NY 10172 | CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT | ASSIGN | 1/7/2010 | $0.00 |
| PINKERTON SYSTEMS INTEGRATION<br>1440 KEMPER MEADOW DR<br>CINCINNATI, OH 45240 | LETTER OF AGREEMENT | ASSIGN | 8/31/2001 | $0.00 |
| PINNACLE HEALTH<br>409 S 2ND ST<br>HARRISBURG, PA 17104 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/23/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PINNACLE HEALTH<br>PO BOX 8700<br>HARRISBURG, PA 17105-8700 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/26/2007 | $0.00 |
| PIONEER INVESTMENT MANAGEMENT USA INC.<br>60 STATE ST<br>BOSTON, MA 02109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/24/2004 | $0.00 |
| PIONEER INVESTMENTS MANAGEMENT, INC.<br>60 STATE ST<br>BOSTON, MA 02109 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/6/2003 | $0.00 |
| PIONEER STANDARD<br>4800 EAST 131ST STREET<br>CLEVELAND , OH 37784 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/12/2003 | $0.00 |
| PIP PRINTING & DOCUMENT SERVICE (2005)<br>612 E ARLINGTON BLVD<br>GREENVILLE, NC 27858 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2005 | $0.00 |
| PISENTI, MIKE J.<br>1274 GREENBROOK DR<br>DANVILLE, CA 94526 | REGIONAL SALES MANAGER | ASSIGN | 6/17/2009 | $0.00 |
| PITNEY BOWES<br>PO BOX 371887<br>PITTSBURGH, PA 15250-7887 | EQUIPMENT LEASES | ASSIGN | 12/20/2006 | $11,170.69 |
| PITNEY BOWES<br>2225 AMERICAN DR<br>NEENAH, WI 5495--1005 | EQUIPMENT LEASES | ASSIGN | 3/27/2002 | $0.00 |
| PITNEY BOWES<br>2225 AMERICAN DR<br>NEENAH, WI 5495--1005 | EQUIPMENT LEASES | ASSIGN | 4/22/2005 | $0.00 |
| PITNEY BOWES<br>PO BOX 856390<br>LOUISVILLE, KY 40285-6390 | EQUIPMENT LEASES | ASSIGN | 6/29/2005 | $0.00 |
| PITNEY BOWES - TIMONIUM<br>2225 AMERICAN DR<br>ATTN STACEY DATTA<br>NEENAH, WI 54956 | CAMERA PURCHASE | ASSIGN | 3/25/2010 | $0.00 |
| PITNEY BOWES CREDIT CORP<br>27 WATERVIEW<br>SHELTON, CT 06484 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/30/2010 | $0.00 |
| PITNEY BOWES CREDIT CORPORATION<br>2225 AMERICAN DR<br>NEENAH, WI 54956 | EQUIPMENT LEASES | ASSIGN | 5/9/2003 | $0.00 |
| PITNEY BOWES CREDIT CORPORATION<br>2225 AMERICAN DR<br>NEENAH, WI 54956 | EQUIPMENT LEASES | ASSIGN | 12/20/2004 | $0.00 |
| PITNEY BOWES CREDIT CORPORATION<br>2225 AMERICAN DR<br>NEENAH, WI 54956 | EQUIPMENT LEASES | ASSIGN | 11/7/2006 | $0.00 |
| PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC<br>27 WATERVIEW<br>SHELTON, CT 06484 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/30/2010 | $0.00 |
| PITNEY BOWES INC THROUGH ITS INTERNATIONAL MAIL SERVICES DIVISION<br>2225 AMERICAN DR<br>NEENAH, WI 54956 | MAIL PROCESSING/FREIGHT | ASSIGN | 8/31/2009 | $0.00 |
| PITT OHIO EXPRESS, INC.<br>15 27TH ST<br>PITTSBURGH, PA 15222-4729 | CARRIER AGREEMENT | ASSIGN | 8/1/1998 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PITTSBURGH NINTH STREET ASSOC<br>209 NINTH ST<br>STE 203<br>PITTSBURGH, PA 15222- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 5/1/2001 | $0.00 |
| PIZZUTI COMPANIES, THE<br>2 MIRANOVA PL<br>STE 800<br>COLUMBUS, OH 43215 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/13/2004 | $0.00 |
| PLAINFIELD ASSET MANGEMENT LLC<br>ATTN: ZIL HUMA<br>55 RAILROAD AVE.<br>PLAZA LEVEL<br>GREENWICH, CT 06830 | NONDISCLOSURE LETTER AGREEMENT RE POTENTIAL INVESTMENT | ASSIGN | 10/22/2008 | $0.00 |
| PLANET BEACH FRANCHISING CORPORATION<br>5161 TARAVALLA RD<br>MARRERO, LA 70072 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/11/2006 | $0.00 |
| PLANTATION SWEETS<br>RT NO 2 BOX 374<br>COBBTOWN, GA 30420 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/16/2002 | $0.00 |
| PLANTE & MORAN, PLLC (ALSO TAKATA)<br>27400 NORTHWESTERN HWY<br>SOUTHFIELD, MI 48037 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/30/2009 | $0.00 |
| PLAXCO,THERESA A<br>15418 DOWNFORD DR<br>TOMBALL, TX 77377 | ACCOUNT MANAGER, 03/31/09 | ASSIGN | NOT DATED | $0.00 |
| PLAYMAKER GRAPHICS, LLC<br>5396 DUNTEACHIN DR<br>ELLICOTT CITY, MD 21043 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/16/2008 | $0.00 |
| PLEASANTS HARDWARE CO (MCI CRAFTSMEN)<br>161 JOHN ROBERTS RD<br>S PORTLAND, ME 04106 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/15/2004 | $0.00 |
| PLEC,GREGORY M<br>3704 LILAC DR<br>MEDINA, MN 55340-9814 | REG SALES MGR, 11/02/10 | ASSIGN | 9/10/2009 | $0.00 |
| PLM GROUP LTD.<br>ATTN: MR. ROBERT ELLIS, MANAGING DIRECTOR<br>C/O SCOTIA CAPITAL INC.<br>10 KING STREET, WEST<br>BOX 4085, STATION "A"<br>TORONTO, ONTARIO, M5W 2X6<br>CANADA | CONFIDENTIALITY LETTER AGREEMENT RE POTENTIAL TRANSACTION | ASSIGN | 7/16/2007 | $0.00 |
| PLUM VIEW MARKETING<br>6 HURON DRIVE<br>NATICK , MA  39248 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/18/2008 | $0.00 |
| PLUMVIEW MARKETING<br>6 HURON DRIVE<br>NATICK , MA  39248 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/15/2007 | $0.00 |
| PLUMVIEW MARKETING<br>6 HURON DRIVE<br>NATICK , MA  39248 | STRATEGIC SOURCING AGREEMENT | ASSIGN | 1/1/2009 | $0.00 |
| PNC BANK , N.A.<br>PO BOX 821523<br>PHILADELPHIACINCINNATI, PAOH 19182-152345202 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/7/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PNC BANK, NA<br>249 FIFTH AVE<br>PITTSBURGH, PA 15222<br>USA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/12/2003 | $0.00 |
| PNC BANK, NATIONAL ASSOCIATION<br>500 FIRST AVE<br>PITTSBURGH, PA 15219 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/26/2009 | $0.00 |
| PNC BANK, NATIONAL ASSOCIATION<br>500 FIRST AVE<br>PITTSBURGH, PA 15219 | PURCHASING CARD AGREEMENT | ASSIGN | 5/25/2004 | $0.00 |
| PNEUMATIC SCALE<br>10 ASCOT PKWY<br>CUYAHOGA FALLS, OH 44223 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/12/2005 | $0.00 |
| POINT CENTER FINANCIAL, INC.<br>30900 RANCHO VIEJO ROAD STE 100<br>SAN JUAN CAPISTRANO, CA 92675 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/11/2005 | $0.00 |
| POLYVISION CORP.<br>2170 BARR SLOPE RD<br>DIXONVILLE, PA 15784 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/24/2002 | $0.00 |
| POMEROY IT SOLUTIONS, HEBRON<br>1020 PETERSBURG ROAD<br>HEBRON, KY 37645 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/24/2003 | $0.00 |
| POMEROY IT SOLUTIONS-COLUMBUS<br>1357 DUBLIN ROAD<br>COLUMBUS, OH 37631 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/10/2003 | $0.00 |
| POMEROY IT SOLUTIONS-DAYTON<br>478 WINDSOR PARK DRIVE<br>DAYTON , OH 39829 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/16/2009 | $0.00 |
| POORE,CHERYL L<br>8842 WASHINGTON<br>COLONY DR<br>CENTERVILLE, OH 45458 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 3/18/2010 | $0.00 |
| POPULAR, INC.<br>PO BOX 362708<br>SAN JUAN, PR 00936-2708 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2006 | $0.00 |
| PORT HURON HOSPITAL<br>1221 PINE GROVE AVE<br>PORT HURON, MI 48060 | CUSTOMER CONTRACT LOP | ASSIGN | 6/19/2006 | $0.00 |
| PORTER ENGINEERED SYSTEMS, INC.<br>19635 U S 31 NORTH<br>WESTFIELD, IN 46074 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/28/2006 | $0.00 |
| POSH BAGEL, THE<br>3957 RIVERMARK PLZ<br>SANTA CLARA, CA 95054 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/3/2000 | $0.00 |
| POSSIBLENOW<br>4400 RIVER GREEN PKWY<br>STE 100<br>DULUTH, GA 30096 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/28/2008 | $0.00 |
| POUDREVALLEY HOSPITAL<br>1024 SOUTH LEMAY AVE<br>FT COLLINS, CO 80524 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/1/2004 | $0.00 |
| POWELL,DERRYK R<br>1217 STEINBECK WAY<br>APT B<br>FAIRBORN, OH 45324-8729 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 3/18/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PP INDIANAPOLIS V PROJECT CORP<br>C/O HDG MANSUR INV SERVICES<br>1200 W MARKET ST<br>INDIANAPOLIS, IN 46204-2960 | LESSEE - COMMERCIAL REAL ESTATE LEASE, PENDING LEASE MODIFICATION | ASSIGN / MODIFIED | 11/1/2001 | $0.00 |
| PPPHI ASSOCIATES LLC<br>C/O SCANLANKEMPERBARD COMPANY<br>1211 SW FIFTH AVE STE 2600<br>PORTLAND, OR 97204- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 4/1/2005 | $0.00 |
| PRACTICE HORIZONS LLC<br>1942 STATE ST<br>HAMDEN, CT 06517-3803 | LICENSE AGREEMENT | ASSIGN | 3/26/2003 | $0.00 |
| PRAGMATECH SOFTWARE INC<br>15 TRAFALGAR SQUARE<br>NASHUA, NH 03063 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 10/20/2004 | $0.00 |
| PRAGMATECH SOFTWARE, INC.<br>15 TRAFALGAR SQUARE<br>NASHUA, NH 03063 | PURCHASE AUTHORIZATION | ASSIGN | 6/7/2005 | $0.00 |
| PRECEPT BUSINESS PRODUCTS, INC.<br>1909 WOODALL RODGERS PARKWAY<br>PALM BEACH, FL 33480 | ACQUISITION OF PRECEPT PURSUANT TO AN ASSET PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 2/8/2001 | $0.00 |
| PRECISION CERTI PRO WAREHOUSE<br>6405 AMMENDALE RD<br>BELTSVILLE, MD 20705 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/30/2004 | $0.00 |
| PRECISION CONTRACT MANUFACTURING<br>280 CLINTON STREET<br>SPRINGFIELD , VT  38656 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/31/2005 | $0.00 |
| PRECISION FABRICS GROUP, INC.<br>323 WEST VIRGINIA AVE<br>VINTON, VA 24179 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/15/2008 | $0.00 |
| PRECISION GRAPHICS CENTER<br>7051 PORTWEST<br>SUITE 130<br>HOUSTON, TX 77024 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2001 | $0.00 |
| PRECISION INDUSTRIES, INC.<br>4911 SOUTH 96TH ST<br>OMAHA, NE 68127 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/24/2006 | $0.00 |
| PREFERRED PARTNERS, LLC<br>13936 GOLD CIR<br>STE B<br>OMAHA, NE 68144 | SERVICES AGREEMENT | ASSIGN | 4/9/2008 | $0.00 |
| PREMARA BLUE CROSS<br>7001 220TH SW<br>MOUNTLAKE TERRACE, WA 98043 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/30/2009 | $0.00 |
| PREMERA BLUE CROSS<br>7001 220TH SW<br>MOUNTLAKE TERRACE, WA 98043 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/16/1999 | $0.00 |
| PREMIER<br>700 COMMERCE DR<br>STE 100<br>OAK BROOK, IL 60523 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/5/2003 | $0.00 |
| PREMIER COLOR GRAPHICS<br>324 S SANTA FE AVE<br>VISALIA, CA 93292 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PREMIER GRAPHICS INC (FORMERLY FABCO)<br>860 HONEYSPOT RD<br>STRATFORD, CT 06615 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PREMIER GRAPHICS, INC.<br>860 HONEYSPOT RD<br>STRATFORD, CT 06615 | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 2/5/1999 | $0.00 |
| PREMIER HEALTH PARTNERS<br>40 WEST FOURTH ST<br>DAYTON, OH 45402 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| PREMIER HEALTH PARTNERS<br>MIAMI VALLEY HOSPITAL<br>ONE WYOMING ST<br>DAYTON, OH 45409 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2003 | $0.00 |
| PREMIER HEALTH PARTNERS<br>40 W 4TH ST<br>STE 200<br>DAYTON, OH 45402 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/5/2003 | $0.00 |
| PREMIER PURCHASING PARTNERS<br>2320 CASCADE POINTE BLVD<br>CHARLOTTE, NC 28208 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/30/2003 | $0.00 |
| PREMIER PURCHASING PARTNERS<br>2320 CASCADE POINTE BLVD<br>CHARLOTTE, NC 28208 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/31/2010 | $0.00 |
| PREMIERE GLOBAL SERVICES, INC.<br>3280 PEACHTREE ROAD STE 100<br>ATLANTA, GA 30305 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/16/2009 | $0.00 |
| PREMIERE TECHNOLOGIES, INC.<br>3399 PEACHTREE RD STE 600<br>ATLANTA, GA 30326 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/1999 | $0.00 |
| PREO SOFTWARE<br>3553 31ST STREET NW, SUITE 202<br>CALGARY, 39251<br>CANADA | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/18/2007 | $0.00 |
| PRESBYTERIAN HOSPITAL<br>1105 CENTRAL EXPRESSWAY NORTH<br>ALLEN, TX 75013 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/22/2005 | $0.00 |
| PRESCRIPTION BENEFITS, INC.<br>1901 6TH AVE NO STE 2400<br>BIRMINGHAM, AL 35203 | BENEFIT PROVIDER | ASSIGN | 1/1/2010 | $0.00 |
| PRESIDIO TECHNOLOGY CAPITAL, LLC<br>ONE SUN CT<br>NORCROSS, GA 30092-9204 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/21/2009 | $0.00 |
| PRESLEY,MICHAEL E<br>23953 SE 42ND PL<br>ISSAQUAH, WA 98029 | ACC EXEC, 12/30/09 | ASSIGN | 6/3/2009 | $0.00 |
| PRESORT AMERICA<br>4227 WILLIAMS RD<br>GROVEPORT, OH 43125 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/3/2003 | $0.00 |
| PRESSWRITE PRINTING INC<br>3384 BROWNLOW AVE<br>MINNEAPOLIS, MN 55426 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PRESTON,DAVID B<br>1781 VALLEY RD<br>NEW CASTLE, PA 16105 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |
| PRICE WATERHOUSE COOPERS AND BEA<br>199 FREMOMT STREET<br>SAN FRANCISCO , CA 94105 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/21/2004 | $0.00 |
| PRICE WATERHOUSE COOPERS, LLP<br>199 FREOMONT ST<br>SAN FRANCISCO, CA 94105 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/21/2004 | $0.00 |
| PRIDE PRINTING & ENGRAVING<br>12848 MUSCATINE ST<br>ARLETA, CA 91331 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PRIEMERA BLUE CROSS<br>7001 220 ST SW<br>MOUNTLAKE TERRACE, WA 98043<br>USA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/2/2009 | $0.00 |
| PRIMARY STEEL LLC<br>20 DAVIDSON LN<br>NEW CASTLE, DE 19720 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/31/2010 | $0.00 |
| PRIMARY STEEL, LLC<br>20 DAVIDSON LN<br>NEW CASTLE, DE 19720 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/3/2007 | $0.00 |
| PRIME ADVANTAGE, CORPORATION<br>980 N MICHIGAN AVE STE 1900<br>CHICAGO, IL 60611 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/23/2004 | $0.00 |
| PRIME DIGITAL PRINTING<br>8929 KINGSRIDGE DR<br>DAYTON, OH 45458 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PRIMEDIA HEALTHCARE<br>4101 INTERNATIONAL PKWY<br>CARROLLTON, TX 75007 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/16/2005 | $0.00 |
| PRIMEPAY MID-ATLANTIC, INC.<br>2000 CORPORATE RIDGE STE 775<br>MCLEAN, VA 22102 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/1/1996 | $0.00 |
| PRIMESOURCEOPC<br>4134 GULF OF MEXICO DR STE 202<br>LONGBOAT KEY, FL 34228 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/13/2004 | $0.00 |
| PRINCETON COMMUNITY HOSPITAL<br>122 TWELFTH ST<br>PRINCETON, WV 24740 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/26/2002 | $0.00 |
| PRINT EDD PRODUCTS<br>8120 EXCHANGE DR NO 110<br>AUSTIN, TX 78754 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PRINT SOFT AMERICAS, INC<br>500 PARK BLVD, SUITE 270<br>ITASCA, IL 37796 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/24/2003 | $0.00 |
| PRINTEGRA ( DIV. OF CENVEO/CUSTOM RESALE GROUP)<br>45 KNIGHT ST<br>JAFFREY, NH 03452 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/21/2002 | $0.00 |
| PRINTGRAPHICS<br>10950 SW 5TH STE 310<br>BEAVERTON, OR 97005 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PRINTING BY THE MINUTE<br>3030 TULAROSA<br>EL PASO, TX 79903 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| PRINTING SERVICES OF GREENSBORO<br>2206 N CHURCH ST<br>GREENSBORO, NC 27405 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PRINTSYNC INC<br>6710 SW 111TH AVE<br>BEAVERTON, OR 97008 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 11/1/2004 | $0.00 |
| PRIORITY BUILDING SERVICES<br>NATIONAL CENTRE, 2370 NATIONAL ROAD<br>FAIRBORN, OH 38589 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2005 | $0.00 |
| PRIORITY SERVICES<br>PO BOX 19544<br>CHARLOTTE, NC 28219 | CARRIER AGREEMENT | ASSIGN | 8/25/2004 | $0.00 |
| PRIVAT, REBECCA G<br>1418A DIAN<br>HOUSTON, TX 77008-3708 | ACC EXEC, 11/16/10 | ASSIGN | 5/22/2008 | $0.00 |
| PRIVATIZER SYSTEMS, INC<br>401 LEO ST<br>DAYTON, OH 45401 | BLANKET PURCHASE AGREEMENT | ASSIGN | 10/1/2001 | $0.00 |
| PRO SPORTS CLUB<br>4455 148TH AVE NE<br>BELLEVUE, WA 98007 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/21/1995 | $0.00 |
| PRO TOWELS ETC<br>565 EPSILON DR<br>PITTSBURGH, PA 15238 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/27/2008 | $0.00 |
| PROCTOR HOSPITAL<br>5409 NORTH KNOXVILLE AVE<br>PEORIA, IL 61614-5076 | CUSTOMER CONTRACT LOU | ASSIGN | 12/1/2009 | $0.00 |
| PRODUCTION FABRICATIONS, INC.<br>1608 CRESTON ST<br>MUSKEGON, MI 49442 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/30/2008 | $0.00 |
| PROFESSIONAL HOSPITAL SUPPLY<br>43225 BUSINESS PARK DRIVE<br>TEMECULA, CA 92590<br>USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/29/2007 | $0.00 |
| PROFESSIONAL MAINTENANCE OF DAYTON<br>223 E HELENA ST<br>DAYTON, OH 45404 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2005 | $0.00 |
| PROFESSIONAL PRINTERS INC<br>PO BOX 5287<br>WEST COLUMBIA, SC 29171 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2004 | $0.00 |
| PROFESSIONAL SOFTWARE ASSOCIATES, INC.<br>2500 MITCHELL LAKE RD<br>ATTICA, MI 48412 | SERVICES AGREEMENT | ASSIGN | 4/7/2010 | $0.00 |
| PROFILE DIGITAL PRINTING<br>5449 MARINA DR<br>DAYTON, OH 45449 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PROFITLAB, INC<br>1003 LAURENS ROAD, SUITE 101<br>GREENVILLE, SC  38177 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PROFITLINE, INC<br>9920 PACIFIC HEIGHTS BLVD, SUITE 200<br>SAN DIEGO, CA  38177 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |
| PROFORMA<br>ATTN: DARLENE MALICKI<br>6800 PLEASANT VALLEY ROAD<br>CLEVELAND, OH 44131 | MUTUAL NONDISCLOSURE AGREEMENT | ASSIGN | 6/2/2010 | $0.00 |
| PROGRESS ENERGY<br>PO BOX 1771<br>RALEIGH, NC 27602 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/20/2006 | $0.00 |
| PROGRESSIVE CASUALTY INSURANCE<br>6300 WILSON MILLS RD<br>MAYFIELD VILLAE, OH 44143 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/30/2008 | $0.00 |
| PROGRESSIVE CASUALTY INSURANCE COMPANY<br>6300 WILSON MILLS RD<br>MAYFIELD VILLAE, OH 44143 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/6/2008 | $0.00 |
| PROGRESSIVE DIRECT INSURANCE COMPANY<br>6300 WILSON MILLS RD<br>MAYFIELD VILLAGE, OH 44143 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2006 | $0.00 |
| PROGRESSIVE PRINTERS INC<br>PO BOX 144<br>DAYTON, OH 45404 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/19/2003 | $0.00 |
| PROGRESSIVE RIBBON<br>1226 I LOOK DR<br>MIDDLETOWN, OH 45042 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| PROLINK, INC<br>500 CHAPMAN STREET<br>CANTON , MA 39163 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/22/2007 | $0.00 |
| PROLOGIS<br>26277 SW 95TH AVE<br>NO 405<br>WILSONVILLE, OR 97070 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/9/2003 | $0.00 |
| PROLOGIS<br>3765 INTERCHANGE RD<br>COLUMBUS, OH 43204 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 4/1/2005 | $17.00 |
| PROLOGIS TRUST<br>3621 S HARBOR<br>BLVD NO 200<br>SANTA ANA, CA 92704 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/7/2002 | $0.00 |
| PROLOGIS TRUST<br>2791 PETERSON PL<br>NORCROSS, GA 30071- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 1/1/1986 | $0.00 |
| PROLOGIS TRUST<br>3621 S HARBOR BLVD<br>STE 110<br>SANTA ANNA, CA 92704- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 7/1/2002 | $0.00 |
| PRO-MED<br>PO BOX 667967<br>CHARLOTTE, NC 28266 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/29/2002 | $0.00 |
| PROOF-IT-ONLINE<br>200 CASCADE POINTE LN STE 106<br>CARY, NC 27513 | AGREEMENT AND PURCHASE ORDER | ASSIGN | 9/10/2009 | $0.00 |

In re: **Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PROTIVITI INC<br>201 E 5TH ST STE 1430<br>CINCINNATI, OH 45040 | SERVICES AGREEMENT | ASSIGN | 3/25/2004 | $0.00 |
| PROTOLOGICS CORP.<br>1517 REISTERSTOWN RD<br>BALTIMORE, MD 21208 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/8/2002 | $0.00 |
| PROTRANS INTERNATIONAL<br>8311 NORTH PERIMETER RD<br>INDIANAPOLIS, IN 46241 | SERVICES AGREEMENT - WAREHOUSE | ASSIGN | 7/1/2008 | $0.00 |
| PROVIDENT BANK<br>309 VINE ST<br>CINCINNATI, OH 45202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/7/2003 | $0.00 |
| PRUDENTIAL FOX AND ROACH REAL ESTATE<br>431 WEST LANCASTER AVE<br>DEVON, PA 19333 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/17/2010 | $0.00 |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>751 BROAD ST<br>NEWARK, NJ 07102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/26/2005 | $0.00 |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>751 BROAD ST<br>NEWARK, NJ 07102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/31/2005 | $0.00 |
| PSB INTEGRATED MARKETING (FORMERLY CASABLANCA)<br>26012 ATLANTIC OCEAN<br>LAKE FOREST, CA 92630 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| PSCU FINANCIAL SERVICES, INC.<br>560 CARILLON PKWY<br>ST PETERSBURG, FL 33716 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/20/2002 | $0.00 |
| PSE DATA PRODUCTS, INC.<br>GEOFFREY L. NICHOLS<br>870 NORTH POINT STREET<br>SAN FRANCISCO, CA 94109 | ACQUISITION OF PSE PURSUANT TO A PURCHASE AGREEMENT<br>AND ALL RELATED AGREEMENTS, CONTRACTS AND<br>INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 10/30/2000 | $0.00 |
| PSI TECHNOLOGIES CORPORATION<br>1101 CAPITAL OF TEXAS HWY SOUTH BUILDING K<br>AUSTIN, TX 78746-4774 | SERVICE CENTER AGREEMENT | ASSIGN | 2/1/2000 | $0.00 |
| PSION TEKLOGIX<br>1810 AIRPORT EXCHANGE BLVD STE 500<br>ERLANGER, KY 41018 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/13/2003 | $0.00 |
| PUGET SOUND ENERGY<br>PO BOX 90868 STE 3800<br>BELLEVUE, WA 98009 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/13/2008 | $0.00 |
| PUGET SOUND ENERGY<br>10885 NE 4TH ST<br>BELLEVUE, WA 98009 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/9/2010 | $0.00 |
| PUGET SOUND ENERGY INC<br>10885 NE ST<br>BELLEVUE, WA 98009-0868 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/25/2008 | $0.00 |
| PUGET SOUND ENERY, INC.<br>10885 NE 4TH ST PSE 10N<br>BELLEVUE, WA 98009 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/22/2010 | $0.00 |
| PULL A PART<br>4473 TILLY MILL RD<br>ATLANTA, GA 30360-2107 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/4/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| PUMP IT UP<br>5820 STONERIDGE MALL RD<br>STE 300<br>PLEASANTON, CA 94588 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/4/2005 | $0.00 |
| PUMP IT UP<br>5820 STONERIDGE MALL RD<br>STE 300<br>PLEASANTON, CA 94588 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/4/2005 | $0.00 |
| PUSKAR,GARY<br>402 LENOX AVE<br>WESTFIELD, NJ 07090 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| PUTNAM,MICHELE<br>2917 S BANNOCK ST<br>ENGLEWOOD, CO 80110-1518 | SALES SUPPORT AGREEMENT | ASSIGN | 8/28/2009 | $0.00 |
| PUTNAM,MICHELE L<br>2917 S BANNOCK ST<br>ENGLEWOOD, CO 80110-1518 | ACCT RELATIONSHIP MANAGER-M/CS, 12/17/10 | ASSIGN | 8/28/2009 | $0.00 |
| PYLOR PAC TECHNILOGIES, INC.<br>1700 CUM BERLAND POINT DR<br>STE 24<br>MARIETTA, GA 30067 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2005 | $0.00 |
| PYRAMID DELIVERY SYSTEMS INC<br>PO BOX 944<br>BARBERTON, OH 44203-0944 | CARRIER AGREEMENT | ASSIGN | 8/26/2004 | $0.00 |
| QTBILL.COM<br>5636 W 74TH ST<br>INDIANAPOLIS, IN 46278 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/15/2008 | $0.00 |
| QUAKER PLASTICS<br>103 S MANOR ST<br>MOUNTVILLE, PA 17554 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/29/2003 | $0.00 |
| QUALITY FORMS<br>4317 WEST US ROUTE 36PO BOX 1176<br>PIQUA, OH 45356 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| QUALITY PARK (FORMERLY IEC)<br>2 TABAS LANE<br>EXTON, PA 19341-2753 | CERTIFIED TRADE PARTNER | ASSIGN | 5/25/1998 | $0.00 |
| QUANTUM SNAP APPLIANCES INC.<br>2001 LOGIC DR<br>SAN JOSE, CA 95124 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2001 | $0.00 |
| QUANTUM, LLC.<br>714 EAST MONUMENT, SUITE 103<br>DAYTON , OH  37431 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/24/2002 | $0.00 |
| QUEBECOR WORLD<br>ONE PIERCE PL<br>ITASCA, IL 60143 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/24/2002 | $0.00 |
| QUEST DIAGNOSTICS<br>161 A COMMERCE CIR<br>SACRAMENTO, CA 95815 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/29/2005 | $0.00 |
| QUEST DIAGNOSTICS INC<br>1 MALCOLM AVE<br>TETERBORO, NJ 07608 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/18/2004 | $0.00 |
| QUEST DIAGNOSTICS, INC<br>1 MALCOLM AVE<br>TETERBORO, NJ 07608 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/25/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| QUICK TECH GRAPHICS<br>PO BOX 607<br>SPRINGBORO, OH 45066-0607 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| QUICKSILVER EXPRESS COURIER<br>PO BOX 64417<br>ST PAUL, MN 55164-0417 | CARRIER AGREEMENT | ASSIGN | 6/27/2006 | $0.00 |
| QUICKSILVERHG<br>312 PENNINGTON LAWRENCEVILLE RD<br>PENNINGTON, NJ 08534 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/22/2007 | $0.00 |
| QUIGG,QIANA C<br>525 BROOKSIDE DR<br>APT 4<br>DAYTON, OH 45406-4887 | SALES SUPPORT AGREEMENT | ASSIGN | 8/13/2010 | $0.00 |
| QWEST COMMUNICATIONS CORPORATION<br>8044 MONTGOMERY RD<br>CINCINNATI, OH 45236 | NETWORK VPN SERVICE AGREEMENT | ASSIGN | 11/6/2001 | $0.00 |
| QWEST COMMUNICATIONS INC.<br>700 W MINERAL AVE<br>LITTLETON, CO 80120 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/16/2003 | $0.00 |
| QWEST CORPORATION<br>1801 CALIFORNIA ST STE 3800<br>DENVER, CO 80202 | SERVICE AGREEMENT | ASSIGN | 6/1/2006 | $0.00 |
| QWEST CORPORATION<br>1801 CALIFORNIA ST STE 3800<br>DENVER, CO 80202 | SERVICE AGREEMENT PROMOTION | ASSIGN | 3/31/2003 | $0.00 |
| R AND M DELIVERY<br>PO BOX 807<br>ZYPHYRHILLS, FL 33539-0807 | CARRIER AGREEMENT | ASSIGN | 7/25/2007 | $0.00 |
| R FULFILLMENT SOLUTIONS<br>705 BUFORD DR<br>SOCORRO, NM 87801 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/8/2005 | $0.00 |
| R&M DELIVERY<br>PO BOX 807<br>ZEPHYRHILLS, FL 33539 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/25/2007 | $0.00 |
| R. H. DONNELLEY INC<br>1001 WINSTEAD DR<br>CARY, NC 27513 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/2/2007 | $0.00 |
| R. J. REYNOLDS TOBACCO COMPANY<br>401 NORTH MAIN ST<br>WINSTON SALEM, NC 27102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/6/2009 | $0.00 |
| R.H. DONNELLEY, INC.<br>1001 WINSTEAD DR<br>CARY, NC 27513 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/13/2007 | $0.00 |
| R.J. REYNOLDS TOBACCO<br>401 NORTH MAIN ST<br>WINSTON SALEM, NC 27102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/6/2009 | $0.00 |
| R.R. DONNELLEY & SONS COMPANY<br>RR DONNELLEY<br>3075 HIGHLAND PKWY<br>DOWNERS GROVE, IL 60515 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/22/2003 | $0.00 |
| R/M MANAGEMENT CO. INC.<br>8401 E INDIAN SCHOOL RD<br>SCOTTSDALE, AZ 85251 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| RABIDEAU,NATHAN R<br>2607 WALMAR DR<br>LANSING, MI 48917 | SALES REP, 04/15/09 | ASSIGN | 6/2/1997 | $0.00 |
| RABY ENTERPRISES INC. DBA NSO PRESS<br>1921 EAST 68TH AVE<br>DENVER, CO 80229 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2006 | $0.00 |
| RADIOLOGY ASSOCIATES<br>1329 LUSITANA STREET STE B 7<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/8/2002 | $0.00 |
| RADIUS SOLUTIONS<br>224-N DES PLAINES, SUITE 401<br>CHICAGO, IL 60661 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| RAFF PRINTING INC<br>PO BOX 42365<br>PITTSBURGH, PA 15203 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| RAFLATAC INC<br>PO BOX 713816<br>COLUMBUS, OH 43271-3816 | MATERIALS REBATE | ASSIGN | 1/1/2008 | $882.00 |
| RAINMAKER HUMAN CAPITOL<br>79 CT ST<br>EXETER, NH 03833 | SERVICES AGREEMENT | ASSIGN | 11/24/2008 | $0.00 |
| RAMESH ANAND<br>230 COMMERCE STE 180<br>IRVINE, CA 92602 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 9/7/2006 | $0.00 |
| RAND MEDICAL BILLING, A SUBSIDIARY OF ORION HEALTH CORP., INC.<br>1633 ERRINGER RD<br>SIMI VALLEY, CA 93065 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/12/2007 | $0.00 |
| RANROY PRINTING<br>4650 OVERLAND AVENUE<br>SAN DIEGO, CA 92123 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 6/1/2004 | $0.00 |
| RAPID DELIVERY<br>529 N WAYNE AVEPO BOX 15819<br>CINCINNATI, OH 45215 | CARRIER AGREEMENT | ASSIGN | 11/14/2008 | $0.00 |
| RAPID SOLUTIONS GROUP<br>151 DETROIT ST<br>DENVER, CO 80206 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/24/2007 | $0.00 |
| RAPIDIGM, INC<br>4400 CAMPBELLS RUN ROAD<br>PITTSBURGH, PA 15205 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/4/2004 | $0.00 |
| RAPPAHANNOCK ELECTRIC COOPRATIVE<br>PO BOX 7388<br>FREDRICKSBURG, VA 22404 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/3/1997 | $0.00 |
| RASS TRADING GROUP<br>155 WEBSTER ST STE D<br>HANOVER , MA 02339-1229 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/25/2002 | $0.00 |
| RATIOCINATE, INC AND CHRISTOPHER SIEBERT<br>2227 COLFAX STREET<br>EVANSTON , IL 60201 | CONSULTANT AGREEMENT | ASSIGN | 4/1/2010 | $0.00 |
| RAUH, JAMES<br>5 WYNNEWOOD DRIVE<br>COLLEGEVILLE, PA 19426<br>USA | EMPLOYMENT AGREEMENT | ASSIGN | 10/5/1993 | $0.00 |
| RAYMOND LEASING CORPORATION<br>23 S CANAL ST<br>GREENE, NY 13778 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/21/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| RAYMOND LEASING CORPORATION<br>PO BOX 203905<br>HOUSTON, TX 77216-3905 | EQUIPMENT LEASES | ASSIGN | 2/4/2004 | $0.00 |
| RAYMOND LEASING CORPORATION<br>PO BOX 203905<br>HOUSTON, TX 77216-3905 | LEASE - EQUIPMENT | ASSIGN | 2/5/2004 | $95,091.50 |
| RAYTHEON COMPANY<br>47 FOUNDRY AVE<br>WALTHAM, MA 02453 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/30/2004 | $0.00 |
| RBM TECHNOLOGIES<br>25 MOUNT AUBURN ST<br>NO 100<br>CAMBRIDGE, MA 02138 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/20/2007 | $0.00 |
| RBS CITIZENS<br>1 CITIZENS PLZ<br>PROVIDENCE, RI 02903 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/19/2008 | $0.00 |
| RBS CITIZENS NA<br>1 CITIZENS PLZ<br>PROVIDENCE, RI 02903 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/19/2008 | $0.00 |
| RBS CITIZENS, N.A.<br>1 CITIZENS PLZ<br>PROVIDENCE, RI 02903 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/19/2008 | $0.00 |
| RC INVESTORS, LLC<br>BEACON PL<br>6055 ROCKSIDE WOODS BLVD STE 100<br>INDEPENDENCE, OH 44131- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2001 | $24.00 |
| READERS WHOLESALE<br>1201 NAYLOR ST<br>HOUSTON, TX 77003 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/28/2002 | $0.00 |
| RECEIVABLE MANAGEMENT SERVICES CORP D/B/A RMS<br>240 EMERY ST<br>BETHLEHEM, PA 18015 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2008 | $0.00 |
| RECOVERY + SOLUTIONS, INC<br>5019 MCKINNEY AVENUE, SUITE 135<br>DALLAS , TX 75205 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/6/2007 | $0.00 |
| RED CANOE CREDIT UNION FKA WEYERHAEUSER EMPLOYEES CREDIT UNION<br>1418 15TH AVE<br>LONGVIEW, WA 98632-7538 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/28/2001 | $0.00 |
| RED PEPPER GRAPHICS, INC.<br>200 E. 36TH STREET<br>CHARLOTTE, NC 28206 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/1/2008 | $0.00 |
| RED PEPPER GRAPHICS, INC.<br>200 E. 36TH STREET<br>CHARLOTTE, NC 28206 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/31/2010 | $0.00 |
| REGENCY HOSPITAL COMPANY<br>11175 CICERO DRIVE STE 300<br>ALPHARETTA, GA 30022 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/14/2008 | $0.00 |
| REGENT PUBLISHING SERVICES<br>5880 OBERLIN DR<br>STE 100<br>SAN DIEGO, CA 92121 | INTERNATIONAL SUPPLY AGREEMENT | ASSIGN | 3/1/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| REGIONS FINANCIAL CORP. 417 20TH ST NORTH BIRMINGHAM, AL 35203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/23/2004 | $0.00 |
| RELIANT ENERGY RETAIL SVCS, LLC 1201 LOUISIANA HOUSTON, TX 77002 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/20/2004 | $0.00 |
| RELIASTAR LIFE INSURANCE COMPANY 3702 PAYSPHERE CIR CHICAGO, IL 60674 | HIPAA BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2003 | $0.00 |
| REPACORP, INC. REPACORP, INC. 31 INDUSTRY PARK COURT TIPP CITY, OH 45371 USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 4/28/2000 | $0.00 |
| REPRO ACQUISITION COMPANY 25001 ROCKWELL DR CLEVELAND, OH 44117 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2005 | $0.00 |
| REPUBLIC AIRWAYS 8909 PURDUE RD INDIANAPOLIS, IN 46268 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/23/2008 | $0.00 |
| REPUBLIC COUNTY HOSPITAL 2420 G ST BELLEVILLE, KS 66935- | CUSTOMER CONTRACT LOP | ASSIGN | 7/1/2008 | $0.00 |
| RESOURCES GLOBAL PROFESSIONALS 695 TOWN CTR DR COSTA MESA, CA 92626 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/27/2005 | $0.00 |
| RESPONSE ENVELOPE INC 1340 S BAKER AVE ONTARIO, CA 91761 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| RESURGENS ORTHOPAEDICS 2041 MESA VALLEY WAY NO 100 AUSTELL, GA 30106 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/30/2003 | $0.00 |
| RETAIL COMMUNICATIONS GROUP 9535 FOREST LANE, SUITE 108 DALLAS, TX 75243 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/8/2007 | $0.00 |
| RETIREMENT HOUSING FOUNDATION 911 N STUDEBAKER RD LONG BEACH, CA 90815 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/1/2006 | $0.00 |
| REYNOLDS & REYNOLDS 115 S LUDLOW ST DAYTON, OH 45402 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/4/2000 | $0.00 |
| REYNOLDS & REYNOLDS 115 SOUTH LUDLOW ST DAYTON, OH 45402 | LICENSE AGREEMENT | ASSIGN | 8/4/2000 | $0.00 |
| REYNOLDS & REYNOLDS 115 SOUTH LUDLOW ST DAYTON, OH 45402 | SOURCING AND PRICING AGREEMENT | ASSIGN | 12/8/2000 | $0.00 |
| REYNOLDS & REYNOLDS ONE REYNOLDS WAY DAYTON, OH 45430 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/21/2010 | $0.00 |
| REYNOLDS & REYNOLDS COMPANY ONE REYNOLDS WAY DAYTON, OH 45430 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/24/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| RHI CONSULTING<br>1 FIFTH THIRD CT STE 1380<br>DAYTON, OH 45403 | CORPORATE CONSULTANT AGREEMENT | ASSIGN | 5/9/2001 | $0.00 |
| RI ASSOCIATION OF REALTORS<br>100 BIGNALL ST<br>WARWICK, RI 02888 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/24/2010 | $0.00 |
| RICE,ROBERT E<br>300 ROTHWELL PL<br>FRANKLIN, TN 37069 | REG SALES MGR, 11/16/10 | ASSIGN | 6/16/2008 | $0.00 |
| RICHARDS,KRISTINE<br>1024 SKYLARK DR<br>PALATINE, IL 60067 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| RIDDLE PRESS<br>4555 SW MAIN AVE<br>BEAVERTON, OR 97005 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| RIDDLE,MICHAEL<br>3 DITMAR LN<br>EAST NORTHPORT, NY 11731 | PROMO MARKETING DIRECTOR AGREEMENT | ASSIGN | 7/8/2008 | $0.00 |
| RIDGE BACK<br>900 AIRPORT BOUELVARD<br>MENDOTA, CA 93640 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/1/2004 | $0.00 |
| RIECK MECHANICAL ELECTRICAL SERVICES<br>5330 WADSWORTH ROAD<br>DAYTON , OH  45414-3523 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/28/2003 | $0.00 |
| RIGGS BANK NA<br>808 17TH ST NW<br>WASHINGTON, DC 20006 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/18/2003 | $0.00 |
| RIGHT MANAGEMENT<br>7777 WASHINGTON VILLAGE DRIVE, SUITE 300<br>DAYTON, OH 45459 | SERVICES AGREEMENT | ASSIGN | 7/19/2007 | $33,500.00 |
| RIGHTTHING, LLC<br>PO BOX 674050<br>DETROIT, MI 48267 | HIRING SERVICES AGREEMENT | ASSIGN | 7/30/2010 | $18,344.00 |
| RIPON COMMUNITY PRINTER<br>PO BOX 6<br>RIPON, WI 54971-0006 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| RISED,LLC<br>3018 DIXWELL AVE<br>HAMDEN, CT 06518 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2005 | $0.00 |
| RISING SUN EXPRESS LLC<br>PO BOX 610<br>JACKSON CENTER, OH 45334 | CARRIER AGREEMENT | ASSIGN | 6/10/2009 | $0.00 |
| RITA BLUMENFELD<br>5100 SAN FELIPE<br>NO 163E<br>HOUSTON, TX 77056- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 1/4/2004 | $0.00 |
| RITA'S WATER ICE FRANCHISE COMPANY<br>1210 NORTHBROOK DRIVE, SUITE 310<br>TREVOSE, PA 19053<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/20/2006 | $0.00 |
| RIVER PRINTING<br>502 N HOGAN ST<br>JACKSONVILLE, FL 32202 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| RIVERWALK DEVELOPMENT, INC<br>360 MERRIMACK ST<br>BLDG 5<br>LAWRENCE, MA 01843 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/18/2003 | $0.00 |
| RIZZI,THOMAS<br>4110 BUNNY RUN #1<br>AUSTIN, TX 78746-1068 | EXECUTIVE CONTRACT | ASSIGN | 3/8/2010 | $0.00 |
| RMAC SURGICAL INC<br>2410 TEDLO ST<br>MISSISSAUGA, ON L5A 3V3<br>CANADA | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2006 | $0.00 |
| ROADWAY EXPRESS<br>PO BOX 93151<br>CHICAGO, IL 60673 | CARRIER AGREEMENT | ASSIGN | 8/1/1998 | $0.00 |
| ROBERT BOSCH CORPORATION<br>PO BOX 3080<br>FARMINGTON HILLS, MI 48333 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2000 | $0.00 |
| ROBERT BOSCH TOOL CORPORATION<br>1800 WEST CENTRAL RD<br>MOUNT PROSPECT, IL 60056 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/12/2010 | $0.00 |
| ROBERT J. DILEONARDO<br>2348 POST RD<br>WARWICK, RI 02886 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 5/1/2006 | $763.00 |
| ROBERT MCKEOWN CO., INC.<br>111 CHAMBERS BROOK RD<br>SOMMERVILLE, NJ 08876-3587 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/1/2002 | $0.00 |
| ROBERT W. BAIRD & CO., INCORPORATED<br>777 E WISCONSIN AVE<br>MILWAUKEE, WI 53202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2003 | $0.00 |
| ROBIN ENTERPRISES<br>111 N OTTERBEIN<br>WESTERVILLE, OH 43081 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2005 | $0.00 |
| ROCHE,DANIEL<br>9731 S HAMLIN<br>EVERGREEN PARK, IL 60805 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| ROCKWELL AUTOMATION INC.<br>1201 S 2ND ST<br>MILWAUKEE, WI 53204 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/10/2006 | $0.00 |
| ROCKWELL AUTOMOATION, INC.<br>1201 SOUTH SECOND ST<br>MILWAUKEE, WI 53204 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/10/2006 | $0.00 |
| ROCKWELL COLLINS INC.<br>400 COLLINS ROAD NE<br>CEDAR RAPIDS, IA 52498 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/14/2006 | $0.00 |
| RODRIGUEZ,HENRY<br>2131 STONE MOSS LN<br>GRAPEVINE, TX 76051-3864 | SALES SUPPORT AGREEMENT | ASSIGN | 9/20/2010 | $0.00 |
| ROLL RITE LLC<br>2574 SCHOOL RD<br>ALGER, MI 48610 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/7/2007 | $0.00 |
| ROLLINS, INC.<br>2170 PIEDMONT RD<br>ATLANTA, GA 30324 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/2/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ROMANI,BRIAN T<br>19 CONTINENTAL LN<br>MARLTON, NJ 08053 | ACC EXEC, 07/15/09 | ASSIGN | 7/11/2003 | $0.00 |
| ROMANO,JOHN R<br>119 BEECH TER<br>SPRINGFIELD, PA 19064 | ACC EXEC, 02/26/09 | ASSIGN | 4/18/1993 | $0.00 |
| RON INK COMPANY<br>200 TRADE CT<br>ROCHESTER, NY 14624 | MASTER PURCHASE AGREEMENT | ASSIGN | 2/9/2002 | $0.00 |
| ROSASCO,STEPHEN M<br>4700 SADDLEHORN TRL<br>MIDDLEBURG, FL 32068-3278 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| ROSEN,CINDY A<br>119 WOODBRIDGE RD<br>MT KISCO, NY 10549-4037 | ACCOUNT MANAGER, 03/19/10 | ASSIGN | 8/18/2006 | $0.00 |
| ROSS AND BABCOCK<br>9075 N MERIDIAN ST<br>INDIANAPOLIS, IN 46260 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/5/2005 | $0.00 |
| ROSS PARK PHARMACY<br>ONE ROSS PARK<br>STEUBENVILLE, OH 43952 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/31/2003 | $0.00 |
| ROWAN BUSINESS FORMS<br>PO BOX 1269<br>SALISBURY, NC 28145 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ROYAL & SUN ALLIANCE<br>PO BOX 90349<br>INDIANAPOLIS, IN 46240 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2001 | $0.00 |
| ROYAL & SUN ALLIANCE<br>PO BOX 90349<br>INDIANAPOLIS, IN 46240 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2001 | $0.00 |
| ROYAL BUSINESS FORMS & PRINTING<br>4000 83RD AVE N<br>BROOKLYN PARK, MN 55443 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| RPI PRINTING<br>135 WALDRON RD.<br>FALL RIVER, MA 02720 | CERTIFIED TRADE PARTNER | ASSIGN | 9/29/1997 | $0.00 |
| RREEF<br>1406 HALSEY WAY<br>STE 110<br>CARROLLTON, TX 75007 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/8/2001 | $0.00 |
| RUDDCO MANAGEMENT, INC.<br>1996 MAHRE DR<br>PARK CITY, UT 84098 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/28/2005 | $0.00 |
| RUDY GREENS<br>1008 BARNET AVE<br>LOUISVILLE, KY 40204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/31/2010 | $0.00 |
| RULE 4 LLC<br>8915 LANTERN LN<br>INDIANAPOLIS, IN 46256 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2008 | $0.00 |
| RUSS HADIC & ASSOCIATES<br>77 W ELMWOOD STE 100<br>CENTERVILLE, OH 45459 | SERVICES AGREEMENT | ASSIGN | 1/16/2004 | $0.00 |
| RUSSELL III,JAMES DAVID<br>3180 SENTINEL PKWY<br>LAWRENCEVILLE, GA 30043-2195 | ACCOUNT EXECUTIVE, 12/31/09 | ASSIGN | 3/22/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| RUSSELL REGIONAL HOSPITAL<br>200 S MAIN<br>RUSSELL, KS 67665-2937 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| RUSTIC LABEL INC<br>113 RAILROAD AVE PO BOX 1266<br>FORT MILL, SC 29716-1266 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| RUTLAND REGIONAL HEALTH SERVICES, INC.<br>160 ALLEN ST<br>RUTLAND, VT 05701 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/13/2005 | $0.00 |
| RUTLAND TOOL, DIVISION OF AIRGAS (NOT A COMPLETE AGREEMENT)<br>2225 WORKMAN MILL RD<br>WHITTIER, CA 90601 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/19/2001 | $0.00 |
| RYAN & COMPANY INC<br>FIFTH THIRD CTR<br>600 SUPERIOR AVE<br>CLEVELAND, OH 44114 | MULTI-STATE SALES AND USE TAX SERVICES | ASSIGN | 4/8/2003 | $0.00 |
| RYDER TRUCK RENTAL AND RYDER INTEGRATED LOGISTICS, INC.<br>11690 NW 105TH STREET<br>MIAMI, FL 33178<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/14/2007 | $0.00 |
| RYDER TRUCK RENTAL, INC., DBA RYDER TRANSPORTATION SERVICES<br>3112 SOUTHERN PLAINS CBU 730<br>OKLAHOMA CITY, OK 73101 | AUTO LEASE | ASSIGN | 8/30/2006 | $0.00 |
| S. L. NUSBAUM<br>ONE COMMERCIAL PLACE 9TH FL<br>NORFOLK, VA 23501 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/23/2001 | $0.00 |
| S.M.A.R.T.<br>660 WOODWARD<br>DETROIT, MI 48226 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/15/2001 | $0.00 |
| SAATCHI & SAATCHI, INC.<br>375 HUDSON ST<br>NEW YORK, NY 10014 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/27/2010 | $0.00 |
| SAFE CREDIT UNION<br>3720 MADISON AVE<br>CIRTUS HEIGHTS, CA 95660 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/24/2003 | $0.00 |
| SAFEGUARD HEALTH ENTERPRISES INC<br>95 ENTERPRISE<br>STE 100<br>ALTO VLEJO, CA 92656-2605 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| SAFE-GUARD PRODUCTS INTERNATIONAL, INC.<br>3500 PIEDMONT RD<br>STE 400<br>ATLANTA, GA 30305 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2004 | $0.00 |
| SAFETY NATIONAL CASUALTY CORPORATION<br>1832 SCHUETZ RD<br>ST LOUIS, MO 63146 | EXCESS OH WC, SP-3E11-OH | ASSIGN | 8/4/2010-8/4/2011 | $0.00 |
| SAFETY-KLEEN SYSTEMS<br>PO BOX 11393<br>COLUMBIA, SC 29211 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/12/2002 | $0.00 |
| SAFEWAY INC.<br>5918 STONERIDGE MALL RD<br>PLEASANTON, CA 94588 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/1/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SAFILO USA<br>801 JEFFERSON RD<br>PARSIPPANY, NJ 07054 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/22/2006 | $0.00 |
| SAGE MICROSYSTEMS, INC.<br>102 PICKERING WAY<br>STE 103<br>EXTON, PA 19341 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/26/2006 | $0.00 |
| SAGE MICROSYSTEMS, INC.<br>18 NORTH VILLAGE AVE<br>EXTON, PA 19341 | POINT OF SALE PARTNER AGT | ASSIGN | 9/9/2008 | $0.00 |
| SAGE/FAS<br>PO BOX 404927<br>ATLANTA, GA 30384-4927 | TAX DEPT, PO BOX 404927, ATLANTA GA 30384-4927, 800.368.2405 | ASSIGN | 10/01/2010-<br>09/30/2011 | $0.00 |
| SAIA MOTOR FREIGHT LINE INC<br>PO BOX A STATION 1<br>HOUMA, LA 70363 | CARRIER AGREEMENT | ASSIGN | 8/1/1998 | $0.00 |
| SAINT GOBAIN CORPORATION<br>750 E SWEDESFORD RD<br>VALLEY FORGE, PA 19482 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/10/2008 | $0.00 |
| SAINT LUKE'S HEALTH SYSTEM<br>P.O. BOX 5870<br>KANSAS CITY, MO 64171 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| SAINT-GOBAIN CORPORATON<br>750 E SWEDESFORD RD<br>VALLEY FORGE, PA 19482 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/11/2007 | $0.00 |
| SAIPAN 7TH DAY ADVENTIST CLINIC<br>PO BOX 500169 QUARTERMASTER RD<br>SAIPAN NORTHERN MARIANA ISLANDS, MP 96950 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/27/2001 | $0.00 |
| SAKS INC.<br>3455 HWY 80<br>W JACKSON, MS 39209 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/14/2004 | $0.00 |
| SALARY.COM INC<br>195 WEST ST<br>WALTHAM, MA 02451-1111 | COMPANALYST SUBSCRIPTION | ASSIGN | 1/16/2009 | $0.00 |
| SALES CONSULTANTS & MAN RECRUITERS OF HONOLULU<br>1001 BISHOP ST STE 720 ASB TOWER<br>HONOLULU, HI 96813 | SERVICES AGREEMENT | ASSIGN | 6/21/2004 | $0.00 |
| SALES PERFORMANCE INTERNATIONAL LLC<br>4720 PIEDMONT ROW DR<br>STE 400<br>CHARLOTTE, NC 28210 | MASTER SERVICES AND LICENSE AGREEMENT | ASSIGN | 3/27/2008 | $0.00 |
| SALES SUPPORT INC<br>457 COVENTRY LN STE 115<br>CRYSTAL LAKE, IL 60014 | EQUIPMENT LEASE AGREEMENT | ASSIGN | 4/26/2001 | $0.00 |
| SALES TEAM LIVE<br>1255 TREAT BOULEVARD STE 950<br>WALNUT CREEK, CA 94597 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/10/2008 | $0.00 |
| SALESFORCE.COM INC<br>THE LANDMARK AT ONE MARKET STE 300<br>SAN FRANSISCO, CA 94105 | MASTER SERVICES AGREEMENT | ASSIGN | 11/25/2003 | $2,031.00 |
| SALESTEAMLIVE<br>3130 CROW CANYON STE D<br>SAN RAMON, CA 94583 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/30/2008 | $0.00 |

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SALINA REGIONAL HEALTH CENTER<br>400 S SANTA FE<br>SALINA, KS 67401 | CUSTOMER CONTRACT LOU | ASSIGN | 7/1/2010 | $0.00 |
| SAMPLE HOUSE, INC.<br>721 17TH ST SW<br>HICKORY, NC 28602 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/27/2002 | $0.00 |
| SAMSONITE CORPORATION<br>575 WEST ST STE 110<br>MANSFIELD, MA 02048-1160 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/24/2008 | $0.00 |
| SAMUEL L. PETERS, MIAMI SYSTEMS CORP., AND SPECIALTY ENVELOPE, INC.<br>SAMUEL L. PETERS<br>MIAMI SYSTEMS CORPORATION<br>10001 ALLIANCE ROAD<br>CINCINNATI, OH 45242<br>USA | SETTLEMENT AGREEMENT ARISING FROM APA AND SUIT AGAINST S.PETERS | ASSIGN | 12/30/2009 | $0.00 |
| SAMUEL STEEL PICKLING COMPANY<br>1400 ENTERPRISE PKWY<br>TWINSBURG, OH 44087-2242 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/17/2006 | $0.00 |
| SAN JORGE CHILDREN'S HOSPITAL<br>PO BOX 6308<br>SAN JUAN, PR 914<br>USA | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 7/27/2009 | $0.00 |
| SAN LUCAS HOSPITAL<br>AVE TITO CATRO 917<br>PONCE, PR 00733-6810 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 3/5/2010 | $0.00 |
| SANCHEZ COMPUTER ASSOCIATES, INC.<br>40 VALLEY STREAM PKWY<br>MALVERN, PA 19355 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2003 | $0.00 |
| SANCHEZ COMPUTER ASSOCIATES, INC.<br>40 VALLEY STREAM PKWY<br>MALVERN, PA 19355 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/9/2003 | $0.00 |
| SANDHU,TANIA<br>1564 N. KING EDWARD<br>CT APT 104<br>PALATINE, IL 60067-2626 | SALES SUPPORT AGREEMENT | ASSIGN | 6/21/2010 | $0.00 |
| SANDUSKY INVESTMENTS LTD<br>BRUNS BUILDING AND DEVELOPMENT<br>1429 CRANBERRY RD<br>ST HENRY, OH 45883- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/10/2001 | $0.00 |
| SANMAR<br>30500 SE 79TH ST<br>ISSAQUAH, WA | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2005 | $0.00 |
| SANMAR CORPORATION<br>PO BOX 529<br>PRESTON, WA 98050 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/22/2009 | $0.00 |
| SANTA CLARA VALLEY MEDICAL CENTER<br>2325 ENBORG LN STE 380<br>SAN JOSE, CA 95128-2649 | CUSTOMER CONTRACT LOP | ASSIGN | 7/16/2007 | $0.00 |
| SAP AMERICA, INC.<br>3999 WEST CHESTER PIKE<br>NEWTOWN SQ, PA 19073 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/2/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SAP AMERICA, INC.<br>3999 WEST CHESTER PIKE<br>NEWTOWN SQ, PA 19073 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2008 | $0.00 |
| SAP AMERICA, INC.<br>3999 WEST CHESTER PIKE<br>NEWTOWN SQ, PA 19073 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/27/2008 | $0.00 |
| SAPPHIRE PRINTING GROUP, INC.<br>3800 NORTH 38TH AVE<br>PHOENIX, AZ 85019 | CERTIFIED TRADE PARTNER - STRATEGIC SOURCING | ASSIGN | 4/1/2009 | $0.00 |
| SARCOM, INC.<br>8405 PULSAR PL<br>COLUMBUS, OH 43240 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/1999 | $0.00 |
| SAS70 SOLUTIONS<br>2202 N WESTSHORE BLVD STE 200 2031<br>TAMPA, FL 33607-5749 | INDEPENDENT REVIEW SERVICES | ASSIGN | 1/20/2010 | $0.00 |
| SAVA SENIOR CARE (AKA MARINER HEALTHCARE)<br>5300 W SAM HOUSTON PKWY N NO 200<br>HOUSTON, TX 77041 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, FORUM | ASSIGN | 4/11/2005 | $0.00 |
| SAVINGS BANK LIFE INS CO OF MA (THE)<br>1 LINSCOTT RD<br>BOX 4046<br>WOBURN, MA 01888 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/20/2002 | $0.00 |
| SBC SERVICES, INC.<br>12851 MANCHESTER RD 1-W250<br>ST. LOUIS , MO 63131-1802 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/22/2004 | $0.00 |
| SCAFFTAG INC<br>1500 MARINA BAY DR<br>KEMAH, TX 77565 | COPYRIGHT AND DESIGN WORK AGREEMENT | ASSIGN | 4/5/2001 | $0.00 |
| SCAN OPTICS, INC<br>169 PROGRESS DRIVE<br>MANCHESTER, CT O6040-2294 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/27/2002 | $0.00 |
| SCHAEFER,THOMAS P<br>14856 OAKWOOD PL<br>SAVAGE, MN 55378 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 1/13/2005 | $0.00 |
| SCHAUMBURG SECURITY SERVICES, INC<br>1937 S. WRIGHT BLVD<br>SCHAUMBURT, IL 60193 | SUBSCRIBER SIGNAL SYSTEM AGREEMENT | ASSIGN | 4/14/2007 | $0.00 |
| SCHEID,ROBERT<br>1360 MEDINAH DR<br>ITASCA, IL 60143 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| SCHIELE GRAPHICS GROUP<br>8049 SOLUTIONS CTR<br>CHICAGO, IL 60677-8000 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SCHILDER,PHILIP J<br>115 AVON AVE<br>NORTHFIELD, IL 60093-3206 | REGIONAL SALES MANAGER | ASSIGN | 9/17/2009 | $0.00 |
| SCHNITKER,THOMAS J<br>7582 LAS VEGAS BLVD S<br>LAS VEGAS, NV 89123-1009 | MGR STRATEGIC ACCOUNTS, 08/28/09 | ASSIGN | 6/26/1996 | $0.00 |
| SCHOOLS FINANCIAL CREDIT UNION<br>1485 RESPONSE RD<br>SACRAMENTO, CA 95815 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/23/2007 | $0.00 |
| SCHOOLS FINANCIAL CREDIT UNION<br>1485 RESPONSE RD<br>SACRAMENTO, CA 95815 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 5/22/2005 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SCHULTZ,STEPHEN T<br>2801 STANBRIDGE ST<br>A105<br>EAST NORRITON, PA 19401-1618 | REGIONAL SALES MANAGER | ASSIGN | 11/2/2009 | $0.00 |
| SCHULZ,JEFFREY D<br>S68W13586 BRISTLE<br>CONE LN<br>MUSKEGO, WI 53150-3334 | ACCOUNT EXECUTIVE, 12/11/09 | ASSIGN | 7/24/2007 | $0.00 |
| SCHUMAN AUTOMOTIVE<br>115 HEKILI ST<br>KAILUA, HI 96734 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/30/2004 | $0.00 |
| SCIENCE APPLICATIONS INTERNATION CORPORATION (SAIC)<br>5001 ROCKSIDE ROAD, SUITE 700<br>INDEPENDENCE, OH 44131 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/25/2003 | $0.00 |
| SCLAFANI,JANICE C<br>1727 MARLIN WAY<br>NEWPORT BEACH, CA 92660-4329 | EXECUTIVE CONTRACT | ASSIGN | 5/20/2010 | $0.00 |
| SCOTT & WHITE HEALTH PLAN<br>2401 SOUTH 31ST ST<br>TEMPLE, TX 76508 | HIPAA COMPLIANCE AGREEMENT: BUSINESS ASSOCIATE | ASSIGN | 12/11/2008 | $0.00 |
| SCOTT & WHITE MEMORIAL HOSPITAL AND SCOTT SHERWOOD AND BRADLEY FOUNDATION<br>2401 S 31ST ST<br>TEMPLE, TX 76508 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/6/2007 | $0.00 |
| SCOTT AND WHITE MEMORIAL HOSPITAL<br>2401 SOUTH 31ST ST<br>TEMPLE, TX 76508 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/14/2005 | $0.00 |
| SCOTT AND WHITE MEMORIAL HOSPITAL<br>2401 SOUTH 31ST ST<br>TEMPLE, TX 76508 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2010 | $0.00 |
| SCOTT AND WHITE MEMORIAL HOSPITAL<br>2401 SOUTH 31ST ST<br>TEMPLE, TX 76508 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 5/24/2007 | $0.00 |
| SCOTT INDUSTRIES<br>6701 CANE RUN RD<br>LOUISVILLE, KY 40258 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/12/2004 | $0.00 |
| SCOTT LITHOGRAPHING COMPANY IN<br>1870 TUCKER INDUSTRIAL RD<br>TUCKER, GA 30084 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| SCOTT-HOVLAND,SARAH R<br>3609 45TH AVE SO<br>MINNEAPOLIS, MN 55406 | SR. ACCOUNT RELATIONSHIP MGR, 03/31/10 | ASSIGN | 1/13/2003 | $0.00 |
| SCOTTS LAWNSERVICE<br>14111 SCOTTSLAWN RD<br>MARYSVILLE, OH 43041 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/13/2005 | $0.00 |
| SCRIPPS HEALTH<br>4275 CAMPUS POINT CT<br>SAN DIEGO, CA 92121 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/6/2006 | $0.00 |
| SCRIPPS MEMORIAL HOSPITAL<br>9888 GENESEE AVE<br>LA JOLLA, CA 92037 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/30/2005 | $0.00 |
| SCULLY,TIMOTHY W<br>5655 ANNAJOE CT<br>CINCINNATI, OH 45233-1667 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 4/17/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SEA STAR LINE, LLC<br>100 BELL TEL WAY STE 300<br>JACKSONVILLE, FL 32216 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/22/2002 | $0.00 |
| SECU CREDIT UNION<br>971 CORPORATE BLVD STE 309<br>LINTHICUM, MD 21090-2337 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/29/2007 | $0.00 |
| SECURIAN FINANCIAL GROUP<br>401 ROBERT ST NORTH<br>ST PAUL, MN 55101 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2007 | $0.00 |
| SECURITY ALARM SHOP, INC.<br>705 QUEENS ST<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/16/2001 | $0.00 |
| SECURITY CONTRACTOR SERVICES (SCS)<br>170 N 28TH ST<br>SAN JOSE, CA 95116 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/6/2005 | $0.00 |
| SECURITY FORCES, INC.<br>307 J WEST TREMONT<br>CHARLOTTE, NC 28203 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/3/2002 | $0.00 |
| SEI - CINCINNATI LLC<br>5191 NATORP BLVD STE 410<br>MASON, OH 45040 | SERVICES AGREEMENT | ASSIGN | 2/8/2005 | $0.00 |
| SELECT A FORM<br>4717 VETERANS MEMORIAL HWY<br>HOLBROOK, NY 11741 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2008 | $0.00 |
| SELECTIVE INSURANCE COMPANY OF AMERICA<br>40 WANTAGE AVE<br>BRANCHVILLE, NJ 07890 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/21/2008 | $0.00 |
| SELKIRK FINANCIAL TECHNOLOGIES<br>1055 WEST HASTINGS ST 17TH FL<br>VANCOUVER, BC V6E 2E9 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/16/2003 | $0.00 |
| SELKIRK FINANCIAL TECHNOLOGIES<br>1055 WEST HASTINGS ST 17TH FL<br>VANCOUVER, BC V6E 2E9 | SOFTWARE LICENSE & MAINTENANCE AGREEMENT | ASSIGN | 11/25/2003 | $0.00 |
| SEMCO USA<br>PO BOX 2040<br>WEST CALDWELL, NJ 07007 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SEMCO, INC<br>11225 W. HEATHER AVENUE<br>MILWAUKEE, WI 53224 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/13/2006 | $0.00 |
| SEMINOLE TRIBE OF FLORIDA - (HARDROCK)<br>6300 STIRLING RD<br>HOLLYWOOD, FL 33024 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2004 | $0.00 |
| SENCO PRODUCTS<br>8485 BROADWELL RD<br>CINCINNATI, OH 45244 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/3/1998 | $0.00 |
| SENCO PRODUCTS<br>8485 BROADWELL RD<br>CINCINNATI, OH 45244 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/28/2006 | $0.00 |
| SENECA TAPE & LABEL INC<br>13821 PROGRESS PKWY<br>CLEVELAND, OH 44133-4398 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SENTRY TRANSPORT LLC<br>PO BOX 72<br>JACOBUS, PA 17407 | CARRIER AGREEMENT | ASSIGN | 8/17/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SERVERTOWN<br>33. W. FIRST STREET<br>DAYTON , OH  45402 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/17/2007 | $0.00 |
| SERVICE PRINTING CO<br>2725 MILLER ST<br>SAN LEANDRO, CA 94577 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP<br>860 RIDGE LAKE BLVD<br>STE 300<br>MEMPHIS, TN 38120 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/28/2009 | $0.00 |
| SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP<br>860 RIDGE LAKE BLVD<br>STE 300<br>MEMPHIS, TN 38120 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/28/2009 | $0.00 |
| SETON HEALTHCARE NETWORK<br>1201 W 38TH ST<br>AUSTIN, TX 78705 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2000 | $0.00 |
| SEVENSPACE INC<br>20098 ASHBROOK PL<br>STE 150<br>ASHBURN, VA 20147 | MASTER EQUIPMENT LEASE AGREEMENT | ASSIGN | 3/26/2002 | $0.00 |
| SEVENSPACE INC<br>14155 NEWBROOK DR<br>STE 400<br>CHANTILLY, VA 20151 | CUSTOMER CONTRACT | ASSIGN | 7/31/2001 | $0.00 |
| SEVENSPACE INC<br>20098 ASHBROOK PL<br>STE 150<br>ASHBURN, VA 20147 | MASTER EQUIPMENT LEASE AGREEMENT | ASSIGN | 9/24/2001 | $0.00 |
| SEVENSPACE INC.<br>14155 NEWBROOK DR<br>STE 400<br>CHANTILLY, VA 20151 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/19/2001 | $0.00 |
| SEVENSPACE, INC.<br>14155 NEWBROOK DR<br>STE 400<br>CHANTILLY, VA 20151 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/19/2001 | $0.00 |
| SEYBOLD,CRAIG W<br>5 WOODLEIGH CT<br>MANTUA, NJ 08051 | SALES REP, 09/17/09 | ASSIGN | 8/1/2008 | $0.00 |
| SGS INTERNATIONAL CERT. SVCS.<br>201 RT 17 NORTH<br>RUTHERFORD, NJ 07070 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/5/2008 | $0.00 |
| SGS SSC<br>201 ROUTE 17 NORTH<br>RUTHERFORD, NJ 07070 | CHAIN-OF-CUSTODY SYSTEM REGISTRATION | ASSIGN | 9/22/2008 | $0.00 |
| SHAFER,CHRISTOPHER A<br>431 SHERMAN DR<br>FRANKLIN, OH 45005-7103 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 8/24/2010 | $0.00 |
| SHAFF,CHRISTOPHER M<br>8288 TIDEWATER CT<br>CINCINNATI, OH 45255 | ACC EXEC, 09/30/09 | ASSIGN | 7/1/2009 | $0.00 |
| SHAPCO PRINTING INC<br>524 NORTH 5TH STREET<br>MINNEAPOLIS, MN 55401 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SHAW ENVIRONMENTAL, INC. 2790 MOSSIDE BLVD MONROEVILLE, PA 15146 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/16/2002 | $0.00 |
| SHAW INDUSTRIES 615 E WALNUT AVE DALTON, GA 30722 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| SHAW INDUSTRIES GROUP, INC. PO BOX 2128 DALTON, GA 30722-2128 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/20/2009 | $0.00 |
| SHAW INDUSTRIES INC. PO DRAWER 2128 DALTON, GA 30722-2128 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/5/2001 | $0.00 |
| SHAWNEE MEDICAL CENTER CLINIC 2801 NORTH SARATOGA SHAWNEE, OK 74804 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/15/2001 | $0.00 |
| SHAWNEE TRUCKING CO INC 213 WASHINGTON AVE CARLSTADT, NJ 07072 | CARRIER AGREEMENT | ASSIGN | 8/24/2007 | $0.00 |
| SHAWNEE TRUCKING COMPANY 213 WASHINGTON AVE CARLSTADT, NJ 07072 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/24/2007 | $0.00 |
| SHEAR COLOR PRINTING INC 30 D SIXTH RD WOBURN, MA 01801 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| SHEATS,DEBRA L. 13 SHAMROCK CIR WESTMINSTER, MD 21157-6645 | SALES SUPPORT AGREEMENT | ASSIGN | 5/3/2010 | $0.00 |
| SHEEHAN BROTHERS VENDING SERVICE INC 1740 COMMERCE RD SPRINGFIELD, OH 45504 | SERVICES AGREEMENT | ASSIGN | 4/11/2006 | $0.00 |
| SHELBY REGIONAL HOSPITAL 602 HURST STREET CENTER, TX 75935-3414 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 3/1/2009 | $0.00 |
| SHELLENBERGER,KATE A 1163 S JOHNSON RD LUDLOW FALLS, OH 45339-9727 | SALES SUPPORT AGREEMENT | ASSIGN | 8/20/2010 | $0.00 |
| SHELTON TURNBULL PRINTERS INC PO BOX 22008 EUGENE, OR 97402 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/27/2003 | $0.00 |
| SHEPPARD ENVELOPE 133 SOUTHBRIDGE ST AUBURN, MA 01501 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/25/2003 | $0.00 |
| SHERIDAN COUNTY HOSPITAL 826 18TH HOXIE, KS 67740 | CUSTOMER CONTRACT LOU | ASSIGN | 8/2/2010 | $0.00 |
| SHORE PROMO 103 34TH ST AVALON, NJ 08202 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/18/2007 | $0.00 |
| SHRED-IT 2794 SOUTH SHERIDAN WAY OAKVILLE ON, L6JT4 CANADA | RENTAL AGREEMENT | ASSIGN | 4/19/2004 | $6,738.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SHREWSBURY,LISA<br>8385 EAGLE PASS DR<br>HUBER HEIGHTS, OH 45424-1307 | SALES SUPPORT AGREEMENT | ASSIGN | 8/6/2010 | $0.00 |
| SHULMAN,DAVID<br>28 LYNNBROOK RD<br>ST LOUIS, MO 63131 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/15/2004 | $0.00 |
| SHURTAPE TECHNOLOGIES, INC.<br>1506 HIGHLAND AVE<br>HICKORY, NC 28603 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/30/2004 | $0.00 |
| SIANOPINCKNEYHUGO ADVERTISING, LLC<br>936 NORTH CLINTON STREEET<br>SYRACUSE, NY 13204 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/14/2005 | $0.00 |
| SIEBERT,CHRISTOPHER T<br>2227 COLFAX ST<br>EVANSTON, IL 60201-2501 | EXECUTIVE CONTRACT | ASSIGN | 3/31/2010 | $0.00 |
| SIEMENS DIESEL<br>1410 NORTHPOINT BLVD<br>BLYTHEWOOD, SC 29016 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/31/2003 | $0.00 |
| SIEMENS WATER TECHNOLOGIES<br>181 THORN HILL RD<br>WARRENDALE, PA 15086 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/15/2010 | $0.00 |
| SIERRA COPY PRINTING<br>2120 EL CAMINO<br>SACRAMENTO, CA 95821 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SIERRA VIEW DISTRICT HOSPITAL<br>465 W PUTNAM AVE<br>PORTERVILLE, CA 93257 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/17/2000 | $0.00 |
| SIFCO INDUSTRIES, INC.<br>970 E 64TH ST<br>CLEVELAND, OH 44103 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/14/2004 | $0.00 |
| SIGARMS<br>18 INDUSTRIAL<br>EXETER, NH 03833 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/7/2005 | $0.00 |
| SIGMA-ALDRICH MFG LLC<br>3050 SPRUCE ST<br>ST LOUIS, MO 63103 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/3/2009 | $0.00 |
| SIGMA-ALRICH MANUFACTURING, LLC<br>3050 SPRUCE ST<br>ST LOUIS, MO 63103 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/3/2009 | $0.00 |
| SIGNAL CENTERS, INC.<br>109 N GERMANTOWN RD<br>CHATTANOOGA, TN 37411 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/7/2005 | $0.00 |
| SILVER CROSS HOSPITAL<br>1200 MAPLE RD<br>JOLIET, IL 60432 | CUSTOMER CONTRACT LOP | ASSIGN | 2/1/2006 | $0.00 |
| SIMON,LISA A<br>110 DURHAM CT<br>MAPLE GLEN, PA 19002 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/16/1993 | $0.00 |
| SIMPLE QUE<br>995 TODD COURT<br>TIPP CITY , OH  45371 | SERVICES AGREEMENT | ASSIGN | 2/28/2006 | $0.00 |
| SIMPLE QUE INC<br>995 TODD CT<br>TIPP CITY, OH 45371 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/7/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SINGLES PLUS<br>875 FIENE DR.<br>ADDISON, IL 60101 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SIRIUS COMPUTER SOLUTIONS<br>613 NW LOOP 410 STE 100<br>SAN ANTONIO, TX 78216 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/11/2006 | $0.00 |
| SISTERS OF ST FRANCIS HEALTH SERVICES, INC. DBA ALVERNO INFORMATION SERVICES<br>1300 ALBANY ST<br>BEECH GROVE, IN 46107 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/7/2008 | $0.00 |
| SITUS INVESTORS LLC<br>3333 S BANNOCK ST<br>STE 300<br>ENGLEWOOD, CO 80110 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| SITUS INVESTORS, LLC<br>3333 S BANNOCK ST<br>STE 300<br>ENGLEWOOD, CO 80110 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 8/1/2006 | $0.00 |
| SIX B LABELS CORP<br>12200 FORESTGATE DR<br>DALLAS, TX 75243 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SKY LAKES MEDICAL CENTER<br>2865 DAGGETT AVE<br>KLAMATH FALLS, OR 97601 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 3/2/2010 | $0.00 |
| SKY LAKES MEDICAL CENTER<br>2865 DAGGETT AVE<br>KLAMATH FALLS, OR 97601 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/31/2006 | $0.00 |
| SKYLINE BUSINESS FORMS, INC<br>8075 EAST 40TH AVE<br>DENVER, CO 80207 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2001 | $0.00 |
| SLAGLE,DIANE L<br>1319 MODISTE<br>HOUSTON, TX 77055 | ACC EXEC, 08/05/09 | ASSIGN | 6/19/2009 | $0.00 |
| SLEDD CO.<br>100 E COVE AVE<br>WHEELING, WV 26003 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/2/2004 | $0.00 |
| SLIDELL MEMORIAL HOSPITAL<br>1001 GAUSE BLVD<br>SLIDELL, LA 70458-2939 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, BROADLANE | ASSIGN | 12/15/2004 | $0.00 |
| SMC CORPORATION OF AMERICA<br>10100 SMC BLVD<br>NOBLESVILLE, IN 46060 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/18/2006 | $0.00 |
| SMIRL,KELLY R<br>215 SMIRL DR<br>ROCKWALL, TX 75032 | NON-SOLICITATION AGREEMENT | ASSIGN | 2/8/2001 | $0.00 |
| SMITH,CHRISTINE<br>5 MANCHESTER RD<br>FLEMINGTON, NJ 08822-6822 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/7/2010 | $0.00 |
| SMITH,EDWARD R<br>2811 DONCASTER DR<br>CANTON, MI 48188 | ACC EXEC, 10/02/09 | ASSIGN | 7/1/2009 | $0.00 |
| SMITH,MICHELLE M<br>5963 LEYCROSS DR<br>HUBER HEIGHTS, OH 45424-3565 | SALES SUPPORT AGREEMENT | ASSIGN | 7/1/2010 | $0.00 |
| SMITH,NANCY<br>532 CATALINA AVE<br>VIRGINIA BEACH, VA 23452 | SR. ACCOUNT SUPPORT REP, 10/15/09 | ASSIGN | 12/28/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SMITHKLINE BEECHAM CLINICAL LABORATORIES INC.<br>620 FREEDOM BUSINESS CTR<br>KING OF PRUSSIA, PA 19406 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/20/1992 | $0.00 |
| SMRT<br>144 FORE ST<br>PORTLAND, ME 04104 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/29/2004 | $0.00 |
| SMS GROUP<br>1085 FAIRINGTON DR<br>SIDNEY, OH 45365 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| SNOOK,KIMBERLY K<br>2800 FIELDS AVE<br>KETTERING, OH 45420 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 9/13/2010 | $0.00 |
| SOCIETY OF FINANCIAL SERVICE PROFESSIONALS (FSP)<br>17 CAMPUS BOULEVARD STE 201<br>NEWTOWN SQUARE, PA 19073 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/3/2010 | $0.00 |
| SOFTWARE PROFESSIONALS INC<br>1085B CENTERVILLE STATION RD<br>CENTERVILLE, OH 45459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/8/2004 | $0.00 |
| SOFTWARE PROFESSIONALS INC<br>1085B CENTERVILLE STATION RD<br>CENTERVILLE, OH 45459 | SERVICES AGREEMENT | ASSIGN | 6/8/2005 | $8,261.00 |
| SOGETI USA 2007<br>7735 PARAGON RD STE A<br>CENTERVILLE, OH 45459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/1/2007 | $0.00 |
| SOGETI USA LLC<br>7735 PARAGON RD<br>DAYTON, OH 45459 | CORPORATE CONSULTANT AGREEMENT | ASSIGN | 8/11/2003 | $0.00 |
| SOGETI USA LLC<br>7735 PARAGON RD<br>DAYTON, OH 45459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/1/2003 | $0.00 |
| SOGETI USA, LLC<br>7735 PARAGON ROAD STE A<br>CENTERVILLE, OH 45459 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/6/2002 | $0.00 |
| SOLSTICE MARKETING CONCEPTS<br>404 FIFTH AVENUE 2ND FL<br>NEW YORK, NY 10018 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/14/2005 | $0.00 |
| SOMERSET CAPITAL GROUP LTD<br>1087 BROAD ST<br>STE 301<br>BRIDGEPORT, CT 06604 | EQUIPMENT LEASE AMENDMENT NO. 1 | ASSIGN | 12/28/2009 | $0.00 |
| SOMERSET CAPITAL GROUP LTD<br>1087 BROAD ST<br>STE 301<br>BRIDGEPORT, CT 06604 | RENTAL AGREEMENT | ASSIGN | 10/5/2007 | $0.00 |
| SONOCO<br>N 2ND ST<br>HARTSVILLE, SC 29550 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/31/2002 | $0.00 |
| SONY CHEMICALS CORPORATION OF AMERICA<br>1001 TECHNOLOGY DR<br>MT PLEASANT, PA 15666 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/30/2004 | $0.00 |
| SONY MAGNETIC PRODUCTS INC.OF AMERICA<br>4275 WEST MAIN<br>DOTHAN, AL 36301 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/9/1998 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SOPUS PRODUCTS<br>700 MILAM ST<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/26/2007 | $0.00 |
| SOULARD,MAXANNE R<br>1202 FOX LN<br>POUGHKEEPSIE, NY 12603-6920 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 12/20/2008 | $0.00 |
| SOURCE ONE WORLD WIDE<br>2 GRAY COURT<br>FARMINGTON , CT  O6085 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/4/2002 | $0.00 |
| SOURCE TRACK LLC<br>5670 W CYPRESS ST<br>STE C<br>TAMPA, FL 33607 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/8/2001 | $0.00 |
| SOURCE TRACK, LLC<br>5670 W CYPRESS ST<br>STE C<br>TAMPA, FL 33607 | E-COMMERCE AGREEMENT | ASSIGN | 3/8/2001 | $0.00 |
| SOURCE, FIRE, INC<br>9770 PATUXENT WOODS DRIVE<br>COLUMBIA, MD  21046 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/15/2006 | $0.00 |
| SOURCEONE WORLDWIDE INC<br>2 GRAY CT<br>FARMINGTON, CT 06032 | MUTUAL REFERALL AGREEMENT | ASSIGN | 4/16/2003 | $0.00 |
| SOUTH BAY HOSPITAL<br>4016 SUN CITY CTR BLVD<br>SUN CITY CENTER, FL 33573 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/4/2005 | $0.00 |
| SOUTH BEND MEDICAL FOUNDATION<br>530 NORTH LAFAYETTE BLVD<br>SOUTH BEND, IN 46601-1098 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/19/2004 | $0.00 |
| SOUTH CENTRAL REGIONAL MEDICAL CENTER<br>PO BOX 607<br>LAUREL, MS 39441-0607 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 4/20/2009 | $0.00 |
| SOUTH HAVEN COMMUNITY HOSPITAL<br>955 SOUTH BAILEY AVE<br>SOUTH HAVEN, MI 49090 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/26/2004 | $0.00 |
| SOUTHEASTERN FREIGHT<br>420 DAVEGA RD<br>LEXINGTON, SC 29073 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/10/2004 | $0.00 |
| SOUTHEASTERN FREIGHT LINES<br>420 DAVEGA RD<br>LEXINGTON, SC 29073 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2004 | $0.00 |
| SOUTHEASTERN FREIGHT LINES INC.<br>420 DAVEGA RD<br>LEXINGTON, SC 29073 | CARRIER AGREEMENT | ASSIGN | 7/1/1998 | $0.00 |
| SOUTHEASTERN UNDERWRITERS, INC.<br>10254 TIMBER RIDGE DR<br>ASHLAND, VA 23005 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/19/2002 | $0.00 |
| SOUTHERN MAINE MEDICAL CENTER<br>PO BOX 626<br>BIDDEFORD, ME 04005 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/3/2007 | $0.00 |
| SOUTHERN NEW ENGLAND TELEPHONE COMPANY<br>310 ORANGE ST<br>NEW HAVEN, CT 06510 | MEMORANDUM AGREEMENT FOR MULTIPATH SERVICE | ASSIGN | 8/20/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE<br>425 EAST 100 SOUTH<br>SALT LAKE CITY, UT 84111 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/22/2006 | $0.00 |
| SOUTHWEST BANK OF TEXAS<br>4400 POST OAK HWY<br>HOUSTON, TX 77027 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/16/2001 | $0.00 |
| SOUTHWEST BANK OF TEXAS<br>1801 MAIN RT 900<br>PO BOX 27459<br>HOUSTON, TX 77002 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/9/2003 | $0.00 |
| SOUTHWEST PRECISION PRINTERS AND ASSOCIATES<br>1055 CONRAD SAUER<br>HOUSTON, TX 77043 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 10/1/2009 | $0.00 |
| SOUTHWESTERN COLORGRAPHICS<br>202 N FAIRVIEW<br>KEENE, TX 76059 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| SOUTHWESTERN VERMONT HEALTH CARE<br>1100 HOSPITAL DR<br>BENNINGTON, VT 05201 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/18/2003 | $0.00 |
| SOVEREIGN BANK<br>1130 BERKSHIRE BLVD<br>WYOMISSING, PA 19610 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2010 | $0.00 |
| SPACE MANAGEMENT<br>2109 SOUTH SMITHVILLE ROAD<br>DAYTON , OH  45420 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/30/2005 | $0.00 |
| SPCP GROUP, LLC<br>SILVER POINT FINANCE LLC AS AGENT<br>2 GREENWICH PLZ<br>ATTN NANCY WEIR<br>GREENWICH, CT 06830 | ASSIGNMENT OF CLAIM AGREEMENT FOR SILVER POINT CLAIM | ASSIGN | 4/27/2009 | $0.00 |
| SPECIAL SERVICE FREIGHT COMPANY OF THE CAROLINES, INC.<br>PO BOX 38630<br>CHARLOTTE, NC  28278 | CARRIER AGREEMENT | ASSIGN | 9/16/2004 | $0.00 |
| SPECIAL SERVICES PARTNERS<br>PO BOX 5038<br>TOLEDO, OH 43611-0038 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SPECIALIZED PRINTED FORMS<br>352 CTR STPO BOX 118<br>CALEDONIA, NY 14423-0118 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2004 | $0.00 |
| SPECIALTY PROMOTIONS INC. DBA SPECIALITY PRINT<br>6019 WEST HOWARD ST<br>NILES, IL 60714 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 11/4/2008 | $0.00 |
| SPECTRA LABORATORIES<br>48818 KATO RD<br>FREMONT, CA 94538 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/3/2005 | $0.00 |
| SPECTRA PRINT INCORPORATED<br>PO BOX 2322<br>BROOKFIELD, WI 53008-2322 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| SPEED TRANSPORTATION<br>PO BOX 738<br>BUFFALO, NY 14217 | FOR RESALE VENDOR | ASSIGN | 9/1/2004 | $0.00 |
| SPEEDWAY SUPERAMERICA, LLC<br>500 SPEEDWAY DR<br>ENON, OH 45323-1056 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SPHERION<br>2050 SPECTRUM BLVD<br>FT LAUDERDALE, FL 33309 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/24/2004 | $0.00 |
| SPICER TRAILER PRODUCTS DIVISION<br>2424 W STATE BLVD<br>FORT WAYNE, IN 46808 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/1998 | $0.00 |
| SPINDLER,GORDON P<br>3381 CERRITO CT<br>NAPLES, FL 34109-0317 | ACC EXEC, 09/04/09 | ASSIGN | 7/1/2009 | $0.00 |
| SPIRACUR, INC.<br>1180 BORDEAUX DR<br>REDWOOD CITY, CA 94089 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/5/2009 | $0.00 |
| SPIROMETRICS<br>22 SHAKER RD<br>GRAY, ME 04039 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/30/2004 | $0.00 |
| SPM DEFENDER, INC.<br>6301 NORTH KINGS HWY<br>MYRTLE BEACH, SC 29572 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/1998 | $0.00 |
| SPORT HALEY<br>4600 EAST 48TH AVE<br>DENVER, CO 80216 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/12/2001 | $0.00 |
| SPRINGFIELD<br>1206 CHEROKEE AVE<br>GAFFNEY, SC 29340 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/13/2006 | $0.00 |
| SPRINT PRESS<br>3413 CARLETON ST<br>RICHMOND, VA 23230 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| SPRINT SOLUTIONS INC<br>6391 SPRINT PKWY<br>OVERLAND PARK, KS 66251-2525 | MASTER SERVICES AGREEMENT | ASSIGN | 9/1/2007 | $0.00 |
| SPRINT SOLUTIONS, INC.<br>6391 SPRINT PKWY<br>OVERLAND PARK, KS 66251-2525 | CUSTOM SERVICES AGREEMENT | ASSIGN | 3/24/2003 | $0.00 |
| SPRINT SOLUTIONS, INC.<br>6391 SPRINT PKWY<br>OVERLAND PARK, KS 66251-2525 | TELECOM | ASSIGN | 7/19/2007 | $101,283.47 |
| SPX CORPORATION<br>13515 BALLENTYNE CORPORATE PL<br>CHARLOTTE, NC 28212 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/3/2007 | $0.00 |
| SRA INTERNATIONAL (SYSTEMS RESEARCH APPS)<br>4300 FAIR LAKES CT<br>FAIRFAX, VA 22033 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/18/2008 | $0.00 |
| SRINI PARIMI<br>230 COMMERCE STE 180<br>IRVINE, CA 92602 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 9/7/2006 | $0.00 |
| SSI TECHNOLOGIES<br>1027 WATERWOOD PKWY<br>EDMOND, OK 73034 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SST TECH INC<br>788 EAST BROOKHAVEN CIRCL<br>MEMPHIS, TN 38117 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ST DOMINIC HOSPITAL<br>969 LAKELAND DR<br>JACKSON, MS 39216-4606 | CUSTOMER CONTRACT LOU | ASSIGN | 2/10/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ST LUKE'S HOSPITAL MINNESOTA<br>915 EAST 1ST ST<br>DULUTH, MN 55805<br>USA | CUSTOMER CONTRACT LOP | ASSIGN | 9/1/2010 | $0.00 |
| ST. AGNES HEALTHCARE, INC.<br>900 CATON AVE<br>BALTIMORE, MD 21229-5295 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/1/2002 | $0.00 |
| ST. ANN'S HOSPITAL<br>500 S. CLEVELAND AVENUE<br>WESTERVILLE, OH 43081<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/1992 | $0.00 |
| ST. ANTHONY MEMORIAL HOSPITAL<br>301 W HOMER<br>MICHIGAN CITY, IN 46360 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/2/2004 | $0.00 |
| ST. CHARLES COMMUNITY COLLEGE<br>4601 MID RIVERS MALL DR<br>ST PETERS, MO 63376 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/8/2006 | $0.00 |
| ST. DOMINIC - JACKSON MEMORIAL HOSPITAL<br>969 LAKELAND DR<br>JACKSON, MS 39216 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/13/2005 | $0.00 |
| ST. DOMINIC-JACKSON MEMORIAL HOSPITAL<br>969 LAKELAND DR<br>JACKSON, MS 39216 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 7/1/2006 | $0.00 |
| ST. JOSEPH HOSPITAL EMPLOYEES' CREDIT UNION<br>172 KINSLEY STREET<br>NASHUA, NH 03061<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/30/2004 | $0.00 |
| ST. JOSEPH MEDICAL CENTER<br>7601 OSLER DR<br>TOWSON, MD 21204 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/15/2005 | $0.00 |
| ST. LUKE'S HOSPITAL<br>1333 SOUTHVIEW DRIVE<br>BLUEFIELD, WV 24701<br>USA | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/14/2006 | $0.00 |
| ST. MARY'S REGIONAL MEDICAL CENTER<br>235 W. 6TH STREET<br>RENO , NV  89503 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/9/2006 | $0.00 |
| ST. PAUL COMPANIES<br>500 W MADISON<br>STE 2600<br>CHICAGO, IL 60661-2594 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2001 | $0.00 |
| ST. PAUL COMPANIES (FIRE & MARINE)<br>500 W MADISON<br>STE 2600<br>CHICAGO, IL 60661-2594 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2001 | $0.00 |
| ST. PAUL SURETY (THE)<br>2545 FARMERS DR<br>STE 110<br>COLUMBUS, OH 43035 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/2/2001 | $0.00 |
| STAFF AMERICA, INC.<br>6000 FAIRVIEW ROAD STE 1500<br>CHARLOTTE, NC 28287 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/23/2002 | $0.00 |
| STAMPS,VIRGIE K<br>707 MIAMISBURG<br>CENTERVILLE RD NO 201<br>DAYTON, OH 45459-6522 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 4/12/2010 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| STANDARD BANK<br>7725 W 98TH ST<br>HICKORY HILLS, IL 60457 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/8/2005 | $0.00 |
| STANLEY,JOHN M<br>7934 LIONS MANE CT<br>LAS VEGAS, NV 89123-0715 | ACCOUNT EXECUTIVE, 03/24/09 | ASSIGN | 12/29/2008 | $0.00 |
| STAR FINANCIAL BANK<br>127 W BERRY ST<br>FT WAYNE, IN 46802 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2005 | $0.00 |
| STAR HRG<br>2222 W DUNLAP AVE<br>PHOENIX, AZ 85021 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/10/2005 | $0.00 |
| STAR PRINTING<br>1770 WEST SEQUIOA VISTA CIR STE 1 B<br>SALT LAKE CITY, UT 84104 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| STARKEY PRINTING CO<br>PO BOX 71869<br>CHATTANOOGA, TN 37407 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| STARTEK USA, INC.<br>100 GARFIELD ST<br>DENVER, CO 80206 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/27/2004 | $0.00 |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC.<br>46 CLEARING FARM RD<br>KINGSTON, MA 02364 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/29/2008 | $0.00 |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br>518 E BROAD ST<br>COLUMBUS, OH 43215 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/15/2006 | $0.00 |
| STATE BAR OF GEORGIA<br>104 MARIETTA ST NW NO 100<br>ATLANTA, GA 30303 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/9/2006 | $0.00 |
| STATE COMPENSATION INSURANCE FUND<br>1275 MARKET ST<br>SAN FRANCISCO, CA 94103 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2000 | $0.00 |
| STATE EMP CREDIT UNION OF MD<br>971 CORPORATE BLVD<br>LINTHICUM HEIGHTS, MD 21090 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/4/2009 | $0.00 |
| STATE INDUSTRIAL PRODUCTS<br>3100 HAMILTON AVE<br>CLEVELAND, OH 44114 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/11/2002 | $0.00 |
| STATE OF HAWAII - DLNR<br>333 QUEEN STREET 3RD FL<br>HONOLULU, HI 96813 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/13/2001 | $0.00 |
| STATE OF HAWAII ATTORNEY GENERAL, CHILD SUPPORT ENFORCEMENT AGENCY<br>601 KAMOKILA BOULEVARD STE 207<br>KAPOLEI, HI 96707 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/11/2002 | $0.00 |
| STATE OF NEW JERSEY PURCHASE BUREAU<br>33 WEST STATE ST 9TH FL<br>TRENTON, NJ 08625-0230 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/15/2009 | $0.00 |
| STATE STREET BANK & TRUST CO.<br>53 STATE ST<br>BOSTON, MA 02109 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/24/2009 | $0.00 |
| STATEWIDE-MULTIPLE LISTING SERVICE, INC.<br>100 BIGNALL ST<br>WARWICK, RI 02888 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| STERICYCLE, INC.<br>28161 NORTH KEITH DR<br>LAKE FOREST, IL 60095 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/4/2004 | $0.00 |
| STERICYCLE, INC.<br>28161 N KEITH DR<br>LAKE FOREST, IL 60045 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/4/2004 | $0.00 |
| STERLING BANK<br>2550 NORTH LOOP WEST<br>HOUSTON, TX 77092 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/26/2008 | $0.00 |
| STERLING BANKSHARES<br>835 GESSNER<br>HOUSTON , TX 77024 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/31/2008 | $0.00 |
| STERLING CHEMICALS, INC.<br>PO BOX 1311<br>TEXAS CITY, TX 77592 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/2003 | $0.00 |
| STERLING SAVINGS BANK<br>111 N WALL ST<br>SPOKANE, WA 99201 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2010 | $0.00 |
| STERLING SAVINGS BANK<br>111 N WALL ST<br>SPOKANE, WA 99201 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/23/2010 | $0.00 |
| STERLING,NANCY<br>145 GENE DR<br>PITTSBURGH, PA 15237 | SALES SUPPORT AGREEMENT | ASSIGN | 8/26/2010 | $0.00 |
| STERRETT,MICHAEL D<br>10153 CHESWICK LN<br>FISHERS, IN 46037-8966 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 4/10/2009 | $0.00 |
| STI KNOWLEDGE, INC.<br>4 CONCOURSE PARKWAY STE 400<br>ATLANTA, GA 30328 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2004 | $0.00 |
| STILLWATER MEDICAL CENTER<br>1323 W SIXTH AVE<br>STILLWATER, OK 74074-4399 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| STOC MARKETING LLC<br>7706 INDUSTRIAL CT<br>UNIT F<br>SPRING GROVE, IL 60081 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/25/2008 | $0.00 |
| STOCK BUILDING SUPPLY HOLDINGS<br>8020 ARCO CORPORATE DR<br>RALEIGH, NC 27617-2011 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/17/2008 | $0.00 |
| STOCK BUILDING SUPPLY HOLDINGS INC.<br>8020 ARCO CORPORATE DR<br>RALEIGH, NC 27617-2011 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/17/2008 | $0.00 |
| STOHL SYSTEMS<br>631 PARK AVENUE<br>KING OF PRUSSIA , PA  19406 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/16/2003 | $0.00 |
| STONEBRIDGE BENEFITS SERVICES INC<br>2700 W PLANO PKWY<br>PLANO, TX | SUPPLY AGREEMENT | ASSIGN | 6/25/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| STONEHAM ASSOCIATES<br>4810 MUNSON ST NW<br>CANTON, OH 44718 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/15/2001 | $0.00 |
| STONES RIVER HOSPITAL<br>324 DOOLITTLE RD<br>WOODBURY, TN 37190 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/25/2002 | $0.00 |
| STORAGE TECHNOLOGHY<br>2270 SOUTH 88TH STREET<br>LOUISVILLE, CO 80028-0001 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/23/2005 | $0.00 |
| STORMONT VAIL HEALTHCARE<br>1500 SOUTHWEST 10TH AVE<br>TOPEKA, KS 66604-1301 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| STOUT,DON G<br>344 FIRST AVE<br>PHOENIXVILLE, PA 19460 | ACC EXEC, 12/31/09 | ASSIGN | 6/13/1996 | $0.00 |
| STRATEGIC DATA SYSTEMS, INC.<br>10785 YANKEE ST<br>CENTERVILLE, OH 45458 | SERVICES AGT | ASSIGN | 1/18/2010 | $0.00 |
| STRATEGIC MARKETING AFFILIATES INC<br>201 SOUTH CAPITAL AVE STE 520<br>INDIANAPOLIS, IN 46225 | RESTRICTED LOCAL LICENSE AGREEMENT | ASSIGN | 7/11/2007 | $0.00 |
| STRATEGIC PRINT ALLIANCE<br>2118 59TH ST<br>ST LOUIS, MO 63110 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/3/2009 | $0.00 |
| STRATEGIC RESOURCE MANAGEMENT, INC.<br>1661 INTERNATIONAL DRIVE STE 350<br>MEMPHIS, TN 38120 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/25/2002 | $0.00 |
| STRATHMORE COMPANY<br>2000 GARY LN<br>GENEVA, IL 60134 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 11/1/2006 | $0.00 |
| STRATIX CORPORATION<br>4920 AVALON RIDGE PKWY # 600<br>NORCROSS, GA 30071-1572 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/17/2003 | $0.00 |
| STREAMLINE COMMUNICATIONS<br>7862 KINGLAND DR<br>STE C<br>W CHESTER, OH 45064 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/5/2008 | $0.00 |
| STRIDE RITE CORPORATION, THE<br>191 SPRING ST<br>LEXINGTON, MA 02420 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/6/2004 | $0.00 |
| STRINE PRINTING COMPANY INC<br>PO BOX 64229<br>BALTIMORE, MD 21264-4229 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| STRYKER<br>750 TRADE CENTRE WAY<br>PORTAGE, MI 49002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/10/2008 | $0.00 |
| STYLECRAFT INC<br>1510 PONTIAC AVE<br>CRANSTON, RI 02920 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| STYLERITE LABEL CORP<br>2140 AVON INDUSTRIAL DR<br>ROCHESTER HILLS, MI 48309 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SUDLEY ROAD (7900), LLC<br>C/O BROAD ST REALTY LLC<br>4929 BETHESDA AVENUE STE 200<br>BETHESDA, MD 20814- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 12/15/1998 | $0.00 |
| SUMMA,JOSEPHA M<br>7 CARRIAGE DR<br>CANTON, CT 06019-2001 | SALES REP, 01/02/09 | ASSIGN | 8/1/2008 | $0.00 |
| SUMMIT ORTHOPEDICS LTD.<br>17 W EXCHANGE STREET STE 310<br>ST PAUL, MN 55102 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/10/2006 | $0.00 |
| SUN HERALD, THE<br>205 DEBUYS RD<br>GULFPORT, MS 39507 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/15/2004 | $0.00 |
| SUN MICROSYSTEMS FINANCE<br>901 SAN ANTIONIO RD<br>PALO ALTO, CA 94303 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/21/2002 | $0.00 |
| SUN NATIONAL BANK<br>226 LANDIS AVE<br>VINELAND, NJ 08360 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/30/2004 | $0.00 |
| SUN SUITES<br>4770 SOUTH ATLANTA RD STE 200<br>SMYRNA, GA 30080 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/18/2003 | $0.00 |
| SUN TRUST BANK<br>7818 PARHAM RD<br>RICHMOND, VA 23294 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/1/2008 | $0.00 |
| SUN TRUST LEASING CORP<br>29 W SUSQUEHANA AVE<br>TOWSON, MD 21204 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/28/2004 | $0.00 |
| SUNBELT BUSINESS BROKERS<br>7101 COLLEGE BLVD<br>STE 1650<br>OVERLAND PARK, KS 66210 | NON-DISCLOSURE AGREEMENT RE POTENTIAL TRANSACTION | ASSIGN | 03/X/2007 | $0.00 |
| SUNBELT COMPUTER FORMS<br>P O BOS 5497<br>345 DRELER RD<br>W COLUMBIA, SC 29169 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| SUNBRIDGE HEALTHCARE CORPORATION<br>101 SUN AVE<br>ALBUQUERQUE, NM 87109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2009 | $0.00 |
| SUNCORP CORP. CREDIT UNION<br>11080 CIR POINT RD<br>STE 500<br>WESTMINSTER, CO 80302 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/23/2005 | $0.00 |
| SUNDANCE LITHO, INC.<br>DENNIS RICK<br>8101 EAST WOODWIND AVE.<br>ORANGE, CA 92864<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 10/6/1999 | $0.00 |
| SUNGARD AVAILABILITY SERVICES LP<br>680 E. SWEDESFORD ROAD<br>WAYNE, PA  19087 | U.S. AVAILABILITY SERVICES | ASSIGN | 7/31/2007 | $0.00 |
| SUNGARD HIGHER EDUCATION INC.<br>680 E SWEDESFORD RD<br>WAYNE, PA 19087 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/10/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SUNGUARD DATA SYSTEM<br>680 E. SWEDESFORD RD.<br>WAYNE , PA 19087 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/16/2003 | $0.00 |
| SUNKIST GRAPHICS<br>401 E SUNKIST RD<br>HENDERSON, NV 89011 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/21/2009 | $0.00 |
| SUNNY EXPRESS<br>PO BOX 225<br>SANTA CLARA, CA 95052-0225 | CARRIER AGREEMENT | ASSIGN | 9/10/2004 | $0.00 |
| SUNPACK PAPER PRODUCTS<br>438 444 SHANGHAI ST<br>MONGKOK, KOWLOON<br>HONG KONG | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/23/2009 | $0.00 |
| SUNTRUST BANK<br>7818 PARHAM RD<br>RICHMOND, VA 23294 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/1/2008 | $0.00 |
| SUNTRUST BANK<br>7818 PARHAM RD<br>RICHMOND, VA 23294 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/21/2008 | $0.00 |
| SUPER SUBBY'S<br>27 W. FIRST STREET<br>DAYTON , OH 45402 | SERVICES AGREEMENT | ASSIGN | 8/22/2005 | $0.00 |
| SUPER SUBBY'S (DOSE'S)<br>27 W. FIRST STREET<br>DAYTON , OH 45402 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/7/2003 | $0.00 |
| SUPERIOR BUSINESS ASSOCIATES INC<br>PO BOX 400<br>GREENEVILLE, TN 37744 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2007 | $0.00 |
| SUPERIOR GRAPHICS, INC.<br>WESLEY CHERINGAL<br>SUPERIOR GRAPHICS INC.<br>250 HUDSON ST.<br>NEW YORK, NY 10013<br>USA | AGREEMENT AND PLAN OF MERGER, AS AMENDED, AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 3/18/1999 | $0.00 |
| SUPRE<br>15770 N DALLAS PARKWAY NO 700<br>DALLAS, TX 75248 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/26/2004 | $0.00 |
| SURETY BUSINESS UNIT OF ZURICH AMERICAN INSURANCE COMPANY AND/OR FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br>ZURICH AMERICAN INSURANCE COMPANY<br>1400 AMERICAN LANE<br>SCHAUMBURG, IL 60196<br>USA | NON-DISCLOSURE AGREEMENT RE PROPOSED BUSINESS RELATIONSHIP | ASSIGN | 12/5/2007 | $0.00 |
| SUREWEST COMMUNICATIONS<br>8150 D INDUSTRIAL AVE<br>ROSEVILLE, CA 95678 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/28/2001 | $0.00 |
| SUSAN G. KOMEN BREAST CANCER FOUNDATION<br>5005 LBJ FWY<br>STE 250<br>DALLAS, TTX 75244 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/3/2007 | $0.00 |
| SUSQUEHANNA BANCSHARES INC.<br>26 N CEDAR ST<br>LITITZ, PA 17543 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/14/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SWETT & CRAWFORD GROUP INC<br>21650 OXNARD ST STE 1400<br>WOODLAND HILLS, CA 91367 | EDIRECT MARKETING SOLUTIONS | ASSIGN | 5/19/2006 | $0.00 |
| SWETT AND CRAWFORD GROUP<br>7230 MCGINNIS FERRY ROAD STE 300<br>SUWANEE, GA 30024 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/29/2005 | $0.00 |
| SWICK,DONALD<br>833 S LOWRY ST<br>ORANGE, CA 92869-5036 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/1/2009 | $0.00 |
| SWIFT NEWSPAPERS, INC.<br>500 DOUBLE EAGLE CT<br>RENO, NV 89521-8991 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/28/2006 | $0.00 |
| SYBASE 365 INC<br>1 SYBASE DR<br>DUBLIN, CA 94568 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/15/2007 | $0.00 |
| SYBASE INC<br>6475 CHRISTIE AVE<br>EMERYVILLE, CA 94608 | PREFERRED ESCROW AGREEMENT | ASSIGN | 3/30/2001 | $0.00 |
| SYLVAN PRINTING & OFFICE SUPPLY CO<br>1308 S PEORIA<br>TULSA, OK 74120 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2004 | $0.00 |
| SYNGENTA<br>PO BOX 18300<br>GREENSBORO, NC 27419-8300 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2003 | $0.00 |
| SYNGETA CROP PROTECTION, INC.<br>410 SWING RD<br>GREENSBORO, NC 27409 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/15/2010 | $0.00 |
| SYNNEX CORPORATION<br>39 PELHAM RIDGE<br>GREENVILLE, SC 29615 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/15/2008 | $0.00 |
| SYNNEY CORPORATION<br>39 PELHAM RIDGE<br>GREENVILLE, SC 29615 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/15/2008 | $0.00 |
| SYNOVUS SECURITIES INC.<br>1234 1ST AVE<br>COLUMBUS, GA 31901 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/8/2008 | $0.00 |
| SYNOVUS SECURITIES INC.<br>1234 1ST AVE<br>COLUMBUS, GA 31901 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/8/2008 | $0.00 |
| SYNOVUS SECURITIES INC.<br>1234 1ST AVE<br>COLUMBUS, GA 31901 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/2/2008 | $0.00 |
| SYS-TEC CORPORATION<br>6911 SUMMERFIELD ROAD<br>PETERSBURG, MI  49270 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| SYSTEMAX, INC.<br>11 HARBOR PARK DR<br>PORT WASHINGTON, NY 11050-4656 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/18/2000 | $0.00 |
| SZKODY, JEFFREY<br>5995 S TECHUMSEH RD<br>SPRINGFIELD, OH 45502 | CONSULTING AGREEMENT | ASSIGN | 8/3/2010 | $0.00 |

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| T ROWE PRICE ASSOCIATES<br>100 E PRATT ST<br>BALTIMORE, MD 21202 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/11/2009 | $0.00 |
| T ROWE PRICE INVESTMENT TECHNOLOGIES, INC.<br>100 EAST PRATT ST<br>BALTIMORE, MD 21202 | MASTER CONSULTING AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| T.H.E.M.<br>5-A STOW ROAD<br>MARLTON , NJ O8053 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/24/2007 | $0.00 |
| T/E GATEWAY 2410, LTD. AND BANK OF TEXAS N.A.<br>10005 TECHNOLOGY BLVD<br>DALLAS, TX 75220 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/24/2002 | $0.00 |
| TACONY CORPORATION<br>1760 GILSINN LN<br>FENTON, MO 63026 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/25/2002 | $0.00 |
| TADDSCO IMAGES INC.<br>1032 BROADWAY<br>SANTA MONICA, CA 90401 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/24/2008 | $0.00 |
| TAHOE PARTNERS LLC<br>700 W PETE ROSE WAY<br>STE 456<br>CINCINNATI, OH 45203 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/24/2008 | $0.00 |
| TAHOE PARTNERS, LLC<br>700 W PETE ROSE WAY<br>STE 456<br>CINCINNATI, OH 45203 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/24/2008 | $0.00 |
| TAK REALTY AND INVESTMENT, LLC<br>60 WALNUT AVE STE 400<br>CLARK, NJ 07066- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 6/1/2010 | $0.00 |
| (TAKATA) TK HOLDINGS, INC.<br>2500 TAKATA DR<br>AUBURN HILLS, MI 98326 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/1/2008 | $0.00 |
| TAKATA (TK HOLDINGS INC) ALSO PLANTE & MORAN PLCC<br>2500 TAKATA DR<br>AUBURN HILLS, MI 98326 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/1/2008 | $0.00 |
| TAKATA RESTRAINT SYSTEMS, INC.<br>422 GALLIMORE DAIRY RD<br>GREENSBORO, NC 27409 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/10/2005 | $0.00 |
| TALEO CORPORATION<br>575 MARKET ST 8TH FL<br>SAN FRANSISCO, CA 94105 | SERVICES AGREEMENT | ASSIGN | 4/6/2007 | $0.00 |
| TALX CORPORATION<br>4076 PAYSPHERE CIR<br>CHICAGO, IL 60674 | UNIVERSAL SERVICE AGREEMENT | ASSIGN | 6/1/2007 | $3,430.00 |
| TAPE & LABEL GRAPHIC SYSTEMS INC<br>PO BOX 92170<br>ELK GROVE VILLAGE, IL 60009 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2005 | $0.00 |
| TARGET CORPORATION<br>1000 NICLLET MALL<br>MINNEAPOLIS, MN 55403 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/3/2009 | $0.00 |
| TARTAGLIA,HAROLD M<br>7133 CREST HILL DR<br>RENO, NV 89506-5633 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TASCA INC<br>67 S MAIN ST<br>MIAMISBURG, OH 45342 | SERVICES AGREEMENT | ASSIGN | 3/17/2005 | $0.00 |
| TATA AMERICA INTERNATIONAL CORPORATION<br>101 PEAK AVENUE 26TH FLOOR<br>NEW YORK , NY 10178 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/23/2004 | $0.00 |
| TATMAN,TIMOTHY<br>4243 HIGHBORNE DR<br>MARIETTA, GA 30066 | EXECUTIVE CONTRACT | ASSIGN | 6/1/2009 | $0.00 |
| TAX COMPLIANCE INC<br>10200 A WILLOW CREEK RD<br>SAN DIEGO, CA 92131 | SOFTWARE LICENSE AND SUPPORT AGREEMENT | ASSIGN | 4/25/2001 | $0.00 |
| TAYLOR ORCHARDS<br>PO BOX 975<br>REYNOLDS, GA 31076 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/16/2002 | $0.00 |
| TD BANK, N.A.<br>ATTN: JOHN DEPLEDGE<br>2005 MARKET STREET, 2ND FLOOR<br>PHILADELPHIA, PA 19103 | CONFIDENTIALIY AND NON-DISCLOSURE AGREEMENT IN CONNECTION TO CREDIT FACILITIES 2010 REFINANCING | ASSIGN | 3/5/2010 | $0.00 |
| TD BANKNORTH NA<br>2 PORTLAND SQ<br>PO BOX 9540<br>PORTLAND, ME 04112-9540 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/11/2007 | $0.00 |
| TD BANKNORTH, N.A.<br>ONE PORTLAND SQUARE<br>PO BOX 9540<br>PORTLAND, ME 04112 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/12/2006 | $0.00 |
| TEACHERS CREDIT UNION<br>PO BOX 1395<br>SOUTH BEND, IN 46624 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/11/2005 | $0.00 |
| TEAM CONCEPT PRINTING &<br>THERMOGRAPHY 540 TOWER BLVD<br>CAROL STREAM, IL 60188 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2004 | $0.00 |
| TECHCOLOR GRAPHICS<br>PO BOX 375<br>CHINO, CA 91708 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TECHDISPOSAL.COM<br>320 OUTERBELT ST<br>COLUMBUS, OH 43213 | MASTER AGREEMENT FOR CONTRACT SERVICES | ASSIGN | 1/18/2005 | $0.00 |
| TECHNI FORMS INC<br>601 AIRPORT BLVD PO BOX 1070<br>DOYLESTOWN, PA 18901 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/22/2004 | $0.00 |
| TECHNO GRAPHICS & TRANSLATIONS INC<br>1451 EAST 168TH ST<br>SOUTH HOLLAND, IL 60473-2641 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2004 | $0.00 |
| TECHNOLOGY INVESTMENT PARTNERS LLC<br>3955 PINNACLE CT<br>STE 200<br>AUBURN HILLS, MI 48326 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/22/2004 | $0.00 |
| TECHTMANN,JOHN R<br>2 TULIP TREE RD<br>LEVITTOWN, PA 19056-1538 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 2/24/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TEK SYSTEMS, INC.<br>PO BOX 198658<br>ATLANTA, GA 30824-8568 | STAFFING SERVICES AGREEMENT | ASSIGN | 12/6/2007 | $0.00 |
| TELADOC CARE, INC.<br>PO BOX 382377<br>BIRMINGHAM, AL 35238-2377 | MEDICAL BENEFIT PROVIDER | ASSIGN | 9/1/2009 | $0.00 |
| TELEFLORA LLC<br>11444 W OLYMPIC BOULEVARD 4TH FL<br>LOS ANGELES, CA 90064 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/25/2002 | $0.00 |
| TEMECULA VALLEY BANK<br>27710 JEFFERSON AVE<br>STE A100<br>TEMECULA, CA 92590 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/2/2008 | $0.00 |
| TEMPLE INLAND<br>1300 S MOPAK<br>AUSTIN, TX 78746 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/21/2005 | $0.00 |
| TENNESSEE COMMERCIAL BANK<br>381 MALLORY STATION RD<br>FRANKLIN, TN 37069 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/23/2009 | $0.00 |
| TEREX CORPORATION<br>200 NYALA FARM RD<br>WESTPORT, CT 06880 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/3/2008 | $0.00 |
| TEREX CORPORATION<br>1281 FRONTERA RD<br>DEL RIO, TX 78840 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/3/2008 | $0.00 |
| TERIX COMPUTER COMPANY INC<br>388 OAKMEAD PKWY<br>SUNNYVALE, CA 94085 | SERVICE DELIVERY AGREEMENT | ASSIGN | 4/24/2009 | $0.00 |
| TERLIZZI JR,DANIEL J<br>303 KEMERER DR<br>GREENSBURG, PA 15601 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/29/1998 | $0.00 |
| TERREBONNE GENERAL MEDICAL CENTER<br>PO BOX 6037<br>HOUMA, LA 70360 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 9/22/2010 | $0.00 |
| TETRA TECH<br>25025 I 45 N STE 600<br>THE WOODLANDS, TX 77380 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/4/2005 | $0.00 |
| TEX TECH INDUSTRIES<br>105 NORTH MAIN ST<br>NORTH MONMOUTH, ME 04265 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/27/2003 | $0.00 |
| TEXAS HEALTH RESOURCES<br>611 RYAN PLZ DRIVE STE 1100<br>ARLINGTON, TX 76011 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/12/2006 | $0.00 |
| TFP DATA SYSTEMS<br>PO BOX 9012 3451 JUPITER CT<br>OXNARD, CA 93031-9012 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2001 | $0.00 |
| TFP DATA SYSTEMS INC<br>3451 JUPITER CT<br>OXNARD, CA 93030 | BILLING FORM PRINTING & DISTRIBUTION LICENSE | ASSIGN | 1/1/2006 | $0.00 |
| TGX MEDICAL SYSTEMS, INC.<br>12220 N MERIDIAN STE 175<br>CARMEL, IN 46032 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/15/2007 | $0.00 |
| THARP,REBECCA S<br>7711 HOLDERMAN ST<br>LEWIS CENTER, OH 43035-6009 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/10/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| THE ARBOR, LLC<br>8500 MEHAFFEY RD<br>MIDLAND, GA 31820- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 11/1/1999 | $0.00 |
| THE ASSOCIATED PRESS<br>450 WEST 33RD ST<br>NEW YORK, NY 10001 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/14/2010 | $0.00 |
| THE BIDDLE CONSULTING GROUP<br>193 BLUE RAVINE RD STE 270<br>FOLSOM, CA 95630 | PROFESSIONAL SERVICES AGREEMENT | ASSIGN | 2/29/2008 | $0.00 |
| THE BIDDLE CONSULTING GROUP INC.<br>193 BLUE RAVINE RD<br>STE 270<br>FOLSOM, CA 95630 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/13/2008 | $0.00 |
| THE BIDDLE CONSULTING GROUP, INC.<br>193 BLUE RAVINE RD<br>STE 270<br>FOLSOM, CA 95630 | AFFIRMATIVE ACTION CONSULTING AND DEVELOPMENT SERVICES | ASSIGN | 2/29/2008 | $0.00 |
| THE BOEING COMPANY<br>2600 PARAMOUNT PL # 400<br>FAIRBORN , OH  45324-6765 | ELECTRONIC COMMERCE TRADING PARTNER AGREEMENT | ASSIGN | 5/20/2008 | $0.00 |
| THE BOEING COMPANY, ACTING BY AND THROUGH BOEING SHARED SERVICES GROUP<br>PO BOX 3707 ATTN LORNA C FERRERA PROCUREMENT AGENT<br>SEATTLE, WA 98124-2207 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2009 | $0.00 |
| THE BUFFALO NEWS, A DIVISION OF OBH, INC.<br>PO BOX 100 ONE NEWS PLZ<br>BUFFALO, NY 14127 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/8/2009 | $0.00 |
| THE BUNCHER CO<br>PENN LIBERTY PLZ I<br>1300 PENN AVE STE 300<br>PITTSBURGH, PA 15222-4211 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/20/2001 | $0.00 |
| THE CITY OF AVON<br>36080 CHESTER RD<br>AVON, OH 44011 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/25/2008 | $0.00 |
| THE CULINARY SCHOOL OF FORT WORTH, LLC<br>6100 CAMP BOWIE BOULEVARD NO 25<br>FORT WORTH, TX 76116 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/20/2007 | $0.00 |
| THE DATA CENTER LLC<br>1837 SOUTH FREMONT DR<br>SALT LAKE CITY, UT 84104 | BILLING SOLUTIONS SOURCING AGREEMENT | ASSIGN | 8/1/2004 | $0.00 |
| THE DFS GROUP, A DIVISION OF NEW ENGLAND BUSINESS SERVICE, INC.<br>12 SOUTH ST<br>TOWSEND, MA 01469 | VENDOR AGREEMENT | ASSIGN | 9/21/2001 | $0.00 |
| THE DOMETIC CORPORATION<br>509 SOUTH POPLAR ST<br>LAGRANGE, IN 46761 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/10/1994 | $0.00 |
| THE FIFTH THIRD LEASING COMPANY<br>38 FOUNTAIN SQUARE PLAZA<br>CINCINNATI , OH  45263 | MASTER EQUIPMENT LEASE | ASSIGN | 11/27/2002 | $0.00 |
| THE FOX CONSULTING GROUP INC<br>1530 SYCAMORE RIDGE DR<br>MAINEVILLE, OH 45039 | SERVICE AGREEMENT | ASSIGN | 7/7/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| THE GAP INC.<br>ONE HARRISON ST<br>SAN FRANCISCO, CA 94105 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/11/2002 | $0.00 |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA<br>7 HANOVER SQUARE<br>NEW YORK, NY 10004 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/16/2007 | $0.00 |
| THE HARTFORD<br>PO BOX 8500 3690<br>PHILADELPHIA, PA 19178-3690 | BENEFIT PROVIDER | ASSIGN | 11/13/2009 | $0.00 |
| THE HEALTH NEATWORK<br>150 RESEARCH DRIVE<br>HAMPTON, VA 23666 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/24/2007 | $0.00 |
| THE HOSPICE OF THE FLORIDA SUNCOAST<br>300 EAST BAY DR<br>LARGO, FL 34640 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/6/1996 | $0.00 |
| THE HUNTINGTON NATIONAL BANK CO.<br>7 EASTON OVAL<br>COLUMBUS, OH 43219 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/1/2006 | $0.00 |
| THE J.M. SMUCKER CORPORATION<br>STRAWBERRY LN<br>ORRVILLE, OH 44667 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2000 | $0.00 |
| THE MANUFACTURERS LIFE INS CO<br>200 BLOOR ST E<br>TORONTO, CA M4W18A<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/28/2005 | $0.00 |
| THE MCGRAW-HILL COMPANIES<br>8787 ORION PL<br>COLUMBUS, OH 43240 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2002 | $0.00 |
| THE MERGIES GROUP<br>7887 WASHINGTON VILLAGE DR STE 200<br>DAYTON, OH 45459 | SERVICE AGREEMENT | ASSIGN | 4/21/2008 | $0.00 |
| THE NATIONAL LEAGUE FOR NURSING<br>ASSESSMENT & EVALUATION BUSINESS UNIT 61 BROADWAY<br>NEW YORK, NY 10006 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2002 | $0.00 |
| THE NEIMAN MARCUS GROUP, INC.<br>1201 ELM ST STE 2800<br>DALLAS, TX 75270 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2008 | $0.00 |
| THE NEMOURS FOUNDATION, THROUGH ITS DIVISION OF HEALTH AND PREVENTION SERVICES<br>252 CHAPMAN ROAD CHRISTIANA BUILDING STE 200<br>NEWARK, DE 19702 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2008 | $0.00 |
| THE NEW RELEASE<br>5200 MITCHELLDALE D 1<br>HOUSTON, TX 77092 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/22/2008 | $0.00 |
| THE NEW YORK HOSPITAL QUEENS<br>525 E 68TH ST BOX 150B<br>NEW YORK, NY 10021- | CUSTOMER CONTRACT LOP | ASSIGN | 5/29/2008 | $0.00 |
| THE REGUS GROUP<br>15305 DALLAS PKWY<br>STE 1400<br>ADDISON, TX 75001 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/11/2009 | $0.00 |
| THE RELIZON E-CRM COMPANY<br>601 EDGEWATER DRIVE<br>WAKEFIELD, MA 01880 | SOFTWARE LICENSE AND PURCHASE AGREEMENT | ASSIGN | 10/29/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY<br>ONE REYNOLDS WAY<br>KETTERING, OH 45430 | SOURCING AND PRICING AGREEMENT | ASSIGN | 8/4/2000 | $0.00 |
| THE RIGHTTHING, LLC<br>3401 TECHNOLOGY DR<br>FINDLAY, OH 45840 | RECRUITMENT PROCESS OUTSOURCE PROVIDER (SALES) | ASSIGN | 7/30/2010 | $0.00 |
| THE RIVERS CASINO<br>777 CASINO DR<br>PITTSBURGH, PA 15212 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/28/2009 | $0.00 |
| THE SCHIELE GROUP (REPRO GRAPHICS, SCHIELE GRAPHICS & JOHNSON PRINTERS, LLC)<br>1900 ARTHUR AVENUE<br>ELK GROVE VILLAGE , IL 60007 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 1/1/2007 | $0.00 |
| THE SHOPPING CENTER GROUP, LLC<br>300 GALLERIA PARKWAY 12TH FL<br>ATLANTA, GA 30339 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/10/2010 | $0.00 |
| THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br>300 WINDSOR ST<br>HARTFORD, CT 06120 | ALL INSURANCE POLICIES ISSUED BY THE TRAVELERS INDEMNITY COMPANY AND ITS AFFILIATES ("TRAVELERS") AND DEBTORS, AS INSUREDS, INCLUDING WORKERS' COMPENSATION AND GENERAL AND AUTOMOBILE LIABILITY POLICIES; ANY AGREEMENTS PRESCRIBING PREMIUM, REIMBURSEMENT, AND OTHER FINANCIAL OBLIGATIONS OWED TO TRAVELERS, INCLUDING THE PROVISION AND MAINTENANCE OF COLLATERAL BACKING THE OBLIGATIONS OF THE DEBTORS OWED TO TRAVELERS; AND ANY RELATED AGREEMENTS, FOR THE PERIOD BEGINNING APRIL 1, 2003 TO THE PRESENT, INCLUDING THE CURRENT POLICY YEAR THAT CONTINUES THROUGH AUGUST 1, 2011. | ASSIGN | 8/1/2010-8/1/2011 | $0.00 |
| THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br>300 WINDSOR ST<br>HARTFORD, CT 06120 | ALL INSURANCE POLICIES ISSUED BY THE TRAVELERS INDEMNITY COMPANY AND ITS AFFILIATES ("TRAVELERS") AND DEBTORS, AS INSUREDS, INCLUDING WORKERS' COMPENSATION AND GENERAL AND AUTOMOBILE LIABILITY POLICIES; ANY AGREEMENTS PRESCRIBING PREMIUM, REIMBURSEMENT, AND OTHER FINANCIAL OBLIGATIONS OWED TO TRAVELERS, INCLUDING THE PROVISION AND MAINTENANCE OF COLLATERAL BACKING THE OBLIGATIONS OF THE DEBTORS OWED TO TRAVELERS; AND ANY RELATED AGREEMENTS, FOR THE PERIOD BEGINNING APRIL 1, 2003 TO THE PRESENT, INCLUDING THE CURRENT POLICY YEAR THAT CONTINUES THROUGH AUGUST 1, 2011. | ASSIGN | 8/1/2010-8/1/2011 | $0.00 |
| THE STANLEY WORKS<br>1000 STANLEY DR<br>NEW BUTIAU, CT 06053 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/20/2002 | $0.00 |
| THE THOMSON CORPORATION DELEWARE INC.<br>METRO CENTER 1 STATION PL<br>STAMFORD, CT 06902 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/24/2007 | $0.00 |
| THE TIMKEN COMPANY<br>1835 DUEBER AVE SW<br>CANTON, OH 44706 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/6/2007 | $0.00 |
| THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY<br>400 BROADWAY<br>CINCINNATI, OH 45202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/9/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| THENELL,SCOTT<br>21998 SW STAFFORD ROAD<br>TUALATIN, OR 97062 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/21/1996 | $0.00 |
| THEO DAVIES FEDERAL CREDIT UNION<br>1284 KALANI STREET D 106<br>HONOLULU, HI 96817 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/29/2004 | $0.00 |
| THERAPEUTIC ASSOCIATES<br>7100 FORT DENT WAY STE 220<br>SEATTLE, WA 98188 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/17/2005 | $0.00 |
| THERMO GRAPHICS LLC<br>301 ARTHUR CT<br>BENSENVILLE, IL 60106-3381 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| THINK ARBOR<br>4303 NORMANDY CT<br>ROYAL OAK, MI 48073 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| THINK PATENTED<br>1630 EAST SECOND ST<br>DAYTON, OH 45403 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| THINKCURE<br>1000 ELYSIAN PARK<br>LOS ANGELES, CA 90012 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/30/2009 | $0.00 |
| THINKWARE, INCORPORATED<br>5715 HARRISON AVENUE STE 200<br>CINCINNATI, OH 45248 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/4/2001 | $0.00 |
| THIRD FEDERAL SAVINGS<br>7007 BROADWAY AVE<br>CLEVELAND, OH 44105 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/21/2005 | $0.00 |
| THIRD FEDERAL SAVINGS<br>7007 BROADWAY AVE<br>CLEVELAND, OH 44105 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/9/2005 | $0.00 |
| THOMAS GRAPHICS<br>409 TROY ST<br>DAYTON, OH 45404 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/1/2004 | $0.00 |
| THOMAS MARCH EXECUTIVE SEARCH<br>134 ABBEY RD<br>VOORHEES, NJ 08043 | SERVICES AGREEMENT | ASSIGN | 4/9/2008 | $0.00 |
| THOMAS PRODUCE<br>3122 PRODUCE ROW<br>HOUSTON, TX 77023 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/18/2001 | $0.00 |
| THOMPSON HINE LLC<br>3900 KEY CENTER 127 PUBLIC SQUARE<br>CLEVELAND, OH 44114-1291 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/12/2008 | $0.00 |
| THOMPSON HINE LLP<br>3900 KEY CENTER 127 PUBLIC SQUARE<br>CLEVELAND, OH 44114 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/14/2004 | $0.00 |
| THOMSON CORPORATION DELAWARE, ICN.<br>METRO CENTER 1 STATION PL<br>STAMFORD, CT 06902 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/24/2007 | $0.00 |
| THOMSON HEALTHCARE INC<br>6200 6200 S SYRACUSE WAY<br>STE 300<br>QUEENWOOD VILLAGE, CO 80111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/4/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| THOMSON LEGAL & REGULATORY APPLICATIONS, INC.<br>610 OPPERMAN DR<br>EAGAN, MN 55123 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/27/2003 | $0.00 |
| THONNERIEUX, MIKE<br>420 HEATHERWOODE CIR<br>SPRINGBORO, OH 45066 | CONSULTING AGREEMENT | ASSIGN | 8/16/2010 | $0.00 |
| THONNERIEUX,MICHAEL C<br>420 HEATHERWOODE CIR<br>SPRINGBORO, OH 45066 | VP CUST SUPPORT, 08/04/10 | ASSIGN | 9/9/2009 | $0.00 |
| THORPE PRODUCTS CO.<br>6833 KIRBYVILLE<br>HOUSTON, TX 77033 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/12/2004 | $0.00 |
| THS BULK SYSTEMS LP<br>200 CORPORATE BLVD STE 104<br>LAFAYETTE, LA 70508 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/25/2005 | $0.00 |
| THUNDER PRESS<br>1862 SUNCAST LN<br>BATAVIA, IL 60510 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| THYSSENKRUPP ELEVATOR CORPORATION<br>4130 LINDEN AVE STE 290<br>DAYTON, OH 45432 | SERVICES AGREEMENT - ELEVATOR MAINTENANCE | ASSIGN | 4/1/2007 | $0.00 |
| TIC GUMS, INC.<br>4609 RICHLYNN DR<br>BELCAMP, MD 21017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/18/2003 | $0.00 |
| TIDLAND CORPORATION<br>PO BOX 1008<br>CAMAS, WA 98607 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/15/1993 | $0.00 |
| TIDLAND CORPORATION<br>PO BOX 1008<br>CAMAS, WA 98607 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/3/1993 | $0.00 |
| TIER TECHNOLOGY INC.<br>10780 PARKRIDGE BLVD.<br>RESTON, VA 20191 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/14/2005 | $0.00 |
| TIETEX SHEFFIELD<br>500 AIRPORT RD<br>ROCKY MOUNT, NC 27804 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/6/2002 | $0.00 |
| TIME INDEX<br>4441 W POLK ST<br>STE A<br>PHOENIX, AZ | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TIME WARNER CABLE INC.<br>7910 CRESCENT EXECUTIVE DR<br>CHARLOTTE, NC 28217 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/26/2004 | $0.00 |
| TIME WARNER TELECOM HOLDINGS INC.<br>10475 PARK MEADOWS DR<br>LITTLETON, CO 80124 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/29/2001 | $0.00 |
| TIMKEN COMPANY<br>401 INDUSTRIAL DRIVE<br>EATON , OH 45320-2255 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/6/2007 | $0.00 |
| TIMKEN COMPANY (THE)<br>1835 DUEBER AVE SW<br>CANTON, OH 44706 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/6/2007 | $0.00 |
| TIN INC. D/B/A TEMPLE-INLAND<br>1300 S MOPAC EXPY FL3<br>AUSTIN, TX 78746 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/12/2005 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TINNERMAN PALNUT<br>1060 WEST 130TH ST<br>BRUNSWICK, OH 44212 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/15/2002 | $0.00 |
| TITAN ENERGY PARTNERS, LP<br>500 MEIJER DRIVE STE 200<br>FLORENCE, KY 41042 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/23/2005 | $0.00 |
| TK DIRECT, INC.<br>1225 W BRYN MAWR AVE<br>ITASCA, IL 60413 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/11/2006 | $0.00 |
| TK HOLDINGS, INC.<br>2500 TAKATA DR<br>AUBURN HILLS, MI 48326 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/1/2009 | $0.00 |
| TLB, INC.<br>TIMOTHY BREWER<br>5852 NEW ENGLAND WOODS DR.<br>BURKE, VA 22015<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 4/16/1999 | $0.00 |
| TLF GRAPHICS<br>235 METRO PARK<br>ROCHESTER, NY 14623 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TMANAGE INC<br>211 W. BRAKER LANE<br>AUSTIN , TX 78758 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2002 | $0.00 |
| T-MOBILE USA, INC.<br>12920 SE 38TH ST<br>BELLEVUE, WA 98006 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/23/2003 | $0.00 |
| T-MOBILE USA, INC.<br>12920 SE 38TH ST<br>BELLEVUE, WA 98006 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/26/2009 | $0.00 |
| TMS-CURCI LLC<br>2377 CRENSHAW BLVD<br>NO 300<br>TORRANCE, CA 90501<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/22/2005 | $0.00 |
| TNA LLC<br>6 WEST DOWNER PL<br>AURORA, IL 60506 | SERVICES AGREEMENT | ASSIGN | 2/21/2006 | $0.00 |
| TNT BESTWAY TRANSPORTATION, INCORPORATED<br>2633 EAST INDIAN SCHOOL RD<br>PHOENIX, AZ 85016 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/11/1990 | $0.00 |
| TOBAY PRINTING COMPANY INC<br>1361 MARCONI BLVD<br>COPIAGUE, NY 11726 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2004 | $0.00 |
| TODD,MICHAEL<br>11306 TIMBROOK TR<br>AUSTIN, TX 78750-1063 | SALES SUPPORT AGREEMENT | ASSIGN | 7/26/2010 | $0.00 |
| TOOLWORX INFORMATION PRODUCTS<br>7994 GRAND RIVER<br>BRIGHTON , MI 48114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/31/2005 | $0.00 |
| TOPMOST LLC D/B/A AD KICKIN SOLUTIONS<br>1019 E. GRANT STREET<br>APPLETON, WI 54911 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/3/2008 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TORO COMPANY<br>8111 LYNDALE AVE S<br>MINNEAPOLIS, MN 55420 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/3/2008 | $0.00 |
| TORO COMPANY (THE)<br>8111 LYNDALE AVE S<br>MINNEAPOLIS, MN 55420 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/3/2008 | $0.00 |
| TORRENT TECHNOLIGIES<br>200 WEST MERCER ST<br>SEATTLE, WA 98119 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/14/2006 | $0.00 |
| TOTAL MAILING SYSTEM (TTMS)<br>551 MID ATLANTIC PKWY<br>PAULSBORO, NJ 08066 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/1/2009 | $0.00 |
| TOTLCOM COMMUNICATIONS SYSTEMS<br>65 HANGAR WAY<br>WATSONVILLE, CA 95076 | GOLD SEAL PLUS MAINTENANCE AGREEMENT | ASSIGN | 1/1/2006 | $0.00 |
| TOUCHSTONE FEDERAL CREDIT UNION<br>201 LOWELL ST<br>WILMINGTON, MA 01887 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/20/2004 | $0.00 |
| TOURNEAU, LLC<br>3 EAST 54TH ST<br>NEW YORK, NY 10022 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| TOWER BANK & TRUST CO.<br>116 E. BERRY ST.<br>FORT WAYNE, IN 46802 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 10/14/2009 | $0.00 |
| TOWER BUILDING MGMT<br>5505 ST LAURENT BLVD<br>MONTREAL, QC H2T 1S6<br>CANADA | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/2/2002 | $0.00 |
| TOWER PINKSTER<br>242 E KALAMAZOO AVENUE STE 200<br>KALAMAZOO, MI 49007 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/10/2008 | $0.00 |
| TOWERS, PERRIN, FORSTER & CROSBY, INC.<br>CENTRE SQUARE EAST 1500 MARKET ST<br>22ND FL<br>PHILADELPHIA, PA 19102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/12/2008 | $0.00 |
| TOWNE REALTY, INC.<br>COMMERCIAL DIVISION<br>710 N PLANKINTON AVE<br>MILWAUKEE, WI 53202- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2009 | $1,230.00 |
| TOYOTA FINANCIAL SERVICES<br>PO BOX 3457<br>TORRANCE, CA 90510-3457 | RENTAL AGREEMENT | ASSIGN | VARIOUS | $82.00 |
| TOYOTA MOTOR SALES<br>19001 S WESTERN AVE<br>TORRANCE, CA 90501 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/22/2002 | $0.00 |
| TOYS 'R' US - DELAWARE, INC.<br>1 GEOFFREY WAY<br>WAYNE, NJ 07470<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2008 | $0.00 |
| TOYS R US<br>461 FRAM RD<br>PARAMUS, NJ 07052 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/2/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TPG CAPITAL LP<br>301 COMMERCE ST<br>STE 3300<br>FT WORTH, TX 76102 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/29/2008 | $0.00 |
| TPG CAPITAL, L.P.<br>301 COMMERCE ST<br>STE 3300<br>FT WORTH, TX 76102 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/29/2008 | $0.00 |
| TRAC TOOL<br>16116 PURITAS AVE<br>CLEVELAND, OH 44135 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/27/2004 | $0.00 |
| TRACTOR SUPPLY COMPANY<br>320 PLUS PARK BLVD<br>NASHVILLE, TN 37217 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/23/2008 | $0.00 |
| TRADE ENVELOPES INC<br>PO BOX 841741<br>DALLAS, TX 75284-1741 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TRADE PRINTERS<br>PO BOX 35545<br>PHOENIX, AZ 85069-5545 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TRADEWIND GRAPHICS, INC.<br>S. DIXON HUNTER<br>126 EAST BAYBERRY ROAD<br>ISLIP, NY 11731<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 7/27/1999 | $0.00 |
| TRAMMEL CROW COMPANY<br>55 GLENLAKE PKWY<br>ATLANTA, GA 30022 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/9/2003 | $0.00 |
| TRANS ADVANTAGE INC<br>1 PREMIER DR<br>FENTON, MO 63026 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/13/2007 | $0.00 |
| TRANS ADVANTAGE, INC.<br>1 PREMIER DR<br>FENTON, MO 63026 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/30/2007 | $0.00 |
| TRANS ADVANTAGE, INC.<br>ONE PREMIER DR<br>FENTON, MO 63026 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/13/2007 | $0.00 |
| TRANSFER FORMS COMPANY<br>2130 REGAL PKWY<br>EULESS, TX 76040 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| TRANSITION PRODUCTS<br>3040 RIVERSIDE DRIVE SUITE 211<br>COLUMBUS, OH  43221 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| TRANS-PAK (UPDATED ADDRESS)<br>520 MARBURG WAY<br>SAN JOSE, CA 95133 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/26/2005 | $0.00 |
| TRANSPORTATION MARKETING & COMMUNICATIONS ASSOCIATION<br>191 CLARKSVILLE RD<br>PRINCETON JUNCTION, NJ 08550 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/28/2010 | $0.00 |
| TRANSUNION LLC<br>555 WEST ADAMS ST<br>CHICAGO, IL 60661 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TRAVEL CONNECTION<br>12029 AINSWORTH CIRCLE NO 200<br>PORTLAND, OR 97294 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/20/2004 | $0.00 |
| TRAVELERS INSURANCE<br>SKYLIGHT OFFICE TOWER<br>1660 W 2ND ST STE 500<br>CLEVELAND, OH 44113-1454 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/20/2003 | $0.00 |
| TRAVELERS PROPERTY AND CASUALTY COMPANY<br>300 WINDSOR STREET<br>HARTFORD, CT 06120<br>USA | ALL INSURANCE POLICIES ISSUED BY THE TRAVELERS INDEMNITY COMPANY AND ITS AFFILIATES ("TRAVELERS") AND DEBTORS, AS INSUREDS, INCLUDING WORKERS' COMPENSATION AND GENERAL AND AUTOMOBILE LIABILITY POLICIES; ANY AGREEMENTS PRESCRIBING PREMIUM, REIMBURSEMENT, AND OTHER FINANCIAL OBLIGATIONS OWED TO TRAVELERS, INCLUDING THE PROVISION AND MAINTENANCE OF COLLATERAL BACKING THE OBLIGATIONS OF THE DEBTORS OWED TO TRAVELERS; AND ANY RELATED AGREEMENTS, FOR THE PERIOD BEGINNING APRIL 1, 2003 TO THE PRESENT, INCLUDING THE CURRENT POLICY YEAR THAT CONTINUES THROUGH AUGUST 1, 2011. | ASSIGN | 8/1/2010 - 8/1/2011 | $0.00 |
| TRAVELEX<br>411 INDUSTRY RD BUILDING 1A<br>LOUISVILLE, KY 40208 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/10/2010 | $0.00 |
| TRAVIS CREDIT UNION<br>PO BOX 2069<br>VACAVILLE, CA 95696 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/17/2010 | $0.00 |
| TRAVIS CREDIT UNION<br>1 TRAVIS WAY<br>VACAVILLE, CA 95687 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 2/18/2005 | $0.00 |
| TRAVIS CREDIT UNION<br>1 TRAVIS WAY<br>VACAVILLE, CA 95687 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 12/17/2007 | $0.00 |
| TRAVIS,BRYAN S<br>13690 SW WRIGHTWOOD<br>CT<br>TIGARD, OR 97224 | SR. ACCOUNT MANAGER, 02/12/10 | ASSIGN | 8/1/2003 | $0.00 |
| TRAVIS,SCOTT T<br>236 HARBOUR POINTEDR<br>WILDWOOD, MO 63040-1951 | REG SALES MGR, 07/24/09 | ASSIGN | 9/27/2007 | $0.00 |
| TREKK CROSS MEDIA<br>134 NORTH MAIN ST<br>ROCKFORD, IL 61101 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/17/2008 | $0.00 |
| TREKK CROSS MEDIA<br>134 N MAIN ST<br>ROCKFORD, IL 60010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/17/2008 | $0.00 |
| TRENDEX<br>240 E MARYLAND AVE<br>ST PAUL, MN 55117 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 9/1/2005 | $0.00 |
| TREX COMPANY INC.<br>160 EXETER DR<br>WICHESTER, VA 22603 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/22/2010 | $0.00 |
| TREYA PARTNERS<br>4270 AVENIDA PRADO<br>THOUSAND OAKS, CA 91360 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/7/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TREYA PARTNERS<br>4270 AVENIDO PRADO<br>THOUSAND OAKS, CA 91360 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/28/2008 | $0.00 |
| TRI STATE ENVELOPE CORPORATION<br>1 ORGLER PL<br>ASHLAND, PA 17921 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TRI STATE HOSPITAL SUPPLY CORP<br>301 CATRELL DR<br>HOWELL, MI 48843 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2009 | $0.00 |
| TRIANGLE PRINTING CO<br>1000 E BOUNDARY AVE PO BOX 1782<br>YORK, PA 17405 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| TRIBUNE COMPANY<br>435 N. MICHIGAN AVE.<br>CHICAGO, IL 60611 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/23/2010 | $0.00 |
| TRIBUNE COMPANY<br>435 N. MICHIGAN AVE.<br>CHICAGO, IL 60611 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/31/2010 | $0.00 |
| TRIBUNE DIRECT MARKETING, INC.<br>505 NORTHWEST AVE<br>NORTHLAKE, IL 60164 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/18/2007 | $0.00 |
| TRI-C BUSINESS FORMS<br>7492 HARWIN DRIVE<br>HOUSTON, TX 77036 | CERTIFIED TRADE PARTNER | ASSIGN | 10/1/1998 | $0.00 |
| TRIMARC FINANCIAL INC<br>935 RIVERSIDE AVE<br>STE 19<br>PASO ROBLES, CA 93446 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/17/2008 | $0.00 |
| TRIMARC FINANCIAL INC<br>935 RIVERSIDE AVE<br>STE 19<br>PASO ROBLES, CA 93446 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/17/2008 | $0.00 |
| TRINITY MC, LLC DBA TRINITY MEDICAL CENTER<br>4343 N JOSEY LN<br>CARROLLTON, TX 75010 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/3/2008 | $0.00 |
| TRI-STATE HOSPITAL SUPPLY CORP./CENTURION LABEL SYSTEMS AND CENTURION MEDICAL PRODUCTS<br>301 CATRELL DRIVE<br>HOWELL, MI 48843 | CERTIFIED TRADE PARTNER | ASSIGN | 6/1/2009 | $0.00 |
| TRITON EXPRESS  LLC<br>330 WESTON DR<br>TROY, MO 63379 | CARRIER AGREEMENT | ASSIGN | 12/27/2006 | $0.00 |
| TRIVISTA PLASTICS<br>23820 NETWORK PL<br>CHICAGO, IL 60673-1238 | SUPPLY MANAGEMENT | ASSIGN | NOT DEFINED | $0.00 |
| TRUGREEN LIMITED PARTNERSHIP D/B/A TRUGREEN CHEMLAWN<br>860 RIDGE LAKE BLVD<br>MEMPHIS, TN 38120 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/21/2001 | $0.00 |
| TUBBS,CYNTHIA F<br>12536 COURAGE XING<br>FISHERS, IN 46037 | ACCOUNT MANAGER, 12/18/09 | ASSIGN | 7/14/1998 | $0.00 |
| TUCSON ELECTRIC POWER<br>4350 E IRVINGTON RD<br>TUCSON, AZ 85746 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/23/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| TUELLER,SPENCER O<br>8873 S 5170 W<br>WEST JORDAN, UT 84081-2204 | ACC EXEC, 06/08/09 | ASSIGN | 6/4/2001 | $0.00 |
| TUFTS MEDIA<br>419 BOSTON AVENUE<br>MEDFORD, MA O2155 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/6/2007 | $0.00 |
| TULCO OILS INC.<br>5420 EAST PINE<br>TULSA, OK 74115 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/2/2004 | $0.00 |
| TULLIO,DIANA L<br>15692 KEIFER RD<br>GERMANTOWN, OH 45327 | VP CUST & SOURCING SERVICES, 01/29/10 | ASSIGN | 5/11/2009 | $0.00 |
| TURNER MARKETING, INC.<br>137 N MAIN ST<br>STE 400<br>DAYTON, OH 45402 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/27/2005 | $0.00 |
| TURNER,THOMAS B<br>14562 WOODGATE<br>MANOR CIR<br>CENTREVILLE, VA 20120 | SALES REP, 03/15/10 | ASSIGN | 8/1/2008 | $0.00 |
| TURPIN,TRENT J<br>2846 SWEET CLOVER<br>WAY<br>WAUCONDA, IL 60084-5005 | ACCOUNT MANAGER, 02/19/10 | ASSIGN | 8/14/2006 | $0.00 |
| TURTLE RIDGE MEDIA GROUP<br>700 W. 190TH STREET<br>GARDENA, CA 90248 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/11/2006 | $0.00 |
| TVP GRAPHICS INCORPORATED<br>230 ROMA JEAN PKWY<br>STREAMWOOD, IL 60107 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| TWELVE OAKS MEDICAL CENTER<br>4200 TWELVE OAKS DR<br>HOUSTON, TX 77027 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/13/2003 | $0.00 |
| TWIN COUNTY CREDIT UNION<br>PO BOX 718<br>OLYMPIA, WA 98507-0718 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/16/2003 | $0.00 |
| TWINSTAR CREDIT UNION<br>PO BOX 718<br>OLYMPIA, WA 98507 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/25/2009 | $0.00 |
| TYCO ELECTRONICS CORPORATION<br>2901 FULLING MILL RD<br>MIDDLETOWN, PA 17057 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/3/2005 | $0.00 |
| TYCO INTERNATIONAL (U.S.) INC.<br>3 TYCO PARK<br>EXETER, NH 03833 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/1/1998 | $0.00 |
| TYCO THERMAL CONTROLS<br>300 CONSTITUTION DR<br>MENLO PARK, CA 94025 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/18/2003 | $0.00 |
| U.C. DAVIS HEALTH SYSTEM<br>PO BOX 168016<br>SACRAMENTO, CA 95816- | CUSTOMER CONTRACT LOU | ASSIGN | 2/1/2010 | $0.00 |
| U.S. BANK NA<br>1010 S 7TH ST<br>MINNEAPOLIS, MN 55415 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/28/2002 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| U.S. ELECTRICAL MOTORS<br>8100 W FLORISSANT<br>ST LOUIS, MO 63136 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/21/1996 | $0.00 |
| U.S. FINANCIAL ADVISORS LLC<br>139 WOOD RD<br>BRAINTREE, MA 02184 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2008 | $0.00 |
| UAP DISTRIBUTION INC.<br>N125 COUNTY RD C<br>DEFOREST, WI 53532 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/8/2005 | $0.00 |
| UAP DISTRIBUTION, INC.<br>7251 WEST 4TH ST<br>GREELYE, CO 80634 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/8/2005 | $0.00 |
| UBS FINANCIAL SERVICES, INC.<br>1000 HARBOR BLVD<br>WEEHAWKEN, NJ 07086 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/1/2005 | $0.00 |
| UBS FINANCIAL SERVICES, INC.<br>1000 HARBOR BLVD<br>WEEHAWKEN, NJ 07086 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/1/2005 | $0.00 |
| UC SAN DIEGO<br>138 DICKINSON<br>SAN DIEGO, CA 92103-2012 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| UCSF MEDICAL CENTER (UNIV OF CALIF. SAN FRANCISCO)<br>PO BOX 816<br>SAN FRANCISCO, CA 94143 | CUSTOMER CONTRACT LOP | ASSIGN | 4/1/2009 | $0.00 |
| UHS-PRUITT CORPORATION<br>3945 LAWRENCEVILLE HWY<br>LILBURN, GA 30047 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2006 | $0.00 |
| ULRICH,ANDREA L<br>2831 LOUISE PL<br>GROVE CITY, OH 43123-2467 | SALES SUPPORT AGREEMENT | ASSIGN | 7/13/2010 | $0.00 |
| ULTIMATE STAFFING (AKA: ROTH STAFFING)<br>333 CITY BLVD WEST, SUITE 100<br>ORANGE, CA 92868 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/11/2008 | $0.00 |
| ULTIMATE STAFFING SERVICES<br>1966 GREENSPRING DR<br>TIMONIUM, MD 21093 | SERVICES AGREEMENT | ASSIGN | 9/2/2008 | $0.00 |
| UMASS MEMORIAL MEDICAL CENTER<br>16 SHAFFER ST<br>WORCESTER, MA 01605 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/11/2004 | $0.00 |
| UNASOURCE SURGERY CENTER<br>4550 INVESTMENT DRIVE STE 100<br>TROY, MI 48098 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/19/2004 | $0.00 |
| UNIGRAPHICS USA LLC<br>3800 N 38TH AVE<br>PHOENIX, AZ 85019 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/19/2007 | $0.00 |
| UNION BANK<br>445 S FIGUEROA ST<br>5TH FL<br>LOS ANGELES, CA 90071 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/27/2009 | $0.00 |
| UNION BANK OF CALIFORNIA, N.A.<br>8228 MERCURY CT<br>SAN DIEGO, CA 92111 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2002 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| UNION BANKSHARES CORPORATION<br>PO BOX 940<br>RUTHER GLEN, VA 22546 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/4/2008 | $0.00 |
| UNION PACIFIC RAILROAD<br>1416 DODGE ST<br>OMAHA, NE 68179 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/22/2003 | $0.00 |
| UNION PLANTERS BANK<br>7130 GOODLETT FARMS<br>CORDOVA, TN 38016 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/19/2003 | $0.00 |
| UNISOURCE<br>340 STEVENS ST<br>JACKSONVILLE, FL 32254 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/1993 | $0.00 |
| UNISOURCE WORLDWIDE<br>850 NORTH ARLINGTON HTS RD<br>ITASCA, IL 60143 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/18/2008 | $0.00 |
| UNISOURCE WORLDWIDE, INC<br>PO BOX 360496<br>PITTSBURGH, PA 15251 | CUSTOMER DEDICATED STOCK AGREEMENT | ASSIGN | 1/1/2004 | $0.00 |
| UNISOURCE WORLDWIDE, INC<br>PO BOX 360496<br>PITTSBURGH, PA 15251 | GLOBAL SOURCING SOLUTIONS AGREEMENT | ASSIGN | 4/23/2009 | $0.00 |
| UNISTAR LLC<br>222 SOUTH FIRST ST<br>LOUISVILLE, KY 40202 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2007 | $0.00 |
| UNITED AGRI PRODUCTS INC<br>7251 W 4TH ST<br>GREELEY, CO 80634 | MASTER AGREEMENT | ASSIGN | 9/20/2005 | $0.00 |
| UNITED AGRI PRODUCTS, INC.<br>7251 W 4TH ST<br>GREELEY, CO 80634 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2005 | $0.00 |
| UNITED AGRI PRODUCTS, INC.<br>7251 W 4TH ST<br>GREELEY, CO 80634 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/6/2006 | $0.00 |
| UNITED AIR LINES INC.<br>1200 E ALGONQUIN RD<br>ELK GROVE TWNSHP, IL 60007 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/20/2001 | $0.00 |
| UNITED BOOK PRESS INC<br>1807 WHITEHEAD RD<br>BALTIMORE, MD 21207-4104 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| UNITED COMMERCIAL BANK<br>711 VAN NESS AVE<br>SAN FRANCISCO, CA 94102 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/8/2002 | $0.00 |
| UNITED GRAPHICS INC<br>100 RIVER ROCK DR<br>BUFFALO, NY 14207 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| UNITED HEALTH CARE ADMINISTRATORS, INC.<br>1110 NORTHCHASE PARKWAY STE 100<br>MARIETTA, GA 30067 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/20/1995 | $0.00 |
| UNITED HOME DELIVERIES<br>7800 BISSONNET STREET, SUITE 405<br>HOUSTON, TX 77074 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/29/2005 | $0.00 |
| UNITED PARCEL SERVICE GENERAL SERVICES CO.<br>55 GLENLAKE PARKWAY NE<br>ATLANTA, GA 30328 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/10/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| UNITED PARCEL SERVICE, INC.<br>55 GLENLAKE PARKWAY NE<br>ATLANTA, GA 30328 | UPS INCENTIVE PROGRAM AGREEMENT | ASSIGN | 2/4/2008 | $0.00 |
| UNITED RADIO, INC.<br>570 S ENTERPRISE PKWY<br>E SYRACUSE, NY 13057 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/19/2002 | $0.00 |
| UNITED RENTALS INC<br>5 GREENWICH OFFICE PARK<br>GREENWICH, CT 06831 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/24/2008 | $0.00 |
| UNITED RENTALS, INC.<br>FIVE GREENWICH OFFICE PARK<br>GREENWICH, CT 06831-5180 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/15/2006 | $0.00 |
| UNITED RENTALS, INC.<br>FIVE GREENWICH OFFICE PARK<br>GREENWICH, CT 06831 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2010 | $0.00 |
| UNITED RENTALS, INC.<br>FIVE GREENWICH OFFICE PARK<br>GREENWICH, CT 06831 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/20/2008 | $0.00 |
| UNITED STATES GYPSUM<br>4500 ARDINE ST<br>SOUTH GATE, CA 90280 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/25/2001 | $0.00 |
| UNITED STATES TENNIS ASSOCIATION INC.<br>70 W RED OAK LN<br>WHITE PLAINS, NY 10604-3602 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/23/2004 | $0.00 |
| UNITED STATES TRUST CO OF NY<br>114 W 47TH ST<br>NY, NY 10031 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/4/2004 | $0.00 |
| UNITED TRUST FUND<br>701 BRICKELL AVE 13TH FL<br>MIAMI, FL 33133 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/15/2004 | $0.00 |
| UNITED WAY OF CENTRAL OHIO<br>360 SOUTH THIRD ST<br>COLUMBUS, OH 43215 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/20/2006 | $0.00 |
| UNITED WAY OF NORTHEAST FLORIDA<br>1301 RIVERPLACE BOULEVARD STE 400<br>JACKSONVILLE, FL 32207 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 6/22/2006 | $0.00 |
| UNITED WAY OF SOUTHEAST PA<br>SEVEN BENJAMIN FRANKLIN PKWY<br>PHILADELPHIA, PA 19103-1294 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/3/2005 | $0.00 |
| UNITY GRAPHICS CORPORATION<br>2 ANDERSON AVE<br>MOONACHIE, NJ 07074 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| UNITY HEALTH SYSTEM<br>89 GENESEE ST<br>ROCHESTER, NY 14611 | CUSTOMER CONTRACT LOU | ASSIGN | 5/25/2009 | $0.00 |
| UNIVAR USA, INC.<br>PO BOX 34325<br>SEATTLE, WA 98124-1325 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/31/2005 | $0.00 |
| UNIVERSAL DATA SERVICES<br>2261 COSMOS COURT STE 150<br>CARLSBAD, CA 92009 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/10/2003 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| UNIVERSAL LENDING CORPORATION<br>6775 EAST EVANS AVE<br>DENVER, CO 80224 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/19/2002 | $0.00 |
| UNIVERSAL PRINTING & MANUFACTURING CO<br>PO BOX 872754<br>KANSAS CITY, MO 64187-2754 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| UNIVERSAL TRUCKLOAD SERVICES, INC.<br>12755 EAST NINE MILE<br>WARREN, MI 48089 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/12/2007 | $0.00 |
| UNIVERSITY FEDERAL CREDIT UNION<br>3450 SOUTH HIGHLAND DR<br>SALT LAKE CITY, UT 84106 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/30/2009 | $0.00 |
| UNIVERSITY FEDERAL CREDIT UNION<br>3450 SOUTH HIGHLAND DR<br>SALT LAKE CITY, UT 84106 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/12/2009 | $0.00 |
| UNIVERSITY HOSPITALS HEALTH SYSTEM<br>3605 WARRENSVILLE CTR RD NO 2255<br>SHAKER HEIGHTS, OH 44122 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER | ASSIGN | 6/25/2007 | $0.00 |
| UNIVERSITY HOSPITALS HEALTH SYSTEM<br>201 FRONT ST<br>BREA, OH 44017 | BUSINESS ASSOCIATE ADDENDUM | ASSIGN | 3/25/2004 | $0.00 |
| UNIVERSITY MEDICAL BILLING<br>555 E 200 S STE 100<br>SALT LAKE CITY, UT 84102 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/25/2005 | $0.00 |
| UNIVERSITY OF CALIFORNIA IRVINE MEDICAL CENTER<br>P.O. BOX 11917<br>SANTA ANA, CA 92711-1917 | CUSTOMER CONTRACT LOP | ASSIGN | 1/1/2006 | $0.00 |
| UNIVERSITY OF CHICAGO<br>5807 S WOODLAWN AVE<br>STE 211<br>CHICAGO, IL 60637 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/29/2009 | $0.00 |
| UNIVERSITY OF CHICAGO MEDCIAL CENTER<br>8201 S CASS AVE<br>DARIEN, IL 60561 | CUSTOMER CONTRACT LOP | ASSIGN | 3/10/2008 | $0.00 |
| UNIVERSITY OF CHICAGO ON BEHALF OF ITS BOOTH SCHOOL OF BUSINESS<br>5807 S WOODLAWN AVE<br>CHICAGO, IL 60637 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/18/2009 | $0.00 |
| UNIVERSITY OF CHICAGO(BOOTH SCHOOL OF BUS)<br>5807 S WOODLAWN AVE STE 211<br>CHICAGO, IL 60637 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/29/2009 | $0.00 |
| UNIVERSITY OF DALLAS, THE<br>1845 EAST NORTHGATE DR<br>IRVING, TX 75062-4736 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/19/2007 | $0.00 |
| UNIVERSITY OF DAYTON<br>300 COLLEGE PARK<br>DAYTON, OH 45469-1350 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/5/2004 | $0.00 |
| UNIVERSITY OF ILLINOIS MEDICAL CENTER<br>1740 WEST TAYLOR ST STE C 650<br>CHICAGO, IL 60612-7232 | CUSTOMER CONTRACT LOU | ASSIGN | 4/1/2010 | $0.00 |
| UNIVERSITY OF KENTUCKY MEDICAL CENTER<br>2347 STERLINGTON RD<br>LEXINGTON, KY 40517-4024 | CUSTOMER CONTRACT LOU | ASSIGN | 10/1/2009 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| UNIVERSITY OF MD MED SYSTEM<br>225 GREEN ST<br>BALTIMORE, MD 21201 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/6/2005 | $0.00 |
| UNIVERSITY OF PENNSYLVANIA<br>3401 WALNUT STREET STE 421A<br>PHILADELPHIA, PA 19104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/18/2008 | $0.00 |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER<br>3175 EAST CARSON ST<br>PITTSBURGH, PA 15203 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2007 | $0.00 |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER (UPMC)<br>PO BOX 660842<br>DALLAS, TX 75266-0842 | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, MEDASSETS | ASSIGN | 7/1/2009 | $0.00 |
| UNIVERSITY OF UTAH HEALTH CARE<br>127 SOUTH 500 EAST<br>SALT LAKE CITY, UT 84111 | HIPAA PRIVACY AND SECURITY BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 10/15/2008 | $0.00 |
| UNIVERSITY OF UTAH HEALTH NETWORK<br>PO BOX 2790<br>SALT LAKE CITY, UT 84110-2790 | CUSTOMER CONTRACT LOU | ASSIGN | 1/1/2010 | $0.00 |
| UNIVERSITY OF UTAH HOSPITALS AND CLINICS<br>127 SOUTH 500 EAST<br>SALT LAKE CITY, UT 84111 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/13/2009 | $0.00 |
| UNIVERSITY OF UTAH, ON BEHALF OF ITS UNIVERSITY OF UTAH HEALTH SCIENCES CENTER<br>127 SOUTH 500 EAST<br>SALT LAKE CITY, UT 84111 | HEALTH INSURANCE PORTABILITY & ACCOUNTABILITY ACT BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/3/2003 | $0.00 |
| UNIVERSITY PHYSICIANS, INC.<br>405 W REDWOOD ST<br>BALTIMORE, MD 21201 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/2/2002 | $0.00 |
| UNIVISION<br>605 THIRD AVENE<br>12TH FL<br>NEW, NY 10158 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/2/2009 | $0.00 |
| UPCP<br>3609 PARK EAST NORTH BUILDING STE 207<br>BEACHWOOD, OH 44122 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/5/1997 | $0.00 |
| UPMC<br>PO BOX 660842<br>DALLAS, TX 75266 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/19/2006 | $0.00 |
| UPMC HEALTH PLAN<br>ONE CHATHAM CTR<br>PITTSBURGH, PA 15219 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 4/7/2006 | $0.00 |
| UPROMISE, INC.<br>95 WELLS AVE<br>STE 160<br>NEWTON, MA 02459 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/4/2008 | $0.00 |
| UPS SUPPLY CHAIN SOLUTIONS, INC<br>12380 MORRIS ROAD<br>ALPHARETTA, GA 30005 | MASTER SERVICES AGREEMENT | ASSIGN | 2/4/2010 | $0.00 |
| US AIRWAYS, INC.<br>111 W RIO SALADO<br>TEMPE, AZ 85281 | IMPLEMENTATION LOI | ASSIGN | 5/10/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| US BANKCORP<br>EP MN BB3/PROCUREMENT SERVICES<br>2751 SHEPARD RD<br>ST PAUL, MN 55116 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 10/11/2002 | $0.00 |
| US BANKCORP BEFG<br>EP MN BB3/PROCUREMENT SERVICES<br>2751 SHEPARD RD<br>ST PAUL, MN 55116 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/5/2006 | $0.00 |
| US FARATHANE<br>38000 MOUND<br>STERLING HEIGHTS, MI 48310 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/26/2003 | $0.00 |
| US FINANCIAL ADVISORS LLC<br>139 WOOD RD<br>BRAINTREE, MA 02184 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/25/2008 | $0.00 |
| US FINANCIAL LIFE INSURANCE COMPANY<br>10290 ALLIANCE RD<br>CINCINNATI, OH 45242 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/5/2001 | $0.00 |
| US FIRE INS CO<br>305 MADISON AVE<br>MORRISTOWN, NJ 07960 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/15/2004 | $0.00 |
| US INDUSTRIAL REIT<br>9830 COLONNADE BLVD<br>STE 600<br>SAN ANTONIO, TX 78230-2239 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/8/2003 | $0.00 |
| US JESCO<br>1421 WESTWAY CIR<br>CARROLLTON, TX 75006 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/13/2004 | $0.00 |
| USA 800<br>9808 E. 66TH TERRACE<br>KANSAS CITY, MO 64133-5850 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/21/2008 | $0.00 |
| USA/DOCUFINISH<br>PO BOX 98<br>PLAINFIELD, IL 60544 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| USANA HEALTH SCIENCES, INC.<br>3838 WEST PKWY BLVD<br>SALT LAKE CITY, UT 84120-6336 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/21/2005 | $0.00 |
| USERS INCORPORATED<br>1357 KAPIOLANI BOULEVARD STE 800<br>HONOLULU, HI 96814 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/23/1996 | $0.00 |
| USF CORPORATION<br>PO BOX 816<br>SAN FRANCISCO, CA 94143 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/18/2004 | $0.00 |
| USHA ANANTHAKRISHNAN<br>230 COMMERCE STE 180<br>IRVINE, CA 92602 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 9/7/2006 | $0.00 |
| USTA EASTERN<br>4 WEST RED OAK LANE STE 300<br>WHITE PLAINS, NY 10604 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/24/2007 | $0.00 |
| UT DENTAL BRANCH<br>6516 M D ANDERSON BLVD STE 156B<br>HOUSTON, TX 77030 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/5/2001 | $0.00 |
| UUNET<br>22001 LOUDOUN COUNTY PKWY<br>ASHBURN, VA 20147 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/25/2001 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| VAGNONI,MICHAEL P<br>3 BRAMPTON RD<br>MALVERN, PA 19355 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/11/2008 | $0.00 |
| VAIL SYSTEMS, INC.<br>570 LAKE COOK RD<br>STE 400<br>DEERFIELD, IL 60015 | RESELLER AGREEMENT | ASSIGN | 11/24/2008 | $5,848.00 |
| VALDESE WEAVERS<br>PO BOX 70<br>VALDESE, NC 28690 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/31/2007 | $0.00 |
| VALERO SERVICES INC<br>1 VALERO WAY<br>SAN ANTONIO, TX 78249 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 2/20/2009 | $0.00 |
| VALLEY FORGE OFFICE CTR LP<br>2300 LIBERTY RIDGE DR<br>STE 320<br>WAYNE, PA 19087 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/23/2004 | $0.00 |
| VALLEY GENERAL HOSPITAL<br>179TH AVE SE<br>MONROE, WA 98272 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/15/2009 | $0.00 |
| VALLEY NATIONAL GASES, INC.<br>PO BOX 6628<br>WHEELING, WV 26003 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/16/2004 | $0.00 |
| VALLEYCARE HEALTH SYSTEM<br>1111 E STANLEY BLVD<br>LIVERMORE, CA 94550-4115 | CUSTOMER CONTRACT LOU | ASSIGN | 10/1/2009 | $0.00 |
| VALSPAR SOURCING, INC.<br>1101 SOUTH THIRD ST<br>MINNEAPOLIS, MN 55415 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/13/2007 | $0.00 |
| VALSPAR SOURCING, INC.<br>1101 SOUTH THIRD ST<br>MINNEAPOLIS, MN 55415 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/13/2007 | $0.00 |
| VAN GELDER,GARY<br>6714 ASHWORTH DR<br>SUGAR LAND, TX 77479-5685 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/17/2009 | $0.00 |
| VAN GESSEL,AUDREY L<br>14554 WOODGATE<br>MANOR CIR<br>CENTREVILLE, VA 20120 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| VAN PRAAG,JULIE<br>2022 CLAIRE CT<br>SUGAR LAND, TX 77478 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/25/2009 | $0.00 |
| VANA SOLUTIONS LLC<br>1106 DORCHESTER RD<br>XENIA, OH 45385 | SERVICES AGREEMENT | ASSIGN | 7/24/2006 | $0.00 |
| VARIABLE IMAGE PRINTING (2003)<br>1929 MAIN ST STE 101<br>IRVINE, CA 92614 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| VARIAN ASSOCIATES INC.<br>3100 HANSEN WAY<br>PALO ALTO, CA 94304 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/1993 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| VAUDT GROUP INC<br>8825 AERO DR<br>STE 200<br>SAN DIEGO, CA 92123 | MASTER SOFTWARE LICENSE AND SERVICES AGREEMENT | ASSIGN | 8/17/2007 | $0.00 |
| VCOM SOLUTIONS INC<br>DEPT 9491<br>LOS ANGELES, CA 90084-9491 | MASTER SERVICE AGREEMENT | ASSIGN | 4/1/2009 | $0.00 |
| VELOCITY EXPRESS INC<br>211 SOUTH BRIDGE STREET 3RD FL<br>RYE BROOK, NY 10573 | SERVICES AGREEMENT | ASSIGN | 8/19/2009 | $0.00 |
| VENKAT RAMANAN<br>230 COMMERCE STE 180<br>IRVINE, CA 92602 | OUTSIDE CONTRACT EMPLOYMENT | ASSIGN | 9/7/2006 | $0.00 |
| VENTURI CAREER PARTNERS SERVICES AGREEMENT<br>275 WYMAN ST STE 230<br>WALTHAM, WA 02451 | SERVICES AGREEMENT | ASSIGN | 11/22/2004 | $0.00 |
| VERCOM SOFTWARE INC<br>5501 LBJ FWY, SUITE 730<br>DALLAS, TX 75240 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/29/2003 | $0.00 |
| VERIAN TECHNOLOGIES INC<br>8901 MALLARD CREEK RD<br>CHARLOTTE, NC 28269 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/2/2001 | $0.00 |
| VERICEPT CORPORATION<br>555 SEVENTEENTH STREET<br>DENVER, CO 80202 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/23/2005 | $0.00 |
| VERITAS SOFTWARE GLOBAL CORPORATION<br>350 ELLIS ST<br>MOUNTAIN VIEW, CA 94043 | SOFTWARE LICENSE AGREEMENT, SYMANTEC BOUGHT VERITAS | ASSIGN | 6/4/2004 | $0.00 |
| VERIZON DIRECTORIES CORP.<br>VERIZON PLACE 220 WEST AIRFIELD DR<br>D/FW AIRPORT, TX 75261 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/31/2006 | $0.00 |
| VERIZON SERVICES CORP.<br>1 VERIZON WAY<br>BASKING RIDGE, NJ 07920 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/2/2008 | $0.00 |
| VERIZON WIRELESS<br>255 PARKSBURG DR<br>FOLSOM, CA 95630 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/24/2007 | $0.00 |
| VERMONT LAW SCHOOL, INC.<br>168 CHELSEA ST<br>SOUTH ROYALTON, VT 05068 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/14/2002 | $0.00 |
| VERMONT STUDENT ASSISTANCE CORPORATION<br>P.O. BOX 2000<br>WINOOSKI, VT 05404 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 10/12/2007 | $0.00 |
| VERNASCO,RONALD E<br>15620 CLARENDON<br>HILLS DR<br>GRANGER, IN 46530-7805 | ACC EXEC, 12/11/09 | ASSIGN | 7/1/2009 | $0.00 |
| VERSATILE CARD TECHNOLOGY<br>5200 THATCHER ROAD<br>DOWNERS GROVE, IL 60515 | CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| VERTEX INC<br>1041 OLD CASSATT RD<br>BERWYN, PA 19312 | SOFTWARE LICENSE AGREEMENT | ASSIGN | 7/25/2001 | $0.00 |
| VERTEX INC.<br>PO BOX 7777<br>PHILADELPHIA, PA 19175-0248 | AGREEMENT FOR THE USE OF VERTEX QUANTUM FOR SALES AND USE TAX | ASSIGN | 1/10/2006 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| VERTEX INC.<br>1041 OLD CASSATT RD<br>BERWYN, PA 19312 | SOFTWARE LICENSE AND DATABASE SUBSCRIPTION AGREEMENT | ASSIGN | 9/8/1993 | $0.00 |
| VERTEX, INC.<br>1041 OLD CASSATT RD<br>BERWYN, PA 19312 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/26/2009 | $0.00 |
| VERTIS COMMUNICATIONS<br>250 WEST PRATT STREET, SUITE 1800<br>BALTIMORE, MD 21201 | SERVICES AGREEMENT | ASSIGN | 3/29/2009 | $0.00 |
| VERTIS INC<br>250 W PRATT ST<br>18TH FL<br>BALTIMORE, MD 21201 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/5/2010 | $0.00 |
| VESTA CORPORATION<br>11950 SW GARDEN PL<br>PORTLAND, OR 97223 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/16/2004 | $0.00 |
| VESTCOM INTERNATIONAL INC<br>5 HENDERSON DR<br>WEST CALDWELL, NJ 07006 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/29/2002 | $0.00 |
| VESUVIO FOODS<br>141 FIELDCREST AVE<br>EDISON, NJ 08837 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/16/2006 | $0.00 |
| VF SERVICES INC.<br>105 CORPORATE CTR RD<br>GREENSBORO, NC 27408 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/25/2008 | $0.00 |
| VF SERVICES, INC.<br>105 CORPORATE CTR RD<br>GREENSBORO, NC 27408 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/1/2010 | $0.00 |
| VHS PHOENIX MEMORIAL HOSPITAL<br>1201 SOUTH 7TH AVE<br>PHOENIX, AZ 85007 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/X/2002 | $0.00 |
| VICTOR PRINTING<br>3 PERINA BLVD<br>CHERRY HILL, NJ 08003 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/25/2007 | $0.00 |
| VIDEOJET TECH<br>1500 MITTEL BLVD<br>WOOD DALE, IL 60191 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2006 | $0.00 |
| VIESTENZ,JANICE<br>13570 SW FERN ST<br>TIGARD, OR 97223 | SALES REP, 01/21/09 | ASSIGN | 11/30/2000 | $0.00 |
| VIISAGE TECHNOLOGY, INC.<br>30 PORTER RD<br>LITTLETON, MA 01720 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/29/2003 | $0.00 |
| VIP PRINTING<br>1626 MANUFACTURERS DR<br>FENTON, MO 63026 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 2/1/2007 | $0.00 |
| VIRTUA HEALTH, INC.<br>401 ROUTE 73 NORTH 50 LAKE CTR DR<br>MARLTON, NJ 08053 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| VISITING NURSE HEALTH SYSTEMS<br>6610 BAY CIRCLE STE A<br>NORCROSS, GA 30017 | CUSTOMER TRADE AGREEMENT | ASSIGN | 9/1/2004 | $0.00 |
| VISTA HEALTHCARE<br>10841 WHITE OAK AVE<br>RANCHO CUCAMONGA, CA 91730 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/26/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| VISTA WINDOW COMPANY<br>3850 ELM RD<br>WARREN, OH 44483 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/16/2009 | $0.00 |
| VITRAN EXPRESS<br>6500 EAST 30TH ST<br>INDIANAPOLIS, IN 46219 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/11/2006 | $0.00 |
| VITRAN EXPRESS<br>6500 EAST 30TH ST<br>INDIANAPOLIS, IN 46219 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/27/2007 | $0.00 |
| VITRONIC PROMOTIONAL GROUP<br>4680 PKWY DR STE 200<br>MASON, OH 45040 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 12/1/2004 | $0.00 |
| VIVIDENCE INC<br>1850 GATEWAY DR<br>MATEO, CA 94404 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/17/2001 | $0.00 |
| VOCALINK INC<br>405 W FIRST ST UNIT A<br>DAYTON, OH 45402 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2006 | $0.00 |
| VOLKSWAGEN<br>47 ROTHENFELDER STR<br>FL E<br>WOLFSBURG, DE 38440 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2009 | $0.00 |
| VOLVO & GMC TRUCK CENTER OF CAROLINA<br>PO BOX 560007<br>CHARLOTTE, NC 28256 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 8/23/2000 | $0.00 |
| VON HARTEN,ELSA<br>5611 LONDONDERRY RD<br>CHARLOTTE, NC 28210-3731 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/1/2002 | $0.00 |
| VOORHEES,JOSE<br>468 HOLBROOK ROAD<br>VIRGINIA BEACH, VA 23452-1236 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/28/2008 | $0.00 |
| VORK MOTOR TRANSPORT INC<br>PO BOX 556<br>FRANKLIN, OH 45005 | CARRIER AGREEMENT | ASSIGN | 10/11/2004 | $0.00 |
| VRADENBURGH,AARON F<br>123 ST FRANCIS WOODS<br>RD<br>MADISON, CT 06443-1758 | REGIONAL SALES MANAGER | ASSIGN | 9/24/2009 | $0.00 |
| VSM SEWING, INC.<br>31000 VIKING PKWY<br>CLEVELAND, OH 44145 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/22/2003 | $0.00 |
| VSR PRINTING<br>PO BOX 873549<br>VANCOUVER, WA 98687-3549 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| W. R. GRACE & CO<br>5500 CHEMICAL RD<br>BALTIMORE, MD 21226 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/21/2002 | $0.00 |
| W. W. GRAINGER<br>100 GRAINGER PKWY<br>LAKE FOREST, IL 60045 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/27/2007 | $0.00 |
| W.A. BUENING<br>2518 DUNAVANT ST<br>CHARLOTTE, NC 28203 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| W.W. GRAINGER, INC.<br>333 KNIGHTSBRIDGE PKWY<br>LINCOLNSHIRE, IL 60069 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/24/1997 | $0.00 |
| WABASH VALLEY HOSPITAL, INC.<br>2900 N RIVER RD<br>LAFAYETTE, IN 47906 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/25/2005 | $0.00 |
| WABASH VALLEY SURGERY CENTER<br>221 S 6TH ST<br>TERRE HAUTE, IN 47807 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/27/2007 | $0.00 |
| WACHOVIA CORP<br>301 S COLLEGE ST<br>CHARLOTTE, NC 28288 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 7/9/2003 | $0.00 |
| WACHOVIA CORPORATION<br>ONE WACHOVIA CENTER 301 SOUTH COLLEGE ST<br>CHARLOTTE, NC 28288 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/1/2008 | $0.00 |
| WACHOVIA CORPORATION<br>ONE WACHOVIA CENTER 301 SOUTH COLLEGE ST<br>CHARLOTTE, NC 28288 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 2/11/2008 | $0.00 |
| WAHRMAN,SCOT E<br>9513 W 147TH ST<br>OVERLAND PARK, KS 66221-9691 | ACCOUNT EXECUTIVE, 08/30/10 | ASSIGN | 8/5/2008 | $0.00 |
| WAKE RADIOLOGY CONSULTANTS<br>3614 HAWTHORN DR<br>RALEIGH, NC 27609 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 5/13/2004 | $0.00 |
| WALLERT,TOM W<br>2264 HIRAM DR<br>WHEATON, IL 60189 | ACC EXEC, 03/01/10 | ASSIGN | 4/6/2005 | $0.00 |
| WALLSIDE WINDOWS<br>27000 W TROLLEY INDUSTRIAL DR<br>TAYLOR, MI 48180 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 2/25/2002 | $0.00 |
| WALSH JESUIT HIGH SCHOOL<br>4550 WYOGA LAKE RD<br>CUYAHOGA FALLS, OH 44224 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/28/2010 | $0.00 |
| WALSWORTH PUBLISHING COMPANY<br>PO BOX 412034<br>KANSAS CITY, MO 64141-2034 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| WALTERS,OWEN D<br>225 MALLARD DR E<br>NORTH WALES, PA 19454 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 4/16/2009 | $0.00 |
| WALTERS,WILLIAM J<br>2310 KENNWYNN RD<br>WILMINGTON, DE 19810-2742 | SALES REP, 09/30/09 | ASSIGN | 8/1/2008 | $0.00 |
| WALZER,PATRICIA G<br>1901 DOCKSIDE DR<br>VALRICO, FL 33594 | ACCOUNT MANAGER, 04/28/10 | ASSIGN | 1/31/1979 | $0.00 |
| WARD/KRAFT FORMS INC<br>PO BOX 874190<br>KANSAS CITY, MO 64187-4190 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| WASHINGTON GAS ENERGY SERVICES<br>13865 SUSNRISE VALLEY DRIVE STE 200<br>HERNDON, VA 20171 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/10/2009 | $0.00 |
| WASHINGTON MUTUAL<br>PO BOX 91157<br>SEATTLE, WA 98111 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/26/2003 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WASHINGTON POST<br>1150 15TH STREET N W<br>WASHINGTON, DC 20071 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/1/1997 | $0.00 |
| WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES<br>P.O. BOX 34022<br>SEATTLE, WA 98124-1022 | WC - INDUSTRIAL INSURANCE COVERAGE, UBI 602 081 307 | ASSIGN | 11/30/2000 | $0.00 |
| WASHKO III,EDWARD D<br>28248 TIERRA VISTA<br>RD<br>TEMECULA, CA 92592-3205 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 3/12/2004 | $0.00 |
| WASHKO,EDWARD D<br>20330 NE 40TH CT<br>SAMMAMISH, WA 98074 | REGIONAL SALES MANAGER | ASSIGN | 6/17/2009 | $0.00 |
| WASTE MANAGEMENT NATIONAL SERVICES INC.<br>1001 FANNIN STE 4000<br>HOUSTON, TX 77002 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/7/2005 | $0.00 |
| WASTE MANAGEMENT NATIONAL SERVICES, INC.<br>1001 FANNIN STE 4000<br>HOUSTON, TX 77002 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/13/2003 | $0.00 |
| WASTE MANAGEMENT NATIONAL SERVICES, INC.<br>1001 FANNIN STE 4000<br>HOUSTON, TX 77002 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 4/7/2005 | $0.00 |
| WASTE MANAGEMENT OF OHIO INC. - DAYTON<br>1006 WALNUT ST<br>CANAL WINCHESTER, OH 43110 | NON-HAZARDOUS WASTE REMOVAL | ASSIGN | 10/7/2008 | $6,436.00 |
| WASTE MANAGEMENT OF OHIO INC. - GROVE CITY<br>1006 WALNUT ST<br>CANAL WINCHESTER, OH 43110 | NON-HAZARDOUS WASTE REMOVAL | ASSIGN | 8/10/2007 | $0.00 |
| WASTE MANAGEMENT OF UTAH INC. - SALT LAKE<br>PO BOX 78251<br>PHOENIX, AZ 85062-8251 | NON-HAZARDOUS WASTE REMOVAL | ASSIGN | 10/17/2007 | $0.00 |
| WATSON INSURANCE AGENCY, INC.<br>245 E SECOND AVE<br>GASTONIA, NC 28052 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 9/18/2003 | $0.00 |
| WATSON LABEL PRODUCTS<br>10616 TRENTON AVE<br>SAINT LOUIS, MO 63132 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| WATSON,KATHLEEN M<br>11 DENNIS CT<br>HIGHTSTOWN, NJ 08520-3016 | SALES SUPPORT AGREEMENT | ASSIGN | 7/24/2010 | $0.00 |
| WAWRZYNIAK,DAWN L<br>200 BRADFORD RD<br>MARLTON, NJ 08053 | SR. ACCOUNT SUPPORT REP, 02/23/10 | ASSIGN | 5/10/1995 | $0.00 |
| WCA HOSPITAL<br>PO BOX 840<br>JAMESTOWN, NY 14702-0840 | CUSTOMER CONTRACT LOU | ASSIGN | 10/1/2009 | $0.00 |
| WEATHERS,SCOTT V<br>11720 MIRO CIR<br>SAN DIEGO, CA 92131-3321 | SALES REPRESENTATIVE AGREEMENT, 01/28/11 | ASSIGN | 8/1/2003 | $0.00 |
| WEAVER,CATHERINE J<br>316 WESTERLY HILLS<br>ENGLEWOOD, OH 45322-2341 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 3/8/2010 | $0.00 |
| WEB GRAPHICS<br>PO BOX 267<br>HAGAMAN, NY 12086-0267 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WEB TV NETWORKS, INC.<br>1065 LA AVANIDA<br>MT VIEW, CA 94043 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/1999 | $0.00 |
| WEB YOGA INC<br>1183 E LYONS RD<br>DAYTON, OH 45358 | SERVICES AGREEMENT | ASSIGN | 3/4/2005 | $0.00 |
| WEBASTO ROOF SYSTEMS<br>1757 NORTHFIELD DR<br>ROCHESTER HILLS, MI 48309 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 3/26/2004 | $0.00 |
| WEBCRAFT INC<br>1009 LENOX DR<br>BUILDING 4 STE 201<br>LAWRENCEVILLE, NJ 08648 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/1/2000 | $0.00 |
| WEBSTER BANK<br>145 BANK ST<br>WATERBURY, CT 06702 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/29/2008 | $0.00 |
| WEBSTER BANK<br>10 MAIN ST<br>BSB 525<br>BRISTOL, CT 06010 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/29/2008 | $0.00 |
| WEBSTER BANK NA<br>10 MAIN ST<br>BSB 525<br>BRISTOL, CT 06010 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 7/1/2008 | $0.00 |
| WEBSTER BANK, N.A.<br>10 MAIN ST<br>BSB 525<br>BRISTOL, CT 06010 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/22/2008 | $0.00 |
| WEBSTER FINANCIAL CORPORATION<br>145 BANK ST<br>WATERBURY, CT 06702 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/9/2007 | $0.00 |
| WEBTREND GRAPHICS, INC. AND WEBTREND DIRECT, INC.<br>ROBERT O. POLLARD<br>200 VIA ORVIETO<br>NEWPORT BEACH, CA 92663<br>USA | ACQUISITION OF WEBTREND PURSUANT TO A PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 4/13/2001 | $0.00 |
| WEGMANS FOOD MARKETS, INC.<br>CONSTRUCTION DIVISION<br>PO BOX 30844<br>ROCHESTER, NY 14603 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 3/16/2010 | $0.00 |
| WEGMAN'S FOOD MARKETS, INC.<br>1500 BROOKS AVENUE, P.O. BOX 30844<br>ROCHESTER, NY 14603<br>USA | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/17/2002 | $0.00 |
| WELBORNE,DANIEL M<br>22522 WENBURY DR<br>TOMBALL, TX 77375 | VP PROMOT PROD, 02/09/09 | ASSIGN | 7/1/2008 | $0.00 |
| WELLMAN, INC.<br>1041 521 CORPORATE CTR DR<br>FORT MILL, SC 29715 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/15/1998 | $0.00 |
| WELLMAN, INC.<br>P O DRAWER 188<br>JOHNSONVILLE, SC 29555 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/22/2005 | $0.00 |
| WELLS FARGO BANK, N.A.<br>420 MONTGOMERY ST<br>SAN FRANCISCO, CA 94104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WELLS FARGO FOOTHILL<br>ATTN: PETER J. ULMER, DIRECTOR<br>TWO GRAND TOWER<br>140 E. 45 ST., 32ND FLOOR<br>NEW YORK, NY 10017 | NONDISCLOSURE LETTER AGREEMENT RE CREDIT FACILITIES | ASSIGN | 10/22/2008 | $0.00 |
| WELLS FARGO SERVICES CO<br>1 HOME CAMPUS<br>DES MOINES, IA 50309 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 9/1/2003 | $0.00 |
| WELLTEC SYSTEMS<br>15951 SW 41ST STREET<br>DAVIE , FL 33331 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/19/2007 | $0.00 |
| WENTZ,CHRISTOPHER T<br>1092 S LEWIS RD<br>COLLEGEVILLE, PA 19426-2800 | REGIONAL SALES MANAGER | ASSIGN | 6/20/2008 | $0.00 |
| WERRES SYSTEMS<br>1 POPLAR AVENUE<br>SALEM , VA 24153 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/9/2004 | $0.00 |
| WERVE,SHAWN P<br>2110 RIDGEVIEW AVE<br>LOS ANGELES, CA 90041-3021 | SALES SUPPORT AGREEMENT | ASSIGN | 8/25/2009 | $0.00 |
| WESCO DISTRIBUTION INC<br>225 W STATION SQUARE DR NO 700<br>PITTSBURGH, PA 15219-1169 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/3/2005 | $0.00 |
| WESCO DISTRIBUTION, INC.<br>225 W STATION SQUARE DR NO 700<br>PITTSBURGH, PA 15219-1169 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/3/2005 | $0.00 |
| WESLEY,ROBERT N<br>2920 COUNTRY CLUB RD<br>WINSTON SALEM, NC 27104 | VP STRATEGIC ALLIANCES, 06/02/09 | ASSIGN | 8/1/2007 | $0.00 |
| WEST<br>610 OPPERMAN DR<br>EAGAN, MN 55123 | CUSTOMER TRADE AGREEMENT | ASSIGN | 12/1/2002 | $0.00 |
| WEST DIRECT<br>11808 MIRACLE HILLS DR<br>OMAHA, NE 68154 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 9/22/2003 | $0.00 |
| WEST DIRECT<br>11808 MIRACLE HILLS DR<br>OMAHA, NE 68154 | AMERICAN EAGLE TEST AGREEMENT | ASSIGN | 9/22/2003 | $0.00 |
| WEST JR,GILLIS C<br>6453 WINDING TREE DR<br>NEW CARLISLE, OH 45344-9168 | VP MARKETING, 11/16/09 | ASSIGN | 6/7/2007 | $0.00 |
| WEST PENN ALLEGHENY HEALTH SYSTEM<br>320 E NORTH AVE<br>PITTSBURGH, PA 15212 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 4/4/2006 | $0.00 |
| WEST SERIVCES, INC. (THOMSON)<br>610 OPPERMAN DR<br>EAGAN, MN 55123 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/15/2004 | $0.00 |
| WEST WILLOWS AMBERST PORTFOLIO<br>80 CURTWRIGHT DR<br>STE 5<br>WILLIAMSVILLE, NY 14221 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2006 | $0.00 |
| WEST,DEBORAH<br>922 CROYDON<br>VANDALIA, OH 45377-1615 | SALES SUPPORT AGREEMENT, TERMINATED EFFECTIVE 02/01/11 | ASSIGN | 8/16/2010 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WESTAR ENERGY, INC.<br>818 S KANSAS AVE<br>TOPEKA, KS 66612 | CUSTOMER TRADE AGREEMENT | ASSIGN | 11/1/2006 | $0.00 |
| WESTBANK<br>225 PARK AVE<br>WEST SPRINGFIELD, MA 01090 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/27/2004 | $0.00 |
| WESTENDORF PRINTING<br>4220 INTERPOINT BLVD<br>DAYTON, OH 45424 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| WESTERLY HOSPITAL, THE<br>25 WELLS ST<br>WESTERLY, RI 02891 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/24/2005 | $0.00 |
| WESTERN AND SOUTHERN LIFE INSURANCE CO<br>400 BROADWAY<br>CINCINNATI, OH 45202 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/30/2002 | $0.00 |
| WESTERN GRAPHIC IMAGING<br>9401 OSO AVE<br>CHATSWORTH, CA 91311 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2005 | $0.00 |
| WESTERN NONWOVENS<br>1642 SAUGET BUSINESS BOUELVARD<br>SAUGET, IL 62206 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/29/2003 | $0.00 |
| WESTERN RUBBER<br>6161 INDUSTRIAL WAY<br>LIVERMORE, CA 94550 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/19/2002 | $0.00 |
| WESTERN SEQUOIA CORPORATION<br>401 S PRAIRIE AVE<br>INGLEWOOD, CA 90301 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/12/2006 | $0.00 |
| WESTERN STATES ENVELOPE COMPANY<br>BOX 88984<br>MILWAUKEE, WI 53288-0001 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| WESTERN SURETY COMPANY<br>101 S. PHILLIPS AVENUE<br>SIOUX FALLS, SD 57104-6735 | CONFIDENTIALITY AGREEMENT | ASSIGN | 12/3/2007 | $0.00 |
| WESTERN UNION<br>9603 DEERECO ROAD STE 200<br>TIMONIUM, MD 21093 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/15/2000 | $0.00 |
| WESTERN UNION CO (THE)<br>12500 E BELFORD AVE<br>ENGLEWOOD, CO 80112 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/9/2009 | $0.00 |
| WESTERN UNION COMPANY<br>12500 E BELFORD AVE<br>ENGLEWOOD, CO 80112 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/9/2009 | $0.00 |
| WESTFIELD STEEL<br>530 STATE RD 32 WEST<br>WESTFIELD, IN 46074 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/31/2007 | $0.00 |
| WESTINGHOUSE ELECTRIC CO.<br>1310 BEELAN RD<br>PITTSBURGH, PA 15235 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/20/2000 | $0.00 |
| WESTINGHOUSE ELECTRIC COMPANY<br>1000 WESTINGHOUSE DR<br>CRANBERRY TOWNSHIP, PA 16066 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 8/15/2007 | $0.00 |
| WESTMARK INDUSTRIES INC<br>6701 SW MCEWAN RD<br>LAKE OSWEGO, OR 97035-7815 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WESTMONT LIVING<br>7660 FAY AVE STE N<br>LA JOLLA, CA 92037-4875 | CUSTOMER CONTRACT LOU | ASSIGN | 5/1/2010 | $0.00 |
| WESTVIEW HOSPITAL<br>3630 GUION RD<br>INDIANAPOLIS, IN 46222 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 10/23/2003 | $0.00 |
| WEYERHAEUSER<br>PO BOX 9763<br>FEDERAL WAY, WA 98063 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 12/17/2007 | $0.00 |
| WEYERHAEUSER CO<br>33940 WEYERHAEUSER W S<br>FEDERAL WAY, WA 98001 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/13/2001 | $0.00 |
| WEYERHAEUSER EMPLOYEES CU<br>1418 15TH AVE.<br>LONGVIEW, WA 98632 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 11/16/2006 | $0.00 |
| WFM ACQUISITION SUB, INC.<br>WF HOLDINGS, INC., C/O THE RENAISSANCE GROUP, LLC<br>558 CASTLE PINES PARKWAY, UNIT B4-411<br>ATTN: GREG MOSHER<br>CASTLE ROCK, CO 80108 | RECAPITALIZATION/ACQUISITION OF WMI PURSUANT TO AN AGREEMENT AND PLAN OF MERGER, AS AMENDED, AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 1/30/2004 | $0.00 |
| WFS FINANCIAL INC.<br>23 PASTEUR<br>IRVINE, CA 92618 | CUSTOMER TRADE AGREEMENT | ASSIGN | 7/1/2003 | $0.00 |
| WHEEL WORKS<br>802 SOUTH FIRST ST<br>SAN JOSE, CA 95110 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/15/2002 | $0.00 |
| WHEELER PUBLISHING<br>2236 N CLEVELAND MASSILLON RD<br>AKRON, OH 44333 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 5/1/2005 | $0.00 |
| WHIRLPOOL CORPORATION<br>2000 N M 63<br>BENTON HARBOR, MI 49022 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/21/2005 | $0.00 |
| WHITE,JOHN M.<br>838 PRINCESS DRIVE<br>YARDLEY, PA 19067-4624 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/6/2008 | $0.00 |
| WHITLAM LABEL CO INC<br>24800 SHERWOOD AVE<br>CENTER LINE, MI 48015-1059 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| WHITTINGTON,ROB<br>1450 ABBOTSFORD<br>GREEN DR.<br>POWELL, OH 43065-8937 | EXECUTIVE CONTRACT | ASSIGN | 4/6/2009 | $0.00 |
| WHOLESALE PRINTING SPECIALISTS (2003)<br>15 UNION ST STE 130<br>LAWRENCE, MA 01840 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| WIGLEY III,WALTER F<br>16066 KLINE YOUNG RD<br>STEWARTSTOWN, PA 17363 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 6/26/1996 | $0.00 |
| WILBUR - ELLIS COMPANY AND SUBSIDIARIES<br>345 CALIFORNIA ST<br>SAN FRANCISCO, CA 94104<br>USA | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 1/3/2006 | $0.00 |
| WILBUR-ELLIS COMPANY<br>345 CALIFORNIA STREET 27TH FL<br>SAN FRANCISCO, CA 94104 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/19/2004 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WILKES III,ROBERT E<br>5644 WOODMONT AVE<br>APT A<br>BALTIMORE, MD 21239-2853 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 8/8/2010 | $0.00 |
| WILLETT,SCOTT A<br>43W229 TALL PINES RD<br>PLATO CENTER, IL 60124-8744 | ACCOUNT EXECUTIVE, 10/26/09 | ASSIGN | 10/10/2008 | $0.00 |
| WILLIAM CAAN, DENNIS CLEMENTE, JOSEPH FALCONE, THE SOURCING GROUP, LLC AND THE SOURCING GROUP OF PUERTO RICO<br>CAPITOLIO PLAZA CONDOMINIUM<br>APARTMENT 1309<br>#100 DEL MUELLE STREET<br>SAN JUAN , PR 00901<br>USA | SETTLEMENT AGREEMENT AND RELEASE OF ACTION AGAINST THE SOURCING GROUP | ASSIGN | 6/22/2010 | $0.00 |
| WILLIAMS LEA INC<br>885 2ND AVE<br>NEW YORK, NY 10017 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/30/2007 | $0.00 |
| WILLIAMS LEA INC.<br>1 DAGHAMMARSKJOLA PLAZA<br>8TH FLOOR<br>NEW YORK, NY 10017 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/30/2007 | $0.00 |
| WILLIAMS,REBECCA J<br>109 KINGS WAY DR<br>RHOME, TX 76078-4443 | TUITION REIMBURSEMENT AGREEMENT | ASSIGN | 2/1/2010 | $0.00 |
| WILLIAMS,ROBIN L<br>1694 COUNTRYSIDE DR<br>BEAVERCREEK, OH 45432-2142 | SALES SUPPORT AGREEMENT | ASSIGN | 10/28/2009 | $0.00 |
| WILLIS,PAMELA O<br>163 CENTRAL HEIGHTS<br>DR<br>CONCORD, NC 28025-9265 | SALES SUPPORT AGREEMENT | ASSIGN | 8/18/2009 | $0.00 |
| WILLIS-KNIGHTON MEDICAL CENTER<br>2600 GREENWOOD RD<br>SHREVEPORT, LA 71103 | HIPAA BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 2/8/2005 | $0.00 |
| WILSON MEMORIAL HOSPITAL<br>915 W MICHIGAN AVE<br>SIDNEY, OH 45365-2491 | CUSTOMER CONTRACT LOP | ASSIGN | 12/1/2007 | $0.00 |
| WILSON,DAN R.<br>4341 E REGENCY AVE<br>ORANGE, CA 92867-8007 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 9/19/2010 | $0.00 |
| WILSON,THOMAS P<br>456 UPTON AVE S<br>MINNEAPOLIS, MN 55405 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 9/15/2003 | $0.00 |
| WINNCOMPANIES, LLC<br>SIX FANEULI HALL MARKETPLACE<br>BOSTON, MA 02109 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/3/2005 | $0.00 |
| WINOVICH,BRIAN L<br>8678 LAKE FOREST TRL<br>CHAGRIN FALLS, OH 44023 | ACC EXEC, 10/09/09 | ASSIGN | 7/11/2009 | $0.00 |
| WINTER,GREGORY J<br>2385 E LAMBOURNE<br>AVE<br>SALT LAKE CITY, UT 84109-2707 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| WINTERHAWK GRAPHICS<br>P O BOX 977<br>HUNT VALLEY, MD 21030-0977 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WINWHOLESALE INCORPORATED<br>3110 KETTERING BLVD<br>DAYTON, OH 45439 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/10/2001 | $0.00 |
| WIRELESS COMMUNICATOINS<br>4756 CORNELL RD<br>CINCINNATI, OH 45246 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/8/2002 | $0.00 |
| WISCO ENVELOPE<br>1509 N WASHINGTON ST<br>TULLAHOMA, TN 37388 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 4/30/2001 | $0.00 |
| WISCO ENVELOPE<br>1509 N WASHINGTON ST<br>TULLAHOMA, TN 37388 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| WISCO WEST<br>310 S 43RD AVE BLDG B<br>PHOENIX, AZ | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/31/2001 | $0.00 |
| WISE BUSINESS FORMS<br>PO BOX 890530<br>CHARLOTTE, NC 28289-0530 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 3/25/2004 | $0.00 |
| WISHARD HEALTH SERVICES<br>1001 WEST 10TH ST<br>INDIANAPOLIS, IN 46202 | CUSTOMER CONTRACT LOU | ASSIGN | 6/1/2010 | $0.00 |
| WITTEN,CHRISTY<br>5510 AUTUMN HILLS<br>TROTWOOD, OH 45426-4603 | SALES SUPPORT AGREEMENT | ASSIGN | 8/13/2010 | $0.00 |
| WOBURN EQUITY PARTNERS, LLC<br>C/O KS PARTNERS LLC<br>150 EAST 58TH ST STE 2000<br>NEW YORK, NY 10155- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 3/1/2010 | $0.00 |
| WOLF,GEORGE R<br>8515 DEEP COVE RD<br>EASTON, MD 21601-5057 | SALES REP, 03/30/09 | ASSIGN | 8/1/2008 | $0.00 |
| WOLFE JR., CHARLES E.<br>4728 HOLLY AVE<br>MIDDLETOWN, OH 45044-5367 | SALES SUPPORT AGREEMENT | ASSIGN | 9/20/2010 | $0.00 |
| WOLSELEY NORTH AMERICA<br>12490 JEFFERSON AVE<br>NEWPORT NEWS, VA 23602 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 1/12/2009 | $0.00 |
| WOLSELY NORTH AMERICA<br>12490 JEFFERSON AVE<br>NEWPORT NEWS, VA 23602 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 1/12/2009 | $0.00 |
| WOMAN'S HOSPITAL FOUNDATION<br>PO BOX 95009<br>BATON ROUGE, LA 70895-9009<br>USA | CUSTOMER-HEALTHCARE GPO PARTICIPATING MEMBER, PREMIER | ASSIGN | 9/29/2010 | $0.00 |
| WOMEN'S HEALTH USA (WHUSA)<br>22 WATERVILLE RD<br>AVON, CT 06001<br>USA | CUSTOMER CONTRACT LOP | ASSIGN | 3/20/2009 | $0.00 |
| WOOD,JEREMY L<br>405 LAKESHORE DR<br>LAKE MARY, FL 32746-3442 | SALES SUPPORT AGREEMENT | ASSIGN | 11/7/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WOOD,KENNETH<br>970 MAKAIWA ST<br>HONOLULU, HI 96816 | ACC EXEC, 12/03/09 | ASSIGN | 7/1/2009 | $0.00 |
| WOODARD,ALICE M<br>372 E CATCLAW CT<br>GILBERT, AZ 85296-2233 | ACCOUNT EXECUTIVE, 04/24/09 | ASSIGN | 11/18/2008 | $0.00 |
| WOODBURY BUSINESS FORMS<br>101 LUKKEN IND DR<br>LA GRANGE, GA 30241 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| WOODFOREST NATIONAL BANK<br>25231 GROGAN MILLS RD<br>STE 550<br>THE WOODLANDS, TX 77380 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 12/3/2008 | $0.00 |
| WOODFOREST NATIONAL BANK<br>25231 GROGAN MILLS RD<br>STE 550<br>THE WOODLANDS, TX 77380 | SAS 70 NON-DISCLOSURE AGREEMENT | ASSIGN | 12/24/2008 | $0.00 |
| WOODFOREST NATL BANK<br>25231 GROGANS MILL RD<br>THE WOODLANDS, TX 77380 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/30/2009 | $0.00 |
| WOODS,RANDALL J<br>1407 SUMMERPOINT LN<br>FENTON, MO 63026 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 7/1/2009 | $0.00 |
| WORKFLOW DIRECT, INC. F/K/A PACIFIC ADMAIL, INC.<br>JAMES G. COREY<br><br>PACIFIC-ADMAIL, INC.<br>1909 SOUTH SUSAN ST.<br>SANTA ANA, CA 92704<br>USA | PURCHASE AGREEMENT AND ALL RELATED AGREEMENTS, CONTRACTS AND INSTRUMENTS CONTEMPLATED THEREIN | ASSIGN | 2/12/1999 | $0.00 |
| WORKING RX, INC.<br>4225 LAKE PARK BLVD<br>STE 400<br>SALT LAKE CITY, UT 84120 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/30/2005 | $0.00 |
| WORKSCAPE, INC.<br>123 FELTON ST<br>MARLBOROUGH, MA 01752 | BUSINESS ASSOCIATE AGREEMENT | ASSIGN | 9/27/2006 | $0.00 |
| WORLD MARKETING INC.<br>10250 REGENCY CIR<br>STE 115<br>OMAHA, NE 68114 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/2/2005 | $0.00 |
| WORLD MARKETING, INC.<br>10250 REGENCY CIR<br>STE 115<br>OMAHA, NE 68114 | CERTIFIED TRADE PARTNER | ASSIGN | 7/9/2007 | $0.00 |
| WORLD MARKETING-OMAHA<br>10918 EMILINE ST<br>RALSTON, NE 68128-5747 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 7/9/2007 | $0.00 |
| WORLD MEDIA GROUP INC<br>PO BOX 6069 DEPT 195<br>INDIANAPOLIS, IN 46206-6069 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| WORLD WIDE AXCELERANT GROUP<br>130 THEORY # 100<br>IRVINE, CA 92617-3064 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2002 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| WORLDSPAN, LP<br>300 GALLERIA PKWY<br>N W<br>ATLANTA, GA 30339 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 11/14/2003 | $0.00 |
| WORTHINGTON-MINNICK,VALERIE A<br>4309 159TH<br>URBANDALE, IA 50323-2251 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 8/1/2008 | $0.00 |
| WRIGHT BUSINESS FORMS, INC. DBA WRIGHT BUSINESS GRAPHICS, WRIGHT IMAGING AND WRIGHT BUSINESS GRAPHICS OF CALIFORNIA, INC.<br>18440 N. E. SAN RAFEAL<br>PORTLAND, OR  97294-0489 | CERTIFIED TRADE PARTNER - STRATEGIC SOURCING | ASSIGN | 5/1/2010 | $0.00 |
| WRIGHT PATMAN CONGRESSIONAL FEDERAL CREDIT UNION<br>10461 WHITE GRANITE DR STE 300<br>OAKTON, VA 22124 | CUSTOMER TRADE AGREEMENT | ASSIGN | 3/1/2008 | $0.00 |
| WYETH PHARMACEUTICALS DIVISION<br>500 ARCOLA RD<br>COLLEGEVILLE, PA 19426 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/14/2006 | $0.00 |
| WYOMING MEDICAL CENTER<br>1233 E 2ND ST<br>CASPER, WY 82601 | CUSTOMER CONTRACT LOU | ASSIGN | 2/1/2010 | $0.00 |
| XEROX<br>100 CLINTON AVE S<br>ROCHESTER, NY 14644 | CUSTOMER TRADE AGREEMENT | ASSIGN | 6/17/2008 | $0.00 |
| XEROX<br>4271 GLENDALE MILFORD<br>CINCINNATI, OH 45242 | VENDOR/SUPPLY/SERVICES AGREEMENT | ASSIGN | 10/3/2009 | $0.00 |
| XEROX CORPORATION<br>45 GLOVER AVE<br>NOWALK, CT 06856 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/20/2009 | $0.00 |
| XEROX CORPORATION<br>6000 FREEDOM SQUARE DR<br>INDEPENDENCE, OH 44131 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 10/2/2009 | $0.00 |
| XEROX CORPORATION<br>100 S CLINTON AVE<br>ROCHESTER, NY 14644 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/22/2002 | $0.00 |
| XEROX CORPORATION<br>100 S CLINTON AVE<br>ROCHESTER, NY 14644 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/2/2007 | $0.00 |
| XEROX CORPORATION<br>26600 SW PKWY<br>WILSONVILLE, OR 90062 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/27/2008 | $0.00 |
| XEROX CORPORATION<br>PO BOX 20420<br>ROCHESTER, NY 14602 | VENDOR AGREEMENT | ASSIGN | 12/20/2006 | $0.00 |
| XEROX CORPORATION<br>4270 GLENDALE MILFORD<br>CINCINNATI, OH 45242 | EQUIPMENT LEASE / SOFTWARE LICENSE AGREEMENT | ASSIGN | 8/4/2005 | $563,788.44 |
| XIOTECH  CORPORATION<br>6455 FLYING CLOUD DR<br>EDEN PRAIRIE, MN 55344 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/11/2008 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| XIOTECH CORP<br>6455 FLYING CLOUD DR<br>EDEN PRAIRIE, MN 95344 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/11/2008 | $0.00 |
| XMPIE 2003<br>41 MADISON AVENUE 25TH FLOOR<br>NEW YORK , NY 10010 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/25/2003 | $0.00 |
| XMPIE 2006<br>41 MADISON AVENUE 25TH FLOOR<br>NEW YORK , NY 10010 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/13/2006 | $0.00 |
| XOMED-TREACE, INC.<br>6743 SOUTHPOINT DR N<br>JACKSONVILLE, FL 32216 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/4/1993 | $0.00 |
| XPEDX<br>4510 READING RD<br>CINCINNATI, OH 45229 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 3/21/2007 | $0.00 |
| XPERIANZ<br>5400 DUPONT CIR STE B<br>MILFORD, OH 45150 | MASTER SERVICES AGREEMENT | ASSIGN | 3/30/2007 | $0.00 |
| XPRESS DELIVERY AND STORAGE<br>PO BOX 272434<br>OKLAHOMA CITY, OK 73131 | CARRIER AGREEMENT | ASSIGN | 12/8/2004 | $0.00 |
| XRT<br>1150 FIRST AVENUE, SUITE 850<br>KING OF PRUSSIA , PA 19406 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/16/2003 | $0.00 |
| YALE NEW HAVEN HEALTH SYSTEM<br>789 HOWARD AVE<br>NEW HAVEN, CT 06504 | CUSTOMER TRADE AGREEMENT | ASSIGN | 10/1/2000 | $0.00 |
| YALE-NEW HAVEN HEALTH SERVICES CORPORATION DBA YALE NEW HAVEN HEALTH SYSTEM<br>789 HOWARD AVE<br>NEW HAVEN, CT 06504 | CUSTOMER TRADE AGREEMENT | ASSIGN | 5/1/2009 | $0.00 |
| YECK BROTHERS COMPANY<br>PO BOX 225<br>DAYTON, OH 45401 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2007 | $0.00 |
| YELLOWDOG PRINTING & GRAPHICS<br>490 S SANTA FE DR UNIT A<br>DENVER, CO 80223 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 4/1/2009 | $0.00 |
| YORK CONTAINER<br>138 MT ZION RD<br>YORK, PA 17402 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 7/12/2001 | $0.00 |
| YORK HOSPITAL<br>15 HOSPITAL DR<br>YORK, ME 03909-1099 | CUSTOMER CONTRACT LOP | ASSIGN | 8/15/2009 | $0.00 |
| YORK SERVICES<br>PO BOX 868<br>YORK, PA 17405 | CARRIER AGREEMENT | ASSIGN | 1/22/2007 | $0.00 |
| YOUNCOFSKI,NINA<br>39 BLVD E<br>KEYPORT, NJ 07735-6137 | SALES SUPPORT AGREEMENT, 02/04/11 | ASSIGN | 6/28/2010 | $0.00 |
| YOUNG SURVIVAL COALITION<br>61 BROADWAY STE 2235<br>NEW YORK, NY 10006 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/18/2010 | $0.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit C**

**Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| YOUNG,ROBERT<br>565 HICKOK CT<br>DELAWARE, OH 43015-7029 | EXECUTIVE CONTRACT | ASSIGN | 7/1/2009 | $0.00 |
| YUSCKA,MARY ELLEN<br>2268 SPAULDING AVE<br>WEST DUNDEE, IL 60118 | ACCOUNT RELATIONSHIP MANAGER, 05/28/09 | ASSIGN | 2/16/2005 | $0.00 |
| Z PRESS<br>PO BOX 1020<br>KAILUA, HI 96734 | VENDOR - CERTIFIED TRADE PARTNER | ASSIGN | 1/1/2004 | $0.00 |
| ZAMBON,SUSAN E<br>617 GARFIELD AVE<br>GLENOLDEN, PA 19036 | STRATEGIC ACCT EXEC - PROMO, 12/30/09 | ASSIGN | 6/22/1998 | $0.00 |
| ZANNETT COMMERCIAL SOLUTIONS<br>5412 COURSEVIEW DRIVE #122<br>MASON , OH  45040 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 2/11/2009 | $0.00 |
| ZC STERLING INSURANCE AGENCY<br>210 INTERSTATE PKWY<br>STE 400<br>ATLANTA, GA 30339 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/7/2005 | $0.00 |
| ZC STERLING INSURANCE AGENCY INC.<br>210 INTERSTATE PKWY<br>STE 400<br>ATLANTA, GA 30339 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/10/2005 | $0.00 |
| ZEBRA TECHNOLOGIES CORP<br>333 CORPORATE WOODS PKWY<br>VERNON HILLS, IL 60061 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/12/2005 | $0.00 |
| ZEE MEDICAL, INC.<br>22 CORPORATE PARK<br>IRVINE, CA 92606 | CUSTOMER TRADE AGREEMENT | ASSIGN | 1/14/1999 | $0.00 |
| ZEELAND COMMUNITY HOSPITAL<br>8333 FELCH ST<br>ZEELAND, MI 49464-2608 | CUSTOMER CONTRACT LOU | ASSIGN | 5/1/2010 | $0.00 |
| ZELLER + GMELIN CORP<br>4725 JEFFERSON DAVIS HGWY<br>RICHMOND, VA  23234 | CONSIGNMENT AND INK ROOM AGREEMENT | ASSIGN | 9/24/2010 | $40,870.00 |
| ZENITH GOLDLINE PHARMACEUTICALS<br>1900 WEST COMMERCIAL BLVD<br>FORT LAUDERDALE, FL 33309 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/4/1997 | $0.00 |
| ZENITH INSURANCE COMPANY<br>21255 CALIFA ST<br>WOODLAND HILLS, CA 91367 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/9/1990 | $0.00 |
| ZF LEMFORDER<br>55 BAKER BLVD<br>BREWER, ME 04412 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 11/17/2004 | $0.00 |
| ZIEMER,AMY L<br>3110 E AQUAMARINE<br>AVE<br>APPLETON, WI 54913-7205 | SALES REPRESENTATIVE AGREEMENT | ASSIGN | 11/10/2009 | $0.00 |
| ZIMMER INC<br>PO BOX 708<br>WARSAW, IN 46581-0708 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 5/13/2009 | $0.00 |

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| ZIMMER, INC.<br>345 EAST MAIN ST<br>PO BOX 708<br>WARSAW, IN 46580 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 3/10/2003 | $0.00 |
| ZIMMER, INC.<br>345 EAST MAIN ST<br>PO BOX 708<br>WARSAW, IN 46580 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 5/13/2009 | $0.00 |
| ZIMMERMAN,CHARLOTTE R<br>9206 MEADOW<br>BRANCH CT<br>HOUSTON, TX 77095-2751 | ACC EXEC, 09/28/10 | ASSIGN | 6/19/2009 | $0.00 |
| ZIONS MGMT SVCS CO<br>2200 S 3270 WEST<br>WEST VALLEY CITY, UT 84119 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 12/16/2002 | $0.00 |
| ZIPREALTY<br>2000 POWELL STREET STE 300<br>EMERYVILLE, CA 94608 | CUSTOMER TRADE AGREEMENT | ASSIGN | 4/24/2006 | $0.00 |
| ZOMAX<br>800 CORPORATE WAY<br>FREMONT, CA 94539 | DOCUMENT STORAGE AGREEMENT | ASSIGN | 1/20/2003 | $0.00 |
| ZONES INC<br>1102 15TH ST SW<br>AUBURN, WA 98001 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 7/16/2010 | $0.00 |
| ZOOLOGICAL SOCIETY OF SAN DIEGO<br>PO BOX 120551<br>SAN DIEGO, CA 92112-0551 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 8/22/2003 | $0.00 |
| ZURICH AMERICAN INSURANCE COMPANY<br>1400 AMERICAN LN<br>SCHAUMBURG, IL 60196 | CUSTOMER TRADE AGREEMENT | ASSIGN | 8/29/2003 | $0.00 |
| ZURICH LIFE<br>1600 MCCONNOR PKWY<br>SCHAUMBURG, IL 60196 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 11/5/2001 | $0.00 |
| ZURICH NORTH AMERICA<br>1818 MARKET ST<br>PHILADELPHIA, PA 19103 | NON-DISCLOSURE AGREEMENTS (FINANCIAL) | ASSIGN | 6/14/2001 | $0.00 |
| ZURICK NORTH AMERICA<br>1818 MARKET ST<br>OHILA, PA 19103 | CONFIDENTIALITY/NON-DISCLOSURE AGREEMENT | ASSIGN | 6/14/2001 | $0.00 |
| ZWANGER PESIRI RADIOLOGY<br>150 E SUNRISE HWY<br>LINDENHURST, NY 11757 | CUSTOMER TRADE AGREEMENT | ASSIGN | 2/1/2009 | $0.00 |

**<u>Exhibit D</u>**
(Schedule of Proposed Cure Costs)

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit D**

**Schedule of Cure Cost for Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| 100-200 CCC, INC<br>1060 N KING HWY<br>STE 250<br>CHERRY HILL, NJ 08034 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 4/1/2010 | $825.00 |
| AETNA BUILDING MAINTNENACE<br>646 PARSONS AVE<br>COLUMBUS, OH 43206 | SERVICES AGREEMENT | ASSIGN | 7/28/2008 | $9,251.00 |
| ALLIED WASTE<br>PO BOX 9001487<br>LOUISVILLE, KY 40290-1487 | SERVICE AGREEMENT | ASSIGN | 2/1/2008 | $7,681.00 |
| AT&T CORP<br>55 CORPORATE DR<br>BRIDGEWATER, NJ 08807 | MASTER AGREEMENT | ASSIGN | 5/31/2006 | $32,901.00 |
| AVERY DENNISON, CORP.<br>8080 NORTON PKWY<br>MENTOR, OH 44060 | VENDOR AGREEMENT | ASSIGN | 10/1/2007 | $3,033.00 |
| BOWE BELL HOWELL<br>3791 SOUTH ALSTON AVE<br>DURHAM, NC 27713 | MASTER EQUIP. SERV. & SOFTWARE SUPPORT AGREEMENT | ASSIGN | 5/1/2008 | $3,830.00 |
| BURT JORDAN REALTORS<br>PO BOX 742<br>DARLINGTON, SC 29540- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 10/1/2007 | $116.00 |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS<br>180 WASHINGTON VALLEY RD<br>BEDMINSTER, NJ 07921 | MAJOR ACCOUNT AGREEMENT | ASSIGN | 5/19/2010 | $31,411.00 |
| CINCINNATI BELL EXTENDED TERRITORIES, LLC<br>221 E FOURTH ST<br>CINCINNATI, OH 45202 | MASTER SERVICES AGREEMENT | ASSIGN | 8/31/2006 | $1,170.00 |
| CINCINNATI BELL WIRELESS, LLC<br>221 EAST FOURTH ST<br>CINCINNATI, OH 45202 | WIRELESS SERVICE AGREEMENT | ASSIGN | 1/24/2006 | $14,724.00 |
| COYNE TEXTILE SERVICES<br>140 CORTLAND AVENUE<br>SYRACUSE, NY 13221 | UNIFORM RENTAL AGREEMENT | ASSIGN | 11/10/2005 | $3,897.00 |
| EAGLE REGISTRATIONS INC<br>402 KETTERING TOWER<br>DAYTON, OH 45423 | REGISTRATION CONTRACT | ASSIGN | 7/12/2006 | $9,251.00 |
| EASYLINK SERVICES CORPORATION<br>PO BOX 200013<br>PITTSBURGH, PA 15251-0013 | VENDOR AGREEMENT | ASSIGN | 4/16/2004 | $10,476.00 |
| ELECTRONICS FOR IMAGING, INC.<br>40 24TH ST<br>PITTSBURGH, PA 15222 | EFI SOFTWARE AND EVALUATION LICENSE AGREEMENT | ASSIGN | 1/14/2010 | $14,850.00 |
| FOUR51 INC<br>7905 GOLDEN TRIANGLE DR STE 130<br>EDEN PRAIRIE, MN 55344 | E-COMMERCE SERVICES AGREEMENT | ASSIGN | 4/30/2005 | $85,175.00 |
| GLOBAL HEALTHCARE EXCHANGE, LLC<br>11000 WESTMOOR CIR STE 400<br>WESTMINISTER, CO 80021 | SUPPLIER USER AGREEMENT | ASSIGN | 7/1/2006 | $17,452.00 |
| GRAPHCO<br>6563 COCHRAN RD<br>SOLON, OH 44139-3901 | FULL MAINTENANCE AGREEMENT | ASSIGN | 2/21/2003 | $15,792.00 |
| HALOGEN SOFTWARE INC<br>495 MARCH RD STE 500<br>KANATA, ON K2K 3G1<br>CANADA | SOFTWARE LICENSE AND SERVICES AGREEMENT | ASSIGN | 9/4/2009 | $48,278.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit D**

**Schedule of Cure Cost for Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| HASLER, INC.<br>478 WHEELERS FARMS RD<br>MILFORD, CT O6461 | EQUIPMENT LEASES | ASSIGN | 11/7/2006 | $279.00 |
| IKON OFFICE SOLUTIONS, INC<br>6206 BENJAMIN RD STE 300<br>TAMPA, FL 33634 | MASTER SERVICE AGREEMENT | ASSIGN | 2/11/2002 | $114,006.84 |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.<br>3790 SYMMES RD<br>HAMILTON, OH 45015 | RECORDS MANAGEMENT | ASSIGN | 4/24/2007 | $10,215.00 |
| NEWLINE NOOSH, INC. D/B/A NLN GLOBAL<br>1300 ISLAND DR<br>STE 201<br>REDWOOD CITY, CA 94065 | MASTER SERVICES AGREEMENT | ASSIGN | 4/9/2008 | $119,487.00 |
| NIVA REALTY, S.E.<br>PO BOX 11978<br>SAN JUAN, PR 00922-1978 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 12/4/2000 | $40,966.00 |
| NUSIGN SUPPLY, INC.<br>1365 DARIUS CT<br>CITY OF INDUSTRY, CA 91745 | RENTAL AGREEMENT | ASSIGN | 5/1/2009 | $22,733.00 |
| OCE' PRINTING SYSTEMS USA, INC.<br>5600 BROKEN SOUND BLVD<br>BOCA RATON, FL  33487 | MASTER PURCHASE AGREEMENT - LEASE | ASSIGN | 11/8/2002 | $50,633.00 |
| PACKAGING CORPORATION OF AMERICA<br>1900 WEST FIELD CT<br>LAKE FOREST, IL 60045 | CONTAINER SALES AGREEMENT | ASSIGN | 1/1/2010 | $112,941.10 |
| PERFECT COMMERCE INC<br>PO BOX 12079<br>NEWPORT NEWS, VA 23612 | PROFESSIONAL SERVICES AGREEMENT | ASSIGN | 5/25/2004 | $2,575.00 |
| PITNEY BOWES<br>PO BOX 371887<br>PITTSBURGH, PA 15250-7887 | EQUIPMENT LEASES | ASSIGN | 12/20/2006 | $11,170.69 |
| PROLOGIS<br>3765 INTERCHANGE RD<br>COLUMBUS, OH 43204 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 4/1/2005 | $17.00 |
| RAFLATAC INC<br>PO BOX 713816<br>COLUMBUS, OH 43271-3816 | MATERIALS REBATE | ASSIGN | 1/1/2008 | $882.00 |
| RAYMOND LEASING CORPORATION<br>PO BOX 203905<br>HOUSTON, TX 77216-3905 | LEASE - EQUIPMENT | ASSIGN | 2/5/2004 | $95,091.50 |
| RC INVESTORS, LLC<br>BEACON PL<br>6055 ROCKSIDE WOODS BLVD STE 100<br>INDEPENDENCE, OH 44131- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2001 | $24.00 |
| RIGHT MANAGEMENT<br>7777 WASHINGTON VILLAGE DRIVE, SUITE 300<br>DAYTON, OH 45459 | SERVICES AGREEMENT | ASSIGN | 7/19/2007 | $33,500.00 |
| RIGHTTHING, LLC<br>PO BOX 674050<br>DETROIT, MI 48267 | HIRING SERVICES AGREEMENT | ASSIGN | 7/30/2010 | $18,344.00 |
| ROBERT J. DILEONARDO<br>2348 POST RD<br>WARWICK, RI 02886 | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 5/1/2006 | $763.00 |
| SALESFORCE.COM INC<br>THE LANDMARK AT ONE MARKET STE 300<br>SAN FRANSISCO, CA 94105 | MASTER SERVICES AGREEMENT | ASSIGN | 11/25/2003 | $2,031.00 |

**In re: Workflow Management Inc, et. al.**

**Plan of Reorganization Supplement, Exhibit D**

**Schedule of Cure Cost for Executory Contracts and Unexpired Leases**

| COUNTERPARTY NAME AND ADDRESS | AGREEMENT DESCRIPTION | ACTION | CONTRACT DATE | PROPOSED CURE |
|---|---|---|---|---|
| SHRED-IT<br>2794 SOUTH SHERIDAN WAY<br>OAKVILLE ON, L6JT4<br>CANADA | RENTAL AGREEMENT | ASSIGN | 4/19/2004 | $6,738.00 |
| SOFTWARE PROFESSIONALS INC<br>1085B CENTERVILLE STATION RD<br>CENTERVILLE, OH 45459 | SERVICES AGREEMENT | ASSIGN | 6/8/2005 | $8,261.00 |
| SPRINT SOLUTIONS, INC.<br>6391 SPRINT PKWY<br>OVERLAND PARK, KS 66251-2525 | TELECOM | ASSIGN | 7/19/2007 | $101,283.47 |
| TALX CORPORATION<br>4076 PAYSPHERE CIR<br>CHICAGO, IL 60674 | UNIVERSAL SERVICE AGREEMENT | ASSIGN | 6/1/2007 | $3,430.00 |
| TOWNE REALTY, INC.<br>COMMERCIAL DIVISION<br>710 N PLANKINTON AVE<br>MILWAUKEE, WI 53202- | LESSEE - COMMERCIAL REAL ESTATE LEASE | ASSIGN | 9/1/2009 | $1,230.00 |
| TOYOTA FINANCIAL SERVICES<br>PO BOX 3457<br>TORRANCE, CA 90510-3457 | RENTAL AGREEMENT | ASSIGN | VARIOUS | $82.00 |
| VAIL SYSTEMS, INC.<br>570 LAKE COOK RD<br>STE 400<br>DEERFIELD, IL 60015 | RESELLER AGREEMENT | ASSIGN | 11/24/2008 | $5,848.00 |
| WASTE MANAGEMENT OF OHIO INC. - DAYTON<br>1006 WALNUT ST<br>CANAL WINCHESTER, OH 43110 | NON-HAZARDOUS WASTE REMOVAL | ASSIGN | 10/7/2008 | $6,436.00 |
| XEROX CORPORATION<br>4270 GLENDALE MILFORD<br>CINCINNATI, OH 45242 | EQUIPMENT LEASE / SOFTWARE LICENSE AGREEMENT | ASSIGN | 8/4/2005 | $563,788.44 |
| ZELLER + GMELIN CORP<br>4725 JEFFERSON DAVIS HGWY<br>RICHMOND, VA  23234 | CONSIGNMENT AND INK ROOM AGREEMENT | ASSIGN | 9/24/2010 | $40,870.00 |

**<u>Exhibit E</u>**
(Designation of Newco First Lien Administrative Agent)

In accordance with section 1.86 of the Plan, the Newco First Lien Administrative Agent is The Bank of New York Mellon.

**<u>Exhibit F</u>**
(Newco First Lien Credit Agreement)

FIRST LIEN CREDIT AGREEMENT,

dated as of [●], 2011,

among

WORKFLOWONE LLC,

as the Borrower,

VARIOUS FINANCIAL INSTITUTIONS AND OTHER PERSONS FROM TIME TO TIME
PARTIES HERETO,

as the Lenders,

and

THE BANK OF NEW YORK MELLON,
as the Administrative Agent.

# TABLE OF CONTENTS

Page

ARTICLE I  DEFINITIONS AND ACCOUNTING TERMS .......................................................2
   SECTION 1.1  Defined Terms.................................................................... 2
   SECTION 1.2  Use of Defined Terms ............................................................ 26
   SECTION 1.3  Cross-References ................................................................ 26
   SECTION 1.4  Accounting and Financial Determinations........................................... 26
ARTICLE II  LOANS, CLOSING RATE AND NOTES ..........................................................27
   SECTION 2.1  Loans .......................................................................... 27
   SECTION 2.2  Closing Rate.................................................................... 27
   SECTION 2.3  Continuation and Conversion Elections............................................. 27
   SECTION 2.4  Funding ........................................................................ 27
   SECTION 2.5  Register; Notes................................................................. 28
ARTICLE III  REPAYMENTS, PREPAYMENTS, INTEREST AND FEES ............................28
   SECTION 3.1  Repayments and Prepayments; Application ......................................... 28
       SECTION 3.1.1  Repayments and Prepayments ............................................... 28
       SECTION 3.1.2  Application................................................................ 30
   SECTION 3.2  Interest Provisions.............................................................. 31
       SECTION 3.2.1  Rates..................................................................... 31
       SECTION 3.2.2  Post-Default Rates......................................................... 31
       SECTION 3.2.3  Payment Dates.............................................................. 31
   SECTION 3.3  Fees   ........................................................................ 32
       SECTION 3.3.1  Administrative Agent's Fee .................................................. 32
ARTICLE IV  CERTAIN LIBO RATE AND OTHER PROVISIONS...................................32
   SECTION 4.1  LIBO Rate Lending Unlawful.................................................... 32
   SECTION 4.2  Deposits Unavailable ........................................................... 32
   SECTION 4.3  Increased LIBO Rate Loan Costs, etc............................................. 33
   SECTION 4.4  Funding Losses ................................................................. 33
   SECTION 4.5  Increased Capital Costs ......................................................... 34
   SECTION 4.6  Taxes   ....................................................................... 34
   SECTION 4.7  Payments, Computations; Proceeds of Collateral, etc ............................. 36
   SECTION 4.8  Sharing of Payments ............................................................ 37
   SECTION 4.9  Setoff .......................................................................... 38

SECTION 4.10  Replacement of Lenders.......................................................................38

SECTION 4.11  Change in Lending Office..................................................................39

ARTICLE V  CONDITIONS TO EXCHANGE OF LOANS.......................................................39

SECTION 5.1  Resolutions, etc ..................................................................................40

SECTION 5.2  Entry of Confirmation Order and Consummation of Transactions.........40

SECTION 5.3  Delivery of Notes ................................................................................40

SECTION 5.4  Guarantees ..........................................................................................41

SECTION 5.5  Security Agreements ..........................................................................41

SECTION 5.6  Intellectual Property Security Agreements ..........................................41

SECTION 5.7  Filing Agent, etc .................................................................................42

SECTION 5.8  Intercreditor Agreement .....................................................................42

SECTION 5.9  Patriot Act Disclosures........................................................................42

SECTION 5.10  Compliance with Warranties, No Default, etc ....................................42

ARTICLE VI  REPRESENTATIONS AND WARRANTIES ...................................................42

SECTION 6.1  Organization, etc .................................................................................42

SECTION 6.2  Due Authorization, Non-Contravention, Defaults etc ...........................43

SECTION 6.3  Government Approval, Regulation, etc .................................................43

SECTION 6.4  Validity, etc..........................................................................................43

SECTION 6.5  Financial Information............................................................................44

SECTION 6.6  Litigation, Labor Controversies, etc ....................................................44

SECTION 6.7  Subsidiaries .........................................................................................44

SECTION 6.8  Ownership of Properties.......................................................................44

SECTION 6.9  Taxes ...................................................................................................44

SECTION 6.10  Employee Benefit Plans .....................................................................44

SECTION 6.11  Environmental Warranties .................................................................45

SECTION 6.12  Regulations U and X ..........................................................................46

SECTION 6.13  Labor Matters.....................................................................................46

SECTION 6.14  Compliance with Laws........................................................................46

SECTION 6.15  Deposit Account and Cash Management Accounts..............................46

SECTION 6.16  Insurance ...........................................................................................46

SECTION 6.17  Material Contracts .................................................................................. 47

ARTICLE VII  COVENANTS .......................................................................................... 47

SECTION 7.1  Affirmative Covenants ............................................................................. 47

SECTION 7.1.1  Financial Information, Reports, Notices, etc ......................... 47

SECTION 7.1.2  Maintenance of Existence; Compliance with Contracts, Laws, etc ............................................................................. 49

SECTION 7.1.3  Maintenance of Properties ...................................................... 49

SECTION 7.1.4  Insurance ................................................................................. 49

SECTION 7.1.5  Books and Records .................................................................. 49

SECTION 7.1.6  Environmental Law Covenant ................................................ 50

SECTION 7.1.7  Future Guarantors, Security, etc ............................................ 50

SECTION 7.1.8  Cash Management ................................................................... 51

SECTION 7.1.9  Maintenance of Corporate Separateness ................................ 51

SECTION 7.1.10  Landlord's Agreements and Bailee Letters ........................... 51

SECTION 7.1.11  Mortgages ............................................................................... 52

SECTION 7.2  Negative Covenants .................................................................................. 52

SECTION 7.2.1  Business Activities .................................................................. 52

SECTION 7.2.2  Indebtedness ............................................................................ 52

SECTION 7.2.3  Liens ........................................................................................ 54

SECTION 7.2.4  Financial Condition and Operations ....................................... 56

SECTION 7.2.5  Investments ............................................................................. 57

SECTION 7.2.6  Restricted Payments, etc ........................................................ 59

SECTION 7.2.7  Capital Expenditures ............................................................... 60

SECTION 7.2.8  Issuance of Capital Securities ................................................ 60

SECTION 7.2.9  Consolidation, Merger; Permitted Acquisitions, etc .............. 60

SECTION 7.2.10  Permitted Dispositions ........................................................... 61

SECTION 7.2.11  Modification of Certain Agreements ...................................... 62

SECTION 7.2.12  Transactions with Affiliates ................................................... 62

SECTION 7.2.13  Restrictive Agreements, etc ................................................... 63

SECTION 7.2.14  Sale and Leaseback ............................................................... 64

SECTION 7.2.15  Pension Plans ........................................................................ 64

SECTION 7.2.16  No Payment or Prepayment of Certain Indebtedness ............ 64

ARTICLE VIII  EVENTS OF DEFAULT ..........................................................................64

SECTION 8.1  Listing of Events of Default.................................................... 64

SECTION 8.1.1  Non-Payment of Obligations ................................... 64

SECTION 8.1.2  Non-Performance of Certain Covenants and Obligations........ 65

SECTION 8.1.3  Non-Performance of Other Covenants and Obligations .......... 65

SECTION 8.1.4  Default on Other Indebtedness................................... 65

SECTION 8.1.5  Judgments.................................................................... 65

SECTION 8.1.6  Change in Control ..................................................... 65

SECTION 8.1.7  Bankruptcy, Insolvency, etc....................................... 65

SECTION 8.1.8  Impairment of Security, etc........................................ 66

SECTION 8.2  Action if Bankruptcy................................................................ 66

SECTION 8.3  Action if Other Event of Default............................................. 66

ARTICLE IX  THE ADMINISTRATIVE AGENT ...........................................................67

SECTION 9.1  Actions. ................................................................................... 67

SECTION 9.2  Exculpation ............................................................................ 68

SECTION 9.3  Successor................................................................................. 70

SECTION 9.4  Loans by the Administrative Agent ........................................ 71

SECTION 9.5  Credit Decisions..................................................................... 71

SECTION 9.6  Copies, etc............................................................................... 71

SECTION 9.7  Reliance by Administrative Agent .......................................... 71

SECTION 9.8  Defaults ................................................................................... 72

SECTION 9.9  Posting of Approved Electronic Communications................... 72

SECTION 9.10  Proofs of Claim ..................................................................... 73

ARTICLE X  MISCELLANEOUS PROVISIONS ...........................................................74

SECTION 10.1  Waivers, Amendments, etc ................................................... 74

SECTION 10.2  Notices; Time ........................................................................ 75

SECTION 10.3  Payment of Costs and Expenses............................................ 75

SECTION 10.4  Indemnification ..................................................................... 76

SECTION 10.5 Survival ................................................................................. 77

SECTION 10.6 Severability ........................................................................... 77

SECTION 10.7 Headings................................................................................. 77

SECTION 10.8 Execution in Counterparts, Effectiveness, etc ...................... 77

SECTION 10.9 Governing Law; Entire Agreement........................................ 78

SECTION 10.10 Successors and Assigns......................................................... 78

SECTION 10.11 Sale and Transfer of Loans; Participations in Loans; Notes.............. 78

SECTION 10.12 Other Transactions ............................................................... 81

SECTION 10.13 Forum Selection and Consent to Jurisdiction ..................... 81

SECTION 10.14 Waiver of Jury Trial.............................................................. 82

SECTION 10.15 Confidentiality. .................................................................... 82

SECTION 10.16 Counsel Representation......................................................... 83

SECTION 10.17 Patriot Act ............................................................................ 83

SECTION 10.18 Authorization of Administrative Agent ............................... 83

SCHEDULE I       -    Disclosure Schedule
SCHEDULE II      -    Percentages and Amounts; LIBOR Office; Domestic Office
SCHEDULE III     -    Specified EBITDA

EXHIBIT A        -    Form of Note
EXHIBIT B        -    Form of Continuation/Conversion Notice
EXHIBIT C        -    Form of Lender Assignment Agreement
EXHIBIT D        -    Form of Compliance Certificate
EXHIBIT E-1      -    Form of Parent Guaranty
EXHIBIT E-2      -    Form of Subsidiary Guaranty
EXHIBIT F        -    Form of Pledge and Security Agreement
EXHIBIT G        -    Form of Intercreditor Agreement
EXHIBIT H        -    Form of Mortgage

# FIRST LIEN CREDIT AGREEMENT

THIS FIRST LIEN CREDIT AGREEMENT, dated as of [●], 2011, is among WORKFLOWONE LLC, a Delaware limited liability company (the "<u>Borrower</u>"), the various financial institutions and other Persons from time to time parties hereto (the "<u>Lenders</u>") and THE BANK OF NEW YORK MELLON as the administrative agent (in such capacity, the "<u>Administrative Agent</u>"), for the Lenders.

<u>W I T N E S S E T H</u>:

WHEREAS, on September 29, 2010, WF Capital Holdings, Inc. and its subsidiaries (collectively, "<u>Bankruptcy Debtors</u>") filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§101-1532, as amended, the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "<u>Bankruptcy Court</u>"), jointly administered as <u>In re Workflow Management, Inc., et al.</u>, Chapter 11 Case No. 10-74617 (SCS) and continued in the possession of their property and in the management of their businesses pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code (the "<u>Bankruptcy Cases</u>");

WHEREAS, on January 21, 2011, the Bankruptcy Debtors filed with the Bankruptcy Court a Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "<u>Plan</u>") and a disclosure statement;

WHEREAS, the Plan contemplates, among other things: (i) the transfer of substantially all assets of the Bankruptcy Debtors to Workflow Holdings LLC, a Delaware limited liability company (the "<u>Parent</u>"), or to another entity or entities designated by Parent, pursuant to the Asset Purchase and Sale Agreement, dated as of January 21, 2011, by and among the Bankruptcy Debtors as Sellers and Parent as Buyer, as amended, supplemented, amended and restated or otherwise modified from time to time prior to the Effective Date and, as permitted hereunder, thereafter (the "<u>Asset Purchase Agreement</u>"); (ii) the cancellation of all Indebtedness outstanding under the First Lien Credit Agreement (as defined in the Plan, and referred to herein as the "<u>Pre-Petition First Lien Credit Agreement</u>") in exchange for the issuance of Loans hereunder; and (iii) the cancellation of all Indebtedness outstanding under the Second Lien Credit Agreement (as defined in the Plan, and referred to herein as the "<u>Pre-Petition Second Lien Credit Agreement</u>") in exchange for the issuance of (x) the Second Lien Loans under the Second Lien Credit Agreement and (y) the Newco Preferred Units (as defined in the Plan);

WHEREAS, Parent owns all of the Capital Securities of Borrower and has designated[1] Borrower to purchase substantially all of the assets of the Bankruptcy Debtors pursuant to the Asset Purchase Agreement;

WHEREAS, on [●], 2011, the Bankruptcy Court entered the order confirming the Plan (the "<u>Confirmation Order</u>") pursuant to which, among other things, the Bankruptcy Court approved the transactions contemplated by the Plan;

---

[1] To be designated in bill of sale or by resolution.

WHEREAS, on the date hereof (the "Effective Date"), concurrently with the effectiveness of this Agreement, the Plan shall become effective in accordance with its terms;

WHEREAS, in connection with the transactions contemplated by the Plan and by operation of the Confirmation Order, on the Effective Date, each lender under the Pre-Petition First Lien Credit Agreement shall receive (via an exchange) its Pro Rata Share (as defined in the Plan) of the Loans (the "Exchange of Loans") and shall become a Lender hereunder, subject to all of the rights and obligations of a Lender hereunder without any further action on the part of such Lender; and

WHEREAS, the Parent and each Subsidiary of the Borrower, which is or hereafter becomes a party hereto as a Guarantor, is or will be affiliated, is or will be engaged in interrelated businesses, and is or will derive substantial direct and indirect benefit from extensions of credit to the Borrower.

NOW, THEREFORE, the parties hereto agree as follows.

ARTICLE I
DEFINITIONS AND ACCOUNTING TERMS

SECTION 1.1   Defined Terms.  The following terms (whether or not underscored) when used in this Agreement, including its preamble and recitals, shall, except where the context otherwise requires, have the following meanings (such meanings to be equally applicable to the singular and plural forms thereof):

"Account Debtor" means any Person who is or who may become obligated under, with respect to, or on account of, an account, chattel paper, or a general intangible or intangible, as applicable, in each case, as such term is defined under the UCC.

"Administrative Agent" is defined in the preamble and includes each other Person appointed as the successor Administrative Agent pursuant to Section 9.3.

"Affected Lender" is defined in Section 4.10.

"Affiliate" of any Person means any other Person which, directly or indirectly, controls, is controlled by or is under common control with such Person.  "Control" of a Person means the power, directly or indirectly,

(a)  to vote 10% or more of the Capital Securities (on a fully diluted basis) of such Person having ordinary voting power for the election of directors, managing members or general partners (as applicable); or

(b)  to direct or cause the direction of the management and policies of such Person (whether by contract or otherwise).

"Agreement" means, on any date, this First Lien Credit Agreement as originally in effect on the Effective Date and as thereafter from time to time amended, supplemented, amended and restated or otherwise modified from time to time and in effect on such date.

"Alternate Base Rate" means, on any date and with respect to all Base Rate Loans, a fluctuating rate of interest per annum (rounded upward, if necessary, to the next highest 1/16 of 1%) equal to the higher of

(a) the Base Rate in effect on such day; and

(b) the Federal Funds Rate in effect on such day plus ½ of 1%.

Changes in the rate of interest on that portion of any Loans maintained as Base Rate Loans will take effect simultaneously with each change in the Alternate Base Rate.

"Applicable Margin" means, with respect to (1) all Loans maintained as LIBO Rate Loans, 7.00%, and (2) all Loans maintained as Base Rate Loans, 6.00%.

"Approved Fund" means any Person (other than a natural Person) that (a) is engaged in making, purchasing, holding or otherwise investing in commercial loans and similar extensions of credit in the ordinary course of its business, and (b) is administered or managed by a Lender, an Affiliate of a Lender or a Person or an Affiliate of a Person that administers or manages a Lender.

"Assignee Lender" means each future Lender which signs a Lender Assignment Agreement pursuant to Section 10.11.

"Asset Purchase Agreement" is defined in the third recital.

"Authorized Officer" means, relative to any Obligor, those of its officers, general partners or managing members (as applicable) whose signatures and incumbency shall have been certified to the Administrative Agent pursuant to Section 5.1(b).

"Bankruptcy Cases" is defined in the first recital.

"Bankruptcy Code" is defined in the first recital.

"Bankruptcy Court" is defined in the first recital.

"Bankruptcy Debtors" is defined in the first recital.

"Base Rate" means, at any time, an annual rate equal to the greater of (a) 4.00% and (b) the rate of interest then most recently established by the Administrative Agent in New York as its base rate for Dollars loaned in the United States.  The Base Rate is not necessarily intended to be the lowest rate of interest determined by the Administrative Agent in connection with extensions of credit.

"Base Rate Loan" means a Loan bearing interest at a fluctuating rate determined by reference to the Alternate Base Rate.

"Borrower" is defined in the preamble.

"Business Day" means (a) any day which is neither a Saturday nor Sunday nor a legal holiday on which banks are authorized or required to be closed in New York, New York and (b) relative to the making, continuing, prepaying or repaying of any LIBO Rate Loans, any day which is a Business Day described in clause (a) above, and which is also a day on which dealings in Dollars are carried on in the London interbank Eurodollar market.

"Capital Expenditures" means, for any period, (a) the aggregate amount of all expenditures of the Borrower and its Subsidiaries for fixed or capital assets made during such period which, in accordance with GAAP, would have been (or in accordance with GAAP, should be) classified as capital expenditures, including the capitalized portion of any Capitalized Lease Liabilities (determined in accordance with GAAP) incurred by the Borrower and its Subsidiaries during such period, less (b) the aggregate amount of expenditures to replace capital assets with Net Disposition Proceeds or Net Casualty Proceeds pursuant to clause (c) of Section 3.1.1; provided, however that Capital Expenditures shall not include expenditures made in connection with the replacement, substitution or restoration of assets to the extent financed with awards of compensation arising from the taking by eminent domain or condemnation of the assets being replaced.

"Capital Securities" means, with respect to any Person, all shares, interests, participations or other equivalents (however designated, whether voting or non-voting) of such Person's capital (including all capital stock, partnership, membership or other equity interests in such Person), whether now outstanding or issued after the Effective Date and whether or not certificated.

"Capitalized Lease Liabilities" means, with respect to any Person, all monetary obligations of such Person and its Subsidiaries under any leasing or similar arrangement which have been (or, in accordance with GAAP, should be) classified as capitalized leases, and for purposes of each Loan Document the amount of such obligations shall be the capitalized amount thereof, determined in accordance with GAAP, and the stated maturity thereof shall be the date of the last payment of rent or any other amount due under such lease prior to the first date upon which such lease may be terminated by the lessee without payment of a premium or a penalty.

"Cash Equivalent Investment" means, at any time:

(a)  any direct obligation of (or unconditionally guaranteed by) the United States or a State thereof (or any agency or political subdivision thereof, to the extent such obligations are supported by the full faith and credit of the United States or a State thereof) maturing not more than one year after such time;

(b)  commercial paper maturing not more than 270 days from the date of issue, which is issued by a corporation (other than an Affiliate of any Obligor) organized under the laws of any State of the United States or of the District of Columbia, and rated A-1 or higher by S&P or P-1 or higher by Moody's;

(c)  any certificate of deposit, time deposit or bankers acceptance, maturing not more than one year after its date of issuance, which is issued by any bank organized under the laws of the United States (or any State thereof), and which has (x) a credit

rating of A2 or higher from Moody's or A or higher from S&P and (y) a combined capital and surplus greater than $500,000,000;

(d) shares of money market mutual or similar funds which invest exclusively in assets satisfying the requirements of <u>clauses (a)</u> through (<u>c</u>) of this definition;

(e) money market funds that (i) purport to comply generally with the criteria set forth in SEC Rule 2a-7 under the Investment Company Act of 1940, as amended, (ii) are rated AAA by S&P or Aaa by Moody's or carrying an equivalent rating by a national recognized rating agency, and (iii) have portfolio assets of at least $5,000,000,000; or

(f) any repurchase agreement having a term of 30 days or less entered into with any Lender or any commercial banking institution satisfying the criteria set forth in <u>clause (c)</u> which

(i) is secured by a fully perfected security interest in any obligation of the type described in <u>clause (a)</u>, and

(ii) has a market value at the time such repurchase agreement is entered into of not less than 100% of the repurchase obligation of such commercial banking institution thereunder.

"<u>Casualty Event</u>" means the damage, destruction or condemnation, as the case may be, of property of any Person or any of its Subsidiaries.

"<u>CERCLA</u>" means the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended.

"<u>CERCLIS</u>" means the Comprehensive Environmental Response, Compensation and Liability Information System database.

"<u>Change in Control</u>" means:

(a) the failure of Parent at any time to directly own beneficially and of record on a fully diluted basis 100% of the outstanding Capital Securities of the Borrower, such Capital Securities to be held free and clear of all Liens (other than Liens granted under a Loan Document or a Second Lien Loan Document); or

(b) an event by which any "person" or "group" (as such terms are used in Sections 13(d) and 14(d) of the Exchange Act) other than the Permitted Holders is or becomes the beneficial owner of Capital Securities of the Parent representing more than 50% of the economic power of the total outstanding Capital Securities of the Parent.

"<u>Closing Date</u>" means the Effective Date.

"<u>Code</u>" means the Internal Revenue Code of 1986, and the regulations thereunder, in each case as amended, reformed or otherwise modified from time to time.

"Collections" means all cash, checks, notes, instruments and other items of payment (including insurance proceeds, proceeds of cash sales, rental proceeds and tax refunds) of the Borrower and its Subsidiaries.

"Communications" is defined in clause (a) of Section 9.9.

"Compliance Certificate" means a certificate duly completed and executed by an Authorized Officer of the Borrower, substantially in the form of Exhibit D hereto, together with such changes thereto as the Administrative Agent may (acting at the written request of the Required Lenders) from time to time request for the purpose of monitoring the Borrower's compliance with the financial covenants contained herein.

"Confirmation Order" is defined in the fifth recital.

"Contingent Liability" means any agreement, undertaking or arrangement by which any Person guarantees, endorses or otherwise becomes or is contingently liable upon (by direct or indirect agreement, contingent or otherwise, to provide funds for payment, to supply funds to, or otherwise to invest in, a debtor, or otherwise to assure a creditor against loss) the Indebtedness (or, solely for purposes of the definition of Investment, other obligations) of any other Person (other than by endorsements of instruments in the course of collection), or guarantees the payment of dividends or other distributions upon the Capital Securities of any other Person. The amount of any Person's obligation under any Contingent Liability shall (subject to any limitation set forth therein) be deemed to be the outstanding principal amount of the debt, obligation or other liability guaranteed thereby.

"Continuation/Conversion Notice" means a notice of continuation or conversion and certificate duly executed by an Authorized Officer of the Borrower, substantially in the form of Exhibit B hereto.

"Control Agreement" means an agreement in form and substance reasonably satisfactory to the Administrative Agent which provides for the Administrative Agent to have "control" (as defined in Section 8-106 of the UCC, as such term relates to investment property (other than certificated securities or commodity contracts), or as used in Section 9-106 of the UCC, as such term relates to commodity contracts, or as used in Section 9-104(a) of the UCC, as such term relates to deposit accounts).

"Controlled Group" means all members of a controlled group of corporations and all members of a controlled group of trades or businesses (whether or not incorporated) under common control which, together with the Borrower, are treated as a single employer under Section 414(b) or 414(c) of the Code or Section 4001 of ERISA.

"Copyright Security Agreement" means any Copyright Security Agreement executed and delivered by any Obligor in substantially the form of Exhibit C to the Security Agreement, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Debt Issuance" means the issuance of any Indebtedness within the meaning of clauses (a) and (c) of the definition thereof by the Borrower or any of its Subsidiaries.

"Default" means any Event of Default or any condition, occurrence or event which, after notice or lapse of time or both, would constitute an Event of Default.

"Deposit Account" means a "deposit account" as that term is defined in Section 9-102(a) of the UCC.

"Disclosure Schedule" means the Disclosure Schedule attached hereto as Schedule I, as it may be amended, supplemented, amended and restated or otherwise modified from time to time by the Borrower with the written consent of the Required Lenders.

"Disposition" (or similar words such as "Dispose") means any sale, transfer, lease, sale-leaseback, contribution or other conveyance (including by way of merger) of, or the granting of options, warrants or other rights to, any of the Borrower's or its Subsidiaries' assets (including accounts receivable and Capital Securities of Subsidiaries) to any other Person (other than to another Obligor) in a single transaction or series of transactions.

"Dollar" and the sign "$" mean lawful money of the United States.

"Domestic Office" means the office of a Lender designated as its "Domestic Office" on Schedule II hereto or in a Lender Assignment Agreement, or such other office within the United States as may be designated from time to time by written notice from such Lender to the Administrative Agent and the Borrower.

"Earnout Payment" means in connection with any Permitted Acquisition, any portion of the purchase price for such acquisition which is (a) deferred to a date after the closing date therefor and (b) is contingent upon the performance of the business being acquired pursuant to such Permitted Acquisition.

"EBITDA" means, for any applicable period, Net Income for such period, plus, to the extent deducted in determining Net Income for such period, the sum, without duplication, of:

(a) income and state franchise Tax expense;

(b) interest expense, together with (i) amortization or write-off of debt discount and debt issuance costs and commissions, discounts and other fees and charges associated with Indebtedness (including administrative fees and charges with respect to the Obligations and the Second Lien Loans), and (ii) prepayment penalties, make-whole payments or call premiums payable on prepayment of Indebtedness;

(c) depreciation and amortization expense;

(d) any (i) extraordinary expenses or losses (including whether or not otherwise includable in the Parent's statement of Net Income for such period) or (ii) losses on sales or write-offs of assets outside of the ordinary course of business);

(e) any unusual non-cash or other non-cash charges, expenses or losses, including any inventory revaluations resulting from the Transactions and any non-cash write-offs required to be made under FASB ASC Topic 350, and any non-cash charges, fees, payments, expenses or losses accrued in connection with the consummation of the Plan (including all fresh start accounting adjustments), in each case incurred during such period;

(f) (x) restructuring and integration costs of the Borrower and its Subsidiaries, including but not limited to severance costs, plant moving costs, central sourcing costs, lease termination costs, and professional advisory fees incurred in connection with the adoption and execution of restructuring integration initiatives and the restructuring and refinancing of the Borrower's debt incurred during such period, and (y) any non-recurring expenses or losses consisting of (a) losses from extinguishment of debt, casualty (including fire, earthquake, hurricane, terrorism or other force majeure events), condemnation and expropriation and (b) other non-recurring losses which are set forth as such in the income statement of the Parent; provided that such costs, expenses or losses shall only be included to the extent in the aggregate they are equal to or less than $20,000,000 for any four-quarter period;

(g) transaction fees and expenses related to the Transactions paid by any Obligor;

(h) all fees and expenses (including management fees) accrued, or permitted hereunder to be paid and actually paid by any Obligor, for such period pursuant to the LLC Agreement and the Management Agreements, as in effect on the date hereof or as amended, modified or supplemented as permitted hereby;

(i) reasonable transaction fees and expenses incurred by any Obligor in connection with Permitted Acquisitions;

(j) [reserved];

(k) write-offs, reserves or allowances of notes receivable from current and former officers, founders, and direct or indirect shareholders of the Borrower and its Subsidiaries, in a principal amount not to exceed $3,000,000 (plus accrued and unpaid interest) in the aggregate over the term of this Agreement;

(l) costs and expenses of outside professionals engaged by the Borrower and its Subsidiaries at the request of the Lenders or Second Lien Lenders, and outside professionals engaged by the Lenders and Second Lien Lenders at the expense of the Borrower and its Subsidiaries;

(m) expenses related to the issuance of equity-based compensation;

(n) reasonable fees (including legal fees and other similar advisory and consulting fees, administrative fees and working fees), charges, payments and expenses

accrued or paid by any Obligor in connection with the consummation of the Plan;

(o) reasonable fees paid to the Administrative Agent pursuant to the Fee Letter; and

(p) any letter of credit fees, to the extent paid by any Obligor in cash;

minus, to the extent included in Net Income for such period, the sum, without duplication, of:

(i) interest income (except to the extent deducted in determining interest expense);

(ii) any extraordinary or non-recurring income or gains (including whether or not otherwise includable in the Parent's statement of Net Income for such period, gains on the sales of assets outside the ordinary course of business); and

(iii) any unusual non-cash or other non-cash income;

provided that, for purposes of Section 7.2.4, and notwithstanding any provision of Section 1.4(b) to the contrary, calculations of EBITDA for any period shall be adjusted to exclude items otherwise properly included to the extent such items relate to assets Disposed in such period, on a *pro forma* basis as if such asset was Disposed on the first day of such period; and

provided further that, notwithstanding the foregoing provisions of this definition of EBITDA, (i) the quarterly EBITDA of the Borrower and its Subsidiaries for each Fiscal Quarter ending on September 30, 2010 and December 31, 2010 and (ii) the EBITDA of the Borrower and its Subsidiaries for the period commencing on January 1, 2011 until the Closing Date, and with respect to clauses (i) and (ii), together with all itemized additions and deductions thereto, shall be as set forth in Schedule III hereto.

"Effective Date" is defined in the sixth recital.

"Eligible Assignee" means any Person (other than an Ineligible Assignee).

"Emigsville Property" means the real property owned by the Borrower, located in York County, Pennsylvania and commonly known as 325 Busser Road, Emigsville, Pennsylvania.

"Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3(3) of ERISA that is maintained for employees of the Borrower or any member of the Borrower's Controlled Group.

"Environmental Laws" means all applicable foreign, federal, state, provincial or local statutes, laws, ordinances, codes, rules and regulations (including consent decrees and administrative orders) relating to public health and safety and protection of the environment.

"ERISA" means the Employee Retirement Income Security Act of 1974, as amended, and any successor statute thereto of similar import, together with the regulations thereunder, in each case as in effect from time to time.  References to sections of ERISA also refer to any successor sections thereto.

"Event of Default" is defined in Section 8.1.

"Excess Cash Flow" means, for any Fiscal Year, the result of the following calculation:

(a)  EBITDA for such period;

plus

(b)  the absolute value of any net decrease in Working Capital for such period;

less

(c)  the sum (without duplication) for such period of the following:

(i)  the aggregate amount of (A) all regularly scheduled or mandatorily repayable principal payments of Indebtedness (including the Loans) made during such Fiscal Year, (B) all optional prepayments of Indebtedness permitted hereby (other than the Loans) during such Fiscal Year (including any call premiums paid in cash upon repayment of such Indebtedness) and (C) the portion of any regularly scheduled payments with respect to Capital Lease Liabilities allocable to principal;

(ii)  cash payments made with respect to Capital Expenditures (to the extent permitted hereunder and not funded with debt or equity issuances);

(iii)  all federal, state, local and foreign income, franchise or other similar taxes to the extent paid by the Parent and its Subsidiaries in cash (including any future payments of past-priority taxes assumed from the Bankruptcy Debtors for any past, present or current periods) and, to the extent not duplicative thereof, Restricted Payments made for the purposes described in clause (b)(iii) of Section 7.2.6;

(iv)  interest expense to the extent paid in cash during such Fiscal Year;

(v)  to the extent actually paid in cash during such Fiscal Year, Earnout Payments (to the extent not funded with debt or equity issuances);

(vi)  the absolute value of any net increase in Working Capital for such period;

(vii)  cash payments to the extent (A) paid in cash during such period and (B) added back to EBITDA for such period under clauses (d), (f), (g), (h), (i), (l), (n), (o) and (p) of the definition of EBITDA; and

(viii)  cash payments made with respect to Permitted Acquisitions and Investments permitted under Section 7.2.5 (except to the extent funded with debt or equity issuances); and

(ix) cash payments made pursuant to the Transactions.

"Exchange Act" means the Securities Exchange Act of 1934, as amended.

"Exchange of Loans" is defined in the seventh recital.

"Exemption Certificate" is defined in clause (e) of Section 4.6.

"FATCA" means Sections 1471 through 1474 of the Code.

"Federal Funds Rate" means, for any period, a fluctuating interest rate per annum equal for each day during such period to

(a)  the weighted average of the rates on overnight federal funds transactions with members of the Federal Reserve System arranged by federal funds brokers, as published for such day (or, if such day is not a Business Day, for the next preceding Business Day) by the Federal Reserve Bank of New York; or

(b)  if such rate is not so published for any day which is a Business Day, the average of the quotations for such day on such transactions received by the Administrative Agent from three federal funds brokers of recognized standing selected by it.

"Fee Letter" means the confidential letter, dated February 2, 2011, between the Administrative Agent and the Borrower.

"Filing Agent" is defined in Section 5.7.

"Filing Statements" is defined in Section 5.7.

"Fiscal Quarter" means a quarter ending on the last day of March, June, September or December.

"Fiscal Year" means any period of twelve consecutive calendar months ending on December 31; references to a Fiscal Year with a number corresponding to any calendar year (e.g., the "2011 Fiscal Year") refer to the Fiscal Year ending on December 31 of such calendar year.

"Foreign Pledge Agreement" means any supplemental pledge agreement governed by the laws of a jurisdiction other than the United States or a State thereof executed and delivered by the Borrower or any of its Subsidiaries pursuant to the terms of this Agreement, in form and substance reasonably satisfactory to the Administrative Agent, as may be necessary or desirable under the laws of organization or incorporation of a Subsidiary to further protect or perfect the Lien on and security interest in any Collateral (as defined in the Security Agreement).

"Foreign Subsidiary" means any Subsidiary that is not incorporated or organized under the laws of the United States, a state thereof or the District of Columbia and any Subsidiary of such a Foreign Subsidiary.

"F.R.S. Board" means the Board of Governors of the Federal Reserve System or any successor thereto.

"GAAP" is defined in Section 1.4.

"Goshen Property" means the real property owned by the Borrower, located in Elkhart County, Indiana and commonly known as 1302 Eisenhower Drive North, Goshen, Indiana.

"Governmental Authority" means the government of the United States, any other nation, or any political subdivision thereof, whether state, provincial or local, and any agency, authority, instrumentality, regulatory body, court, central bank or other Person exercising executive, legislative, judicial, taxing, regulatory or administrative powers or functions of or pertaining to government.

"Granting Lender" is defined in clause (g) of Section 10.11.

"Guarantor" means, collectively, the Parent, each Subsidiary Guarantor and each other Person party to a Guaranty.

"Guaranty" means, as applicable, the Parent Guaranty, any Subsidiary Guaranty and any other document delivered by a U.S. Subsidiary of the Borrower whereby such U.S. Subsidiary becomes liable for the Obligations.

"Hazardous Material" means

(a)  any "hazardous substance", as defined by CERCLA;

(b)  any "hazardous waste", as defined by the RCRA; or

(c)  any pollutant or contaminant or hazardous, dangerous or toxic chemical, material or substance (including any petroleum product) within the meaning of any other applicable Environmental Law relating to or imposing liability or standards of conduct concerning any hazardous, toxic or dangerous waste, substance or material, all as amended.

"Hedging Obligations" means, with respect to any Person, all liabilities of such Person under currency exchange agreements, interest rate swap agreements, interest rate cap agreements and interest rate collar agreements, and all other agreements or arrangements designed to protect such Person against fluctuations in interest rates or currency exchange rates.

"herein", "hereof", "hereto", "hereunder" and similar terms contained in any Loan Document refer to such Loan Document as a whole and not to any particular Section, paragraph or provision of such Loan Document.

"Hypothetical Tax Rate" means, for any taxable year, the greater of the highest marginal rate of combined federal, state and local income tax (including any Medicare contribution taxes imposed on net investment income) payable by (i) an individual resident in New York City and (ii) a corporation resident in New York City whose sole assets are the membership interests of the Parent that are held by such corporation, in each case taking into account the particular character of the income involved (e.g., capital gain or ordinary income) and taking into account the deductibility of state and local income taxes in computing federal income tax liability.

"including" and "include" means including without limiting the generality of any description preceding such term, and, for purposes of each Loan Document, the parties hereto agree that the rule of ejusdem generis shall not be applicable to limit a general statement, which is followed by or referable to an enumeration of specific matters, to matters similar to the matters specifically mentioned.

"Indebtedness" of any Person means:

(a)  all obligations of such Person for borrowed money or advances and all obligations of such Person evidenced by bonds, debentures, notes or similar instruments or upon which interest payments are customarily made;

(b)  all obligations, contingent or otherwise, relative to the face amount of all letters of credit, whether or not drawn, banker's acceptances, performance, surety or appeal bonds (or similar obligations) issued for the account of such Person;

(c)  all Capitalized Lease Liabilities of such Person;

(d)  all reimbursement, payment or other obligations or liabilities of such Person created or arising under any conditional sale or title retention agreement with respect to property used or acquired by such Person;

(e)  for purposes of Section 8.1.4 only, all other items which, in accordance with GAAP, would be included as liabilities on the balance sheet of such Person as of the date at which Indebtedness is to be determined;

(f)  net Hedging Obligations of such Person;

(g)  whether or not so included as liabilities in accordance with GAAP, all obligations of such Person to pay the deferred purchase price of property or services (including all reimbursement, payment or other obligations or liabilities of such Person created or arising under any conditional sale or title retention agreement with respect to property used or acquired by such Person) (excluding trade accounts payable in the ordinary course of business and not outstanding for more than 120 days after such payable was due unless, if such payable is outstanding more than 120 days after such payable was due, they are being contested in good faith and by appropriate proceedings promptly initiated and diligently conducted) of the date of purchase of such goods and services, and indebtedness secured by (or for which the holder of such indebtedness has an existing right, contingent or otherwise, to be secured by) a Lien on property owned or being acquired by such Person (including indebtedness arising under conditional sales or

other title retention agreements), whether or not such indebtedness shall have been assumed by such Person or is limited in recourse;

(h) obligations arising under Synthetic Leases;

(i) all Contingent Liabilities of such Person; and

(j) all obligations referred to in clauses (a) through (i) of this definition of another Person secured by (or for which the holder of such Indebtedness has an existing right, contingent or otherwise, to be secured by) a Lien upon property owned by such Person.

The Indebtedness of any Person shall include the Indebtedness of any other Person (including any partnership in which such Person is a general partner) to the extent such Person is liable therefor as a result of such Person's ownership interest in or other relationship with such Person, except to the extent the terms of such Indebtedness provide that such Person is not liable therefor.

"Indemnified Liabilities" is defined in Section 10.4.

"Indemnified Parties" is defined in Section 10.4.

"Ineligible Assignee" means a natural Person, the Parent, any Subsidiary of Parent and Perseus.

"Intercreditor Agreement" means the Intercreditor Agreement, dated the date hereof and substantially in the form of Exhibit G hereto, executed and delivered by the Administrative Agent, the administrative agent under the Second Lien Credit Agreement and the Obligors pursuant to the terms of this Agreement, as amended, supplemented, amended and restated, replaced or otherwise modified from time to time.

"Interest Coverage Ratio" means, as of the last day of any Fiscal Quarter, the ratio computed for the period consisting of such Fiscal Quarter and each of the three immediately preceding Fiscal Quarters of:

(a) EBITDA (for all such Fiscal Quarters)

to

(b) the sum (for all such Fiscal Quarters) of Interest Expense;

provided that for purposes of calculating the Interest Coverage Ratio for each of the following Fiscal Quarters of the 2011 Fiscal Year, Interest Expense shall be calculated as follows: (i) with respect to the third Fiscal Quarter of such Fiscal Year, the amount of Interest Expense for such Fiscal Quarter and the immediately preceding Fiscal Quarter multiplied by two; and (ii) with respect to the fourth Fiscal Quarter of such Fiscal Year, the amount of Interest Expense for such Fiscal Quarter and the two immediately preceding Fiscal Quarters multiplied by one and one-third.

"Interest Expense" means, for any applicable period, (a) the aggregate cash interest expense of the Parent and its Subsidiaries for such applicable period, including the portion of any payments made in respect of Capitalized Lease Liabilities allocable to interest expense but excluding (to the extent otherwise included in the definition of Interest Expense) (i) amortization of deferred financing costs, (ii) make-whole payments or call premiums paid or payable in cash upon repayment of Indebtedness and (iii) any interest capitalized or paid in kind; less (b) the aggregate interest income received by Parent and its Subsidiaries for such applicable period.

"Interest Period" means, relative to any LIBO Rate Loan, the period beginning on (and including) the date on which such LIBO Rate Loan is made or continued as, or converted into, a LIBO Rate Loan pursuant to Sections 2.2 or 2.3 and shall end on (but exclude) the day which numerically corresponds to such date one, two, three or six months thereafter (or, if such month has no numerically corresponding day, on the last Business Day of such month), in either case as the Borrower may select in its relevant notice pursuant to Sections 2.2 or 2.3; provided, that,

> (a) the Borrower shall not be permitted to select Interest Periods to be in effect at any one time which have expiration dates occurring on more than ten different dates;

> (b) if such Interest Period would otherwise end on a day which is not a Business Day, such Interest Period shall end on the next following Business Day (unless such next following Business Day is the first Business Day of a calendar month, in which case such Interest Period shall end on the Business Day next preceding such numerically corresponding day); and

> (c) no Interest Period for any Loan may end later than the Stated Maturity Date for such Loan.

"Investment" means, relative to any Person,

> (a) any loan, advance or extension of credit made by such Person to any other Person, including the purchase by such Person of any bonds, notes, debentures or other debt securities of any other Person;

> (b) Contingent Liabilities in favor of any other Person; and

> (c) any Capital Securities held by such Person in any other Person.

The amount of any Investment shall be the original principal or capital amount thereof less all returns of principal or capital thereon and shall, if made by the transfer or exchange of property other than cash, be deemed to have been made in an original principal or capital amount equal to the fair market value of such property at the time of such Investment.

"Lender Assignment Agreement" means an assignment agreement substantially in the form of Exhibit C hereto.

"Lenders" is defined in the preamble.

"Lender's Environmental Liability" means any and all losses, liabilities, obligations, penalties, claims, litigation, demands, defenses, costs, judgments, suits, proceedings, damages, (including consequential damages), disbursements or expenses of any kind or nature whatsoever (including reasonable attorneys' fees and expenses at trial and appellate levels and experts' fees and disbursements and expenses incurred in investigating, defending against or prosecuting any litigation, claim or proceeding) which may at any time be imposed upon, incurred by or asserted or awarded against the Administrative Agent or any Lender or any of such Person's Affiliates, shareholders, directors, officers, employees, and agents in connection with or arising from:

(a)  any Hazardous Material on, in, under or migrating from all or any portion of any property of the Borrower or any of its Subsidiaries or the groundwater thereunder to the extent caused by Releases from the Borrower's or any of its Subsidiaries' or any of their respective predecessors' properties;

(b)  any misrepresentation, inaccuracy or breach of any warranty, contained or referred to in Section 6.11;

(c)  any violation or claim of violation by the Borrower or any of its Subsidiaries of any Environmental Laws; or

(d)  the imposition of any Lien for damages caused by, or the recovery of any costs with respect to, the cleanup, Release of Hazardous Material by the Borrower or any of its Subsidiaries, or in connection with any property owned by the Borrower or any of its Subsidiaries.

"LIBO Rate" means, relative to any Interest Period for LIBO Rate Loans, an annual rate equal to the greater of (i) 3.00% and (ii) the rate per annum determined by the Administrative Agent at approximately 11:00 a.m. (London time) on the date that is two Business Days prior to the beginning of the relevant Interest Period by reference to the British Bankers' Association Interest Settlement Rates for deposits in Dollars (as set forth by the Bloomberg Information Service or any successor thereto or any other service selected by the Administrative Agent which has been nominated by the British Bankers' Association as an authorized information vendor for the purpose of displaying such rates) for a period equal to such Interest Period; provided that, to the extent that an interest rate is not ascertainable pursuant to the foregoing provisions of this clause (ii), the interest rate determined in accordance with this clause (ii) shall be the interest rate per annum determined by the Administrative Agent to be the average of the rates per annum at which deposits in Dollars are offered for such relevant Interest Period to major banks in the London interbank market in London, England by the Administrative Agent at approximately 11:00 a.m. (London time) on the date that is two Business Days prior to the beginning of such Interest Period.

"LIBO Rate Loan" means a Loan bearing interest, at all times during an Interest Period applicable to such Loan, at a rate of interest determined by reference to the LIBO Rate (Reserve Adjusted).

"<u>LIBO Rate (Reserve Adjusted)</u>" means, relative to any Loan to be made, continued or maintained as, or converted into, a LIBO Rate Loan for any Interest Period, a rate per annum determined pursuant to the following formula:

$$\text{LIBO Rate (Reserve Adjusted)} = \frac{\text{LIBO Rate}}{1.00 - \text{LIBOR Reserve Percentage}}$$

The LIBO Rate (Reserve Adjusted) for any Interest Period for LIBO Rate Loans will be determined by the Administrative Agent on the basis of the LIBOR Reserve Percentage in effect two Business Days before the first day of such Interest Period.

"<u>LIBOR Office</u>" means the office of a Lender designated as its "LIBOR Office" on <u>Schedule II</u> hereto or in a Lender Assignment Agreement, or such other office designated from time to time by written notice from such Lender to the Borrower and the Administrative Agent, whether or not outside the United States, which shall be making or maintaining the LIBO Rate Loans of such Lender.

"<u>LIBOR Reserve Percentage</u>" means, relative to any Interest Period for LIBO Rate Loans, the reserve percentage (expressed as a decimal) equal to the maximum aggregate reserve requirements (including all basic, emergency, supplemental, marginal and other reserves and taking into account any transitional adjustments or other scheduled changes in reserve requirements) specified under regulations issued from time to time by the F.R.S. Board and then applicable to assets or liabilities consisting of or including "Eurocurrency Liabilities", as currently defined in Regulation D of the F.R.S. Board, having a term approximately equal or comparable to such Interest Period.

"<u>Lien</u>" means any security interest, mortgage, pledge, hypothecation, assignment, deposit arrangement, encumbrance, lien (statutory or otherwise), charge against or security interest in property, or other priority or preferential arrangement of any kind or nature whatsoever, including any conditional sale or title retention arrangement, any Capitalized Lease Liability and any assignment, deposit arrangement or financing lease intended as security.

"<u>Livermore Property</u>" means the real property owned by the Borrower, located in Alameda County, California and commonly known as 5775 Brisa Street, Livermore, California.

"<u>LLC Agreement</u>" means the Amended and Restated Limited Liability Company Agreement, dated [●], 2011, among the Parent and the other parties thereto, as amended, supplemented, amended and restated or otherwise modified from time to time.

"<u>Loan Documents</u>" means, collectively, this Agreement, the Notes, any Rate Protection Agreement, the Fee Letter, each agreement pursuant to which the Administrative Agent is granted a Lien to secure all or any part of the Obligations, each Guaranty, the Intercreditor Agreement and each other agreement, certificate, document or instrument delivered in connection with any Loan Document, whether or not specifically mentioned herein or therein.

"<u>Loans</u>" is defined in <u>Section 2.1</u>.

"Management Agreements" means the Management Agreements, dated as of the Effective Date, among Silver Point Capital, L.P. and Perseus and the Borrower, as amended, supplemented, amended and restated or otherwise modified from time to time as permitted hereunder.

"Material Adverse Effect" means a material adverse effect on (a) the business, condition (financial or otherwise), operations, performance or properties of the Parent and its Subsidiaries taken as a whole, (b) the rights and remedies of any Secured Party under any Loan Document, (c) the ability of any Obligor to perform its Obligations under any Loan Document, (d) the legality, validity or enforceability of this Agreement or any other Loan Document or (e) the validity, perfection or priority of Liens with respect to any material portion of the collateral in favor of the Administrative Agent for the benefit of the Secured Parties (other than any material adverse effect that has occurred as a result of the Bankruptcy Cases and related proceedings).

"Moody's" means Moody's Investors Service, Inc.

"Mortgage" means each mortgage, deed of hypothec, debenture, pledge, deed of trust or agreement executed and delivered by any Obligor in favor of the Administrative Agent for the benefit of the Secured Parties pursuant to the requirements of this Agreement substantially in the form set forth in Exhibit H hereto (with such changes as are reasonably satisfactory to the Administrative Agent), under which a Lien is granted on the real property and fixtures described therein, in each case as amended, supplemented, amended and restated or otherwise modified from time to time.

"Net Casualty Proceeds" means, with respect to any Casualty Event, the amount of any insurance proceeds or condemnation awards received by the Parent, the Borrower or any of its Subsidiaries in connection with such Casualty Event (net of all reasonable and customary collection expenses thereof), but excluding any proceeds or awards required to be paid to a creditor (other than the Lenders) which holds a first priority Lien permitted pursuant to this Agreement on the property which is the subject of such Casualty Event minus the sum of (i) all taxes actually paid or estimated by the Borrower to be payable in cash within the 12 months following the date of such Casualty Event and (ii) to the extent not excluded above, payments made by the Borrower or its Subsidiaries to retire Indebtedness (other than the Loans) where payment of such Indebtedness is required in connection with such Casualty Event; provided that, if the amount of any estimated taxes pursuant to clause (i) exceeds the amount of taxes actually required to be paid in cash in respect of such Casualty Event, the aggregate amount of such excess shall constitute Net Casualty Proceeds.

"Net Debt Proceeds" means the cash proceeds received by the Borrower or its Subsidiaries from any Debt Issuance by the Borrower or any Subsidiary not otherwise permitted pursuant to the terms of Section 7.2.2 (net of underwriting discounts and commissions and other reasonable fees, expenses and costs associated therewith including, without limitation, those of attorneys, accountants and other professionals).

"Net Disposition Proceeds" means the gross cash proceeds received by the Borrower or its Subsidiaries from any Disposition other than those pursuant to clauses (a), (b) (but not to the extent clause (b) references Section 7.2.14(a)), (c), (d) and (e) of Section 7.2.10 and any cash

payment received in respect of promissory notes or other non-cash consideration delivered to the Borrower or its Subsidiaries in respect thereof, minus the sum of (i) all reasonable and customary legal, investment banking, brokerage, accounting and other similar professional fees and expenses incurred in connection with such Disposition, (ii) all taxes actually paid or estimated by the Borrower to be payable in cash within the 12 months following the date of such Disposition, and (iii) payments made by the Borrower or its Subsidiaries to retire Indebtedness (other than the Loans) secured by a Lien permitted pursuant to Section 7.2.3 (and such Lien is senior to the Liens created under the Loan Documents) where payment of such Indebtedness is required in connection with such Disposition; provided that, if the amount of any estimated taxes pursuant to clause (ii) exceeds the amount of taxes actually required to be paid in cash in respect of such Disposition, the aggregate amount of such excess shall constitute Net Disposition Proceeds.

"Net Income" means, for any period, the aggregate of all amounts which would be included as net income (or loss) on the consolidated financial statements of the Parent and its Subsidiaries for such period.

"Non-Excluded Taxes" means any Taxes imposed, deducted or withheld with respect to any Secured Party on payments under this Agreement or any Loan Document other than (i) net income and franchise Taxes imposed by any Governmental Authority under the laws of which such Secured Party is organized or in which it maintains its principal office or its applicable lending office, (ii) any U.S. federal withholding tax imposed under FATCA, (iii) Taxes imposed as a result of a present or former connection between such Secured Party and the jurisdiction imposing such Taxes, but excluding any such connection arising from such Secured Party's exercise of its rights or performance of its obligations pursuant to or in respect of this Agreement or any Loan Document, (iv) any branch profits tax imposed by the United States or any comparable tax imposed by any foreign jurisdiction and (v) any Other Taxes.

"Non-U.S. Lender" means any Lender that is not a "United States person", as defined under Section 7701(a)(30) of the Code.

"Note" means a promissory note of the Borrower payable to any Lender, in the form of Exhibit A hereto (as such promissory note may be amended, endorsed or otherwise modified from time to time), evidencing the aggregate Indebtedness of the Borrower to such Lender resulting from outstanding Loans, and also means all other promissory notes accepted from time to time in substitution therefor or renewal thereof.

"Obligations" means all obligations (monetary or otherwise, whether absolute or contingent, matured or unmatured) of the Borrower and each other Obligor to the Secured Parties arising under or in connection with a Loan Document, including, but not limited to, the principal of and premium, if any, and interest (including interest accruing (or which would have accrued) during the pendency of any proceeding of the type described in Section 8.1.7, whether or not allowed in such proceeding) on the Loans as well as all Fees and expenses (including attorneys' fees and expenses) and indemnity payable to the Secured Parties hereunder.

"Obligor" means, as the context may require, the Borrower and each other Person (other than a Secured Party) obligated under any Loan Document.

"Organic Document" means, relative to any Obligor, as applicable, its certificate or articles of incorporation, articles and memorandum of association, by-laws, certificate of partnership, partnership agreement, certificate of formation, limited liability agreement, operating agreement and all shareholder agreements, voting trusts and similar arrangements applicable to any of such Obligor's Capital Securities.

"Other Taxes" means any and all present or future stamp, documentary or similar Taxes, or any other excise or property Taxes or similar levies that arise on account of any payment made or required to be made under any Loan Document or from the execution, delivery, registration, recording or enforcement of, or otherwise with respect to, any Loan Document, but excluding, for the avoidance of doubt, any Taxes arising in connection with any transfer, assignment or participation of any rights or obligations under this Agreement, or any change in lending office by any Lender, except if such transfer, assignment, participation or change in lending office is done at the request of Borrower.

"Parent" is defined in the third recital.

"Parent Guaranty" means the guaranty, dated as of the date hereof, executed and delivered by an Authorized Officer of the Parent pursuant to the terms of this Agreement, substantially in the form of Exhibit E-1 hereto, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Participant" is defined in clause (d) of Section 10.11.

"Patent Security Agreement" means any Patent Security Agreement executed and delivered by any Obligor in substantially the form of Exhibit A to the Security Agreement, as amended, supplemented, amended and restated or otherwise modified.

"Patriot Act" means the USA PATRIOT ACT (Title III of Pub. L. 107-56 (signed into law October 26, 2001)), as amended and supplemented from time to time.

"PBGC" means the Pension Benefit Guaranty Corporation and any Person succeeding to any or all of its functions under ERISA.

"PBGC Settlement" means the settlement agreement, if any, with PBGC.

"Pension Plan" means a "pension plan", as such term is defined in Section 3(2) of ERISA, which is subject to Title IV of ERISA, and to which the Borrower or any corporation, trade or business that is, along with the Borrower, a member of a Controlled Group, may have liability, including any liability by reason of having been a substantial employer within the meaning of Section 4063 of ERISA at any time during the preceding five years, or by reason of being deemed to be a contributing sponsor under Section 4069 of ERISA.

"Percentage" means, relative to any Lender, the percentage set forth opposite its name on Schedule II hereto or set forth in a Lender Assignment Agreement, as such percentage may be adjusted from time to time (x) in accordance with Section 4.8 or (y) pursuant to Lender Assignment Agreements executed by such Lender and its Assignee Lender and delivered pursuant to Section 10.11.

"Permitted Acquisition" means an acquisition (whether pursuant to an acquisition of Capital Securities, assets or otherwise) by the Borrower or any Subsidiary from any Person in which the following conditions are satisfied:

(a)  the Borrower shall have submitted to the Administrative Agent at least 15 days prior to the consummation of such acquisition, a business description of the business or assets being acquired, the financial statements of the business or assets being acquired and a summary of the terms of the acquisition, all in reasonable detail;

(b)  the assets, Capital Securities or business being acquired, will be located, incorporated and/or doing business in the United States;

(c)  Borrower shall have delivered a certificate certifying that before and after giving effect to such acquisition, the representations and warranties set forth in each Loan Document shall, in each case, be true and correct in all material respects with the same effect as if then made (unless stated to relate solely to an earlier date, in which case such representations and warranties shall be true and correct in all material respects as of such earlier date) and no Default has occurred and is continuing; and

(d)  the Borrower shall have delivered to the Administrative Agent a Compliance Certificate for the period of four full Fiscal Quarters immediately preceding such acquisition (prepared in good faith and in a manner and using such methodology which is consistent with the most recent financial statements delivered pursuant to Section 7.1.1) giving pro forma effect to the consummation of such acquisition as if such Permitted Acquisition had occurred on the first day of the period of four Fiscal Quarters ending on the last day of the most recently ended Fiscal Quarter ending at least 45 days prior to the date of such Permitted Acquisition.

"Permitted Holders" means (i) Perseus, (ii) any Person that holds the Capital Securities of the Parent as of the Closing Date and (iii) the respective affiliates of the Persons referred to in the foregoing clauses (i) and (ii).

"Perseus" means Perseus, L.L.C. and its Affiliates.

"Person" means any natural person, corporation, limited liability company, partnership, joint venture, association, trust or unincorporated organization, Governmental Authority or any other legal entity, whether acting in an individual, fiduciary or other capacity.

"Plan" is defined in the second recital.

"Platform" is defined in clause (b) of Section 9.9.

"Purchase Card Agreements" means any arrangement by any Obligor to provide company-paid credit cards to employees that permit such employees to make purchases on behalf of such Obligor of supplies or services used in the ordinary course of business by such Obligor, including in respect of ordinary course, business related travel and entertainment expenses.

"Quarterly Payment Date" means the last Business Day of March, June, September and December.

"Rate Protection Agreement" means, collectively, any interest rate swap, cap, collar or similar agreement entered into by the Borrower or any of its Subsidiaries under which the counterparty of such agreement is (or at the time such agreement was entered into, was) a Lender or an Affiliate of a Lender.

"RCRA" means the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., as amended.

"Register" is defined in clause (a) of Section 2.5.

"Release" means a "release", as such term is defined in CERCLA or any release, threatened release, spill, emission, leaking, pumping, pouring, emitting, emptying, escape, injection, deposit, disposal, discharge, dispersal, dumping, leaching or migration of Hazardous Material in the indoor or outdoor environment, including the movement of Hazardous Material through or in the air, soil, surface water, ground water or property.

"Replacement Lender" is defined in Section 4.10.

"Replacement Notice" is defined in Section 4.10.

"Required Lenders" means, at any time, Lenders holding more than 50% of the aggregate principal amount of the then outstanding Loans.

"Restricted Payment" means (i) the declaration or payment of any dividend (other than dividends payable solely in Capital Securities (that are not mandatorily redeemable prior to one year and one day after the Stated Maturity Date) of the Borrower or any Subsidiary) on, or the making of any payment or distribution on account of, or setting apart assets for a sinking or other analogous fund for the purchase, redemption, defeasance, retirement or other acquisition of, any class of Capital Securities of the Borrower or any Subsidiary or any warrants, options or other right or obligation to purchase or acquire any such Capital Securities, whether now or hereafter outstanding, or (ii) the making of any other distribution in respect of such Capital Securities, in each case either directly or indirectly, whether in cash, property or obligations of the Borrower or any Subsidiary or otherwise.

"S&P" means Standard & Poor's Rating Services, a division of The McGraw-Hill Companies, Inc.

"SEC" means the Securities and Exchange Commission.

"Second Lien Credit Agreement" means the Second Lien Credit Agreement, dated as of the date hereof, among the Borrower, the various financial institutions and other Persons from time to time party thereto as lenders, Silver Point, as the administrative agent and the other Persons party thereto as agents, as amended, supplemented, amended and restated, refinanced or otherwise modified from time to time in accordance with Section 7.2.11.

"Second Lien Lender" means each "Lender" as defined in the Second Lien Credit Agreement (or such corresponding term in the event the Second Lien Credit Agreement is refinanced in accordance with the terms hereof).

"Second Lien Loan Documents" means the "Loan Documents" as defined in the Second Lien Credit Agreement (or such corresponding term in the event the Second Lien Credit Agreement is refinanced in accordance with the terms hereof).

"Second Lien Loans" means the "Loans" as defined in the Second Lien Credit Agreement (or such corresponding term in the event the Second Lien Credit Agreement is refinanced in accordance with the terms hereof).

"Secured Parties" means, collectively, the Lenders, the Administrative Agent, each counterparty to a Rate Protection Agreement that is (or at the time such Rate Protection Agreement was entered into, was) a Lender or an Affiliate thereof and (in each case) each of their respective successors, transferees and assigns.

"Security Agreement" means the Pledge and Security Agreement executed and delivered by an Authorized Officer of the Parent and its Subsidiaries, substantially in the form of Exhibit F hereto, together with any supplemental Foreign Pledge Agreement delivered pursuant to the terms of this Agreement, in each case as amended, supplemented, amended and restated or otherwise modified from time to time.

"Silver Point" means Silver Point Finance LLC.

"SPC" is defined in clause (g) of Section 10.11.

"Stated Maturity Date" means [●], 2015.

"Subsidiary" means, with respect to any Person, any other Person of which more than 50% of the outstanding Voting Securities of such other Person (irrespective of whether at the time Capital Securities of any other class or classes of such other Person shall or might have voting power upon the occurrence of any contingency) is at the time directly or indirectly owned or controlled by such Person, by such Person and one or more other Subsidiaries of such Person, or by one or more other Subsidiaries of such Person. Unless the context otherwise specifically requires, the term "Subsidiary" shall be a reference to a Subsidiary of the Borrower.

"Subsidiary Guarantor" means each U.S. Subsidiary of the Borrower that has executed and delivered to the Administrative Agent the Subsidiary Guaranty (including by means of a delivery of a supplement thereto).

"Subsidiary Guaranty" means the subsidiary guaranty executed and delivered by an Authorized Officer of each U.S. Subsidiary pursuant to the terms of this Agreement, substantially in the form of Exhibit E-2 hereto, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Synthetic Lease" means, as applied to any Person, any lease (including leases that may be terminated by the lessee at any time) of any property (whether real, personal or mixed) (a) that

is not a capital lease in accordance with GAAP and (b) in respect of which the lessee retains or obtains ownership of the property so leased for federal income tax purposes, other than any such lease under which that Person is the lessor.

"Taxes" means all taxes, duties, levies, imposts, charges, assessments, fees, deductions or withholdings, now or hereafter imposed, levied, collected, withheld or assessed by any Governmental Authority, and all interest, penalties or similar liabilities with respect thereto.

"Termination Date" means the date on which all Obligations have been paid in full in cash.

"Terrorism Laws" means any of the following (a) Executive Order 13224 issued by the President of the United States, (b) the Terrorism Sanctions Regulations (Title 31 Part 595 of the U.S. Code of Federal Regulations), (c) the Terrorism List Governments Sanctions Regulations (Title 31 Part 596 of the U.S. Code of Federal Regulations), (d) the Foreign Terrorist Organizations Sanctions Regulations (Title 31 Part 597 of the U.S. Code of Federal Regulations), (e) the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA PATRIOT ACT) Act of 2001 (as it may be subsequently codified), (f) all other present and future legal requirements of any Governmental Authority addressing, relating to, or attempting to eliminate, terrorist acts and acts of war and (g) any regulations promulgated pursuant thereto or pursuant to any legal requirements of any Governmental Authority governing terrorist acts or acts of war.

"Total Debt" means, on any date of determination, the outstanding principal amount of all Indebtedness of the Parent and its Subsidiaries of the type referred to in clause (a) (which, in the case of the Loans, shall be deemed to equal the aggregate outstanding principal amount of the Loans outstanding on the last day of the Fiscal Quarter ending on or immediately preceding the date of determination), clause (c) and clause (g), in each case of the definition of "Indebtedness" (exclusive of (x) intercompany Indebtedness between the Parent and its Subsidiaries and (y) any Preferred Units (as defined in the LLC Agreement)) and any Contingent Liability in respect of any of the foregoing.

"Total Leverage Ratio" means, as of the last day of any Fiscal Quarter, the ratio of

      (a)  Total Debt outstanding on the last day of such Fiscal Quarter,

to

      (b)  EBITDA computed for the period consisting of such Fiscal Quarter and each of the three immediately preceding Fiscal Quarters.

"Trademark Security Agreement" means any Trademark Security Agreement executed and delivered by any Obligor substantially in the form of Exhibit B to the Security Agreement, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Transactions" means, collectively, (a) the consummation of the Plan and the other transactions contemplated by the Plan to be consummated on the Closing Date (including, without limitation, transactions contemplated by the Asset Purchase Agreement), (b) the entering

into by the Obligors of the Loan Documents and the Second Lien Loan Documents to which they are intended to be a party, and the Exchange of Loans on the Closing Date, (c) the issuance of the Class A Common Units, Class B Common Units and the Preferred Units (each as defined in, and pursuant to, the LLC Agreement), (d) the satisfaction of all Indebtedness required to be paid pursuant to the Plan, (e) the payment of the fees and expenses incurred in connection with the consummation of the foregoing that are required to be paid on the Closing Date and (f) any payments made pursuant to the PBGC Settlement.

"Transaction Documents" means, collectively, the Loan Documents, Second Lien Loan Documents, the Plan, the Asset Purchase Agreement, the LLC Agreement, the Management Agreements, and each other document delivered in connection therewith, whether or not specifically mentioned herein or therein, in each case as amended, supplemented, amended and restated or otherwise modified from time to time.

"type" means, relative to any Loan, the portion thereof, if any, being maintained as a Base Rate Loan or a LIBO Rate Loan.

"UCC" means the Uniform Commercial Code as in effect from time to time in the State of New York; provided that, if, with respect to any Filing Statement or by reason of any provisions of law, the perfection or the effect of perfection or non-perfection of the security interests granted to the Administrative Agent pursuant to the applicable Loan Document is governed by the Uniform Commercial Code as in effect in a jurisdiction of the United States other than New York, then "UCC" means the Uniform Commercial Code as in effect from time to time in such other jurisdiction for purposes of the provisions of each Loan Document and any Filing Statement relating to such perfection or effect of perfection or non-perfection.

"United States" or "U.S." means the United States of America, its fifty states and the District of Columbia.

"Unrestricted" means, when referring to cash and Cash Equivalent Investments of the Borrower and its Subsidiaries, that such cash and Cash Equivalent Investments (i) do not appear (and are not required to appear) as "restricted" on a balance sheet of the Borrower and its Subsidiaries (unless the restrictions causing such appearance or required appearance are solely pursuant to the Loan Documents); (ii) are not subject to any Lien of any Person other than Liens permitted under clauses (a), (e), (g), (i), (j), (m), and (p) of Section 7.2.3; and (iii) are otherwise generally available for use by the Borrower and its Subsidiaries.

"U.S. Subsidiary" means any Subsidiary that is incorporated or organized under the laws of the United States, a state thereof or the District of Columbia, and that is not a Foreign Subsidiary.

"Voting Securities" means, with respect to any Person, Capital Securities of any class or kind ordinarily having the power to vote for the election of directors, managers or other voting members of the governing body of such Person.

"wholly owned Subsidiary" means any Subsidiary all of the outstanding Capital Securities of which (other than any director's qualifying shares or investments by foreign nationals mandated by applicable laws) is owned directly or indirectly by the Borrower.

"Working Capital" means (without duplication), at any date of determination, the difference of (a) consolidated current assets of the Parent and its Subsidiaries on such date in the nature of ordinary course trade accounts receivable, inventory and similar current assets, less (b) consolidated current liabilities of the Parent and its Subsidiaries on such date in the nature of ordinary course trade accounts payable and similar current liabilities, but excluding, without limitation, the current portion of Total Debt to the extent included in the computation of current liabilities.

SECTION 1.2    Use of Defined Terms.  Unless otherwise defined or the context otherwise requires, terms for which meanings are provided in this Agreement shall have such meanings when used in each other Loan Document and the Disclosure Schedule.

SECTION 1.3    Cross-References.  Unless otherwise specified, references in a Loan Document to any Article or Section are references to such Article or Section of such Loan Document, and references in any Article, Section or definition to any clause are references to such clause of such Article, Section or definition.

SECTION 1.4    Accounting and Financial Determinations.

(a)  Unless otherwise specified, all accounting terms used in each Loan Document shall be interpreted, and all accounting determinations and computations thereunder (including under Section 7.2.4 and the definitions used in such calculations) shall be made, in accordance with those generally accepted accounting principles in effect in the United States ("GAAP").  Unless otherwise expressly provided, all financial covenants and defined financial terms shall be computed on a consolidated basis for the Parent and its Subsidiaries (and, to the extent applicable and unless otherwise specified, any predecessor company), in each case without duplication.

(b)  As of any date of determination, for purposes of determining EBITDA or the Interest Coverage Ratio or Total Leverage Ratio (and any financial calculations required to be made or included within such calculations or ratios, or required for purposes of preparing any Compliance Certificate to be delivered pursuant to the definition of "Permitted Acquisition"), the calculation of such ratios and other financial calculations shall include or exclude, as the case may be, the effect of any assets or businesses that have been acquired pursuant to any Permitted Acquisition or Disposed of by the Borrower or any of its Subsidiaries pursuant to the terms hereof (including through mergers or consolidations), as of such date of determination, as determined by the Borrower on a pro forma basis in accordance with GAAP, which determination may include one-time adjustments or reductions in costs, if any, directly attributable to any such permitted Disposition or Permitted Acquisition, as the case may be, in each case (i) calculated in accordance with Regulation S-X of the Securities Act of 1933, as amended from time to time, and any successor statute, for the period of four Fiscal Quarters ended on or immediately prior to the date of determination of any such ratios or other financial calculations (and giving effect to any cost-savings or adjustments relating to synergies resulting from any Permitted Acquisition) and (ii) giving effect to any such Permitted Acquisition or permitted Disposition as if it had occurred on the first day of such period of four Fiscal Quarters.

## ARTICLE II
## LOANS, CLOSING RATE AND NOTES

SECTION 2.1    Loans.  Each of the parties hereto acknowledges and agrees that on the Closing Date (which shall be a Business Day), the Exchange of Loans shall occur, pursuant to which each Lender will be deemed to have made Loans to the Borrower under this Agreement (relative to such Lender, its "Loans"), with the principal amount of each Loan as of the Closing Date being the amount, and in the Lender's Percentage, in each case set forth opposite the name of such Lender on Schedule II hereto.  Each of the Lenders on the Closing Date, by operation of the Plan and the Confirmation Order, shall be deemed to have agreed to, and shall be bound by, the terms and conditions hereof, without any further action or consent on the part of such Lender. No amounts paid or prepaid with respect to the Loans may be reborrowed.

SECTION 2.2    Closing Rate.  On the Closing Date, all of the Loans shall be LIBO Rate Loans with an Interest Period of one month.

SECTION 2.3    Continuation and Conversion Elections.  By delivering a Continuation/Conversion Notice to the Administrative Agent on or before 1:00 p.m., New York time, on a Business Day, the Borrower may from time to time irrevocably elect, on not less than one Business Day's notice in the case of Base Rate Loans, or three Business Days' notice in the case of LIBO Rate Loans, and in either case not more than five Business Days' notice, that all, or any portion in an aggregate minimum amount of $1,000,000 and an integral multiple of $250,000 be, in the case of Base Rate Loans, converted into LIBO Rate Loans, or in the case of LIBO Rate Loans, converted into Base Rate Loans or continued as LIBO Rate Loans (in the absence of delivery of a Continuation/Conversion Notice with respect to any LIBO Rate Loan at least three Business Days (but not more than five Business Days) before the last day of the then current Interest Period with respect thereto, such LIBO Rate Loan shall, on such last day, automatically convert to a Base Rate Loan); provided that, (i) each such conversion or continuation shall be pro rated among the applicable outstanding Loans of all Lenders that have made such Loans, and (ii) no portion of the outstanding principal amount of any Loans may be continued as, or be converted into, LIBO Rate Loans when any Default has occurred and is continuing.  Each such irrevocable request may be made by telephone confirmed promptly by facsimile to the Administrative Agent of the applicable Continuation/Conversion Notice.  The conversion of a Base Rate Loan into a LIBO Rate Loan or a LIBO Rate Loan into a Base Rate Loan shall not effect a novation of the Loan so converted.

SECTION 2.4    Funding.  Each Lender may, if it so elects, fulfill its obligation to continue or convert LIBO Rate Loans hereunder by causing one of its foreign branches or Affiliates (or an international banking facility of such Lender) to make or maintain such LIBO Rate Loan; provided that, such LIBO Rate Loan shall nonetheless be deemed to have been made and to be held by such Lender, and the obligation of the Borrower to repay such LIBO Rate Loan shall nevertheless be to such Lender for the account of such foreign branch, Affiliate or international banking facility.  In addition, the Borrower hereby consents and agrees that, for purposes of any determination to be made for purposes of Sections 4.1, 4.2, 4.3 or 4.4, it shall be conclusively assumed that each Lender elected to fund all LIBO Rate Loans by purchasing Dollar deposits in its LIBOR Office's interbank Eurodollar market.

SECTION 2.5   Register; Notes.  The Register shall be maintained on the following terms:

(a)  The Borrower hereby designates the Administrative Agent to serve as the Borrower's agent, solely for the purpose of this clause, to maintain a register (the "Register") on which the Administrative Agent will record the Loans held by each Lender (and SPC), each repayment in respect of the principal amount of the Loans, and each assignment or transfer of an interest in any Loan made pursuant to Section 10.11, annexed to which the Administrative Agent shall retain a copy of each Lender Assignment Agreement delivered to the Administrative Agent pursuant to Section 10.11.  Failure to make any recordation, or any error in such recordation, shall not affect the amount of any Obligor's Obligations.  The entries in the Register shall be conclusive and binding in the absence of manifest error, and the Borrower, the Administrative Agent, and the Lenders (including any SPC) shall treat each Person in whose name a Loan is registered as the owner thereof for the purposes of all Loan Documents, notwithstanding notice or any provision herein to the contrary.  Any assignment or transfer of the Loans made pursuant hereto shall be registered in the Register only upon delivery to the Administrative Agent of a Lender Assignment Agreement that has been executed by the requisite parties pursuant to Section 10.11.  No assignment or transfer of a Lender's (or SPC's) Loans shall be effective unless such assignment or transfer shall have been recorded in the Register by the Administrative Agent as provided in this Section.

(b)  The Borrower shall execute and deliver to each Lender a Note evidencing the Loans held by, and payable to the order of, such Lender in a maximum principal amount equal to such Lender's Percentage of the Loan.  The Borrower hereby irrevocably authorizes each Lender to make (or cause to be made) appropriate notations on the grid attached to such Lender's Note (or on any continuation of such grid), which notations, if made, shall evidence, inter alia, the date of, the outstanding principal amount of, and the interest rate and Interest Period applicable to the Loans evidenced thereby.  Such notations shall, to the extent not inconsistent with notations made by the Administrative Agent in the Register, be conclusive and binding on each Obligor absent manifest error; provided that, the failure of any Lender to make any such notations shall not limit or otherwise affect any Obligations of any Obligor.

ARTICLE III
REPAYMENTS, PREPAYMENTS, INTEREST AND FEES

SECTION 3.1   Repayments and Prepayments; Application.  The Borrower agrees that the Loans shall be repaid and prepaid pursuant to the following terms.

SECTION 3.1.1   Repayments and Prepayments.  The Borrower shall repay in full the unpaid principal amount of each Loan on the Stated Maturity Date.  Prior thereto, payments and prepayments of the Loans shall or may be made as set forth below.

(a)  From time to time on any Business Day, the Borrower may make a voluntary prepayment, in whole or in part, of the outstanding principal amount of any Loans; provided that, (i) any such prepayment of the Loans shall be applied to the remaining amortization payments for the Loans in such amounts as the Borrower shall determine; (ii) all such voluntary prepayments shall require, in the case of Base Rate Loans at least the same Business Day's prior

notice (such notice to be delivered before noon New York time on such day), and in the case of LIBO Rate Loans at least three Business Days' prior notice (such notice to be delivered before noon New York time on such day), and in either case not more than five Business Days' prior irrevocable notice to the Administrative Agent (which notice may be telephonic so long as such notice is confirmed in writing within 24 hours thereafter and such notice to be delivered before noon New York time on such day); and (iii) all such voluntary partial prepayments shall be, in the case of LIBO Rate Loans, in an aggregate minimum amount of $500,000 and an integral multiple of $500,000 and, in the case of Base Rate Loans, in an aggregate minimum amount of $500,000 and an integral multiple of $100,000.  Each notice of prepayment sent pursuant to this clause shall specify the prepayment date, the principal amount of each Loan (or portion thereof) to be prepaid and the scheduled installment or installments of principal to which such prepayment is to be applied.  Each such notice shall be irrevocable and shall commit the Borrower to prepay such Loan (or portion thereof) by the amount stated therein on the date stated therein; provided that a notice of prepayment may state that such notice is conditioned upon the effectiveness of other credit facilities, in which case such notice may be revoked by the Borrower (by written notice to the Administrative Agent on or prior to the specified effective date) if such condition is not satisfied.  All prepayments under this clause shall be accompanied by accrued and unpaid interest on the principal amount to be prepaid to but excluding the date of payment.

(b)  On the Stated Maturity Date and on each Quarterly Payment Date occurring during any period set forth below, the Borrower shall make a scheduled repayment of the aggregate outstanding principal amount, if any, of all Loans in an amount equal to the amount set forth below opposite the Stated Maturity Date or such Quarterly Payment Date, as applicable, and the Lenders agree that any reduction in the amount of any required amortization payments set forth in this clause, or any extension of any of the dates for payment set forth in this clause, shall in each case require the consent of all Lenders.

| Payment Date | Amount of Required Principal Repayment |
|---|---|
| Each Quarterly Payment Date commencing on June 30, 2011 through December 31, 2011 | $1,000,000 |
| Each Quarterly Payment Date commencing on March 31, 2012 through [●], 201[4] | $2,000,000 |
| The Stated Maturity Date | The then outstanding amount of Loans |

(c)  The Borrower shall (subject to the next proviso), within five (5) Business Days receipt of any Net Casualty Proceeds or any Net Disposition Proceeds by the Borrower or any of its Subsidiaries, deliver to the Administrative Agent a calculation of the amount of such

proceeds, and, to the extent the aggregate amount of such proceeds received by the Borrower and its Subsidiaries exceeds $1,000,000 for any single transaction or a series of related transactions, the Borrower shall make a mandatory prepayment of the Loans in an amount equal to 100% of such Net Casualty Proceeds or Net Disposition Proceeds, as applicable; provided that upon written notice by the Borrower to the Administrative Agent not more than five (5) Business Days following receipt of any Net Casualty Proceeds or Net Disposition Proceeds, as applicable (so long as no Default has occurred and is continuing), such proceeds may be retained by the Borrower and its Subsidiaries (and may be excluded from the prepayment requirements of this clause) if (i) the Borrower informs the Administrative Agent in such notice of its good faith intention to apply (or cause one or more of the Subsidiary Guarantors to apply) such Net Casualty Proceeds or Net Disposition Proceeds, as applicable, to the acquisition of other assets or properties in the U.S. consistent with the businesses permitted to be conducted pursuant to Section 7.2.1 (including by way of merger or Investment), and (ii) within 365 days following the receipt of such Net Casualty Proceeds or such Net Disposition Proceeds, as applicable, such proceeds are applied or committed to such acquisition. The amount of such Net Casualty Proceeds or such Net Disposition Proceeds, as applicable, unused or uncommitted after such 365 day period (subject to the extension set forth above) shall be applied to prepay the Loans as set forth in Section 3.1.2.

(d) Within 120 days after the close of each Fiscal Year (beginning with the close of the 2011 Fiscal Year) the Borrower shall make a mandatory prepayment of the Loans in an amount equal to (i) 50% of Excess Cash Flow (if any) for such Fiscal Year, minus (ii) the aggregate amount of all optional prepayments of the Loans (without duplication) made since the beginning of such Fiscal Year through the date on which the prepayment of the Loans pursuant to this clause (d) is made (including any call premiums paid in cash upon repayment of such Indebtedness).

(e) The Borrower shall, within five (5) Business Days of receipt of any Net Debt Proceeds, by the Borrower or any of its Subsidiaries, make a mandatory prepayment of the Loans in an amount equal to 100% of the aggregate Net Debt Proceeds.

(f) Immediately upon any acceleration of the Stated Maturity Date of any Loans pursuant to Section 8.2 or Section 8.3, the Borrower shall repay all the Loans, unless, pursuant to Section 8.3, only a portion of all the Loans is so accelerated (in which case the portion so accelerated shall be so repaid).

Each prepayment of any Loans made pursuant to this Section shall be without premium or penalty, except as may be required by Section 4.4.

SECTION 3.1.2   Application.  Amounts prepaid pursuant to Section 3.1.1 shall be applied as set forth in this Section.

(a) Subject to clause (b), each prepayment or repayment of the principal of the Loans shall be applied, to the extent of such prepayment or repayment, first, to the principal amount thereof being maintained as Base Rate Loans, and second, subject to the terms of Section 4.4, to the principal amount thereof being maintained as LIBO Rate

Loans, in each case in a manner that minimizes the amount of any payments required to be made by the Borrower pursuant to Section 4.4.

(b) Each prepayment of the Loans made pursuant to clause (a) of Section 3.1.1 shall be applied to the remaining scheduled amortization payments as directed by the Borrower. Each prepayment of the Loans made pursuant to clauses (c), (d) and (e) of Section 3.1.1 shall be applied to the next four scheduled amortization payments on the Loans, with any excess applied pro rata to the remaining scheduled Loan amortization payments. Once all Loans have been repaid in full, proceeds of mandatory prepayments will be applied to repay outstanding Second Lien Loans until repaid in full (as set forth in the Second Lien Credit Agreement). Amounts in excess thereof shall be retained by the Borrower.

SECTION 3.2    Interest Provisions.  Interest on the outstanding principal amount of the Loans shall accrue and be payable in accordance with the terms set forth below.

SECTION 3.2.1    Rates.  Subject to Section 2.3, pursuant to an appropriately delivered Continuation/Conversion Notice, the Borrower may elect that the Loans accrue interest at a rate per annum:

(a)  on that portion maintained from time to time as a Base Rate Loan, equal to the sum of the Alternate Base Rate, from time to time in effect plus the Applicable Margin; and

(b)  on that portion maintained as a LIBO Rate Loan, during each Interest Period applicable thereto, equal to the sum of the LIBO Rate (Reserve Adjusted) for such Interest Period plus the Applicable Margin.

All LIBO Rate Loans shall bear interest from and including the first day of the applicable Interest Period to (but not including) the last day of such Interest Period at the interest rate determined as applicable to such LIBO Rate Loan.

SECTION 3.2.2    Post-Default Rates.  After the date any Event of Default has occurred and for so long as such Event of Default is continuing, the Borrower shall pay, but only to the extent permitted by law, interest (after as well as before judgment) on all outstanding Obligations at a rate per annum equal to (a) in the case of principal on any Loan, subject to applicable law, the rate of interest that otherwise would be applicable to such Loan plus 2% per annum; and (b) in the case of overdue interest, fees, and other monetary Obligations, the Base Rate from time to time in effect, plus the Applicable Margin for Loans accruing interest at the Base Rate, plus a margin of 2% per annum.

SECTION 3.2.3    Payment Dates.  Interest accrued on each Loan shall be payable, without duplication:

(a)  on the Stated Maturity Date therefor;

(b) except as set forth in <u>clause (c)</u> below, on the date of any payment or prepayment, in whole or in part, of principal outstanding on such Loan on the principal amount so paid or prepaid;

(c) with respect to Base Rate Loans, on each Quarterly Payment Date occurring after the Effective Date;

(d) with respect to LIBO Rate Loans, on the last day of each applicable Interest Period (and, if such Interest Period shall exceed three months, on the date occurring on each three-month interval occurring after the first day of such Interest Period);

(e) with respect to any Base Rate Loans converted into LIBO Rate Loans on a day when interest would not otherwise have been payable pursuant to <u>clause (c)</u>, on the date of such conversion; and

(f) on that portion of any Loans the Stated Maturity Date of which is accelerated pursuant to <u>Section 8.2</u> or <u>Section 8.3</u>, immediately upon such acceleration.

Interest accrued on Loans or other monetary Obligations after the date such amount is due and payable (whether on the Stated Maturity Date, upon acceleration or otherwise) shall be payable upon demand.

SECTION 3.3   <u>Fees</u>.  The Borrower agrees to pay the fees set forth below.  All such fees shall be non-refundable.

SECTION 3.3.1   <u>Administrative Agent's Fee</u>.  The Borrower agrees to pay to the Administrative Agent, for its own account, the fees and expenses (including documented, reasonable attorney's fees and expenses) in the amounts and on the dates set forth in the Fee Letter.

ARTICLE IV
CERTAIN LIBO RATE AND OTHER PROVISIONS

SECTION 4.1   <u>LIBO Rate Lending Unlawful</u>.  If any Lender shall determine (which determination shall, upon notice thereof to the Borrower and the Administrative Agent, be conclusive and binding on the Borrower) that the introduction of or any change in or in the interpretation of any law makes it unlawful, or any Governmental Authority asserts that it is unlawful, for such Lender to make or continue any Loan as, or to convert any Loan into, a LIBO Rate Loan, the obligations of such Lender to make, continue or convert any such LIBO Rate Loan shall, upon such determination, forthwith be suspended until such Lender shall notify the Administrative Agent that the circumstances causing such suspension no longer exist, and all outstanding LIBO Rate Loans payable to such Lender shall automatically convert into Base Rate Loans at the end of the then current Interest Periods with respect thereto or sooner, if required by such law or assertion.

SECTION 4.2   <u>Deposits Unavailable</u>.  If the Administrative Agent shall have determined that (a) Dollar deposits in the relevant amount and for the relevant Interest Period are not available to it in its relevant market; or (b) by reason of circumstances affecting it's relevant

market, adequate means do not exist for ascertaining the interest rate applicable hereunder to LIBO Rate Loans; then, upon notice from the Administrative Agent to the Borrower and the Lenders, the obligations of all Lenders under <u>Section 2.3</u> and <u>Section 2.4</u> to make or continue any Loans as, or to convert any Loans into, LIBO Rate Loans shall forthwith be suspended until the Administrative Agent shall notify the Borrower and the Lenders that the circumstances causing such suspension no longer exist.

SECTION 4.3   <u>Increased LIBO Rate Loan Costs, etc</u>.  The Borrower agrees to reimburse each Secured Party for any increase in the cost to such Secured Party of, or any reduction in the amount of any sum receivable by such Secured Party in respect of, such Secured Party's Loans hereunder (including the making, continuing or maintaining (or of its obligation to make or continue) any Loans as, or of converting (or of its obligation to convert) any Loans into, LIBO Rate Loans) that arise in connection with any change in, or the introduction, adoption, effectiveness, interpretation, reinterpretation or phase in after the Closing Date of, any law or regulation, directive, guideline, decision or request (whether or not having the force of law) of any Governmental Authority, except for such changes with respect to increased capital costs and Taxes (which are governed by <u>Sections 4.5</u> and <u>4.6</u>), respectively.  Each affected Secured Party shall promptly notify the Administrative Agent and the Borrower in writing of the occurrence of any such event, stating the reasons therefor and the additional amount required fully to compensate such Secured Party for such increased cost or reduced amount.  Such additional amounts shall be payable by the Borrower directly to such Secured Party within five days of its receipt of such notice, and such notice shall, in the absence of manifest error, be conclusive and binding on the Borrower.

SECTION 4.4   <u>Funding Losses</u>.  In the event any Lender shall incur any loss or expense (including any loss or expense incurred by reason of the liquidation or reemployment of deposits or other funds acquired by such Lender to make or continue any portion of the principal amount of any Loan as, or to convert any portion of the principal amount of any Loan into, a LIBO Rate Loan) as a result of

(a)  any conversion or repayment or prepayment of the principal amount of any LIBO Rate Loan on a date other than the scheduled last day of the Interest Period applicable thereto, whether pursuant to <u>Article III</u> or otherwise;

(b)  any Loans not being continued as, or converted into, LIBO Rate Loans in accordance with the Continuation/Conversion Notice therefor; or

(c)  any LIBO Rate Loans not being prepaid in accordance with any notice delivered pursuant to <u>clause (a)</u> of <u>Section 3.1.1</u> (as a result of a revocation of such notice or as a result of such payment not being made);

but in each case other than due to such Lender's failure to fulfill its obligations hereunder then, upon the written notice of such Lender to the Borrower, the Borrower shall, within ten days of its receipt thereof, pay directly to such Lender such amount as will (in the reasonable determination of such Lender) reimburse such Lender for such loss or expense.  Such written notice shall, in the absence of manifest error, be conclusive and binding on the Borrower.

SECTION 4.5  <u>Increased Capital Costs</u>.  If any change in, or the introduction, adoption, effectiveness, interpretation, reinterpretation or phase in of, any law or regulation, directive, guideline, decision or request (whether or not having the force of law) of any Governmental Authority affects or would affect the amount of capital required or expected to be maintained by any Secured Party or any Person controlling such Secured Party, and such Secured Party determines (in good faith but in its sole and absolute discretion) that the rate of return on its or such controlling Person's capital as a consequence of the Loans held by such Secured Party is reduced to a level below that which such Secured Party or such controlling Person could have achieved but for the occurrence of any such circumstance, then upon notice from time to time by such Secured Party to the Borrower, the Borrower shall within five days following receipt of such notice pay directly to such Secured Party additional amounts sufficient to compensate such Secured Party or such controlling Person for such reduction in rate of return.  A statement of such Secured Party as to any such additional amount or amounts shall, in the absence of manifest error, be conclusive and binding on the Borrower.  In determining such amount, such Secured Party may use any method of averaging and attribution that it (in its sole and absolute discretion) shall deem applicable.

SECTION 4.6  <u>Taxes</u>.  The Borrower covenants and agrees as follows with respect to Taxes.

(a)  Any and all payments by the Borrower and each other Obligor under each Loan Document shall be made without setoff, counterclaim or other defense, and free and clear of, and without deduction or withholding for or on account of, any Taxes except to the extent that deduction or withholding of such Taxes is required by applicable law.  In the event that any such Taxes are required by applicable law to be deducted or withheld from any payment required to be made to or on behalf of any Secured Party under any Loan Document, then:

(i)  subject to <u>clause (f)</u>, if such Taxes are Non-Excluded Taxes or Other Taxes, the Borrower and each Obligor shall increase the amount of such payment so that each Secured Party receives an amount equal to the amount it would have received had no such deduction or withholding been made; and

(ii)  the Borrower or the Administrative Agent (as applicable) shall withhold the full amount of such Taxes from such payment (as increased pursuant to <u>clause (a)(i)</u>) and shall pay such amount to the Governmental Authority imposing such Taxes in accordance with applicable law.

(b)  In addition, the Borrower shall pay all Other Taxes imposed to the relevant Governmental Authority imposing such Other Taxes in accordance with applicable law.

(c)  The Borrower shall furnish to the Administrative Agent, within 45 days of any such payment being due under applicable law, an official receipt (or a certified copy thereof) or other proof of payment satisfactory to the Administrative Agent, acting reasonably, evidencing the payment of such Taxes or Other Taxes.  The Administrative Agent shall make copies thereof available to any Lender upon request therefor.

(d)  Subject to <u>clause (f)</u>, the Borrower shall indemnify each Secured Party for any Non-Excluded Taxes and Other Taxes (including Non-Excluded Taxes and Other Taxes imposed or asserted on, or attributable to, amounts payable under this <u>Section 4.6</u>) paid by such Secured Party, whether or not such Non-Excluded Taxes or Other Taxes were correctly or legally asserted by the relevant Governmental Authority, provided that no Secured Party shall be entitled to receive any payment under this <u>clause (d)</u>, unless such Secured Party or the Administrative Agent provides a written request for such payment to the Borrower within six months of the due date for the payment of the Non-Excluded Taxes or Other Taxes for which indemnification is sought.  With respect to the indemnification provided in the immediately preceding sentence, such indemnification shall be made within 30 days after the date such Secured Party makes written demand therefor.

(e)  Each Lender making Loans to the Borrower, on or prior to the date on which such Lender becomes a Lender hereunder (and from time to time thereafter upon the request of the Borrower or the Administrative Agent, but only for so long as such Lender is legally entitled to do so), shall deliver to the Borrower and the Administrative Agent either (i) two duly completed copies of either (x) Internal Revenue Service Form W-8BEN or W-8IMY claiming eligibility of a Non-U.S. Lender for benefits of an income tax treaty to which the United States is a party or (y) Internal Revenue Service Form W-8ECI, or in either case an applicable successor form; (ii) in the case of a Non-U.S. Lender that is not legally entitled to deliver either form listed in <u>clause (e)(i)</u>, (x) a certificate to the effect that such Non-U.S. Lender is not (A) a "bank" within the meaning of Section 881(c)(3)(A) of the Code, (B) a "10 percent shareholder" of the Borrower within the meaning of Section 881(c)(3)(B) of the Code, or (C) a controlled foreign corporation receiving interest from a related person within the meaning of Section 881(c)(3)(C) of the Code (referred to as an "<u>Exemption Certificate</u>") and (y) two duly completed copies of Internal Revenue Service Form W-8BEN or W-8IMY or applicable successor form, or (iii) in the case of a Lender that is not a Non-U.S. Lender, two duly completed copies of Internal Revenue Service form W-9 or applicable successor form, and  (iv) in the case of any Lender, such documentation prescribed by applicable law or reasonably requested by the Borrower or the Administrative Agent as will permit payments by the Borrower and each other Obligor under any Loan Document to be made without withholding or at a reduced rate of withholding, or as is reasonably requested by the Borrower or the Administrative Agent to comply with FATCA.  The Administrative Agent shall deliver to the Borrower such IRS forms as are required to ensure that payments made to the Administrative Agent are not subject to withholding, but only for so long as the Administrative Agent is legally entitled to do so.  Each Lender agrees to promptly notify the Borrower and the Administrative Agent in writing of any change in circumstances which would modify or render invalid any claimed exemption or reduction.  In addition, each Lender shall timely deliver to the Borrower and the Administrative Agent two further copies of such Form W-8BEN, W-8IMY, W-8ECI or W-9 or successor forms on or before the date that any previously executed form expires or becomes obsolete, or after the occurrence of any event requiring a change in the most recent form delivered by such Person to the Borrower.

(f)  The Borrower shall not be obligated to pay any additional amounts to any Secured Party pursuant to <u>clause (a)(i)</u>, or to indemnify any Secured Party pursuant to <u>clause (d)</u>, in respect of United States federal withholding taxes to the extent imposed as a result of (i) the failure, inability or ineligibility of such Secured Party to deliver to the Borrower the form or forms and/or an Exemption Certificate, as applicable to such Secured Party, pursuant to <u>clause</u>

(e), (ii) such form or forms and/or Exemption Certificate not establishing a complete exemption from U.S. federal withholding tax or the information or certifications made therein by the Secured Party being untrue or inaccurate on the date delivered in any material respect, or (iii) the Secured Party designating a successor lending office at which it maintains its Loans which has the effect of causing such Secured Party to become obligated for tax payments in excess of those in effect immediately prior to such designation; provided that, the Borrower shall be obligated to pay additional amounts to any such Secured Party pursuant to clause (a)(i), and to indemnify any such Secured Party pursuant to clause (d), in respect of United States federal withholding taxes if (i) any such failure to deliver a form or forms or an Exemption Certificate or the failure of such form or forms or Exemption Certificate to establish a complete exemption from U.S. federal withholding tax resulted from a change in any applicable statute, treaty, regulation or other applicable law or any official interpretation of any of the foregoing occurring after the Closing Date (or in the case of an Assignee Lender, after the date of the assignment, except to the extent that the applicable assigning lender was entitled to receive additional amounts with respect to such payment), which change rendered such Secured Party no longer legally entitled to deliver such form or forms or Exemption Certificate or otherwise ineligible for a complete exemption from U.S. federal withholding tax, (ii) the redesignation of the Secured Party's lending office was made at the request of the Borrower or (iii) the obligation to pay any additional amounts to any such Secured Party pursuant to clause (a)(i) or to indemnify any such Secured Party pursuant to clause (d) is with respect to an Assignee Lender that becomes an Assignee Lender as a result of an assignment made at the request of the Borrower.

(g)  In the event that any Lender or the Administrative Agent determines in its sole discretion that it has received a refund or a credit in respect of Taxes or Other Taxes as to which it has been paid additional amounts by the Borrower pursuant to clause (a) or indemnified by the Borrower pursuant to clause (d) and such Lender or the Administrative Agent, as applicable, determines in its good faith judgment that such refund is attributable to such additional amounts or indemnification, then such Lender or Administrative Agent shall promptly notify the Administrative Agent and the Borrower, shall use reasonable efforts to apply for such refund or credit and shall within 30 Business Days of receipt of such refund or application of such credit remit to the Borrower an amount as such Lender or Administrative Agent reasonably determines to be the proportion of the refunded or credited amount as will leave it, after such remittance, in no better or worse position than it would have been if the Taxes or Other Taxes had not been imposed and the corresponding additional amounts or indemnification payment not been made. Neither the Lenders nor the Administrative Agent shall be obligated to disclose information regarding its tax affairs or computations to the Borrower in connection with this clause (g) or any other provision of this Section that such Lender or the Administrative Agent reasonably deems confidential.

Notwithstanding anything to the contrary herein, Section 4.6 shall not apply to any Rate Protection Agreements.

SECTION 4.7   Payments, Computations; Proceeds of Collateral, etc.  (a)  Unless otherwise expressly provided in a Loan Document, all payments by the Borrower pursuant to each Loan Document shall be made by the Borrower to the Administrative Agent for the pro rata account of the Secured Parties entitled to receive such payment.  All payments shall be made without setoff, deduction or counterclaim not later than 11:00 a.m. New York time on the date

due in same day or immediately available funds to such account as the Administrative Agent shall specify from time to time by notice to the Borrower.  Funds received after that time shall be deemed to have been received by the Administrative Agent on the next succeeding Business Day.  The Administrative Agent shall promptly remit in same day funds to each Secured Party its share, if any, of such payments received by the Administrative Agent for the account of such Secured Party.  All interest (including interest on LIBO Rate Loans) and fees shall be computed on the basis of the actual number of days (including the first day but excluding the last day) occurring during the period for which such interest or fee is payable over a year comprised of 360 days (or, in the case of interest on a Base Rate Loan (calculated at other than the Federal Funds Rate), 365 days or, if appropriate, 366 days).  Payments due on other than a Business Day shall (except as otherwise required by clause (b) of the proviso in the definition of "Interest Period") be made on the next succeeding Business Day and such extension of time shall be included in computing interest and fees in connection with that payment.

(b)  After the occurrence and during the continuance of an Event of Default, the Administrative Agent may, and upon written direction from the Required Lenders, shall, apply all amounts received under the Loan Documents (including from the proceeds of collateral securing the Obligations) or under applicable law shall be applied upon receipt to the Obligations as follows: (i) first, to the payment of all Obligations in respect of fees, expense reimbursements, indemnities and other amounts owing to the Administrative Agent, in its capacity as the Administrative Agent (including the fees and expenses of counsel to the Administrative Agent), (ii) second, after payment in full in cash of the amounts specified in clause (b)(i), to the ratable payment of all interest (including interest accruing (or which would accrue) after the commencement of a proceeding in bankruptcy, insolvency or similar law, whether or not permitted as a claim under such law) and fees owing under the Loan Documents, and all costs and expenses owing to the Secured Parties pursuant to the terms of the Loan Documents, until paid in full in cash, (iii) third, after payment in full in cash of the amounts specified in clauses (b)(i) and (b)(ii), to the ratable payment of the principal amount of the Loans then outstanding and the net credit exposure owing to Secured Parties under Rate Protection Agreements, if any, (iv) fourth, after payment in full in cash of the amounts specified in clauses (b)(i) through (b)(iii), to the ratable payment of all other Obligations owing to the Secured Parties, and (v) fifth, after payment in full in cash of the amounts specified in clauses (b)(i) through (b)(iv), and following the Termination Date, to each applicable Obligor or any other Person lawfully entitled to receive such surplus.  For purposes of clause (b)(iii), the "net credit exposure" at any time of any Secured Party with respect to a Rate Protection Agreement to which such Secured Party is a party shall be determined by such Secured Party (and such Secured Party shall notify the Administrative Agent in writing) at such time in accordance with the customary methods of calculating net credit exposure under similar arrangements by the counterparty to such arrangements, taking into account potential interest rate (or, if applicable, currency) movements and the respective termination provisions and notional principal amount and term of such Rate Protection Agreement.

SECTION 4.8  Sharing of Payments.  If any Secured Party shall obtain any payment or other recovery (whether voluntary, involuntary, by application of setoff or otherwise) on account of any Loan (other than pursuant to the terms of Sections 4.3, 4.4, 4.5 or 4.6) in excess of its pro rata share of payments obtained by all Secured Parties, such Secured Party shall purchase for cash at face value from the other Secured Parties such participations in Loans held by them as

shall be necessary to cause such purchasing Secured Party to share the excess payment or other recovery ratably (to the extent such other Secured Parties were entitled to receive a portion of such payment or recovery) with each of them; provided that, if all or any portion of the excess payment or other recovery is thereafter recovered from such purchasing Secured Party, the purchase shall be rescinded and each Secured Party which has sold a participation to the purchasing Secured Party shall repay to the purchasing Secured Party the purchase price to the ratable extent of such recovery together with an amount equal to such selling Secured Party's ratable share (according to the proportion of (a) the amount of such selling Secured Party's required repayment to the purchasing Secured Party to (b) total amount so recovered from the purchasing Secured Party) of any interest or other amount paid or payable by the purchasing Secured Party in respect of the total amount so recovered. The Borrower agrees that any Secured Party purchasing a participation from another Secured Party pursuant to this Section may, to the fullest extent permitted by law, exercise all its rights of payment (including pursuant to Section 4.9) with respect to such participation as fully as if such Secured Party were the direct creditor of the Borrower in the amount of such participation. If under any applicable bankruptcy, insolvency or other similar law any Secured Party receives a secured claim in lieu of a setoff to which this Section applies, such Secured Party shall, to the extent practicable, exercise its rights in respect of such secured claim in a manner consistent with the rights of the Secured Parties entitled under this Section to share in the benefits of any recovery on such secured claim.

SECTION 4.9    Setoff.  Each Secured Party shall, upon the occurrence and during the continuance of any Event of Default described in clauses (b) through (d) of Section 8.1.7 or, with the consent of the Required Lenders, upon the occurrence and during the continuance of any other Event of Default, have the right to appropriate and apply to the payment of the Obligations owing to it (whether or not then due), and (as security for such Obligations) the Borrower hereby grants to each Secured Party a continuing security interest in, any and all balances, credits, deposits, accounts or moneys of the Borrower then or thereafter maintained with such Secured Party; provided that, any such appropriation and application shall be subject to the provisions of Section 4.8.  Each Secured Party agrees promptly to notify the Borrower and the Administrative Agent in writing after any such appropriation and application made by such Secured Party; provided that, the failure to give such notice shall not affect the validity of such setoff and application.  The rights of each Secured Party under this Section are in addition to other rights and remedies (including other rights of setoff under applicable law or otherwise) which such Secured Party may have.

SECTION 4.10    Replacement of Lenders.  If any Lender (an "Affected Lender") (a) fails to consent to an election, consent, amendment, waiver or other modification to this Agreement or other Loan Document that requires the consent of a greater percentage of the Lenders than the Required Lenders and such election, consent, amendment, waiver or other modification is otherwise consented to by the Required Lenders or (b) makes a demand upon the Borrower for (or if the Borrower is otherwise required to pay) amounts pursuant to Section 4.3, 4.5 or 4.6 (and the payment of such amounts is, and is likely to continue to be, materially more onerous in the reasonable judgment of the Borrower than with respect to the other Lenders) or gives notice pursuant to Section 4.1 requiring a conversion of such Affected Lender's LIBO Rate Loans to Base Rate Loans or suspending such Lender's obligation to hold Loans as, or to convert Loans into, LIBO Rate Loans, the Borrower may, within 30 days of receipt by the Borrower of such demand or notice, as the case may be, give notice (a "Replacement Notice") in writing to

the Administrative Agent and such Affected Lender of its intention to cause such Affected Lender to sell all or any portion of its Loans and/or Notes to an Eligible Assignee (a "Replacement Lender") designated in such Replacement Notice; provided, however, that no Replacement Notice may be given by the Borrower if (i) such replacement conflicts with any applicable law or regulation, (ii) any Event of Default shall have occurred and be continuing at the time of such replacement or (iii) prior to any such replacement, such Lender shall have taken any necessary action under Section 4.5 or 4.6 (if applicable) which shall have eliminated the continued need for payment of amounts owing pursuant to Section 4.5 or 4.6.  Within 30 days of its receipt of such Replacement Notice, the Affected Lender shall, subject to the payment of any amounts due pursuant to Section 4.4, assign, in accordance with Section 10.11, the portion of its Loans, Notes (if any), and other rights and obligations under this Agreement and all other Loan Documents designated in the replacement notice to such Replacement Lender; provided, however, that (i) such assignment shall be without recourse, representation or warranty and shall be on terms and conditions reasonably satisfactory to such Affected Lender and such Replacement Lender, (ii) the purchase price paid by such Replacement Lender shall be in the amount of such Affected Lender's Loans designated in the Replacement Notice, together with all accrued and unpaid interest and fees in respect thereof, plus all other amounts (including the amounts demanded and unreimbursed under Sections 4.3, 4.5 and 4.6) and including any call premiums, owing to such Affected Lender hereunder and (iii) the Borrower shall pay to the Affected Lender and the Administrative Agent all reasonable out-of-pocket expenses incurred by the Affected Lender and the Administrative Agent in connection with such assignment and assumption (including the processing fees described in Section 10.11).  Upon the effective date of an assignment described above, the Replacement Lender shall become a "Lender" for all purposes under the Loan Documents. Each assignment pursuant to this Section 4.10 shall be effective upon the satisfaction of the conditions specified in this Section 4.10 without further action on the part of the applicable Affected Lender.

SECTION 4.11  Change in Lending Office.  If any Lender makes a demand upon the Borrower for (or if the Borrower is otherwise required to pay) amounts pursuant to Section 4.3, 4.5 or 4.6, or gives notice pursuant to Section 4.1 requiring a conversion of such Lender's LIBO Rate Loans to Base Rate Loans or suspending such Lender's obligation to hold Loans as, or to convert Loans into, LIBO Rate Loans, then such Lender shall use reasonable efforts to designate a different lending office with respect to its rights and obligations hereunder or to assign its rights and obligations hereunder to another of its offices, branches or Affiliates, if, in the judgment of such Lender, such designation or assignment (a) would eliminate the need for such notice or reduce amounts payable or to be withheld in the future, as applicable; and (b) in each case, would not subject such Lender to any unreimbursed cost or expense and would not otherwise be materially disadvantageous to such Lender.  The affected Lender shall pay all reasonable costs and expenses incurred by any Lender in connection with any such designation or assignment.

ARTICLE V
CONDITIONS TO EXCHANGE OF LOANS

The obligations of the Lenders pursuant to the Exchange of Loans shall be subject to the prior or concurrent satisfaction (or waiver in accordance with Section 10.1; provided that the

conditions in <u>Sections 5.2</u> and <u>5.3</u> may not be waived) of each of the conditions precedent set forth in this Article.

SECTION 5.1  <u>Resolutions, etc.</u>  The Administrative Agent shall have received from each Obligor, as applicable, (i) a copy of a good standing certificate, dated a date reasonably close to the Closing Date, for each such Person and (ii) a certificate, dated as of the Closing Date, duly executed and delivered by such Person's Secretary or Assistant Secretary, managing member or general partner, as applicable, as to

(a)  resolutions of each such Person's Board of Directors (or other managing body, in the case of other than a corporation) then in full force and effect authorizing, to the extent relevant, all aspects of the Transactions applicable to such Person and the execution, delivery and performance of each Loan Document to be executed by such Person and the transactions contemplated hereby and thereby;

(b)  the incumbency and signatures of those of its officers, managing member or general partner, as applicable, authorized to act with respect to each Loan Document to be executed by such Person; and

(c)  the full force and validity of each Organic Document of such Person and copies thereof;

upon which certificates each Secured Party may conclusively rely until it shall have received a further certificate of the Secretary, Assistant Secretary, managing member or general partner, as applicable, of any such Person canceling or amending the prior certificate of such Person.

SECTION 5.2  <u>Entry of Confirmation Order and Consummation of Transactions</u>.  The Administrative Agent shall have received a certificate of an Authorized Officer of the Borrower to the effect that:

(a)  No amendment or other modification of or to the Plan shall be filed or proposed since the date the Confirmation Order was originally entered which contains modifications materially adverse to the Administrative Agent.

(b)  The Bankruptcy Court shall have entered the Confirmation Order.

(c)  Concurrently with the closing of the credit facility provided hereby, the Plan (including the transfer of substantially all assets of the Bankruptcy Debtors pursuant to the Asset Purchase Agreement) shall have been substantially consummated (as defined in Section 1101 of the Bankruptcy Code) in accordance in all material respects with the terms of the Plan and the Confirmation Order.

SECTION 5.3  <u>Delivery of Notes</u>.  The Administrative Agent shall have received, for the account of each Lender that has requested a Note, such Lender's Note(s) duly executed and delivered by an Authorized Officer of the Borrower.

SECTION 5.4    Guarantees.  The Administrative Agent shall have received each Guaranty, dated as of the Closing Date, duly executed and delivered by an Authorized Officer of the Parent and each U.S. Subsidiary, as applicable.

SECTION 5.5    Security Agreements.  The Administrative Agent shall have received executed counterparts of the Security Agreement, each dated as of the Closing Date, duly executed and delivered by the Parent, the Borrower and each U.S. Subsidiary (if any), together with:

(a)  certificates (in the case of Capital Securities that are securities (as defined in the UCC)) evidencing all of the issued and outstanding capital Securities owned by each Obligor in its U.S. Subsidiaries and 65% (or, if less, such lesser amount owned by such Obligor) of the issued and outstanding Voting Securities of each Foreign Subsidiary (together with all the issued and outstanding non-voting Capital Securities of such Foreign Subsidiary) directly owned by each Obligor, which certificates in each case shall be accompanied by undated instruments of transfer duly executed in blank, or, if any Capital Securities (in the case of Capital Securities that are uncertificated securities (as defined in the UCC)), confirmation and evidence satisfactory to the Administrative Agent that the security interest therein has been transferred to and perfected by the Administrative Agent for the benefit of the Secured Parties in accordance with Articles 8 and 9 of the UCC and all laws otherwise applicable to the perfection of the pledge of such Capital Securities;

(b)  Filing Statements suitable in form for naming the Parent, the Borrower and each Subsidiary Guarantor as a debtor and the Administrative Agent as the secured party, or other similar instruments or documents to be filed under the UCC of all jurisdictions as may be necessary or as the Required Lenders may require to perfect the security interests of the Administrative Agent pursuant to such Security Agreement;

(c)  UCC Form UCC-3 termination statements, if any, necessary to release all Liens and other rights of any Person (i)  in any collateral described in any Security Agreement previously granted by any Person, and (ii) securing any of the Indebtedness identified in Item 5.5(c) of the Disclosure Schedule, together with such other UCC Form UCC-3 termination statements as the Required Lenders may reasonably request from such Obligors; and

(d)  certified copies of UCC Requests for Information or Copies (Form UCC-11), or a similar search report certified by a party acceptable to the Required Lenders, dated a date reasonably near to the Closing Date, listing all effective financing statements which name any Obligor (under its present name and any previous names) as the debtor, together with copies of such financing statements (none of which shall, except with respect to Liens permitted by Section 7.2.3.), evidence a Lien on any collateral described in any Loan Document).

SECTION 5.6    Intellectual Property Security Agreements.  The Administrative Agent shall have received a Patent Security Agreement, a Copyright Security Agreement and a Trademark Security Agreement, as applicable, each dated as of the Closing Date, duly executed

and delivered by each Obligor that, pursuant to a Security Agreement, is required to provide such intellectual property security agreements to the Administrative Agent.

SECTION 5.7  Filing Agent, etc.  All Uniform Commercial Code financing statements or other similar financing statements and Uniform Commercial Code (Form UCC-3) termination statements required pursuant to the Loan Documents (collectively, the "Filing Statements"), shall have been delivered to CT Corporation System or another similar filing service company acceptable to the Required Lenders (the "Filing Agent").  The Filing Agent shall have acknowledged in a writing satisfactory to the Required Lenders (i) the Filing Agent's receipt of all Filing Statements, (ii) that the Filing Statements have either been submitted for filing in the appropriate filing offices or will be submitted for filing in the appropriate offices within ten days following the Closing Date and (iii) that the Filing Agent will notify the Administrative Agent and its counsel of the results of such submissions within 30 days following the Closing Date.

SECTION 5.8  Intercreditor Agreement.  The Administrative Agent shall have received the Intercreditor Agreement, dated as of the Closing Date, duly executed and delivered by the Administrative Agent, the administrative agent under the Second Lien Credit Agreement and the Borrower.

SECTION 5.9  Patriot Act Disclosures.  The Administrative Agent and each Lender shall have received all Patriot Act Disclosures requested by them prior to execution of this Agreement.

SECTION 5.10  Compliance with Warranties, No Default, etc.  The Administrative Agent shall have received a certificate of an Authorized Officer of the Borrower to the effect that, both before and after giving effect to the Exchange of Loans:

(a)  the representations and warranties set forth in each Loan Document shall, in each case, be true and correct in all material respects with the same effect as if then made (unless stated to relate solely to an earlier date, in which case such representations and warranties shall be true and correct in all material respects as of such earlier date); and

(b)  no Default shall have then occurred and be continuing.

ARTICLE VI
REPRESENTATIONS AND WARRANTIES

In order to induce the Secured Parties to enter into this Agreement the Borrower represents and warrants to each Secured Party on the Closing Date as set forth in this Article.

SECTION 6.1  Organization, etc.  Each Obligor is validly organized and existing and in good standing under the laws of the state or jurisdiction of its incorporation or organization, is duly qualified to do business and is in good standing as a foreign entity in each jurisdiction where the nature of its business requires such qualification, except for such jurisdictions where the failure to so qualify could not reasonably be expected to have a Material Adverse Effect, and has full power and authority and holds all requisite governmental licenses, permits and other approvals to enter into and perform its Obligations under each Loan Document to which it is a party, to own and hold under lease its property and to conduct its business substantially as

currently conducted by it, except for those licenses, permits or other approvals, the absence of which could not reasonably be expected to have a Material Adverse Effect.

SECTION 6.2  Due Authorization, Non-Contravention, Defaults etc.  The execution, delivery and performance by each Obligor of each Loan Document executed or to be executed by it, each Obligor's participation in the consummation of all aspects of the Transactions, and the execution, delivery and performance by the Borrower or (if applicable) any Obligor of the agreements executed and delivered by it in connection with the Transactions are in each case within such Person's powers, have been duly authorized by all necessary action, and do not

(a)  contravene any (i) Obligor's Organic Documents, (ii) court decree or order binding on or affecting any Obligor or (iii) law or governmental regulation binding on or affecting any Obligor; or

(b)  result in (i) or require the creation or imposition of, any Lien on any Obligor's properties (except as permitted by this Agreement),(ii) a default under any material contractual restriction binding on or affecting any Obligor or (iii) any noncompliance, suspension, impairment, forfeiture or nonrenewal of any material license, permit or other governmental approval.

No Obligor is in default under any agreement, instrument or undertaking to which it is a party or by which it or any of its property is bound which could reasonably be expected to have a Material Adverse Effect.  No Obligor is a party to any agreement or instrument or subject to any other obligation or any charter or corporate restriction or any provision of any applicable law, rule or regulation which, individually or in the aggregate, could reasonably be expected to have a Material Adverse Effect.

SECTION 6.3  Government Approval, Regulation, etc.  No authorization or approval or other action by, and no notice to or filing with, any Governmental Authority or other Person (other than those that have been, or on the Effective Date will be, duly obtained or made and which are, or on the Effective Date will be, in full force and effect) is required for the consummation of the Transactions or the due execution, delivery or performance by any Obligor of any Loan Document to which it is a party, or for the due execution, delivery and/or performance of Transaction Documents, in each case by the parties thereto or the consummation of the Transactions, other than pursuant to the Plan.  Neither the Borrower nor any of its Subsidiaries is an "investment company" within the meaning of the Investment Company Act of 1940, as amended, or a "holding company", or a "subsidiary company" of a "holding company", or an "affiliate" of a "holding company" or of a "subsidiary company" of a "holding company", within the meaning of the Public Utility Holding Company Act of 1935, as amended.

SECTION 6.4  Validity, etc.  Each Loan Document and each Transaction Document to which any Obligor is a party constitutes the legal, valid and binding obligations of such Obligor, enforceable against such Obligor in accordance with their respective terms (except, in any case, as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization or similar laws affecting creditors' rights generally and by principles of equity).

SECTION 6.5    Financial Information.  All balance sheets, all statements of income and of cash flow and all other financial information of each of the Borrower and its Subsidiaries furnished pursuant to Section 7.1.1 have been and will for periods following the Effective Date be prepared in accordance with GAAP, and do or will present fairly the consolidated financial condition of the Persons covered thereby as at the dates thereof and the results of their operations for the periods then ended.

SECTION 6.6    Litigation, Labor Controversies, etc.  There is no pending or, to the actual knowledge of the Borrower or any of its Subsidiaries, threatened litigation, action, proceeding, investigation or labor controversy

(a)  other than the Bankruptcy Cases and the related proceedings under Chapter 11 of the Bankruptcy Code;

(b)  except as disclosed in Item 6.6 of the Disclosure Schedule, affecting the Borrower, any of its Subsidiaries or any other Obligor, or any of their respective properties, businesses, assets or revenues, which could reasonably be expected to have a Material Adverse Effect; or

(c)  which purports to affect the legality, validity or enforceability of any Loan Document, the Transaction Documents or the Transactions.

SECTION 6.7    Subsidiaries.  The Borrower has no Subsidiaries, except those Subsidiaries which are identified in Item 6.7 of the Disclosure Schedule, or which are permitted to have been organized or acquired in accordance with Sections 7.2.5 or 7.2.9.

SECTION 6.8    Ownership of Properties.  The Borrower and each of its Subsidiaries owns (i) in the case of owned real property, good and marketable fee title to, and (ii) in the case of owned personal property, good and valid title to, or, in the case of leased real or personal property, valid and enforceable leasehold interests (as the case may be) in, all of its material properties and assets, tangible and intangible, of any nature whatsoever, free and clear in each case of all Liens or claims, except for Liens permitted pursuant to Section 7.2.3 and all matters reflected in the title insurance policies delivered pursuant to clause (b) of Section 7.1.11.

SECTION 6.9    Taxes.  The Borrower and each of its Subsidiaries has filed all tax returns and reports required by law to have been filed by it and has paid all Taxes thereby shown to be due and owing, (except any such Taxes which are being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP shall have been set aside on its books) and has paid all Taxes shown to be due on any assessment received to the extent that such Taxes have become due and payable, except where the failure to file any such returns or reports or to pay any such Taxes would not give rise to a Material Adverse Effect.

SECTION 6.10  Employee Benefit Plans

(a)    Except as could not reasonably be expected to have a Material Adverse Effect: (i) the Borrower and each member of its Controlled Group is in compliance with all applicable provisions of ERISA, the Code and the regulations and published interpretations thereunder with

respect to all Employee Benefit Plans except for any required amendments for which the remedial amendment period as defined in Section 401(b) of the Code has not yet expired; (ii) each Employee Benefit Plan that is intended to be qualified under Section 401(a) of the Code has been determined by the Internal Revenue Service to be so qualified, and each trust related to such plan has been determined to be exempt under Section 501(a) of the Code except for such plans that have not yet received determination letters but for which the remedial amendment period for submitting a determination letter has not yet expired; and (iii) there are no pending or, to the actual knowledge of the Borrower, threatened claims, actions or lawsuits, or action by any Governmental Authority.

(b)     Neither the Borrower nor any member of its Controlled Group sponsors or contributes to any Pension Plan, nor do any of them have any liability, contingent or otherwise, with respect to any Pension Plan (for the avoidance of doubt, other than payments pursuant to the PBGC Settlement).

(c)     Neither the Borrower nor any member of its Controlled Group sponsors, maintains, contributes to or has any liability, contingent or otherwise, with respect to any plan, fund or other similar program, arrangement or agreement established or maintained outside of the United States primarily for the benefit of employees of the Borrower or any such Controlled Group member residing outside the United States (for the avoidance of doubt, other than payments pursuant to the PBGC Settlement).

SECTION 6.11  Environmental Warranties.  Except as set forth in Item 6.11 of the Disclosure Schedule and except as would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect:

(a)  all facilities and property owned, operated or leased by the Borrower or any of its Subsidiaries are owned, operated or leased by the Borrower and its Subsidiaries in material compliance with all Environmental Laws and have been for the past three years;

(b)  there are no pending or, to the Borrower's actual knowledge, threatened (i) written claims, complaints, notices or governmental requests for information received by the Borrower or any of its Subsidiaries with respect to any alleged material violation of any Environmental Law, or (ii) written complaints, notices or inquiries to the Borrower or any of its Subsidiaries regarding material potential liability of the Borrower or any of its Subsidiaries under any Environmental Law;

(c)  there have been no Releases of Hazardous Materials at, on or under any property now or previously owned, operated, or leased by the Borrower or any of its Subsidiaries that to the Borrower's actual knowledge, would require investigation or remediation under any applicable Environmental Law;

(d)  the Borrower and its Subsidiaries have been issued and are in material compliance with all permits, certificates, approvals, licenses, registrations and other authorizations required under any applicable Environmental Law;

(e)  to the actual knowledge of the Borrower, no property currently or previously owned, operated or leased by the Borrower or any of its Subsidiaries is listed, or

proposed for listing on the National Priorities List pursuant to CERCLA, on the CERCLIS or on any similar foreign, federal, state or provincial list of sites requiring investigation or clean-up under Environmental Laws; and

(f) there is no friable asbestos present at any property now owned or leased by the Borrower or any of its Subsidiaries that requires abatement or removal under any applicable Environmental Law.

SECTION 6.12    Regulations U and X.  No Obligor is engaged in the business of extending credit for the purpose of buying or carrying margin stock, and no proceeds of any Loans will be used to purchase or carry margin stock or otherwise for a purpose which violates, or would be inconsistent with, F.R.S. Board Regulation U or Regulation X.  Terms for which meanings are provided in F.R.S. Board Regulation U or Regulation X or any regulations substituted therefor, as from time to time in effect, are used in this Section with such meanings.

SECTION 6.13    Labor Matters.  Except as set forth on Item 6.13 of the Disclosure Schedule, as of the date hereof no Obligor is subject to any labor or collective bargaining agreement.  Except as set forth on Item 6.13 of the Disclosure Schedule, there are no existing or threatened strikes, lockouts or other labor disputes involving any Obligor that singly or in the aggregate could reasonably be expected to have a Material Adverse Effect.  Hours worked by and payments made to employees of each Obligor are not in violation of the Fair Labor Standards Act or any other applicable law, rule or regulation dealing with such matters where such violation could reasonably be expected to have a Material Adverse Effect.

SECTION 6.14    Compliance with Laws.  Each Obligor is in compliance in all material respects with the requirements of all applicable laws and all orders, writs, injunctions and decrees applicable to it or to its properties (except for Environmental Laws which are the subject of Section 6.11), except in such instances in which the failure to comply therewith, either individually or in the aggregate, would not reasonably be expected to have a Material Adverse Effect.

SECTION 6.15    Deposit Account and Cash Management Accounts.  Set forth on Item 6.15(a) of the Disclosure Schedule is a complete and accurate list of all Deposit Accounts of the Borrower and each Subsidiary and set forth on Item 6.15(b) of the Disclosure Schedule is a complete and accurate list of all Securities Accounts (as defined in the UCC) of the Borrower and each Subsidiary, if any as updated in accordance with Section 7.1.8.

SECTION 6.16    Insurance.  The Borrower and each of its Subsidiaries keeps its property adequately insured and maintains (a) insurance to such extent and against such risks, including fire, as is customary with companies of similar size and in the same or similar businesses, (b) workmen's compensation insurance in the amount required by applicable law, (c) public liability insurance, which shall include product liability insurance, in the amount customary with companies of similar size and in the same or similar business against claims for personal injury or death on properties owned, occupied or controlled by it, and (d) such other insurance as may be required by law.

SECTION 6.17  Material Contracts.  Except as could not be reasonably expected to result in a Material Adverse Effect, each of the Borrower's and its Subsidiaries' material contracts (a) are in full force and effect and are binding upon and enforceable against each Obligor that is a party thereto and, to the best actual knowledge of the Borrower and its Subsidiaries, all other parties thereto in accordance with its terms, and (b) is not in default due to the action of such Obligor.

ARTICLE VII
COVENANTS

SECTION 7.1  Affirmative Covenants.  The Borrower agrees with each Lender and the Administrative Agent that on or after the Closing Date until the Termination Date has occurred, the Borrower will, and will cause its Subsidiaries to, perform or cause to be performed the obligations set forth below.

SECTION 7.1.1  Financial Information, Reports, Notices, etc.  The Borrower will furnish the Administrative Agent, who will distribute to each Lender, copies of the following financial statements, reports, notices and information:

(a)  as soon as available and in any event within 45 days after the end of each of the first three Fiscal Quarters of each Fiscal Year (commencing with the second Fiscal Quarter of the 2011 Fiscal Year), an unaudited consolidated balance sheet of the Parent and its Subsidiaries as of the end of such Fiscal Quarter and consolidated statements of income and cash flow of the Parent and its Subsidiaries for such Fiscal Quarter and for the period commencing at the end of the previous Fiscal Year and ending with the end of such Fiscal Quarter, and including (in each case, except in the case of the second Fiscal Quarter of the 2011 Fiscal Year), in comparative form the figures for the corresponding Fiscal Quarter in, and year to date portion of, the immediately preceding Fiscal Year, in each case, certified as complete and correct by the chief financial or accounting officer of the Borrower (subject to normal year-end audit adjustments);

(b)  as soon as available and in any event within 120 days after the end of each Fiscal Year (commencing with the 2011 Fiscal Year), a copy of the consolidated balance sheet of the Parent and its Subsidiaries, and the related consolidated statements of income and cash flow of the Parent and its Subsidiaries for such Fiscal Year, setting forth in comparative form the figures for the immediately preceding Fiscal Year, audited by independent public accountants; provided that for the 2011 Fiscal Year, such consolidated balance sheet and related consolidated statements of income and cash flow shall cover the period commencing on a date selected by the Borrower in its reasonable discretion and terminating on December 31, 2011 and shall not need to include comparative statements;

(c)  concurrently with the delivery of the financial information pursuant to clauses (a) and (b), a Compliance Certificate, executed by the chief financial or accounting officer of the Borrower, (i) showing compliance with the financial covenants set forth in Section 7.2.4 and stating that no Default has occurred and is continuing (or, if a Default has occurred, specifying the details of such Default and the action that the

Borrower or an Obligor has taken or proposes to take with respect thereto), (ii) stating that no Subsidiary has been formed or acquired since the delivery of the last Compliance Certificate (or, if a Subsidiary has been formed or acquired since the delivery of the last Compliance Certificate, a statement that such Subsidiary has complied with Section 7.1.7) and (iii) in the case of a Compliance Certificate delivered concurrently with the financial information pursuant to clause (b), a calculation of Excess Cash Flow;

(d)  as soon as practicable and in any event within 45 days after the commencement of each Fiscal Year beginning with the 2012 Fiscal Year, a business plan and financial projections for the Borrower and its Subsidiaries (on a consolidated basis) for such Fiscal Year (including an operating budget and cash flow budget) for the Borrower and its Subsidiaries (on a consolidated basis) accompanied by a certificate of an Authorized Officer of the Borrower to the effect that (a) such projections were prepared by the Borrower in good faith, (b) the Borrower has a reasonable basis for the assumptions contained in such projections and (c) such projections have been prepared in accordance with such assumptions;

(e)  as soon as possible and in any event within 10 days after any executive officer of the Borrower or any other Obligor obtains actual knowledge of the occurrence of an Event of Default, a statement of an Authorized Officer of the Borrower setting forth details of such Event of Default and the action which the Borrower or such Obligor has taken and proposes to take with respect thereto;

(f)  as soon as possible and in any event within 10 days after any executive officer of the Borrower or any other Obligor obtains actual knowledge of (i) the occurrence of any material adverse development with respect to any litigation, action, proceeding or labor controversy described in Item 6.6 of the Disclosure Schedule or (ii) the commencement of any litigation, action, proceeding or labor controversy of the type and materiality described in Section 6.6, notice thereof and, to the extent the Administrative Agent reasonably requests, copies of all documentation relating thereto;

(g)  promptly after the sending or filing thereof, copies of all reports, notices, prospectuses and registration statements which any Obligor files with the SEC, or any national securities exchange;

(h)  promptly following the mailing or receipt of any material notice or report delivered under the terms of the Second Lien Credit Agreement, copies of such notice or report;

(i)  promptly (i) if any executive officer of the Borrower obtains actual knowledge that the Borrower or any Person which owns, directly or indirectly, any Capital Securities of the Borrower, or any other holder at any time of any direct or indirect equitable, legal or beneficial interest therein is the subject of any of the Terrorism Laws, the Borrower will notify the Administrative Agent in writing and (ii) upon the request of any Lender, the Borrower will provide any information such Lender believes is reasonably necessary to be delivered to comply with the Patriot Act; and

(j)  such other financial and other information as the Lenders holding at least 10.0% of the aggregate amount of outstanding Loans may from time to time reasonably request through the Administrative Agent (including information and reports in such detail as such Lenders may reasonably request with respect to the terms of and information provided pursuant to the Compliance Certificate).

SECTION 7.1.2    Maintenance of Existence; Compliance with Contracts, Laws, etc.  The Borrower will, and will cause each of its Subsidiaries to, preserve and maintain its and their respective legal existence (except as otherwise permitted by Section 7.2.10) and comply in all material respects with all applicable material laws, rules, regulations and orders, including the payment (before the same become delinquent), of all Taxes, imposed upon the Borrower or its Subsidiaries or upon their property except to the extent being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP have been set aside on the books of the Borrower or its Subsidiaries, as applicable.

SECTION 7.1.3    Maintenance of Properties.  The Borrower will, and will cause each of its Subsidiaries to, maintain, preserve, protect and keep its and their respective properties in good repair, working order and condition (ordinary wear and tear excepted), and make necessary material repairs, renewals and replacements so that the business carried on by the Borrower and its Subsidiaries may be properly conducted at all times, unless the Borrower or such Subsidiary determines in good faith that the continued maintenance of such property is no longer economically desirable, necessary or useful to the business of the Borrower or any of its Subsidiaries or the Disposition of such property is otherwise permitted by Sections 7.2.9 or 7.2.10.

SECTION 7.1.4    Insurance.  The Borrower will, and will cause each of its Subsidiaries to maintain:

(a)  insurance on its property with financially sound and reputable insurance companies against loss and damage in at least the amounts (and with only those deductibles) customarily maintained, and against such risks as are typically insured against in the same general area, by Persons of comparable size engaged in the same or similar business as the Borrower and its Subsidiaries; and

(b)  all worker's compensation, employer's liability insurance or similar insurance as may be required under the material laws of any state or jurisdiction in which it may be engaged in business.

Without limiting the foregoing, all insurance policies required pursuant to this Section shall (i) name the Administrative Agent on behalf of the Secured Parties as mortgagee or loss payee (in the case of property insurance) or additional insured (in the case of liability insurance), as applicable, and provide that no cancellation of the policies will be made without thirty days' prior written notice to the Administrative Agent and (ii) be in addition to any requirements to maintain specific types of insurance contained in the other Loan Documents.

SECTION 7.1.5    Books and Records.  The Borrower will, and will cause each of its Subsidiaries to, keep books and records in accordance with GAAP which accurately reflect all

of its business affairs and transactions and permit each Secured Party or any of their respective representatives, at reasonable times and intervals upon reasonable notice to the Borrower, to visit each Obligor's offices, to discuss such Obligor's financial matters with its officers and employees and to examine (and photocopy extracts from) any of its books and records.

SECTION 7.1.6  Environmental Law Covenant.  The Borrower will, and will cause each of its Subsidiaries to,

(a)  use and operate all of its and their facilities and properties in compliance with all Environmental Laws, maintain all necessary permits, approvals, certificates, licenses and other authorizations required under applicable Environmental Laws in effect and remain in material compliance therewith, and handle all Hazardous Materials in material compliance with all applicable Environmental Laws, in each case, except for such non-compliance or failure to maintain that would not reasonably be expected to result in a Material Adverse Effect; and

(b)  reasonably promptly notify the Administrative Agent in writing and provide copies upon receipt of all written claims, complaints, notices or inquiries relating to the condition of its owned, operated and leased facilities and properties in respect as of, or as to compliance with, Environmental Laws that would reasonably be expected to result in a Material Adverse Effect, and shall promptly resolve any non-compliance with Environmental Laws and keep its owned property free of any Lien imposed by any Environmental Law, except for such Lien that is being contested in good faith and by proper proceedings and for which appropriate reserves consistent with same are being maintained.

SECTION 7.1.7  Future Guarantors, Security, etc.  The Borrower will, and will cause each of its U.S. Subsidiaries to, execute any documents, Filing Statements, agreements and instruments, and take all further action (including filing Mortgages) that may be required under applicable law, or that the Administrative Agent (acting at the written direction of the Required Lenders) may reasonably request, in order to effectuate the transactions contemplated by the Loan Documents and in order to grant, preserve, protect and perfect the validity and first priority (subject to Liens permitted by Section 7.2.3) of the Liens created or intended to be created by the Loan Documents.  The Borrower will cause any subsequently acquired or organized U.S. Subsidiary to execute, within 10 Business Days of its acquisition or organization, a supplement to the Subsidiary Guaranty (in the form of Annex I thereto) and each other applicable Loan Document in favor of the Secured Parties.  In addition, from time to time, the Borrower will, at its cost and expense, promptly secure the Obligations by pledging or creating, or causing to be pledged or created, perfected Liens with respect to such of its assets and properties as the Required Lenders shall designate, it being agreed that it is the intent of the parties that the Obligations shall be secured by, among other things, substantially all the assets of the Borrower and its U.S. Subsidiaries (including real and personal property acquired subsequent to the Effective Date (but in the case of real property acquired after the Closing Date, the Borrower will only be required to perfect Liens on such real property to the extent the fair market value of such property exceeds $1,000,000)); provided that, neither the Borrower nor its U.S. Subsidiaries shall be required to pledge more than 65% of the Voting Securities of any Foreign Subsidiary unless such pledge would not result in an adverse tax consequence to the Borrower and its Subsidiaries

or to their equity holders on a flow through basis. The Borrower shall deliver or cause to be delivered to the Administrative Agent all customary instruments and documents (including legal opinions, title insurance policies and lien searches) to evidence compliance with this Section. The Borrower and its Subsidiaries will use commercially reasonable efforts to get a landlord waiver in form and substance reasonably satisfactory to the Required Lenders for all real property leased by any Obligor after the Effective Date which relates to a location in which there is, or is reasonably expected to be, collateral with a book value of $5,000,000 or more. The Borrower agrees that it will not, nor will it permit any of its Subsidiaries to, store collateral with a book value of more than $5,000,000 in any location at which it has not obtained a landlord waiver for more than 60 days.

SECTION 7.1.8    Cash Management.  The Borrower will, and will cause each Subsidiary Guarantor to: (i) ensure that such Person's Account Debtors forward payment of all amounts owed by them to such Person to one of the Deposit Accounts of such Person set forth on Item 6.15(a) of the Disclosure Schedule, and (ii) deposit, or cause to be deposited, promptly, and in any event no later than the fifth Business Day after the date of receipt thereof, all of such Person's Collections in one of the Deposit Accounts of such Person set forth on Item 6.15(a) of the Disclosure Schedule.  Prior to or as soon as practicable following the Closing Date, the Borrower will use commercially reasonable efforts to deliver to the Administrative Agent fully executed Control Agreements with respect to each Deposit Account and Securities Account of the Borrower set forth on Item 6.15(a) and Item 6.15(b) of the Disclosure Schedule.  At all times after the delivery of such Control Agreements, the Borrower will use commercially reasonable efforts to ensure, prior to any termination or expiration of the Control Agreement relating to the Deposit Accounts initially set forth on Item 6.15(a) of the Disclosure Schedule, that such Deposit Accounts are replaced with Deposit Accounts subject to a Control Agreement.  The Borrower may amend Item 6.15(a) and Item 6.15(b) of the Disclosure Schedule to add or replace one or more of the Deposit Accounts; provided, however, that (i) the prospective depository institution at which such Deposit Account will be held shall be reasonably satisfactory to the Required Lenders and (ii) in the event such Deposit Account will replace or be in addition to a Deposit Account set forth on Item 6.15(a) of the Disclosure Schedule hereto, prior to the time of the opening of such Deposit Account, the Borrower and such prospective depository institution shall use commercially reasonable efforts to have executed and delivered to the Administrative Agent, and the Administrative Agent shall have executed, a Control Agreement in respect of such Deposit Account.

SECTION 7.1.9    Maintenance of Corporate Separateness.  The Borrower will, and will cause each of its Subsidiaries to, satisfy customary corporate formalities, including the holding of regular board of directors' and shareholders' meetings and the maintenance of corporate offices and records and take all actions reasonably necessary to maintain their corporate separateness.

SECTION 7.1.10    Landlord's Agreements and Bailee Letters.  Prior to or as soon as practicable following the Closing Date, the Borrower will use commercially reasonable efforts to deliver to the Administrative Agent a landlord's agreement or bailee letter with respect to each location set forth on Item 7.1.10 to the Disclosure Schedule.

SECTION 7.1.11 <u>Mortgages</u>. Prior to or as soon as practicable following the Closing Date, the Borrower will deliver to the Administrative Agent counterparts of each Mortgage, duly executed and delivered by the applicable Obligor, together with:

(a) evidence of the completion (or satisfactory arrangements for the completion) of all recordings and filings of each Mortgage as may be necessary or desirable to create a valid, perfected first priority Lien against the properties purported to be covered thereby;

(b) mortgagee's title insurance policies in favor of the Administrative Agent for the benefit of the Secured Parties in amounts and in form and substance as shall be customary for similar properties, with respect to the real and, if any, other property purported to be covered by each Mortgage, insuring that title to such property is marketable and that the interests created by each Mortgage constitute valid first Liens thereon free and clear of all defects and encumbrances (other than the subordinated lien in favor of the Second Lien Lenders pursuant to the Second Lien Loan Documents and the Intercreditor Agreement); and

(c) opinions addressed to the Administrative Agent and all Lenders from local real estate counsel to the Obligors in all jurisdictions where the Borrower maintains material real estate, as determined in the Borrower's reasonable discretion.

SECTION 7.2 <u>Negative Covenants</u>. The Borrower covenants and agrees with each Lender and the Administrative Agent that on or after the Closing Date until the Termination Date has occurred, the Borrower will, and will cause its Subsidiaries to, perform or cause to be performed the obligations set forth below.

SECTION 7.2.1 <u>Business Activities</u>. The Borrower will not, and will not permit any of its Subsidiaries to engage in any business activity except those business activities engaged in or contemplated on the date of this Agreement and activities reasonably incidental thereto or reasonable extensions thereof.

SECTION 7.2.2 <u>Indebtedness</u>. The Borrower will not, and will not permit any of its Subsidiaries to, create, incur, assume or permit to exist any Indebtedness, except:

(a) Indebtedness in respect of the Obligations;

(b) Indebtedness existing as of the Effective Date which is identified in Item 7.2.2(b) of the Disclosure Schedule, and refinancing of such Indebtedness in a principal amount not in excess of that which is outstanding on the Effective Date (as such amount has been reduced following the Effective Date) plus all costs, fees and expenses related to such refinancing;

(c) unsecured Indebtedness (i) incurred in the ordinary course of business of the Borrower and its Subsidiaries (including open accounts extended by suppliers on normal trade terms in connection with purchases of goods and services (including insurance premium payables in the ordinary course), which are not overdue for a period of more than 90 days or, if overdue for more than 90 days, as to which a dispute exists and

adequate reserves in conformity with GAAP have been established on the books of the Borrower or such Subsidiary) and (ii) in respect of performance, surety or appeal bonds provided in the ordinary course of business, but excluding (in each case), Indebtedness incurred through the borrowing of money or Contingent Liabilities in respect thereof;

(d)  Indebtedness (i) in respect of industrial revenue bonds or other similar governmental or municipal bonds, (ii) evidencing the deferred purchase price of newly acquired property or incurred to finance the acquisition of equipment of the Borrower and its Subsidiaries (pursuant to purchase money mortgages or otherwise, whether owed to the seller or a third party) used in the ordinary course of business of the Borrower and its Subsidiaries (provided that, such Indebtedness is incurred within 60 days of the acquisition of such property) and (iii) in respect of Capitalized Lease Liabilities; provided that, the aggregate amount of all Indebtedness outstanding pursuant to this clause shall not at any time exceed $10,000,000;

(e)  Indebtedness of any Subsidiary owing to the Borrower or any other Subsidiary; provided that, the aggregate amount of all such Indebtedness incurred by a Subsidiary that is not a Subsidiary Guarantor, when aggregated with the amount of all Investments made by the Borrower and the Subsidiary Guarantors in Subsidiaries which are not Subsidiary Guarantors pursuant to clause (e)(i) of Section 7.2.5, shall not exceed $5,000,000 at any time;

(f)  Second Lien Loans incurred pursuant to the terms of the Second Lien Loan Documents (for the avoidance of doubt, including PIK interest paid pursuant thereto), and Contingent Liabilities of the Subsidiary Guarantors in respect of the Second Lien Loans; and, the refinancing of all such Indebtedness so long as (i) such refinancing is permitted by the Intercreditor Agreement and (ii) the administrative agent for such replacement Second Lien Credit Agreement executes and delivers the Intercreditor Agreement;

(g)  Indebtedness incurred by the Borrower and its Subsidiaries arising from agreements providing for indemnification, adjustment of purchase price or similar obligations, or from guaranties or letters of credit, surety bonds or performance bonds securing the performance of the Borrower or any such Subsidiary pursuant to such agreements, in connection with Permitted Acquisitions or permitted Dispositions of any business, assets or Subsidiary of the Borrower or any of its Subsidiaries;

(h)  the Borrower and its Subsidiaries may become and remain liable with respect to deferred purchase price obligations (including obligations in respect of Earnout Payments) incurred as part of the consideration paid or payable in respect of Permitted Acquisitions; provided that with respect to all Permitted Acquisitions, the aggregate principal amount of all such deferred purchase price obligations shall not exceed $10,000,000 in the aggregate over the term of this Agreement;

(i)  Indebtedness of a Person existing at the time such Person became a Subsidiary of the Borrower, but only if such Indebtedness was not created or incurred in contemplation of such Person becoming a Subsidiary and the aggregate outstanding

amount of all Indebtedness existing pursuant to this clause does not exceed $10,000,000 at any time;

(j)  Indebtedness incurred by the Borrower or any of its Subsidiaries which may be deemed to exist pursuant to any performance guaranties, performance, surety, statutory, appeal or similar obligations incurred in the ordinary course of business;

(k)  Indebtedness incurred by the Borrower or any of its Subsidiaries in respect of customary netting services, overdraft protections and similar liabilities incurred in the ordinary course in connection with customary Deposit Accounts maintained by the Borrower and its Subsidiaries as part of its ordinary course cash management program;

(l)  Indebtedness with respect to Purchase Card Agreements in an aggregate amount not to exceed $2,000,000 outstanding at any one time;

(m)  other unsecured Indebtedness of the Borrower and its Subsidiaries (other than Indebtedness of Foreign Subsidiaries owing to the Borrower or Guarantors) in an aggregate amount at any time outstanding not to exceed $10,000,000;

(n)  Indebtedness to one or more issuers of letters of credit with respect to cash collateralized letters of credit in a principal or face amount not to exceed $10,000,000 in the aggregate; and

(o)  Indebtedness consisting of obligations to PBGC pursuant to the PBGC Settlement.

SECTION 7.2.3   Liens.  The Borrower will not, and will not permit any of its Subsidiaries to, create, incur, assume or permit to exist any Lien upon any of its property (including Capital Securities of any Person), revenues or assets, whether now owned or hereafter acquired, except:

(a)  Liens securing payment of the Obligations;

(b)  Liens existing as of the Effective Date and disclosed in Item 7.2.3(b) of the Disclosure Schedule securing Indebtedness described in clause (b) of Section 7.2.2, and refinancings of such Indebtedness; provided that, no such Lien shall encumber any additional property and the amount of Indebtedness secured by such Lien is not increased from that existing on the Effective Date (as such Indebtedness may have been permanently reduced subsequent to the Effective Date) plus all costs, fees and expenses related to such Liens;

(c)  Liens securing Indebtedness of the type permitted under clause (d) of Section 7.2.2; provided that, with respect to Indebtedness permitted by clause (d)(ii) of Section 7.2.2, (i) such Lien is granted within 60 days after such Indebtedness is incurred, (ii) the Indebtedness secured thereby does not exceed 80% of the lesser of the cost or the fair market value of the applicable property, improvements or equipment at the time of such acquisition (or construction) and (iii) such Lien secures only the assets that are the subject of the Indebtedness referred to in such clause;

(d)  Liens securing Indebtedness permitted by clause (i) of Section 7.2.2; provided that, such Liens existed prior to such Person becoming a Subsidiary, were not created in anticipation thereof and attach only to assets of such Person;

(e)  Liens in favor of carriers, warehousemen, mechanics, materialmen and landlords granted in the ordinary course of business for amounts not overdue or being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP shall have been set aside on its books;

(f)  Liens incurred or deposits made in the ordinary course of business in connection with worker's compensation, unemployment insurance or other forms of governmental insurance or benefits, or to secure performance of tenders, statutory obligations, bids, leases or other similar obligations (other than for borrowed money) entered into in the ordinary course of business or to secure obligations on surety and appeal bonds or performance bonds;

(g)  judgment Liens in existence for less than 60 days after the entry thereof or with respect to which execution has been stayed or the payment of which is covered in full (subject to a customary deductible) by insurance maintained with responsible insurance companies and which do not otherwise result in an Event of Default under Section 8.1.5;

(h)  easements, rights-of-way, zoning restrictions, minor defects or irregularities in title and other similar encumbrances not interfering in any material respect with the value or use of the property to which such Lien is attached;

(i)  Liens for Taxes not at the time delinquent or thereafter payable without penalty or being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP shall have been set aside on its books;

(j)  Liens securing Indebtedness permitted under clause (f) of Section 7.2.2 and subordinated to the Liens securing the Obligations pursuant to the Intercreditor Agreement;

(k)  Liens solely on any earnest money deposit made by the Borrower or any of its Subsidiaries in connection with any lease, letter of intent, purchase agreement or lease permitted hereunder entered into the ordinary course of business;

(l)  purported Liens evidenced by filing of precautionary UCC financing statements relating solely to operating leases for personal property entered into in the ordinary course of business;

(m)  Liens in favor of customs and revenue authorities arising as a matter of law to secure payment of custom duties in connection with the importation of goods;

(n)  any zoning or similar law or right reserved or vested in any governmental office or agency to control or regulate the use of, or any reservation in the grant from the crown in respect of, any real property;

(o)  licenses of patents, trademarks and other intellectual property rights granted by the Borrower or any of its Subsidiaries in the ordinary course of business and not interfering in any respect with the ordinary conduct of such Borrower or such Subsidiary;

(p)  Liens arising solely by virtue of any statutory or common law provision relating to banker's liens, rights of set-off or similar rights and remedies as to deposit accounts or other funds maintained with a creditor depository institution;

(q)  any interest or title of a lessor, licensor or sublessor under any lease or license entered into the ordinary course of its business and covering only the assets so leased or licensed granted in the ordinary course of business;

(r)  Liens on inventory that is in the possession of a third party in the ordinary course of business;

(s)  Liens on any leased real property granted by landlords under such leases;

(t)  Liens on any leased real property granted to landlords under any leases; and

(u) Liens on cash held by one or more issuers of letters of credit in an amount not to exceed $10,500,000 in the aggregate securing Indebtedness permitted by <u>clause (n)</u> of <u>Section 7.2.2</u>.

SECTION 7.2.4   <u>Financial Condition and Operations</u>.  The Borrower will not permit any of the events set forth below in <u>clauses (a)</u> and <u>(b)</u> to occur:

(a)  The Borrower will not permit the Total Leverage Ratio as of the last day of any period set forth below to be greater than:

| Fiscal Quarter Ending | Total Leverage Ratio |
| --- | --- |
| September 30, 2011 | 8.00:1.00 |
| December 31, 2011 | 7.75:1.00 |
| March 31, 2012 | 7.75:1.00 |
| June 30, 2012 | 7.50:1.00 |
| September 30, 2012 | 7.25:1.00 |
| December 31, 2012 | 7.00:1.00 |
| March 31, 2013 | 7.00:1.00 |
| June 30, 2013 | 6.75:1.00 |
| September 30, 2013 | 6.75:1.00 |
| December 31, 2013 | 6.75:1.00 |
| March 31, 2014 | 6.75:1.00 |

| | |
|---|---|
| June 30, 2014 | 6.50:1.00 |
| September 30, 2014 | 6.50:1.00 |
| December 31, 2014 | 6.50:1.00 |
| [March 31, 2015] | 6.25:1.00 |

(b)  The Borrower will not permit the Interest Coverage Ratio as of the last day of any period set forth below to be less than:

| Fiscal Quarter Ending | Interest Coverage Ratio |
|---|---|
| September 30, 2011 | 1.75:1.00 |
| December 31, 2011 | 1.75:1.00 |
| March 31, 2012 | 1.75:1.00 |
| June 30, 2012 | 1.75:1.00 |
| September 30, 2012 | 1.75:1.00 |
| December 31, 2012 | 2.00:1.00 |
| March 31, 2013 | 2.00:1.00 |
| June 30, 2013 | 2.00:1.00 |
| September 30, 2013 | 2.00:1.00 |
| December 31, 2013 | 2.00:1.00 |
| March 31, 2014 | 2.00:1.00 |
| June 30, 2014 | 2.00:1.00 |
| September 30, 2014 | 2.00:1.00 |
| December 31, 2014 | 2.00:1.00 |
| [March 31, 2015] | 2.00:1.00 |

SECTION 7.2.5   Investments.  The Borrower will not, and will not permit any of its Subsidiaries to, purchase, make, incur, assume or permit to exist any Investment in any other Person, except:

(a)  Investments existing on the Effective Date and identified in Item 7.2.5(a) of the Disclosure Schedule;

(b)  Cash Equivalent Investments;

(c)  Investments received in connection with the bankruptcy or reorganization of, or settlement of delinquent accounts and disputes with, customers and suppliers, in each case in the ordinary course of business;

(d)  Investments consisting of any deferred portion of the sales price received by the Borrower or any Subsidiary in connection with any Disposition permitted under Section 7.2.10;

(e)  Investments by way of contributions to capital or purchases of Capital Securities (i) by the Borrower in any Subsidiaries or by any Subsidiary in other Subsidiaries; provided that, the aggregate amount of intercompany loans made pursuant to clause (e) of Section 7.2.2 and Investments under this clause made by the Borrower and Subsidiary Guarantors in Subsidiaries that are not Subsidiary Guarantors shall not exceed the amount set forth in clause (e) of Section 7.2.2 at any time, or the Borrower or (ii) by any Subsidiary in the Borrower;

(f)  Investments constituting (i) accounts receivable arising, (ii) trade debt granted, or (iii) deposits made in connection with the purchase price of goods or services, in each case in the ordinary course of business;

(g)  Investments by way of the acquisition of Capital Securities constituting Permitted Acquisitions permitted under clause (d) of Section 7.2.9; provided, that such Investments shall result in the acquisition of a wholly owned U.S. Subsidiary;

(h)  intercompany loans, advances or guaranties among the Borrower and its Subsidiaries, all to the extent permitted by clause (e) of Section 7.2.2 and clause (e) of this Section 7.2.5;

(i)  Capital Expenditures to the extent permitted by Section 7.2.7;

(j)  loans to officers, directors and employees of the Borrower and its Subsidiaries to be used to purchase Capital Securities of the Parent and/or to acquire options on, or purchase upon exercise of such options, Capital Securities of the Parent; provided, that, in each case, the proceeds of such loans are reinvested in the Borrower and do not exceed $5,000,000;

(k)  Investments in Persons (other than Obligors or any Person owning, controlling or managing, directly or indirectly an Obligor) that are not Subsidiaries in an aggregate amount not to exceed $2,000,000 at any time outstanding;

(l)  without duplication, Contingent Liabilities to the extent permitted by Section 7.2.2;

(m)  good faith deposits made in connection with prospective Permitted Acquisitions to the extent permitted by Section 7.2.9;

(n)  bank deposits established and maintained in the ordinary course of business and consistent with past practice;

(o)  customary deposits made in connection with operating leases;

(p)  Investments in the form of deposits, prepayments and other credits to suppliers in the ordinary course of business;

(q)  Investments in the form of Capital Securities received from or on behalf of any Person as a part of the consideration paid or payable in respect of any Disposition made by the Borrower or any of its Subsidiaries; <u>provided</u> that, the fair market value of all such Capital Securities held by the Borrower and its Subsidiaries (as determined as of the time such securities are received) shall not exceed in the aggregate the greater of (i) $5,000,000 and (ii) 25% of the aggregate proceeds received by the Borrower from such Disposition; <u>provided</u>, <u>further</u>, that, "fair market value" for any such Capital Securities shall be (x) if prices for such securities are quoted on a national public exchange or equivalent, the quoted price for such securities on such exchange as of the close of business on the Business Day immediately preceding the day of receipt of such securities, and (y) if prices for such securities are not quoted on a national public exchange or equivalent, the value of such securities as determined by the board of directors (or equivalent) of the Borrower in the exercise of its good faith judgment at the time of receipt of such securities; and

(r)  other Investments in an amount not to exceed $10,000,000 at any time over the term of this Agreement irrespective of any gains received, accrued or recognized on such Investments;

<u>provided</u> that any Investment which when made complies with the requirements of the definition of the term "Cash Equivalent Investment" may continue to be held notwithstanding that such Investment if made thereafter would not comply with such requirements; and no Investment otherwise permitted by <u>clauses (g)</u>, <u>(j)</u>, or <u>(m)</u> shall be permitted to be made if any Default has occurred and is continuing or would result therefrom.

SECTION 7.2.6   <u>Restricted Payments, etc.</u>  The Borrower will not, and will not permit any of its Subsidiaries to, declare or make a Restricted Payment, or make any deposit for any Restricted Payment, except:

(a)  Restricted Payments made by Subsidiaries to the Borrower or wholly owned Subsidiaries;

(b)  so long as no Default has occurred and is continuing, or shall be caused thereby, Restricted Payments made by the Borrower or its Subsidiaries:

(i)  to make payments pursuant to the Management Agreements and the LLC Agreement as in effect from time to time;

(ii)  in an aggregate amount not to exceed $2,500,000 in any Fiscal Year (A) to the extent necessary to make repurchases of Capital Securities (and options or warrants to purchase such Capital Securities) of the Parent from employees (1) upon termination (including by reason of death, disability or retirement) of such employees or (2) pursuant to a contractual obligation of the Parent and (B) to the Parent to the extent necessary to permit the Parent or any parent company thereof

to pay reasonable accounting, legal, insurance, SEC related, and similar fees, expenses and costs, and expenses and indemnity payments to directors; and

(iii) to the Parent to permit the Parent to make tax distributions to its members in accordance with (and in the amounts permitted by) the LLC Agreement; provided, that, with respect to any taxable year, the amount distributed to members of the Parent pursuant to this clause shall not exceed the product of the amount of taxable income of the Borrower allocable to such members and the Hypothetical Tax Rate and, provided, further, that the Borrower shall be permitted to make periodic tax distributions to permit payments of estimated taxes by members of the Parent based on reasonable estimates of the taxable income of the Borrower allocable to the members of the Parent and the Hypothetical Tax Rate.

SECTION 7.2.7  Capital Expenditures.  Subject (in the case of Capitalized Lease Liabilities) to clause (e) of Section 7.2.2, the Borrower will not, and will not permit any of its Subsidiaries to, make or commit to make Capital Expenditures in any period set forth below which aggregate in excess of the amount set forth below opposite such period:

| Period | Maximum Capital Expenditure Amount |
|---|---|
| Each period of twelve consecutive months ending on the last day of each Fiscal Quarter starting with the Fiscal Quarter ending on September 30, 2011 | $20,000,000 |

SECTION 7.2.8  Issuance of Capital Securities.  The Borrower will not, and will not permit any of its Subsidiaries to, issue any Capital Securities (whether for value or otherwise) to any Person other than (in the case of Subsidiaries), to the Borrower or another wholly owned Subsidiary (unless such Capital Securities are not mandatorily redeemable prior to one year and one day after the Stated Maturity Date for the Loans).

SECTION 7.2.9  Consolidation, Merger; Permitted Acquisitions, etc.  The Borrower will not, and will not permit any of its Subsidiaries to, liquidate or dissolve, consolidate with, or merge or amalgamate into or with, any other Person, or purchase or otherwise acquire all or substantially all of the assets of any Person (or any division thereof), except:

(a)  any Subsidiary may liquidate or dissolve voluntarily into, and may merge or amalgamate with and into, the Borrower or any other Subsidiary; (provided that, in any merger involving the Borrower, the Borrower is the surviving Person and a Subsidiary Guarantor may only merge with and into another Subsidiary Guarantor);

(b)  the assets or Capital Securities of any Subsidiary may be purchased or otherwise acquired by the Borrower or any other Subsidiary (provided that, the assets or Capital Securities of any Subsidiary Guarantor may only be purchased or otherwise acquired by the Borrower or another Subsidiary Guarantor); provided, further, that in no event shall any Subsidiary consolidate with or merge with and into any other Subsidiary unless after giving effect thereto, the Administrative Agent shall have a perfected pledge of, and security interest in and to, at least the same percentage of the issued and outstanding interests of Capital Securities (on a fully diluted basis) and other assets of the surviving Person as the Administrative Agent had immediately prior to such merger or consolidation;

(c)  Investments made in accordance with Section 7.2.5;

(d)  the Borrower or any of its Subsidiaries may purchase all or substantially all of the assets of any Person (or any division thereof), or acquire such Person by merger or otherwise, in each case, if:

(i)  no Default has occurred and is continuing or would occur after giving effect thereto;

(ii)  such purchase or acquisition constitutes a Permitted Acquisition;

(iii)  the amount (which shall include all obligations in respect of Earnout Payments and other deferred purchase price arrangements) paid or payable in connection with all other transactions permitted under this clause (d) (together with all previous Permitted Acquisitions) does not exceed $20,000,000 in any Fiscal Year and $50,000,000 over the term of this Agreement;

(e)  any Subsidiary may convert into a limited liability company following at least sixty (60) days' advance written notice to the Administrative Agent.

SECTION 7.2.10   Permitted Dispositions.  The Borrower will not, and will not permit any of its Subsidiaries to, Dispose of any of the Borrower's or such Subsidiaries' assets (including accounts receivable and Capital Securities of Subsidiaries) to any Person in one transaction or series of transactions unless such Disposition is:

(a)  inventory or obsolete, damaged, worn out or surplus property, or the discounted sale of defaulted or delinquent trade receivables written off and reserved;

(b)  permitted by Sections 7.2.9 and 7.2.14;

(c)  (i) the cross-licensing or non-exclusive licensing of intellectual property, in the ordinary course of business and (ii) the contemporaneous exchange, in the ordinary course of business, of property for property of a substantially like kind and use (other than as set forth in clause (i)), to the extent that the property received in such exchange is of a value substantially equivalent to the value of the property exchanged;

(d)  Investments made in accordance with Section 7.2.5 and Restricted Payments made in accordance with Section 7.2.6;

(e)  the leasing or sub-leasing of property that would not materially interfere with the required use of such property by the Borrower or any of its Subsidiaries; and

(f)  other Dispositions so long as: (i) such Disposition is for fair market value and the consideration received consists of no less than 75% in cash, (ii) the Net Disposition Proceeds received from such Disposition, together with the Net Disposition Proceeds of all other assets Disposed of pursuant to this clause since the Closing Date, does not exceed (individually or in the aggregate) $25,000,000 over the term of this Agreement (inclusive of the fair market value of any Capital Securities of the type described in clause (q) of Section 7.2.5), (iii) the Net Disposition Proceeds from such Disposition are applied pursuant to Sections 3.1.1 and 3.1.2, and (iv) no Default has occurred and is continuing; and

(g)  set forth on Item 7.2.10(g) of the Disclosure Schedule.

SECTION 7.2.11    Modification of Certain Agreements.  The Borrower will not, and will not permit any of its Subsidiaries to, consent to any amendment, supplement, waiver or other modification of, or enter into any forbearance from exercising any rights with respect to the terms or provisions contained in:

(a)  the Asset Purchase Agreement, the Plan and the Management Agreements to the extent such action is materially adverse to the Lenders (it being agreed that annual scheduled management fees payable under the Management Agreements shall be subject to a cap of $1,250,000 in the aggregate unless otherwise agreed by the Required Lenders));

(b)  the Organic Documents of the Borrower or any of its Subsidiaries, if the result would have a material adverse effect on the rights or remedies of any Secured Party; and

(c)  any of the Second Lien Loan Documents, other than any amendment, supplement, waiver or modification to the extent permitted by the Intercreditor Agreement.

SECTION 7.2.12    Transactions with Affiliates.  The Borrower will not, and will not permit any of its Subsidiaries to, enter into or cause or permit to exist any arrangement, transaction or contract (including for the purchase, lease or exchange of property or the rendering of services) with any of its other Affiliates, unless such arrangement, transaction or contract is on fair and reasonable terms no less favorable to the Borrower or such Subsidiary than it could obtain in an arm's-length transaction with a Person that is not an Affiliate other than:

(a)  transactions among the Obligors otherwise permitted hereunder;

(b)  reasonable fees and compensation (including equity-based compensation and employee benefits) paid to, and indemnity provided for the benefit of, officers, directors,

board members, employees or consultants of the Parent or any Subsidiary as determined in good faith by the Parent's board of directors;

(c)  the payment of Restricted Payments as provided under <u>Section 7.2.6</u>;

(d)  transactions that were or are consummated in accordance with the Plan or the Asset Purchase Agreement, in each case, as in effect on the Effective Date;

(e)  Indebtedness represented by this Agreement and the Second Lien Credit Agreement, the Intercreditor Agreement, and any amendments, restatements or modifications thereof and the transactions pursuant thereto that are permitted hereby and by the Intercreditor Agreement; and

(f)  transactions pursuant to the Management Agreements and the LLC Agreement.

SECTION 7.2.13    <u>Restrictive Agreements, etc.</u>  The Borrower will not, and will not permit any of its Subsidiaries to, enter into any agreement prohibiting:

(a)  the creation or assumption of any Lien upon its properties, revenues or assets, whether now owned or hereafter acquired;

(b)  the ability of any Obligor to amend or otherwise modify any Loan Document; or

(c)  the ability of any Subsidiary to make any payments, directly or indirectly, to the Borrower, including by way of dividends, advances, repayments of loans, reimbursements of management and other intercompany charges, expenses and accruals or other returns on investments.

The foregoing prohibitions shall not apply to restrictions contained (i) in any Loan Document, (ii) in the case of <u>clause (a)</u>, any agreement governing any Indebtedness permitted by <u>clause (d)</u> of <u>Section 7.2.2</u> as to the assets financed with the proceeds of such Indebtedness, (iii) in the case of <u>clause (a)</u>, covenants in documents creating Liens permitted by <u>Section 7.2.3</u> prohibiting further Liens on the properties encumbered thereby; (iv) in the case of <u>clauses (a)</u> and (<u>b</u>), in the Second Lien Loan Documents; or (v) any prohibition or limitation that (a) exists pursuant to applicable law, (b) consists of customary restrictions and conditions contained in any agreement relating to the sale of any property permitted under <u>Section 7.2.10</u> pending the consummation of such sale, (c) consists of customary restrictions and conditions contained in any lease or restricts subletting or assignment of any lease governing a leasehold interest of an Obligor, (d) exists in any agreement or other instrument of a person acquired in an Investment permitted hereunder in existence at the time of such Investment (but not created in connection therewith or in contemplation thereof), which prohibition or limitation is not applicable to any person, or the properties or assets of any person, other than the person, or the property or assets of the person so acquired or (e) is imposed by any amendments or refinancings that are otherwise permitted by the Loan Documents of the contracts, instruments or obligations referred to in clause (iv) or (v)(d); <u>provided</u> that such amendments and refinancings are no more materially restrictive with respect to such prohibitions and limitations than those prior to such amendment or refinancing.

SECTION 7.2.14   Sale and Leaseback.  The Borrower will not, and will not permit any of its Subsidiaries to, directly or indirectly enter into any agreement or arrangement providing for the sale or transfer by it of any property (now owned or hereafter acquired) to a Person and the subsequent lease or rental of such property or other similar property from such Person except the sale-leasebacks entered into in connection with the Livermore Property, the Goshen Property and the Emigsville Property.

SECTION 7.2.15   Pension Plans.  The Borrower will not, and will not permit any of its Subsidiaries to sponsor or contribute to any Pension Plan, or have any liability, contingent or otherwise, with respect to any Pension Plan (for the avoidance of doubt, other than the PBGC Settlement).

SECTION 7.2.16   No Payment or Prepayment of Certain Indebtedness.  The Borrower will not, and will not permit any of its Subsidiaries to:

(a)  make any payment or prepayment of principal of, or premium or interest on any Second Lien Loan, other than: (A) interest required to be paid pursuant to (1) the Second Lien Credit Agreement and (2) the documents governing any refinancing of the Second Lien Loans that is permitted by the Intercreditor Agreement (including, with respect to clauses (1) and (2), any interest capitalized or paid in kind), to the extent such cash payment is not prohibited by the Intercreditor Agreement (or, in the case of a permitted refinancing, any intercreditor agreement related to such refinancing or required to be entered into in connection therewith) or (B) with respect to principal, (1) on the Stated Maturity Date (as defined in the Second Lien Credit Agreement), (2) following the repayment in full of the Loans, with excess proceeds of mandatory prepayments or (3) upon any refinancing of the Second Lien Loans permitted by the Intercreditor Agreement;

(b)  redeem, retire, purchase, defease or otherwise acquire any Second Lien Loan (except as set forth in clause (a)); or

(c)  make any deposit (including the payment of amounts into a sinking fund or other similar fund) for any of the foregoing purposes other than, in the case of the Second Lien Loans, in connection with a refinancing of the Second Lien Loans to the extent permitted by the Intercreditor Agreement.

ARTICLE VIII
EVENTS OF DEFAULT

SECTION 8.1   Listing of Events of Default.  Each of the following events or occurrences described in this Article shall constitute an "Event of Default".

SECTION 8.1.1   Non-Payment of Obligations.  The Borrower shall default in the payment or prepayment when due of:

(a)  any principal of any Loan and such default shall continue unremedied for a period of two Business Days after such amount was due; or

(b)  any interest or fee described in <u>Article III</u> or any other monetary Obligation, and such default shall continue unremedied for a period of five Business Days after such amount was due.

SECTION 8.1.2  <u>Non-Performance of Certain Covenants and Obligations</u>.  The Borrower shall default in the due performance or observance of any of its obligations under <u>Section 7.1.1</u>, <u>Section 7.1.2</u> or <u>Section 7.2</u>.

SECTION 8.1.3  <u>Non-Performance of Other Covenants and Obligations</u>.  Any Obligor shall default in the due performance and observance of any other agreement contained in any Loan Document executed by it, and such default shall continue unremedied for a period of 60 days after the earlier of (a) the date of the Borrower's actual knowledge of such default or (b) notice thereof given to the Borrower by the Administrative Agent or any Lender.

SECTION 8.1.4  <u>Default on Other Indebtedness</u>.  A default shall occur in the payment of any amount when due (subject to any applicable grace period), whether by acceleration or otherwise, of any principal or stated amount of, or interest or fees on, any Indebtedness (other than Indebtedness described in <u>Section 8.1.1</u>) of the Borrower or any of its Subsidiaries or any other Obligor having a principal or stated amount, individually or in the aggregate, in excess of $10,000,000, or a default shall occur in the performance or observance of any obligation or condition with respect to such Indebtedness if the effect of such default is to accelerate the maturity of any such Indebtedness or such default shall continue unremedied for any applicable period of time sufficient to permit the holder or holders of such Indebtedness, or any trustee or agent for such holders, to cause or declare such Indebtedness to become due and payable or to require such Indebtedness to be prepaid, redeemed, purchased or defeased, or require an offer to purchase or defease such Indebtedness to be made, prior to its expressed maturity.

SECTION 8.1.5  <u>Judgments</u>.  Any judgment or order for the payment of money individually or in the aggregate in excess of $10,000,000 (exclusive of any amounts fully covered by insurance (less any applicable deductible) and as to which the insurer has not denied or objected to its responsibility to cover such judgment or order) shall be rendered against the Borrower or any of its Subsidiaries or any other Obligor and such judgment shall not have been vacated or discharged or stayed or bonded pending appeal within 60 days after the entry thereof or enforcement proceedings shall have been commenced by any creditor upon such judgment or order.

SECTION 8.1.6  <u>Change in Control</u>.  Any Change in Control shall occur.

SECTION 8.1.7  <u>Bankruptcy, Insolvency, etc.</u>  The Borrower, any of its Subsidiaries or any other Obligor shall:

(a)  generally fail to pay, or admit in writing its inability or general unwillingness to pay, debts as they become due;

(b)  apply for, consent to, or acquiesce in the appointment of a trustee, receiver, sequestrator or other custodian for any substantial part of the property of any thereof, or make a general assignment for the benefit of creditors;

(c)  in the absence of such application, consent or acquiescence in or permit or suffer to exist the appointment of a trustee, receiver, receiver manager, sequestrator or other custodian for a substantial part of the property of any thereof, and such trustee, receiver, receiver manager, sequestrator or other custodian shall not be discharged within 90 days; provided that, the Borrower, each Subsidiary and each other Obligor hereby expressly authorizes each Secured Party to appear in any court conducting any relevant proceeding during such 90-day period to preserve, protect and defend their rights under the Loan Documents;

(d)  permit or suffer to exist the commencement of any bankruptcy, reorganization, debt arrangement or other case or proceeding under any bankruptcy or insolvency law or any dissolution, winding up or liquidation proceeding, in respect thereof, and, if any such case or proceeding is not commenced by the Borrower, any Subsidiary or any Obligor, such case or proceeding shall be consented to or acquiesced in by the Borrower, such Subsidiary or such Obligor, as the case may be, or shall result in the entry of an order for relief or shall remain for 90 days undismissed; provided that, the Borrower, each Subsidiary and each Obligor hereby expressly authorizes each Secured Party to appear in any court conducting any such case or proceeding during such 90-day period to preserve, protect and defend their rights under the Loan Documents; or

(e)  take any action authorizing, or in furtherance of, any of the foregoing.

SECTION 8.1.8    Impairment of Security, etc.  Any Loan Document shall (except in accordance with its terms), in whole or in part, terminate, cease to be effective or cease to be the legally valid, binding and enforceable obligation of any Obligor party thereto; any Lien shall (except in accordance with the terms of any Loan Document), in whole or in part, terminate, cease to be effective or cease to be the legally valid, binding and enforceable obligation of any Obligor subject thereto in respect of any material portion of the Collateral (as defined in the Security Agreement); any Obligor or any other party shall contest in any manner such effectiveness, validity, binding nature or enforceability; or, except as permitted under any Loan Document, any Lien securing any Obligation shall, in whole or in part, cease to be a perfected first priority Lien with respect to any material portion of the Collateral.

SECTION 8.2    Action if Bankruptcy.  If any Event of Default described in clauses (a) through (d) of Section 8.1.7 with respect to the Borrower shall occur, the outstanding principal amount of all outstanding Loans and all other Obligations shall automatically be and become immediately due and payable, without notice or demand to any Person.

SECTION 8.3    Action if Other Event of Default.  If any Event of Default (other than any Event of Default described in clauses (a) through (d) of Section 8.1.7 with respect to the Borrower) shall occur for any reason, whether voluntary or involuntary, and be continuing, the Administrative Agent, upon the written direction of the Required Lenders, shall by notice to the Borrower declare all or any portion of the outstanding principal amount of the Loans and other Obligations to be due and payable, whereupon the full unpaid amount of such Loans and other Obligations which shall be so declared due and payable shall be and become immediately due and payable, without further notice, demand or presentment.

# ARTICLE IX
## THE ADMINISTRATIVE AGENT

SECTION 9.1    <u>Actions</u>.

(a)  Each Lender hereby appoints The Bank of New York Mellon as its Administrative Agent under and for purposes of each Loan Document.  Each Lender authorizes the Administrative Agent to act on behalf of such Lender under each Loan Document and to appoint other agents or sub-agents to assist in its actions under the Loan Documents and the Administrative Agent shall not be liable for the acts and omissions of such agents as long as they are appointed with due care and without gross negligence or willful misconduct.  Each Lender further authorizes the Administrative Agent, in the absence of other written instructions from the Required Lenders received from time to time by the Administrative Agent (with respect to which the Administrative Agent agrees that it will comply, subject to the terms and conditions of <u>Article IX</u>), to exercise such powers hereunder and thereunder as are delegated to or required of the Administrative Agent by the terms hereof and thereof, together with such powers as may be incidental thereto (including the release of Liens on assets Disposed of in accordance with the terms of the Loan Documents).

(b)  The Administrative Agent shall not have any duties or obligations except those expressly set forth herein. Without limiting the generality of the foregoing, (a) the Administrative Agent shall not be subject to any fiduciary or other implied duties, regardless of whether a Default or Event of Default has occurred and is continuing, (b) the Administrative Agent shall not have any duty to take any discretionary action or exercise any discretionary powers, except discretionary rights and powers expressly contemplated hereby that the Administrative Agent is required to exercise in writing as directed by the Required Lenders in accordance with the terms of this Agreement (or such other number or percentage of the Lenders as shall be necessary under the circumstances as provided in <u>Section 10.1</u>).  Each Lender hereby indemnifies (which indemnity shall be payable within thirty (30) days of demand therefor, to the extent not reimbursed by the Borrower or any other Obligor, and without limiting the Borrower's and Obligors' obligations under this Agreement and which indemnity shall survive any termination of this Agreement) the Administrative Agent and its officers, directors, employees and agents, <u>pro rata</u> according to the proportionate amount of Loans held by such Lender, from and against any and all liabilities, obligations, losses, damages, claims, penalties, judgments, costs, disbursements or expenses of any kind or nature whatsoever which may at any time be imposed on, incurred by, or asserted against, the Administrative Agent in any way relating to or arising out of any Loan Document or any action taken or omitted to be taken by the Administrative Agent under the Loan Documents, (including reasonable attorneys' fees and expenses), and as to which the Administrative Agent, is not reimbursed by the Borrower; <u>provided</u> that, no Lender shall be liable for the payment of any portion of such liabilities, obligations, losses, damages, claims, costs or expenses which are determined by a court of competent jurisdiction in a final proceeding to have resulted from the Administrative Agent's gross negligence or willful misconduct.  By executing a Lender Assignment Agreement, each future Lender (acting for itself and on behalf of each Affiliate thereof which becomes a Secured Party

from time to time) shall be deemed to ratify the power of attorney granted to the Administrative Agent hereunder.

SECTION 9.2  <u>Exculpation</u>.  Neither the Administrative Agent nor any of its directors, officers, employees or agents shall be liable to any Secured Party for any action taken or omitted to be taken by it under any Loan Document, or in connection therewith, except for its own willful misconduct or gross negligence, nor responsible for any recitals or warranties herein or therein, nor for the effectiveness, enforceability, validity or due execution of any Loan Document, nor for the creation, perfection or priority of any Liens purported to be created by any of the Loan Documents, or the validity, genuineness, enforceability, existence, value or sufficiency of any collateral security, nor to make any inquiry respecting the performance by any Obligor of its Obligations.  Any such inquiry which may be made by the Administrative Agent shall not obligate it to make any further inquiry or to take any action.  The Administrative Agent shall be entitled to rely upon advice of counsel concerning legal matters and upon any notice, consent, certificate, statement or writing which the Administrative Agent believes to be genuine and to have been presented by a proper Person.

To the fullest extent permitted by applicable law, no Obligor or Lender shall assert, and each Obligor and Lender hereby waives, any claim against the Administrative Agent, its sub-agents and their respective Affiliates in respect of any actions taken or omitted to be taken by any of them, on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, in connection with, or as a result of, this Agreement, any other Loan Document or any agreement or instrument contemplated herby or thereby, the transactions contemplated hereby or thereby, any Loan or the use of the proceeds thereof.

No provision of this Agreement or any other Loan Document or any agreement or instrument contemplated hereby or thereby or the transactions contemplated hereby or thereby, shall require the Administrative Agent to: (i) expend or risk its own funds or provide indemnities in the performance of any of its duties hereunder or the exercise of any of its rights or power or (ii) otherwise incur any financial liability in the performance of its duties or the exercise of any of its rights or powers unless it is indemnified to its satisfaction and the Administrative Agent shall have no liability to any person for any loss occasioned by any delay in taking or failure to take any action while it is awaiting an indemnity satisfactory to it.

The Administrative Agent shall not be responsible for (i) perfecting, maintaining, monitoring, preserving or protecting the security interest or lien granted under this Agreement, any other Loan Document or any agreement or instrument contemplated hereby or thereby, (ii) the filing, re-filing, recording, re-recording or continuing or any document, financing statement, mortgage, assignment, notice, instrument of further assurance or other instrument in any public office at any time or times or (iii) providing, maintaining, monitoring or preserving insurance on or the payment of taxes with respect to any of the Collateral. The actions described in items (i) through (iii) shall be the sole responsibility of the Obligors.

The Administrative Agent shall not be required to qualify in any jurisdiction in which it is not presently qualified to perform its obligations as Administrative Agent.

The Administrative Agent has accepted and is bound by the Loan Documents executed by the Administrative Agent as of the date of this Agreement and, as directed in writing by the Required Lenders, the Administrative Agent shall execute additional Loan Documents delivered to it after the date of this Agreement; *provided, however*, that such additional Loan Documents do not adversely affect the rights, privileges, benefits and immunities of the Administrative Agent. The Administrative Agent will not otherwise be bound by, or be held obligated by, the provisions of any credit agreement, indenture or other agreement governing the Obligations (other than this Agreement and the other Loan Documents to which the Administrative Agent is a party).

No written direction given to the Administrative Agent by the Required Lenders or the Borrower that in the sole reasonable judgment of the Administrative Agent imposes, purports to impose or might reasonably be expected to impose upon the Administrative Agent any obligation or liability not set forth in or arising under this Agreement and the other Loan Documents will be binding upon the Administrative Agent unless the Administrative Agent elects, at its sole option, to accept such direction.

The Administrative Agent shall not be responsible or liable for any failure or delay in the performance of its obligations under this Agreement or the other Loan Documents arising out of or caused, directly or indirectly, by circumstances beyond its reasonable control, including, without limitation, acts of God; earthquakes; fire; flood; terrorism; wars and other military disturbances; sabotage; epidemics; riots; business interruptions; loss or malfunctions of utilities, computer (hardware or software) or communication services; accidents; labor disputes; acts of civil or military authority and governmental action.

The Administrative Agent shall not be under any obligation to exercise any of its rights or powers vested in it by this Agreement or the other Loan Documents, at the request, order or direction of the Required Lenders unless the same is given pursuant to the express provisions of this Agreement or the other Loan Documents and the Required Lenders shall have offered to the Administrative Agent security or indemnity reasonably satisfactory to the Administrative Agent against the costs, expenses and liabilities (including, without limitation, attorneys' fees and expenses) which might be incurred therein or thereby.

Beyond the exercise of reasonable care in the custody of the Collateral in its possession, the Administrative Agent will have no duty as to any Collateral in its possession or control or in the possession or control of any agent or bailee or any income thereon or as to preservation of rights against prior parties or any other rights pertaining thereto. The Administrative Agent will be deemed to have exercised reasonable care in the custody of the Collateral in its possession if the Collateral is accorded treatment substantially equal to that which it accords its own property, and the Administrative Agent will not be liable or responsible for any loss or diminution in the value of any of the Collateral by reason of the act or omission of any carrier, forwarding agency or other agent or bailee selected by the Administrative Agent in good faith without gross negligence or willful misconduct.

The Administrative Agent will not be responsible for the existence, genuineness or value of any of the Collateral or for the validity, perfection, priority or enforceability of the Liens in any of the Collateral, whether impaired by operation of law or by reason of any action or omission to

act on its part hereunder, except to the extent such action or omission constitutes gross negligence or willful misconduct on the part of the Administrative Agent, as determined by a court of competent jurisdiction in a final, nonappealable order, for the validity or sufficiency of the Collateral or any agreement or assignment contained therein, for the validity of the title of any grantor to the Collateral, for insuring the Collateral or for the payment of taxes, charges, assessments or Liens upon the Collateral or otherwise as to the maintenance of the Collateral. The Administrative Agent hereby disclaims any representation or warranty to the present and future Secured Parties concerning the perfection of the Liens granted hereunder or in the value of any of the Collateral.

In the event that the Administrative Agent is required to acquire title to an asset for any reason, or take any managerial action of any kind in regard thereto, in order to carry out any fiduciary or trust obligation for the benefit of another, which in the Administrative Agent's sole reasonable discretion may cause the Administrative Agent to be considered an "owner or operator" under any environmental laws or otherwise cause the Administrative Agent to incur, or be exposed to, any environmental liability or any liability under any other federal, state or local law, the Administrative Agent reserves the right, instead of taking such action, either to resign as Administrative Agent or to arrange for the transfer of the title or control of the asset to a court appointed receiver. The Administrative Agent will not be liable to any person for any environmental liability or any environmental claims or contribution actions under any federal, state or local law, rule or regulation by reason of the Administrative Agent's actions and conduct as authorized, empowered and directed hereunder or relating to any kind of discharge or release or threatened discharge or release of any hazardous materials into the environment.

SECTION 9.3    Successor.  The Administrative Agent may resign as such at any time upon at least 30 days' prior notice to the Borrower and all Lenders.  The Administrative Agent may be removed at any time upon the affirmative vote of the Required Lenders.  If the Administrative Agent at any time shall resign or be removed, the Required Lenders may appoint another Lender as a successor Administrative Agent which shall thereupon become the Administrative Agent hereunder.  In the case of the Administrative Agent's resignation, if no successor Administrative Agent shall have been so appointed by the Required Lenders, and shall have accepted such appointment, within 30 days after the retiring Administrative Agent's giving notice of resignation, the retiring Administrative Agent's resignation shall nevertheless thereupon become effective and the Lenders shall assume and perform all of the duties of the Administrative Agent hereunder until such time, if any, as the Required Lenders appoint a successor as provided for above.  Upon the acceptance of any appointment as Administrative Agent hereunder by a successor Administrative Agent and the payment of the reasonable fees and expenses (including attorney's fees and expenses) of the resigning or removed Administrative Agent), such successor Administrative Agent shall be entitled to receive from the retiring or removed Administrative Agent such documents of transfer and assignment as such successor Administrative Agent may reasonably request, and shall thereupon succeed to and become vested with all rights, powers, privileges and duties of the retiring or removed Administrative Agent.  The retiring or removed Administrative Agent shall cooperate in all respects with the transition of the Administrative Agent role to the successor Administrative Agent and shall, following such transition, be discharged from its duties and obligations under the Loan Documents.  After any retiring or removed Administrative Agent's resignation or removal, as applicable, hereunder as the Administrative Agent, the provisions of this Article

shall inure to its benefit as to any actions taken or omitted to be taken by it while it was the Administrative Agent under the Loan Documents, and Section 9.1, Section 10.3 and Section 10.4 shall continue to inure to its benefit.

SECTION 9.4  Loans by the Administrative Agent.  The Administrative Agent shall have the same rights and powers with respect to (x) the Loans held by it or any of its Affiliates, and (y) the Notes held by it or any of its Affiliates as any other Lender and may exercise the same as if it were not the Administrative Agent.  The Administrative Agent and its Affiliates may accept deposits from, lend money to, and generally engage in any kind of business with the Borrower or any Subsidiary or Affiliate of the Borrower as if the Administrative Agent were not the Administrative Agent hereunder.

SECTION 9.5  Credit Decisions.  Each Lender acknowledges that it has, independently of the Administrative Agent and each other Lender, and based on such Lender's review of the financial information of the Borrower, the Loan Documents (the terms and provisions of which being satisfactory to such Lender) and such other documents, information and investigations as such Lender has deemed appropriate, made its own credit decision to extend the Loans.  Each Lender also acknowledges that it will, independently of the Administrative Agent and each other Lender, and based on such other documents, information and investigations as it shall deem appropriate at any time, continue to make its own credit decisions as to exercising or not exercising from time to time any rights and privileges available to it under the Loan Documents.

SECTION 9.6  Copies, etc.  The Administrative Agent shall give prompt notice to each Lender of each notice or request required or permitted to be given to the Administrative Agent by the Borrower pursuant to the terms of the Loan Documents (unless concurrently delivered to the Lenders by the Borrower).  The Administrative Agent will distribute to each Lender each document or instrument received (other than notices delivered pursuant to Articles II and III) for its account and copies of all other communications received by the Administrative Agent from the Borrower for distribution to the Lenders by the Administrative Agent in accordance with the terms of the Loan Documents.

SECTION 9.7  Reliance by Administrative Agent.  The Administrative Agent shall be entitled to rely upon any certification, notice or other communication (including any thereof by telephone, telecopy, telegram or cable) believed by it to be genuine and correct and to have been signed or sent by or on behalf of the proper Person, and upon advice and statements of legal counsel, independent accountants and other experts selected by the Administrative Agent.  As to any matters not expressly provided for by the Loan Documents, the Administrative Agent shall in all cases be fully protected in acting, or in refraining from acting, thereunder in accordance with instructions given by the Required Lenders or all of the Lenders as is required in such circumstance, and such instructions of such Lenders and any action taken or failure to act pursuant thereto shall be binding on all Secured Parties.  For purposes of applying amounts in accordance with this Agreement, the Administrative Agent shall be entitled to rely upon any Secured Party that has entered into a Rate Protection Agreement with any Obligor for a determination (which such Secured Party agrees to provide or cause to be provided upon request of the Administrative Agent) of the outstanding Obligations owed to such Secured Party under any Rate Protection Agreement.  Unless it has actual knowledge evidenced by way of written notice from any such Secured Party and the Borrower to the contrary, the Administrative Agent,

in acting in such capacity under the Loan Documents, shall be entitled to assume that no Rate Protection Agreements or Obligations in respect thereof are in existence or outstanding between any Secured Party and any Obligor.

SECTION 9.8  Defaults.  The Administrative Agent shall not be deemed to have knowledge or notice of the occurrence of a Default unless the Administrative Agent has received a written notice from a Lender or the Borrower specifying such Default and stating that such notice is a "Notice of Default".  In the event that the Administrative Agent receives such a notice of the occurrence of a Default, the Administrative Agent shall give prompt notice thereof to the Lenders.  The Administrative Agent shall (subject to the provisions of this Article IX and Section 10.1) take such action and exercise such remedies with respect to such Default as shall be directed by the Required Lenders pursuant to any of the Loan Documents; provided that, unless and until the Administrative Agent shall have received such directions, the Administrative Agent may (but shall not be obligated to) take such action (including, without limitation, credit bidding the Loans of all Lenders hereunder), or refrain from taking such action, with respect to such Default as it shall deem advisable in the best interest of the Secured Parties except to the extent that this Agreement expressly requires that such action be taken, or not be taken, only with the consent or upon the authorization of the Required Lenders or all Lenders.

SECTION 9.9  Posting of Approved Electronic Communications.

(a)  The Borrower hereby agrees, unless directed otherwise by the Administrative Agent or unless the electronic mail address referred to below has not been provided by the Administrative Agent to the Borrower, that it will, or will cause its Subsidiaries to, provide to the Administrative Agent all information, documents and other materials that it is obligated to furnish to the Administrative Agent pursuant to the Loan Documents or to the Lenders under Section 7.1.1, including all notices, requests, financial statements, financial and other reports, certificates and other information materials, but excluding any such communication that (i) is or relates to a Continuation/Conversion Notice, (ii) relates to the payment of any principal or other amount due under this Agreement prior to the scheduled date therefor, (iii) provides notice of any Default under this Agreement or any other Loan Document or (iv) is required to be delivered to satisfy any condition precedent to the effectiveness of this Agreement (all such non-excluded communications being referred to herein collectively as "Communications"), by transmitting the Communications in an electronic/soft medium that is properly identified in a format acceptable to the Administrative Agent to an electronic mail address as directed by the Administrative Agent.  In addition, the Borrower agrees, and agrees to cause its Subsidiaries, to continue to provide the Communications to the Administrative Agent or the Lenders, as the case may be, in the manner specified in the Loan Documents but only to the extent requested by the Administrative Agent.

(b)  The Borrower further agrees that the Administrative Agent may make the Communications available to the Lenders by posting the Communications on Intralinks or a substantially similar electronic transmission system (the "Platform").

(c)  THE PLATFORM IS PROVIDED "AS IS" AND "AS AVAILABLE".  THE INDEMNIFIED PARTIES DO NOT WARRANT THE ACCURACY OR COMPLETENESS OF THE COMMUNICATIONS OR THE ADEQUACY OF THE PLATFORM AND

EXPRESSLY DISCLAIM LIABILITY FOR ERRORS OR OMISSIONS IN THE COMMUNICATIONS.  NO WARRANTY OF ANY KIND, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, NON-INFRINGEMENT OF THIRD PARTY RIGHTS OR FREEDOM FROM VIRUSES OR OTHER CODE DEFECTS IS MADE BY THE INDEMNIFIED PARTIES IN CONNECTION WITH THE COMMUNICATIONS OR THE PLATFORM.  IN NO EVENT SHALL THE INDEMNIFIED PARTIES HAVE ANY LIABILITY TO ANY OBLIGOR, ANY LENDER OR ANY OTHER PERSON FOR DAMAGES OF ANY KIND, WHETHER OR NOT BASED ON STRICT LIABILITY AND INCLUDING DIRECT OR INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, LOSSES OR EXPENSES (WHETHER IN TORT, CONTRACT OR OTHERWISE) ARISING OUT OF ANY OBLIGOR'S OR THE ADMINISTRATIVE AGENT'S TRANSMISSION OF COMMUNICATIONS THROUGH THE INTERNET, EXCEPT TO THE EXTENT THE LIABILITY OF ANY INDEMNIFIED PARTY IS FOUND IN A FINAL RULING BY A COURT OF COMPETENT JURISDICTION TO HAVE RESULTED PRIMARILY FROM SUCH INDEMNIFIED PARTY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

(d)  The Administrative Agent agrees that the receipt of the Communications by the Administrative Agent at its e-mail address set forth above shall constitute effective delivery of the Communications to the Administrative Agent for purposes of the Loan Documents.  Each Lender agrees that receipt of notice to it (as provided in the next sentence) specifying that the Communications have been posted to the Platform shall constitute effective delivery of the Communications to such Lender for purposes of the Loan Documents.  Each Lender agrees to notify the Administrative Agent in writing (including by electronic communication) from time to time of such Lender's e-mail address to which the foregoing notice may be sent by electronic transmission and that the foregoing notice may be sent to such e-mail address.

(e)  Nothing herein shall prejudice the right of the Administrative Agent or any Lender to give any notice or other communication pursuant to any Loan Document in any other manner specified in such Loan Document.

SECTION 9.10   Proofs of Claim.  The Lenders and the Borrower hereby agree that after the occurrence of an Event of Default pursuant to Section 8.1.7, in case of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to any of the Obligors, the Administrative Agent (irrespective of whether the principal of any Loan shall then be due and payable as herein expressed or by declaration or otherwise and irrespective of whether Administrative Agent shall have made any demand on any of the Obligors) shall be entitled and empowered, by intervention in such proceeding or otherwise:

(a)  to file and prove a claim for the whole amount of principal and interest owing and unpaid in respect of the Loans and any other Obligations (excluding Obligations arising under any Rate Protection Agreement) that are owing and unpaid and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Lenders, the Administrative Agent and other agents appointed by the Administrative Agent (including any claim for the reasonable compensation, expenses,

disbursements and advances of the Lenders, the Administrative Agent and such other agents and their agents and counsel and all other amounts due Lenders, Administrative Agent and such other agents hereunder) allowed in such judicial proceeding; and

(b) to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same;

and any custodian, receiver, assignee, trustee, liquidator, sequestrator or other similar official in any such judicial proceeding is hereby authorized by each Lender to make such payments to the Administrative Agent and, in the event that the Administrative Agent shall consent to the making of such payments directly to the Lenders, to pay to the Administrative Agent any amount due for the reasonable compensation, expenses, disbursements and advances of Administrative Agent and its agents and counsel, and any other amounts due Administrative Agent and other agents hereunder. Nothing herein contained shall be deemed to authorize Administrative Agent to authorize or consent to or accept or adopt on behalf of any Lender any plan of reorganization, arrangement, adjustment or composition affecting the Obligations or the rights of any Lenders or to authorize Administrative Agent to vote in respect of the claim of any Lender in any such proceeding. Further, nothing contained in this Section shall affect or preclude the ability of any Lender to (i) file and prove such a claim in the event that the Administrative Agent has not acted within ten days prior to any applicable bar date and (ii) require an amendment of the proof of claim to accurately reflect such Lender's outstanding Obligations.

ARTICLE X
MISCELLANEOUS PROVISIONS

SECTION 10.1 <u>Waivers, Amendments, etc</u>. The provisions of each Loan Document (other than a Fee Letter, which shall be modified only in accordance with its terms) may from time to time be amended, modified or waived, if such amendment, modification or waiver is in writing and consented to by the Borrower and the Required Lenders; <u>provided</u>, that no such amendment, modification or waiver shall:

(a) modify <u>clause (b)</u> of <u>Section 4.7</u>, <u>Section 4.8</u> (as it relates to sharing of payments) or this Section, in each case, without the consent of all Lenders;

(b) increase the aggregate amount of any Loans held by a Lender or extend the final Stated Maturity Date for any Lender's Loan, in each case without the consent of such Lender (it being agreed, however, that any vote to rescind any acceleration made pursuant to <u>Section 8.2</u> and <u>Section 8.3</u> of amounts owing with respect to the Loans and other Obligations shall only require the vote of the Required Lenders);

(c) reduce (by way of forgiveness), the principal amount of or reduce the rate of interest on any Lender's Loan, reduce any fees described in <u>Article III</u> payable to any Lender or extend the date on which interest or fees are payable in respect of such Lender's Loans, in each case without the consent of such Lender (<u>provided</u> that, the vote of Required Lenders shall be sufficient to waive the payment, or reduce the increased portion, of interest accruing under <u>Section 3.2.2</u>);

(d)  make any change to the definition of "Required Lenders" or modify any requirement hereunder that any particular action be taken by all Lenders without the consent of all Lenders;

(e)  except with the consent of the Lenders holding more than 90% of the aggregate amount of outstanding Loans, release (i) either Borrower from its Obligations under the Loan Documents or any Guarantor from its obligations under a Guaranty or (ii) all or substantially all of the collateral under the Loan Documents; or

(f)  affect adversely the interests, rights or obligations of the Administrative Agent (in its capacity as the Administrative Agent) unless consented to by the Administrative Agent.

No failure or delay on the part of any Secured Party in exercising any power or right under any Loan Document shall operate as a waiver thereof, nor shall any single or partial exercise of any such power or right preclude any other or further exercise thereof or the exercise of any other power or right.  No notice to or demand on any Obligor in any case shall entitle it to any notice or demand in similar or other circumstances.  No waiver or approval by any Secured Party under any Loan Document shall, except as may be otherwise stated in such waiver or approval, be applicable to subsequent transactions.  No waiver or approval hereunder shall require any similar or dissimilar waiver or approval thereafter to be granted hereunder.

SECTION 10.2   Notices; Time.  All notices and other communications provided under each Loan Document shall be in writing or by facsimile and addressed, delivered or transmitted, if to the Borrower, the Administrative Agent or a Lender, to the applicable Person at its address or facsimile number set forth on Schedule II hereto or set forth in the Lender Assignment Agreement, or at such other address or facsimile number as may be designated by such party in a notice to the other parties.  Any notice, if mailed and properly addressed with postage prepaid or if properly addressed and sent by pre-paid courier service, shall be deemed given when received; any notice, if transmitted by facsimile, shall be deemed given when the confirmation of transmission thereof is received by the transmitter.  The parties hereto agree that delivery of an executed counterpart of a signature page to this Agreement and each other Loan Document by facsimile (or electronic transmission) shall be effective as delivery of an original executed counterpart of this Agreement or such other Loan Document.  Unless otherwise indicated, all references to the time of a day in a Loan Document shall refer to New York time.

SECTION 10.3   Payment of Costs and Expenses.  Whether or not the transactions contemplated hereby shall be consummated, the Borrower agrees to pay promptly, and in any event within thirty (30) days after written demand therefor, (a) all the actual and reasonable costs and expenses of preparation of this Agreement and the other Loan Documents and any consents, amendments, waivers or other modifications thereto; (b) all the costs of furnishing all opinions by counsel for the Borrower and the other Obligors; (c) the reasonable fees, expenses and disbursements of counsel to the Administrative Agent in connection with the negotiation, preparation, execution and administration of this Agreement and the other Loan Documents and any consents, amendments, waivers or other modifications thereto and any other documents or matters in connection therewith; (d) all the actual costs and expenses of creating and perfecting Liens in favor of the Administrative Agent, for the benefit of the Lenders pursuant hereto,

including filing and recording fees, search fees, title insurance premiums and fees, expenses and disbursements of counsel to the Administrative Agent and of counsel providing any opinions that the Administrative Agent or Required Lenders may request in respect of the Collateral or the Liens created pursuant to the Loan Documents; (e) all the actual reasonable costs and fees, expenses and disbursements of any auditors, accountants, consultants or appraisers whether internal or external; (f) all the actual reasonable costs and expenses (including the fees, expenses and disbursements of counsel and of any appraisers, consultants, advisors and agents employed or retained by the Administrative Agent and its counsel) in connection with the custody or preservation of any of the Collateral; (g) all other actual reasonable costs and expenses incurred by the Administrative Agent in connection with the negotiation, preparation and execution of this Agreement and the Loan Documents and any consents, amendments, waivers or other modifications thereto and the transactions contemplated thereby; and (h) after the occurrence of a Default or an Event of Default, all reasonable costs and expenses, including reasonable attorneys' fees and expenses and costs of settlement, incurred by the Administrative Agent and the Required Lenders in enforcing any Obligations or in collecting any payments due from any Obligor hereunder or under the other Loan Documents by reason of such Default or Event of Default (including in connection with the sale of, collection from, or other realization upon any of the Collateral or the enforcement of any Guaranty) or in connection with any refinancing or restructuring of the credit arrangements provided hereunder in the nature of a "work out" or pursuant to any insolvency or bankruptcy cases or proceedings.

SECTION 10.4    Indemnification.  In consideration of the execution and delivery of this Agreement by each Secured Party, the Borrower hereby indemnifies, exonerates and holds each Secured Party and each of their respective affiliates and their and their affiliates' officers, directors, employees, advisors and agents (collectively, the "Indemnified Parties") free and harmless from and against any and all losses, claims, demands, suits, actions, investigations, proceedings, liabilities, fines, costs, judgments, penalties, and damages, and all reasonable fees and disbursements of attorneys, experts, or consultants and all other costs and expenses actually incurred in connection therewith or in connection with the enforcement of this indemnification (as and when they are incurred and irrespective of whether suit is brought), at any time asserted against, imposed upon, or incurred by any of them (collectively, the "Indemnified Liabilities") as a result of, or arising out of, or relating to:

(a)  the execution and delivery, enforcement, performance, or administration (including any restructuring or workout with respect hereto) of this Agreement, any of the other Loan Documents, or the Transactions contemplated hereby or thereby or the monitoring of Borrower's and the other Obligors' compliance with the terms of the Loan Documents;

(b)  any investigation, litigation, or proceeding related to this Agreement, any other Loan Document, or the use of the proceeds of the credit provided hereunder (irrespective of whether any Indemnified Party is a party thereto), or any act, omission, event, or circumstance in any manner related thereto;

(c)  any investigation, litigation or proceeding related to any acquisition or proposed acquisition by any Obligor or any Subsidiary thereof of all or any portion of the

Capital Securities or assets of any Person, whether or not an Indemnified Party is party thereto;

(d) (i) the Release from any real property owned or operated by any Obligor or any Subsidiary thereof of any Hazardous Material (including any losses, liabilities, damages, injuries, costs, expenses or claims asserted or arising under any Environmental Law), or (ii) each Lender's Environmental Liability (the indemnification herein shall survive repayment of the Obligations and any transfer of the property of any Obligor or its Subsidiaries by foreclosure or by a deed in lieu of foreclosure for any Lender's Environmental Liability); in each case of clauses (i) and (ii), other than any Release or Lender's Environmental Liability first caused and first created after the Administrative Agent completes the sale and the transfer of the respective real property pursuant to a foreclosure or deed in lieu of foreclosure;

provided that the Borrower shall not be required to indemnify any Indemnified Party to the extent the applicable Indemnified Liability arises by reason of such Indemnified Party's gross negligence or willful misconduct as determined by a final judgment of a court of competent jurisdiction.  If and to the extent that the foregoing undertaking may be unenforceable for any reason, each Obligor agrees to make the maximum contribution to the payment and satisfaction of each of the Indemnified Liabilities which is permissible under applicable law.  To the extent permitted by applicable law, the Borrower and each other Obligor shall not assert, and hereby waive, any claim against any Indemnified Party, on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, in connection with, or as a result of, this Agreement or any agreement or instrument contemplated hereby, any Loan or the use of the proceeds thereof.

SECTION 10.5   Survival.  The obligations of the Borrower under Sections 4.3, 4.4, 4.5, 4.6, 10.3 and 10.4, and the obligations of the Lenders under Section 9.1, shall in each case survive any assignment from one Lender to another (in the case of Sections 10.3 and 10.4), the occurrence of the Termination Date and the resignation or removal of the Administrative Agent. The representations and warranties made by each Obligor in each Loan Document shall survive the execution and delivery of such Loan Document.

SECTION 10.6   Severability.  Any provision of any Loan Document which is prohibited or unenforceable in any jurisdiction shall, as to such provision and such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of such Loan Document or affecting the validity or enforceability of such provision in any other jurisdiction.

SECTION 10.7   Headings.  The various headings of each Loan Document are inserted for convenience only and shall not affect the meaning or interpretation of such Loan Document or any provisions thereof.

SECTION 10.8   Execution in Counterparts, Effectiveness, etc.  This Agreement may be executed by the parties hereto in several counterparts, each of which shall be an original (whether such counterpart is originally executed or an electronic copy of an original and each party hereto expressly waives its rights to receive originally executed documents other than with

respect to any documents for which originals are required for any filing or perfection) and all of which shall constitute together but one and the same agreement. This Agreement shall become effective when counterparts hereof executed on behalf of the Borrower shall have been received by the Administrative Agent.

SECTION 10.9   Governing Law; Entire Agreement.  EACH LOAN DOCUMENT WILL EACH BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING FOR SUCH PURPOSE SECTIONS 5-1401 AND 5-1402 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK).  The Loan Documents constitute the entire understanding among the parties hereto with respect to the subject matter thereof and supersede any prior agreements, written or oral, with respect thereto.

SECTION 10.10   Successors and Assigns.  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns; provided that, the Borrower may not assign or transfer its rights or obligations hereunder without the consent of all Lenders.

SECTION 10.11   Sale and Transfer of Loans; Participations in Loans; Notes.  Each Lender may assign, or sell participations in, its Loans to one or more other Persons in accordance with the terms set forth below.

(a)  Any Lender may, with the consent of the Borrower (such consent (x) not to be unreasonably withheld or delayed and (y) to be required only to the extent no default under Sections 8.1.1 or 8.1.7 has occurred and is continuing), assign to one or more Eligible Assignees all or a portion of its rights and obligations under this Agreement (including all or a portion of its Loans at the time owing to it); provided that:

(i)   the principal outstanding balance of the Loans of the assigning Lender subject to each such assignment (determined as of the date the Lender Assignment Agreement with respect to such assignment is delivered to the Administrative Agent) shall not be less than $1,000,000, unless (A) the Administrative Agent and, so long as no Event of Default has occurred and is continuing, the Borrower otherwise consents (each such consent not to be unreasonably withheld or delayed); (B) such assignment is an assignment of the entire remaining amount of the assigning Lender's Loans at the time owing to it, (C) such assignment is an assignment to a Lender or an Affiliate of a Lender or an Approved Fund with respect to a Lender or (D) such assignment is to one or more Eligible Assignees managed by an Affiliate of such Eligible Assignee(s) and the aggregate amount of such assignments is not less than $1,000,000;

(ii)   each partial assignment shall be made as an assignment of a proportionate part of all the assigning Lender's rights and obligations under this Agreement with respect to the Loans assigned; and

(iii)   the parties to each assignment shall (A) electronically execute and deliver to the Administrative Agent a Lender Assignment Agreement via an electronic settlement system acceptable to the Administrative Agent or (B) with the consent of the

Administrative Agent, manually execute and deliver to the Administrative Agent a Lender Assignment Agreement, together with, in either case, a processing and recordation fee of $1,000 (which fee may be waived or reduced in the sole discretion of the Administrative Agent) and if the Eligible Assignee is not a Lender, administrative details information with respect to such Eligible Assignee and applicable tax forms.

(b)  Subject to acceptance and recording thereof by the Administrative Agent pursuant to clause (c), from and after the effective date specified in each Lender Assignment Agreement, (i) the Eligible Assignee thereunder shall be a party hereto and, to the extent of the interest assigned by such Lender Assignment Agreement, have the rights and obligations of a Lender under this Agreement, and (ii) the assigning Lender thereunder shall, to the extent of the interest assigned by such Lender Assignment Agreement, subject to Section 10.5, be released from its obligations under this Agreement (and, in the case of a Lender Assignment Agreement covering all of the assigning Lender's rights and obligations under this Agreement, such Lender shall cease to be a party hereto, but shall continue to be entitled to the benefits of any provisions of this Agreement which by their terms survive the termination of this Agreement).  If the consent of the Borrower to an assignment or to an Eligible Assignee is required hereunder (including a consent to an assignment which does not meet the minimum assignment thresholds specified in this Section), the Borrower shall be deemed to have given its consent ten days after the date notice thereof has been delivered by the assigning Lender (through the Administrative Agent or ClearPar, LLC) unless such consent is expressly refused by the Borrower prior to such tenth day.

(c)  The Administrative Agent shall record each assignment made in accordance with this Section in the Register pursuant to clause (a) of Section 2.5 and at the request of the Borrower give the Borrower notice of such assignments.  The Register shall be available for inspection by the Borrower and any Lender (in respect of its own position only), at any reasonable time and from time to time upon reasonable prior notice.

(d)  Any Lender may, without the consent of, or notice to, the Borrower or the Administrative Agent, sell participations to one or more banks or other entities other than an Ineligible Assignee (a "Participant") in all or a portion of such Lender's rights and/or obligations under this Agreement (including all or a portion of its Loans owing to it); provided that (i) such Lender's obligations under this Agreement shall remain unchanged, (ii) such Lender shall remain solely responsible to the other parties hereto for the performance of such obligations and (iii) the Borrower, the Administrative Agent and the other Lenders shall continue to deal solely and directly with such Lender in connection with such Lender's rights and obligations under this Agreement.  Any agreement or instrument pursuant to which a Lender sells such a participation shall provide that such Lender shall retain the sole right to enforce this Agreement and to approve any amendment, modification or waiver of any provision of this Agreement; provided that such agreement or instrument may provide that such Lender will not, without the consent of the Participant, agree to any amendment, modification or waiver with respect to any of the items set forth in clauses (a) through (e) of Section 10.1, in each case except as otherwise specifically provided in a Loan Document.  Subject to clause (e), the Borrower agrees that each Participant shall be entitled to the benefits of Sections 4.3, 4.4, 4.5, 4.6, 7.1.1, 10.3 and 10.4 to the same extent as if it were a Lender and had acquired its interest by assignment pursuant to clause (b).  To the extent permitted by law, each Participant also shall be entitled to the benefits of Section 4.9 as though it were a Lender, provided such Participant agrees to be subject to

Sections 4.8 and 4.10 as though it were a Lender. Each Lender shall, as agent of the Borrower solely for the purpose of this Section, record in book entries maintained by such Lender the name and address of each Participant and the principal amounts (and stated interest) of each Participant's interest in the obligations under this Agreement (the "Participant Register"). The entries in the Participant Register shall be conclusive and binding absent manifest error, and such Lender shall treat each person whose name is recorded in the Participant Register as the owner of such participation for all purposes of this Agreement notwithstanding any notice to the contrary. If requested by the Administrative Agent or the Borrowers, such Lender shall make the Participant Register available to the Administrative Agent or to the Borrower upon either (i) the exercise by a Participant of remedies hereunder or (ii) a request for the Participant Register by the IRS.

(e)  A Participant shall not be entitled to receive any greater payment under Sections 4.3, 4.4, 4.5, 4.6, 10.3 and 10.4, as of the time of the sale of such participation, than the applicable Lender would have been entitled to receive with respect to the participation sold to such Participant, unless the sale of the participation to such Participant is made with the Borrower's prior written consent. A Participant shall not be entitled to the benefits of Section 4.6 unless the Borrower is notified of the participation sold to such Participant and such Participant agrees, for the benefit of the Borrower, to comply with the requirements set forth in Section 4.6 as though it were a Lender that acquired its interest by assignment. In addition, if at the time of the sale of such participation, any greater Taxes subject to payment under Section 4.6 would apply to the Participant than applied to the applicable Lender, then such Participant shall not be entitled to any payment under Section 4.6 with respect to the portion of such Taxes as exceeds the Taxes applicable to the Lender at the time of the sale of the participation unless the Participant's request for the Borrower's prior written consent for the Participation described in the first sentence of this clause states that such greater Taxes would be applicable to such Participant, it being understood that the Participant shall be entitled to additional payments under Section 4.6 to the extent such Lender selling the participation would be entitled to any payment resulting from a change in law occurring after the time the participation was sold.

(f)  Any Lender may at any time pledge or assign a security interest in all or any portion of its rights under this Agreement to secure obligations of such Lender, including any pledge or assignment to secure obligations to a Federal Reserve Bank; provided that no such pledge or assignment of a security interest shall release a Lender from any of its obligations hereunder or substitute any such pledgee or assignee for such Lender as a party hereto.

(g)  Notwithstanding anything to the contrary contained herein, any Lender ("Granting Lender") may grant to a special purpose funding vehicle (a "SPC"), identified as such in writing from time to time by the Granting Lender to the Administrative Agent and the Borrower, the option to provide to the Borrower all or any part of any Loan that such Granting Lender would otherwise be obligated to make to the Borrower pursuant to this Agreement; provided that (x) nothing herein shall constitute a commitment by any SPC to make any Loans and (y) if an SPC elects not to exercise such option or otherwise fails to provide all or any part of such Loan, the Granting Lender shall be obligated to make such Loan pursuant to the terms hereof. Each party hereto hereby agrees that no SPC shall be liable for any indemnity or similar payment obligation under this Agreement (all liability for which shall remain with the Granting Lender). In furtherance of the foregoing, each party hereto hereby agrees (which agreement shall survive the

termination of this Agreement) that, prior to the date that is one year and one day after the payment in full of all outstanding commercial paper or other senior indebtedness of any SPC, it will not institute against, or join any other person in instituting against, such SPC any bankruptcy, reorganization, arrangement, insolvency or liquidation proceedings under the laws of the United States or any State thereof.  In addition, notwithstanding anything to the contrary contained in this clause, any SPC may (i) with notice to, but without the prior written consent of, the Borrower or the Administrative Agent and without paying any processing fee therefor, assign all or a portion of its interests in any Loans to the Granting Lender or to any financial institutions (consented to by the Borrower) providing liquidity and/or credit support to or for the account of such SPC to support the funding or maintenance of Loans and (ii) disclose on a confidential basis any non-public information relating to its Loans to any rating agency, commercial paper dealer or provider of any surety, guarantee or credit or liquidity enhancement to such SPC.  This Section may not be amended without the written consent of the SPC.  The Borrower acknowledges and agrees, subject to the next sentence, that, to the fullest extent permitted under applicable law, each SPC, for purposes of Sections 4.3, 4.4, 4.5, 4.6, 4.8, 4.9, 10.3 and 10.4, shall be considered a Lender (provided, in the case of Section 4.6, that the SPC complies with the requirements of such Section as if it were a Lender that acquired its interest by assignment).  The Borrower shall not be required to pay any amount under Sections 4.3, 4.4, 4.5, 4.6, 10.3 and 10.4 that is greater than the amount which it would have been required to pay had no grant been made by a Granting Lender to a SPC.

     SECTION 10.12   Other Transactions.  Nothing contained herein shall preclude the Administrative Agent or any other Lender from engaging in any transaction, in addition to those contemplated by the Loan Documents, with the Borrower or any of its Affiliates in which the Borrower or such Affiliate is not restricted hereby from engaging with any other Person.

     SECTION 10.13   Forum Selection and Consent to Jurisdiction.  ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, ANY LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF THE ADMINISTRATIVE AGENT, THE LENDERS OR THE BORROWER IN CONNECTION HEREWITH OR THEREWITH MAY BE BROUGHT AND MAINTAINED IN THE COURTS OF THE STATE OF NEW YORK OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; PROVIDED THAT, ANY SUIT SEEKING ENFORCEMENT AGAINST ANY COLLATERAL OR OTHER PROPERTY MAY BE BROUGHT, AT THE ADMINISTRATIVE AGENT'S OPTION (ACTING AT THE WRITTEN DIRECTION OF THE REQUIRED LENDERS), IN THE COURTS OF ANY JURISDICTION WHERE SUCH COLLATERAL OR OTHER PROPERTY MAY BE FOUND.  THE BORROWER IRREVOCABLY CONSENTS TO THE SERVICE OF PROCESS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, OR BY PERSONAL SERVICE WITHIN OR WITHOUT THE STATE OF NEW YORK AT THE ADDRESS FOR NOTICES SPECIFIED IN SECTION 10.2.  THE BORROWER HEREBY EXPRESSLY AND IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY HAVE OR HEREAFTER MAY HAVE TO THE LAYING OF VENUE OF ANY SUCH LITIGATION BROUGHT IN ANY SUCH COURT REFERRED TO ABOVE AND ANY CLAIM THAT ANY SUCH LITIGATION HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.  TO THE EXTENT THAT THE BORROWER HAS OR

HEREAFTER MAY ACQUIRE ANY IMMUNITY FROM JURISDICTION OF ANY COURT OR FROM ANY LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT, ATTACHMENT IN AID OF EXECUTION OR OTHERWISE) WITH RESPECT TO ITSELF OR ITS PROPERTY, THE BORROWER HEREBY IRREVOCABLY WAIVES TO THE FULLEST EXTENT PERMITTED BY LAW SUCH IMMUNITY IN RESPECT OF ITS OBLIGATIONS UNDER THE LOAN DOCUMENTS.

SECTION 10.14   Waiver of Jury Trial.  THE ADMINISTRATIVE AGENT, EACH LENDER AND THE BORROWER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE TO THE FULLEST EXTENT PERMITTED BY LAW ANY RIGHTS THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, EACH LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF THE ADMINISTRATIVE AGENT, SUCH LENDER OR THE BORROWER IN CONNECTION THEREWITH.  THE BORROWER ACKNOWLEDGES AND AGREES THAT IT HAS RECEIVED FULL AND SUFFICIENT CONSIDERATION FOR THIS PROVISION (AND EACH OTHER PROVISION OF EACH OTHER LOAN DOCUMENT TO WHICH IT IS A PARTY) AND THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE ADMINISTRATIVE AGENT AND EACH LENDER ENTERING INTO THE LOAN DOCUMENTS.

SECTION 10.15   Confidentiality.

(a)  Subject to the provisions of clause (b) of this Section, each Lender agrees that it will follow its customary procedures in an effort not to disclose without the prior consent of the Borrower (other than to its employees, auditors, advisors or counsel or to another Lender if the Lender or such Lender's holding or parent company in its sole discretion determines that any such party should have access to such information, provided such Persons shall be subject to the provisions of this Section to the same extent as such Lender) any information which is now or in the future furnished pursuant to this Agreement or any other Loan Document, provided that any Lender may disclose any such information (i) as has become generally available to the public other than by virtue of a breach of this clause by the respective Lender or any other Person to whom such Lender has provided such information as permitted by this Section, (ii) as may be required or appropriate in any report, statement or testimony submitted to any municipal, state, provincial or Federal regulatory body having or claiming to have jurisdiction over such Lender or to the Federal Reserve Board or the Federal Deposit Insurance Corporation or similar organizations (whether in the United States or elsewhere) or their successors, (iii) as may be required or appropriate in respect to any summons or subpoena or in connection with any litigation, (iv) in order to comply with any law, order, regulation or ruling applicable to such Lender, (v) to the Administrative Agent, (vi) to any pledgee referred to in clause (f) of Section 10.11 or any prospective or actual transferee or participant in connection with any contemplated transfer or participation of any of the Notes or Loans or any interest therein by such Lender, provided that such prospective transferee agrees to be bound by the confidentiality provisions contained in this Section, (vii) to any direct or indirect contractual counterparty in swap agreements or such contractual counterparty's professional advisor (so long as such

contractual counterparty or professional advisor to such contractual counterparty agrees to be bound by the provisions of this Section) and (viii) to the National Association of Insurance Commissioners or any similar organization or any nationally recognized rating agency that requires access to information about a Lender's investment portfolio in connection with ratings issued with respect to such Lender.

(b)  The Borrower hereby acknowledges and agrees that each Lender may share with any of its Affiliates, and such Affiliates may share with such Lender, any information related to the Borrower or any of its Subsidiaries, provided such Persons shall be subject to the provisions of this Section to the same extent as such Lender.

Notwithstanding the foregoing paragraphs of this Section, any party to this Agreement (and each Affiliate, director, officer, employee, agent or representative of the foregoing or such Affiliate) may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the Transactions contemplated herein and all materials of any kind (including opinions or other tax analyses) that are provided to such party relating to such tax treatment or tax structure.  The foregoing language is not intended to waive any confidentiality obligations otherwise applicable under this Agreement except with respect to the information and materials specifically referenced in the preceding sentence.  This authorization does not extend to disclosure of any other information, including (a) the identity of participants or potential participants in the transactions contemplated herein, (b) the existence or status of any negotiations, or (c) any financial, business, legal or personal information of or regarding a party or its affiliates, or of or regarding any participants or potential participants in the transactions contemplated herein (or any of their respective affiliates), in each case to the extent such other information is not related to the tax treatment or tax structure of the transactions contemplated herein.

SECTION 10.16   Counsel Representation.  THE BORROWER ACKNOWLEDGES AND AGREES THAT IT HAS BEEN REPRESENTED BY COMPETENT COUNSEL IN THE NEGOTIATION OF THIS AGREEMENT, AND THAT ANY RULE OR CONSTRUCTION OF LAW ENABLING THE BORROWER TO ASSERT THAT ANY AMBIGUITIES OR INCONSISTENCIES IN THE DRAFTING OR PREPARATION OF THE TERMS OF THIS AGREEMENT SHOULD DIMINISH ANY RIGHTS OR REMEDIES OF THE ADMINISTRATIVE AGENT OR THE OTHER SECURED PARTIES ARE HEREBY WAIVED BY THE BORROWER.

SECTION 10.17   Patriot Act.  Each Lender hereby notifies the Borrower that pursuant to the requirements of the Patriot Act, it is required to obtain, verify and record information that identifies the Borrower, which information includes the name and address of the Borrower and other information that will allow such Lender to identify the Borrower in accordance with the Patriot Act.

SECTION 10.18   Authorization of Administrative Agent.  Each Lender agrees that any action taken by the Administrative Agent in accordance with the terms of this Agreement or the other Loan Documents relating to the Collateral and the exercise by the Administrative Agent of its powers set forth therein or herein, together with such other powers that are reasonably incidental thereto, shall be binding upon all of the Lenders.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their respective officers thereunto duly authorized as of the day and year first above written.

WORKFLOWONE LLC


By: _____
    Name:
    Title:

THE BANK OF NEW YORK MELLON,
as the Administrative Agent

By:_____
    Name:
    Title:

## DISCLOSURE SCHEDULE TO CREDIT AGREEMENT

ITEM 5.5(c)  Indebtedness with respect to which UCC-3 termination statements will be filed.

ITEM 6.6.  Litigation.

ITEM 6.7.  Existing Subsidiaries.

ITEM 6.11.  Environmental Matters.

ITEM 6.13.  Labor Matters.

ITEM 6.15(a)  Deposit Accounts of Borrower and each Subsidiary.

ITEM 6.15(b)  Securities Accounts of Borrower and each Subsidiary.

ITEM 7.1.10.  Landlord's Agreements and Bailee Letters.

ITEM 7.2.2(b)  Indebtedness Existing as of the Effective Date.

| CREDITOR | OUTSTANDING PRINCIPAL AMOUNT |
| --- | --- |

ITEM 7.2.3(b)  Ongoing Liens.

ITEM 7.2.5(a)  Ongoing Investments.

PERCENTAGES;
LIBOR OFFICE;
DOMESTIC OFFICE

WorkflowOne LLC
[220 East Monument Avenue
Dayton, Ohio 45402
Attention: Chief Financial Officer
Telephone: (___) ___-____
Facsimile: (___) ___-____
E-mail: pbogutsky@workflowmanagement.com]

| NAME AND NOTICE ADDRESS OF LENDER | LIBO OFFICE | DOMESTIC OFFICE | LOAN PERCENTAGE |
|---|---|---|---|
| [To come from CS] | | | |

SCHEDULE III
SPECIFIED EBITDA

| For the Period | $ |
|---|---|
| July 1, 2010 – September 30, 2010 | $12,272,000 |
| October 1, 2010 – December 31, 2010 | $11,466,000 |
| January 1, 2011 – Effective Date | $7,638,000[2] |

---

[2] Calculated assuming Effective Date of February 28, 2011.

**<u>Exhibit G</u>**
(Newco First Lien Notes)

# FORM OF NOTE

$_____                                                    [●], 2011


FOR VALUE RECEIVED, WORKFLOWONE LLC, a Delaware limited liability company (the "Borrower"), promises to pay to the order of [Name of Lender] (the "Lender") on the Stated Maturity Date the principal sum of [_____] ($[_____]) or, if less, the aggregate unpaid principal amount of all Loans set forth in the Register (and any continuation thereof) made by the Lender pursuant to that certain First Lien Credit Agreement, dated as of [●], 2011 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "First Lien Credit Agreement"), among the Borrower, the various financial institutions and other Persons from time to time parties thereto as lenders and The Bank of New York Mellon, as Administrative Agent. Terms used in this Note, unless otherwise defined herein, have the meanings provided in the First Lien Credit Agreement.

The Borrower also promises to pay interest on the unpaid principal amount hereof from time to time outstanding from the date hereof until maturity (whether by acceleration or otherwise) and, after maturity, until paid, at the rates per annum and on the dates specified in the First Lien Credit Agreement.

Payments of both principal and interest are to be made in U.S. Dollars in same day or immediately available funds to the account designated by the Lender pursuant to the First Lien Credit Agreement.

This Note is one of the (i) Newco First Lien Notes referred to in the Plan, and evidences the payment obligations of Purchaser (as defined in the Plan) under the First Lien Credit Agreement, (ii) Newco First Lien Loan Notes referred to in the Asset Purchase Agreement, and evidences the payment obligations of Buyer (as defined in the Asset Purchase Agreement) under the First Lien Credit Agreement and (iii) Notes referred to in, and evidences Indebtedness incurred under, the First Lien Credit Agreement, to which reference is made for a description of the security for this Note and for a statement of the terms and conditions on which the Borrower is permitted and required to make prepayments and repayments, in whole or in part, of principal of the Indebtedness evidenced by this Note and on which such Indebtedness may be declared to be immediately due and payable.

All parties hereto, whether as makers, endorsers, or otherwise, severally waive presentment for payment, demand, protest and notice of dishonor.

THIS TERM NOTE HAS BEEN DELIVERED IN NEW YORK, NEW YORK AND SHALL BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING FOR SUCH PURPOSE SECTIONS 5-1401 AND 5-1402 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK).

WORKFLOWONE LLC

By: _____
    Name:
    Title:

## LOANS AND PRINCIPAL PAYMENTS

| Date | Amount of Loan Made | Amount of Principal Repaid | Unpaid Principal Balance | Total | Notation Made By |
|------|---------------------|----------------------------|--------------------------|-------|------------------|
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |

**<u>Exhibit H</u>**
(Newco Second Lien Credit Agreement)

SECOND LIEN CREDIT AGREEMENT


dated as of [●], 2011,


among


WORKFLOWONE LLC,

as the Borrower,


VARIOUS FINANCIAL INSTITUTIONS AND OTHER PERSONS FROM TIME TO TIME
PARTIES HERETO,

as the Lenders,


and


SILVER POINT FINANCE, LLC,
as the Administrative Agent.

Formatted: Right

Formatted: Font: 8 pt

# TABLE OF CONTENTS

**Page**

ARTICLE I        DEFINITIONS AND ACCOUNTING TERMS ........................................... 8

     Section 1.1        Defined Terms ................................................................ 8

     Section 1.2        Use of Defined Terms ...................................................... 32

     Section 1.3        Cross-References ............................................................ 32

     Section 1.4        Accounting and Financial Determinations......................... 32

ARTICLE II        LOANS, CLOSING RATE AND NOTES ................................................... 33

     Section 2.1        Loans............................................................................ 33

     Section 2.2        Term A-Prime Loans. ...................................................... 33

         SECTION 2.2.1 Requests for Term A-Prime Loans Commitments.................... 33

         SECTION 2.2.2 Ranking and Other Provisions. .................................. 34

         SECTION 2.2.3 Term A-Prime Amendment. ....................................... 34

         SECTION 2.2.4 Effective Date and Allocations. ................................. 34

         SECTION 2.2.5 Conditions to Effectiveness to Increase. .................... 34

         SECTION 2.2.6 Effect of Term A-Prime Amendment. ...................... 35

     Section 2.3        Register; Notes .............................................................. 35

ARTICLE III        REPAYMENTS, PREPAYMENTS, INTEREST AND FEES .................... 36

     Section 3.1        Repayments and Prepayments; Application ...................... 36

         SECTION 3.1.1 Repayments and Prepayments. ................................. 36

     Section 3.2        Interest Provisions........................................................... 38

         SECTION 3.2.1 Rates.................................................................. 38

         SECTION 3.2.2 Post-Default Rates.................................................. 39

         SECTION 3.2.3 Payment Dates....................................................... 39

     Section 3.3        Administrative Agent's Fee ............................................. 39

ARTICLE IV        CERTAIN LENDER PROVISIONS ........................................................ 39

     Section 4.1        Increased Capital Costs.................................................... 39

     Section 4.2        Taxes .......................................................................... 40

     Section 4.3        Payments; Proceeds. ....................................................... 42

SECTION 4.3.1 Payments and Computations. ...................................................... 42

SECTION 4.3.2 Proceeds of Collateral and Order of Payments upon Event
of Default. .............................................................................. 43

Section 4.4      Sharing of Payments ........................................................ 43

Section 4.5      Setoff ................................................................................ 44

Section 4.6      Replacement of Lenders ................................................. 44

ARTICLE V      CONDITIONS TO EXCHANGE OF LOANS ........................................... 45

Section 5.1      Resolutions, etc ............................................................... 45

Section 5.2      Entry of Confirmation Order and Consummation of
Transactions .................................................................... 46

Section 5.3      Delivery of Notes ............................................................ 46

Section 5.4      Guarantees ....................................................................... 46

Section 5.5      Security Agreements ........................................................ 46

Section 5.6      Intellectual Property Security Agreements ....................... 47

Section 5.7      Filing Agent, etc. ............................................................ 47

Section 5.8      Intercreditor Agreement .................................................. 47

Section 5.9      Patriot Act Disclosures .................................................. 48

Section 5.10    Compliance with Warranties, No Default, etc .................. 48

ARTICLE VI     REPRESENTATIONS AND WARRANTIES ........................................... 48

Section 6.1      Organization, etc ............................................................. 48

Section 6.2      Due Authorization, Non-Contravention, Defaults etc ...................... 48

Section 6.3      Government Approval, Regulation, etc ............................ 49

Section 6.4      Validity, etc .................................................................... 49

Section 6.5      Financial Information ...................................................... 49

Section 6.6      Litigation, Labor Controversies, etc ................................ 49

Section 6.7      Subsidiaries ..................................................................... 50

Section 6.8      Ownership of Properties .................................................. 50

Section 6.9      Taxes ............................................................................... 50

Section 6.10    Employee Benefit Plans. .................................................. 50

Section 6.11 Environmental Warranties ................................................................ 51

Section 6.12 Regulations U and X.......................................................................... 51

Section 6.13 Labor Matters..................................................................................... 51

Section 6.14 Compliance with Laws ...................................................................... 52

Section 6.15 Deposit Account and Cash Management Accounts............................ 52

Section 6.16 Insurance ............................................................................................ 52

Section 6.17 Material Contracts.............................................................................. 52

ARTICLE VII COVENANTS ................................................................................ 52

Section 7.1 Affirmative Covenants........................................................................ 52

SECTION 7.1.1 Financial Information, Reports, Notices, etc. ........................... 52

SECTION 7.1.2 Maintenance of Existence; Compliance with Contracts, Laws, etc. ................................................................................................ 54

SECTION 7.1.3 Maintenance of Properties. ...................................................... 54

SECTION 7.1.4 Insurance. .................................................................................. 55

SECTION 7.1.5 Books and Records.................................................................... 55

SECTION 7.1.6 Environmental Law Covenant. ................................................. 55

SECTION 7.1.7 Future Guarantors, Security, etc. .............................................. 55

SECTION 7.1.8 Cash Management...................................................................... 56

SECTION 7.1.9 Maintenance of Corporate Separateness. .................................. 57

SECTION 7.1.10 Landlord's Agreements and Bailee Letters.............................. 57

SECTION 7.1.11 Mortgages................................................................................ 57

Section 7.2 Negative Covenants ............................................................................ 57

SECTION 7.2.1 Business Activities.................................................................... 57

SECTION 7.2.2 Indebtedness.............................................................................. 58

SECTION 7.2.3 Liens.......................................................................................... 59

SECTION 7.2.4 Financial Condition and Operations. ........................................ 61

SECTION 7.2.5 Investments. .............................................................................. 63

SECTION 7.2.6 Restricted Payments, etc. ......................................................... 64

SECTION 7.2.7 Capital Expenditures. ................................................................ 65

SECTION 7.2.8 Issuance of Capital Securities. .................................................. 65

SECTION 7.2.9 Consolidation, Merger; Permitted Acquisitions, etc. ................ 66

SECTION 7.2.10 Permitted Dispositions. ............................................................ 66

SECTION 7.2.11 Modification of Certain Agreements. .................................... 67

SECTION 7.2.12 Transactions with Affiliates. .................................................. 67

SECTION 7.2.13 Restrictive Agreements, etc. ................................................... 68

SECTION 7.2.14 Sale and Leaseback. ................................................................ 69

SECTION 7.2.15 Pension Plans. ......................................................................... 69

ARTICLE VIII    EVENTS OF DEFAULT .................................................................. 69

Section 8.1         Listing of Events of Default .................................................... 69

SECTION 8.1.1 Non-Payment of Obligations. .................................................. 69

SECTION 8.1.2 Non-Performance of Certain Covenants and Obligations ......... 69

SECTION 8.1.3 Non-Performance of Other Covenants and Obligations. .......... 69

SECTION 8.1.4 Default on Other Indebtedness ................................................. 69

SECTION 8.1.5 Judgments ................................................................................. 70

SECTION 8.1.6 Change in Control. .................................................................... 70

SECTION 8.1.7 Bankruptcy, Insolvency, etc. .................................................... 70

SECTION 8.1.8 Impairment of Security, etc. ..................................................... 71

Section 8.2         Action if Bankruptcy ............................................................... 71

Section 8.3         Action if Other Event of Default ............................................ 71

ARTICLE IX    THE ADMINISTRATIVE AGENT ..................................................... 71

Section 9.1         Actions. .................................................................................... 71

Section 9.2         Exculpation .............................................................................. 72

Section 9.3         Successor .................................................................................. 75

Section 9.4         Loans by Silver Point .............................................................. 75

Section 9.5         Credit Decisions ...................................................................... 75

Section 9.6         Copies, etc ............................................................................... 76

Section 9.7         Reliance by Administrative Agent ........................................... 76

Section 9.8         Defaults .................................................................................... 76

Section 9.9         Posting of Approved Electronic Communications. ................ 76

Section 9.10 Proofs of Claim ................................................................................... 78

ARTICLE X MISCELLANEOUS PROVISIONS ...................................................... 78

Section 10.1 Waivers, Amendments, etc ................................................................ 78

Section 10.2 Notices; Time ..................................................................................... 79

Section 10.3 Payment of Costs and Expenses ...................................................... 80

Section 10.4 Indemnification ................................................................................. 80

Section 10.5 Survival .............................................................................................. 81

Section 10.6 Severability ........................................................................................ 81

Section 10.7 Headings ............................................................................................ 82

Section 10.8 Execution in Counterparts, Effectiveness, etc ................................. 82

Section 10.9 Governing Law; Entire Agreement .................................................. 82

Section 10.10 Successors and Assigns ...................................................................... 82

Section 10.11 Sale and Transfer of Loans; Participations in Loans; Notes ............. 82

Section 10.12 Other Transactions ............................................................................. 85

Section 10.13 Forum Selection and Consent to Jurisdiction ................................... 85

Section 10.14 Waiver of Jury Trial ........................................................................... 86

Section 10.15 Confidentiality. .................................................................................. 86

Section 10.16 Counsel Representation ..................................................................... 87

Section 10.17 Patriot Act .......................................................................................... 88

Section 10.18 Authorization of Administrative Agent ............................................. 88

SCHEDULE I     -     Disclosure Schedule
SCHEDULE II     -     Percentages and Amounts
SCHEDULE III     -     Specified EBITDA


EXHIBIT A-1     -     Form of Term A-Prime Note
EXHIBIT A-2     -     Form of Term A Note
EXHIBIT A-3     -     Form of Term B Note
EXHIBIT B     -     [Reserved]
EXHIBIT C     -     Form of Lender Assignment Agreement
EXHIBIT D     -     Form of Compliance Certificate
EXHIBIT E-1     -     Form of Parent Guaranty
EXHIBIT E-2     -     Form of Subsidiary Guaranty
EXHIBIT F     -     Form of Pledge and Security Agreement
EXHIBIT G     -     Form of Intercreditor Agreement
EXHIBIT H     -     Form of Mortgage

SECOND LIEN CREDIT AGREEMENT

THIS SECOND LIEN CREDIT AGREEMENT, dated as of [•], 2011, is among WORKFLOWONE LLC, a Delaware limited liability company (the "Borrower"), the various financial institutions and other Persons from time to time parties hereto (the "Lenders") and SILVER POINT FINANCE, LLC ("Silver Point"), as the administrative agent (in such capacity, the "Administrative Agent"), for the Lenders.

W I T N E S S E T H:

WHEREAS, on September 29, 2010, WF Capital Holdings, Inc. and its subsidiaries (collectively, "Bankruptcy Debtors") filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§101-1532, as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division (the "Bankruptcy Court"), jointly administered as In re Workflow Management, Inc., et al., Chapter 11 Case No. 10-74617 (SCS) and continued in the possession of their property and in the management of their businesses pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code (the "Bankruptcy Cases");

WHEREAS, on January 21, 2011, the Bankruptcy Debtors filed with the Bankruptcy Court a Third Amended Joint Chapter 11 Plan of Workflow Management, Inc. and its Affiliated Debtors (the "Plan") and a disclosure statement;

WHEREAS, the Plan contemplates, among other things: (i) the transfer of substantially all assets of the Bankruptcy Debtors to Workflow Holdings LLC, a Delaware limited liability company (the "Parent"), or to another entity or entities designated by Parent, pursuant to the Asset Purchase and Sale Agreement, dated as of January 21, 2011, by and among the Bankruptcy Debtors as Sellers and Parent as Buyer, as amended, supplemented, amended and restated or otherwise modified from time to time prior to the Effective Date and, as permitted hereunder, thereafter (the "Asset Purchase Agreement"); (ii) the cancellation of all Indebtedness outstanding under the First Lien Credit Agreement (as defined in the Plan, and referred to herein as the "Pre-Petition First Lien Credit Agreement") in exchange for the issuance of First Lien Loans under the First Lien Credit Agreement; and (iii) the cancellation of all Indebtedness outstanding under the Second Lien Credit Agreement (as defined in the Plan, and referred to herein as the "Pre-Petition Second Lien Credit Agreement") in exchange for the issuance of (x) the Term A Loans and Term B Loans hereunder and (y) the Newco Preferred Units (as defined in the Plan);

WHEREAS, Parent owns all of the Capital Securities of Borrower and has designated[1] Borrower to purchase substantially all of the assets of the Bankruptcy Debtors pursuant to the Asset Purchase Agreement;

WHEREAS, on [•], 2011, the Bankruptcy Court entered the order confirming the Plan (the "Confirmation Order") pursuant to which, among other things, the Bankruptcy Court approved the transactions contemplated by the Plan;

---

[1] To be designated in bill of sale or by resolution.

WHEREAS, on the date hereof (the "Effective Date"), concurrently with the effectiveness of this Agreement, the Plan shall become effective in accordance with its terms;

WHEREAS, in connection with the transactions contemplated by the Plan and by operation of the Confirmation Order, on the Effective Date, each lender under the Pre-Petition Second Lien Credit Agreement shall receive (via an exchange) its Pro Rata Share (as defined in the Plan) of (x) the Newco Preferred Units (as defined in the Plan) and (y) the Term A Loans and Term B Loans (the "Exchange of Loans") and shall become a Lender hereunder, subject to all of the rights and obligations of a Lender hereunder without any further action on the part of such Lender; and

WHEREAS, the Parent and each Subsidiary of the Borrower, which is or hereafter becomes a party hereto as a Guarantor, is or will be affiliated, is or will be engaged in interrelated businesses, and is or will derive substantial direct and indirect benefit from extensions of credit to the Borrower.

NOW, THEREFORE, the parties hereto agree as follows:

ARTICLE I
DEFINITIONS AND ACCOUNTING TERMS

SECTION 1.1 Defined Terms. The following terms (whether or not underscored) when used in this Agreement, including its preamble and recitals, shall, except where the context otherwise requires, have the following meanings (such meanings to be equally applicable to the singular and plural forms thereof):

"Account Debtor" means any Person who is or who may become obligated under, with respect to, or on account of, an account, chattel paper, or a general intangible or intangible, as applicable, in each case, as such term is defined under the UCC.

"Additional Cash Interest Conditions" means, with respect to any Interest Payment Date occurring on or after May 15, 2012, (a) immediately prior to giving effect to the interest payment on such Interest Payment Date, as of the Business Day immediately preceding such Interest Payment Date, the Adjusted Cash Balance shall be greater than or equal to $25,000,000 and (b) after giving pro forma effect to the payment of interest in cash on the Loans required to be made on such Interest Payment Date pursuant to Section 3.2.1 (but before giving effect to any interest required to be paid pursuant to clause (ii) of Section 3.2.1), the Fixed Charge Coverage Ratio with respect to such Interest Payment Date shall be greater than 2.00 to 1.00.

"Adjusted Cash Balance" means, as of any date, the sum of cash and Cash Equivalent Investments of the Borrower and its Subsidiaries on such date, plus 100% of the amount of all repayments of principal of the Loans made through such date pursuant to Sections 3.1.1(a) and 3.1.1(d) of the First Lien Credit Agreement.

"Administrative Agent" is defined in the preamble and includes each other Person appointed as the successor Administrative Agent pursuant to Section 9.3.

"Affected Lender" is defined in Section 4.10.

"Affiliate" of any Person means any other Person which, directly or indirectly, controls, is controlled by or is under common control with such Person. "Control" of a Person means the power, directly or indirectly,

      (a)     to vote 10% or more of the Capital Securities (on a fully diluted basis) of such Person having ordinary voting power for the election of directors, managing members or general partners (as applicable); or

      (b)     to direct or cause the direction of the management and policies of such Person (whether by contract or otherwise).

"Agreement" means, on any date, this Credit Agreement as originally in effect on the Effective Date and as thereafter from time to time amended, supplemented, amended and restated or otherwise modified from time to time and in effect on such date.

"Approved Fund" means any Person (other than a natural Person) that (a) is engaged in making, purchasing, holding or otherwise investing in commercial loans and similar extensions of credit in the ordinary course of its business, and (b) is administered or managed by a Lender, an Affiliate of a Lender or a Person or an Affiliate of a Person that administers or manages a Lender.

"Assignee Lender" means each future Lender which signs a Lender Assignment Agreement pursuant to Section 10.11.

"Asset Purchase Agreement" is defined in the third recital.

"Authorized Officer" means, relative to any Obligor, those of its officers, general partners or managing members (as applicable) whose signatures and incumbency shall have been certified to the Administrative Agent pursuant to Section 5.1(b).

"Bankruptcy Cases" is defined in the first recital.

"Bankruptcy Code" is defined in the first recital.

"Bankruptcy Court" is defined in the first recital.

"Bankruptcy Debtors" is defined in the first recital.

"Base Margin" means 11.0%.

"Borrower" is defined in the preamble.

"Business Day" means any day which is neither a Saturday nor Sunday nor a legal holiday on which banks are authorized or required to be closed in New York, New York.

"Capital Expenditures" means, for any period, (a) the aggregate amount of all expenditures of the Borrower and its Subsidiaries for fixed or capital assets made during such period which, in accordance with GAAP, would have been (or in accordance with GAAP, should

be) classified as capital expenditures, including the capitalized portion of any Capitalized Lease Liabilities (determined in accordance with GAAP) incurred by the Borrower and its Subsidiaries during such period, less (b) the aggregate amount of expenditures to replace capital assets with Net Disposition Proceeds or Net Casualty Proceeds pursuant to clause (c) of Section 3.1.1; provided, however that Capital Expenditures shall not include expenditures made in connection with the replacement, substitution or restoration of assets to the extent financed with awards of compensation arising from the taking by eminent domain or condemnation of the assets being replaced.

"Capital Securities" means, with respect to any Person, all shares, interests, participations or other equivalents (however designated, whether voting or non-voting) of such Person's capital (including all capital stock, partnership, membership or other equity interests in such Person), whether now outstanding or issued after the Effective Date and whether or not certificated.

"Capitalized Lease Liabilities" means, with respect to any Person, all monetary obligations of such Person and its Subsidiaries under any leasing or similar arrangement which have been (or, in accordance with GAAP, should be) classified as capitalized leases, and for purposes of each Loan Document the amount of such obligations shall be the capitalized amount thereof, determined in accordance with GAAP, and the stated maturity thereof shall be the date of the last payment of rent or any other amount due under such lease prior to the first date upon which such lease may be terminated by the lessee without payment of a premium or a penalty.

"Cash Equivalent Investment" means, at any time:

(a)     any direct obligation of (or unconditionally guaranteed by) the United States or a State thereof (or any agency or political subdivision thereof, to the extent such obligations are supported by the full faith and credit of the United States or a State thereof) maturing not more than one year after such time;

(b)     commercial paper maturing not more than 270 days from the date of issue, which is issued by a corporation (other than an Affiliate of any Obligor) organized under the laws of any State of the United States or of the District of Columbia, and rated A-1 or higher by S&P or P-1 or higher by Moody's;

(c)     any certificate of deposit, time deposit or bankers acceptance, maturing not more than one year after its date of issuance, which is issued by any bank organized under the laws of the United States (or any State thereof), and which has (x) a credit rating of A2 or higher from Moody's or A or higher from S&P and (y) a combined capital and surplus greater than $500,000,000;

(d)     shares of money market mutual or similar funds which invest exclusively in assets satisfying the requirements of clauses (a) through (c) of this definition;

(e)     money market funds that (i) purport to comply generally with the criteria set forth in SEC Rule 2a-7 under the Investment Company Act of 1940, as amended, (ii) are rated AAA by S&P or Aaa by Moody's or carrying an equivalent rating by a national recognized rating agency, and (iii) have portfolio assets of at least $5,000,000,000; or

(f)     any repurchase agreement having a term of 30 days or less entered into with any Lender or any commercial banking institution satisfying the criteria set forth in <u>clause (c)</u> which

(i)     is secured by a fully perfected security interest in any obligation of the type described in <u>clause (a)</u>, and

(ii)     has a market value at the time such repurchase agreement is entered into of not less than 100% of the repurchase obligation of such commercial banking institution thereunder.

"<u>Cash Interest Conditions</u>" means, with respect to the Business Day immediately preceding any Interest Payment Date, that (a) after giving pro forma effect to the payment of interest in cash on such Interest Payment Date pursuant to <u>Section 3.2.1</u>, cash and Cash Equivalent Investments of the Borrower and its Subsidiaries shall be equal to or greater than $12,500,000, and (b) EBITDA for the four-quarter period ended as of the most recent fiscal quarter of the Borrower ended prior to such Interest Payment Date, shall be equal to or greater than $37,500,000.

"<u>Casualty Event</u>" means the damage, destruction or condemnation, as the case may be, of property of any Person or any of its Subsidiaries.

"<u>CERCLA</u>" means the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended.

"<u>CERCLIS</u>" means the Comprehensive Environmental Response, Compensation and Liability Information System database.

"<u>Change in Control</u>" means:

(a)     the failure of Parent at any time to directly own beneficially and of record on a fully diluted basis 100% of the outstanding Capital Securities of the Borrower, such Capital Securities to be held free and clear of all Liens (other than Liens granted under a Loan Document or a Second Lien Loan Document); or

(b)     an event by which any "person" or "group" (as such terms are used in Sections 13(d) and 14(d) of the Exchange Act) other than the Permitted Holders is or becomes the beneficial owner of Capital Securities of the Parent representing more than 50% of the economic power of the total outstanding Capital Securities of the Parent.

"<u>Closing Date</u>" means the Effective Date.

"<u>Code</u>" means the Internal Revenue Code of 1986, and the regulations thereunder, in each case as amended, reformed or otherwise modified from time to time.

"<u>Collections</u>" means all cash, checks, notes, instruments and other items of payment (including insurance proceeds, proceeds of cash sales, rental proceeds and tax refunds) of the Borrower and its Subsidiaries.

"<u>Communications</u>" is defined in <u>clause (a)</u> of <u>Section 9.9</u>.

"<u>Compliance Certificate</u>" means a certificate duly completed and executed by an Authorized Officer of the Borrower, substantially in the form of <u>Exhibit D</u> hereto, together with such changes thereto as the Administrative Agent may from time to time request for the purpose of monitoring the Borrower's compliance with the financial covenants contained herein.

"<u>Confirmation Order</u>" is defined in the <u>fifth recital</u>.

"<u>Contingent Liability</u>" means any agreement, undertaking or arrangement by which any Person guarantees, endorses or otherwise becomes or is contingently liable upon (by direct or indirect agreement, contingent or otherwise, to provide funds for payment, to supply funds to, or otherwise to invest in, a debtor, or otherwise to assure a creditor against loss) the Indebtedness (or, solely for purposes of the definition of Investment, other obligations) of any other Person (other than by endorsements of instruments in the course of collection), or guarantees the payment of dividends or other distributions upon the Capital Securities of any other Person. The amount of any Person's obligation under any Contingent Liability shall (subject to any limitation set forth therein) be deemed to be the outstanding principal amount of the debt, obligation or other liability guaranteed thereby.

"<u>Continuation/Conversion Notice</u>" means a notice of continuation or conversion and certificate duly executed by an Authorized Officer of the Borrower, substantially in the form of <u>Exhibit B</u> hereto.

"<u>Control Agreement</u>" means an agreement in form and substance reasonably satisfactory to the Administrative Agent which provides for the Administrative Agent to have "control" (as defined in Section 8-106 of the UCC, as such term relates to investment property (other than certificated securities or commodity contracts), or as used in Section 9-106 of the UCC, as such term relates to commodity contracts, or as used in Section 9-104(a) of the UCC, as such term relates to deposit accounts).

"<u>Controlled Group</u>" means all members of a controlled group of corporations and all members of a controlled group of trades or businesses (whether or not incorporated) under common control which, together with the Borrower, are treated as a single employer under Section 414(b) or 414(c) of the Code or Section 4001 of ERISA.

"<u>Controlling Class</u>" means, at any time that any Term A-Prime Loans are outstanding, Lenders holding more than 50% of the outstanding principal amount of the Term A-Prime Loans.

"<u>Copyright Security Agreement</u>" means any Copyright Security Agreement executed and delivered by any Obligor in substantially the form of Exhibit C to the Security Agreement, as amended, supplemented, amended and restated or otherwise modified from time to time.

"<u>Debt Issuance</u>' means the issuance of any Indebtedness within the meaning of clauses (a) and (c) of the definition thereof by the Borrower or any of its Subsidiaries.

"Default" means any Event of Default or any condition, occurrence or event which, after notice or lapse of time or both, would constitute an Event of Default.

"Deposit Account" means a "deposit account" as that term is defined in Section 9-102(a) of the UCC.

"Disclosure Schedule" means the Disclosure Schedule attached hereto as Schedule I, as it may be amended, supplemented, amended and restated or otherwise modified from time to time by the Borrower with the written consent of the Administrative Agent.

"Disposition" (or similar words such as "Dispose") means any sale, transfer, lease, sale-leaseback, contribution or other conveyance (including by way of merger) of, or the granting of options, warrants or other rights to, any of the Borrower's or its Subsidiaries' assets (including accounts receivable and Capital Securities of Subsidiaries) to any other Person (other than to another Obligor) in a single transaction or series of transactions.

"Dollar" and the sign "$" mean lawful money of the United States.

"Earnout Payment" means in connection with any Permitted Acquisition, any portion of the purchase price for such acquisition which is (a) deferred to a date after the closing date therefor and (b) is contingent upon the performance of the business being acquired pursuant to such Permitted Acquisition.

"EBITDA" means, for any applicable period, Net Income for such period, plus, to the extent deducted in determining Net Income for such period, the sum, without duplication, of:

> (a) income and state franchise Tax expense;
>
> (b) interest expense, together with (i) amortization or write-off of debt discount and debt issuance costs and commissions, discounts and other fees and charges associated with Indebtedness (including administrative fees and charges with respect to the Obligations and the First Lien Loans), and (ii) prepayment penalties, make-whole payments or call premiums payable on prepayment of Indebtedness;
>
> (c) depreciation and amortization expense;
>
> (d) any (i) extraordinary expenses or losses (including whether or not otherwise includable in the Parent's statement of Net Income for such period) or (ii) losses on sales or write-offs of assets outside of the ordinary course of business);
>
> (e) any unusual non-cash or other non-cash charges, expenses or losses, including any inventory revaluations resulting from the Transactions and any non-cash write-offs required to be made under FASB ASC Topic 350, and any non-cash charges, fees, payments, expenses or losses accrued in connection with the consummation of the Plan (including all fresh start accounting adjustments), in each case incurred during such period;

(f) (x) restructuring and integration costs of the Borrower and its Subsidiaries, including but not limited to severance costs, plant moving costs, central sourcing costs, lease termination costs, and professional advisory fees incurred in connection with the adoption and execution of restructuring integration initiatives and the restructuring and refinancing of the Borrower's debt incurred during such period, and (y) any non-recurring expenses or losses consisting of (a) losses from extinguishment of debt, casualty (including fire, earthquake, hurricane, terrorism or other force majeure events), condemnation and expropriation and (b) other non-recurring losses which are set forth as such in the income statement of the Parent; <u>provided</u> that such costs, expenses or losses shall only be included to the extent in the aggregate they are equal to or less than $20,000,000 for any four quarter period;

(g) transaction fees and expenses related to the Transactions paid by any Obligor;

(h) all fees and expenses (including management fees) accrued, or permitted hereunder to be paid and actually paid by any Obligor, for such period pursuant to the LLC Agreement and the Management Agreements, as in effect on the date hereof or as amended, modified or supplemented as permitted hereby;

(i) reasonable transaction fees and expenses incurred by any Obligor in connection with Permitted Acquisitions;

(j) [reserved];

(k) write-offs, reserves or allowances of notes receivable from current and former officers, founders, and direct or indirect shareholders of the Borrower and its Subsidiaries, in a principal amount not to exceed $3,000,000 (plus accrued and unpaid interest) in the aggregate over the term of this Agreement;

(l) costs and expenses of outside professionals engaged by the Borrower and its Subsidiaries at the request of the Lenders or First Lien Lenders, and outside professionals engaged by the Lenders and First Lien Lenders at the expense of the Borrower and its Subsidiaries;

(m) expenses related to the issuance of equity-based compensation;

(n) reasonable fees (including legal fees and other similar advisory and consulting fees, administrative fees and working fees), charges, payments and expenses accrued or paid by any Obligor in connection with the consummation of the Plan;

(o) reasonable fees paid to the Administrative Agent pursuant to the Fee Letter; and

(q) any letter of credit fees, to the extent paid by any Obligor in cash;

minus, to the extent included in Net Income for such period, the sum, without duplication, of:

(i) interest income (except to the extent deducted in determining interest expense);

(ii) any extraordinary or non-recurring income or gains (including whether or not otherwise includable in the Parent's statement of Net Income for such period, gains on the sales of assets outside the ordinary course of business); and

(iii) any unusual non-cash or other non-cash income;

provided that, for purposes of Section 7.2.4, and notwithstanding any provision of Section 1.4(b) to the contrary, calculations of EBITDA for any period shall be adjusted to exclude items otherwise properly included to the extent such items relate to assets Disposed in such period, on a *pro forma* basis as if such asset was Disposed on the first day of such period; and

provided further that, notwithstanding the foregoing provisions of this definition of EBITDA, (i) the quarterly EBITDA of the Borrower and its Subsidiaries for each Fiscal Quarter ending on September 30, 2010 and December 31, 2010 and (ii) the EBITDA of the Borrower and its Subsidiaries for the period commencing on January 1, 2011 until the Closing Date, and with respect to clauses (i) and (ii), together with all itemized additions and deductions thereto, shall be as set forth in Schedule III hereto.

"Effective Date" is defined in the sixth recital.

"Eligible Assignee" means any Person (other than an Ineligible Assignee).

"Emigsville Property" means the real property owned by the Borrower, located in York County, Pennsylvania and commonly known as 325 Busser Road, Emigsville, Pennsylvania.

"Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3(3) of ERISA that is maintained for employees of the Borrower or any member of the Borrower's Controlled Group.

"Environmental Laws" means all applicable foreign, federal, state, provincial or local statutes, laws, ordinances, codes, rules and regulations (including consent decrees and administrative orders) relating to public health and safety and protection of the environment.

"ERISA" means the Employee Retirement Income Security Act of 1974, as amended, and any successor statute thereto of similar import, together with the regulations thereunder, in each case as in effect from time to time. References to sections of ERISA also refer to any successor sections thereto.

"Event of Default" is defined in Section 8.1.

"Excess Cash Factor" means, with respect to any Interest Payment Date, the proportion that (a) the rate at which the Loans bear interest payable in cash for such Interest Payment Date

pursuant to <u>clause (ii)</u> of the third sentence of <u>Section 3.2.1</u>, bears to (b) 6% per annum (which proportion shall be zero in the event that no cash interest is payable on such Interest Payment Date pursuant to such <u>clause (ii)</u>).

"<u>Excess Cash Flow</u>" means, for any Fiscal Year, the result of the following calculation:

(a)  EBITDA for such period;

<u>plus</u>

(b)  the absolute value of any net decrease in Working Capital for such period;

<u>less</u>

(c)  the sum (without duplication) for such period of the following:

(i)  the aggregate amount of (A) all regularly scheduled or mandatorily repayable principal payments of Indebtedness (including the Loans) made during such Fiscal Year, (B) all optional prepayments of Indebtedness permitted hereby (other than the Loans) during such Fiscal Year (including any call premiums paid in cash upon repayment of such Indebtedness) and (C) the portion of any regularly scheduled payments with respect to Capital Lease Liabilities allocable to principal;

(ii)  cash payments made with respect to Capital Expenditures (to the extent permitted hereunder and not funded with debt or equity issuances);

(iii)  all federal, state, local and foreign income, franchise or other similar taxes to the extent paid by the Parent and its Subsidiaries in cash (including any future payments of past-priority taxes assumed from the Bankruptcy Debtors for any past, present or current periods) and, to the extent not duplicative thereof, Restricted Payments made for the purposes described in <u>clause (b)(iii)</u> of <u>Section 7.2.6</u>;

(iv)  interest expense to the extent paid in cash during such Fiscal Year;

(v)  to the extent actually paid in cash during such Fiscal Year, Earnout Payments (to the extent not funded with debt or equity issuances);

(vi)  the absolute value of any net increase in Working Capital for such period;

(vii)  cash payments to the extent (A) paid in cash during such period and (B) added back to EBITDA for such period under <u>clauses (d)</u>, <u>(f)</u>, <u>(g)</u>, <u>(h)</u>, <u>(i)</u>, <u>(l)</u>, <u>(n)</u>, <u>(o)</u> and <u>(p)</u> of the definition of EBITDA; and

(ix)  cash payments made with respect to Permitted Acquisitions and Investments permitted under Section 7.2.5 (except to the extent funded with debt or equity issuances); and

(x)  cash payments made pursuant to the Transactions.

"Exchange Act" means the Securities Exchange Act of 1934, as amended.

"Exchange of Loans" is defined in the seventh recital.

"Exemption Certificate" is defined in clause (e) of Section 4.6.

"FATCA" means Sections 1471 through 1474 of the Code.

"Fee Letter" means the confidential letter, dated the date hereof, between the Administrative Agent and the Borrower.

"Filing Agent" is defined in Section 5.7.

"Filing Statements" is defined in Section 5.7.

"First Lien Administrative Agent" means the "Administrative Agent" as defined in the First Lien Credit Agreement (or such corresponding term in the event the First Lien Credit Agreement is refinanced in accordance with the terms hereof).

"First Lien Credit Agreement" means the First Lien Credit Agreement, dated as of the date hereof, among the Borrower, the various financial institutions and other Persons from time to time party thereto as lenders, The Bank of New York Mellon, as the administrative agent and the other Persons party thereto as agents, as amended, supplemented, amended and restated, refinanced or otherwise modified from time to time.

"First Lien Debt" means, on any date of determination, the aggregate outstanding principal amount of all Indebtedness of the Parent and its Subsidiaries secured by a Lien (other than the Loans and Indebtedness of the types set forth in clauses (b) and (f) of the definition of Indebtedness and any Contingent Liability in respect of the foregoing) outstanding on the last day of the Fiscal Quarter ending on or immediately preceding the date of determination.

"First Lien Lender" means the "Lenders" as defined in the First Lien Credit Agreement (or such corresponding term in the event the First Lien Credit Agreement is refinanced in accordance with the terms hereof).

"First Lien Loan Documents" means the "Loan Documents" as defined in the First Lien Credit Agreement (or such corresponding term in the event the First Lien Credit Agreement is refinanced in accordance with the terms hereof).

"First Lien Loans" means the "Loans" as defined in the First Lien Credit Agreement (or such corresponding term in the event the First Lien Credit Agreement is refinanced in accordance with the terms hereof).

"First Lien Termination Date" means the "Termination Date" as defined in the First Lien Credit Agreement (or such corresponding term in the event the First Lien Credit Agreement is refinanced in accordance with the terms hereof).

"Fiscal Quarter" means a quarter ending on the last day of March, June, September or December.

"Fiscal Year" means any period of twelve consecutive calendar months ending on December 31; references to a Fiscal Year with a number corresponding to any calendar year (e.g., the "2011 Fiscal Year") refer to the Fiscal Year ending on December 31 of such calendar year.

"Fixed Charge Coverage Ratio" means, as of any Interest Payment Date, the ratio of (a) EBITDA for the four quarter period ended as of the most recent fiscal quarter ended immediately prior to such Interest Payment Date to (b) the Fixed Charges for such four quarter period (as determined in accordance with the definition thereof).

"Fixed Charges" means, for any four quarter period with respect to the Borrower and its Subsidiaries on a consolidated basis, the sum of (a) cash Interest Expense of the Borrower and its Subsidiaries on a consolidated basis for such period, and (b) all scheduled amortization payments of principal of Indebtedness made by the Borrower and its Subsidiaries during such period, provided, however, that for purposes of determining the amount of Interest Expense paid in cash on the Loans for such period, such amount shall be the sum of (i) interest on the Loans required to be paid in cash on the Interest Payment Date immediately following the end of such period which shall be treated as if such cash interest payments were made on the last day of such four quarter period, plus (ii) Interest Expense paid in cash on the Loans on the three preceding Interest Payment Dates.

"Foreign Pledge Agreement" means any supplemental pledge agreement governed by the laws of a jurisdiction other than the United States or a State thereof executed and delivered by the Borrower or any of its Subsidiaries pursuant to the terms of this Agreement, in form and substance reasonably satisfactory to the Administrative Agent, as may be necessary or desirable under the laws of organization or incorporation of a Subsidiary to further protect or perfect the Lien on and security interest in any Collateral (as defined in the Security Agreement).

"Foreign Subsidiary" means any Subsidiary that is not incorporated or organized under the laws of the United States, a state thereof or the District of Columbia and any Subsidiary of such a Foreign Subsidiary.

"F.R.S. Board" means the Board of Governors of the Federal Reserve System or any successor thereto.

"GAAP" is defined in Section 1.4.

"Goshen Property" means the real property owned by the Borrower, located in Elkhart County, Indiana and commonly known as 1302 Eisenhower Drive North, Goshen, Indiana.

"Governmental Authority" means the government of the United States, any other nation, or any political subdivision thereof, whether state, provincial or local, and any agency, authority, instrumentality, regulatory body, court, central bank or other Person exercising executive, legislative, judicial, taxing, regulatory or administrative powers or functions of or pertaining to government.

"Granting Lender" is defined in clause (g) of Section 10.11.

"Guarantor" means, collectively, the Parent, each Subsidiary Guarantor and each other Person party to a Guaranty.

"Guaranty" means, as applicable, the Parent Guaranty, any Subsidiary Guaranty and any other document delivered by a U.S. Subsidiary of the Borrower whereby such U.S. Subsidiary becomes liable for the Obligations.

"Hazardous Material" means

      (a)     any "hazardous substance", as defined by CERCLA;

      (b)     any "hazardous waste", as defined by the RCRA; or

      (c)     any pollutant or contaminant or hazardous, dangerous or toxic chemical, material or substance (including any petroleum product) within the meaning of any other applicable Environmental Law relating to or imposing liability or standards of conduct concerning any hazardous, toxic or dangerous waste, substance or material, all as amended.

"Hedging Obligations" means, with respect to any Person, all liabilities of such Person under currency exchange agreements, interest rate swap agreements, interest rate cap agreements and interest rate collar agreements, and all other agreements or arrangements designed to protect such Person against fluctuations in interest rates or currency exchange rates.

"herein", "hereof", "hereto", "hereunder" and similar terms contained in any Loan Document refer to such Loan Document as a whole and not to any particular Section, paragraph or provision of such Loan Document.

"Hypothetical Tax Rate" means, for any taxable year, the greater of the highest marginal rate of combined federal, state and local income tax (including any Medicare contribution taxes imposed on net investment income) payable by (i) an individual resident in New York City and (ii) a corporation resident in New York City whose sole assets are the membership interests of the Parent that are held by such corporation, in each case taking into account the particular character of the income involved (e.g., capital gain or ordinary income) and taking into account the deductibility of state and local income taxes in computing federal income tax liability.

"including" and "include" means including without limiting the generality of any description preceding such term, and, for purposes of each Loan Document, the parties hereto agree that the rule of ejusdem generis shall not be applicable to limit a general statement, which

is followed by or referable to an enumeration of specific matters, to matters similar to the matters specifically mentioned.

"<u>Indebtedness</u>" of any Person means:

(a)    all obligations of such Person for borrowed money or advances and all obligations of such Person evidenced by bonds, debentures, notes or similar instruments or upon which interest payments are customarily made;

(b)    all obligations, contingent or otherwise, relative to the face amount of all letters of credit, whether or not drawn, banker's acceptances, performance, surety or appeal bonds (or similar obligations) issued for the account of such Person;

(c)    all Capitalized Lease Liabilities of such Person;

(d)    all reimbursement, payment or other obligations or liabilities of such Person created or arising under any conditional sale or title retention agreement with respect to property used or acquired by such Person;

(e)    for purposes of <u>Section 8.1.4</u> only, all other items which, in accordance with GAAP, would be included as liabilities on the balance sheet of such Person as of the date at which Indebtedness is to be determined;

(f)    net Hedging Obligations of such Person;

(g)    whether or not so included as liabilities in accordance with GAAP, all obligations of such Person to pay the deferred purchase price of property or services (including all reimbursement, payment or other obligations or liabilities of such Person created or arising under any conditional sale or title retention agreement with respect to property used or acquired by such Person) (excluding trade accounts payable in the ordinary course of business and not outstanding for more than 120 days after such payable was due unless, if such payable is outstanding more than 120 days after such payable was due, they are being contested in good faith and by appropriate proceedings promptly initiated and diligently conducted) of the date of purchase of such goods and services, and indebtedness secured by (or for which the holder of such indebtedness has an existing right, contingent or otherwise, to be secured by) a Lien on property owned or being acquired by such Person (including indebtedness arising under conditional sales or other title retention agreements), whether or not such indebtedness shall have been assumed by such Person or is limited in recourse;

(h)    obligations arising under Synthetic Leases;

(i)    all Contingent Liabilities of such Person; and

(j)    all obligations referred to in <u>clauses (a)</u> through <u>(i)</u> of this definition of another Person secured by (or for which the holder of such Indebtedness has an existing right, contingent or otherwise, to be secured by) a Lien upon property owned by such Person.

The Indebtedness of any Person shall include the Indebtedness of any other Person (including any partnership in which such Person is a general partner) to the extent such Person is liable therefor as a result of such Person's ownership interest in or other relationship with such Person, except to the extent the terms of such Indebtedness provide that such Person is not liable therefor.

"<u>Indemnified Liabilities</u>" is defined in <u>Section 10.4</u>.

"<u>Indemnified Parties</u>" is defined in <u>Section 10.4</u>.

"<u>Ineligible Assignee</u>" means a natural Person, the Parent, any Subsidiary of Parent and Perseus.

"<u>Intercreditor Agreement</u>" means the Intercreditor Agreement, dated the date hereof, and substantially in the form of <u>Exhibit G</u> hereto, executed and delivered by the Administrative Agent, the administrative agent under the First Lien Credit Agreement and the Obligors pursuant to the terms of this Agreement, as amended, supplemented, amended and restated, replaced or otherwise modified from time to time.

"<u>Interest Coverage Ratio</u>" means, as of the last day of any Fiscal Quarter, the ratio computed for the period consisting of such Fiscal Quarter and each of the three immediately preceding Fiscal Quarters of:

      (a) EBITDA (for all such Fiscal Quarters)

to

      (b) the sum (for all such Fiscal Quarters) of Interest Expense;

<u>provided</u> that, for purposes of calculating the Interest Coverage Ratio for each of the following Fiscal Quarters of the 2011 Fiscal Year, Interest Expense shall be calculated as follows: (i) with respect to the third Fiscal Quarter of such Fiscal Year, the amount of Interest Expense for such Fiscal Quarter and the immediately preceding Fiscal Quarter multiplied by two; and (ii) with respect to the fourth Fiscal Quarter of such Fiscal Year, the amount of Interest Expense for such Fiscal Quarter and the two immediately preceding Fiscal Quarters multiplied by one and one-third.

"<u>Interest Expense</u>" means, for any applicable period, (a) the aggregate cash interest expense of the Parent and its Subsidiaries for such applicable period, including the portion of any payments made in respect of Capitalized Lease Liabilities allocable to interest expense but excluding (to the extent otherwise included in the definition of Interest Expense) (i) amortization of deferred financing costs, (ii) make-whole payments or call premiums paid or payable in cash upon repayment of Indebtedness and (iii) any interest capitalized or paid in kind; <u>less</u> (b) the aggregate interest income received by Parent and its Subsidiaries for such applicable period.

"<u>Interest Payment Date</u>" means each February 15, May 15, August 15 and November 15 in each year, commencing on May 15, 2011 and continuing until, and including, the Stated Maturity Date.

"Investment" means, relative to any Person,

        (a)    any loan, advance or extension of credit made by such Person to any other Person, including the purchase by such Person of any bonds, notes, debentures or other debt securities of any other Person;

        (b)    Contingent Liabilities in favor of any other Person; and

        (c)    any Capital Securities held by such Person in any other Person.

The amount of any Investment shall be the original principal or capital amount thereof less all returns of principal or capital thereon and shall, if made by the transfer or exchange of property other than cash, be deemed to have been made in an original principal or capital amount equal to the fair market value of such property at the time of such Investment.

"Lender Assignment Agreement" means an assignment agreement substantially in the form of Exhibit C hereto.

"Lenders" is defined in the preamble.

"Lender's Environmental Liability" means any and all losses, liabilities, obligations, penalties, claims, litigation, demands, defenses, costs, judgments, suits, proceedings, damages, (including consequential damages), disbursements or expenses of any kind or nature whatsoever (including reasonable attorneys' fees and expenses at trial and appellate levels and experts' fees and disbursements and expenses incurred in investigating, defending against or prosecuting any litigation, claim or proceeding) which may at any time be imposed upon, incurred by or asserted or awarded against the Administrative Agent or any Lender or any of such Person's Affiliates, shareholders, directors, officers, employees, and agents in connection with or arising from:

        (a)  any Hazardous Material on, in, under or migrating from all or any portion of any property of the Borrower or any of its Subsidiaries or the groundwater thereunder to the extent caused by Releases from the Borrower's or any of its Subsidiaries' or any of their respective predecessors' properties;

        (b)  any misrepresentation, inaccuracy or breach of any warranty, contained or referred to in Section 6.11;

        (c)  any violation or claim of violation by the Borrower or any of its Subsidiaries of any Environmental Laws; or

        (d)  the imposition of any Lien for damages caused by, or the recovery of any costs with respect to, the cleanup, Release of Hazardous Material by the Borrower or any of its Subsidiaries, or in connection with any property owned by the Borrower or any of its Subsidiaries.

"LIBO Rate" means, with respect to each period (each an "Interest Period") commencing on the day immediately following an Interest Payment Date (or the Effective Date in the case of the first such period) and ending on the next succeeding Interest Payment Date, a rate per annum

equal to the greater of (i) 3.00% and (ii) the rate published at approximately 11:00 a.m. (London time) on the first Business Day of any Interest Period by the British Bankers' Association for deposits in Dollars for three months (as set forth by the Bloomberg Information Service or any successor thereto or any other service selected by the Administrative Agent which has been nominated by the British Bankers' Association as an authorized information vendor for the purpose of displaying such rates).

"Lien" means any security interest, mortgage, pledge, hypothecation, assignment, deposit arrangement, encumbrance, lien (statutory or otherwise), charge against or security interest in property, or other priority or preferential arrangement of any kind or nature whatsoever, including any conditional sale or title retention arrangement, any Capitalized Lease Liability and any assignment, deposit arrangement or financing lease intended as security.

"Livermore Property" means the real property owned by the Borrower, located in Alameda County, California and commonly known as 5775 Brisa Street, Livermore, California.

"LLC Agreement" means the Amended and Restated Limited Liability Company Agreement, dated [●], 2011, among the Parent and the other parties thereto, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Loan" means, as the context may require, a Term A-Prime Loan, Term A Loan or Term B Loan; "Loans" means the Term A-Prime Loans, Term A Loans and Term B Loans, collectively.

"Loan Documents" means, collectively, this Agreement, the Notes, the Fee Letter, each agreement pursuant to which the Administrative Agent is granted a Lien to secure all or any part of the Obligations, each Guaranty, the Intercreditor Agreement and each other agreement, certificate, document or instrument delivered in connection with any Loan Document, whether or not specifically mentioned herein or therein.

"Make-Whole Premium" means, with respect to any Loan on any date of prepayment, the present value of (a) all required remaining interest payments (excluding accrued and unpaid interest on the amount prepaid on the date of such prepayment) due on such Loan from the date of prepayment through and including the second anniversary of the Effective Date plus (b) 7.5% of the aggregate principal amount of the Loans that would be outstanding on such second anniversary, in each case discounted from the second anniversary of the Effective Date to the date of prepayment using a discount rate equal to the Treasury Rate plus 50 basis points (it being agreed, for purposes hereof, that (a) the LIBO Rate applicable to all required remaining interest payments on such Loan shall be deemed to be equal to the LIBO Rate in effect on the date of such prepayment), (b) the remaining interest payments shall be calculated on the assumption that the Cash Interest Conditions are satisfied and the Additional Cash Interest Conditions are not satisfied on all remaining Interest Payment Dates, and (c) all interest capitalized on the Loans on such remaining Interest Payments shall be due and payable as a single payment on such second anniversary); provided, however, that if a sale of all or substantially all assets or Capital Securities of the Borrower occurs to a Person who is not an Affiliate of the Borrower without the consent of Perseus, on or before the second anniversary of the Effective Date, then the Make-

Whole Premium shall not exceed 10% of the then outstanding aggregate principal amount of the Loans.

"<u>Management Agreements</u>" means the Management Agreements, dated as of the Effective Date, among Silver Point Capital, L.P. and Perseus and the Borrower, as amended, supplemented, amended and restated or otherwise modified from time to time as permitted hereunder.

"<u>Material Adverse Effect</u>" means a material adverse effect on (a) the business, condition (financial or otherwise), operations, performance or properties of the Parent and its Subsidiaries taken as a whole, (b) the rights and remedies of any Secured Party under any Loan Document, (c) the ability of any Obligor to perform its Obligations under any Loan Document, (d) the legality, validity or enforceability of this Agreement or any other Loan Document or (e) the validity, perfection or priority of Liens with respect to any material portion of the collateral in favor of the Administrative Agent for the benefit of the Secured Parties (other than any material adverse effect that has occurred as a result of the Bankruptcy Cases and related proceedings).

"<u>Moody's</u>" means Moody's Investors Service, Inc.

"<u>Mortgage</u>" means each mortgage, deed of hypothec, debenture, pledge, deed of trust or agreement executed and delivered by any Obligor in favor of the Administrative Agent for the benefit of the Secured Parties pursuant to the requirements of this Agreement substantially in the form set forth in <u>Exhibit H</u> hereto (with such changes as are reasonably satisfactory to the Administrative Agent) under which a Lien is granted on the real property and fixtures described therein, in each case as amended, supplemented, amended and restated or otherwise modified from time to time.

"<u>Net Casualty Proceeds</u>" means, with respect to any Casualty Event, the amount of any insurance proceeds or condemnation awards received by the Parent, the Borrower or any of its Subsidiaries in connection with such Casualty Event (net of all reasonable and customary collection expenses thereof), but excluding any proceeds or awards required to be paid to a creditor (other than the Lenders) which holds a first priority Lien permitted pursuant to this Agreement on the property which is the subject of such Casualty Event <u>minus</u> the sum of (i) all taxes actually paid or estimated by the Borrower to be payable in cash within the 12 months following the date of such Casualty Event and (ii) to the extent not excluded above, payments made by the Borrower or its Subsidiaries to retire Indebtedness (other than the Loans) where payment of such Indebtedness is required in connection with such Casualty Event; <u>provided</u> that, if the amount of any estimated taxes pursuant to <u>clause (i)</u> exceeds the amount of taxes actually required to be paid in cash in respect of such Casualty Event, the aggregate amount of such excess shall constitute Net Casualty Proceeds.

"<u>Net Debt Proceeds</u>" means the cash proceeds received by the Borrower or its Subsidiaries from any Debt Issuance by the Borrower or any Subsidiary not otherwise permitted pursuant to the terms of <u>Section 7.2.2</u> (net of underwriting discounts and commissions and other reasonable fees, expenses and costs associated therewith including, without limitation, those of attorneys, accountants and other professionals).

"Net Disposition Proceeds" means the gross cash proceeds received by the Borrower or its Subsidiaries from any Disposition other than those pursuant to clauses (a), (b) (but not to the extent clause (b) references Section 7.2.14(a)), (c), (d) and (e) of Section 7.2.10 and any cash payment received in respect of promissory notes or other non-cash consideration delivered to the Borrower or its Subsidiaries in respect thereof, minus the sum of (i) all reasonable and customary legal, investment banking, brokerage, accounting and other similar professional fees and expenses incurred in connection with such Disposition, (ii) all taxes actually paid or estimated by the Borrower to be payable in cash within the 12 months following the date of such Disposition, and (iii) payments made by the Borrower or its Subsidiaries to retire Indebtedness (other than the Loans) secured by a Lien permitted pursuant to Section 7.2.3 (and such Lien is senior to the Liens created under the Loan Documents) where payment of such Indebtedness is required in connection with such Disposition; provided that, if the amount of any estimated taxes pursuant to clause (ii) exceeds the amount of taxes actually required to be paid in cash in respect of such Disposition, the aggregate amount of such excess shall constitute Net Disposition Proceeds.

"Net Income" means, for any period, the aggregate of all amounts which would be included as net income (or loss) on the consolidated financial statements of the Parent and its Subsidiaries for such period.

"Non-Excluded Taxes" means any Taxes imposed, deducted or withheld with respect to any Secured Party on payments under this Agreement or any Loan Document other than (i) net income and franchise Taxes imposed by any Governmental Authority under the laws of which such Secured Party is organized or in which it maintains its principal office or its applicable lending office, (ii) any U.S. federal withholding tax imposed under FATCA, (iii) Taxes imposed as a result of a present or former connection between such Secured Party and the jurisdiction imposing such Taxes, but excluding any such connection arising from such Secured Party's exercise of its rights or performance of its obligations pursuant to or in respect of this Agreement or any Loan Document, (iv) any branch profits tax imposed by the United States or any comparable tax imposed by any foreign jurisdiction and (v) any Other Taxes.

"Non-U.S. Lender" means any Lender that is not a "United States person", as defined under Section 7701(a)(30) of the Code.

"Note" means, as the context may require, a Term A-Prime Note, Term A Note or Term B Note; "Notes" means the Term A-Prime Notes, Term A Notes and Term B Notes collectively.

"Obligations" means all obligations (monetary or otherwise, whether absolute or contingent, matured or unmatured) of the Borrower and each other Obligor to the Secured Parties arising under or in connection with a Loan Document, including, but not limited to, the principal of and premium, if any, and interest (including interest accruing (or which would have accrued) during the pendency of any proceeding of the type described in Section 8.1.7, whether or not allowed in such proceeding) on the Loans as well as all Fees and expenses (including attorneys' fees and expenses) and indemnity payable to the Secured Parties hereunder.

"Obligor" means, as the context may require, the Borrower and each other Person (other than a Secured Party) obligated under any Loan Document.

"Organic Document" means, relative to any Obligor, as applicable, its certificate or articles of incorporation, articles and memorandum of association, by-laws, certificate of partnership, partnership agreement, certificate of formation, limited liability agreement, operating agreement and all shareholder agreements, voting trusts and similar arrangements applicable to any of such Obligor's Capital Securities.

"Other Taxes" means any and all present or future stamp, documentary or similar Taxes, or any other excise or property Taxes or similar levies that arise on account of any payment made or required to be made under any Loan Document or from the execution, delivery, registration, recording or enforcement of, or otherwise with respect to, any Loan Document, but excluding, for the avoidance of doubt, any Taxes arising in connection with any transfer, assignment or participation of any rights or obligations under this Agreement, or any change in lending office by any Lender, except if such transfer, assignment, participation or change in lending office is done at the request of Borrower.

"Parent" is defined in the third recital.

"Parent Guaranty" means the guaranty, dated as of the date hereof, executed and delivered by an Authorized Officer of the Parent pursuant to the terms of this Agreement, substantially in the form of Exhibit E-1 hereto, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Participant" is defined in clause (d) of Section 10.11.

"Patent Security Agreement" means any Patent Security Agreement executed and delivered by any Obligor in substantially the form of Exhibit A to the Security Agreement, as amended, supplemented, amended and restated or otherwise modified.

"Patriot Act" means the USA PATRIOT ACT (Title III of Pub. L. 107-56 (signed into law October 26, 2001)), as amended and supplemented from time to time.

"PBGC" means the Pension Benefit Guaranty Corporation and any Person succeeding to any or all of its functions under ERISA.

"PBGC Settlement" means the settlement agreement, if any, with PBGC.

"Pension Plan" means a "pension plan", as such term is defined in Section 3(2) of ERISA, which is subject to Title IV of ERISA, and to which the Borrower or any corporation, trade or business that is, along with the Borrower, a member of a Controlled Group, may have liability, including any liability by reason of having been a substantial employer within the meaning of Section 4063 of ERISA at any time during the preceding five years, or by reason of being deemed to be a contributing sponsor under Section 4069 of ERISA.

"Percentage" means, relative to any Lender, the percentage set forth opposite its name on Schedule II hereto or set forth in a Lender Assignment Agreement, as such percentage may be adjusted from time to time (x) in accordance with Section 4.8 or (y) pursuant to Lender Assignment Agreements executed by such Lender and its Assignee Lender and delivered pursuant to Section 10.11.

"Permitted Acquisition" means an acquisition (whether pursuant to an acquisition of Capital Securities, assets or otherwise) by the Borrower or any Subsidiary from any Person in which the following conditions are satisfied:

(a) the Borrower shall have submitted to the Administrative Agent at least 15 days prior to the consummation of such acquisition, a business description of the business or assets being acquired, the financial statements of the business or assets being acquired and a summary of the terms of the acquisition, all in reasonable detail;

(b) the assets, Capital Securities or business being acquired, will be located, incorporated and/or doing business in the United States;

(c) Borrower shall have delivered a certificate certifying that before and after giving effect to such acquisition, the representations and warranties set forth in each Loan Document shall, in each case, be true and correct in all material respects with the same effect as if then made (unless stated to relate solely to an earlier date, in which case such representations and warranties shall be true and correct in all material respects as of such earlier date) and no Default has occurred and is continuing; and

(d) the Borrower shall have delivered to the Administrative Agent a Compliance Certificate for the period of four full Fiscal Quarters immediately preceding such acquisition (prepared in good faith and in a manner and using such methodology which is consistent with the most recent financial statements delivered pursuant to Section 7.1.1) giving pro forma effect to the consummation of such acquisition as if such Permitted Acquisition had occurred on the first day of the period of four Fiscal Quarters ending on the last day of the most recently ended Fiscal Quarter ending at least 45 days prior to the date of such Permitted Acquisition.

"Permitted Holders" means (i) Perseus, (ii) any Person that holds the Capital Securities of the Parent as of the Closing Date and (iii) the respective affiliates of the Persons referred to in the foregoing clauses (i) and (ii).

"Perseus" means Perseus, L.L.C. and its Affiliates.

"Person" means any natural person, corporation, limited liability company, partnership, joint venture, association, trust or unincorporated organization, Governmental Authority or any other legal entity, whether acting in an individual, fiduciary or other capacity.

"Plan" is defined in the second recital.

"Platform" is defined in clause (b) of Section 9.9.

"Purchase Card Agreements" means any arrangement by any Obligor to provide company-paid credit cards to employees that permit such employees to make purchases on behalf of such Obligor of supplies or services used in the ordinary course of business by such Obligor, including in respect of ordinary course, business related travel and entertainment expenses.

"<u>Quarterly Payment Date</u>" means the last Business Day of March, June, September and December.

"<u>RCRA</u>" means the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, <u>et</u> <u>seq</u>., as amended.

"<u>Register</u>" is defined in <u>clause (a)</u> of <u>Section 2.3</u>.

"<u>Release</u>" means a "release", as such term is defined in CERCLA or any release, threatened release, spill, emission, leaking, pumping, pouring, emitting, emptying, escape, injection, deposit, disposal, discharge, dispersal, dumping, leaching or migration of Hazardous Material in the indoor or outdoor environment, including the movement of Hazardous Material through or in the air, soil, surface water, ground water or property.

"<u>Replacement Lender</u>" is defined in <u>Section 4.10</u>.

"<u>Replacement Notice</u>" is defined in <u>Section 4.10</u>.

"<u>Required Lenders</u>" means, at any time, Lenders holding more than 50% of the aggregate principal amount of the then outstanding Loans.

"<u>Restricted Payment</u>" means (i) the declaration or payment of any dividend (other than dividends payable solely in Capital Securities (that are not mandatorily redeemable prior to one year and one day after the Stated Maturity Date) of the Borrower or any Subsidiary) on, or the making of any payment or distribution on account of, or setting apart assets for a sinking or other analogous fund for the purchase, redemption, defeasance, retirement or other acquisition of, any class of Capital Securities of the Borrower or any Subsidiary or any warrants, options or other right or obligation to purchase or acquire any such Capital Securities, whether now or hereafter outstanding, or (ii) the making of any other distribution in respect of such Capital Securities, in each case either directly or indirectly, whether in cash, property or obligations of the Borrower or any Subsidiary or otherwise.

"<u>S&P</u>" means Standard & Poor's Rating Services, a division of The McGraw-Hill Companies, Inc.

"<u>SEC</u>" means the Securities and Exchange Commission.

"<u>Secured Parties</u>" means, collectively, the Lenders, the Administrative Agent and (in each case) each of their respective successors, transferees and assigns.

"<u>Security Agreement</u>" means the Pledge and Security Agreement executed and delivered by an Authorized Officer of the Parent and its Subsidiaries, substantially in the form of <u>Exhibit F</u> hereto, together with any supplemental Foreign Pledge Agreement delivered pursuant to the terms of this Agreement, in each case as amended, supplemented, amended and restated or otherwise modified from time to time.

"<u>Silver Point</u>" is defined in the <u>preamble</u>.

"SPC" is defined in clause (g) of Section 10.11.

"Stated Maturity Date" means [•], 2015[2].

"Subsidiary" means, with respect to any Person, any other Person of which more than 50% of the outstanding Voting Securities of such other Person (irrespective of whether at the time Capital Securities of any other class or classes of such other Person shall or might have voting power upon the occurrence of any contingency) is at the time directly or indirectly owned or controlled by such Person, by such Person and one or more other Subsidiaries of such Person, or by one or more other Subsidiaries of such Person. Unless the context otherwise specifically requires, the term "Subsidiary" shall be a reference to a Subsidiary of the Borrower.

"Subsidiary Guarantor" means each U.S. Subsidiary of the Borrower that has executed and delivered to the Administrative Agent the Subsidiary Guaranty (including by means of a delivery of a supplement thereto).

"Subsidiary Guaranty" means the subsidiary guaranty, executed and delivered by an Authorized Officer of each U.S. Subsidiary pursuant to the terms of this Agreement, substantially in the form of Exhibit E-2 hereto, as amended, supplemented, amended and restated or otherwise modified from time to time.

"Supplemental Margin" means (x) on any Interest Payment Date occurring on or prior to May 15, 2012, 2.0% and (y) thereafter, 2.0% times the result of 1 minus the Excess Cash Factor.

"Synthetic Lease" means, as applied to any Person, any lease (including leases that may be terminated by the lessee at any time) of any property (whether real, personal or mixed) (a) that is not a capital lease in accordance with GAAP and (b) in respect of which the lessee retains or obtains ownership of the property so leased for federal income tax purposes, other than any such lease under which that Person is the lessor.

"Taxes" means all taxes, duties, levies, imposts, charges, assessments, fees, deductions or withholdings, now or hereafter imposed, levied, collected, withheld or assessed by any Governmental Authority, and all interest, penalties or similar liabilities with respect thereto.

"Term A Lender" means any Lender that holds Term A Loans.

"Term A Loan" means the Loans held by a Term A Lender in an amount equal to the Percentage set forth opposite its name on Schedule II hereto or set forth in a Lender Assignment Agreement.

"Term A Note" means a promissory note of the Borrower payable to any Term A Lender, in the form of Exhibit A-2 hereto (as such promissory note may be amended, endorsed or otherwise modified from time to time), evidencing the aggregate Indebtedness of the Borrower to such Term A Lender resulting from outstanding Loans, and also means all other promissory notes accepted from time to time in substitution therefor or renewal thereof.

---

[2]     Insert date that is 4 ½ year anniversary of the Closing Date.

"Term A-Prime Amendment" is defined in Section 2.2.3.

"Term A-Prime Closing Date" is defined in Section 2.2.5.

"Term A-Prime Effective Date" is defined in Section 2.2.4.

"Term A-Prime Lender" means any Lender that holds Term A-Prime Loans.

"Term A-Prime Loan" means the Loans made to the Borrower by any Lender pursuant to Section 2.2.

"Term A-Prime Note" means a promissory note of the Borrower payable to any Term A-Prime Lender, in the form of Exhibit A-1 hereto (as such promissory note may be amended, endorsed or otherwise modified from time to time), evidencing the aggregate Indebtedness of the Borrower to such Term A-Prime Lender resulting from outstanding Loans, and also means all other promissory notes accepted from time to time in substitution therefor or renewal thereof.

"Term B Lender" means any Lender that holds Term B Loans.

"Term B Loan" means the Loans held by a Term B Lender in an amount equal to the Percentage set forth opposite its name on Schedule II hereto or set forth in a Lender Assignment Agreement.

"Term B Note" means a promissory note of the Borrower payable to any Term B Lender, in the form of Exhibit A-3 hereto (as such promissory note may be amended, endorsed or otherwise modified from time to time), evidencing the aggregate Indebtedness of the Borrower to such Term B Lender resulting from outstanding Loans, and also means all other promissory notes accepted from time to time in substitution therefor or renewal thereof.

"Termination Date" means the date on which all Obligations have been paid in full in cash.

"Terrorism Laws" means any of the following (a) Executive Order 13224 issued by the President of the United States, (b) the Terrorism Sanctions Regulations (Title 31 Part 595 of the U.S. Code of Federal Regulations), (c) the Terrorism List Governments Sanctions Regulations (Title 31 Part 596 of the U.S. Code of Federal Regulations), (d) the Foreign Terrorist Organizations Sanctions Regulations (Title 31 Part 597 of the U.S. Code of Federal Regulations), (e) the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA PATRIOT ACT) Act of 2001 (as it may be subsequently codified), (f) all other present and future legal requirements of any Governmental Authority addressing, relating to, or attempting to eliminate, terrorist acts and acts of war and (g) any regulations promulgated pursuant thereto or pursuant to any legal requirements of any Governmental Authority governing terrorist acts or acts of war.

"Total Debt" means, on any date of determination, the outstanding principal amount of all Indebtedness of the Parent and its Subsidiaries of the type referred to in clause (a) (which, in the case of the Loans, shall be deemed to equal the aggregate outstanding principal amount of the Loans outstanding on the last day of the Fiscal Quarter ending on or immediately preceding the

date of determination), <u>clause (c)</u> and <u>clause (g)</u>, in each case of the definition of "Indebtedness" (exclusive of (x) intercompany Indebtedness between the Parent and its Subsidiaries and (y) any Preferred Units (as defined in the LLC Agreement)) and any Contingent Liability in respect of any of the foregoing.

"<u>Total Leverage Ratio</u>" means, as of the last day of any Fiscal Quarter, the ratio of

      (a)     Total Debt outstanding on the last day of such Fiscal Quarter

<u>to</u>

      (b)     EBITDA computed for the period consisting of such Fiscal Quarter and each of the three immediately preceding Fiscal Quarters.

"<u>Trademark Security Agreement</u>" means any Trademark Security Agreement executed and delivered by any Obligor substantially in the form of Exhibit B to the Security Agreement, as amended, supplemented, amended and restated or otherwise modified from time to time.

"<u>Transactions</u>" means, collectively, (a) the consummation of the Plan and the other transactions contemplated by the Plan to be consummated on the Closing Date (including, without limitation, transactions contemplated by the Asset Purchase Agreement), (b) the entering into by the Obligors of the Loan Documents and the First Lien Loan Documents to which they are intended to be a party, and the Exchange of Loans on the Closing Date, (c) the issuance of the Class A Common Units, Class B Common Units and the Preferred Units (each as defined in, and pursuant to, the LLC Agreement), (d) the satisfaction of all Indebtedness required to be paid pursuant to the Plan, (e) the payment of the fees and expenses incurred in connection with the consummation of the foregoing that are required to be paid on the Closing Date and (f) any payments made pursuant to the PBGC Settlement.

"<u>Transaction Documents</u>" means, collectively, the Loan Documents, the First Lien Loan Documents, the Plan, the Asset Purchase Agreement, the LLC Agreement, the Management Agreements and each other document delivered in connection therewith, whether or not specifically mentioned herein or therein, in each case as amended, supplemented, amended and restated or otherwise modified from time to time.

"<u>Treasury Rate</u>" means, at any date, the yield to maturity as of such date of United States Treasury securities with a constant maturity (as compiled and published in the most recent Federal Reserve Statistical Release H.15 (519) that has become publicly available at least two Business Days prior to such date (or, if such Statistical Release is no longer published, any publicly available source of similar market data)) most nearly equal to the period from such date to the date which is the second anniversary of the Closing Date.

"<u>UCC</u>" means the Uniform Commercial Code as in effect from time to time in the State of New York; <u>provided</u> that, if, with respect to any Filing Statement or by reason of any provisions of law, the perfection or the effect of perfection or non-perfection of the security interests granted to the Administrative Agent pursuant to the applicable Loan Document is governed by the Uniform Commercial Code as in effect in a jurisdiction of the United States other than New York, then "UCC" means the Uniform Commercial Code as in effect from time

to time in such other jurisdiction for purposes of the provisions of each Loan Document and any Filing Statement relating to such perfection or effect of perfection or non-perfection.

"United States" or "U.S." means the United States of America, its fifty states and the District of Columbia.

"Unrestricted" means, when referring to cash and Cash Equivalent Investments of the Borrower and its Subsidiaries, that such cash and Cash Equivalent Investments (i) do not appear (and are not required to appear) as "restricted" on a balance sheet of the Borrower and its Subsidiaries (unless the restrictions causing such appearance or required appearance are solely pursuant to the Loan Documents); (ii) are not subject to any Lien of any Person other than Liens permitted under clauses (a), (e), (g), (i), (j), (m), and (p) of Section 7.2.3; and (iii) are otherwise generally available for use by the Borrower and its Subsidiaries.

"U.S. Subsidiary" means any Subsidiary that is incorporated or organized under the laws of the United States, a state thereof or the District of Columbia, and that is not a Foreign Subsidiary.

"Voting Securities" means, with respect to any Person, Capital Securities of any class or kind ordinarily having the power to vote for the election of directors, managers or other voting members of the governing body of such Person.

"wholly owned Subsidiary" means any Subsidiary all of the outstanding Capital Securities of which (other than any director's qualifying shares or investments by foreign nationals mandated by applicable laws) is owned directly or indirectly by the Borrower.

"Working Capital" means (without duplication), at any date of determination, the difference of (a) consolidated current assets of the Parent and its Subsidiaries on such date in the nature of ordinary course trade accounts receivable, inventory and similar current assets, less (b) consolidated current liabilities of the Parent and its Subsidiaries on such date in the nature of ordinary course trade accounts payable and similar current liabilities, but excluding, without limitation, the current portion of Total Debt to the extent included in the computation of current liabilities.

SECTION 1.2 Use of Defined Terms. Unless otherwise defined or the context otherwise requires, terms for which meanings are provided in this Agreement shall have such meanings when used in each other Loan Document and the Disclosure Schedule.

SECTION 1.3 Cross-References. Unless otherwise specified, references in a Loan Document to any Article or Section are references to such Article or Section of such Loan Document, and references in any Article, Section or definition to any clause are references to such clause of such Article, Section or definition.

SECTION 1.4 Accounting and Financial Determinations.

(a) Unless otherwise specified, all accounting terms used in each Loan Document shall be interpreted, and all accounting determinations and computations thereunder (including under Section 7.2.4 and the definitions used in such calculations) shall be made, in

accordance with those generally accepted accounting principles in effect in the United States ("GAAP"). Unless otherwise expressly provided, all financial covenants and defined financial terms shall be computed on a consolidated basis for the Parent and its Subsidiaries (and, to the extent applicable and unless otherwise specified, any predecessor company), in each case without duplication.

(b)     As of any date of determination, for purposes of determining EBITDA or the Interest Coverage Ratio or Total Leverage Ratio (and any financial calculations required to be made or included within such calculations or ratios, or required for purposes of preparing any Compliance Certificate to be delivered pursuant to the definition of "Permitted Acquisition"), the calculation of such ratios and other financial calculations shall include or exclude, as the case may be, the effect of any assets or businesses that have been acquired pursuant to any Permitted Acquisition or Disposed of by the Borrower or any of its Subsidiaries pursuant to the terms hereof (including through mergers or consolidations), as of such date of determination, as determined by the Borrower on a pro forma basis in accordance with GAAP, which determination may include one-time adjustments or reductions in costs, if any, directly attributable to any such permitted Disposition or Permitted Acquisition, as the case may be, in each case (i) calculated in accordance with Regulation S-X of the Securities Act of 1933, as amended from time to time, and any successor statute, for the period of four Fiscal Quarters ended on or immediately prior to the date of determination of any such ratios or other financial calculations (and giving effect to any cost-savings or adjustments relating to synergies resulting from any Permitted Acquisition) and (ii) giving effect to any such Permitted Acquisition or permitted Disposition as if it had occurred on the first day of such period of four Fiscal Quarters.

ARTICLE II
LOANS, CLOSING RATE AND NOTES

SECTION 2.1 Loans.  Each of the parties hereto acknowledges and agrees that on the Closing Date (which shall be a Business Day), the Exchange of Loans shall occur, pursuant to which each Term A Lender and Term B Lender will be deemed to have made Term A Loans and Term B Loans to the Borrower under this Agreement (the Loans referred to in this Section 2.1 relative to each such Lender, its "Loans"), with the principal amount of each Loan as of the Closing Date being the amount, and in the Lender's Percentage, in each case set forth opposite the name of such Lender on Schedule II hereto.  Each of the Lenders on the Closing Date, by operation of the Plan and the Confirmation Order, shall be deemed to have agreed to, and shall be bound by, the terms and conditions hereof, without any further action or consent on the part of such Lender.  No amounts paid or prepaid with respect to the Loans may be reborrowed.

SECTION 2.2 Term A-Prime Loans.

SECTION 2.2.1 Requests for Term A-Prime Loans Commitments.  Upon notice to the Administrative Agent (whereupon the Administrative Agent shall promptly deliver a copy of such notice to each of the Lenders), at any time from time to time after the Closing Date, the Borrower may request commitments for Term A-Prime Loans in an aggregate amount to be determined from one or more Term A-Prime Lenders (which may include any existing Lender) willing to provide such commitments for Term A-Prime Loans in their own discretion.  Such notice shall set forth (i) the amount of the Term A-Prime Loans being requested and (ii) the date

on which commitments for such Term A-Prime Loans are requested to become effective. At the time of the sending of such notice, the Borrower shall specify the time period within which each Lender is requested to respond (which shall in no event be less than ten Business Days from the date of delivery of such notice to the Lenders). No Lender shall be obligated to provide any Term A-Prime Loans unless it so agrees. Each Lender shall notify the Administrative Agent within such time period whether or not it agrees to provide any Term A-Prime Loans and, if so, whether by an amount equal to, greater than, or less than its Percentage of such requested increase (which shall be calculated on the basis of the pro rata amount of the Loans held by each Lender). Any Lender not responding within such time period shall be deemed to have declined to provide any Term A-Prime Loans. The Administrative Agent shall notify the Borrower of the Lenders' responses to each request made hereunder. If, within ten Business Days after providing the notice pursuant to this Section 2.2.1, the existing Lenders do not provide sufficient commitments to achieve the full amount of a requested increase, the Borrower may invite additional Eligible Assignees to become Term A-Prime Lenders pursuant to an accession agreement in form and substance reasonably satisfactory to the Administrative Agent.

SECTION 2.2.2  Ranking and Other Provisions.  The Term A-Prime Loans:

(a)  shall have a maturity date and conversion features, be subject to such amortization and bear interest at such rate or rates, which may be payable in cash or through capitalization of interest, and be subject to such call protection or premiums upon payment thereof, in each case, as shall be agreed between the Borrower and the Persons providing the Term A-Prime Loans; and

(b)  shall otherwise, except as otherwise provided herein, have the same terms as the other Loans hereunder.

SECTION 2.2.3  Term A-Prime Amendment.  Commitments in respect of Term A-Prime Loans shall become commitments under this Agreement pursuant to an amendment (the "Term A-Prime Amendment") to this Agreement and, as appropriate, the other Loan Documents, executed by the Borrower, the Term A-Prime Lenders and the Administrative Agent.  The Term A-Prime Amendment may, without the consent of any other Lenders, effect such amendments to any Loan Documents as may be necessary or appropriate, in the opinion of the Administrative Agent, to effect the provisions of this Section 2.2.

SECTION 2.2.4  Effective Date and Allocations.  If any Term A-Prime Loans are added in accordance with this Section 2.2, the Administrative Agent and the Borrower shall determine the effective date (the "Term A-Prime Effective Date") and the final allocation of such addition.  The Administrative Agent shall promptly notify the Borrower and the Lenders of the final allocation of such addition and the Term A-Prime Effective Date.

SECTION 2.2.5  Conditions to Effectiveness to Increase.  The effectiveness of the Term A-Prime Amendment shall, unless otherwise agreed to by the Administrative Agent, be subject to the satisfaction on the date thereof (the "Term A-Prime Closing Date") of each of the following conditions:

(a)     the Administrative Agent shall have received on or prior to the Term A-Prime Effective Date each of the following, with each dated the Term A-Prime Effective Date unless otherwise indicated or agreed to by the Administrative Agent and each in form and substance reasonably satisfactory to the Administrative Agent and the Borrower:  (i) the applicable Term A-Prime Amendment and (ii) certified copies of resolutions of the managing body of the Parent, the Borrower and its Subsidiaries approving the execution, delivery and performance of the Term A-Prime Amendment;

(b)     (i) the conditions precedent set forth in <u>Article V</u> shall have been satisfied both before and after giving effect to such Term A-Prime Amendment and the Term A-Prime Loans provided thereby and (ii) such Term A-Prime Loans shall be made on the terms and conditions provided for above; and

(c)     there shall have been paid to the Administrative Agent, for the account of the Administrative Agent and the Lenders (including any Person becoming a Lender as part of such Term A-Prime Amendment on the related Term A-Prime Effective Date), as applicable, all fees and expenses (including reasonable out-of-pocket fees, charges and disbursements of counsel) that are due and payable on or before the Term A-Prime Effective Date.

SECTION 2.2.6  <u>Effect of Term A-Prime Amendment</u>.  On the Term A-Prime Effective Date, each Lender or Eligible Assignee which is providing Term A-Prime Loans shall become a "Lender" for all purposes of this Agreement and the other Loan Documents.

SECTION 2.3 <u>Register; Notes</u>.  The Register shall be maintained on the following terms.

(a)     The Borrower hereby designates the Administrative Agent to serve as the Borrower's agent, solely for the purpose of this clause, to maintain a register (the "<u>Register</u>") on which the Administrative Agent will record the Term A-Prime Loans (if any), the Term A Loans and the Term B Loans held by each Lender (and SPC), the capitalization of interest accruing to each Lender (and SPC) in respect of such Lender's (and SPC's) Term A-Prime Loans (if any), Term A Loans and Term B Loans, each repayment in respect of the principal amount of any Loans, and each assignment or transfer of an interest in any Loan made pursuant to <u>Section 10.11</u>, annexed to which the Administrative Agent shall retain a copy of each Lender Assignment Agreement delivered to the Administrative Agent pursuant to <u>Section 10.11</u>.  Failure to make any recordation, or any error in such recordation, shall not affect the amount of any Obligor's Obligations.  The entries in the Register shall be conclusive and binding in the absence of manifest error, and the Borrower, the Administrative Agent, and the Lenders (including any SPC) shall treat each Person in whose name a Loan is registered as the owner thereof for the purposes of all Loan Documents, notwithstanding notice or any provision herein to the contrary.  Any assignment or transfer of the Loans made pursuant hereto shall be registered in the Register only upon delivery to the Administrative Agent of a Lender Assignment Agreement that has been executed by the requisite parties pursuant to <u>Section 10.11</u>.  No assignment or transfer of a Lender's (or SPC's) Loans shall be effective unless such assignment or transfer shall have been recorded in the Register by the Administrative Agent as provided in this Section.

(b)     The Borrower shall execute and deliver to each Lender a Note evidencing each of the Term A-Prime (if any), Term A, and Terms B Loans held by, and payable to the

order of, such Lender in a maximum principal amount equal to the amount of such Term A-Prime (if any), Term A, and Terms B Loans when made. The Borrower hereby irrevocably authorizes each Lender to make (or cause to be made) appropriate notations on the grid attached to such Lender's Note (or on any continuation of such grid), which notations, if made, shall evidence, <u>inter alia</u>, the date of, the outstanding principal amount of, and the interest rate applicable to the Loans evidenced thereby. Such notations shall, to the extent not inconsistent with notations made by the Administrative Agent in the Register, be conclusive and binding on each Obligor absent manifest error; <u>provided</u> that, the failure of any Lender to make any such notations shall not limit or otherwise affect any Obligations of any Obligor.

ARTICLE III
REPAYMENTS, PREPAYMENTS, INTEREST AND FEES

SECTION 3.1 <u>Repayments and Prepayments; Application</u>. The Borrower agrees that the Loans shall be repaid and prepaid pursuant to the following terms.

SECTION 3.1.1 <u>Repayments and Prepayments</u>. The Borrower shall repay in full the unpaid principal amount of each Loan on the Stated Maturity Date. Prior thereto, payments and prepayments of the Loans shall or may be made as set forth below.

(a) From time to time on any Business Day occurring after the First Lien Termination Date, the Borrower may make a voluntary prepayment, in whole or in part, of the outstanding principal amount of any Loans; <u>provided</u> that,

(i) all such voluntary prepayments shall require at least the same Business Day's prior notice (such notice to be delivered before noon on such day), and not more than five Business Days' prior irrevocable notice to the Administrative Agent (which notice may be telephonic so long as such notice is confirmed in writing within 24 hours thereafter and such notice to be delivered before noon New York time on such day). Each notice of prepayment sent pursuant to this clause shall specify the prepayment date, the principal amount of each Loan (or portion thereof) to be prepaid and the scheduled installment or installments of principal to which such prepayment is to be applied. Each such notice shall be irrevocable and shall commit the Borrower to prepay such Loan (or portion thereof) by the amount stated therein on the date stated therein; <u>provided</u> that a notice of prepayment may state that such notice is conditioned upon the effectiveness of other credit facilities, in which case such notice may be revoked by the Borrower (by written notice to the Administrative Agent on or prior to the specified effective date) if such condition is not satisfied;

(ii) all such voluntary partial prepayments shall be in an aggregate minimum amount of $500,000 and an integral multiple of $100,000;

(iii) no prepayments of the Term A Loans or the Term B Loans shall be made at any time any Term A-Prime Loans shall be outstanding, and no prepayments of the Term B Loans shall be made at any time any Term A Loans shall be outstanding;

(iv) all prepayments of Term A Loans and Term B Loans under this <u>clause (a)</u> shall be accompanied by (a) all accrued and unpaid interest on the principal

amount of the Loans to be prepaid to but excluding the date of payment, plus (b) the payment of a prepayment premium equal to, (i) in the case of any prepayment made prior to the second anniversary of the Closing Date, the Make-Whole Premium, (ii) in the case of any prepayment made on or after the second anniversary of the Closing Date but prior to the third anniversary of the Closing Date, a premium equal to 7.50% of the principal amount of the Loans being prepaid, and (iii) in the case of any prepayment made on or after the third anniversary of the Closing Date but prior to the fourth anniversary of the Closing Date, a premium equal to 3.75% of the principal amount of the Loans being prepaid.

(b)     On the Stated Maturity Date, the Borrower shall repay the outstanding principal amount of all Loans.

(c)     To the extent permitted by the First Lien Credit Agreement and after repayment in full of all First Lien Loans, the Borrower shall (subject to the next proviso), within five (5) Business Days receipt of any Net Casualty Proceeds or any Net Disposition Proceeds by the Borrower or any of its Subsidiaries, deliver to the Administrative Agent a calculation of the amount of such proceeds, and, to the extent the aggregate amount of such proceeds received by the Borrower and its Subsidiaries exceeds $1,000,000 for any single transaction or a series of related transactions, the Borrower shall make a mandatory prepayment of the Loans in an amount equal to 100% of such Net Casualty Proceeds or Net Disposition Proceeds, as applicable; provided that upon written notice by the Borrower to the Administrative Agent not more than five (5) Business Days following receipt of any Net Casualty Proceeds or Net Disposition Proceeds, as applicable (so long as no Default has occurred and is continuing), such proceeds may be retained by the Borrower and its Subsidiaries (and may be excluded from the prepayment requirements of this clause) if (i) the Borrower informs the Administrative Agent in such notice of its good faith intention to apply (or cause one or more of the Subsidiary Guarantors to apply) such Net Casualty Proceeds or Net Disposition Proceeds, as applicable, to the acquisition of other assets or properties in the U.S. consistent with the businesses permitted to be conducted pursuant to Section 7.2.1 (including by way of merger or Investment), and (ii) within 365 days following the receipt of such Net Casualty Proceeds or such Net Disposition Proceeds, as applicable, such proceeds are applied or committed to such acquisition.  The amount of such Net Casualty Proceeds or such Net Disposition Proceeds, as applicable, unused or uncommitted after such 365 day period (subject to the extension set forth above) shall be applied to prepay the Loans as set forth in Section 3.1.2.

(d)     To the extent permitted by the First Lien Credit Agreement and after repayment in full of all First Lien Loans, within 120 days after the close of each Fiscal Year (beginning with the close of the 2011 Fiscal Year) the Borrower shall make a mandatory prepayment of the Loans in an amount equal to (i) 50% of Excess Cash Flow (if any) for such Fiscal Year, minus (ii) the aggregate amount of all optional prepayments of the Loans (without duplication) made since the beginning of such Fiscal Year through the date on which the prepayment of the Loans pursuant to this clause (d) is made (including any call premiums paid in cash upon repayment of such Indebtedness).

(e)     To the extent permitted by the First Lien Credit Agreement and after repayment in full of all First Lien Loans, the Borrower shall, within five (5) Business Days of

receipt of any Net Debt Proceeds, by the Borrower or any of its Subsidiaries, make a mandatory prepayment of the Loans in an amount equal to 100% of the aggregate Net Debt Proceeds.

(f) Immediately upon any acceleration of the Stated Maturity Date of any Loans pursuant to Section 8.2 or Section 8.3, the Borrower shall repay all the Loans, unless, pursuant to Section 8.3, only a portion of all the Loans is so accelerated (in which case the portion so accelerated shall be so repaid).

(g) Each prepayment made pursuant to clauses (c), (d) and (e) of this Section 3.1.1 shall be applied first, to the outstanding principal amount of the Term A-Prime Loans (if any), and second, to the extent the amount of such prepayment exceeds the outstanding principal amount of the Term A-Prime Loans, or to the extent no Term A-Prime Loans are outstanding, to the ratable principal amount of the Term A Loans, and third, to the extent the amount of such prepayment exceeds the outstanding principal amount of the Term A Loans, to the Term B Loans then outstanding.

Except as set forth in clause (a) above, each prepayment of any Loans made pursuant to this Section shall be without premium or penalty, except as may be required by Section 4.4.

SECTION 3.2 Interest Provisions. Interest on the outstanding principal amount of the Loans shall accrue and be payable in accordance with the terms set forth below.

SECTION 3.2.1 Rates. The Term A Loans and Term B Loans shall accrue interest on the principal amount thereof outstanding from time to time at a rate per annum equal to the sum of (i) the LIBO Rate from time to time in effect, plus (ii) 1.0%, plus (iii) the Base Margin, plus (iv) the Supplemental Margin, if any. The portion of the interest accrued on the Loans attributable to clauses (i), (ii) and (iv) of the preceding sentence shall be paid on each Interest Payment Date by capitalizing such interest on such Loans and adding it to the then outstanding principal amount of the Loans. The portion of the interest attributable to the Base Margin shall be paid on each Interest Payment Date by capitalizing such interest on such Loans and adding it to the then outstanding principal amount of the Loans; provided that (i) with respect to any Interest Payment Date on which the Cash Interest Conditions are satisfied but (for any Interest Payment date occurring on or after May 15, 2012) the Additional Cash Interest Conditions are not satisfied, interest due on such Interest Payment Date that accrued at the rate of 5.0% per annum shall be payable in cash and the remainder shall be capitalized and added to the then outstanding principal amount of the Loans, plus in addition to clause (i), (ii) with respect to any Interest Payment Date on or after May 15, 2012 on which both the Cash Interest Conditions and the Additional Cash Interest Conditions are satisfied, up to the amount of interest due on such Interest Payment Date that accrued at the rate of 6.0% per annum shall be payable in cash; provided that, with respect to this clause (ii), if the condition specified in clause (a) of the definition of Additional Cash Interest Conditions is satisfied but the Fixed Charge Coverage Ratio (which shall include for this purpose, any interest payable under this clause (ii)), after giving pro forma effect to the payment of interest in cash on such Interest Payment Date would be less than 2.00 to 1.00, the portion of interest payable in cash on such Interest Payment Date shall be limited to the amount that would not cause the Fixed Charge Coverage Ratio with respect to such Interest Payment Date to be less than 2.00 to 1.00, and the remainder shall be capitalized and added to the then outstanding principal amount of the Loans.

SECTION 3.2.2 <u>Post-Default Rates</u>.  After the date any Event of Default has occurred and for so long as such Event of Default is continuing, the Borrower shall pay, but only to the extent permitted by law, interest (after as well as before judgment) on all outstanding Obligations at a rate per annum equal to (a) in the case of principal on any Loan, subject to applicable law, the rate of interest that otherwise would be applicable to such Loan <u>plus</u> 2% per annum; and (b) in the case of overdue interest, fees, and other monetary Obligations, the LIBO Rate from time to time in effect, plus 14% per annum, <u>plus</u> a margin of 2% per annum.

SECTION 3.2.3 <u>Payment Dates</u>.  Interest accrued on each Loan shall be payable or capitalized in accordance with <u>Sections 3.2.1</u> and <u>3.2.2</u>, without duplication:

(a)     on the Stated Maturity Date;

(b)     except as set forth in <u>clause (c)</u> below, on the date of any payment or prepayment, in whole or in part, of principal outstanding on such Loan on the principal amount so paid or prepaid;

(c)     on each Interest Payment Date occurring after the Effective Date; and

(d)     on that portion of any Loans the Stated Maturity Date of which is accelerated pursuant to <u>Section 8.2</u> or <u>Section 8.3</u>, immediately upon such acceleration.

Interest accrued on Loans or other monetary Obligations after the date such amount is due and payable (whether on the Stated Maturity Date, upon acceleration or otherwise) shall be payable upon demand.

SECTION 3.3 <u>Administrative Agent's Fee</u>.  The Borrower agrees to pay to the Administrative Agent, for its own account, the fees and expenses (including documented, reasonable attorney's fees and expenses) in the amounts and on the dates set forth in the Fee Letter.

ARTICLE IV
CERTAIN LENDER PROVISIONS

SECTION 4.1 <u>Increased Capital Costs</u>.  If any change in, or the introduction, adoption, effectiveness, interpretation, reinterpretation or phase in of, any law or regulation, directive, guideline, decision or request (whether or not having the force of law) of any Governmental Authority affects or would affect the amount of capital required or expected to be maintained by any Secured Party or any Person controlling such Secured Party, and such Secured Party determines (in good faith but in its sole and absolute discretion) that the rate of return on its or such controlling Person's capital as a consequence of the Loans held by such Secured Party is reduced to a level below that which such Secured Party or such controlling Person could have achieved but for the occurrence of any such circumstance, then upon notice from time to time by such Secured Party to the Borrower, the Borrower shall within five days following receipt of such notice pay directly to such Secured Party additional amounts sufficient to compensate such Secured Party or such controlling Person for such reduction in rate of return.  A statement of such Secured Party as to any such additional amount or amounts shall, in the absence of manifest error, be conclusive and binding on the Borrower.  In determining such amount, such Secured

Party may use any method of averaging and attribution that it (in its sole and absolute discretion) shall deem applicable.

SECTION 4.2 <u>Taxes</u>. The Borrower covenants and agrees as follows with respect to Taxes.

(a)    Any and all payments by the Borrower and each other Obligor under each Loan Document shall be made without setoff, counterclaim or other defense, and free and clear of, and without deduction or withholding for or on account of, any Taxes except to the extent that deduction or withholding of such Taxes is required by applicable law.  In the event that any such Taxes are required by applicable law to be deducted or withheld from any payment required to be made to or on behalf of any Secured Party under any Loan Document, then:

(i)    subject to <u>clause (f)</u>, if such Taxes are Non-Excluded Taxes or Other Taxes, the Borrower and each Obligor shall increase the amount of such payment so that each Secured Party receives an amount equal to the amount it would have received had no such deduction or withholding been made; and

(ii)    the Borrower or the Administrative Agent (as applicable) shall withhold the full amount of such Taxes from such payment (as increased pursuant to <u>clause (a)(i)</u>) and shall pay such amount to the Governmental Authority imposing such Taxes in accordance with applicable law.

(b)    In addition, the Borrower shall pay all Other Taxes imposed to the relevant Governmental Authority imposing such Other Taxes in accordance with applicable law.

(c)    The Borrower shall furnish to the Administrative Agent, within 45 days of any such payment being due under applicable law, an official receipt (or a certified copy thereof) or other proof of payment satisfactory to the Administrative Agent, acting reasonably, evidencing the payment of such Taxes or Other Taxes.  The Administrative Agent shall make copies thereof available to any Lender upon request therefor.

(d)    Subject to <u>clause (f)</u>, the Borrower shall indemnify each Secured Party for any Non-Excluded Taxes and Other Taxes (including Non-Excluded Taxes and Other Taxes imposed or asserted on, or attributable to, amounts payable under this <u>Section 4.6</u>) paid by such Secured Party, whether or not such Non-Excluded Taxes or Other Taxes were correctly or legally asserted by the relevant Governmental Authority, provided that no Secured Party shall be entitled to receive any payment under this <u>clause (d)</u>, unless such Secured Party or the Administrative Agent provides a written request for such payment to the Borrower within six months of the due date for the payment of the Non-Excluded Taxes or Other Taxes for which indemnification is sought.  With respect to the indemnification provided in the immediately preceding sentence, such indemnification shall be made within 30 days after the date such Secured Party makes written demand therefor.

(e)    Each Term A-Prime Lender and each Term A Lender making Loans to the Borrower, on or prior to the date on which such Lender becomes a Lender hereunder or under the Term A-Prime Amendment, as applicable (and from time to time thereafter upon the request of the Borrower or the Administrative Agent, but only for so long as such Lender is legally entitled

to do so), shall deliver to the Borrower and the Administrative Agent either (i) two duly completed copies of either (x) Internal Revenue Service Form W-8BEN or W-8IMY claiming eligibility of a Non-U.S. Lender for benefits of an income tax treaty to which the United States is a party or (y) Internal Revenue Service Form W-8ECI, or in either case an applicable successor form; (ii) in the case of a Non-U.S. Lender that is not legally entitled to deliver either form listed in clause (e)(i), (x) a certificate to the effect that such Non-U.S. Lender is not (A) a "bank" within the meaning of Section 881(c)(3)(A) of the Code, (B) a "10 percent shareholder" of the Borrower within the meaning of Section 881(c)(3)(B) of the Code, or (C) a controlled foreign corporation receiving interest from a related person within the meaning of Section 881(c)(3)(C) of the Code (referred to as an "Exemption Certificate") and (y) two duly completed copies of Internal Revenue Service Form W-8BEN or W-8IMY or applicable successor form, or (iii) in the case of a Lender that is not a Non-U.S. Lender, two duly completed copies of Internal Revenue Service form W-9 or applicable successor form, and  (iv) in the case of any Lender, such documentation prescribed by applicable law or reasonably requested by the Borrower or the Administrative Agent as will permit payments by the Borrower and each other Obligor under any Loan Document to be made without withholding or at a reduced rate of withholding, or as is reasonably requested by the Borrower or the Administrative Agent to comply with FATCA. Each Term B Lender shall provide two duly completed copies of Internal Revenue Service form W-9 or applicable successor form, such documentation prescribed by applicable law or reasonably requested by the Borrower or the Administrative Agent as will permit payments by the Borrower and each other Obligor under any Loan Document to be made without withholding or at a reduced rate of withholding, or as is reasonably requested by the Borrower or the Administrative Agent to comply with FATCA.  The Administrative Agent shall deliver to the Borrower such IRS forms as are required to ensure that payments made to the Administrative Agent are not subject to withholding, but only for so long as the Administrative Agent is legally entitled to do so.  Each Lender agrees to promptly notify the Borrower and the Administrative Agent in writing of any change in circumstances which would modify or render invalid any claimed exemption or reduction.  In addition, each Lender shall timely deliver to the Borrower and the Administrative Agent two further copies of such Form W-8BEN, W-8IMY, W-8ECI or W-9 or successor forms on or before the date that any previously executed form expires or becomes obsolete, or after the occurrence of any event requiring a change in the most recent form delivered by such Person to the Borrower.

(f)     The Borrower shall not be obligated to pay any additional amounts to any Secured Party pursuant to clause (a)(i), or to indemnify any Secured Party pursuant to clause (d), in respect of United States federal withholding taxes to the extent imposed as a result of (i) the failure, inability or ineligibility of such Secured Party to deliver to the Borrower the form or forms and/or an Exemption Certificate, as applicable to such Secured Party, pursuant to clause (e), (ii) such form or forms and/or Exemption Certificate not establishing a complete exemption from U.S. federal withholding tax or the information or certifications made therein by the Secured Party being untrue or inaccurate on the date delivered in any material respect, or (iii) the Secured Party designating a successor lending office at which it maintains its Loans which has the effect of causing such Secured Party to become obligated for tax payments in excess of those in effect immediately prior to such designation; provided that, the Borrower shall be obligated to pay additional amounts to any such Secured Party pursuant to clause (a)(i), and to indemnify any such Secured Party pursuant to clause (d), in respect of United States federal withholding taxes if (i) any such failure to deliver a form or forms or an Exemption Certificate or the failure of such

form or forms or Exemption Certificate to establish a complete exemption from U.S. federal withholding tax resulted from a change in any applicable statute, treaty, regulation or other applicable law or any official interpretation of any of the foregoing occurring after the Closing Date (or in the case of an Assignee Lender, after the date of the assignment, except to the extent that the applicable assigning lender was entitled to receive additional amounts with respect to such payment), which change rendered such Secured Party no longer legally entitled to deliver such form or forms or Exemption Certificate or otherwise ineligible for a complete exemption from U.S. federal withholding tax, (ii) the redesignation of the Secured Party's lending office was made at the request of the Borrower or (iii) the obligation to pay any additional amounts to any such Secured Party pursuant to <u>clause (a)(i)</u> or to indemnify any such Secured Party pursuant to <u>clause (d)</u> is with respect to an Assignee Lender that becomes an Assignee Lender as a result of an assignment made at the request of the Borrower.

(g)     In the event that any Lender or the Administrative Agent determines in its sole discretion that it has received a refund or a credit in respect of Taxes or Other Taxes as to which it has been paid additional amounts by the Borrower pursuant to clause (a) or indemnified by the Borrower pursuant to clause (d) and such Lender or the Administrative Agent, as applicable, determines in its good faith judgment that such refund is attributable to such additional amounts or indemnification, then such Lender or Administrative Agent shall promptly notify the Administrative Agent and the Borrower, shall use reasonable efforts to apply for such refund or credit and shall within 30 Business Days of receipt of such refund or application of such credit remit to the Borrower an amount as such Lender or Administrative Agent reasonably determines to be the proportion of the refunded or credited amount as will leave it, after such remittance, in no better or worse position than it would have been if the Taxes or Other Taxes had not been imposed and the corresponding additional amounts or indemnification payment not been made.  Neither the Lenders nor the Administrative Agent shall be obligated to disclose information regarding its tax affairs or computations to the Borrower in connection with this <u>clause (g)</u> or any other provision of this Section that such Lender or the Administrative Agent reasonably deems confidential.

SECTION 4.3 <u>Payments; Proceeds.Payments and Computations</u>.  Unless otherwise expressly provided in a Loan Document, all payments by the Borrower pursuant to each Loan Document shall be made by the Borrower to the Administrative Agent for the <u>pro</u> <u>rata</u> account of the Secured Parties entitled to receive such payment.  All payments shall be made without setoff, deduction or counterclaim not later than 11:00 a.m. New York time on the date due in same day or immediately available funds to such account as the Administrative Agent shall specify from time to time by notice to the Borrower.  Funds received after that time shall be deemed to have been received by the Administrative Agent on the next succeeding Business Day.  The Administrative Agent shall promptly remit in same day funds to each Secured Party its share, if any, of such payments received by the Administrative Agent for the account of such Secured Party.  All interest and fees shall be computed on the basis of the actual number of days (including the first day but excluding the last day) occurring during the period for which such interest or fee is payable over a year comprised of 360 days.  Payments due on other than a Business Day shall be made on the next succeeding Business Day and such extension of time shall be included in computing interest and fees in connection with that payment.

SECTION 4.3.2  <u>Proceeds of Collateral and Order of Payments upon Event of Default</u>. After the occurrence and during the continuance of an Event of Default, the Administrative Agent may, and upon direction from the Required Lenders, shall, apply all amounts received under the Loan Documents (including from the proceeds of collateral securing the Obligations) or under applicable law; <u>provided</u> that after the First Lien Termination Date, they shall be applied upon receipt to the Obligations as follows: (i) <u>first</u>, to the payment of all Obligations in respect of fees, expense reimbursements, indemnities and other amounts owing to the Administrative Agent, in its capacity as the Administrative Agent (including the fees and expenses of counsel to the Administrative Agent), (ii) <u>second</u>, after payment in full in cash of the amounts specified in <u>clause (b)(i)</u>, to the ratable payment of all interest (including interest accruing (or which would accrue) after the commencement of a proceeding in bankruptcy, insolvency or similar law, whether or not permitted as a claim under such law) and fees owing to the Term A-Prime Lenders under the Loan Documents, and all costs and expenses owing to the Term A-Prime Lenders pursuant to the terms of the Loan Documents, until paid in full in cash, (iii) <u>third</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> and <u>(ii)</u>, to the ratable payment of the principal amount of the Term A-Prime Loans then outstanding (if any), (iv) <u>fourth</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(iii)</u>, to the ratable payment of all interest (including interest accruing (or which would accrue) after the commencement of a proceeding in bankruptcy, insolvency or similar law, whether or not permitted as a claim under such law) and fees owing to the Term A Lenders under the Loan Documents, and all costs and expenses owing to the Term A Lenders pursuant to the terms of the Loan Documents, until paid in full in cash, (v) <u>fifth</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(iv)</u>, to the ratable payment of the principal amount of the Term A Loans then outstanding, (vi) <u>sixth</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(v)</u>, to the ratable payment of all interest (including interest accruing (or which would accrue) after the commencement of a proceeding in bankruptcy, insolvency or similar law, whether or not permitted as a claim under such law) and fees owing to the Term B Lenders under the Loan Documents, and all costs and expenses owing to the Term B Lenders pursuant to the terms of the Loan Documents, until paid in full in cash, (vii) <u>seventh</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(vi)</u>, to the ratable payment of the principal amount of the Term B Loans then outstanding, (viii) <u>eighth</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(vii)</u>, to the ratable payment of all other Obligations owing to the Secured Parties with respect to the Term A-Prime Loans, (ix) <u>ninth</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(viii)</u>, to the ratable payment of all other Obligations owing to the Secured Parties with respect to the Term A Loans, (x) <u>tenth</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(ix)</u>, to the ratable payment of all other Obligations owing to the Secured Parties with respect to the Term B Loans, and (xi) <u>eleventh</u>, after payment in full in cash of the amounts specified in <u>clauses (i)</u> through <u>(x)</u>, and following the Termination Date, to each applicable Obligor or any other Person lawfully entitled to receive such surplus.

SECTION 4.4  <u>Sharing of Payments</u>.  If any Secured Party shall obtain any payment or other recovery (whether voluntary, involuntary, by application of setoff or otherwise) on account of any Loan (other than pursuant to the terms of <u>Sections 4.3</u>, <u>4.4</u>, <u>4.5</u> or <u>4.6</u>) in excess of its pro rata share of payments obtained by all Secured Parties of the same class, such Secured Party shall purchase for cash at face value from the other Secured Parties of such class such participations in Loans held by them as shall be necessary to cause such purchasing Secured

Party to share the excess payment or other recovery ratably (to the extent such other Secured Parties were entitled to receive a portion of such payment or recovery) with each of them; provided that, if all or any portion of the excess payment or other recovery is thereafter recovered from such purchasing Secured Party, the purchase shall be rescinded and each Secured Party which has sold a participation to the purchasing Secured Party shall repay to the purchasing Secured Party the purchase price to the ratable extent of such recovery together with an amount equal to such selling Secured Party's ratable share (according to the proportion of (a) the amount of such selling Secured Party's required repayment to the purchasing Secured Party to (b) total amount so recovered from the purchasing Secured Party) of any interest or other amount paid or payable by the purchasing Secured Party in respect of the total amount so recovered.  The Borrower agrees that any Secured Party purchasing a participation from another Secured Party pursuant to this Section may, to the fullest extent permitted by law, exercise all its rights of payment (including pursuant to Section 4.9) with respect to such participation as fully as if such Secured Party were the direct creditor of the Borrower in the amount of such participation.  If under any applicable bankruptcy, insolvency or other similar law any Secured Party receives a secured claim in lieu of a setoff to which this Section applies, such Secured Party shall, to the extent practicable, exercise its rights in respect of such secured claim in a manner consistent with the rights of the Secured Parties entitled under this Section to share in the benefits of any recovery on such secured claim.

SECTION 4.5 Setoff.  Each Secured Party shall, upon the occurrence and during the continuance of any Event of Default described in clauses (b) through (d) of Section 8.1.7 or, with the consent of the Required Lenders, upon the occurrence and during the continuance of any other Event of Default, have the right to appropriate and apply to the payment of the Obligations owing to it (whether or not then due), and (as security for such Obligations) the Borrower hereby grants to each Secured Party a continuing security interest in, any and all balances, credits, deposits, accounts or moneys of the Borrower then or thereafter maintained with such Secured Party; provided that, any such appropriation and application shall be subject to the provisions of Section 4.8.  Each Secured Party agrees promptly to notify the Borrower and the Administrative Agent in writing after any such appropriation and application made by such Secured Party; provided that, the failure to give such notice shall not affect the validity of such setoff and application.  The rights of each Secured Party under this Section are in addition to other rights and remedies (including other rights of setoff under applicable law or otherwise) which such Secured Party may have.

SECTION 4.6 Replacement of Lenders.  If any Lender (an "Affected Lender") (a) fails to consent to an election, consent, amendment, waiver or other modification to this Agreement or other Loan Document that requires the consent of a greater percentage of the Lenders than the Required Lenders and such election, consent, amendment, waiver or other modification is otherwise consented to by the Required Lenders or (b) makes a demand upon the Borrower for (or if the Borrower is otherwise required to pay) amounts pursuant to Section 4.3, 4.5 or 4.6 (and the payment of such amounts is, and is likely to continue to be, materially more onerous in the reasonable judgment of the Borrower than with respect to the other Lender), the Borrower or the Administrative Agent may, within 30 days of receipt by the Borrower of such demand or notice, as the case may be, give notice (a "Replacement Notice") in writing to the Administrative Agent and such Affected Lender of its intention to cause such Affected Lender to sell all or any portion of its Loans and/or Notes to an Eligible Assignee (a "Replacement Lender") designated in such

Replacement Notice; provided, however, that no Replacement Notice may be given by the Borrower if (i) such replacement conflicts with any applicable law or regulation, (ii) any Event of Default shall have occurred and be continuing at the time of such replacement or (iii) prior to any such replacement, such Lender shall have taken any necessary action under Section 4.5 or 4.6 (if applicable) which shall have eliminated the continued need for payment of amounts owing pursuant to Section 4.5 or 4.6.  If the Administrative Agent shall, in the exercise of its reasonable discretion and within 30 days of its receipt of such Replacement Notice, notify the Borrower and such Affected Lender in writing that the Replacement Lender is satisfactory to the Administrative Agent (such consent not being required where the Replacement Lender is already a Lender or an Affiliate of a Lender), then such Affected Lender shall, subject to the payment of any amounts due pursuant to Section 4.4, assign, in accordance with Section 10.11, the portion of its Loans, Notes (if any), and other rights and obligations under this Agreement and all other Loan Documents designated in the replacement notice to such Replacement Lender; provided, however, that (i) such assignment shall be without recourse, representation or warranty and shall be on terms and conditions reasonably satisfactory to such Affected Lender and such Replacement Lender, (ii) the purchase price paid by such Replacement Lender shall be in the amount of such Affected Lender's Loans designated in the Replacement Notice, together with all accrued and unpaid interest and fees in respect thereof, plus all other amounts (including the amounts demanded and unreimbursed under Sections 4.3, 4.5 and 4.6) and including any call premiums owing to such Affected Lender hereunder and (iii) the Borrower shall pay to the Affected Lender and the Administrative Agent all reasonable out-of-pocket expenses incurred by the Affected Lender and the Administrative Agent in connection with such assignment and assumption (including the processing fees described in Section 10.11).  Upon the effective date of an assignment described above, the Replacement Lender shall become a "Lender" for all purposes under the Loan Documents.  Each assignment pursuant to this Section 4.10 shall be effective upon the satisfaction of the conditions specified in this Section 4.10 without further action on the part of the applicable Affected Lender.

ARTICLE V
CONDITIONS TO EXCHANGE OF LOANS

The obligations of the Lenders pursuant to the Exchange of Loans shall be subject to the prior or concurrent satisfaction (or waiver in accordance with Section 10.1; provided that the conditions in Sections 5.2 and 5.3 may not be waived) of each of the conditions precedent set forth in this Article.

SECTION 5.1 Resolutions, etc.  The Administrative Agent shall have received from each Obligor, as applicable, (i) a copy of a good standing certificate, dated a date reasonably close to the Closing Date, for each such Person and (ii) a certificate, dated as of the Closing Date, duly executed and delivered by such Person's Secretary or Assistant Secretary, managing member or general partner, as applicable, as to

(a)     resolutions of each such Person's Board of Directors (or other managing body, in the case of other than a corporation) then in full force and effect authorizing, to the extent relevant, all aspects of the Transactions applicable to such Person and the execution, delivery and performance of each Loan Document to be executed by such Person and the transactions contemplated hereby and thereby;

(b)     the incumbency and signatures of those of its officers, managing member or general partner, as applicable, authorized to act with respect to each Loan Document to be executed by such Person; and

(c)     the full force and validity of each Organic Document of such Person and copies thereof;

upon which certificates each Secured Party may conclusively rely until it shall have received a further certificate of the Secretary, Assistant Secretary, managing member or general partner, as applicable, of any such Person canceling or amending the prior certificate of such Person.

SECTION 5.2  <u>Entry of Confirmation Order and Consummation of Transactions</u>.  The Administrative Agent shall have received evidence that:

(a)     No amendment or other modification of or to the Plan shall be filed or proposed since the date the Confirmation Order was originally entered which contains modifications materially adverse to the Administrative Agent.

(b)     The Bankruptcy Court shall have entered the Confirmation Order.

(c)     Concurrently with the closing of the credit facility provided hereby, the Plan (including the transfer of substantially all assets of the Bankruptcy Debtors pursuant to the Asset Purchase Agreement) shall have been substantially consummated (as defined in Section 1101 of the Bankruptcy Code) in accordance in all material respects with the terms of the Plan and the Confirmation Order.

SECTION 5.3  <u>Delivery of Notes</u>.  The Administrative Agent shall have received, for the account of each Lender that has requested a Note, such Lender's Note(s) duly executed and delivered by an Authorized Officer of the Borrower.

SECTION 5.4  <u>Guarantees</u>.  The Administrative Agent shall have received each Guaranty, dated as of the Closing Date, duly executed and delivered by an Authorized Officer of the Parent and each U.S. Subsidiary, as applicable.

SECTION 5.5  <u>Security Agreements</u>.  The Administrative Agent (or in the case of <u>clause (a)(x)</u>, the First Lien Administrative Agent) shall have received executed counterparts of the Security Agreement, each dated as of the Closing Date, duly executed and delivered by the Parent, the Borrower and each U.S. Subsidiary (if any), together with:

(a)     (x) certificates (in the case of Capital Securities that are securities (as defined in the UCC)) evidencing all of the issued and outstanding capital Securities owned by each Obligor in its U.S. Subsidiaries and 65% (or, if less, such lesser amount owned by such Obligor) of the issued and outstanding Voting Securities of each Foreign Subsidiary (together with all the issued and outstanding non-voting Capital Securities of such Foreign Subsidiary) directly owned by each Obligor, which certificates in each case shall be accompanied by undated instruments of transfer duly executed in blank, or, if any Capital Securities (in the case of Capital Securities that are uncertificated securities (as defined in the UCC)), and (y) confirmation and evidence satisfactory to the Administrative Agent that the security interest therein has been

transferred to and perfected by the First Lien Administrative Agent for the benefit of the Secured Parties in accordance with Articles 8 and 9 of the UCC and all laws otherwise applicable to the perfection of the pledge of such Capital Securities;

(b)     Filing Statements suitable in form for naming the Parent, the Borrower and each Subsidiary Guarantor as a debtor and the Administrative Agent as the secured party, or other similar instruments or documents to be filed under the UCC of all jurisdictions as may be necessary or, in the opinion of the Administrative Agent, desirable to perfect the security interests of the Administrative Agent pursuant to such Security Agreement;

(c)     UCC Form UCC-3 termination statements, if any, necessary to release all Liens and other rights of any Person (i)  in any collateral described in any Security Agreement previously granted by any Person, and (ii) securing any of the Indebtedness identified in Item 5.5(c) of the Disclosure Schedule, together with such other UCC Form UCC-3 termination statements as the Administrative Agent may reasonably request from such Obligors; and

(d)     certified copies of UCC Requests for Information or Copies (Form UCC-11), or a similar search report certified by a party acceptable to the Administrative Agent, dated a date reasonably near to the Closing Date, listing all effective financing statements which name any Obligor (under its present name and any previous names) as the debtor, together with copies of such financing statements (none of which shall, except with respect to Liens permitted by Section 7.2.3.), evidence a Lien on any collateral described in any Loan Document).

SECTION 5.6   Intellectual Property Security Agreements.  The Administrative Agent shall have received a Patent Security Agreement, a Copyright Security Agreement and a Trademark Security Agreement, as applicable, each dated as of the Closing Date, duly executed and delivered by each Obligor that, pursuant to a Security Agreement, is required to provide such intellectual property security agreements to the Administrative Agent.

SECTION 5.7   Filing Agent, etc.  All Uniform Commercial Code financing statements or other similar financing statements and Uniform Commercial Code (Form UCC-3) termination statements required pursuant to the Loan Documents (collectively, the "Filing Statements"), shall have been delivered to CT Corporation System or another similar filing service company acceptable to the Administrative Agent (the "Filing Agent").  The Filing Agent shall have acknowledged in a writing satisfactory to the Administrative Agent and its counsel (i) the Filing Agent's receipt of all Filing Statements, (ii) that the Filing Statements have either been submitted for filing in the appropriate filing offices or will be submitted for filing in the appropriate offices within ten days following the Closing Date and (iii) that the Filing Agent will notify the Administrative Agent and its counsel of the results of such submissions within 30 days following the Closing Date.

SECTION 5.8   Intercreditor Agreement.  The Administrative Agent shall have received the Intercreditor Agreement, dated as of the Closing Date, duly executed and delivered by the Administrative Agent, the administrative agent under the First Lien Credit Agreement and the Borrower.

SECTION 5.9 <u>Patriot Act Disclosures</u>.  The Administrative Agent and each Lender shall have received all Patriot Act Disclosures requested by them prior to execution of this Agreement.

SECTION 5.10 <u>Compliance with Warranties, No Default, etc.</u>  Both before and after giving effect to the Exchange of Loans the following statements shall be true and correct:

(a)     the representations and warranties set forth in each Loan Document shall, in each case, be true and correct in all material respects with the same effect as if then made (unless stated to relate solely to an earlier date, in which case such representations and warranties shall be true and correct in all material respects as of such earlier date); and

(b)     no Default shall have then occurred and be continuing.

ARTICLE VI
REPRESENTATIONS AND WARRANTIES

In order to induce the Secured Parties to enter into this Agreement the Borrower represents and warrants to each Secured Party on the Closing Date as set forth in this Article.

SECTION 6.1 <u>Organization, etc</u>.  Each Obligor is validly organized and existing and in good standing under the laws of the state or jurisdiction of its incorporation or organization, is duly qualified to do business and is in good standing as a foreign entity in each jurisdiction where the nature of its business requires such qualification, except for such jurisdictions where the failure to so qualify could not reasonably be expected to have a Material Adverse Effect, and has full power and authority and holds all requisite governmental licenses, permits and other approvals to enter into and perform its Obligations under each Loan Document to which it is a party, to own and hold under lease its property and to conduct its business substantially as currently conducted by it, except for those licenses, permits or other approvals, the absence of which could not reasonably be expected to have a Material Adverse Effect.

SECTION 6.2 <u>Due Authorization, Non-Contravention, Defaults etc</u>.  The execution, delivery and performance by each Obligor of each Loan Document executed or to be executed by it, each Obligor's participation in the consummation of all aspects of the Transactions, and the execution, delivery and performance by the Borrower or (if applicable) any Obligor of the agreements executed and delivered by it in connection with the Transactions are in each case within such Person's powers, have been duly authorized by all necessary action, and do not

(a)     contravene any (i) Obligor's Organic Documents, (ii) court decree or order binding on or affecting any Obligor or (iii) law or governmental regulation binding on or affecting any Obligor; or

(b)     result in (i) or require the creation or imposition of, any Lien on any Obligor's properties (except as permitted by this Agreement), (ii) a default under any material contractual restriction binding on or affecting any Obligor or (iii) any noncompliance, suspension, impairment, forfeiture or nonrenewal of any material license, permit or other governmental approval.

No Obligor is in default under any agreement, instrument or undertaking to which it is a party or by which it or any of its property is bound which could reasonably be expected to have a Material Adverse Effect.  No Obligor is a party to any agreement or instrument or subject to any other obligation or any charter or corporate restriction or any provision of any applicable law, rule or regulation which, individually or in the aggregate, could reasonably be expected to have a Material Adverse Effect.

SECTION 6.3 <u>Government Approval, Regulation, etc</u>.  No authorization or approval or other action by, and no notice to or filing with, any Governmental Authority or other Person (other than those that have been, or on the Effective Date will be, duly obtained or made and which are, or on the Effective Date will be, in full force and effect) is required for the consummation of the Transactions or the due execution, delivery or performance by any Obligor of any Loan Document to which it is a party, or for the due execution, delivery and/or performance of Transaction Documents, in each case by the parties thereto or the consummation of the Transactions, other than pursuant to the Plan.  Neither the Borrower nor any of its Subsidiaries is an "investment company" within the meaning of the Investment Company Act of 1940, as amended, or a "holding company", or a "subsidiary company" of a "holding company", or an "affiliate" of a "holding company" or of a "subsidiary company" of a "holding company", within the meaning of the Public Utility Holding Company Act of 1935, as amended.

SECTION 6.4 <u>Validity, etc</u>.  Each Loan Document and each Transaction Document to which any Obligor is a party constitutes the legal, valid and binding obligations of such Obligor, enforceable against such Obligor in accordance with their respective terms (except, in any case, as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization or similar laws affecting creditors' rights generally and by principles of equity).

SECTION 6.5 <u>Financial Information</u>.  All balance sheets, all statements of income and of cash flow and all other financial information of each of the Borrower and its Subsidiaries furnished pursuant to <u>Section 7.1.1</u> have been and will for periods following the Effective Date be prepared in accordance with GAAP, and do or will present fairly the consolidated financial condition of the Persons covered thereby as at the dates thereof and the results of their operations for the periods then ended.

SECTION 6.6 <u>Litigation, Labor Controversies, etc</u>.  There is no pending or, to the actual knowledge of the Borrower or any of its Subsidiaries, threatened litigation, action, proceeding, investigation or labor controversy

(a)     other than the Bankruptcy Cases and the related proceedings under Chapter 11 of the Bankruptcy Code;

(b)     except as disclosed in <u>Item 6.6</u> of the Disclosure Schedule, affecting the Borrower, any of its Subsidiaries or any other Obligor, or any of their respective properties, businesses, assets or revenues, which could reasonably be expected to have a Material Adverse Effect; or

(c)     which purports to affect the legality, validity or enforceability of any Loan Document, the Transaction Documents or the Transactions.

SECTION 6.7 <u>Subsidiaries</u>.  The Borrower has no Subsidiaries, except those Subsidiaries which are identified in <u>Item 6.7</u> of the Disclosure Schedule, or which are permitted to have been organized or acquired in accordance with <u>Sections 7.2.5</u> or <u>7.2.9</u>.

SECTION 6.8 <u>Ownership of Properties</u>.  The Borrower and each of its Subsidiaries owns (i) in the case of owned real property, good and marketable fee title to, and (ii) in the case of owned personal property, good and valid title to, or, in the case of leased real or personal property, valid and enforceable leasehold interests (as the case may be) in, all of its material properties and assets, tangible and intangible, of any nature whatsoever, free and clear in each case of all Liens or claims, except for Liens permitted pursuant to <u>Section 7.2.3</u> and all matters reflected in the title insurance policies delivered pursuant to <u>clause (b)</u> of <u>Section 7.1.11</u>.

SECTION 6.9 <u>Taxes</u>.  The Borrower and each of its Subsidiaries has filed all tax returns and reports required by law to have been filed by it and has paid all Taxes thereby shown to be due and owing, (except any such Taxes which are being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP shall have been set aside on its books) and has paid all Taxes shown to be due on any assessment received to the extent that such Taxes have become due and payable, except where the failure to file any such returns or reports or to pay any such Taxes would not give rise to a Material Adverse Effect.

SECTION 6.10        <u>Employee Benefit Plans</u>.

(a)        Except as could not reasonably be expected to have a Material Adverse Effect: (i) the Borrower and each member of its Controlled Group is in compliance with all applicable provisions of ERISA, the Code and the regulations and published interpretations thereunder with respect to all Employee Benefit Plans except for any required amendments for which the remedial amendment period as defined in Section 401(b) of the Code has not yet expired; (ii) each Employee Benefit Plan that is intended to be qualified under Section 401(a) of the Code has been determined by the Internal Revenue Service to be so qualified, and each trust related to such plan has been determined to be exempt under Section 501(a) of the Code except for such plans that have not yet received determination letters but for which the remedial amendment period for submitting a determination letter has not yet expired; and (iii) there are no pending or, to the actual knowledge of the Borrower, threatened claims, actions or lawsuits, or action by any Governmental Authority.

(b)        Neither the Borrower nor any member of its Controlled Group sponsors or contributes to any Pension Plan, nor do any of them have any liability, contingent or otherwise, with respect to any Pension Plan (for the avoidance of doubt, other than payments pursuant to the PBGC Settlement).

(c)        Neither the Borrower nor any member of its Controlled Group sponsors, maintains, contributes to or has any liability, contingent or otherwise, with respect to any plan, fund or other similar program, arrangement or agreement established or maintained outside of the United States primarily for the benefit of employees of the Borrower or any such Controlled Group member residing outside the United States (for the avoidance of doubt, other than payments pursuant to the PBGC Settlement).

SECTION 6.11    Environmental Warranties.  Except as set forth in Item 6.11 of the Disclosure Schedule and except as would not reasonably be expected to have, individually or in the aggregate, a Material Adverse Effect:

(a)    all facilities and property owned, operated or leased by the Borrower or any of its Subsidiaries are owned, operated or leased by the Borrower and its Subsidiaries in material compliance with all Environmental Laws and have been for the past three years;

(b)    there are no pending or, to the Borrower's actual knowledge, threatened (i) written claims, complaints, notices or governmental requests for information received by the Borrower or any of its Subsidiaries with respect to any alleged material violation of any Environmental Law, or (ii) written complaints, notices or inquiries to the Borrower or any of its Subsidiaries regarding material potential liability of the Borrower or any of its Subsidiaries under any Environmental Law;

(c)    there have been no Releases of Hazardous Materials at, on or under any property now or previously owned, operated, or leased by the Borrower or any of its Subsidiaries that to the Borrower's actual knowledge, would require investigation or remediation under any applicable Environmental Law;

(d)    the Borrower and its Subsidiaries have been issued and are in material compliance with all permits, certificates, approvals, licenses, registrations and other authorizations required under any applicable Environmental Law;

(e)    to the actual knowledge of the Borrower, no property currently or previously owned, operated or leased by the Borrower or any of its Subsidiaries is listed, or proposed for listing on the National Priorities List pursuant to CERCLA, on the CERCLIS or on any similar foreign, federal, state or provincial list of sites requiring investigation or clean-up under Environmental Laws; and

(f)    there is no friable asbestos present at any property now owned or leased by the Borrower or any of its Subsidiaries that requires abatement or removal under any applicable Environmental Law.

SECTION 6.12    Regulations U and X.  No Obligor is engaged in the business of extending credit for the purpose of buying or carrying margin stock, and no proceeds of any Loans will be used to purchase or carry margin stock or otherwise for a purpose which violates, or would be inconsistent with, F.R.S. Board Regulation U or Regulation X.  Terms for which meanings are provided in F.R.S. Board Regulation U or Regulation X or any regulations substituted therefor, as from time to time in effect, are used in this Section with such meanings.

SECTION 6.13    Labor Matters.  Except as set forth on Item 6.13 of the Disclosure Schedule, as of the date hereof no Obligor is subject to any labor or collective bargaining agreement.  Except as set forth on Item 6.13 of the Disclosure Schedule, there are no existing or threatened strikes, lockouts or other labor disputes involving any Obligor that singly or in the aggregate could reasonably be expected to have a Material Adverse Effect.  Hours worked by and payments made to employees of each Obligor are not in violation of the Fair Labor

Standards Act or any other applicable law, rule or regulation dealing with such matters where such violation could reasonably be expected to have a Material Adverse Effect.

SECTION 6.14    Compliance with Laws.  Each Obligor is in compliance in all material respects with the requirements of all applicable laws and all orders, writs, injunctions and decrees applicable to it or to its properties (except for Environmental Laws which are the subject of Section 6.11), except in such instances in which the failure to comply therewith, either individually or in the aggregate, would not reasonably be expected to have a Material Adverse Effect.

SECTION 6.15    Deposit Account and Cash Management Accounts.  Set forth on Item 6.15(a) of the Disclosure Schedule is a complete and accurate list of all Deposit Accounts of the Borrower and each Subsidiary and set forth on Item 6.15(b) of the Disclosure Schedule is a complete and accurate list of all Securities Accounts (as defined in the UCC) of the Borrower and each Subsidiary, if any as updated in accordance with Section 7.1.8.

SECTION 6.16    Insurance.  The Borrower and each of its Subsidiaries keeps its property adequately insured and maintains (i) insurance to such extent and against such risks, including fire, as is customary with companies of similar size and in the same or similar businesses, (ii) workmen's compensation insurance in the amount required by applicable law, (iii) public liability insurance, which shall include product liability insurance, in the amount customary with companies of similar size and in the same or similar business against claims for personal injury or death on properties owned, occupied or controlled by it, and (iv) such other insurance as may be required by law.

SECTION 6.17    Material Contracts.  Except as could not be reasonably expected  to result in a Material Adverse Effect, each of the Borrower's and its Subsidiaries' material contracts (i) are in full force and effect and are binding upon and enforceable against each Obligor that is a party thereto and, to the best actual knowledge of the Borrower and its Subsidiaries, all other parties thereto in accordance with its terms, and (ii) is not in default due to the action of such Obligor.

ARTICLE VII
COVENANTS

SECTION 7.1  Affirmative Covenants.  The Borrower agrees with each Lender and the Administrative Agent that on or after the Closing Date until the Termination Date has occurred, the Borrower will, and will cause its Subsidiaries to, perform or cause to be performed the obligations set forth below.

SECTION 7.1.1  Financial Information, Reports, Notices, etc.  The Borrower will furnish the Administrative Agent, who will distribute to each Lender, copies of the following financial statements, reports, notices and information:

(a)    as soon as available and in any event within 45 days after the end of each of the first three Fiscal Quarters of each Fiscal Year (commencing with the second Fiscal Quarter of the 2011 Fiscal Year), an unaudited consolidated balance sheet of the Parent and its Subsidiaries as of the end of such Fiscal Quarter and consolidated statements of income and cash

flow of the Parent and its Subsidiaries for such Fiscal Quarter and for the period commencing at the end of the previous Fiscal Year and ending with the end of such Fiscal Quarter, and including (in each case, except in the case of the second Fiscal Quarter of the 2011 Fiscal Year), in comparative form the figures for the corresponding Fiscal Quarter in, and year to date portion of, the immediately preceding Fiscal Year, in each case, certified as complete and correct by the chief financial or accounting officer of the Borrower (subject to normal year-end audit adjustments);

(b)     as soon as available and in any event within 120 days after the end of each Fiscal Year (commencing with the 2011 Fiscal Year), a copy of the consolidated balance sheet of the Parent and its Subsidiaries, and the related consolidated statements of income and cash flow of the Parent and its Subsidiaries for such Fiscal Year, setting forth in comparative form the figures for the immediately preceding Fiscal Year, audited by independent public accountants; provided that for the 2011 Fiscal Year, such consolidated balance sheet and related consolidated statements of income and cash flow shall cover the period commencing on a date selected by the Borrower in its reasonable discretion and terminating on December 31, 2011 and shall not need to include comparative statements;

(c)     concurrently with the delivery of the financial information pursuant to clauses (a) and (b), a Compliance Certificate, executed by the chief financial or accounting officer of the Borrower, (i) showing compliance with the financial covenants set forth in Section 7.2.4 and stating that no Default has occurred and is continuing (or, if a Default has occurred, specifying the details of such Default and the action that the Borrower or an Obligor has taken or proposes to take with respect thereto), (ii) stating that no Subsidiary has been formed or acquired since the delivery of the last Compliance Certificate (or, if a Subsidiary has been formed or acquired since the delivery of the last Compliance Certificate, a statement that such Subsidiary has complied with Section 7.1.7) and (iii) in the case of a Compliance Certificate delivered concurrently with the financial information pursuant to clause (b), a calculation of Excess Cash Flow;

(d)     as soon as practicable and in any event within 45 days after the commencement of each Fiscal Year beginning with the 2012 Fiscal Year, a business plan and financial projections for the Borrower and its Subsidiaries (on a consolidated basis) for such Fiscal Year (including an operating budget and cash flow budget) for the Borrower and its Subsidiaries (on a consolidated basis) accompanied by a certificate of an Authorized Officer of the Borrower to the effect that (a) such projections were prepared by the Borrower in good faith, (b) the Borrower has a reasonable basis for the assumptions contained in such projections and (c) such projections have been prepared in accordance with such assumptions;

(e)     as soon as possible and in any event within 10 days after any executive officer of the Borrower or any other Obligor obtains actual knowledge of the occurrence of an Event of Default, a statement of an Authorized Officer of the Borrower setting forth details of such Event of Default and the action which the Borrower or such Obligor has taken and proposes to take with respect thereto;

(f)     as soon as possible and in any event within 10 days after any executive officer of the Borrower or any other Obligor obtains actual knowledge of (i) the occurrence of

any material adverse development with respect to any litigation, action, proceeding or labor controversy described in Item 6.6 of the Disclosure Schedule or (ii) the commencement of any litigation, action, proceeding or labor controversy of the type and materiality described in Section 6.6, notice thereof and, to the extent the Administrative Agent reasonably requests, copies of all documentation relating thereto;

(g)     promptly after the sending or filing thereof, copies of all reports, notices, prospectuses and registration statements which any Obligor files with the SEC, or any national securities exchange;

(h)     promptly following the mailing or receipt of any material notice or report delivered under the terms of the First Lien Credit Agreement, copies of such notice or report;

(i)     promptly (i) if any executive officer of the Borrower obtains actual knowledge that the Borrower or any Person which owns, directly or indirectly, any Capital Securities of the Borrower, or any other holder at any time of any direct or indirect equitable, legal or beneficial interest therein is the subject of any of the Terrorism Laws, the Borrower will notify the Administrative Agent in writing and (ii) upon the request of any Lender, the Borrower will provide any information such Lender believes is reasonably necessary to be delivered to comply with the Patriot Act; and

(j)     such other financial and other information as the Lenders holding at least 10.0% of the aggregate amount of outstanding Loans may from time to time reasonably request through the Administrative Agent (including information and reports in such detail as such Lenders may reasonably request with respect to the terms of and information provided pursuant to the Compliance Certificate).

SECTION 7.1.2  Maintenance of Existence; Compliance with Contracts, Laws, etc.  The Borrower will, and will cause each of its Subsidiaries to, preserve and maintain its and their respective legal existence (except as otherwise permitted by Section 7.2.10) and comply in all material respects with all applicable material laws, rules, regulations and orders, including the payment (before the same become delinquent), of all Taxes, imposed upon the Borrower or its Subsidiaries or upon their property except to the extent being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP have been set aside on the books of the Borrower or its Subsidiaries, as applicable.

SECTION 7.1.3  Maintenance of Properties.  The Borrower will, and will cause each of its Subsidiaries to, maintain, preserve, protect and keep its and their respective properties in good repair, working order and condition (ordinary wear and tear excepted), and make necessary material repairs, renewals and replacements so that the business carried on by the Borrower and its Subsidiaries may be properly conducted at all times, unless the Borrower or such Subsidiary determines in good faith that the continued maintenance of such property is no longer economically desirable, necessary or useful to the business of the Borrower or any of its Subsidiaries or the Disposition of such property is otherwise permitted by Sections 7.2.9 or 7.2.10.

SECTION 7.1.4  Insurance.  The Borrower will, and will cause each of its Subsidiaries to maintain:

(a)  insurance on its property with financially sound and reputable insurance companies against loss and damage in at least the amounts (and with only those deductibles) customarily maintained, and against such risks as are typically insured against in the same general area, by Persons of comparable size engaged in the same or similar business as the Borrower and its Subsidiaries; and

(b)  all worker's compensation, employer's liability insurance or similar insurance as may be required under the material laws of any state or jurisdiction in which it may be engaged in business.

Without limiting the foregoing, all insurance policies required pursuant to this Section shall (i) name the Administrative Agent on behalf of the Secured Parties as mortgagee or loss payee (in the case of property insurance) or additional insured (in the case of liability insurance), as applicable, and provide that no cancellation of the policies will be made without thirty days' prior written notice to the Administrative Agent and (ii) be in addition to any requirements to maintain specific types of insurance contained in the other Loan Documents.

SECTION 7.1.5  Books and Records.  The Borrower will, and will cause each of its Subsidiaries to, keep books and records in accordance with GAAP which accurately reflect all of its business affairs and transactions and permit each Secured Party or any of their respective representatives, at reasonable times and intervals upon reasonable notice to the Borrower, to visit each Obligor's offices, to discuss such Obligor's financial matters with its officers and employees and to examine (and photocopy extracts from) any of its books and records.

SECTION 7.1.6  Environmental Law Covenant.  The Borrower will, and will cause each of its Subsidiaries to,

(a)  use and operate all of its and their facilities and properties in compliance with all Environmental Laws, maintain all necessary permits, approvals, certificates, licenses and other authorizations required under applicable Environmental Laws in effect and remain in material compliance therewith, and handle all Hazardous Materials in material compliance with all applicable Environmental Laws, in each case, except for such non-compliance or failure to maintain that would not reasonably be expected to result in a Material Adverse Effect; and

(b)  reasonably promptly notify the Administrative Agent in writing and provide copies upon receipt of all written claims, complaints, notices or inquiries relating to the condition of its owned, operated and leased facilities and properties in respect of, or as to compliance with, Environmental Laws that would reasonably be expected to result in a Material Adverse Effect, and shall promptly resolve any non-compliance with Environmental Laws and keep its owned property free of any Lien imposed by any Environmental Law, except for such Lien that is being contested in good faith and by proper proceedings and for which appropriate reserves consistent with same are being maintained.

SECTION 7.1.7  Future Guarantors, Security, etc.  The Borrower will, and will cause each of its U.S. Subsidiaries to, execute any documents, Filing Statements, agreements and

instruments, and take all further action (including filing Mortgages) that may be required under applicable law, or that the Administrative Agent may reasonably request, in order to effectuate the transactions contemplated by the Loan Documents and in order to grant, preserve, protect and perfect the validity (subject to Liens permitted by <u>Section 7.2.3</u>) of the Liens created or intended to be created by the Loan Documents. The Borrower will cause any subsequently acquired or organized U.S. Subsidiary to execute, within 10 Business Days of its acquisition or organization, a supplement to the Subsidiary Guaranty (in the form of Annex I thereto) and each other applicable Loan Document in favor of the Secured Parties. In addition, from time to time, the Borrower will, at its cost and expense, promptly secure the Obligations by pledging or creating, or causing to be pledged or created, perfected Liens with respect to such of its assets and properties as the Administrative Agent or the Required Lenders shall designate, it being agreed that it is the intent of the parties that the Obligations shall be secured by, among other things, substantially all the assets of the Borrower and its U.S. Subsidiaries (including real and personal property acquired subsequent to the Effective Date (but in the case of real property acquired after the Closing Date, the Borrower will only be required to perfect Liens on such real property to the extent the fair market value of such property exceeds $1,000,000)); <u>provided</u> that, neither the Borrower nor its U.S. Subsidiaries shall be required to pledge more than 65% of the Voting Securities of any Foreign Subsidiary unless such pledge would not result in an adverse tax consequence to the Borrower and its Subsidiaries or to their equity holders on a flow through basis. The Borrower shall deliver or cause to be delivered to the Administrative Agent all customary instruments and documents (including legal opinions, title insurance policies and lien searches) to evidence compliance with this Section. The Borrower and its Subsidiaries will use commercially reasonable efforts to get a landlord waiver in form and substance reasonably satisfactory to the Administrative Agent for all real property leased by any Obligor after the Effective Date which relates to a location in which there is, or is reasonably expected to be, collateral with a book value of $5,000,000 or more. The Borrower agrees that it will not, nor will it permit any of its Subsidiaries to, store collateral with a book value of more than $5,000,000 in any location at which it has not obtained a landlord waiver for more than 60 days.

SECTION 7.1.8 <u>Cash Management</u>. The Borrower will, and will cause each Subsidiary Guarantor to: (i) ensure that such Person's Account Debtors forward payment of all amounts owed by them to such Person to one of the Deposit Accounts of such Person set forth on <u>Item 6.15(a)</u> of the Disclosure Schedule, and (ii) deposit, or cause to be deposited, promptly, and in any event no later than the fifth Business Day after the date of receipt thereof, all of such Person's Collections in one of the Deposit Accounts of such Person set forth on <u>Item 6.15(a)</u> of the Disclosure Schedule. Prior to or as soon as practicable following the Closing Date, the Borrower will use commercially reasonable efforts to deliver to the Administrative Agent fully executed Control Agreements with respect to each Deposit Account and Securities Account of the Borrower set forth on <u>Item 6.15(a)</u> and <u>Item 6.15(b)</u> of the Disclosure Schedule. At all times after the delivery of such Control Agreements, the Borrower will use commercially reasonable efforts to ensure, prior to any termination or expiration of the Control Agreement relating to the Deposit Accounts initially set forth on <u>Item 6.15(a)</u> of the Disclosure Schedule, that such Deposit Accounts are replaced with Deposit Accounts subject to a Control Agreement. So long as no Default has occurred and is continuing (except with respect to the Deposit Accounts initially set forth in <u>Item 6.15(a)</u> of the Disclosure Schedule, which Deposit Accounts may be replaced at any time, subject to the proviso to this sentence), the Borrower may amend <u>Item 6.15(a)</u> and <u>Item 6.15(b)</u> of the Disclosure Schedule to add or replace one or more of the Deposit Accounts;

provided, however, that (i) the prospective depository institution at which such Deposit Account will be held shall be reasonably satisfactory to the Administrative Agent and (ii) in the event such Deposit Account will replace or be in addition to a Deposit Account set forth on Item 6.15(a) of the Disclosure Schedule hereto, prior to the time of the opening of such Deposit Account, the Borrower and such prospective depository institution shall use commercially reasonable efforts to have executed and delivered to the Administrative Agent a Control Agreement in respect of such Deposit Account.

SECTION 7.1.9  Maintenance of Corporate Separateness.  The Borrower will, and will cause each of its Subsidiaries to, satisfy customary corporate formalities, including the holding of regular board of directors' and shareholders' meetings and the maintenance of corporate offices and records and take all actions reasonably necessary to maintain their corporate separateness.

SECTION 7.1.10  Landlord's Agreements and Bailee Letters.  Prior to or as soon as practicable following the Closing Date, the Borrower will use commercially reasonable efforts to deliver to the Administrative Agent a landlord's agreement or bailee letter with respect to each location set forth on Item 7.1.10 to the Disclosure Schedule.

SECTION 7.1.11  Mortgages.  Prior to or as soon as practicable following the Closing Date, the Borrower will deliver to the Administrative Agent counterparts of each Mortgage, duly executed and delivered by the applicable Obligor, together with:

(a)  evidence of the completion (or satisfactory arrangements for the completion) of all recordings and filings of each Mortgage as may be necessary or, in the reasonable opinion of the Administrative Agent, desirable to create a valid, perfected Lien against the properties purported to be covered thereby;

(b)  mortgagee's title insurance policies in favor of the Administrative Agent for the benefit of the Secured Parties in amounts and in form and substance as shall be customary for similar properties, with respect to the real and, if any, other property purported to be covered by each Mortgage, insuring that title to such property is marketable and that the interests created by each Mortgage constitute valid first Liens thereon free and clear of all defects and encumbrances (other than in favor of the First Lien Lenders pursuant to the First Lien Loan Documents and the Intercreditor Agreement); and

(c)  opinions addressed to the Administrative Agent and all Lenders from local real estate counsel to the Obligors in all jurisdictions where the Borrower maintains material real estate, as determined in the Borrower's reasonable discretion.

SECTION 7.2  Negative Covenants.  The Borrower covenants and agrees with each Lender and the Administrative Agent that on or after the Closing Date until the Termination Date has occurred, the Borrower will, and will cause its Subsidiaries to, perform or cause to be performed the obligations set forth below.

SECTION 7.2.1  Business Activities.  The Borrower will not, and will not permit any of its Subsidiaries to engage in any business activity except those business activities engaged in or

contemplated on the date of this Agreement and activities reasonably incidental thereto or reasonable extensions thereof.

SECTION 7.2.2 <u>Indebtedness</u>. The Borrower will not, and will not permit any of its Subsidiaries to, create, incur, assume or permit to exist any Indebtedness, except:

(a) Indebtedness in respect of the Obligations;

(b) Indebtedness existing as of the Effective Date which is identified in <u>Item 7.2.2(b)</u> of the Disclosure Schedule, and refinancing of such Indebtedness in a principal amount not in excess of that which is outstanding on the Effective Date (as such amount has been reduced following the Effective Date) plus all costs, fees and expenses related to such refinancing;

(c) unsecured Indebtedness (i) incurred in the ordinary course of business of the Borrower and its Subsidiaries (including open accounts extended by suppliers on normal trade terms in connection with purchases of goods and services (including insurance premium payables in the ordinary course) which are not overdue for a period of more than 90 days or, if overdue for more than 90 days, as to which a dispute exists and adequate reserves in conformity with GAAP have been established on the books of the Borrower or such Subsidiary) and (ii) in respect of performance, surety or appeal bonds provided in the ordinary course of business, but excluding (in each case), Indebtedness incurred through the borrowing of money or Contingent Liabilities in respect thereof;

(d) Indebtedness (i) in respect of industrial revenue bonds or other similar governmental or municipal bonds, (ii) evidencing the deferred purchase price of newly acquired property or incurred to finance the acquisition of equipment of the Borrower and its Subsidiaries (pursuant to purchase money mortgages or otherwise, whether owed to the seller or a third party) used in the ordinary course of business of the Borrower and its Subsidiaries (<u>provided</u> that, such Indebtedness is incurred within 60 days of the acquisition of such property) and (iii) in respect of Capitalized Lease Liabilities; <u>provided</u> that, the aggregate amount of all Indebtedness outstanding pursuant to this clause shall not at any time exceed $10,000,000;

(e) Indebtedness of any Subsidiary owing to the Borrower or any other Subsidiary; <u>provided</u> that, the aggregate amount of all such Indebtedness incurred by a Subsidiary that is not a Subsidiary Guarantor, when aggregated with the amount of all Investments made by the Borrower and the Subsidiary Guarantors in Subsidiaries which are not Subsidiary Guarantors pursuant to <u>clause (e)(i)</u> of <u>Section 7.2.5</u>, shall not exceed $5,000,000 at any time;

(f) First Lien Loans incurred pursuant to the terms of the First Lien Loan Documents in a principal amount not to exceed the Maximum First Lien Principal Amount (as defined in the Intercreditor Agreement), and Contingent Liabilities of the Subsidiary Guarantors in respect of the First Lien Loans; and, the refinancing of all such Indebtedness not in excess of the Maximum First Lien Principal Amount so long as (i) such refinancing is permitted by the Intercreditor Agreement and (ii) the administrative agent for such replacement First Lien Credit Agreement executes and delivers the Intercreditor Agreement;

(g)     Indebtedness incurred by the Borrower and its Subsidiaries arising from agreements providing for indemnification, adjustment of purchase price or similar obligations, or from guaranties or letters of credit, surety bonds or performance bonds securing the performance of the Borrower or any such Subsidiary pursuant to such agreements, in connection with Permitted Acquisitions or permitted Dispositions of any business, assets or Subsidiary of the Borrower or any of its Subsidiaries;

(h)     the Borrower and its Subsidiaries may become and remain liable with respect to deferred purchase price obligations (including obligations in respect of Earnout Payments) incurred as part of the consideration paid or payable in respect of Permitted Acquisitions; provided that with respect to all Permitted Acquisitions, the aggregate principal amount of all such deferred purchase price obligations shall not exceed $10,000,000 in the aggregate over the term of this Agreement;

(i)     Indebtedness of a Person existing at the time such Person became a Subsidiary of the Borrower, but only if such Indebtedness was not created or incurred in contemplation of such Person becoming a Subsidiary and the aggregate outstanding amount of all Indebtedness existing pursuant to this clause does not exceed $10,000,000 at any time;

(j)     Indebtedness incurred by the Borrower or any of its Subsidiaries which may be deemed to exist pursuant to any performance guaranties, performance, surety, statutory, appeal or similar obligations incurred in the ordinary course of business;

(k)     Indebtedness incurred by the Borrower or any of its Subsidiaries in respect of customary netting services, overdraft protections and similar liabilities incurred in the ordinary course in connection with customary Deposit Accounts maintained by the Borrower and its Subsidiaries as part of its ordinary course cash management program;

(l)     Indebtedness with respect to Purchase Card Agreements in an aggregate amount not to exceed $2,000,000 outstanding at any one time;

(m)     other unsecured Indebtedness of the Borrower and its Subsidiaries (other than Indebtedness of Foreign Subsidiaries owing to the Borrower or Guarantors) in an aggregate amount at any time outstanding not to exceed $10,000,000;

(n)     Indebtedness to one or more issuers of letters of credit with respect to cash collateralized letters of credit in a principal or face amount not to exceed $10,000,000 in the aggregate; and

(o)     Indebtedness consisting of obligations to PBGC pursuant to the PBGC Settlement.

SECTION 7.2.3  Liens.  The Borrower will not, and will not permit any of its Subsidiaries to, create, incur, assume or permit to exist any Lien upon any of its property (including Capital Securities of any Person), revenues or assets, whether now owned or hereafter acquired, except:

(a)     Liens securing payment of the Obligations;

(b)     Liens existing as of the Effective Date and disclosed in <u>Item 7.2.3(b)</u> of the Disclosure Schedule securing Indebtedness described in <u>clause (b)</u> of <u>Section 7.2.2</u>, and refinancings of such Indebtedness; <u>provided</u> that, no such Lien shall encumber any additional property and the amount of Indebtedness secured by such Lien is not increased from that existing on the Effective Date (as such Indebtedness may have been permanently reduced subsequent to the Effective Date) plus all costs, fees and expenses related to such Liens;

(c)     Liens securing Indebtedness of the type permitted under <u>clause (d)</u> of <u>Section 7.2.2</u>; <u>provided</u> that, with respect to Indebtedness permitted by <u>clause (d)(ii)</u> of <u>Section 7.2.2</u>, (i) such Lien is granted within 60 days after such Indebtedness is incurred, (ii) the Indebtedness secured thereby does not exceed 80% of the lesser of the cost or the fair market value of the applicable property, improvements or equipment at the time of such acquisition (or construction) and (iii) such Lien secures only the assets that are the subject of the Indebtedness referred to in such clause;

(d)     Liens securing Indebtedness permitted by <u>clause (i)</u> of <u>Section 7.2.2</u>; <u>provided</u> that, such Liens existed prior to such Person becoming a Subsidiary, were not created in anticipation thereof and attach only to assets of such Person;

(e)     Liens in favor of carriers, warehousemen, mechanics, materialmen and landlords granted in the ordinary course of business for amounts not overdue or being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP shall have been set aside on its books;

(f)     Liens incurred or deposits made in the ordinary course of business in connection with worker's compensation, unemployment insurance or other forms of governmental insurance or benefits, or to secure performance of tenders, statutory obligations, bids, leases or other similar obligations (other than for borrowed money) entered into in the ordinary course of business or to secure obligations on surety and appeal bonds or performance bonds;

(g)     judgment Liens in existence for less than 60 days after the entry thereof or with respect to which execution has been stayed or the payment of which is covered in full (subject to a customary deductible) by insurance maintained with responsible insurance companies and which do not otherwise result in an Event of Default under <u>Section 8.1.5</u>;

(h)     easements, rights-of-way, zoning restrictions, minor defects or irregularities in title and other similar encumbrances not interfering in any material respect with the value or use of the property to which such Lien is attached;

(i)     Liens for Taxes not at the time delinquent or thereafter payable without penalty or being diligently contested in good faith by appropriate proceedings and for which adequate reserves in accordance with GAAP shall have been set aside on its books;

(j)     Liens securing Indebtedness permitted under <u>clause (f)</u> of <u>Section 7.2.2</u> and senior to the Liens securing the Obligations pursuant to the Intercreditor Agreement;

(k)     Liens solely on any earnest money deposit made by the Borrower or any of its Subsidiaries in connection with any lease, letter of intent, purchase agreement or lease permitted hereunder entered into the ordinary course of business;

(l)     purported Liens evidenced by filing of precautionary UCC financing statements relating solely to operating leases for personal property entered into in the ordinary course of business;

(m)     Liens in favor of customs and revenue authorities arising as a matter of law to secure payment of custom duties in connection with the importation of goods;

(n)     any zoning or similar law or right reserved or vested in any governmental office or agency to control or regulate the use of, or any reservation in the grant from the crown in respect of, any real property;

(o)     licenses of patents, trademarks and other intellectual property rights granted by the Borrower or any of its Subsidiaries in the ordinary course of business and not interfering in any respect with the ordinary conduct of such Borrower or such Subsidiary;

(p)     Liens arising solely by virtue of any statutory or common law provision relating to banker's liens, rights of set-off or similar rights and remedies as to deposit accounts or other funds maintained with a creditor depository institution;

(q)     any interest or title of a lessor, licensor or sublessor under any lease or license entered into the ordinary course of its business and covering only the assets so leased or licensed granted in the ordinary course of business;

(r)     Liens on inventory that is in the possession of a third party in the ordinary course of business;

(s)     Liens on any leased real property granted by landlords under such leases;

(t)     Liens on any leased real property granted to landlords under any leases; and

(u)     Liens on cash held by one or more issuers of letters of credit in an amount not to exceed $10,500,000 in the aggregate securing Indebtedness permitted by <u>clause (n)</u> of <u>Section 7.2.2</u>.

SECTION 7.2.4   <u>Financial Condition and Operations</u>.  The Borrower will not permit any of the events set forth below in <u>clauses (a)</u> and <u>(b)</u> to occur:

(a)     The Borrower will not permit the Total Leverage Ratio as of the last day of any period set forth below to be greater than:

| Fiscal Quarter Ending | Total Leverage Ratio |
| --- | --- |
| September 30, 2011 | 8.00:1.00 |

| Fiscal Quarter Ending | |
|---|---|
| December 31, 2011 | 7.75:1.00 |
| March 31, 2012 | 7.75:1.00 |
| June 30, 2012 | 7.50:1.00 |
| September 30, 2012 | 7.25:1.00 |
| December 31, 2012 | 7.00:1.00 |
| March 31, 2013 | 7.00:1.00 |
| June 30, 2013 | 6.75:1.00 |
| September 30, 2013 | 6.75:1.00 |
| December 31, 2013 | 6.75:1.00 |
| March 31, 2014 | 6.75:1.00 |
| June 30, 2014 | 6.50:1.00 |
| September 30, 2014 | 6.50:1.00 |
| December 31, 2014 | 6.50:1.00 |
| March 31, 2015 and thereafter | 6.25:1.00 |

(b)      The Borrower will not permit the Interest Coverage Ratio as of the last day of any period set forth below to be less than:

| Fiscal Quarter Ending | Interest Coverage Ratio |
|---|---|
| September 30, 2011 | 1.75:1.00 |
| December 31, 2011 | 1.75:1.00 |
| March 31, 2012 | 1.75:1.00 |
| June 30, 2012 | 1.75:1.00 |
| September 30, 2012 | 1.75:1.00 |
| December 31, 2012 | 2.00:1.00 |
| March 31, 2013 | 2.00:1.00 |
| June 30, 2013 | 2.00:1.00 |
| September 30, 2013 | 2.00:1.00 |
| December 31, 2013 | 2.00:1.00 |
| March 31, 2014 | 2.00:1.00 |
| June 30, 2014 | 2.00:1.00 |
| September 30, 2014 | 2.00:1.00 |
| December 31, 2014 | 2.00:1.00 |
| March 31, 2015 and thereafter | 2.00:1.00 |

SECTION 7.2.5  Investments.  The Borrower will not, and will not permit any of its Subsidiaries to, purchase, make, incur, assume or permit to exist any Investment in any other Person, except:

(a)        Investments existing on the Effective Date and identified in Item 7.2.5(a) of the Disclosure Schedule;

(b)        Cash Equivalent Investments;

(c)        Investments received in connection with the bankruptcy or reorganization of, or settlement of delinquent accounts and disputes with, customers and suppliers, in each case in the ordinary course of business;

(d)        Investments consisting of any deferred portion of the sales price received by the Borrower or any Subsidiary in connection with any Disposition permitted under Section 7.2.10;

(e)        Investments by way of contributions to capital or purchases of Capital Securities (i) by the Borrower in any Subsidiaries or by any Subsidiary in other Subsidiaries; provided that, the aggregate amount of intercompany loans made pursuant to clause (e) of Section 7.2.2 and Investments under this clause made by the Borrower and Subsidiary Guarantors in Subsidiaries that are not Subsidiary Guarantors shall not exceed the amount set forth in clause (e) of Section 7.2.2 at any time, or the Borrower or (ii) by any Subsidiary in the Borrower;

(f)        Investments constituting (i) accounts receivable arising, (ii) trade debt granted, or (iii) deposits made in connection with the purchase price of goods or services, in each case in the ordinary course of business;

(g)        Investments by way of the acquisition of Capital Securities constituting Permitted Acquisitions permitted under clause (d) of Section 7.2.9, provided that such Investments shall result in the acquisition of a wholly owned U.S. Subsidiary;

(h)        intercompany loans, advances or guaranties among the Borrower and its Subsidiaries, all to the extent permitted by clause (e) of Section 7.2.2 and clause (e) of this Section 7.2.5;

(i)        Capital Expenditures to the extent permitted by Section 7.2.7;

(j)        loans to officers, directors and employees of the Borrower and its Subsidiaries to be used to purchase Capital Securities of the Parent and/or to acquire options on, or purchase upon exercise of such options, Capital Securities of the Parent; provided, that, in each case, the proceeds of such loans are reinvested in the Borrower and do not exceed $5,000,000;

(k)　　Investments in Persons (other than Obligors or any Person owning, controlling or managing, directly or indirectly an Obligor) that are not Subsidiaries in an aggregate amount not to exceed $2,000,000 at any time outstanding;

(l)　　without duplication, Contingent Liabilities to the extent permitted by Section 7.2.2;

(m)　　good faith deposits made in connection with prospective Permitted Acquisitions to the extent permitted by Section 7.2.9;

(n)　　bank deposits established and maintained in the ordinary course of business and consistent with past practice;

(o)　　customary deposits made in connection with operating leases;

(p)　　Investments in the form of deposits, prepayments and other credits to suppliers in the ordinary course of business;

(q)　　Investments in the form of Capital Securities received from or on behalf of any Person as a part of the consideration paid or payable in respect of any Disposition made by the Borrower or any of its Subsidiaries; provided that, the fair market value of all such Capital Securities held by the Borrower and its Subsidiaries (as determined as of the time such securities are received) shall not exceed in the aggregate the greater of (i) $5,000,000 and (ii) 25% of the aggregate proceeds received by the Borrower from such Disposition; provided, further, that, "fair market value" for any such Capital Securities shall be (x) if prices for such securities are quoted on a national public exchange or equivalent, the quoted price for such securities on such exchange as of the close of business on the Business Day immediately preceding the day of receipt of such securities, and (y) if prices for such securities are not quoted on a national public exchange or equivalent, the value of such securities as determined by the board of directors (or equivalent) of the Borrower in the exercise of its good faith judgment at the time of receipt of such securities; and

(r)　　other Investments in an amount not to exceed $10,000,000 at any time over the term of this Agreement irrespective of any gains received, accrued or recognized on such Investments;

provided that any Investment which when made complies with the requirements of the definition of the term "Cash Equivalent Investment" may continue to be held notwithstanding that such Investment if made thereafter would not comply with such requirements; and

(s)　　no Investment otherwise permitted by clauses (g), (j), or (m) shall be permitted to be made if any Default has occurred and is continuing or would result therefrom.

SECTION 7.2.6  Restricted Payments, etc.  The Borrower will not, and will not permit any of its Subsidiaries to, declare or make a Restricted Payment, or make any deposit for any Restricted Payment, except:

(a) Restricted Payments made by Subsidiaries to the Borrower or wholly owned Subsidiaries;

(b) so long as no Default has occurred and is continuing, or shall be caused thereby, Restricted Payments made by the Borrower or its Subsidiaries:

(i) to make payments pursuant to the Management Agreements and the LLC Agreement as in effect from time to time;

(ii) in an aggregate amount not to exceed $2,500,000 in any Fiscal Year (A) to the extent necessary to make repurchases of Capital Securities (and options or warrants to purchase such Capital Securities) of the Parent from employees (1) upon termination (including by reason of death, disability or retirement) of such employees or (2) pursuant to a contractual obligation of the Parent and (B) to the Parent to the extent necessary to permit the Parent or any parent company thereof to pay reasonable accounting, legal, insurance, SEC related, and similar fees, expenses and costs, and expenses and indemnity payments to directors; and

(iii) to the Parent to permit the Parent to make tax distributions to its members in accordance with (and in the amounts permitted by) the LLC Agreement; provided, that, with respect to any taxable year, the amount distributed to members of the Parent pursuant to this clause shall not exceed the product of the amount of taxable income of the Borrower allocable to such members and the Hypothetical Tax Rate and, provided, further, that the Borrower shall be permitted to make periodic tax distributions to permit payments of estimated taxes by members of the Parent based on reasonable estimates of the taxable income of the Borrower allocable to the members of the Parent and the Hypothetical Tax Rate.

SECTION 7.2.7 Capital Expenditures. Subject (in the case of Capitalized Lease Liabilities) to clause (e) of Section 7.2.2, the Borrower will not, and will not permit any of its Subsidiaries to, make or commit to make Capital Expenditures in any period set forth below which aggregate in excess of the amount set forth below opposite such period:

| Period | Maximum Capital Expenditure Amount |
|---|---|
| Each period of twelve consecutive months ending on the last day of each Fiscal Quarter starting with the Fiscal Quarter ending on September 30, 2011 | $20,000,000 |

SECTION 7.2.8 Issuance of Capital Securities. The Borrower will not, and will not permit any of its Subsidiaries to, issue any Capital Securities (whether for value or otherwise) to any Person other than (in the case of Subsidiaries), to the Borrower or another wholly owned Subsidiary (unless such Capital Securities are not mandatorily redeemable prior to one year and one day after the Stated Maturity Date for the Loans).

SECTION 7.2.9 <u>Consolidation, Merger; Permitted Acquisitions, etc.</u>  The Borrower will not, and will not permit any of its Subsidiaries to, liquidate or dissolve, consolidate with, or merge or amalgamate into or with, any other Person, or purchase or otherwise acquire all or substantially all of the assets of any Person (or any division thereof), except:

(a)     any Subsidiary may liquidate or dissolve voluntarily into, and may merge or amalgamate with and into, the Borrower or any other Subsidiary; (<u>provided</u> that, in any merger involving the Borrower, the Borrower is the surviving Person and a Subsidiary Guarantor may only merge with and into another Subsidiary Guarantor);

(b)     the assets or Capital Securities of any Subsidiary may be purchased or otherwise acquired by the Borrower or any other Subsidiary (<u>provided</u> that, the assets or Capital Securities of any Subsidiary Guarantor may only be purchased or otherwise acquired by the Borrower or another Subsidiary Guarantor); <u>provided</u>, <u>further</u>, that in no event shall any Subsidiary consolidate with or merge with and into any other Subsidiary unless after giving effect thereto, the Administrative Agent shall have a perfected pledge of, and security interest in and to, at least the same percentage of the issued and outstanding interests of Capital Securities (on a fully diluted basis) and other assets of the surviving Person as the Administrative Agent had immediately prior to such merger or consolidation in form and substance reasonably satisfactory to the Administrative Agent and its counsel, pursuant to such documentation as shall be necessary in the reasonable opinion of the Administrative Agent to create, perfect or maintain the collateral position of the Secured Parties therein;

(c)     Investments made in accordance with <u>Section 7.2.5</u>;

(d)     the Borrower or any of its Subsidiaries may purchase all or substantially all of the assets of any Person (or any division thereof), or acquire such Person by merger or otherwise, in each case, if:

(i)     no Default has occurred and is continuing or would occur after giving effect thereto;

(ii)     such purchase or acquisition constitutes a Permitted Acquisition;

(iii)     the amount (which shall include all obligations in respect of Earnout Payments and other deferred purchase price arrangements) paid or payable in connection with all other transactions permitted under this <u>clause (d)</u> (together with all previous Permitted Acquisitions) does not exceed $20,000,000 in any Fiscal Year and $50,000,000 over the term of this Agreement;

(e)     any Subsidiary may convert into a limited liability company following at least sixty (60) days' advance written notice to the Administrative Agent.

SECTION 7.2.10 <u>Permitted Dispositions</u>.  The Borrower will not, and will not permit any of its Subsidiaries to, Dispose of any of the Borrower's or such Subsidiaries' assets (including accounts receivable and Capital Securities of Subsidiaries) to any Person in one transaction or series of transactions unless such Disposition is:

(a)    inventory or obsolete, damaged, worn out or surplus property, or the discounted sale of defaulted or delinquent trade receivables written off and reserved;

(b)    permitted by Sections 7.2.9 and 7.2.14;

(c)    (i) the cross-licensing or non-exclusive licensing of intellectual property, in the ordinary course of business and (ii) the contemporaneous exchange, in the ordinary course of business, of property for property of a substantially like kind and use (other than as set forth in clause (i)), to the extent that the property received in such exchange is of a value substantially equivalent to the value of the property exchanged;

(d)    Investments made in accordance with Section 7.2.5 and Restricted Payments made in accordance with Section 7.2.6;

(e)    the leasing or sub-leasing of property that would not materially interfere with the required use of such property by the Borrower or any of its Subsidiaries;

(f)    other Dispositions so long as: (i) such Disposition is for fair market value and the consideration received consists of no less than 75% in cash, (ii) the Net Disposition Proceeds received from such Disposition, together with the Net Disposition Proceeds of all other assets Disposed of pursuant to this clause since the Closing Date, does not exceed (individually or in the aggregate) $25,000,000 over the term of this Agreement (inclusive of the fair market value of any Capital Securities of the type described in clause (q) of Section 7.2.5), (iii) the Net Disposition Proceeds from such Disposition are applied pursuant to Sections 3.1.1 and 3.1.2, and (iv) no Default has occurred and is continuing; and

(g)    set forth on Item 7.2.10(g) of the Disclosure Schedule.

SECTION 7.2.11  Modification of Certain Agreements.  The Borrower will not, and will not permit any of its Subsidiaries to, consent to any amendment, supplement, waiver or other modification of, or enter into any forbearance from exercising any rights with respect to the terms or provisions contained in:

(a)    the Asset Purchase Agreement, the Plan, and (to the extent such action is materially adverse to the Lenders) the Management Agreements;

(b)    the Organic Documents of the Borrower or any of its Subsidiaries, if the result would have a material adverse effect on the rights or remedies of any Secured Party; and

(c)    any of the First Lien Loan Documents, other than any amendment, supplement, waiver or modification to the extent permitted by the Intercreditor Agreement.

SECTION 7.2.12  Transactions with Affiliates.  The Borrower will not, and will not permit any of its Subsidiaries to, enter into or cause or permit to exist any arrangement, transaction or contract (including for the purchase, lease or exchange of property or the rendering of services) with any of its other Affiliates, unless such arrangement, transaction or contract is on fair and reasonable terms no less favorable to the Borrower or such Subsidiary than it could obtain in an arm's-length transaction with a Person that is not an Affiliate other than:

(a)     transactions among the Obligors otherwise permitted hereunder;

(b)     reasonable fees and compensation (including equity-based compensation and employee benefits) paid to, and indemnity provided for the benefit of, officers, directors, board members, employees or consultants of the Parent or any Subsidiary as determined in good faith by the Parent's board of directors;

(c)     the payment of Restricted Payments as provided under Section 7.2.6;

(d)     transactions that were or are consummated in accordance with the Plan or the Asset Purchase Agreement, in each case, as in effect on the Effective Date;

(e)     Indebtedness represented by this Agreement and the First Lien Credit Agreement, the Intercreditor Agreement, and any amendments, restatements or modifications thereof and the transactions pursuant thereto that are permitted hereby and by the Intercreditor Agreement; and

(f)     transactions pursuant to the Management Agreements and the LLC Agreement.

SECTION 7.2.13  Restrictive Agreements, etc.  The Borrower will not, and will not permit any of its Subsidiaries to, enter into any agreement prohibiting

(a)     the creation or assumption of any Lien upon its properties, revenues or assets, whether now owned or hereafter acquired;

(b)     the ability of any Obligor to amend or otherwise modify any Loan Document; or

(c)     the ability of any Subsidiary to make any payments, directly or indirectly, to the Borrower, including by way of dividends, advances, repayments of loans, reimbursements of management and other intercompany charges, expenses and accruals or other returns on investments.

The foregoing prohibitions shall not apply to restrictions contained (i) in any Loan Document, (ii) in the case of clause (a), any agreement governing any Indebtedness permitted by clause (d) of Section 7.2.2 as to the assets financed with the proceeds of such Indebtedness, (iii) in the case of clause (a), covenants in documents creating Liens permitted by Section 7.2.3 prohibiting further Liens on the properties encumbered thereby; (iv) in the case of clauses (a) and (b), in the First Lien Loan Documents; or (v) any prohibition or limitation that (a) exists pursuant to applicable law, (b) consists of customary restrictions and conditions contained in any agreement relating to the sale of any property permitted under Section 7.2.10 pending the consummation of such sale, (c) consists of customary restrictions and conditions contained in any lease or restricts subletting or assignment of any lease governing a leasehold interest of an Obligor, (d) exists in any agreement or other instrument of a person acquired in an Investment permitted hereunder in existence at the time of such Investment (but not created in connection therewith or in contemplation thereof), which prohibition or limitation is not applicable to any person, or the properties or assets of any person, other than the person, or the property or assets of the person so

acquired or (e) is imposed by any amendments or refinancings that are otherwise permitted by the Loan Documents of the contracts, instruments or obligations referred to in clause (iv) or (v)(d); provided that such amendments and refinancings are no more materially restrictive with respect to such prohibitions and limitations than those prior to such amendment or refinancing.

SECTION 7.2.14  Sale and Leaseback.  The Borrower will not, and will not permit any of its Subsidiaries to, directly or indirectly enter into any agreement or arrangement providing for the sale or transfer by it of any property (now owned or hereafter acquired) to a Person and the subsequent lease or rental of such property or other similar property from such Person except the sale-leasebacks entered into in connection with the Livermore Property, the Goshen Property and the Emigsville Property.

SECTION 7.2.15  Pension Plans.  The Borrower will not, and will not permit any of its Subsidiaries to sponsor or contribute to any Pension Plan, or have any liability, contingent or otherwise, with respect to any Pension Plan (for the avoidance of doubt, other than the PBGC Settlement).

## ARTICLE VIII
## EVENTS OF DEFAULT

SECTION 8.1  Listing of Events of Default.  Each of the following events or occurrences described in this Article shall constitute an "Event of Default".

SECTION 8.1.1  Non-Payment of Obligations.  The Borrower shall default in the payment or prepayment when due of

(a)     any principal of any Loan and such default shall continue unremedied for a period of two Business Days after such amount was due; or

(b)     any interest or fee described in Article III or any other monetary Obligation, and such default shall continue unremedied for a period of five Business Days after such amount was due.

SECTION 8.1.2  Non-Performance of Certain Covenants and Obligations.  The Borrower shall default in the due performance or observance of any of its obligations under Section 7.1.1, Section 7.1.2 or Section 7.2.

SECTION 8.1.3  Non-Performance of Other Covenants and Obligations.  Any Obligor shall default in the due performance and observance of any other agreement contained in any Loan Document executed by it, and such default shall continue unremedied for a period of 60 days after the earlier of (a) the date of the Borrower's actual knowledge of such default or (b) notice thereof given to the Borrower by the Administrative Agent or any Lender.

SECTION 8.1.4  Default on Other Indebtedness.  A default shall occur in the payment of any amount when due (subject to any applicable grace period), whether by acceleration or otherwise, of any principal or stated amount of, or interest or fees on, any Indebtedness (other than Indebtedness described in Section 8.1.1) of the Borrower or any of its Subsidiaries or any other Obligor having a principal or stated amount, individually or in the aggregate, in excess of

$10,000,000, or a default shall occur in the performance or observance of any obligation or condition with respect to such Indebtedness if the effect of such default is to accelerate the maturity of any such Indebtedness or such default shall continue unremedied for any applicable period of time sufficient to permit the holder or holders of such Indebtedness, or any trustee or agent for such holders, to cause or declare such Indebtedness to become due and payable or to require such Indebtedness to be prepaid, redeemed, purchased or defeased, or require an offer to purchase or defease such Indebtedness to be made, prior to its expressed maturity**.**

SECTION 8.1.5  <u>Judgments</u>.  Any judgment or order for the payment of money individually or in the aggregate in excess of $10,000,000 (exclusive of any amounts fully covered by insurance (less any applicable deductible) and as to which the insurer has not denied or objected to its responsibility to cover such judgment or order) shall be rendered against the Borrower or any of its Subsidiaries or any other Obligor and such judgment shall not have been vacated or discharged or stayed or bonded pending appeal within 60 days after the entry thereof or enforcement proceedings shall have been commenced by any creditor upon such judgment or order.

SECTION 8.1.6  <u>Change in Control</u>.  Any Change in Control shall occur.

SECTION 8.1.7  <u>Bankruptcy, Insolvency, etc.</u>  The Borrower, any of its Subsidiaries or any other Obligor shall

(a)     generally fail to pay, or admit in writing its inability or general unwillingness to pay, debts as they become due;

(b)     apply for, consent to, or acquiesce in the appointment of a trustee, receiver, sequestrator or other custodian for any substantial part of the property of any thereof, or make a general assignment for the benefit of creditors;

(c)     in the absence of such application, consent or acquiescence in or permit or suffer to exist the appointment of a trustee, receiver, receiver manager, sequestrator or other custodian for a substantial part of the property of any thereof, and such trustee, receiver, receiver manager, sequestrator or other custodian shall not be discharged within 90 days; <u>provided</u> that, the Borrower, each Subsidiary and each other Obligor hereby expressly authorizes each Secured Party to appear in any court conducting any relevant proceeding during such 90-day period to preserve, protect and defend their rights under the Loan Documents;

(d)     permit or suffer to exist the commencement of any bankruptcy, reorganization, debt arrangement or other case or proceeding under any bankruptcy or insolvency law or any dissolution, winding up or liquidation proceeding, in respect thereof, and, if any such case or proceeding is not commenced by the Borrower, any Subsidiary or any Obligor, such case or proceeding shall be consented to or acquiesced in by the Borrower, such Subsidiary or such Obligor, as the case may be, or shall result in the entry of an order for relief or shall remain for 90 days undismissed; <u>provided</u> that, the Borrower, each Subsidiary and each Obligor hereby expressly authorizes each Secured Party to appear in any court conducting any such case or proceeding during such 90-day period to preserve, protect and defend their rights under the Loan Documents; or

(e)  take any action authorizing, or in furtherance of, any of the foregoing.

SECTION 8.1.8  Impairment of Security, etc.  Any Loan Document shall (except in accordance with its terms), in whole or in part, terminate, cease to be effective or cease to be the legally valid, binding and enforceable obligation of any Obligor party thereto; any Lien shall (except in accordance with the terms of any Loan Document), in whole or in part, terminate, cease to be effective or cease to be the legally valid, binding and enforceable obligation of any Obligor subject thereto in respect of any material portion of the Collateral (as defined in the Security Agreement); any Obligor or any other party shall contest in any manner such effectiveness, validity, binding nature or enforceability; or, except as permitted under any Loan Document, any Lien securing any Obligation shall, in whole or in part, cease to be a perfected Lien with respect to any material portion of the Collateral.

SECTION 8.2  Action if Bankruptcy.  If any Event of Default described in clauses (a) through (d) of Section 8.1.7 with respect to the Borrower shall occur, the outstanding principal amount of all outstanding Loans and all other Obligations shall automatically be and become immediately due and payable, without notice or demand to any Person.

SECTION 8.3  Action if Other Event of Default.  If any Event of Default (other than any Event of Default described in clauses (a) through (d) of Section 8.1.7 with respect to the Borrower) shall occur for any reason, whether voluntary or involuntary, and be continuing, the Administrative Agent, upon the written direction of the Required Lenders, shall by notice to the Borrower declare all or any portion of the outstanding principal amount of the Loans and other Obligations to be due and payable, whereupon the full unpaid amount of such Loans and other Obligations which shall be so declared due and payable shall be and become immediately due and payable, without further notice, demand or presentment.

ARTICLE IX
THE ADMINISTRATIVE AGENT

SECTION 9.1  Actions.

(a)  Each Lender hereby appoints Silver Point as its Administrative Agent under and for purposes of each Loan Document.  Each Lender authorizes the Administrative Agent to act on behalf of such Lender under each Loan Document and to appoint other agents or sub-agents to assist in its actions under the Loan Documents and the Administrative Agent shall not be liable for the acts or omissions of such agents as long as they are appointed with due care and without gross negligence or willful misconduct.  Each Lender further authorizes the Administrative Agent, in the absence of other written instructions from the Required Lenders received from time to time by the Administrative Agent (with respect to which the Administrative Agent agrees that it will comply, subject to the terms and conditions of Article IX), to exercise such powers hereunder and thereunder as are delegated to or required of the Administrative Agent by the terms hereof and thereof, together with such powers as may be incidental thereto (including the release of Liens on assets Disposed of in accordance with the terms of the Loan Documents).

(b)    The Administrative Agent shall not have any duties or obligations except those expressly set forth herein. Without limiting the generality of the foregoing, (a) the Administrative Agent shall not be subject to any fiduciary or other implied duties, regardless of whether a Default or Event of Default has occurred and is continuing, (b) the Administrative Agent shall not have any duty to take any discretionary action or exercise any discretionary powers, except discretionary rights and powers expressly contemplated hereby that the Administrative Agent is required to exercise in writing as directed by the Required Lenders in accordance with the terms of this Agreement (or such other number or percentage of the Lenders as shall be necessary under the circumstances as provided in Section 10.1).  Each Lender hereby indemnifies (which indemnity shall be payable within thirty (30) days of demand therefor, to the extent not reimbursed by the Borrower or any other Obligor, and without limiting the Borrower's and Obligors' obligations under this Agreement and which indemnity shall survive any termination of this Agreement) the Administrative Agent and its officers, directors, employees and agents, pro rata according to the proportionate amount of Loans held by such Lender, from and against any and all liabilities, obligations, losses, damages, claims, penalties, judgments, costs, disbursements or expenses of any kind or nature whatsoever which may at any time be imposed on, incurred by, or asserted against, the Administrative Agent in any way relating to or arising out of any Loan Document or any action taken or omitted to be taken by the Administrative Agent under the Loan Documents, (including reasonable attorneys' fees and expenses), and as to which the Administrative Agent, is not reimbursed by the Borrower; provided that, no Lender shall be liable for the payment of any portion of such liabilities, obligations, losses, damages, claims, costs or expenses which are determined by a court of competent jurisdiction in a final proceeding to have resulted from the Administrative Agent's gross negligence or willful misconduct.  By executing a Lender Assignment Agreement, each future Lender (acting for itself and on behalf of each Affiliate thereof which becomes a Secured Party from time to time) shall be deemed to ratify the power of attorney granted to the Administrative Agent hereunder.

SECTION 9.2 Exculpation.  Neither the Administrative Agent nor any of its directors, officers, employees or agents shall be liable to any Secured Party for any action taken or omitted to be taken by it under any Loan Document, or in connection therewith, except for its own willful misconduct or gross negligence, nor responsible for any recitals or warranties herein or therein, nor for the effectiveness, enforceability, validity or due execution of any Loan Document, nor for the creation, perfection or priority of any Liens purported to be created by any of the Loan Documents, or the validity, genuineness, enforceability, existence, value or sufficiency of any collateral security, nor to make any inquiry respecting the performance by any Obligor of its Obligations.  Any such inquiry which may be made by the Administrative Agent shall not obligate it to make any further inquiry or to take any action.  The Administrative Agent shall be entitled to rely upon advice of counsel concerning legal matters and upon any notice, consent, certificate, statement or writing which the Administrative Agent believes to be genuine and to have been presented by a proper Person.

To the fullest extent permitted by applicable law, no Obligor or Lender shall assert, and each Obligor and Lender hereby waives, any claim against the Administrative Agent, its sub-agents and their respective Affiliates in respect of any actions taken or omitted to be taken by any of them, on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, in connection with, or as a result of, this

Agreement, any other Loan Document or any agreement or instrument contemplated herby or thereby, the transactions contemplated hereby or thereby, any Loan or the use of the proceeds thereof.

No provision of this Agreement or any other Loan Document or any agreement or instrument contemplated hereby or thereby or the transactions contemplated hereby or thereby, shall require the Administrative Agent to: (i) expend or risk its own funds or provide indemnities in the performance of any of its duties hereunder or the exercise of any of its rights or power or (ii) otherwise incur any financial liability in the performance of its duties or the exercise of any of its rights or powers unless it is indemnified to its satisfaction and the Administrative Agent shall have no liability to any person for any loss occasioned by any delay in taking or failure to take any action while it is awaiting an indemnity satisfactory to it.

Except as expressly set forth herein or in any other Loan Document, the Administrative Agent shall not be responsible for (i) perfecting, maintaining, monitoring, preserving or protecting the security interest or lien granted under this Agreement, any other Loan Document or any agreement or instrument contemplated hereby or thereby, (ii) the filing, re-filing, recording, re-recording or continuing or any document, financing statement, mortgage, assignment, notice, instrument of further assurance or other instrument in any public office at any time or times or (iii) providing, maintaining, monitoring or preserving insurance on or the payment of taxes with respect to any of the Collateral. The actions described in items (i) through (iii) shall be the sole responsibility of the Obligors.

The Administrative Agent shall not be required to qualify in any jurisdiction in which it is not presently qualified to perform its obligations as Administrative Agent.

The Administrative Agent has accepted and is bound by the Loan Documents executed by the Administrative Agent as of the date of this Agreement and, as directed in writing by the Required Lenders, the Administrative Agent shall execute additional Loan Documents delivered to it after the date of this Agreement; provided, however, that such additional Loan Documents do not adversely affect the rights, privileges, benefits and immunities of the Administrative Agent. The Administrative Agent will not otherwise be bound by, or be held obligated by, the provisions of any credit agreement, indenture or other agreement governing the Obligations (other than this Agreement and the other Loan Documents to which the Administrative Agent is a party).

No written direction given to the Administrative Agent by the Required Lenders or the Borrower that in the sole reasonable judgment of the Administrative Agent imposes, purports to impose or might reasonably be expected to impose upon the Administrative Agent any obligation or liability not set forth in or arising under this Agreement and the other Loan Documents will be binding upon the Administrative Agent unless the Administrative Agent elects, at its sole option, to accept such direction.

Except as expressly set forth herein or in any other Loan Document, the Administrative Agent shall not be responsible or liable for any failure or delay in the performance of its obligations under this Agreement or the other Loan Documents arising out of or caused, directly or indirectly, by circumstances beyond its reasonable control, including, without limitation, acts

of God; earthquakes; fire; flood; terrorism; wars and other military disturbances; sabotage; epidemics; riots; business interruptions; loss or malfunctions of utilities, computer (hardware or software) or communication services; accidents; labor disputes; acts of civil or military authority and governmental action.

The Administrative Agent shall not be under any obligation to exercise any of its rights or powers vested in it by this Agreement or the other Loan Documents, at the request, order or direction of the Required Lenders given unless the same is given pursuant to the express provisions of this Agreement or the other Loan Documents or unless the Required Lenders shall have offered to the Administrative Agent security or indemnity reasonably satisfactory to the Administrative Agent against the costs, expenses and liabilities (including, without limitation, attorneys' fees and expenses) which might be incurred therein or thereby.

Beyond the exercise of reasonable care in the custody of the Collateral in its possession, the Administrative Agent will have no duty as to any Collateral in its possession or control or in the possession or control of any agent or bailee or any income thereon or as to preservation of rights against prior parties or any other rights pertaining thereto. The Administrative Agent will be deemed to have exercised reasonable care in the custody of the Collateral in its possession if the Collateral is accorded treatment substantially equal to that which it accords its own property, and the Administrative Agent will not be liable or responsible for any loss or diminution in the value of any of the Collateral by reason of the act or omission of any carrier, forwarding agency or other agent or bailee selected by the Administrative Agent in good faith without gross negligence or willful misconduct.

The Administrative Agent will not be responsible for the existence, genuineness or value of any of the Collateral or for the validity, perfection, priority or enforceability of the Liens in any of the Collateral, whether impaired by operation of law or by reason of any action or omission to act on its part hereunder, except to the extent such action or omission constitutes gross negligence or willful misconduct on the part of the Administrative Agent, as determined by a court of competent jurisdiction in a final, nonappealable order, for the validity or sufficiency of the Collateral or any agreement or assignment contained therein, for the validity of the title of any grantor to the Collateral, for insuring the Collateral or for the payment of taxes, charges, assessments or Liens upon the Collateral or otherwise as to the maintenance of the Collateral. The Administrative Agent hereby disclaims any representation or warranty to the present and future Secured Parties concerning the perfection of the Liens granted hereunder or in the value of any of the Collateral.

In the event that the Administrative Agent is required to acquire title to an asset for any reason, or take any managerial action of any kind in regard thereto, in order to carry out any fiduciary or trust obligation for the benefit of another, which in the Administrative Agent's sole reasonable discretion may cause the Administrative Agent to be considered an "owner or operator" under any environmental laws or otherwise cause the Administrative Agent to incur, or be exposed to, any environmental liability or any liability under any other federal, state or local law, the Administrative Agent reserves the right, instead of taking such action, either to resign as Administrative Agent or to arrange for the transfer of the title or control of the asset to a court appointed receiver. The Administrative Agent will not be liable to any person for any environmental liability or any environmental claims or contribution actions under any federal,

state or local law, rule or regulation by reason of the Administrative Agent's actions and conduct as authorized, empowered and directed hereunder or relating to any kind of discharge or release or threatened discharge or release of any hazardous materials into the environment.

SECTION 9.3 <u>Successor</u>.  The Administrative Agent may resign as such at any time upon at least 30 days' prior notice to the Borrower and all Lenders.  If the Administrative Agent at any time shall resign, the Required Lenders may appoint another Lender as a successor Administrative Agent which shall thereupon become the Administrative Agent hereunder.  If no successor Administrative Agent shall have been so appointed by the Required Lenders, and shall have accepted such appointment, within 30 days after the retiring Administrative Agent's giving notice of resignation, then the retiring Administrative Agent may, on behalf of the Lenders, appoint a successor Administrative Agent, which shall be one of the Lenders or a commercial banking institution organized under the laws of the United States (or any State thereof) or a United States branch or agency of a commercial banking institution, and having a combined capital and surplus of at least $250,000,000; <u>provided</u> that, if, such retiring Administrative Agent is unable to find a commercial banking institution which is willing to accept such appointment and which meets the qualifications set forth in above, the retiring Administrative Agent's resignation shall nevertheless thereupon become effective and the Lenders shall assume and perform all of the duties of the Administrative Agent hereunder until such time, if any, as the Required Lenders appoint a successor as provided for above.  Upon the acceptance of any appointment as Administrative Agent hereunder by a successor Administrative Agent and the payment of reasonable fees and expenses (including attorneys' fees and expenses) of the resigning Administrative Agent), such successor Administrative Agent shall be entitled to receive from the retiring Administrative Agent such documents of transfer and assignment as such successor Administrative Agent may reasonably request, and shall thereupon succeed to and become vested with all rights, powers, privileges and duties of the retiring Administrative Agent, and the retiring Administrative Agent shall be discharged from its duties and obligations under the Loan Documents.  After any retiring Administrative Agent's resignation hereunder as the Administrative Agent, the provisions of this Article shall inure to its benefit as to any actions taken or omitted to be taken by it while it was the Administrative Agent under the Loan Documents, and <u>Section 10.3</u> and <u>Section 10.4</u> shall continue to inure to its benefit.

SECTION 9.4 <u>Loans by Silver Point</u>.  Silver Point shall have the same rights and powers with respect to (x) the Loans held by it or any of its Affiliates, and (y) the Notes held by it or any of its Affiliates as any other Lender and may exercise the same as if it were not the Administrative Agent.  Silver Point and its Affiliates may accept deposits from, lend money to, and generally engage in any kind of business with the Borrower or any Subsidiary or Affiliate of the Borrower as if Silver Point were not the Administrative Agent hereunder.

SECTION 9.5 <u>Credit Decisions</u>.  Each Lender acknowledges that it has, independently of the Administrative Agent and each other Lender, and based on such Lender's review of the financial information of the Borrower, the Loan Documents (the terms and provisions of which being satisfactory to such Lender) and such other documents, information and investigations as such Lender has deemed appropriate, made its own credit decision to extend the Loans.  Each Lender also acknowledges that it will, independently of the Administrative Agent and each other Lender, and based on such other documents, information and investigations as it shall deem

appropriate at any time, continue to make its own credit decisions as to exercising or not exercising from time to time any rights and privileges available to it under the Loan Documents.

SECTION 9.6 <u>Copies, etc</u>.  The Administrative Agent shall give prompt notice to each Lender of each notice or request required or permitted to be given to the Administrative Agent by the Borrower pursuant to the terms of the Loan Documents (unless concurrently delivered to the Lenders by the Borrower).  The Administrative Agent will distribute to each Lender each document or instrument received (other than notices delivered pursuant to <u>Articles II</u> and <u>III</u>) for its account and copies of all other communications received by the Administrative Agent from the Borrower for distribution to the Lenders by the Administrative Agent in accordance with the terms of the Loan Documents.

SECTION 9.7 <u>Reliance by Administrative Agent</u>.  The Administrative Agent shall be entitled to rely upon any certification, notice or other communication (including any thereof by telephone, telecopy, telegram or cable) believed by it to be genuine and correct and to have been signed or sent by or on behalf of the proper Person, and upon advice and statements of legal counsel, independent accountants and other experts selected by the Administrative Agent.  As to any matters not expressly provided for by the Loan Documents, the Administrative Agent shall in all cases be fully protected in acting, or in refraining from acting, thereunder in accordance with instructions given by the Required Lenders  or such other of the Lenders as is required hereunder in such circumstance, and such instructions of such Lenders and any action taken or failure to act pursuant thereto shall be binding on all Secured Parties.

SECTION 9.8 <u>Defaults</u>.  The Administrative Agent shall not be deemed to have knowledge or notice of the occurrence of a Default unless the Administrative Agent has received a written notice from a Lender or the Borrower specifying such Default and stating that such notice is a "Notice of Default".  In the event that the Administrative Agent receives such a notice of the occurrence of a Default, the Administrative Agent shall give prompt notice thereof to the Lenders.  The Administrative Agent shall (subject to the provisions of this <u>Article IX</u> and <u>Section 10.1</u>) take such action and exercise such remedies with respect to such Default as shall be directed by the Controlling Class, or after the Obligations under the Term A-Prime Loans have been paid in full, the Required Lenders, pursuant to any of the Loan Documents; <u>provided</u> that, unless and until the Administrative Agent shall have received such directions, the Administrative Agent may (but shall not be obligated to) take such action (including, without limitation, credit bidding the Loans of all Lenders hereunder), or refrain from taking such action, with respect to such Default as it shall deem advisable in the best interest of the Secured Parties except to the extent that this Agreement expressly requires that such action be taken, or not be taken, only with the consent or upon the authorization of the Required Lenders or all Lenders.

SECTION 9.9 <u>Posting of Approved Electronic Communications</u>.  The Borrower hereby agrees, unless directed otherwise by the Administrative Agent or unless the electronic mail address referred to below has not been provided by the Administrative Agent to the Borrower, that it will, or will cause its Subsidiaries to, provide to the Administrative Agent all information, documents and other materials that it is obligated to furnish to the Administrative Agent pursuant to the Loan Documents or to the Lenders under <u>Section 7.1.1</u>, including all notices, requests, financial statements, financial and other reports, certificates and other information materials, but excluding any such communication that (i) is or relates to a Continuation/Conversion Notice, (ii)

relates to the payment of any principal or other amount due under this Agreement prior to the scheduled date therefor, (iii) provides notice of any Default under this Agreement or any other Loan Document or (iv) is required to be delivered to satisfy any condition precedent to the effectiveness of this Agreement (all such non-excluded communications being referred to herein collectively as "Communications"), by transmitting the Communications in an electronic/soft medium that is properly identified in a format acceptable to the Administrative Agent to an electronic mail address as directed by the Administrative Agent.  In addition, the Borrower agrees, and agrees to cause its Subsidiaries, to continue to provide the Communications to the Administrative Agent or the Lenders, as the case may be, in the manner specified in the Loan Documents but only to the extent requested by the Administrative Agent.

(b)     The Borrower further agrees that the Administrative Agent may make the Communications available to the Lenders by posting the Communications on Intralinks or a substantially similar electronic transmission system (the "Platform").

(c)     THE PLATFORM IS PROVIDED "AS IS" AND "AS AVAILABLE". THE INDEMNIFIED PARTIES DO NOT WARRANT THE ACCURACY OR COMPLETENESS OF THE COMMUNICATIONS OR THE ADEQUACY OF THE PLATFORM AND EXPRESSLY DISCLAIM LIABILITY FOR ERRORS OR OMISSIONS IN THE COMMUNICATIONS.  NO WARRANTY OF ANY KIND, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, NON-INFRINGEMENT OF THIRD PARTY RIGHTS OR FREEDOM FROM VIRUSES OR OTHER CODE DEFECTS IS MADE BY THE INDEMNIFIED PARTIES IN CONNECTION WITH THE COMMUNICATIONS OR THE PLATFORM.  IN NO EVENT SHALL THE INDEMNIFIED PARTIES HAVE ANY LIABILITY TO ANY OBLIGOR, ANY LENDER OR ANY OTHER PERSON FOR DAMAGES OF ANY KIND, WHETHER OR NOT BASED ON STRICT LIABILITY AND INCLUDING DIRECT OR INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, LOSSES OR EXPENSES (WHETHER IN TORT, CONTRACT OR OTHERWISE) ARISING OUT OF ANY OBLIGOR'S OR THE ADMINISTRATIVE AGENT'S TRANSMISSION OF COMMUNICATIONS THROUGH THE INTERNET, EXCEPT TO THE EXTENT THE LIABILITY OF ANY INDEMNIFIED PARTY IS FOUND IN A FINAL RULING BY A COURT OF COMPETENT JURISDICTION TO HAVE RESULTED PRIMARILY FROM SUCH INDEMNIFIED PARTY'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

(d)     The Administrative Agent agrees that the receipt of the Communications by the Administrative Agent at its e-mail address set forth above shall constitute effective delivery of the Communications to the Administrative Agent for purposes of the Loan Documents.  Each Lender agrees that receipt of notice to it (as provided in the next sentence) specifying that the Communications have been posted to the Platform shall constitute effective delivery of the Communications to such Lender for purposes of the Loan Documents.  Each Lender agrees to notify the Administrative Agent in writing (including by electronic communication) from time to time of such Lender's e-mail address to which the foregoing notice may be sent by electronic transmission and that the foregoing notice may be sent to such e-mail address.

(e)     Nothing herein shall prejudice the right of the Administrative Agent or any Lender to give any notice or other communication pursuant to any Loan Document in any other manner specified in such Loan Document.

SECTION 9.10     Proofs of Claim.  The Lenders and the Borrower hereby agree that after the occurrence of an Event of Default pursuant to Section 8.1.7, in case of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to any of the Obligors, the Administrative Agent (irrespective of whether the principal of any Loan shall then be due and payable as herein expressed or by declaration or otherwise and irrespective of whether Administrative Agent shall have made any demand on any of the Obligors) shall be entitled and empowered, by intervention in such proceeding or otherwise:

(a)     to file and prove a claim for the whole amount of principal and interest owing and unpaid in respect of the Loans and any other Obligations that are owing and unpaid and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Lenders, the Administrative Agent and other agents appointed by the Administrative Agent (including any claim for the reasonable compensation, expenses, disbursements and advances of the Lenders, the Administrative Agent and such other agents and their agents and counsel and all other amounts due Lenders, Administrative Agent and such other agents hereunder) allowed in such judicial proceeding; and

(b)     to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same;

and any custodian, receiver, assignee, trustee, liquidator, sequestrator or other similar official in any such judicial proceeding is hereby authorized by each Lender to make such payments to the Administrative Agent and, in the event that the Administrative Agent shall consent to the making of such payments directly to the Lenders, to pay to the Administrative Agent any amount due for the reasonable compensation, expenses, disbursements and advances of Administrative Agent and its agents and counsel, and any other amounts due Administrative Agent and other agents hereunder.  Nothing herein contained shall be deemed to authorize Administrative Agent to authorize or consent to or accept or adopt on behalf of any Lender any plan of reorganization, arrangement, adjustment or composition affecting the Obligations or the rights of any Lenders or to authorize Administrative Agent to vote in respect of the claim of any Lender in any such proceeding.  Further, nothing contained in this Section shall affect or preclude the ability of any Lender to (i) file and prove such a claim in the event that the Administrative Agent has not acted within ten days prior to any applicable bar date and (ii) require an amendment of the proof of claim to accurately reflect such Lender's outstanding Obligations.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

SECTION 10.1     Waivers, Amendments, etc.  The provisions of each Loan Document (other than a Fee Letter, which shall be modified only in accordance with its terms) may from time to time be amended, modified or waived, if such amendment, modification or

waiver is in writing and consented to by the Borrower and the Required Lenders; provided, that no such amendment, modification or waiver shall:

> (a)    modify clause (b) of Section 4.7, Section 4.8 (as it relates to sharing of payments) or this Section, in each case, without the consent of all Lenders;

> (b)    increase the aggregate amount of any Loans held by a Lender or extend the final Stated Maturity Date for any Lender's Loan, in each case without the consent of such Lender (it being agreed, however, that any vote to rescind any acceleration made pursuant to Section 8.2 and Section 8.3 of amounts owing with respect to the Loans and other Obligations shall only require the vote of the Required Lenders);

> (c)    reduce (by way of forgiveness), the principal amount of or reduce the rate of interest on any Lender's Loan, reduce any fees described in Article III payable to any Lender, in each case without the consent of such Lender (provided that, the vote of Required Lenders shall be sufficient to (i) waive the payment, or reduce the increased portion, of interest accruing under Section 3.2.2 or (ii) on any Interest Payment Date, consent to the capitalization of interest otherwise due in cash);

> (d)    make any change to the definition of "Required Lenders" or modify any requirement hereunder that any particular action be taken by all Lenders without the consent of all Lenders; and

> (e)    affect adversely the interests, rights or obligations of the Administrative Agent (in its capacity as the Administrative Agent) unless consented to by the Administrative Agent.

No failure or delay on the part of any Secured Party in exercising any power or right under any Loan Document shall operate as a waiver thereof, nor shall any single or partial exercise of any such power or right preclude any other or further exercise thereof or the exercise of any other power or right.  No notice to or demand on any Obligor in any case shall entitle it to any notice or demand in similar or other circumstances.  No waiver or approval by any Secured Party under any Loan Document shall, except as may be otherwise stated in such waiver or approval, be applicable to subsequent transactions.  No waiver or approval hereunder shall require any similar or dissimilar waiver or approval thereafter to be granted hereunder.

SECTION 10.2    Notices; Time.  All notices and other communications provided under each Loan Document shall be in writing or by facsimile and addressed, delivered or transmitted, if to the Borrower, the Administrative Agent or a Lender, to the applicable Person at its address or facsimile number set forth on Schedule II hereto or set forth in the Lender Assignment Agreement, or at such other address or facsimile number as may be designated by such party in a notice to the other parties.  Any notice, if mailed and properly addressed with postage prepaid or if properly addressed and sent by pre-paid courier service, shall be deemed given when received; any notice, if transmitted by facsimile, shall be deemed given when the confirmation of transmission thereof is received by the transmitter.  The parties hereto agree that delivery of an executed counterpart of a signature page to this Agreement and each other Loan Document by facsimile (or electronic transmission) shall be effective as delivery of an original

executed counterpart of this Agreement or such other Loan Document. Unless otherwise indicated, all references to the time of a day in a Loan Document shall refer to New York time.

SECTION 10.3     <u>Payment of Costs and Expenses</u>. Whether or not the transactions contemplated hereby shall be consummated, the Borrower agrees to pay promptly, and in any event within thirty (30) days after written demand therefor, (a) all the actual and reasonable costs and expenses of preparation of this Agreement and the other Loan Documents and any consents, amendments, waivers or other modifications thereto; (b) all the costs of furnishing all opinions by counsel for the Borrower and the other Obligors; (c) the reasonable fees, expenses and disbursements of counsel to the Administrative Agent in connection with the negotiation, preparation, execution and administration of this Agreement and the other Loan Documents and any consents, amendments, waivers or other modifications thereto and any other documents or matters in connection therewith; (d) all the actual costs and expenses of creating and perfecting Liens in favor of the Administrative Agent, for the benefit of the Lenders pursuant hereto, including filing and recording fees, search fees, title insurance premiums and fees, expenses and disbursements of counsel to the Administrative Agent and of counsel providing any opinions that the Administrative Agent or Required Lenders may request in respect of the Collateral or the Liens created pursuant to the Loan Documents; (e) all the actual reasonable costs and fees, expenses and disbursements of any auditors, accountants, consultants or appraisers whether internal or external; (f) all the actual reasonable costs and expenses (including the fees, expenses and disbursements of counsel and of any appraisers, consultants, advisors and agents employed or retained by the Administrative Agent and its counsel in connection with the custody or preservation of any of the Collateral; (g) all other actual reasonable costs and expenses incurred by the Administrative Agent in connection with the negotiation, preparation and execution of this Agreement and the Loan Documents and any consents, amendments, waivers or other modifications thereto and the transactions contemplated thereby; and (h) after the occurrence of a Default or an Event of Default, all reasonable costs and expenses, including reasonable attorneys' fees and expenses and costs of settlement, incurred by the Administrative Agent and the Required Lenders in enforcing any Obligations of or in collecting any payments due from any Obligor hereunder or under the other Loan Documents by reason of such Default or Event of Default (including in connection with the sale of, collection from, or other realization upon any of the Collateral or the enforcement of any Guaranty) or in connection with any refinancing or restructuring of the credit arrangements provided hereunder in the nature of a "work out" or pursuant to any insolvency or bankruptcy cases or proceedings.

SECTION 10.4     <u>Indemnification</u>. In consideration of the execution and delivery of this Agreement by each Secured Party, the Borrower hereby indemnifies, exonerates and holds each Secured Party and each of their respective affiliates and their and their affiliates' officers, directors, employees, advisors and agents (collectively, the "<u>Indemnified Parties</u>") free and harmless from and against any and all losses, claims, demands, suits, actions, investigations, proceedings, liabilities, fines, costs, judgments, penalties, and damages, and all reasonable fees and disbursements of attorneys, experts, or consultants and all other costs and expenses actually incurred in connection therewith or in connection with the enforcement of this indemnification (as and when they are incurred and irrespective of whether suit is brought), at any time asserted against, imposed upon, or incurred by any of them (collectively, the "<u>Indemnified Liabilities</u>") as a result of, or arising out of, or relating to:

(a)     the execution and delivery, enforcement, performance, or administration (including any restructuring or workout with respect hereto) of this Agreement, any of the other Loan Documents, or the Transactions contemplated hereby or thereby or the monitoring of Borrower's and the other Obligors' compliance with the terms of the Loan Documents;

(b)     any investigation, litigation, or proceeding related to this Agreement, any other Loan Document, or the use of the proceeds of the credit provided hereunder (irrespective of whether any Indemnified Party is a party thereto), or any act, omission, event, or circumstance in any manner related thereto;

(c)     any investigation, litigation or proceeding related to any acquisition or proposed acquisition by any Obligor or any Subsidiary thereof of all or any portion of the Capital Securities or assets of any Person, whether or not an Indemnified Party is party thereto;

(d)     (i) the Release from any real property owned or operated by any Obligor or any Subsidiary thereof of any Hazardous Material (including any losses, liabilities, damages, injuries, costs, expenses or claims asserted or arising under any Environmental Law), or (ii) each Lender's Environmental Liability (the indemnification herein shall survive repayment of the Obligations and any transfer of the property of any Obligor or its Subsidiaries by foreclosure or by a deed in lieu of foreclosure for any Lender's Environmental Liability); in each case of clauses (i) and (ii), other than any Release or Lender's Environmental Liability first caused and first created after the Administrative Agent completes the sale and the transfer of the respective real property pursuant to a foreclosure or deed in lieu of foreclosure;

provided that the Borrower shall not be required to indemnify any Indemnified Party to the extent the applicable Indemnified Liability arises by reason of such Indemnified Party's gross negligence or willful misconduct as determined by a final judgment of a court of competent jurisdiction.  If and to the extent that the foregoing undertaking may be unenforceable for any reason, each Obligor agrees to make the maximum contribution to the payment and satisfaction of each of the Indemnified Liabilities which is permissible under applicable law.  To the extent permitted by applicable law, the Borrower and each other Obligor shall not assert, and hereby waive, any claim against any Indemnified Party, on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, in connection with, or as a result of, this Agreement or any agreement or instrument contemplated hereby, any Loan or the use of the proceeds thereof.

SECTION 10.5          Survival.  The obligations of the Borrower under Sections 4.3, 4.4, 4.5, 4.6, 10.3 and 10.4, and the obligations of the Lenders under Section 9.1, shall in each case survive any assignment from one Lender to another (in the case of Sections 10.3 and 10.4), the occurrence of the Termination Date and the resignation or removal of the Administrative Agent. The representations and warranties made by each Obligor in each Loan Document shall survive the execution and delivery of such Loan Document.

SECTION 10.6          Severability.  Any provision of any Loan Document which is prohibited or unenforceable in any jurisdiction shall, as to such provision and such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the

remaining provisions of such Loan Document or affecting the validity or enforceability of such provision in any other jurisdiction.

SECTION 10.7    Headings.  The various headings of each Loan Document are inserted for convenience only and shall not affect the meaning or interpretation of such Loan Document or any provisions thereof.

SECTION 10.8    Execution in Counterparts, Effectiveness, etc.  This Agreement may be executed by the parties hereto in several counterparts, each of which shall be an original (whether such counterpart is originally executed or an electronic copy of an original and each party hereto expressly waives its rights to receive originally executed documents other than with respect to any documents for which originals are required for any filing or perfection) and all of which shall constitute together but one and the same agreement.  This Agreement shall become effective when counterparts hereof executed on behalf of the Borrower shall have been received by the Administrative Agent.

SECTION 10.9    Governing Law; Entire Agreement.  EACH LOAN DOCUMENT WILL EACH BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING FOR SUCH PURPOSE SECTIONS 5-1401 AND 5-1402 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK).  The Loan Documents constitute the entire understanding among the parties hereto with respect to the subject matter thereof and supersede any prior agreements, written or oral, with respect thereto.

SECTION 10.10    Successors and Assigns.  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns; provided that, the Borrower may not assign or transfer its rights or obligations hereunder without the consent of all Lenders.

SECTION 10.11    Sale and Transfer of Loans; Participations in Loans; Notes.  Each Lender may assign, or sell participations in, its Loans to one or more other Persons in accordance with the terms set forth below.

(a)    Any Lender may, with the consent of the Borrower (such consent (x) not to be unreasonably withheld or delayed and (y) to be required only to the extent no default under Sections 8.1.1 or 8.1.7 has occurred and is continuing), assign to one or more Eligible Assignees all or a portion of its rights and obligations under this Agreement (including all or a portion of its Loans at the time owing to it); provided that:

(i)    the principal outstanding balance of the Loans of the assigning Lender subject to each such assignment (determined as of the date the Lender Assignment Agreement with respect to such assignment is delivered to the Administrative Agent) shall not be less than $1,000,000, unless (A) the Administrative Agent and, so long as no Event of Default has occurred and is continuing, the Borrower otherwise consents (each such consent not to be unreasonably withheld or delayed); (B) such assignment is an assignment of the entire remaining amount of the assigning Lender's Loans at the time owing to it, (C) such assignment is an assignment to a Lender

or an Affiliate of a Lender or an Approved Fund with respect to a Lender or (D) such assignment is to one or more Eligible Assignees managed by an Affiliate of such Eligible Assignee(s) and the aggregate amount of such assignments is not less than $1,000,000;

(ii)     each partial assignment shall be made as an assignment of a proportionate part of all the assigning Lender's rights and obligations under this Agreement with respect to the Loans assigned;

(iii)     the parties to each assignment shall (A) electronically execute and deliver to the Administrative Agent a Lender Assignment Agreement via an electronic settlement system acceptable to the Administrative Agent or (B) with the consent of the Administrative Agent, manually execute and deliver to the Administrative Agent a Lender Assignment Agreement, together with, in either case, a processing and recordation fee of $1,000 (which fee may be waived or reduced in the sole discretion of the Administrative Agent) and if the Eligible Assignee is not a Lender, administrative details information with respect to such Eligible Assignee and applicable tax forms; and

(iv)     in the case of any assignment of Term B Loans, the assignee is a "United States person", as defined under Section 7701(a)(30) of the Code.

(b)     Subject to acceptance and recording thereof by the Administrative Agent pursuant to clause (c), from and after the effective date specified in each Lender Assignment Agreement, (i) the Eligible Assignee thereunder shall be a party hereto and, to the extent of the interest assigned by such Lender Assignment Agreement, have the rights and obligations of a Lender under this Agreement, and (ii) the assigning Lender thereunder shall, to the extent of the interest assigned by such Lender Assignment Agreement, subject to Section 10.5, be released from its obligations under this Agreement (and, in the case of a Lender Assignment Agreement covering all of the assigning Lender's rights and obligations under this Agreement, such Lender shall cease to be a party hereto, but shall continue to be entitled to the benefits of any provisions of this Agreement which by their terms survive the termination of this Agreement).  If the consent of the Borrower to an assignment or to an Eligible Assignee is required hereunder (including a consent to an assignment which does not meet the minimum assignment thresholds specified in this Section), the Borrower shall be deemed to have given its consent ten days after the date notice thereof has been delivered by the assigning Lender (through the Administrative Agent or ClearPar, LLC) unless such consent is expressly refused by the Borrower prior to such tenth day.

(c)     The Administrative Agent shall record each assignment made in accordance with this Section in the Register pursuant to clause (a) of Section 2.5 and periodically give the Borrower notice of such assignments.  The Register shall be available for inspection by the Borrower and any Lender (in respect of its own position only), at any reasonable time and from time to time upon reasonable prior notice.

(d)     Any Lender may, without the consent of, or notice to, the Borrower or the Administrative Agent, sell participations to one or more banks or other entities other than an Ineligible Assignee (a "Participant") in all or a portion of such Lender's rights and/or obligations under this Agreement (including all or a portion of its Loans owing to it); provided that (i) such

Lender's obligations under this Agreement shall remain unchanged, (ii) such Lender shall remain solely responsible to the other parties hereto for the performance of such obligations and (iii) the Borrower, the Administrative Agent and the other Lenders shall continue to deal solely and directly with such Lender in connection with such Lender's rights and obligations under this Agreement and (iv) in the case of any sale of a participation of any Term B Loans, the Participant is a "United States person", as defined under Section 7701(a)(30) of the Code.  Any agreement or instrument pursuant to which a Lender sells such a participation shall provide that such Lender shall retain the sole right to enforce this Agreement and to approve any amendment, modification or waiver of any provision of this Agreement; provided that such agreement or instrument may provide that such Lender will not, without the consent of the Participant, agree to any amendment, modification or waiver with respect to any of the items set forth in clauses (a) through (d) of Section 10.1, in each case except as otherwise specifically provided in a Loan Document.  Subject to clause (e), the Borrower agrees that each Participant shall be entitled to the benefits of Sections 4.3, 4.4, 4.5, 4.6, 7.1.1, 10.3 and 10.4 to the same extent as if it were a Lender and had acquired its interest by assignment pursuant to clause (b).  To the extent permitted by law, each Participant also shall be entitled to the benefits of Section 4.9 as though it were a Lender, provided such Participant agrees to be subject to Sections 4.8 and 4.10 as though it were a Lender.  Each Lender shall, as agent of the Borrower solely for the purpose of this Section, record in book entries maintained by such Lender the name and address of each Participant and the principal amounts (and stated interest) of each Participant's interest in the obligations under this Agreement (the "Participant Register").  The entries in the Participant Register shall be conclusive and binding absent manifest error, and such Lender shall treat each person whose name is recorded in the Participant Register as the owner of such participation for all purposes of this Agreement notwithstanding any notice to the contrary.  If requested by the Administrative Agent or the Borrowers, such Lender shall make the Participant Register available to the Administrative Agent or to the Borrower upon either (i) the exercise by a Participant of remedies hereunder or (ii) a request for the Participant Register by the IRS.

(e)     A Participant shall not be entitled to receive any greater payment under Sections 4.3, 4.4, 4.5, 4.6, 10.3 and 10.4, as of the time of the sale of such participation, than the applicable Lender would have been entitled to receive with respect to the participation sold to such Participant, unless the sale of the participation to such Participant is made with the Borrower's prior written consent.  A Participant shall not be entitled to the benefits of Section 4.6 unless the Borrower is notified of the participation sold to such Participant and such Participant agrees, for the benefit of the Borrower, to comply with the requirements set forth in Section 4.6 as though it were a Lender that acquired its interest by assignment.  In addition, if at the time of the sale of such participation, any greater Taxes subject to payment under Section 4.6 would apply to the Participant than applied to the applicable Lender, then such Participant shall not be entitled to any payment under Section 4.6 with respect to the portion of such Taxes as exceeds the Taxes applicable to the Lender at the time of the sale of the participation unless the Participant's request for the Borrower's prior written consent for the Participation described in the first sentence of this clause states that such greater Taxes would be applicable to such Participant, it being understood that the Participant shall be entitled to additional payments under Section 4.6 to the extent such Lender selling the participation would be entitled to any payment resulting from a change in law occurring after the time the participation was sold.

(f)     Any Lender may at any time pledge or assign a security interest in all or any portion of its rights under this Agreement to secure obligations of such Lender, including any pledge or assignment to secure obligations to a Federal Reserve Bank; provided that no such pledge or assignment of a security interest shall release a Lender from any of its obligations hereunder or substitute any such pledgee or assignee for such Lender as a party hereto.

(g)     Notwithstanding anything to the contrary contained herein, any Lender ("Granting Lender") may grant to a special purpose funding vehicle (a "SPC"), identified as such in writing from time to time by the Granting Lender to the Administrative Agent and the Borrower, the option to provide to the Borrower all or any part of any Loan that such Granting Lender would otherwise be obligated to make to the Borrower pursuant to this Agreement; provided that (x) nothing herein shall constitute a commitment by any SPC to make any Loans and (y) if an SPC elects not to exercise such option or otherwise fails to provide all or any part of such Loan, the Granting Lender shall be obligated to make such Loan pursuant to the terms hereof.  Each party hereto hereby agrees that no SPC shall be liable for any indemnity or similar payment obligation under this Agreement (all liability for which shall remain with the Granting Lender).  In furtherance of the foregoing, each party hereto hereby agrees (which agreement shall survive the termination of this Agreement) that, prior to the date that is one year and one day after the payment in full of all outstanding commercial paper or other senior indebtedness of any SPC, it will not institute against, or join any other person in instituting against, such SPC any bankruptcy, reorganization, arrangement, insolvency or liquidation proceedings under the laws of the United States or any State thereof.  In addition, notwithstanding anything to the contrary contained in this clause, any SPC may (i) with notice to, but without the prior written consent of, the Borrower or the Administrative Agent and without paying any processing fee therefor, assign all or a portion of its interests in any Loans to the Granting Lender or to any financial institutions (consented to by the Borrower, and the Administrative Agent) providing liquidity and/or credit support to or for the account of such SPC to support the funding or maintenance of Loans and (ii) disclose on a confidential basis any non-public information relating to its Loans to any rating agency, commercial paper dealer or provider of any surety, guarantee or credit or liquidity enhancement to such SPC.  This Section may not be amended without the written consent of the SPC.  The Borrower acknowledges and agrees, subject to the next sentence, that, to the fullest extent permitted under applicable law, each SPC, for purposes of Sections 4.3, 4.4, 4.5, 4.6, 4.8, 4.9, 10.3 and 10.4, shall be considered a Lender (provided, that in the case of Section 4.6, that the SPC complies with the requirements of such Section as if it were a Lender that acquired its interest by assignment).  The Borrower shall not be required to pay any amount under Sections 4.3, 4.4, 4.5, 4.6, 10.3 and 10.4 that is greater than the amount which it would have been required to pay had no grant been made by a Granting Lender to a SPC.

SECTION 10.12     Other Transactions.  Nothing contained herein shall preclude the Administrative Agent or any other Lender from engaging in any transaction, in addition to those contemplated by the Loan Documents, with the Borrower or any of its Affiliates in which the Borrower or such Affiliate is not restricted hereby from engaging with any other Person.

SECTION 10.13     Forum Selection and Consent to Jurisdiction.  ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, ANY LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF THE

ADMINISTRATIVE AGENT, THE LENDERS OR THE BORROWER IN CONNECTION HEREWITH OR THEREWITH MAY BE BROUGHT AND MAINTAINED IN THE COURTS OF THE STATE OF NEW YORK OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; PROVIDED THAT, ANY SUIT SEEKING ENFORCEMENT AGAINST ANY COLLATERAL OR OTHER PROPERTY MAY BE BROUGHT, AT THE ADMINISTRATIVE AGENT'S OPTION, IN THE COURTS OF ANY JURISDICTION WHERE SUCH COLLATERAL OR OTHER PROPERTY MAY BE FOUND. THE BORROWER IRREVOCABLY CONSENTS TO THE SERVICE OF PROCESS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, OR BY PERSONAL SERVICE WITHIN OR WITHOUT THE STATE OF NEW YORK AT THE ADDRESS FOR NOTICES SPECIFIED IN SECTION 10.2. THE BORROWER HEREBY EXPRESSLY AND IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY HAVE OR HEREAFTER MAY HAVE TO THE LAYING OF VENUE OF ANY SUCH LITIGATION BROUGHT IN ANY SUCH COURT REFERRED TO ABOVE AND ANY CLAIM THAT ANY SUCH LITIGATION HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. TO THE EXTENT THAT THE BORROWER HAS OR HEREAFTER MAY ACQUIRE ANY IMMUNITY FROM JURISDICTION OF ANY COURT OR FROM ANY LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT, ATTACHMENT IN AID OF EXECUTION OR OTHERWISE) WITH RESPECT TO ITSELF OR ITS PROPERTY, THE BORROWER HEREBY IRREVOCABLY WAIVES TO THE FULLEST EXTENT PERMITTED BY LAW SUCH IMMUNITY IN RESPECT OF ITS OBLIGATIONS UNDER THE LOAN DOCUMENTS.

SECTION 10.14    Waiver of Jury Trial. THE ADMINISTRATIVE AGENT, EACH LENDER AND THE BORROWER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE TO THE FULLEST EXTENT PERMITTED BY LAW ANY RIGHTS THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, EACH LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF THE ADMINISTRATIVE AGENT, SUCH LENDER OR THE BORROWER IN CONNECTION THEREWITH. THE BORROWER ACKNOWLEDGES AND AGREES THAT IT HAS RECEIVED FULL AND SUFFICIENT CONSIDERATION FOR THIS PROVISION (AND EACH OTHER PROVISION OF EACH OTHER LOAN DOCUMENT TO WHICH IT IS A PARTY) AND THAT THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE ADMINISTRATIVE AGENT AND EACH LENDER ENTERING INTO THE LOAN DOCUMENTS.

SECTION 10.15    Confidentiality. (a) Subject to the provisions of clause (b) of this Section, each Lender agrees that it will follow its customary procedures in an effort not to disclose without the prior consent of the Borrower (other than to its employees, auditors, advisors or counsel or to another Lender if the Lender or such Lender's holding or parent company in its sole discretion determines that any such party should have access to such information, provided such Persons shall be subject to the provisions of this Section to the same extent as such Lender) any information which is now or in the future furnished pursuant to this Agreement or any other Loan Document, provided that any Lender may disclose any such

information (i) as has become generally available to the public other than by virtue of a breach of this clause by the respective Lender or any other Person to whom such Lender has provided such information as permitted by this Section, (ii) as may be required or appropriate in any report, statement or testimony submitted to any municipal, state, provincial or Federal regulatory body having or claiming to have jurisdiction over such Lender or to the Federal Reserve Board or the Federal Deposit Insurance Corporation or similar organizations (whether in the United States or elsewhere) or their successors, (iii) as may be required or appropriate in respect to any summons or subpoena or in connection with any litigation, (iv) in order to comply with any law, order, regulation or ruling applicable to such Lender, (v) to the Administrative Agent, (vi) to any pledgee referred to in <u>clause (f)</u> of <u>Section 10.11</u> or any prospective or actual transferee or participant in connection with any contemplated transfer or participation of any of the Notes or Loans or any interest therein by such Lender, <u>provided</u> that such prospective transferee agrees to be bound by the confidentiality provisions contained in this Section, (vii) to any direct or indirect contractual counterparty in swap agreements or such contractual counterparty's professional advisor (so long as such contractual counterparty or professional advisor to such contractual counterparty agrees to be bound by the provisions of this Section) and (viii) to the National Association of Insurance Commissioners or any similar organization or any nationally recognized rating agency that requires access to information about a Lender's investment portfolio in connection with ratings issued with respect to such Lender.

(b)     The Borrower hereby acknowledges and agrees that each Lender may share with any of its Affiliates, and such Affiliates may share with such Lender, any information related to the Borrower or any of its Subsidiaries, provided such Persons shall be subject to the provisions of this Section to the same extent as such Lender.

Notwithstanding the foregoing paragraphs of this Section, any party to this Agreement (and each Affiliate, director, officer, employee, agent or representative of the foregoing or such Affiliate) may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the Transactions contemplated herein and all materials of any kind (including opinions or other tax analyses) that are provided to such party relating to such tax treatment or tax structure.  The foregoing language is not intended to waive any confidentiality obligations otherwise applicable under this Agreement except with respect to the information and materials specifically referenced in the preceding sentence.  This authorization does not extend to disclosure of any other information, including (a) the identity of participants or potential participants in the transactions contemplated herein, (b) the existence or status of any negotiations, or (c) any financial, business, legal or personal information of or regarding a party or its affiliates, or of or regarding any participants or potential participants in the transactions contemplated herein (or any of their respective affiliates), in each case to the extent such other information is not related to the tax treatment or tax structure of the transactions contemplated herein.

SECTION 10.16     <u>Counsel Representation</u>.  THE BORROWER ACKNOWLEDGES AND AGREES THAT IT HAS BEEN REPRESENTED BY COMPETENT COUNSEL IN THE NEGOTIATION OF THIS AGREEMENT, AND THAT ANY RULE OR CONSTRUCTION OF LAW ENABLING THE BORROWER TO ASSERT THAT ANY AMBIGUITIES OR INCONSISTENCIES IN THE DRAFTING OR PREPARATION OF THE TERMS OF THIS AGREEMENT SHOULD DIMINISH ANY RIGHTS OR REMEDIES OF THE

ADMINISTRATIVE AGENT OR THE OTHER SECURED PARTIES ARE HEREBY WAIVED BY THE BORROWER.

SECTION 10.17    Patriot Act.  Each Lender hereby notifies the Borrower that pursuant to the requirements of the Patriot Act, it is required to obtain, verify and record information that identifies the Borrower, which information includes the name and address of the Borrower and other information that will allow such Lender to identify the Borrower in accordance with the Patriot Act.

SECTION 10.18    Authorization of Administrative Agent.  Each Lender agrees that any action taken by the Administrative Agent in accordance with the terms of this Agreement or the other Loan Documents relating to the Collateral and the exercise by the Administrative Agent of its powers set forth therein or herein, together with such other powers that are reasonably incidental thereto, shall be binding upon all of the Lenders.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their respective officers thereunto duly authorized as of the day and year first above written.

WORKFLOWONE LLC

By: _____

    Name:

    Title:

SILVER POINT FINANCE, LLC,
as the Administrative Agent


By:_____
    Name:
    Title:

DISCLOSURE SCHEDULE TO CREDIT AGREEMENT

[See Attached]

PERCENTAGES
<u>AND AMOUNTS</u>

WorkflowOne LLC
[220 East Monument Avenue
Dayton, Ohio 45402
Attention: Chief Financial Officer
Telephone: (___) ___-____
Facsimile: (___) ___-____
E-mail: pbogutsky@workflowmanagement.com]

| NAME AND NOTICE<br><u>ADDRESS OF LENDER</u> | LOAN<br><u>PERCENTAGE</u> | LOAN<br><u>AMOUNT</u> |
|---|---|---|
| **TERM A-PRIME LOANS** | | |
| | | |
| **TERM A LOANS** | | |
| [Silver Point] | | |
| [Dune Capital Holdings, Inc.] | | |
| [DLJ Investment Partners] | | |
| [GSO Capital] | | |
| **TERM B LOANS** | | |

SPECIFIED EBITDA

| For the Period | $ |
|---|---|
| July 1, 2010 – September 30, 2010 | 12,272,000 |
| October 1, 2010 – December 31, 2010 | 11,466,000 |
| January 1, 2011 – Effective Date | 7,638,000[3] |

---

[3] Calculated assuming Effective Date of February 28, 2011.

**<u>Exhibit I</u>**
(Newco Second Lien Notes)

## FORM OF TERM A-PRIME NOTE

$_____                                                    [●], 2011


FOR VALUE RECEIVED, WORKFLOWONE LLC, a Delaware limited liability company (the "Borrower"), promises to pay to the order of [Name of Lender] (the "Lender") on the Stated Maturity Date the principal sum of [_____] ($[_____]) or, if less, the aggregate unpaid principal amount of all Loans set forth in the Register (and any continuation thereof) made by the Lender pursuant to that certain Second Lien Credit Agreement, dated as of [●], 2011 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "Second Lien Credit Agreement"), among the Borrower, the various financial institutions and other Persons from time to time parties thereto as lenders and [●], as Administrative Agent. Terms used in this Term A-Prime Note, unless otherwise defined herein, have the meanings provided in the Second Lien Credit Agreement.

The Borrower also promises to pay interest on the unpaid principal amount hereof from time to time outstanding from the date hereof until maturity (whether by acceleration or otherwise) and, after maturity, until paid, at the rates per annum and on the dates specified in the Second Lien Credit Agreement.

Payments of both principal and interest are to be made in U.S. Dollars in same day or immediately available funds to the account designated by the Lender pursuant to the Second Lien Credit Agreement.

This Term A-Prime Note is one of the (i) Newco Second Lien Loan Notes referred to in the Plan, and evidences the payment obligations of Purchaser (as defined in the Plan) under the Second Lien Credit Agreement, (ii) Newco Second Lien Loan Notes referred to in the Asset Purchase Agreement, and evidences the payment obligations of Buyer (as defined in the Asset Purchase Agreement) under the Second Lien Credit Agreement and (iii) Term A-Prime Notes referred to in, and evidences Indebtedness incurred under, the Second Lien Credit Agreement, to which reference is made for a description of the security for this Term A-Prime Note and for a statement of the terms and conditions on which the Borrower is permitted and required to make prepayments and repayments, in whole or in part, of principal of the Indebtedness evidenced by this Term A-Prime Note and on which such Indebtedness may be declared to be immediately due and payable.

All parties hereto, whether as makers, endorsers, or otherwise, severally waive presentment for payment, demand, protest and notice of dishonor.

THIS TERM A-PRIME NOTE HAS BEEN DELIVERED IN NEW YORK, NEW YORK AND SHALL BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING FOR SUCH PURPOSE SECTIONS 5-1401 AND 5-1402 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK).

WORKFLOWONE LLC

By: _____

    Name:

    Title:

## LOANS AND PRINCIPAL PAYMENTS

| Date | Amount of Loan Made | Amount of Principal Repaid | Unpaid Principal Balance | Total | Notation Made By |
|------|---------------------|----------------------------|--------------------------|-------|------------------|
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |

FORM OF TERM A NOTE

$_____                                                          [●], 2011


FOR VALUE RECEIVED, WORKFLOWONE LLC, a Delaware limited liability company (the "Borrower"), promises to pay to the order of [Name of Lender] (the "Lender") on the Stated Maturity Date the principal sum of [_____] ($[_____]) or, if less, the aggregate unpaid principal amount of all Loans set forth in the Register (and any continuation thereof) made by the Lender pursuant to that certain Second Lien Credit Agreement, dated as of [●], 2011 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "Second Lien Credit Agreement"), among the Borrower, the various financial institutions and other Persons from time to time parties thereto as lenders and [●], as Administrative Agent. Terms used in this Term A Note, unless otherwise defined herein, have the meanings provided in the Second Lien Credit Agreement.

The Borrower also promises to pay interest on the unpaid principal amount hereof from time to time outstanding from the date hereof until maturity (whether by acceleration or otherwise) and, after maturity, until paid, at the rates per annum and on the dates specified in the Second Lien Credit Agreement.

Payments of both principal and interest are to be made in U.S. Dollars in same day or immediately available funds to the account designated by the Lender pursuant to the Second Lien Credit Agreement.

This Term A Note is one of the (i) Newco Second Lien Loan Notes referred to in the Plan, and evidences the payment obligations of Purchaser (as defined in the Plan) under the Second Lien Credit Agreement, (ii) Newco Second Lien Loan Notes referred to in the Asset Purchase Agreement, and evidences the payment obligations of Buyer (as defined in the Asset Purchase Agreement) under the Second Lien Credit Agreement and (iii) Term A Notes referred to in, and evidences Indebtedness incurred under, the Second Lien Credit Agreement, to which reference is made for a description of the security for this Term A Note and for a statement of the terms and conditions on which the Borrower is permitted and required to make prepayments and repayments, in whole or in part, of principal of the Indebtedness evidenced by this Term A Note and on which such Indebtedness may be declared to be immediately due and payable.

All parties hereto, whether as makers, endorsers, or otherwise, severally waive presentment for payment, demand, protest and notice of dishonor.

THIS TERM A NOTE HAS BEEN DELIVERED IN NEW YORK, NEW YORK AND SHALL BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING FOR SUCH PURPOSE SECTIONS 5-1401 AND 5-1402 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK).

WORKFLOWONE LLC

By: _____
    Name:
    Title:

## LOANS AND PRINCIPAL PAYMENTS

| Date | Amount of Loan Made | Amount of Principal Repaid | Unpaid Principal Balance | Total | Notation Made By |
|------|--------------------|---------------------------|-------------------------|-------|------------------|
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |
|      |                    |                           |                         |       |                  |

8000834

## FORM OF TERM B NOTE

$_____                                                          [●], 2011


        FOR VALUE RECEIVED, WORKFLOWONE LLC, a Delaware limited liability company (the "<u>Borrower</u>"), promises to pay to the order of [Name of Lender] (the "<u>Lender</u>") on the Stated Maturity Date the principal sum of [_____] ($[_____]) or, if less, the aggregate unpaid principal amount of all Loans set forth in the Register (and any continuation thereof) made by the Lender pursuant to that certain Second Lien Credit Agreement, dated as of [●], 2011 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "<u>Second Lien Credit Agreement</u>"), among the Borrower, the various financial institutions and other Persons from time to time parties thereto as lenders and [●], as Administrative Agent.  Terms used in this Term B Note, unless otherwise defined herein, have the meanings provided in the Second Lien Credit Agreement.

        The Borrower also promises to pay interest on the unpaid principal amount hereof from time to time outstanding from the date hereof until maturity (whether by acceleration or otherwise) and, after maturity, until paid, at the rates per annum and on the dates specified in the Second Lien Credit Agreement.

        Payments of both principal and interest are to be made in U.S. Dollars in same day or immediately available funds to the account designated by the Lender pursuant to the Second Lien Credit Agreement.

        This Term B Note is one of the (i) Newco Second Lien Loan Notes referred to in the Plan, and evidences the payment obligations of Purchaser (as defined in the Plan) under the Second Lien Credit Agreement, (ii) Newco Second Lien Loan Notes referred to in the Asset Purchase Agreement, and evidences the payment obligations of Buyer (as defined in the Asset Purchase Agreement) under the Second Lien Credit Agreement and (iii) Term B Notes referred to in, and evidences Indebtedness incurred under, the Second Lien Credit Agreement, to which reference is made for a description of the security for this Term B Note and for a statement of the terms and conditions on which the Borrower is permitted and required to make prepayments and repayments, in whole or in part, of principal of the Indebtedness evidenced by this Term B Note and on which such Indebtedness may be declared to be immediately due and payable.

        All parties hereto, whether as makers, endorsers, or otherwise, severally waive presentment for payment, demand, protest and notice of dishonor.

THIS TERM B NOTE HAS BEEN DELIVERED IN NEW YORK, NEW YORK AND SHALL BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK (INCLUDING FOR SUCH PURPOSE SECTIONS 5-1401 AND 5-1402 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK).

WORKFLOWONE LLC

By: _____

    Name:

    Title:

# LOANS AND PRINCIPAL PAYMENTS

| Date | Amount of Loan Made | Amount of Principal Repaid | Unpaid Principal Balance | Total | Notation Made By |
|------|---------------------|----------------------------|--------------------------|-------|------------------|
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |
|      |                     |                            |                          |       |                  |

8000838

**<u>Exhibit J</u>**
(Designation of Maximum Amount of Administrative Expense Claims Assumed by Purchaser)

Pursuant to Section 14.2(b) of the Plan, payment on account of any Administrative Expense Claims that are assumed by Purchaser shall not exceed:[2]

    (a)  $6 million of Section 503(b)(9) Claims and Cure Costs, in the aggregate;

    (b)  $50 million of post-petition accounts payable to third parties; and

    (c)  $30 million of other current liabilities.

---

[2] Each of the dollar amounts set forth herein may be increased but not reduced by the Purchaser in its sole discretion.

**Exhibit K**
(Designation of Maximum Amount of Administrative Expense Claim Reserve)

Pursuant to Section 14.2(b) of the Plan, the maximum amount of the Administrative Expense Claim Reserve shall not exceed:[3]

(a)  $6 million on account of any Priority Tax Claims and Priority Non-Tax Claims; <u>provided, however</u>, that the foregoing amount shall be reduced on a dollar-for-dollar basis for each Priority Tax Claim or Priority Non-Tax Claim that is assumed by Purchaser as provided in Section 8.10 of the Plan; and

(b)  $6 million on account of all other components that comprise the Administrative Expense Claim Reserve.

---

[3]  Each of the dollar amounts set forth herein may be increased but not reduced by the Purchaser in its sole discretion.